IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICOH COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | NO.  C- 03-4669  MMC |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT |
| AEROFLEX, INC., et al., | ) | CONFERENCE ORDER |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on  Friday, February 20, 2004 at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.  Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date.  Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following:  setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1.      Does the Court have subject matter jurisdiction over all of the plaintiffs' claim(s) and defendants' counter-claim(s)?  What is the basis of that jurisdiction?  Are all the parties subject to the Court's jurisdiction?  Do any parties remain to be served?

2.      What are the factual and legal bases for plaintiff's claims and defendant's defenses? Defendant's counter-claims and plaintiff's defenses to the counterclaims?

3.      What are the factual and legal issues genuinely in dispute?

4.      What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.      What are the motions anticipated by the parties?

6.      What relief does plaintiff seek?  What is the amount of damages sought by plaintiff's claim(s)?  What is the amount of damages sought by defendant's counterclaim(s)?  How are the damages computed?

7.  What discovery does each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

8.      Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

9.      Will this case be tried by a jury?  What is the anticipated length of trial?  Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence?  Is it feasible and desirable to bifurcate issues for trial?

10.      Are there related cases pending before other Judges of this Court?  See Civil L.R. 3-12.

11.      If a class action, how and when will the class(es) be certified?

   12.    What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?

   13.    What are the prospects for settlement?  Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?  <u>See</u> A.D.R. L.R. 7.

   14.    Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.


   Failure to comply with this Order or the Local Rules of this Court may result in sanctions. <u>See</u> Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

   IT IS SO ORDERED.

Dated:   October 9, 2002.


                              _____/s/_____
                              MAXINE M. CHESNEY
                              United States District Judge

**STANDING ORDERS FOR CIVIL CASES**
**ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY**

1.    Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2.    **Electronic Case Filing - Lodging Hard Copies for Chambers**

      In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked "Chambers Copy" and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3.    **Scheduling Days:**

      a.    Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
      b.    Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
      c.    Case Management Conferences are conducted on Fridays at **10:30 a.m.,**
            with order of call determined by the Court.
      d.    Pretrial conferences are generally conducted on Tuesday afternoons at
            **3:00 p.m.**
      e.    Counsel need not reserve a hearing date for motions, but noticed dates
            may be reset as the Court's calendar requires.

4.    **Proposed Orders Required:**  Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5.    **Citation to Authorities:** Citation to authorities shall comply with Civil L.R. 3-4(d) and, in particular, any citation to a U.S. Supreme Court case shall be to *both* the U.S. Reports and the Supreme Court Reporter and citation to a California state court case shall be to *both* the official reporter and to the West California Reporter.

6.    **Discovery:** Motions to compel discovery will be referred to a Magistrate Judge and shall be noticed for hearing before the assigned Magistrate Judge.

7.    **Procedural Matters:**  Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-10(b). *In either case, no changes in the Court's schedule shall be made except by signed order of the Court **and only***

*upon a showing of good cause.*

8.      **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

**IT IS SO ORDERED.**                    _____/s/_____
                                                          Maxine M. Chesney
Dated: August 8, 2003                        United States District Judge