Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

Attorneys for Defendants AEROFLEX INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INC., ET AL., <br><br> Defendants. | ) Case No. CV 03-04669 MJJ <br> ) <br> ) **NOTICE OF MOTION AND MOTION TO** <br> ) **STAY RICOH'S CUSTOMER SUIT AND** <br> ) **MEMORANDUM OF POINTS AND** <br> ) **AUTHORITIES IN SUPPORT THEREOF** <br> ) <br> ) Date:          December 16, 2003 <br> ) Time:          9:30 a.m. <br> ) Place:         Courtroom 11, 19th Floor <br> ) |

Case No.  CV 03-04669 MJJ
MOTION TO STAY
P:\8001425

HOWREY
SIMON
ARNOLD &
WHITE

**NOTICE OF MOTION AND RELIEF REQUESTED**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2003, at 9:00 A.M., or as soon thereafter as counsel may be heard in Courtroom 7 of the above-entitled Court, defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Delaware defendants") will seek an order from this Court staying plaintiff Ricoh Company, Ltd.'s ("Ricoh") patent infringement action against these customers of Synopsys, Inc. ("Synopsys"). The Delaware defendants' motion is based on the following memorandum of points and authorities, the Declaration of Erik K. Moller ("Moller Decl.") and exhibits thereto, all pleadings and papers in the Court's file, the arguments of counsel, and any additional evidence this Court may consider at the time of the hearing.

The Delaware defendants seek an order from this Court staying the customer suit brought by Ricoh, which is based solely on its claim that the Delaware defendants' use of Synopsys's Design Compiler? software infringes claims 13-20 of United States Patent No. 4,922,432 (the "'432 patent"), pending the resolution of Synopsys's action before this Court which seeks a declaratory judgment that the '432 patent is invalid and not infringed by the use of Synopsys's Design Compiler? software.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Earlier this year, Ricoh brought the instant patent infringement action in the U.S. District Court for the District of Delaware. Ricoh's action accuses six of Synopsys's customers (the Delaware defendants) of infringing Ricoh's '432 patent based on their use of Synopsys's Design Compiler? software. Although Synopsys was not named in that action, Synopsys and its Design Compiler? software have always been the real targets of Ricoh's action against these Synopsys customers.

Subsequently, Synopsys brought an action in this Court seeking a declaratory judgment that both the '432 patent and the related United States Patent No. 5,197,016 (the "'016 patent") are invalid and not infringed by the use of Synopsys's Design Compiler? software. Synopsys filed this

HOWREY
SIMON
ARNOLD &
WHITE
Case No. CV 03-04669 MJJ
MOTION TO STAY
-2-

1  declaratory judgment action to, among other things, prevent additional customers from being preyed

2  upon by Ricoh.

3       A little more than a month ago, the Delaware court agreed with the Delaware defendants that

4  Ricoh's infringement action against them was essentially one between Ricoh and Synopsys that would

5  best be litigated in the Northern District of California.  *See* Memorandum and Order dated August 29,

6  2003 at 5 (Moller Decl., Exh. A) ("[T]he court concludes that Ricoh's infringement claims against the

7  defendants are fundamentally claims against the ordinary use of Synopsys's Design Compiler.").

8  Significantly, the Delaware court found that "the California court's determination regarding

9  infringement and validity of the '432 patent will efficiently dispose of the infringement issues

10 regarding Synopsys's customers in this case."  *See id.*  Based on these conclusions, the Delaware court

11 decided to transfer Ricoh's infringement action to this district.

12      Importantly, Ricoh has never identified *any* action taken by any of the Delaware defendants

13 beyond the ordinary use of Synopsys's Design Compiler® software as an act that infringes the '432

14 patent.

15      The Delaware defendants now seek an order from this Court staying this action against

16 Synopsys's customers for the precise reasons that the Delaware Court transferred this action from the

17 Delaware district court; this case is one between Synopsys and Ricoh, and the central issues in this

18 action will be most efficiently litigated between Synopsys and Ricoh in Synopsyss' declaratory

19 judgment action, and without the Delaware defendants.

