Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff
Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. CV 03-04669 MJJ |
| Plaintiff, | ) |
| | ) **RICOH'S NOTICE OF MOTION AND** |
| | ) **MOTION TO COMPEL RESPONSES TO** |
| vs. | ) **INTERROGATORIES** |
| AEROFLEX INCORPORATED, et al., | ) |
| | ) **Date: December 16, 2003** |
| Defendants. | ) **Time: 9:30 a.m.** |
| | ) **Place: Courtroom 11** |
| | ) |
| | ) |
| | ) |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

    I.     DEFENDANTS SHOULD BE COMPELLED TO PROVIDE MORE
          RESPONSIVE ANSWERS TO PLAINTIFF'S FIRST SET OF
          INTERROGATORIES ................................................................................... 3

          A.    Defendants' General Objections Are Not Valid ................................. 4

          B.    The Matrox Defendants' Refusal To Engage In Discovery Is
              Improper ............................................................................................ 5

          C.    Defendants' Specific Objections To Definitions & Instructions
              Are Not Valid ................................................................................... 6

          D.    Defendants' Responses To Plaintiff's First Set Of Interrogatories
              Are Not Valid ................................................................................... 8

               1.    Interrogatory No. 1:  Defendants' Corporate Structure .......... 8

              2.    Interrogatory No. 2:  Manufacture or sale of ASIC
                   Products ............................................................................... 10

               3.    Interrogatory No. 3:  ASIC Methods ..................................... 12

               4.    Interrogatory No. 4:  Individuals Participating In
                   Manufacture Or Sale Of ASIC Products................................ 14

               5.    Interrogatory No. 5:  Individuals Performing ASIC
                   Methods ............................................................................... 16

               6.    Interrogatory No. 6:  Awareness Of The Patent-In-Suit ........ 18

               7.    Interrogatory No. 7:  Information Concerning The
                   Contents Of The Response To  The Complaint....................... 19

               8.    Interrogatory No. 8:  Marketing And Sales Activities........... 21

               9.    Interrogatory No. 9:  Document And Records Processing,
                   Storage And Retention......................................................... 22

              10.    Interrogatory No. 10:  Requests For Admission ................... 23

CONCLUSION................................................................................................................. 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Clarke v. American Commercial National Bank*, 974 F.2d 127 (9th Cir. 1992) ...............6

*Eureka Financial Corp. v. Hartford Accident and Indemnity Company*,
   136 F.R.D. 179 (E.D. Cal. 1991) .........................................................18, 20

*In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992) .........................................6

*Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017 (Fed. Cir. 1986)...............4

*In re Imperial Corp. of America*, 174 F.R.D. 475 (S.D. Cal. 1997) .......................6, 18, 20

*Josephs v. Harris Corp.*, 677 F.2d at 992 .........................................................................7

*Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997) .....................19

*Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657 (D. Kan. 1996)................19

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) .........................................................9

*Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628 (S.D. Cal. 2001) ..............21

*Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827 (3d Cir. 1995)...........7

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) .................................................9

*The Walt Disney Company v. Sean Paul DeFabiis*, 168 F.R.D. 281
   (C.D. Cal. 1996)..........................................................................................................9

*Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584
   (C.D. Cal. 1999)..................................................................................................4, 6

## FEDERAL STATUTES

35 U.S.C. § 271...................................................................................................12, 14, 15

Fed. R. Civ. P. 26....................................................................................9, 18, 20, 21

Fed. R. Civ. P. 33 ...........................................................................8, 13, 15, 17, 23

Fed. R. Civ. P. 36……………………………………………………………………..24

## NOTICE OF MOTION AND RELIEF REQUESTED

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2003, at 9:30 a.m. in Courtroom 11, of the above-entitled court, Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court for an order compelling Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox Int'l. Corp. ("Matrox Int'l.") and Matrox Tech Inc. ("Matrox Tech") (collectively the "ASIC Defendants") to provide responsive and complete answers to Plaintiff Ricoh's First Set of Interrogatories.

Ricoh bases this motion upon the following Memorandum of Points and Authorities, the accompanying declaration and exhibits, all pleadings on file in this case, and such argument as may be heard by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In this motion, Plaintiff, Ricoh Corporation, Ltd., seeks to compel each of the ASIC Defendants to provide answers responsive to Plaintiff's First Set of Interrogatories.  Over the last six months, Defendants have provided no substantive responses and they have given no indication that they intend to.  Defendants refused to produce information regarding their production of the products at issue, claiming it is confidential (even though a protective order is in place).  Defendants refused to produce information regarding their use of Design Compiler, claiming that only Synopsys can produce that information.  When subpoenaed for those documents, Synopsys claims that Ricoh should get the documents from the ASIC Defendants.

This matter originated in the District of Delaware, when Plaintiff Ricoh sued a number of computer chip manufacturers for patent infringement.  The patent in suit has claims directed to a computer aided design process for making an application specific integrated circuit (ASIC).  In May

2003 Ricoh served each of the ASIC Defendants with identical interrogatories.  The ASIC Defendants stonewalled and refused to provide substantive responses.  On August 28, 2003, Judge Sleet of the District of Delaware held a two hour hearing on Ricoh's motion to compel in which he repeatedly chastised defendants' counsel over the very issues that are the subject of this motion, and ordered the resolution of all discovery matters by September 5, 2003.  Defendants have simply ignored Judge Sleet's orders, perhaps hoping this Court will not hold them accountable for their months of discovery delays.  This Court must put an immediate end to defendants' interminable delays and order the immediate response to Plaintiff's interrogatories.

