Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | **CASE NO. CV -4669-MJJ** |
| Plaintiff, | **RICOH'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE ASIC DEFENDANTS** |
| vs. | |
| AEROFLEX INCORPORATED, et al., | |
| Defendants. | **Date:  December 16, 2003** |
| | **Time: 9:30 a.m.** |
| | **Courtroom:  11** |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 2

ARGUMENT ........................................................................................................ 3

    I.    DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S SECOND SET OF REQUESTS ................................................. 3

        A.    Defendants Should Be Compelled To Produce Documents Identified In Their Own Initial Disclosure Statement ....................... 3

            1.    Document Request No. 1 .............................................. 4

            2.    The ASIC defendants' Objections Are "Extraordinary" ......... 5

            3.    The Matrox Defendants' Objections Are Meritless ............... 5

    II.    DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S FIRST SET OF REQUESTS ................................................... 6

        A.    Defendants' Boilerplate Objections Are Invalid ................................ 6

        B.    Defendants' Responses to Ricoh's First Set of Document Requests Are Not Valid .......................................................................... 7

            1.    Request No. 1: Defendants' Corporate Structure ................... 7

            2.    Request Nos. 3-5, 14-19: Manufacture or Sale of ASIC Products .................................................................................. 8

            3.    Request Nos. 6-7, 20-21, 23: Prior Art, Validity and Enforceability ...................................................................... 11

            4.    Request Nos. 8-13: Design Compiler, Synopsys, and Cadence Design Systems Documents ................................... 14

            5.    Request No. 22: Infringement ............................................. 15

            6.    Request No. 24: Communications Concerning The Patent-In-Suit. ..................................................................... 16

            7.    Request No. 27: Defendants' Document Retention Policies .................................................................................. 16

            8.    Request No. 28: Patent Applications Concerning ASIC Methods .................................................................................. 17

            9.    Request No. 29 and 33: ASIC Methods Tests and Equipment ............................................................................. 18

10.    Request No. 30:  Infringement Or Invalidity Analysis..........19

11.    Request No. 31:  Infringement Of The Patent-In-Suit..........19

12.    Request No. 32:  Communications Regarding The Patent-In-Suit ...................................................................20

13.    Request No. 34:  Documents Regarding The Patent-In-Suit ...........................................................................20

14.    Request No. 35:  Indemnification Or Hold-Harmless Agreements ..............................................................21

15.    Request No. 36:  Documents Referenced In Response To Ricoh's First Set Of Interrogatories......................22

16.    Request No. 37:  Documents Relied Upon Or Referred To In Preparing The Response To The Complaint ....................22

17.    Request No. 38:  Laches Defense .........................................23

18.    Request No. 39:  Ricoh-Related Documents ........................23

19.    Request No. 40:  First Knowledge Of The Patent-In-Suit.....24

20.    Request No. 41:  Communications Relating To Patent-In-Suit ............................................................................24

III.    DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S  REQUESTS................................24

   A.    Defendants' Production of Identifiable and Unreadable CD's..........24

CONCLUSION..............................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Caliper Technologies Corp., et al., v. Molecular Devices Corp.*,
213 F.R.D. 555 (N.D. Cal 2003) ............................................................................8, 10

*Compaq Computer Corp. v. Packard Bell Electronics, Inc.*,
163 F.R.D. 329 *quoting Fein v. Numex Corp.*, 92 F.R.D. 94 (S.D.N.Y. 1981)..........10

*Eureka Financial Corp. v. Hartford Accident and Indemnity Company*,
136 F.R.D. 179 (E.D. Cal. 1991) ...........................................................................13

*Imperial Corp. v. Shields*, 174 F.R.D. 475 (S.D. Cal. 1997) ............................................13

*Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976) ................................8

*Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628 (S.D. Cal. 2001) .............13

*Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa. 1980)..................................10

*Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584
(C.D. Cal. 1999)......................................................................................................6

## FEDERAL STATUTES

35 U.S.C. §271 ..........................................................................................................4, 9, 10

Fed. R. Civ. P. 26(a)(1).....................................................................................................3, 21

Fed. R. Civ. P. 26(b)(3)...........................................................................................................13

Fed. R. Civ. P. 33 .....................................................................................................................6

Fed. R. Civ. P. 34(b) ................................................................................................................6

Fed. R. Civ. P. 37(a)(2)............................................................................................................3

## NOTICE OF MOTION AND RELIEF REQUESTED

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2003, at 9:30 a.m. in Courtroom 11 of the above-referenced court Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court for an order compelling Defendants Aeroflex et al., to produce documents requested by Ricoh.

Ricoh bases this motion upon the following Memorandum of Points and Authorities, the supporting declaration, all pleadings on file in this case, and such argument as may be heard by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Adopting a "scorched earth" strategy of fighting over every conceivable topic, defendants have refused to produce relevant documents – including their initial disclosure documents – that should have been produced months ago. For example, even though defendants submitted their initial disclosures in May 2003, they have refused to produce any of the documents identified therein on the grounds that the documents are "irrelevant." Defendants refused to produce information regarding their production of the products at issue, claiming it is confidential (even though a protective order is in place). Defendants refused to produce information regarding their use of Design Compiler, claiming that only Synopsys can produce that information. When subpoenaed for those documents, Synopsys claims that Ricoh should get the documents from the ASIC defendants. As the ASIC defendants and Synopsys are represented by the same counsel, this tag-team failure to respond response is an egregious abuse of the discovery rules.