20 **II.    STATEMENT OF ISSUES TO BE DECIDED**

21      *Whether this Court should stay the "customer suit" brought by Ricoh for infringement of its*

22 *'432 patent against Synopsys's customers (the Delaware defendants) pending the outcome of*

23 *Synopsys's action seeking a declaratory judgment that the '432 patent and the related '016 patent are*

24 *invalid and the use of Synopsys's Design Compiler?  software does not infringe those patents?*

25      Federal Circuit precedent requires that a manufacturer's declaratory judgment suit should be

26 given preference over a patentee's suit against the manufacturer's customers when those customers are

27 being sued for their ordinary use of the manufacturer's products.  This means that if the prosecution of

28 the manufacturer's declaratory judgment action advances the major issues (such as patent infringement

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ
MOTION TO STAY

-3-

1   and patent validity) present in the "customer suit" then the district court may stay that suit pending the

2   outcome of the manufacturer's declaratory judgment action.  Such a stay is warranted even where there

3   are additional issues in the suit against the customers.

4        Here the Delaware court has already concluded that Synopsys's declaratory judgment action is

5   entitled to preference over Ricoh's infringement action against Synopsys's customers when it

6   transferred that customer suit to this district.  The Delaware court found that Ricoh's infringement

7   action was fundamentally one "against the ordinary use of Synopsys's Design Compiler" and that this

8   Court's "determination regarding infringement and validity of the '432 patent will efficiently dispose

9   of the infringement issues regarding Synopsys's customers in this case."  Similarly, this Court has also

10  found that Ricoh's claims against Synopsys's customers "are necessarily allegations against the

11  primary use of the Design Compiler itself."

12       Based on these conclusions, staying Ricoh's customer suit would unquestionably avoid

13  unnecessary and duplicative litigation as well as the prejudice to these customer defendants by such

14  litigation.  Equally apparent is the lack of any prejudice to Ricoh from a stay since the threshold issues

15  of validity and infringement in the declaratory judgment action are precisely the same as those in

16  Ricoh's customer suit.  Accordingly, if Ricoh prevails in the declaratory judgment action it has

17  advanced its case on those issues whereas if Synopsys prevails in the declaratory judgment action the

18  customer suit is moot.  Given the above findings already made by this Court and the Delaware Court,

19  this Court must now decide whether to exercise its discretion and stay Ricoh's infringement action

20  against these Synopsys customers pending the outcome of Synopsys's declaratory judgment action.

21  **III.    STATEMENT OF RELEVANT FACTS**

22       In its January 23, 2003 complaint, Ricoh accused each of the Delaware defendants of infringing

23  Ricoh's '432 patent.  However, Ricoh's infringement action targets the ordinary use of Synopsys's

24  Design Compiler?  software.  This is demonstrated by the discovery received from Ricoh in this

25  action, the admissions by Ricoh, and the letters sent by Ricoh to other Synopsys customers.

26       First, Ricoh's Rule 30(b)(6) designee regarding its pre-filing investigation for this action, Mr.

27  Ishijima, testified that the decision to sue each of the defendants was based on information regarding

28  the operation of Synopsys's Design Compiler?  software and the fact that each of the customer

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ                                    -4-
MOTION TO STAY

1  defendants were using that software to design integrated circuits.  *See* Moller Decl., Exh. B at 47:8-

2  53:1.  According to Mr. Ishijima, Ricoh only knew that the Delaware defendants used the Design

3  Compiler♦ software and did not even consider the specifics of how any of the defendants were using

4  the Design Compiler♦ software or whether any of them were using any other software or taking any

5  additional steps when designing their integrated circuits.  *See id.*  Ricoh's decision to bring its

6  infringement action against these six Synopsys customers, therefore, was based solely on their ordinary

7  use of the Design Compiler♦ software.  Thus, the specifics of each of these customers design efforts

8  are simply not material to the infringement question in this case.

9       Second, Ricoh's responses to each of the Delaware defendants' interrogatories also

10  demonstrate that it is the use of Synopsys's Design Compiler software♦ that is at issue in Ricoh's

11  infringement action against these Synopsys customers.  *See* Moller Decl., Exh. C.  These

12  interrogatories sought the particular acts forming Ricoh's basis for its infringement action against each

13  of these defendants.  *See id.* at 5-8.  Ricoh's response, for each of the Delaware defendants, was

14  identical and relied entirely on their ordinary use of the Design Compiler♦ software:

15       "Ricoh asserts that [defendant] infringes at least claim 13 of the '432 patent based, *inter alia* on
16       the use by [defendant] of Synopsys's Design Compiler for the design of ASIC products.  Such
         use, for example, involves the input to Design Compiler of flowcharts or hardware description
17       languages that describe behavioral aspects of an ASIC under design.  Design Compiler is then
         used to draw on its technology, symbol, DesignWare, and/or other libraries to synthesize the
18       hardware cells to be implemented in the desired ASIC as needed to perform the functions
         described by a given input description."