## BACKGROUND

Ricoh served all Defendants with identical First Sets of Interrogatories on May 30, 2003.  (Ex. 1).  The answers to all interrogatories were substantially identical among all Defendants, except where the Matrox Defendants[1] further denied they did any work in the United States and therefore did not have to reply to Plaintiff's interrogatories.  (Ex. 2-7).  Defendants have refused to provide answers responsive to most Interrogatories or have simply refused to provide any substantive answer.  Plaintiff has repeatedly attempted to resolve any disputes with Defendants regarding these discovery issues to no avail.  On August 11, 2003, Plaintiff's counsel sent a letter to Defendants' counsel regarding the answers to Plaintiff's Interrogatories and attempting to come to a resolution on the issues.  (Ex. 8, 8/11/03 E. Meilman letter to C. Kelley).  Plaintiff's counsel further agreed to limit the definition of ASIC products and to accept the identification of five individuals with the greatest knowledge about each category.  (Ex. 9, 8/26/03 E. Meilman letter to E. Moller).  However, the defendants still did not produce responsive answers even within Ricoh's narrowed parameters.  Therefore, the Plaintiff addressed these issues in a hearing before Judge Sleet in the transferring court, the District of Delaware.

---

[1] The "Matrox Defendants" include Matrox Electronics Systems, Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc.

On August 28, 2003, Judge Sleet held a two hour hearing in which he repeatedly chastised defendants' counsel over the very issues that are the subject of this motion, and ordered the resolution of all discovery matters by September 5, 2003. (Exhibit 10, 8/28/03 Tr. at p 61, lines 13-24). Part of the hearing related to resolving the discovery disputes regarding the retention of an expert witness- Dr. Donald Thomas. The court required Howrey to produce to the court all internal documents of Howrey during a 34 day period that make reference to Dr. Thomas excluding any internal communications from Howrey in preparation for the conference call with the Court on July 30. (Exhibit 10, 8/28/03 Tr. at p 29, line 22- page 32, line 24). These documents have not been produced. Defendants filed a Notice to this court on October 30, 2003 attempting to alleviate themselves of obligations to produce documents relating to Dr. Thomas. (Ex. 12, Defendants' Notice to Court) Defendants are now trying to obviate their obligations now that the case is no longer pending in front of Judge Sleet.

The court also addressed difficulties related to discovery requests for interrogatories and document requests. The court guided the parties to an apparent meeting of the minds regarding the breadth of the responses requested. The court then ordered that counsel for the Synopsys and the defendants work diligently over the next week, so that Ricoh can receive the documents and further, that the defendants and Synopsys produce documents that are confidential under the protection and guide of the protective order. (Exhibit 10, 8/28/03 Tr. at p 61, line 11- p. 62, line 2).

Defendants have simply ignored Judge Sleet's orders, perhaps hoping this Court will not hold them accountable for their months of Delaware discovery delays. This Court must put an immediate end to defendants' interminable delays and order the defendants' to immediately provide responsive answers.

## ARGUMENT

## I. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE MORE RESPONSIVE ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff's Interrogatories and Defendants' Responses are substantially reproduced below, except where redundant and are grouped together where responses were identical.

A.    **Defendants' General Objections Are Not Valid**

Each and every Interrogatory was objected to by Defendants in a statement which incorporates by reference each and every one of fourteen (14) numbered objections set forth under the heading "General Objections." (Ex.2-7, pp. 2-4.)  Such a "blanket" approach is effectively not an objection at all.  *Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). General objections 1-3 claim a blanket attorney client privilege and protection under the work product doctrine.  However, Defendants have failed to provide a privilege log to document which answers or documents would be protected under attorney client privilege or the work product doctrine.

General Objection No. 4 asserts that information is confidential to a third party, which is not a valid reason to object.  The burden is on the defendants to seek protection from the Court. Nevertheless, in an August 11 letter, Ricoh offered to accept an identification of any third party (other than Synopsys) involved as well as a sufficient identification of any involved documents to identify the documents in a document subpoena in lieu of actual production of the document, provided Defendants advise Plaintiffs of agreement to do so and Plaintiff was given such material before August 20, 2003. (Ex. 8, E. Meilman 8/11/03 letter.)  No response to that offer was ever made.  As to Synopsys, it is by its own admissions already involved in this case and the defendants cannot hide behind any alleged requirement for its consent.

General Objection 5 is not valid in that only information and documents relevant to the issues in this case have been sought.  General Objection 6 is not valid because a reasonable search is all that is required.  General Objection 7 is not valid.  The fact that documents may be obtainable from some other source does not excuse production of those documents.  See, e.g., *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024-25 (Fed. Cir. 1986).  General Objection 8 is invalid because Plaintiff only seeks information or documents in the possession, custody or control of defendants.

As to General Objection 9, Plaintiffs offered to limit the time frame as being from 1996 to the present unless the document relates to prior art (Ex. 8, E. Meilman 8/11/03 to C. Kelley.)  For prior

art documents, this objection is not valid. Aeroflex and AMI General Objections 10 and 11 (and the corresponding Matrox General Objections 13 and 14) are unfounded. No request seeks a legal conclusion or go beyond the Federal Rules or the Local Rules (then Delaware and now this Court).