On August 28, 2003, Judge Sleet of the District of Delaware held a two hour hearing in which he repeatedly chastised defendants' counsel over the very issues that are the subject of this motion, and ordered the resolution of all discovery matters by September 5, 2003. Defendants have simply ignored Judge Sleet's orders, perhaps hoping this Court will not hold them accountable for their

months of discovery delays.  This Court must put an immediate end to defendants' interminable delays and order the immediate production of the requested documents.

## BACKGROUND

This matter originated in the District of Delaware, when Ricoh sued a number of computer chip manufacturers for patent infringement.  The patent-in-suit has claims directed to a computer aided design process for making an application specific integrated circuit (ASIC).  The six defendants in the Delaware action are collectively referred to herein as "the ASIC defendants."

Ricoh's First Set of Document Requests was served on each of the ASIC defendants on May 30, 2003.  (Ex. 1).  Ricoh's Second Set of Document Requests was served on each of the same defendants on July 2, 2003 . (Ex. 2).  The responses to all document requests were substantially identical among all defendants.

Defendants have refused to produce documents responsive to most requests.  Defendants repeatedly have provided non-responses and Ricoh has attempted to resolve their disputes with defendants regarding these Document Requests to no avail.  On August 11, 2003 Ricoh sent a letter to defendants' counsel attempting to resolve defendants' objections to Ricoh's First Set of Document Requests and proposing a telephone conference on August 15.  (Ex. 3).  In a letter of August 26, 2003, Ricoh offered to limit the definition of ASIC Products to "those products made by a method which included computer-aided design that includes some form of logic synthesis" in order to resolve the disputes before discussing the matter with the court.  (Ex. 4).  Because the outstanding disputes could not be resolved, Ricoh addressed these issues before Judge Sleet in a hearing on August 28, 2003 in the transferring court.

During that hearing, the court ordered the defendants to come to a resolution with Ricoh about both sets of document requests and produce responsive documents.  (Ex. 5, 8/28/03 Transcript). After the hearing, Ricoh proposed that defendants submit a revised Initial Disclosure since defendants admitted their Initial Disclosure was "inartfully drafted" and vague.  (Ex. 6, 8/28/03 letter from G.

Hoffman to T. Corbin).  Defendants have yet to submit a revised Initial Disclosure or respond to Ricoh's

discovery request to produce documents cited in defendants' Initial Disclosure.

During the August 28 hearing, Ricoh offered to narrow some requests and modify the

definition of ASIC Products.  (Ex. 5, 8/28/03 Transcript, p. 57, lines 12-18).  Ricoh also attempted to

come to a resolution with the defendants by the court's September 5 deadline.  (*Id*. at p. 61, lines 13-18

and Ex. 7, 9/4/03 E. Meilman letter).  Defendants again declined to make any meaningful production of

documents and attempted to redefine their production obligations. (Ex. 8, 9/8/03 and 9/10/03

correspondence between C. Kelley and E. Meilman).  Despite the compromises made by Ricoh in an

effort to resolve the disputes and the court's admonitions to resolve the disputes, the defendants have yet

to comply with Ricoh's document requests.[1]

## ARGUMENT

## I.    DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S SECOND SET OF REQUESTS

### A.    Defendants Should Be Compelled To Produce Documents Identified In Their Own Initial Disclosure Statement

All of the defendants filed a joint Initial Disclosure Statement (Ex. 9) identifying documents

and tangible things as relevant under Fed. R. Civ. P. 26(a)(1).  Categories of documents identified in

defendants Initial Disclosure included product design and development materials; marketing and

promotional materials; sales and accounting statements; correspondence; reports; presentations;

publications; and electronic files.  (Id. at p. 6.)  By identifying these documents, defendants conceded

their relevance, but nevertheless refused to produce them, in violation of Fed. R. Civ. P. 37(a)(2)(A) ("if

---

[1] Defendants also have unilaterally delayed deposition discovery.  On September 25, 2003, Ricoh served
each of the ASIC defendants with notices of deposition under Federal Rule of Civil Procedure 30(b)(6).
(Ex. 10).  Just before the first of the depositions was scheduled to commence, on October 3, 2003,
counsel for defendants stated that they had not yet identified the appropriate individuals to testify and
requested an adjournment to permit such individuals to be identified, at which time they would propose
new dates. (Ex. 11).  Weeks later, on October 23, 2003, Plaintiff asked defendants for the new dates
(Ex. 12) – but defendants have never responded to this inquiry, and still refuse to produce any witnesses.

a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions").

### 1.    Document Request No. 1

Ricoh's Document Request No. 1 of its second request for documents (Ex. 2) states as follows:

> Produce all documents and tangible things identified in Section B (Items 1 through 8 of Defendants' Initial Disclosure Statement dated and served on or about May 30, 2003).

Defendants Aeroflex and AMI's response (dated August 1, 2003) to Document Request No. 1 states as follows:

> Defendant incorporates by reference its general and specific objections to Ricoh's First Set of Document Requests. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that has no relevance to Defendant's ASIC Products or Methods. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement, or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document on the grounds that it is redundant of Plaintiff's other document requests. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce relevant, non-privileged documents in response to this document request

(Ex. 13, 14).[2]

---

[2] Requests to all Defendants (Aeroflex Inc., AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc.) were identical (Ex. 2). Responses of the Matrox defendants further objected to this document request. Matrox Tech, Matrox Graphics Inc., and Matrox Int'l objected because "its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. §271, of a United States patent. . . . In light of the foregoing objections, Defendant will not produce documents in response to this document request." Matrox Electronic Systems, Ltd responded that "the requested documents are at the Defendant's facilities in Canada, where the Defendant designs the accused ASICs and other electronic systems and devices. Designing of a product in Canada cannot cause infringement of a United States patent under any provision of 35 U.S.C. §271. . . . In light of the foregoing objections, Defendant will not produce documents in response to this document request." (Ex. 15-18).