19  *Id.* at 6.

20  Ricoh has also admitted to defendant, AMI, that it charged AMI with infringing the '432 patent simply

21  because it uses Synopsys's Design Compiler♦ software.  *See* Moller Decl., Exh. D.  Again, this was

22  the only basis identified by Ricoh.  *See id.*

23       Not only does the discovery provided by Ricoh and its admissions demonstrate that its

24  infringement action is based on the ordinary use of Synopsys's Design Compiler♦ software, but the

25  letters sent by Ricoh to other Synopsys customers leads to the same conclusion—Ricoh's infringement

26  claim is focused exclusively on the customer's ordinary use of Synopsys's Design Compiler♦

27  software.  *See* Moller Decl., Exh. E:

28       "We are writing to you on behalf of Ricoh Company Ltd. because we are aware that your
         company is involved with the design of custom ICs that include application specific designed

1    circuitry.  We understand that in designing these circuits, you use a computer-aided design
2    system obtained from Synopsys, including Design Compiler."

3    *Id.*

4    Recently, on August 29, 2003, Judge Sleet of the United States District Court for the District of

5    Delaware entered an order transferring the Delaware litigation to the Northern District of California.

6    (*See* Moller Decl., Exh. A at 5).  Not surprisingly, Judge Sleet's decision was based on, among other

7    things, his conclusion "that Ricoh's infringement claims against the [Delaware] defendants are

8    fundamentally against the ordinary use of Synopsys's Design Compiler."  *See id.*

9    Just a few weeks ago, this Court also concluded, in denying Ricoh's motion to dismiss

10    Synopsys's declaratory action, that Ricoh's "claims against [Synopsys's] customers are necessarily

11    allegations against the primary use of Design Compiler itself."  Moller Decl., Exh. F at 9:14-15.

12    Thus, as both this Court and the Delaware court have recognized, Ricoh has never identified

13    anything other than the ordinary use of Synopsys's Design Compiler?  software as a basis for claiming

14    infringement of its '432 patent.  There is no question that Ricoh's '432 patent infringement action

15    targets the ordinary use of Synopsys's Design Compiler® software.

16    **IV.    ARGUMENT**

17    **A.    The Legal Standard for Granting Stays**

18    "[T]he power to stay proceedings is incidental to the power inherent in every court to control

19    the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

20    for litigants."  *Landis v. North American Co.*, 229 U.S. 248, 254 (1936):

21    A trial court may with propriety, find it efficient for its own docket and the fairest course for
     the parties to enter a stay of an action before it, pending resolution of independent proceedings
22    which bear upon the case.  This rule applies whether the separate proceedings are judicial,
     administrative, arbitral in character, and does not require that the issues in such proceedings are
23    necessarily controlling of the action before the courts.  In such cases the court may order a stay
     of the action pursuant to its power to control its docket and calendar and to provide for a just
24    determination of the cases pending before it.

25    *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864-65 (9th Cir.), *cert. denied*, 444 U.S.

26    827 (1979) (citations omitted).

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ                                    -6-
MOTION TO STAY

The Ninth Circuit has recognized that the following competing interests should guide the district court's decision of whether to exercise its discretion and grant a stay of a pending action. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir 1962); *see also Cohen v. Carreon*, 94 F. Supp. 112, 115 (D. Or. 2000):

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay.

*Accord, Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.").

As demonstrated below, the competing interests identified by the Ninth Circuit will generally weigh heavily in favor of staying a patent infringement action brought by a patentee against a manufacturer's customers—i.e., a "customer suit''—pending the resolution of the manufacturer's declaratory judgment action based on that same patent.

**B.    Customer Suits Should Be Stayed Pending The Resolution Of The Manufacturer's Declaratory Judgment Action On The Same Patent**

The Federal Circuit has determined that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This preference is based on "the recognition that, in reality, the manufacturer is the true defendant in the customer suit [since] a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid an adverse ruling against its products." *Id.* (quoting *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)). It is, therefore, within a district court's discretion to stay a patent infringement customer suit when there is a suit by the manufacturer that will resolve the major issues such as patent infringement and patent validity in that customer suit. *See Katz,* 909 F.2d at 1464*; Refac International, Ltd., v. IBM*, 790 F.2d 79, 81, *aff'd on reconsideration in relevant part by*

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ
MOTION TO STAY

1  798 F.2d 459 (Fed. Cir. 1986) (affirming stay of customer suit in favor of suit against manufacturer);

2  *Whelen Technologies, Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715 (N.D. Ill. 1990) (staying customer

3  suit pending outcome of manufacturer's suit); *ATSPI, Inc. v. Sharper Image, Inc.*, 677 F. Supp. 842

4  (W.D. Pa. 1988) (same).