Aeroflex and AMI General Objection 12 (and the corresponding Matrox General Objection 15) is invalid since the interrogatories advanced fully comply with Rule 33(a) of the Federal Rules.

With regard to Aeroflex and AMI General Objection 13 (and the corresponding Matrox General Objection 16) as to duplicative requests, Plaintiff agreed that any given document need only be produced once and the Defendants can incorporate other interrogatory answers by reference.

Aeroflex and AMI General Objection 14 (and the corresponding Matrox General Objections 12 and 17) are invalid. Discovery of defendants' positions is one of the very purposes of discovery. As to the Matrox General Objections 10 and 11 based on foreign activity, the provisions of 35 U.S.C. § 271(g) make those objections invalid.

**B.    The Matrox Defendants' Refusal To Engage In Discovery Is Improper**

In addition to the foregoing general objections, Matrox Defendants also have refused to provide any responsive answers based on their assertion that since they are based in Canada, their activities "could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent." This objection is without merit for three reasons. First, Matrox Tech, Inc. has a plant and is doing work in Florida, as their counsel conceded. (Ex. 10, 8/28/03 Tr. at p. 67, lines 7-15). Second, the Matrox Defendants apparently believe they are entitled to summary judgment and so should be excluded from any discovery obligation. There is no basis for the Matrox defendants to avoid responding to relevant discovery because they may eventually file a summary judgment motion sometime in the future. Third, this issue has already been resolved by Judge Sleet. In the August 28 hearing, the Matrox defendants sought the court's leave to file a motion for summary judgment. The court refused to address the issue of the premature summary judgment and then subsequently deferred ruling on it. (Ex. 10, 8/28/03 Tr. at p.62, line 6, - page 68, line 4). The court later indicated that discovery of the Canadian Matrox defendants should only be deferred for a "brief period of time" before proceeding in discovery

1   process against them.  (Ex. 10, 8/28/03 Tr. at p. 66 line 24 – page 67, line 16).   Therefore, the Canadian

2   Matrox defendants are not removed from responsibility simply because they are located outside the

3   United States.

C.    **Defendants' Specific Objections To Definitions & Instructions Are Not Valid**

5        Defendants have advanced some specific objections to the definition section of the

6   interrogatories (Ex. 2-7).  None are valid.  Defendants' Specific Objection 1 to Definition/Instruction

7   No. 5, is on the grounds that the term "defendant" includes people other then present employees and

8   agents.  However, if such people are under the control of defendant, there is no reason to exclude them.

9   The objection is not valid.

10        Specific Objection 2 asserts that the information to be included on a privilege log imposes

11   obligations beyond those imposed by the Federal or local rules.  The information requested by Plaintiff's

12   Interrogatories and delineated in Plaintiff's Definition/Instruction 11 does not impose any obligations

13   beyond those imposed by Federal or local rules and is designed to provide sufficient information to

14   determine if the claim of privilege is valid or subject to challenge.  The Court deciding *In re Imperial*

15   stated that where a privilege was asserted, "the party asserting the privilege must make a prima facie

16   showing that the privilege protects the information it intends to withhold."  *In re Imperial Corp. of*

17   *America*, 174 F.R.D. 475, 477-478 (S.D. Cal. 1997) (citing *In re Grand Jury Investigation*, 974 F.2d

18   1068 (9th Cir. 1992)).  A privilege log "must expressly claim the privilege and describe the nature of the

19   documents or communications in a manner that will enable other parties to assess the applicability of the

20   privilege or protection.  Failure to do so may constitute an 'implied' waiver of the privilege or

21   protection."  *Id*. at 477, citing *Clarke v. American Commercial National Bank*, 974 F.2d 127, 129 (9th

22   Cir. 1992).  Defendants are required to assert privileges properly and as yet, have failed to do so.

23        Moreover, such generalized objections are not proper.  See *Walker v. Lakewood*

24   *Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (a "[b]oilerplate, generalized

25   objection that . . . [was] inadequate and tantamount to not making any objection at all."  An objection to

discovery request as being "overly broad, burdensome, oppressive and irrelevant is not adequate to voice

a successful objection") (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Redland*

*Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir. 1995)("the mere statement by a

party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to

voice a successful objection to an interrogatory") (citing *Josephs*, 677 F.2d at 992 (3d Cir. 1982).

Instead, "the party resisting discovery must show specifically how each interrogatory is not relevant or

how each question is overly broad, burdensome or oppressive." *Josephs*, 677 F.2d at 992 (citations,

internal ellipses and internal quotations omitted).

Turning to the Specific Objections 3-5 to Definition/Instructions 14-16, the definitions are

proper.  ASIC is defined based upon the definition of an ASIC found in column 1 of the patent-in-suit,

the definition of "ASIC Product" is similar to and incorporates the definition of an ASIC, as does the

definition of ASIC Method which is also tied to computer-aided design of ASICs.  The definitions are

appropriate and they are not overly broad in light of the patent-in-suit.  At a minimum, the definitions

cover the defendants' use of Design Compiler and Behavior Compiler.