None of the ASIC defendants has produced any documents identified in their Initial Disclosures.

### 2.    The ASIC defendants' Objections Are "Extraordinary"

Defendants have ignored Ricoh's attempt to confer with defendants and obtain production of the initial disclosure documents.  On July 9, 2003 Ricoh's counsel sent a letter to defendants' counsel making arrangements to comply with Ricoh's Initial Disclosure requirements and suggesting defendants do the same.  (Ex. 19, 7/9/03 E. Meilman letter to E. Moller).  Defendants respond by claiming they are producing documents as indicated in their responses to Ricoh's discovery requests.  (Ex. 20, 7/10/03 E. Moller letter to E. Meilman).  In fact, the defendants simply refuse to produce their initial disclosure documents.

Judge Sleet found the defendants' failure to produce documents from their own Initial Disclosure to be "extraordinary."  (Ex. 5, 8/28/03 Tr. at 54.)  Defendants admitted in the August 28 hearing that their Initial Disclosure was "inartfully drafted" and "relatively generic."  (Ex. 5, 8/28/03 Tr. at p. 54, line 22-23, p. 53, line 2.)  Since by their own admission, defendants' Initial Disclosures were vague, Ricoh has requested that defendants submit a revised Initial Disclosure.  (Ex. 6, 8/28/03 G. Hoffman letter).  However, defendants have failed to either submit a revised Initial Disclosure or any documents falling into the categories described in their Initial Disclosure.

### 3.    The Matrox Defendants' Objections Are Meritless

The Matrox defendants (Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc.) also disclosed eight categories of relevant documents on May 30, 2003, but now refuse to produce them, because the Matrox defendants are based in Canada.  This objection is without merit for three reasons.  First, Matrox Tech, Inc. has a plant and is doing work in Florida, as their counsel conceded.  (Ex. 5, 8/28/03 Tr. at p. 67, lines 7-15).  Second, the Matrox Defendants apparently believe they are entitled to summary judgment and so should be excluded from any discovery obligation.  There is no basis for the Matrox defendants to avoid responding to relevant discovery because they may eventually file a summary judgment motion sometime in the future.  Third, this issue has already been resolved by Judge Sleet.  In the August 28 hearing, the Matrox defendants

sought the court's leave to file a motion for summary judgment. The court refused to address the issue of the premature summary judgment and then subsequently deferred ruling on it. (Ex. 21, p. 2, item 8, Ex. 5, 8/28/03 Tr. at p.62, line 6, - page 68, line 4 ).  The court later indicated that discovery of the Canadian Matrox defendants should only be deferred for a "brief period of time" before proceeding in discovery process against them. (Ex. 5, 8/28/03 Tr. at p. 66 line 24 – page 67, line 16).   Therefore, the Canadian Matrox defendants are not removed from responsibility simply because they are located outside the United States.

## II.    DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S FIRST SET OF REQUESTS

### A.    Defendants' Boilerplate Objections Are Invalid

One of the purported bases for defendants' refusal to produce documents in response to Ricoh's First Document Request of May 30, 2003 is their raft of general and specific objections to the production requests.  Fed. R. Civ. P. 34(b) states that if an objection is made "the reasons for objection shall be stated.  If an objection is made to a part of an item or category, the part shall be specified and inspection permitted on the remaining parts."  Each and every document request was objected to by defendants in a statement which incorporates by reference each and every one of seventeen (17) numbered objections set forth under the heading "General Objections" (Ex. 22-27).  Such a "blanket" approach is effectively not an objection at all.  *Walker v. Lakewood Condominium Owners Association,* 186 F.R.D. 584, 587 (C.D. Cal. 1999).  Other objections are nonsensical, for example General Objection No. 13 objects to document production based on Fed. R. Civ. P. 33 which relates to interrogatories.

Defendants have advanced some specific objections to the definitions and instructions of Ricoh's first set of document requests.  (Ex. 22-27, p. 5).  None are valid.  For example, defendants' objection 6 states

> Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Ricoh has agreed to define "ASIC Product" as "the product of a computer aided design process involving logic synthesis." (Ex. 7, 9/4/03 E. Meilman letter.) Defendants indicated that their remaining objections to Ricoh's discovery requests would be resolved by use of this definition. (Ex. 5, 8/28/03 at Tr. p. 53, line 18 – page 54, line 13; Ex. 7, 9/4/03 E. Meilman letter.) However, Ricoh has yet to receive any but a scant handful of documents that are responsive to Ricoh's First and Second Requests for Documents.

### B.    Defendants' Responses to Ricoh's First Set of Document Requests Are Not Valid

Moving beyond defendants' boilerplate objections, defendants' remaining responses to each request are non-responsive and non-specific. Defendants have nonetheless refused to produce any responsive documents, even after the transferring court's clear orders to do so. Each Request and Response is discussed below.

### 1.    Request No. 1: Defendants' Corporate Structure

Document Request No. 1:   Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationship between such entities.