5      In *Katz*, the Federal Circuit affirmed the district court's stay of a customer suit based on the

6  manufacturer's representation that the resolution of the major issues such as patent infringement and

7  patent validity in its own action would resolve these issues as to its customers. *See Katz,* 909 F.2d at

8  1464. The Federal Circuit recognized that the prosecution of the stayed action against the customers

9  would be advanced if the patentee is successful against the manufacturer and may well be mooted if

10 the patentee is unsuccessful. *See id.* The Federal Circuit, however, was not at all concerned by the

11 fact that there may be additional issues involving the defendants in the stayed action. *See id.*

12  **C.  Ricoh's Customer Suit Should Be Stayed Pending The Resolution of Synopsys's Declaratory Judgment Action**

13

14      Here, the Delaware court has already determined that Ricoh's action against the Delaware

15 defendants is a customer suit and that this Court's "determination regarding infringement and validity

16 of the '432 patent will efficiently dispose of the infringement issues regarding Synopsys's customers in

17 this case." Moller Decl., Exh. A at 5. These conclusions were based on that court's finding that

18 "Ricoh's infringement claims are fundamentally claims against the ordinary use of Synopsys's Design

19 Compiler." *Id.* Similarly, this Court has also found that Ricoh's "claims against [Synopsys's]

20 customers are necessarily allegations against the primary use of Design Compiler itself." Moller Decl.,

21 Exh. F at 9:14-15. Such findings are also evident from Ricoh's own statements in its pleadings, in

22 discovery, in court, and to the defendants. *See e.g.,* Moller Decl., Exh. C at 6.

23      Like the suit against the manufacturer in *Katz*, therefore, Synopsys's declaratory judgment

24 action is entitled to preference over Ricoh's action against the Delaware defendants. Specifically,

25 Synopsys's declaratory judgment action's resolution of the common questions of whether the '432

26 patent is valid and infringed by the use of Synopsys's Design Compiler?  software will advance

27 Ricoh's infringement action if Ricoh is successful or will completely render that action against

28 Synopsys's customers moot if Ricoh is unsuccessful. The Delaware court recognized this when it

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ
MOTION TO STAY

-8-

1  decided to transfer Ricoh's infringement action to this district. *See* Moller Decl., Exh. A at 5.

2  Therefore, Ricoh's customer suit should be stayed pending the outcome of Synopsys's declaratory

3  judgment action.

4       For these same reasons, granting the instant motion to stay will not result in any prejudice to

5  Ricoh.  Ricoh will have every opportunity to litigate issues central to both actions in Synopsys's

6  declaratory judgment action.  Again, the Delaware court recognized this when it concluded that "based

7  on the outcome of the [declaratory judgment case], either Synopsys will prevail and use of the Design

8  Compiler?  software will be determined to be non-infringing, or Ricoh will prevail, and Synopsys will

9  be forced to pay damages or license the patent." *Id*.  Moreover, the Delaware defendants have all

10  agreed to be bound by the outcome of Synopsys's declaratory judgment action against Ricoh on issues

11  relating to Synopsys's Design Compiler® software, including whether the ordinary use of Design

12  Compiler® infringes the '432 patent and invalidity. *See* Moller Decl., ¶ 8.  Thus, the requested stay

13  will not harm Ricoh.

14       Moreover, the Delaware defendants have already been forced to respond to a total of 11

15  interrogatories, 42 document requests, 20 requests for admissions, and 6 deposition notices to date.

16  *See* Moller Decl., ¶ 9.  Ricoh will certainly continue seeking discovery in this action, thus, subjecting

17  the Delaware defendants to additional burdens and expense.  All of this will also no doubt require

18  additional efforts by the Court and these six defendant customers and is completely unnecessary since

19  Synopsys's declaratory judgment action will likely render this action against Synopsys's customers'

20  moot.  Thus, staying Ricoh's customer suit will certainly relieve all of the customer defendants of the

21  unwarranted hardship of defending against it.

22       Finally, staying Ricoh' action against the Delaware defendants will also yield significant

23  economies and efficiencies for the Court and avoid unnecessary hardship on these six customer

24  defendants.  Specifically, as demonstrated by the evidence and the Delaware court's findings, the

25  Delaware defendants are superfluous to the determination of the central issues of validity and

26  infringement and add only unnecessary complexity to the present dispute between Ricoh and the true

27  defendant—Synopsys.