Defendants' objection 4 is as follows:

> Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of
> "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably
> calculated to lead to the discovery of admissible evidence.

This objection is invalid because Plaintiff has agreed to define "ASIC Product" as "the

product of a computer aided design process involving logic synthesis." (Ex. 11, E. Meilman letter

9/4/03)  Defendants indicated that their remaining objections to Plaintiff's discovery requests would be

resolved by use of this definition.  (Ex. 11, E. Meilman 9/4/03 letter and 8/28/03 Tr. p. 57 lines 12-18).

However, Plaintiff has yet to receive any answers that are responsive to Plaintiff's First Set of

Interrogatories.

Defendant Matrox Tech has avoided providing answers to many of the  Interrogatories on the

grounds that it "has ceased operations."  That is not a valid ground to refuse to provide information.

Also, it is not conceivable that only one or two individuals have information in the limited number of the categories requesting names where the question was not ignored. Defendant Matrox Tech. should be compelled to provide full and complete answers. Those responses should also indicate that date when it ceased operations and the current custodian of any records.

### D. Defendants' Responses To Plaintiff's First Set Of Interrogatories Are Not Valid

According to Fed. R. Civ. P. 33 (b)(1), "[e]ach interrogatory shall be answered separately and fully" and Fed. R. Civ. P. 33 (b)(4) states "[a]ll grounds for objection to an interrogatory shall be stated with specificity." Defendants have included the phrase "Defendant incorporates by reference its General and Specific Objections" in each Response below. As discussed above, Defendants' General Objections are invalid and unfounded. Defendants have not provided responsive interrogatory answers nor have they provided specific objections that comply with the Federal Rules. In addition, Defendants, although they make a number of blanket privilege or work product objections, have yet to produce a privilege log. Defendants have to date, refused to provide responsive answers, even after the transferring court's clear orders to do so. Each Interrogatory and Response is discussed below.

### 1. Interrogatory No. 1: Defendants' Corporate Structure

Interrogatory No. 1: Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1: Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

(Ex. 2-7.)

Production of documents under Fed. R. Civ. P. 33(d) as a response to an Interrogatory is not proper unless a "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Defendants are required to provide specific details as to where the records may be found. Defendants have provided no specification as to where its business records may be identified or found by the Plaintiff. It is inappropriate for a party to avoid providing a responsive answer by citing to Fed. R. Civ. P. 33(d) and then not provide any documents pursuant with Rule 33(d). *The Walt Disney Company v. Sean Paul DeFabiis*, 168 F.R.D. 281 at 284 (C.D. Cal. 1996).

Furthermore, the Advisory Committee notes to Fed. R. Civ. P. 33(b)(1) state in part "if, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products." Defendants have yet to provide a more responsive answer to Interrogatory No. 1 or an answer in the proper form.

Interrogatory No. 1 is relevant to Plaintiff's claim. Relevancy is construed broadly and includes information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) Courts have construed relevancy "liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995), quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). The information sought by the Plaintiff in Interrogatory No. 1 has bearing on the case. The corporate structure of the Defendants is directly relevant to the determination of whether the ASIC Products or Methods are infringing. In addition, Interrogatory No. 1 seeks to identify key players and

reporting relationships between the entities.  Defendants should be compelled to provide a responsive answer to Interrogatory No. 1.[2]

## 2.     Interrogatory No. 2:  Manufacture or sale of ASIC Products

Interrogatory No. 2:   Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:  (by AMI and Aeroflex) Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require the identification of every product manufactured by Defendant that includes an integrated circuit. (Ex. 2, 3)

Response to Interrogatory No. 2:  (by Matrox Elec.) Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant does not design, make , use, offer to sell, sell, or import any products within the United States. (Ex. 4).

Response to Interrogatory No. 2:  (by Matrox Graphics) Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

---

[2] Defendants have produced a trivial amount of documents that may be assumed to be responsive to this request.  Defendant AMI Semiconductor Inc. produced several organizational charts, Matrox Graphics produced a listing of projects with team members, and Matrox Tech produced a few documents suggesting the company is closing.

admissible evidence.  Defendant designs and manufactures a large number of products and
employs, and has employed, a large number of engineers involved in product design. Plaintiff
has not identified any theory of infringement or which specific design step(s) or activities are
relevant to its allegations of infringement, or what activities Plaintiff considered during the
reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To
answer the interrogatory as drafted, therefore, might require a narrative describing every design
step performed by every employee who had any involvement in the design work on any product
that includes an integrated circuit.  Defendant further objects that the design work for its
products, including the design work on Defendant's ASICs, performed at Defendant's facilities
in Canada is not relevant to Plaintiff's allegations of infringement.  Design of ASICs or other
electronic systems and devices done in Canada could not constitute infringement under any
provision of 35 U.S.C. § 271, of a United States Patent.  Subject to and without waiving the
foregoing general and specific objections, Defendant responds as follows:  Defendant does no
engineering design work in the United States. (Ex. 5).