Response to Document Request No. 1:  …. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.[3]

Defendants have produced a trivial amount of documents responsive to this request. Defendant AMI Semiconductor Inc. produced several organizational charts, Matrox Graphics produced a listing of projects with team members, and Matrox Tech produced a few documents suggesting the company is closing. Although defendants say they "will produce" documents in response to Document

---

[3] All Defendants, with the exception of Matrox Tech, Inc., provided identical responses to Plaintiff's First Set of Document Request, Document Request No. 1. (Ex. 22-27). Matrox Tech, Inc. in its response includes the statement "Defendant has ceased operations and no longer has any documents in its direct possession, custody or control" in all of its Responses. (Ex. 27).

Request No. 1, after nearly six months and an order from the transferring court, they have produced nothing substantial.[4]

Document Request No. 1 is relevant to Ricoh's claim. Relevancy is construed broadly and includes information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Materials related to defendants' corporate structure should be readily available to all defendants. The corporate structure of the defendants is directly relevant to the determination of whether the ASIC Products or Methods are infringing. In addition, Document Request No. 1 seeks to identify key players and reporting relationships between the entities. The defendants provide no reason as to why production of their corporate structure would be "unduly burdensome."

Matrox Tech includes the statement "defendant has ceased operations and no longer has any documents in its direct possession, custody or control" in all of its Responses. (Ex. 27). However, "[t]he mere failure of a party to maintain records does not excuse it from producing relevant information." *Caliper Technologies Corp., et al., v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal 2003), *citing Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D. Mass. 1976). Therefore, Matrox Tech should be compelled to produce documents in response to all Document Requests.

### 2.    Request Nos. 3-5, 14-19:  Manufacture or Sale of ASIC Products

Document Request No. 3:   Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Document Request No. 4:   Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Document Request No. 5:   Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

---

[4] As indicated in Section III, the actual source of the documents is presumed from language within the documents due the generic discovery production label/numbering. Nor has counsel for the defendant's identified the source of the documents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Document Request No. 14:   Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Document Request No. 15:   Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Document Request No. 16:   Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Document Request No. 17:   Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Document Request No. 18:   Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Document Request No. 19:   Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Responses to Specific Document Request No. 3, 4, 5, 14, 15, 16, 17, 18, 19:   [General objections omitted.]  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.[5]  Subject to and without waiving the foregoing general and specific objections, defendant responds as follows:  In light of the foregoing objections, defendant will not produce documents in response to this document request.[6]

Document Request No. 3 concerns defendants' ASIC Products, including what information about the products are provided to the public.  Document Request No. 5 concerns defendants' design,

[5] The Matrox defendants all add the following: "Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent."  The Matrox defendants cannot excuse themselves from discovery by this theory. This issue is addressed in more detail at page 6 of this motion.

[6] Matrox Tech includes the statement "Defendant has ceased operations and no longer has any documents in its direct possession, custody or control" in all of its Responses (Ex. 18).

production, specifications, and use of ASIC Products and Methods.  Document Request No. 4 concerns

ASIC methods used directly or indirectly by the defendants.  The capabilities, features, and functions of

the named design systems are relevant to the issue of patent infringement.

Document Request Nos. 14, 15 and 17 to 19 are proper and relevant to calculation of

damages.  Ricoh, has however, agreed to limit the request to sales in the U.S. and/or products imported

into the U.S.  (Ex. 3, 8/11/03 E. Meilman letter)  Document Request No. 16 properly relates to

documents showing how a defendant has made its allegedly infringing products in order to prove the

process is infringing.  However, defendants have simply refused to produce any documents responsive

to Document Requests 3-5 and 14-19.[7]

The degree of burden is balanced against the "extent to which the discovery sought is

relevant to the issue in the litigation."  *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163

F.R.D. 329, 335, *quoting Fein v. Numex Corp.*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981).  "A producing party

is obligated to show, by affidavits or other evidence, the specific nature of the burden imposed."

*Caliper Technologies Corp., et al., v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal 2003),

*citing Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 298 (E.D. Pa. 1980).  Defendants have not

specified in any way how these document requests are "unduly burdensome."  Defendants have flatly

refused, however, to produce any responsive documents.  In this case, Document Request Nos. 3-5 and

14-19 are relevant discoverable material and therefore the relevance of the documents sought outweighs

any perceived burden to the defendants.  Defendants should be compelled to produce the requested

documents.

The additional objection by the Matrox defendants based on work in Canada is invalid

because 35 U.S.C. § 271(g) explicitly contemplates activity outside the United States to constitute patent

---

[7] AMI has produced a couple of generic documents that provide broad overviews of project workflow, RTL (Registered Transfer Level) design use, and synthesis.

1    infringement.  The defendants' use and sales of ASIC Products and Methods is directly relevant to a

2    determination of patent infringement and must be produced.

3        **3.    Request Nos. 6-7, 20-21, 23:  Prior Art, Validity and Enforceability**

4    Document Request No. 6:   Produce all prior art of any kind of which defendant is aware and

5    which defendant deems pertinent in any way to the alleged invention described and claimed in
     the patent-in-suit.

6    Document Request No. 7:   Produce all patents and patent applications, whether U.S. or foreign,

7    and whether issues, pending or abandoned, which at any time were owned or controlled by

8    defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction
     of defendant.

9    Document Request No. 20:   Produce all documents concerning the validity of the patent-in-suit.

10   Document Request No. 21:   Produce all documents concerning the enforceability of the patent-

11   in-suit.