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ
MOTION TO STAY

-9-

1  **V.    CONCLUSION**

2        Both this Court and the Delaware court have determined that Ricoh's infringement action is

3  essentially against the ordinary use of Synopsys's Design Compiler?  software by its customers.  The

4  Delaware court has also determined that Synopsys's declaratory judgment action is entitled to

5  preference since this Court's determination will either advance or dispose of Ricoh's infringement

6  action.  Staying Ricoh's customer suit will avoid duplicative litigation and the prejudice to these

7  customer defendants, and will in no way prejudice Ricoh.  Moreover, staying the customer suit will

8  result in efficiencies for the Court as well.  For all the foregoing reasons, therefore, Ricoh's action

9  against the Delaware defendants should be stayed pending the resolution of Synopsys's declaratory

10  judgment action.

11  Dated:  November 7, 2003          Respectfully submitted,

12                                HOWREY SIMON ARNOLD & WHITE, LLP

13

14                           By:    /s/

15                                Thomas C. Mavrakakis
                              Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7                          SAN FRANCISCO DIVISION

8   RICOH COMPANY LTD.,                    )  Case No. CV 03-04669 MJJ
                                           )
9                   Plaintiffs,            )  **[PROPOSED] ORDER GRANTING**
                                           )  **DEFENDANTS' MOTION TO STAY**
10          vs.                            )  **RICOH'S CUSTOMER SUIT**
                                           )
11  AEROFLEX, INC., ET AL.,                )  Date:   December 16, 2003
                                           )  Time:   9:30 a.m.
12                  Defendants.            )  Ctrm:   Courtroom 11, 19th Floor
                                           )
13  _____

14          This matter came before the Court on December 12, 2003 on motion by defendants Aeroflex

15  Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd.

16  ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"),

17  and Matrox Tech, Inc. ("Matrox Tech") (collectively "Delaware defendants") seeking an order staying

18  plaintiff Ricoh Company, Ltd.'s ("Ricoh") patent infringement action against these customers of

19  Synopsys, Inc. ("Synopsys").

20          After consideration of the papers filed in support of the motion, any papers filed in opposition,

21  and any oral argument of counsel, the Court finds that:

22          1.      This action is fundamentally one alleging that the Delaware defendants' ordinary use of

23  Synopsys' Design Compiler® infringes Ricoh's U.S. Patent No. 4,922,432, and Ricoh's claims against

24  Synopsys' customers are necessarily allegations against the use of Design Compiler®.

25          2.      Synopsys has brought a declaratory judgment action against Ricoh in this Court seeking

26  a declaration that both the '432 patent and the related United States Patent No. 5,197,016 ("the '016

27  patent) are invalid and not infringed by the use of Synopsys' Design Compiler? software. *See*

28  *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ.

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ
[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION TO STAY RICOH'S CUSTOMER SUIT

1    3.    Federal Circuit precedent requires that a manufacturer's declaratory judgment suit

2    should be given preference over a patentee's suit against the manufacturer's customers when those

3    customers are being sued for their ordinary use of the manufacturer's products. *See Katz v. Lear*

4    *Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

5    4.    Both this Court and the United Stated District Court for the District of Delaware have

6    found that Synopsys's declaratory judgment action should take precedence over Ricoh's patent

7    infringement action against Synopsys's customers. *See* Exhibit E and F to Declaration of Erik K.

8    Moller In Support of Motion to Stay Ricoh's Customer Suit.

9    5.    A stay of this action would avoid unnecessary and duplicative litigation and limit any

10   prejudice to the Delaware defendants resulting from this unnecessary litigation.

11   6.    Furthermore, a stay of this action would not lead to any prejudice to Ricoh since the

12   threshold issues of validity and infringement in the declaratory judgment action are precisely the same

13   as those in Ricoh's customer suit.

14   THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that this action is stayed

15   pending the resolution of *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ,

16   currently before this Court.

17   Dated: _____, 2003    _____

18                                        Hon. Martin J. Jenkins
                                         Judge, United States District Court

19

20   Submitted November 7, 2003 by:  Howrey Simon Arnold & White, LLP

21

22   By:    _____

23          Erik K. Moller
            301 Ravenswood Avenue

24          Menlo Park, CA  94025
            Telephone:  (650) 463-8100

25          Facsimile:  (650) 463-8400

26          Attorneys for Defendants

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ                    -2-
[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION TO STAY RICOH'S CUSTOMER SUIT