Response to Interrogatory No. 2:  (by Matrox Int'l) Defendant incorporates by reference its
General and Specific Objections.  Defendant further objects to this interrogatory on the basis that
it is unduly burdensome and seeking discovery of information regarding semiconductor products
having no relationship to any infringement allegations made by Ricoh against Defendant, and not
reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects
to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells
a large number of products.  Ricoh has not identified any theory of infringement or which
specific design step(s) or activities are relevant to its allegations of infringement, or what
activities Ricoh considered during the reasonable pre-filing investigation, if any, that it
conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore,
would require examination and identification of a large number of products.  Subject to and
without waiving the foregoing general and specific objections, Defendant responds as follows:
In light of the foregoing objections, Defendant will not respond to this interrogatory.  (Ex. 6).

Response to Interrogatory No. 2:  (by Matrox Tech.) Defendant incorporates by reference its
General and Specific Objections.  Defendant further objects to this interrogatory on the basis that
it is unduly burdensome, seeks discovery regarding semiconductor products having no
relationship to any infringement allegations made by Ricoh against Defendant, and not
reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without
waiving the foregoing general and specific objections, Defendant responds as follows:
Defendant has ceased operations (Ex. 7).

Interrogatory 2 is proper and the objections made are not valid.  Ricoh is entitled to know

what ASIC Products Defendants the have designed, manufactured, sold, offered for sale, imported, or

were distributed by or on behalf of Defendants.  This information is directly relevant to Plaintiff's

allegations of infringement.  While Ricoh has not asserted that any particular equipment constitutes

patent infringement, what equipment the defendants have and what the defendants do with such

equipment is relevant to a determination of whether or not there is patent infringement.  The additional

1  objection by the Matrox defendants based on work in Canada is invalid because 35 U.S.C. § 271(g)

2  explicitly contemplates activity outside the U.S. constituting patent infringement.

3          The objection that the Interrogatory is too broad is invalid in light of Ricoh narrowing the

4  definition of certain key terms.  In August, Ricoh's counsel agreed to limit the definition of ASIC

5  Products.  (Ex. 9, 8/26/03 E. Meilman letter to E. Moller).  Key discovery terms were further discussed

6  during the August 28, 2003 hearing.  (Exhibit 10, 8/28/03 Tr.)  The objection from Matrox that it has

7  ceased operations is not valid because even if true Ricoh is entitled to know what products were made

8  by the defendant and what design methods were used by the defendant.

9

10          **3.    Interrogatory No. 3:  ASIC Methods**

11  Interrogatory No. 3:   Separately for each product identified in answer to Interrogatory No. 2,
    describe with specificity and particularity all of the steps or other activities making up the ASIC
12  Method used to design that product, including the date(s) such steps or other activity occurred,
    and where such step or activity is not performed by defendant, identify the person performing
13  such step or activity.

14  Response to Interrogatory No. 3:  (by Aeroflex and AMI)  Defendant incorporates by reference
    its General Objections. Defendant further objects to this interrogatory as unduly burdensome and
15  seeking discovery of information regarding design processes that have no relationship to ASIC
    design and are not reasonably calculated to lead to the discovery of admissible evidence.
16  Defendant designs and manufactures a large number of products and employs a large number of
    personnel involved in product design.  Plaintiff has not identified any theory of infringement or
17  which specific design step(s) or activities are relevant to its allegations of infringement, or what
    activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it
18  conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore,
    might require a narrative describing every design step performed by every employee who had
19  any involvement in design work on any product that includes an integrated circuit.  (Ex. 2, 3).

20  Response to Interrogatory No. 3:  (Similar responses by Matrox Elec., Matrox Graphics)
    Defendant incorporates by reference its General and Specific Objections. Defendant further
21  objects to this interrogatory as unduly burdensome and seeking discovery of information
    regarding design processes that have no relationship to ASIC design and are not reasonably
22  calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures
    a large number of products and employs a large number of personnel involved in product design.
23  Plaintiff has not identified any theory of infringement or which specific design step(s) or
    activities are relevant to its allegations of infringement, or what activities Plaintiff considered
24  during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present
    lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing
25  every design step performed by every employee who had any involvement in design work on any
    product that includes an integrated circuit.
26  Defendant further objects that the design work for its products, including the design work on
    Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's

27

28

allegation of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement under any provision of 35 U.S.C. § 271, of a United States Patent.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant does no engineering design work in the United States. (Ex. 4, 5)

Response to Interrogatory No. 3:  (by Matrox Int'l)  Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant does no engineering design work. (Ex. 6).

Response to Interrogatory No. 3:  (by Matrox Tech)  Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant has ceased operations.  (Ex. 7).

Interrogatory No. 3 is proper and the objections made are not valid.  The plaintiff is entitled to know all of the steps or other activities making up the ASIC Method used to design the ASIC product.  This information is directly relevant to a determination of infringement.  While Ricoh has not asserted that any particular equipment itself constitutes patent infringement, what the defendants do with such equipment is relevant to a determination of whether or not there is patent infringement.

As stated in regard to Interrogatory No. 1, Defendants' answer is non-responsive under Fed. R. Civ. P. 33(b)(1) because Defendants are required to "state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  As further clarified by the Advisory Committee

notes, Defendants are required to answer, at least to an extent not objectionable (e.g. a lesser number of facilities or products), along with stating their specific objections. Defendants have simply again made a blanket objection and produced absolutely no information in response to Interrogatory No. 3.