12   Document Request No. 23:   Produce all documents that constitute or concern prior art, prior use,

13   prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

14   Response Specific to Document Request No. 6, 7, 20, 21, 23:  [General objections omitted.]
     Defendant further objects to this document request on the grounds that it is unduly burdensome,

15   calls for the production of documents and information protected by the attorney-client privilege
     and work product doctrine, improperly and prematurely calls for the construction of the claims of

16   the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.
     Subject to and without waiving the foregoing general and specific objections, Defendant

17   responds as follows:

18   (Response to Document Request No. 6): Defendant will respond to this Document Request as the

19   requested information becomes available and is analyzed.

20   (Response to Document Request No. 7): Defendant will produce non-privileged documents that
     are responsive to this document request, to the extent such records currently exist within

21   Defendant's possession, custody or control, and are discoverable after a reasonable search.

22   (Response to Document Request No. 20): Defendant will produce responsive non-privileged
     documents relevant to the invalidity of the patent in suit.

23

24   (Response to Document Request No. 21): Defendant will produce responsive non-privileged
     documents relevant to the enforceability of the patent in suit.

25   (Response to Document Request No. 23): Defendant will produce responsive non-privileged

26   document in response to this document request.[8]

27   _____

28   [8] All Defendants answered Document Requests 6, 7, 20, 21, 23 with essentially identical responses (Ex.
     13-18), with the exception of Matrox Tech, Inc. which includes the statement "Defendant has ceased

With respect to Request No. 6, defendants have produced a large volume of prior art, but have refused to withdraw their objections, or to specify whether they are withholding documents based upon their objections.  They should be required to do so.

Defendants have not produced documents responsive to the other requests.  Should the defendants firmly believe that some or all of any of these requests are seeking premature claim construction, then they are obliged to provide these responsive documents pursuant to the time line applicable in patent law cases as set out in the Patent Local Rules.  The Requests are also not "premature contention discovery."

Defendants' response to Request No. 7 is non-responsive as the defendants have not provided documents or a list of documents responsive to this request.  The patents and patent applications referenced in Request No. 7 are not privileged, nor do the defendants have the ability to selectively respond to requests.  Assuming *arguendo* that there may be some privileged documents, the defendants have not produced a privilege log.  The Request also does not call for construction of the claims of the patent or a legal conclusion nor constitute contention discovery.

The responses to Document Request Nos. 20 and 21 are non-responsive.  Request No. 20 was seeking all documents "concerning" the validity of the patent--language encompassing both validity and invalidity.  Production cannot be limited to documents defendants contend are relevant to invalidity only.  Documents relating to validity and enforceability are directly relevant to the patent-in suit and should be produced.  Nor can the defendants selectively limit their response to non-privileged documents; should they defendants have any privileged documents that are otherwise responsive, they should produce a log.

Fed. R. Civ. P. 26(b)(5) states, in part, "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial

_____

operations and no longer has any documents in its direct possession, custody or control" in all of its Responses.  (Ex. 18).

1    preparation material, the party shall make the claim expressly and shall describe the nature of the

2    documents, communications or things not produced or disclosed in a manner that, without revealing

3    information itself privileged or protected, will enable other parties to assess the applicability of the

4    privilege or protection."

5            Defendants have failed to produce a privilege log.  A" blanket" objection based on privilege

6    is improper.  Improper assertion of the privilege by not complying with the requirement to specifically

7    identify the documents that are allegedly privileged can result in a waiver of the privilege.  *Eureka*

8    *Financial Corp. v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991)

9    ("Although it may be time-consuming to specifically assert the attorney-client privilege in a document

10   intensive litigation,  the courts nevertheless clearly require such specific identification").   Further,

11   defendants must "expressly claim the privilege and describe the nature of the documents" and "[f]ailure

12   to do so may constitute an 'implied' waiver of the privilege or protection."  *Imperial Corp. v. Shields*,

13   174 F.R.D. 475, 477 (S.D. Cal. 1997).  Defendants have provided no basis for their objections based on

14   privilege and have provided no privilege log identifying any protected confidential communications,

15   which were not disclosed in answering the Document Requests.

16           Additionally, defendants have provided no reasoning as to why any document should receive

17   protection under the work product doctrine or what specific documents would be covered under the

18   work product doctrine.  Fed. R. Civ. P 26(b)(3) states that work product protection only applies to

19   documents and tangible things prepared by a party "in anticipation of litigation."  The party seeking

20   protection from the work product doctrine "bears the burden of establishing that any documents claimed

21   as work product were prepared in anticipation of litigation."  *Newport Pacific Inc. v. County of San*

22   *Diego*, 200 F.R.D. 628, 632 (S.D. Cal. 2001).  Defendants have not established any documents with

23   particularity that should be protected under work product doctrine nor have they shown that any of the

24   documents requested were prepared in anticipation of litigation.  It is implausible that the documents

25   requested, for example, patent applications or prior art, were "prepared in anticipation of litigation."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.    **Request Nos. 8-13:  Design Compiler, Synopsys, and Cadence Design Systems Documents**

Document Request No. 8:   Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Document Request No. 9:   Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Document Request No. 10:   Produce all documents concerning Synopsys Inc.

Document Request No. 11:   Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Document Request No. 12:   Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Document Request No. 13:   Produce all documents concerning Cadence Design Systems, Inc.

Response Specific to Document Request No. 8, 9, 10, 11, 12, 13:   [General objections omitted.] Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  In light of the foregoing objections, defendant will not produce documents in response to this document request.[9]

Defendants' boilerplate objections are invalid.  Design Compiler or other products of Synopsis are not terms that are "vague."  The assertion that the discovery has no relation to any infringement allegations is completely at odds with the basis for the Motion to Transfer in which the defendants told the Court that the lawsuit is based on allegations that the defendants use Design Compiler and infringe the patent.  Likewise, whether a defendant used or considered using the items identified in these requests is relevant to the issue of infringement.