As indicated above, Ricoh has further narrowed key terms and attempted to resolve differences between the parties for the discovery process, which could limit the responses required by defendants. Further, the claim of the Canadian Matrox defendants that activities in Canada are not relevant is not valid in light of § 271. The allegation that Matrox Tech has ceased operations does not absolve it of its responsibility to provide information regarding past behavior.

### 4.    Interrogatory No. 4:  Individuals Participating In Manufacture Or Sale Of ASIC Products

Interrogatory No. 4:   Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:  (by Aeroflex and AMI) Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.  (Ex. 2, 3).

Response to Interrogatory No. 4:  (Similar responses by Matrox Elec., Matrox Graphics) Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegation of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement under any provision of 35 U.S.C. § 271, of a United States Patent.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant does no engineering design work in the United States. (Ex. 4, 5)

Response to Interrogatory No. 4:  (by Matrox Int'l)  Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not  reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will not respond to this interrogatory. (Ex. 6).

Response to Interrogatory No. 4:  (by Matrox Tech)  Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each former employee who had any involved [sic] in design work on any product that includes an integrated circuit.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant has ceased operations.  (Ex. 7).

Interrogatory No. 4 is proper and the objections made are not valid.  The plaintiff is entitled to know which individuals were involved in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture the ASIC product referred to in Interrogatory No. 2.  This information is relevant to a determination of infringement and establishing individuals likely to have discoverable information.

As stated in regard to Interrogatory No. 1, Defendants' answer is non-responsive under Fed. R. Civ. P. 33(b)(1) because Defendants are required to "state the reasons for objection and shall answer

to the extent the interrogatory is not objectionable."  As further clarified by the Advisory Committee notes, Defendants are required to answer, at least to an extent not objectionable (e.g. a lesser number of facilities or products), along with stating their specific objections.  Defendants have simply again made a blanket objection and produced absolutely no information in response to Interrogatory No. 4.

**5.  Interrogatory No. 5:  Individuals Performing ASIC Methods**

Interrogatory No. 5:   Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:  (by Aeroflex, AMI) Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.  (Ex. 2,3).

Response to Interrogatory No. 5:  (Similar responses by Matrox Elec., Matrox Graphics) Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involvement in design work on any product that includes an integrated circuit.
Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegation of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement under any provision of 35 U.S.C. § 271, of a United States Patent.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant does no engineering design work in the United States. (Ex. 4, 5)

Response to Interrogatory No. 5:  (by Matrox Int'l)  Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any

infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open ended narrative describing the functions performed by any employee having any role in the computer-aided design of a large number of products. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant does not engineering design work. (Ex. 6).

Response to Interrogatory No. 5: (by Matrox Tech) Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any, now former, employee who had any role in the computer aided design of any product that includes an integrated circuit. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant has ceased operations. (Ex. 7).

Interrogatory No. 5 is proper and the objections made are not valid. The plaintiff is entitled to know which individuals participated in any way in performing an ASIC Method for the product referred to in Interrogatory No. 2. This information is relevant to a determination of infringement and establishing individuals likely to have discoverable information.

As stated in regard to Interrogatory No. 1, Defendants' answer is non-responsive under Fed. R. Civ. P. 33(b)(1) because Defendants are required to "state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." As further clarified by the Advisory Committee notes, Defendants are required to answer, at least to an extent not objectionable (e.g. a lesser number of facilities or products), along with stating their specific objections. Defendants have simply again made a blanket objection and produced absolutely no information in response to Interrogatory No. 5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 6.    Interrogatory No. 6:  Awareness Of The Patent-In-Suit

Interrogatory No. 6:   State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:  Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.  (Ex. 2-7).

The response to Interrogatory No. 6 ignores the request for identification of all documents and communications.  Such identification is not privileged information even if the content of those documents and communications may be privileged.  Fed. R. Civ. P. 26(b)(5) states, in part, "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

As discussed above, a "blanket" objection based on privilege is improper.  Improper assertion of the privilege by not complying with the requirement to specifically identify the documents and communications that are allegedly privileged can result in a waiver of the privilege.  *Eureka Financial Corp. v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179 (E.D. Cal. 1991). Defendants must "expressly claim the privilege and describe the nature of the documents" and "failure to do so may constitute an 'implied' waiver of the privilege or protection."  *Imperial Corp. v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997).  Defendants have provided no basis for their objections based on privilege and have provided no privilege log identifying any protected confidential communications, which were not disclosed in answering the Interrogatories.

### 7.   Interrogatory No. 7:  Information Concerning The Contents Of The Response To  The Complaint

<u>Interrogatory No. 7:</u>   Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

(Similar responses by all defendants:)

<u>Response to Interrogatory No. 7:</u>  Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts.  *See* D. Del. LR  26.1(b).  By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit.  *See id.  See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).  Defendant further objects to this interrogatory on the ground that it is premature.  Defendant has just begun to conduct its investigation of the relevant facts.  The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.  Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action.  To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.  (Ex. 2-7).

(<u>Additional Response to Interrogatory No. 7:</u> by Matrox Elec.) Erik Boisvert has knowledge regarding the location of Defendant's design facilities.

(<u>Additional Response to Interrogatory No. 7:</u> by Matrox Graphics ) Ed Dwyer has knowledge regarding the location of Defendant's design facilities.  Mr. Wood is an employee of one of the defendants in the present action and should not be contacted except through counsel for the defendant.