_____

[9] All Defendants answered Document Requests 8, 9, 10, 11, 12, and 13 with essentially identical responses, with the exception of Matrox Tech, Inc. which includes the statement "Defendant has ceased operations and no longer has any documents in its direct possession, custody or control" in all of its Responses.

On August 19, 2003, during the hearing on whether Synopsys' declaratory judgment action should be dismissed, Synopys produced End User License Agreements (EULA) between Synopsys and Aeroflex UTMC, American Microsystems, Inc. (AMI Semiconductors), Matrox Ltd. (Matrox Electronic Systems) and Matrox Graphics.  Only after that hearing, did the defendants produce the EULAs as part of their production of  discovery documents.  It is unreasonable to believe that the defendants have no other documents concerning Synopsys.  In addition, defendants have collectively produced some publicly-available Synopsys manuals.  The remaining defendants should be compelled to produce responsive documents to Request Nos. 8 and 10.  No documents have been produced by any party in response to Request No. 9 or 11-13.

### 5.     Request No. 22:  Infringement.

Document Request No. 22:   Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response Specific to Document Request No. 22: [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant is not aware of any documents responsive to this document request.[10]

Only a couple of documents concerning infringement were produced by the defendants—one set of letters exchanged between Aeroflex UTMC and Mentor Graphics.  A representative of Aeroflex UTMC states in one of the letters that its parent (Aeroflex) is being sued and that the Ricoh may amend to name Aeroflex UTMC.  Otherwise, all other defendants have failed to produce any responsive documents.  Defendants have failed to explain why the requested documents are protected by attorney-client privilege or work product doctrine.  Defendants have provided no privilege log identifying any protected confidential communications.

---

[10] Matrox Tech responded that it "has ceased operations and no longer has any documents in its direct possession, custody, or control."  (Ex. 18)

6.    **Request No. 24:  Communications Concerning The Patent-In-Suit.**

<u>Document Request No. 24:</u>  Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

<u>Document Request No. 25:</u>  Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings  which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

<u>Document Request No. 26:</u>  Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

<u>Response Specific to Document Request No. 24-26:</u>  [General objections omitted.]  Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within the Defendant's possession, custody or control, and are discoverable after a reasonable search.[11]

Other than the one set of letters exchanged between Aeroflex UTMC and Mentor Graphics (discussed above) the defendants have failed to produce any responsive documents to Request No. 24. No documents have been produced by any defendants responsive to Request Nos. 25 and 26.  Any communications concerning the patent-in-suit are relevant to an infringement analysis.  As discussed above, the privilege objection is unsupported and should be stricken.  In addition, although one set of letters has been produced, Ricoh cannot know what other documents defendants may be withholding based on a blanket statement of privilege.

7.    **Request No. 27:  Defendants' Document Retention Policies**

<u>Document Request No. 27:</u>  Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

<u>Response Specific to Document Request No. 27:</u>  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents

---

[11] Matrox Tech responded that it "has ceased operations and no longer has any documents in its direct possession, custody, or control."  (Ex. 18)

that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.[12]

Defendants Aeroflex and AMI Semiconductor have produced a few relevant documents, but has not said whether others are being withheld.  Nothing has been produced by the Matrox defendants in response to this standard request.  The request is neither "vague" nor "ambiguous."  The request calls for relevant information relating to defendants' policies regarding the retention or destruction of documents. This request is clear and unambiguous and the documents requested should be readily available to the defendants.

### 8.    Request No. 28:  Patent Applications Concerning ASIC Methods

Document Request No. 28:   Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response Specific to Document Request No. 28:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.[13]

No documents have been produced.  Defendants 'response' to Document Request No. 28 is not responsive.  The patent applications must be produced whether or not they contain matter "not described in other documents produced by defendant."  As indicated above with respect to Request No. 7, the patent applications are not privileged, and defendants have provided no privilege log identifying any confidential communications.

---

[12] Matrox Tech responded that it "has ceased operations and no longer has any documents in its direct possession, custody, or control."  (Ex. 18)

[13] Matrox Tech responded that it "has ceased operations and no longer has any documents in its direct possession, custody, or control."  (Ex. 18)

1

### 9.    Request No. 29 and 33:  ASIC Methods Tests and Equipment

2

<u>Document Request No. 29:</u>  Produce all documents concerning any examinations, tests, studies,
etc. conducted by or for defendant on or with respect to any ASIC Method identified in response
to any interrogatory.

3

4

<u>Document Request No. 33:</u>  Produce all documents concerning all proprietary or third party
hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in
the practice of an ASIC Method, including technical reference manuals, user manuals,
installation manuals, training manuals, tutorials, overviews, summaries, advertising material,
contracts, proposals, licenses, purchase agreements, indemnification agreements, and
communications with third parties.