(<u>Additional Response to Interrogatory No. 7:</u> by Matrox Int'l) Edward Dwyer has knowledge regarding the location of Defendant's design facilities.  Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for the defendant.

(<u>Additional Response to Interrogatory No. 7:</u> by Matrox Tech) Defendant has ceased operations. Edward Dwyer has knowledge regarding the location of Defendant's design facilities.  Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for the defendant.

Interrogatory No. 7 is a single inquiry and since it asks for the individuals having knowledge or information of representations actually made by the Defendants in their response to the Complaint, the Interrogatory is certainly not premature or burdensome. The identification of individuals who know the location of the design facilities is essentially is not responsive. Neither the identification of the individuals nor the identity of the documents is privileged. The Defendants have not identified even a single individual employed by or associated with Defendants, and to implicitly assert the Answer to the Complaint was prepared without any investigation involving personnel of the Defendants suggests a violation of Rule 11.

Also, while Ricoh disagrees with the assertion that interrogatory 7 exceeds the 50 interrogatory limit, Plaintiff was willing to limit the interrogatory to those paragraphs of defendants' answer and counterclaims which constitute a denial per se (i.e., other than a denial based on a lack of knowledge and information), the affirmative defense paragraphs and paragraphs 69 and 72 of the counterclaims. (Ex. 9, E. Meilman 8/26/03 letter).

Fed. R. Civ. P. 26(b)(5) states, in part, "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

As discussed above, a "blanket" objection based on privilege is improper. Improper assertion of the privilege by not complying with the requirement to specifically identify the documents or information that is allegedly privileged can result in a waiver of the privilege. *Eureka Financial Corp. v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179 (E.D. Cal. 1991). Defendants must "expressly claim the privilege and describe the nature of the documents" and "failure to do so may constitute an 'implied' waiver of the privilege or protection." *Imperial Corp. v. Shields*, 174 F.R.D. 475,

1   477 (S.D. Cal. 1997).  Defendants have provided no basis for their objections based on privilege and

2   have provided no privilege log identifying any protected confidential communications, which were not

3   disclosed in answering the Interrogatories.

4          Defendants have provided no reasoning as to why any documents or communications should

5   receive protection under the work product doctrine or what specific documents or communications

6   would be covered under the work product doctrine.  Fed. R. Civ. P. 26(b)(3) states that work product

7   protection only applies to documents and tangible things prepared by a party "in anticipation of

8   litigation."  The party seeking protection from the work product doctrine "bears the burden of

9   establishing that any documents claimed as work product were prepared in anticipation of litigation."

10  *Newport Pacific Inc. v. County of San Diego,* 200 F.R.D. 628, 632 (S.D. Cal. 2001).  Defendants have

11  not established any documents or communications with particularity that should be protected under

12  work product doctrine nor have they shown that any of the information requested was prepared in

13  anticipation of litigation.

14

15          **8.    Interrogatory No. 8:  Marketing And Sales Activities**

16  Interrogatory No. 8:   Separately for each product identified in answer to Interrogatory No. 2,
17  identify each individual who can testify about defendant's marketing activities, including but not
18  limited to market research, product testing, business planning, sales, advertising, and production
    for that product.

19  Response to Interrogatory No. 8:  (by Aeroflex, AMI)  Defendant incorporates by reference its
20  General and Specific Objections. Defendant incorporates by reference its response to
    Interrogatory No. 2.  (Ex.2, 3).

21  Response to Interrogatory No. 8:  (by Matrox Elec.)  Defendant incorporates by reference its
22  General and Specific Objections. Defendant further objects to this interrogatory as overly broad,
    unduly burdensome and not reasonably calculated to lead to the discovery of admissible
23  evidence.  Subject to and without waiving the foregoing general and specific objections,
    Defendant responds as follows: Francois Bertrand Erik Boisvert.  Mr. Bertrand and Mr. Boisvert
24  are employees of defendant and should not be contacted except through counsel for the
    defendant.   (Ex.4).

25  Response to Interrogatory No. 8:  (by Matrox Graphics, Matrox Int'l.)  Defendant incorporates
26  by reference its General and Specific Objections. Defendant further objects to this interrogatory
    as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of
27  admissible evidence.  Subject to and without waiving the foregoing general and specific
    objections, Defendant responds as follows: Dan Wood, Edward Dwyer.  Mr. Wood and Mr.

28

Dwyer are employees of defendant and should not be contacted except through counsel for the defendant. (Ex.5, 6).

Response to Interrogatory No. 8: (by Matrox Tech) Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Dan Wood. Mr. Wood is an employees of one of defendants in the present action and should not be contacted except through counsel for the defendant. (Ex.7).

Interrogatory No. 8 is proper and the objections made are not valid. Any cost savings are relevant to issues of damages and potentially issues of non-obviousness. The Plaintiff is entitled to know about Defendants' marketing activities including market research, product testing, business planning, sales, advertising, and production for the ASIC product referred to in Interrogatory 2. This information is directly relevant to damages. While Ricoh has not asserted that any particular equipment constitutes patent infringement, what the defendants do with the type of equipment used is relevant to a determination of whether or not there is patent infringement.