5

6

7

8

<u>Response Specific to Document Request No. 29, 33:</u>  [General objections omitted.]  Defendant
further objects to this document request as unduly burdensome and seeking discovery of
information not reasonably calculated to lead to the discovery of admissible evidence.
Defendant designs and manufactures a large number of products and employs a large number of
personnel involved in production.  Plaintiff has not identified any theory of infringement or
which specific design step(s) or activities are relevant to its allegations of infringement, or what
activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it
conducted prior to filing the present lawsuit.  Defendant further objects to this document request
as duplicative of previous document requests.[14]  Subject to and without waiving the foregoing
general and specific objections, Defendant responds as follows:  In light of the foregoing
objections, Defendant will not produce documents in response to this document request. [15]

9

10

11

12

13

14

15

Defendant AMI Semiconductor (presumably) produced a couple of high level documents

16

apparently in response to Request No. 33 which contain a brief description synthesis indicating the

17

general use of Design Compiler or a Synplify product for logic synthesis.  Some defendants produced

18

EULAs or Synopsys user manuals, as discussed above in relation to Request Nos. 8 and 10.  The

19

remaining defendants have not produced responsive documents.  The defendants' use of ASIC Products

20

and Methods is directly relevant to a determination of patent infringement and must be produced in

21

response to Document Request No. 29.  Documents concerning proprietary or third party hardware or

22

23

----

24

[14] The Matrox defendants all add the following: "Defendant further objects to this document request on
the grounds that its production is performed at Defendant's facilities in Canada and is therefore not
relevant to Plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and
devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a
United States patent."  Defendants cannot excuse themselves from discovery by this theory.  This issue
is addressed in more detail at page 6 of this motion.

25

26

27

28

[15] Matrox Tech responded that it "has ceased operations and no longer has any documents in its direct
possession, custody, or control."  (Ex. 18)

software used by or on behalf of or otherwise under the direction of defendant in the practice of an ASIC Method (Document Request No. 33) also are relevant and must be produced.

### 10.    Request No. 30:  Infringement Or Invalidity Analysis

Document Request No. 30:   Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response Specific to Document Request No. 30:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.  If Defendant determines to rely on an opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  In light of the foregoing objections, Defendant will not produce documents in response to this document request.[16]

This request is not vague nor ambiguous.  Defendants have produced no documents in response to this request, nor have they provided a privilege log identifying any protected confidential communications.  At the very least, a privilege log is required at this time even if a decision about reliance on an opinion of counsel is not made until a later time.

### 11.    Request No. 31:  Infringement Of The Patent-In-Suit

Document Request No. 31:   Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response Specific to Document Request No. 31:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  In light of the foregoing objections, Defendant will not respond to this request.

Defendants produced one set of letters exchanged between Aeroflex UTMC and Mentor Graphics discussed above.  Otherwise, all the defendants have failed to produce any responsive

---

[16] All Defendants answered Document Requests 29 and 33 with essentially identical responses, with the exception of Matrox Tech, Inc. which includes the statement "Defendant has ceased operations and no longer has any documents in its direct possession, custody or control" in all of its Responses.  (Ex. 13-18).

documents.  Document Request No. 31 is proper, it is not vague or ambiguous or contentious.  If a document discusses the issue of whether or not there is infringement or the topic of infringement, then it is relevant to the issues in this case.  As indicated above, to the extent that it may seek a claim construction the defendants cannot refuse to respond, but are required to respond under timeline that will be established pursuant to the Patent Local Rules.

### 12.    Request No. 32:  Communications Regarding The Patent-In-Suit

Document Request No. 32:   Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response Specific to Document Request No. 32:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Defendants produced one set of letters exchanged between Aeroflex UTMC and Mentor Graphics discussed above.  Otherwise, all the defendants have failed to produce any responsive documents.  Document Request No. 32 is proper; it is not vague or ambiguous.  If a communication discusses the patent-in-suit, then it is relevant to the issues in this case.  As discussed above, remaining defendants have not provided any documents responsive to this request or any reasoning as to why any particular requested documents are protected by attorney-client privilege or work product doctrine.  Nor has any defendant produced a privilege log indicating which documents they are withholding and the specific reason.

### 13.    Request No. 34:  Documents Regarding The Patent-In-Suit

Document Request No. 34:   Produce all documents concerning the patent-in-suit.

Response Specific to Document Request No. 34:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to

1

2

this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

3

4

5

6

7

Defendants produced one set of letters exchanged between Aeroflex UTMC and Mentor Graphics discussed above.  Otherwise, all the defendants have failed to produce any responsive documents.  Document Request No. 34 is proper; it is not vague or ambiguous.  If a document discusses the patent-in-suit, then it is relevant to the issues in this case, and should be produced or identified on a privilege log.

8

### 14.    Request No. 35:  Indemnification Or Hold-Harmless Agreements

9

10

Document Request No. 35:  Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

11

12

13

14

15

Response Specific to Document Request No. 35:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, calls for a legal conclusion, and constitutes premature contention discovery.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  In light of the foregoing objections, defendant will not produce documents in response to this document request.

16

17

18

19

20

21

The only documents that have been produced are four license agreements produced by Synopsys on August 19, 2003 and subsequently by the defendants (the EULAs discussed above in relation to Requests 8 and 10) and the set of letters between Aeroflex UTMC and Mentor Graphics (discussed in relation to Request 22).  Document Request No. 35 is not "vague and ambiguous" and does not request any information that could constitute a legal conclusion or contention discovery.

22

23

24

25

26

Fed. R. Civ. P. 26(a)(1)(D) states that documents under Rule 34 must be produced that relate to "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Indeed, during the August 19 hearing, Synopsys represented to the court that it is indemnifying the defendants in this case.  Documents relating to that fact should be

27

28

produced.  Although some documents have been produced, Ricoh cannot know what other documents

defendants may be withholding based on privilege or some other base-less reason.