As stated in regard to Interrogatory No. 1, Defendants' answer is non-responsive under Fed. R. Civ. P. 33(b)(1) because Defendants are required to "state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." As further clarified by the Advisory Committee notes, Defendants are required to answer, at least to an extent not objectionable (e.g. a lesser number of facilities or products), along with stating their specific objections. Defendants have simply again made a blanket objection and produced absolutely no information in response to Interrogatory No. 8.

### 9.    Interrogatory No. 9:  Document And Records Processing, Storage And Retention

Interrogatory No. 9:  Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:  Defendant incorporates by reference its General Objections. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control. (Ex. 2-7).

1

2

Production of documents under Fed. R. Civ. P. 33(d) as a response to an Interrogatory is not

3

proper unless a "specification shall be in sufficient detail to permit the interrogating party to locate and

4

to identify, as readily as can the party served, the records from which the answer may be ascertained."

5

The Rule is predicated on the burden being equal and the burden on Defendants is less in this case.  To

6

date, Defendants have only produced a few documents responsive to this Interrogatory.

7

### 10.    Interrogatory No. 10: Requests For Admission

8

Interrogatory No. 10:   In the event that any request for admission is denied in whole or in part,
identify the request by number and set forth in detail each and every reason of the denial,
including the identity of the documents upon which such denial is based.

9

10

Response to Interrogatory No. 10:  (similar responses by all defendants)  Defendant incorporates
by reference its General Objections.  Defendant further objects to this interrogatory on the
ground that it contains impermissible subparts.  *See* D. Del. LR 26.1(b).  Defendant further
objects to this interrogatory on the ground that it is premature.  Discovery in this case has just
recently begun.  Defendant will make available additional information regarding the factual
bases for its contentions at a later point during discovery.  Subject to and without waiving the
foregoing general and specific objections, Defendant responds as follows:  Where Defendant
denied Ricoh's Requests for Admission, it did so because these Requests for Admission were
false.  Regarding requests for admission involving the validity and enforceability of the patents:
Defendant is aware of a number of invalidating prior art references which will be produced;
detailed contentions regarding specific references will be supplied at an appropriate time during
discovery.  Regarding requests relating to equitable defenses: the '432 patent issued on May 1,
1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made
previous attempts to license this patent that were abandoned.  Regarding requests relating to
construction of specific elements of claim language and practice of those claim elements: the
claims of the '432 patent refer to a particular design process not employed by Defendant;
Defendant, is the beneficiary of equitable defenses included laches, equitable estoppel and an
implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary
of the equitable defenses that Synopsys has against assertion of the '432 patent.  Defendant
reserves the right to identify additional grounds for its contentions and additional evidence as
discovery develops. (Ex. 2-7).

11

12

13

14

15

16

17

18

19

20

21

22

Response to Interrogatory No. 10:  (additional responses by Matrox Elec., Matrox Graphics)
Regarding requests relating to construction of specific elements of claim language and practice
of those claim elements: Defendant does not engage in any engineering design activities in the
United States, Defendant does not sell any products in the United States….Regarding requests
relating to personal jurisdiction; Defendant has no personnel in Delaware, conducts no business
operations in Delaware and makes no direct sales in Delaware.  (Ex. 4, 5)

23

24

25

26

Response to Interrogatory No. 10:  (additional response by Matrox Int'l)  Regarding requests
relating to construction of specific elements of claim language and practice of those claim
elements: Defendant does not engage in any engineering design activities, ….Regarding requests

27

28

relating to personal jurisdiction; Defendant has no personnel in Delaware, conducts no business operations in Delaware and makes no direct sales in Delaware.  (Ex. 6)

<u>Response to Interrogatory No. 10:</u>  (additional response by Matrox Tech)  Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities, Defendant does not sell any products in the United States.   (Ex. 7)

The response to Interrogatory No. 10 to the extent it constitutes a bald statement that the Request for Admissions were made because the Request was false are improper.  Plaintiff is entitled to know the basis for the Defendants' response to the Interrogatory and the bald assertion that their Request is false does not set forth in detail each and every reason for the denial.  Stating that a Defendant is aware of a number of invalidating prior art references without identifying them is improper.  Stating that agents of the inventors and assignees made previous attempts to license the patents that were abandoned is improper because it does not identify who the agents were, when the attempts were made, and/or the individuals to whom these attempts were made.  At a minimum, defendants should provide the information required under F.R.Civ.P. 36 to state a basis for their denial.  Although defendants claim the number is excessive (notwithstanding the fact that Delaware does not have a local rule corresponding to N.D. Cal. L.R. 33-2), defendants waive their objection by attempting to provide an incomplete response. Defendants cannot object and provide a non-responsive answer at the same time.

**CONCLUSION**

Ricoh's motion to compel should be granted.  The ASIC Defendants should be required to provide responsive and complete answers to Plaintiff's First Set of Interrogatories.


Dated:  November 10, 2003                    Respectfully Submitted,

                                             GARY M. HOFFMAN
                                             KENNETH W. BROTHERS
                                             EDWARD A. MEILMAN
                                             Dickstein Shapiro Morin & Oshinsky, LLP

                                             JEFFREY B. DEMAIN
                                             JONATHAN WEISSGLASS
                                             Althsuler, Berzon, Nussbaum, Rubin & Demain

                                             By:  _____Kenneth W. Brothers_____


                                             Attorneys for Plaintiff
                                             Ricoh Company, Ltd.