### 15.    Request No. 36:  Documents Referenced In Response To Ricoh's First Set Of Interrogatories

<u>Document Request No. 36:</u>   Produce all documents identified or relied upon in response to Ricoh's First Set of Interrogatories.

<u>Response Specific to Document Request No. 36:</u>  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

No documents have been produced.  Request No. 36 concerns "documents identified or

relied upon in response to Ricoh's First Set of Interrogatories," a phrase that is neither vague nor

ambiguous.  If a document was identified or relied upon in the defendants' response to interrogatories, it

is relevant to this request.  Defendants have provided no specific response as to why this request is

"unduly burdensome."  If the documents in question were used by defendants to prepare interrogatory

responses, these documents should be readily available to defendants.  Defendants have not provided a

privilege log identifying any protected confidential communications.

### 16.    Request No. 37:  Documents Relied Upon Or Referred To In Preparing The Response To The Complaint

<u>Document Request No. 37:</u>   Produce all documents relied upon or referred to in preparing the response to the Complaint.

<u>Response Specific to Document Request No. 37:</u>  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  In light of the foregoing objections, Defendant will not produce documents in response to this document request.

No documents have been produced.  A request for the documents that were relied on or

referred to in preparing the response to the Complaint is hardly vague nor ambiguous.  Defendants have

provided no specific response as to why this request is "unduly burdensome."  If the documents in question were used by defendants to prepare a response to the Complaint, these documents should be readily available to defendants.  They must be produced unless privileged and in that instance, must be itemized in a log.

### 17.    Request No. 38:  Laches Defense

Document Request No. 38:  Produce all documents concerning defendant's affirmative defense of laches.

Response Specific to Document Request No. 38:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

No documents have been produced.  The request for documents concerning the defendants' own stated affirmative defense of laches can hardly be presumed to be "vague and ambiguous." Defendants have provided no specific response as to why this request is "unduly burdensome."  If the documents in question were used by defendants to establish defendants' affirmative defense of laches, these documents should be readily available to defendants or placed on a log.

### 18.    Request No. 39:  Ricoh-Related Documents

Document Request No. 39:  Produce all documents referring to plaintiff.

Response Specific to Document Request No. 39:  [General objections omitted.]  Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce non-privileged documents, if any exist, relevant to the '432 patent or Ricoh design techniques to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

No documents have been produced.  Request No. 39 concerns all documents referring to Ricoh, not just those documents "relevant to the '432 patent or Ricoh design techniques."  Defendants answer is non-responsive to the request.  Request No. 39 is neither vague nor ambiguous and defendants

have provided no specific reasons why this request is overbroad or unduly burdensome.  Moreover,

defendants have provided no privilege log identifying any protected confidential communications.

### 19.     Request No. 40:  First Knowledge Of The Patent-In-Suit

Document Request No. 40:   Produce all documents relating to your first knowledge of the
patent-in-suit.

Response Specific to Document Request No. 40:  [General objections omitted.]  Defendant
further objects to this document request on the grounds that it is duplicative of other document
requests, and calls for the production of documents and information protected by the attorney-
client privilege and work product doctrine.  Subject to and without waiving the foregoing general
and specific objections, Defendant responds as follows:  Defendant will produce non-privileged
documents that are responsive to this document request, to the extent such records currently exist
within Defendant's possession, custody or control, and are discoverable after a reasonable search.

No documents have been produced, and no log has been produced.  Defendants' knowledge

of the '432 Patent is obviously relevant to the issue of willfulness.

### 20.     Request No. 41:  Communications Relating To Patent-In-Suit

Document Request No. 41:    Produce all documents relating to communications, whether to

or from suppliers or customers or any other person, that relate to the subject matter of the patent-in-suit.

Response Specific to Document Request No. 41:    None of the defendants provided any

response to this Request.

Defendants should be compelled to respond to Request No. 41 and produce responsive

documents in addition to the set of letters between Aeroflex UTMC and Mentor Graphics discussed

above.

## III.     DEFENDANTS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S REQUESTS

### A.     Defendants' Production of Identifiable and Unreadable CD's

With the exception of prior art, defendants have essentially stonewalled Ricoh's Document

Requests.  The documents that have been produced are generically labeled and do not reference any

particular defendant, making it nearly impossible to differentiate documents.  Furthermore, none of the

few documents produced reference any particular Ricoh document request.  Ricoh is therefore

responsible for both determining which documents belong to which particular defendant and then to what Request they are responsive.

Defendant Aeroflex[17] has supplied fourteen unreadable compact discs with no labeling as to what information is on the CD.  Ricoh has been unable to open or view the files on these CDs after numerous attempts (see Ex. 28, Declaration of Paul Kelley).  These documents are useless to Ricoh and do not constitute an effective production.  Defendant Aeroflex should be compelled to produce the responsive documents, if any, that reside on these CDs.

**CONCLUSION**

Ricoh's motion to compel should be granted.  The defendants should be required to produce all documents related to their Initial Disclosure Statement (Ricoh's Second Request for Documents) and in response to Ricoh's First Request for Documents.


Dated: November 10, 2003                    Respectfully submitted,

Ricoh Company, Ltd.


By:   Ken Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

---

[17] As indicated above, because the document production received by Attorneys for Ricoh from the Attorneys for the defendants and the documents are generically labeled with the pre-fix "DEF" it is unclear which documents are produced by which defendant or defendants.  It is assumed that these documents were most likely produced on behalf of Aeroflex based "UTMC" appearing on the face of each disc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880


Attorneys for Ricoh Company, Ltd.