Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No.  CV 03-04669 MJJ |
| Plaintiff, | ) **RICOH'S NOTICE OF MOTION AND** |
| | ) **MOTION TO COMPEL PRODUCTION OF** |
| vs. | ) **DOCUMENTS FROM SYNOPSYS** |
| AEROFLEX INCORPORATED, et al., | ) **Date:  December 16, 2003** |
| | ) **Time:  9:30 a.m.** |
| Defendants. | ) **Courtroom  11** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

ARGUMENT ......................................................................................................3

    I.    SYNOPSYS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO
RICOH'S SUBPOENA ...........................................................................3

        A.    The Requests Are Relevant.......................................................3

        B.    Synopsys Boilerplate Objections Are Invalid...........................3

        C.    Synopsys Has Not Produced A Privilege Log And It s Privilege
Objections Are Unsupported ....................................................4

        D.    Synopsys Should Be Compelled To Produce the Requested
Documents ...............................................................................5

            1.    Requests Relating to Synopsys' Design Synthesis
Software  (Nos. 10, 14, 16-18).....................................5

            2.    Documents Relating To The Patent-In-Suit (Request Nos.
11-13, 15, 22-24) .........................................................10

            3.    Documents Relating To Technical Communications With
The ASIC Defendants (Request Nos. 19-21, 26-28) .................12

            4.    Documents Relating To Prior Art
(Request Nos. 25, 29-30) ............................................14

CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cash Today of Texas, Inc. v. Greenberg*, 2002 WL.: 31414138 (D. Del. 2002) ...............9

*Derry Finance N.V. v. Christiana Companies, Inc.*, 102 F.R.D. 892
    (D. Del. 1984) ...........................................................................................................9

*Eureka Financial Corp. v. Hartford Accident and Indemnity Company*,
    136 F.R.D. 179 (E.D. Cal. 1991) .............................................................................4

*Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017 (Fed. Cir. 1986)...............3

*Imperial Corp. v. Shields*, 174 F.R.D. 475 (S.D. Cal. 1997) ................................5

*Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982) ........................................9

*Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628 (S.D. Cal. 2001) ...............5

*Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827 (3d Cir. 1995)...........9

*Walker v. Lakewood Condominium Owners Associate*, 186 F.R.D. 584
    (C.D. Cal. 1999)........................................................................................................9

## FEDERAL RULES

Fed. R. Civ. P 26(b)(3)............................................................................................5

1

2

<u>**NOTICE OF MOTION AND RELIEF REQUESTED**</u>

3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

4

**PLEASE TAKE NOTICE** that on December 16, 2003, at 9:30 a.m. in Courtroom 11, of the

5

above-referenced court, Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court

6

for an order compelling Synopsys, Inc. ("Synopsys") to produce documents requested by Ricoh.

7

Ricoh bases this motion upon the following Memorandum of Points and Authorities, the

8

enclosed declaration and exhibits, all pleadings on file in this case, and such argument as may be heard

9

by this Court.

10

11

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**INTRODUCTION**

12

13

Ricoh sued Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems,

14

Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc. (collectively the "ASIC

15

defendants") in Delaware for infringement of U.S. patent No. 4,922,432 (the "432 Patent"). That case

16

has been transferred to this court.

17

Synopsys is a third party in this action, and is also a declaratory judgment plaintiff in a

18

related action. Synopsys is indemnifying the ASIC defendants this action, and the same counsel

19

represents those defendants and Synopsys. Synopsys has repeatedly argued in this action that it is the

20

"real party in interest" with respect to Ricoh's claims relating to the '432 patent. Yet when presented

21

with a document subpoena, Synopsys suddenly claims that it is a third party that should have no

22

obligation to produce the very documents that a "real party in interest" should produce.

23

Continuing its "scorched earth" strategy of fighting over every conceivable topic, Synopsys

24

has stonewalled producing documents for months. Synopsys' bad-faith tactics include its refusal to

25

produce information regarding Design Compiler, claiming that those documents should first be sought

26

from the ASIC defendants. In turn, the ASIC defendants (represented by the same counsel) claim that

27

only Synopsys can produce that information.

28

RICOH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM SYNOPSYS

1

**BACKGROUND**

2

        This matter originated in the District of Delaware, when Plaintiff Ricoh sued a number of

3

computer chip manufacturers for patent infringement.  The patent in suit has claims directed to a

4

computer aided design process for making an application specific integrated circuit (ASIC).  The six

5

defendants in the Delaware action are collectively referred to herein as "the ASIC defendants."  This

6

motion incorporates by reference the background and factual discussion in Ricoh's motion to compel

7

documents and interrogatory responses from the ASIC defendants, filed concurrently with this motion.

8

        On June 13, 2003, Ricoh served Synopsys with a document subpoena.  (Ex.1)[1].  The

9

subpoena included topics relating to the ASIC Defendants' use of Synopsys' design synthesis software,

10

technical communications with the ASIC defendants, information regarding the '432 patent,

11

publications cited by the ASIC defendants, and prior art.

12

        On June 26, 2003, Synopsys objected to all of the categories in the subpoena.  (Ex. 2).  Over

13

the next two months, counsel for the parties negotiated with respect to the scope of the subpoena and

14

Synopsys' objections.  (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley; Ex. 4, C. Kelley 7/9/03 letter to E.

15

Meilman; Ex. 5, C. Kelley 7/14/03 letter to E. Meilman; Ex. 6, E. Meilman 7/15/03 letter to C. Kelley.)

16

Counsel for the parties also had telephonic meet and confer conferences.  During July, 2003 Synopsys

17

began to produce some prior art documents responsive to the subpoena.  Synopsys generally refused to

18

produce documents responsive to Topics 1-28 of the subpoena, however.

19

        The parties were unable to resolve their other differences.  Delaware District Court Judge

20

Sleet held a hearing on Ricoh's subpoena to Synopsys (among other issues) on August 28, 2003.  During

21

that hearing, the court ordered Synopsys (as well as the ASIC defendants) to come to a resolution with

22

Ricoh about all of the document requests by September 5, 2003, and produce responsive documents.

23

24

25

26

27

28

---

[1] All cited Exhibits are attached to the declaration of Jonathan Weissglass in Support of Ricoh's motion
to Compel Documents From Synopsys, filed concurrently herewith.

1
2
(Ex. 7, 8/28/03 Tr.).  The court indicated that production of the Synopsys confidential documents would be under the Protective Order entered in the case.

3
4
The day after the hearing, Judge Sleet transferred this case to this Court.  Further enforcement of Judge Sleet's instructions is therefore a matter for this Court.

5
**ARGUMENT**

6
7
**I.    SYNOPSYS SHOULD PRODUCE DOCUMENTS RESPONSIVE TO RICOH'S SUBPOENA**

8
**A.    The Requests Are Relevant**

9
10
11
12
13
14
As Judge Sleet observed, the requested documents are relevant to Ricoh's infringement claims.  (Ex. 7, 8/28/03 Tr. at p 43, lines 11- 24.)  Synopsys' counsel did not dispute this point with the Court.  Indeed, both Synopsys and the ASIC defendants have claimed that this litigation is about the use of Synopsys' Design Compiler.  There is little question that Ricoh's subpoena for documents regarding Synopsys' design synthesis products, communications with the ASIC defendants regarding their use of the Synopsys products, the patent-in-issue, and the prior art, is relevant.

15
**B.    Synopsys Boilerplate Objections Are Invalid**

16
17
18
19
20
21
22
23
One of the purported bases for Synopsys' refusal to produce documents in response to subpoena is their raft of general and specific objections to the production requests.  Each and every document request was objected to by Synopsys in a statement which incorporates by reference each and every one of twelve (12) numbered objections set forth under the heading "General Objections" (Ex. 2) and the five "Specific Objections to Definitions & Instructions."  Such a "blanket" approach is effectively not an objection at all.  *Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

24
25
26
27
28
General Objections 1 and 2 are not valid because the burden is on Synopsys to seek protection from the Court, not vice versa.  Ricoh offered as a compromise to accept an identification of any third party involved as well as a sufficient identification of any involved documents to identify the documents in a document subpoena instead of actual production of the document, provided that Synopsys produce such material before the end of July.  (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley.)

General Objection 3 is not valid. The fact that documents may be obtainable from some other source does not excuse Synopsys production of those documents. See, e.g., *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024-25 (Fed. Cir. 1986).

As to General Objection 5 as well as Specific Objections 4 and 5, Ricoh agreed to limit the time frame as being from 1996 to the present unless the document relates to prior art or it represents a communication with a defendant in the case. (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley.) For prior art documents and communications with defendants, this objection is not valid.

General Objections 6, 8 and 10 make no logical sense. No request seeks a legal conclusion or Synopsys contention and Rule 33(a) of the Federal Rules is not applicable to documents.

With regard to General Objection 9, Ricoh agreed that any given document need only be produced once. (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley.) To the extent that this objection is based on the assertion the information is obtainable from some other source, it is not valid for reasons set forth above.

As to General Objection 11, Ricoh agrees to Synopsys' limiting the requests to design synthesis tools that were made, used and/or sold in the United States or may have been used outside of the United States as a part of a process to make products imported into the United States. (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley.) Turning to General Objection 12, there is a Protective Order in place that counsel for Synopsys negotiated and that applies to Synopsys documents.

In summary, Synopsys' general objections are nothing more than boilerplate, and create no legitimate reason for refusing to produce the requested documents.

## C.    Synopsys Has Not Produced A Privilege Log And Its Privilege Objections Are Unsupported

Synopsys has claimed that many of the document requests call for documents protected by the attorney-client privilege or the work product doctrine, but it has refused to produce a privilege log or otherwise substantiate its assertions, contrary to Rules 45 and 25(b)(5). A "blanket" objection based on privilege is improper. Improper assertion of the privilege by not complying with the requirement to

specifically identify the documents that are allegedly privileged can result in a waiver of the privilege. *Eureka Financial Corp. v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) ("although it may be time-consuming to specifically assert the attorney-client privilege in a document intensive litigation…courts nevertheless clearly require such specific identification").

Synopsys must "expressly claim the privilege and describe the nature of the documents" and "[f]ailure to do so may constitute an 'implied' waiver of the privilege or protection." *Imperial Corp. v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997). Synopsys has provided no basis for their objections based on privilege and have provided no privilege log identifying any protected confidential communications, which were not disclosed in answering the Document Requests.

Synopsys has provided no reasoning as to why any documents should receive protection under the work product doctrine or what specific documents would be covered under the work product doctrine. Fed. R. Civ. P 26(b)(3) states that work product protection only applies to documents and tangible things prepared by a party "in anticipation of litigation." The party seeking protection from the work product doctrine "bears the burden of establishing that any documents claimed as work product were prepared in anticipation of litigation." *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 632 (S.D. Cal. 2001). Synopsys has not established any documents with particularity that should be protected under work product doctrine nor have they shown that any of the documents requested were prepared in anticipation of litigation. It is implausible that the documents requested, for example, patent applications or prior art, were "prepared in anticipation of litigation."

**D.    Synopsys Should Be Compelled To Produce the Requested Documents**

**1.    Requests Relating to Synopsys' Design Synthesis Software (Nos. 1-10, 14, 16-18)**

Request No. 1:  Produce documents sufficient to show the manner of marketing and promotion by or for Synopsys of each ASIC Design System and ASIC Method including but not limited to brochures, print or other advertisements, and tradeshow materials.

Response to Document Request No. 1:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing

Synopsys products of infringing the patents at issue in this case. The manner of marketing and promotion by Synopsys of design synthesis tools is not relevant to any issue in the present litigation.

Request No. 2:  Produce documents sufficient to show the capabilities, features, functions, operation, and use of the ASIC Design Systems and ASIC Methods including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

Response to Document Request No. 2:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The capabilities, features, functions, etc. of Synopsys' design synthesis software are not relevant to any issue in the present litigation.

Request No. 3:  Produce documents sufficient to show the capabilities, features, functions, operation, and use of the of the user interface to the ASIC Design Systems, including by not limited to, the DC Shell, and the Verilog, VHDL, HDL, and/or any other, input specification language used in connection with the ASIC Design Systems and ASIC Methods.

Response to Document Request No. 3:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The capabilities, features, functions, etc. of Synopsys' design synthesis software are not relevant to any issue in the present litigation.

Request No. 4:  Produce all documents concerning all hardware, software, libraries and/or databases provided, made available, distributed, or recommended by or on behalf of Synopsys to defendants concerning the practice of an ASIC Method using an ASIC Design System, including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

Response to Document Request No. 4:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The hardware, software, libraries and/or databases use din Synopsys' design synthesis software are not relevant to any issue in the present litigation.

Request No. 5:  Produce all documents concerning all hardware, software, libraries and/or databases for use in ASIC Design Systems for the selection of architecture-specific hardware cells in designing ASIC Products, including, but not limited to, technical reference manuals,

technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

<u>Response to Document Request No. 5:</u>  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The hardware, software, libraries and/or databases use

<u>Request No. 6:</u>  Produce all documents concerning agreements or other arrangements granting rights in or otherwise concerning ASIC Design Systems and ASIC Methods from Synopsys to any defendant (or from any defendant to Synopsys), including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless agreements/covenants not to sue.

<u>Response to Document Request No. 6:</u>  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The content of any contracts, licenses, purchase agreements, indemnification agreements and the like between Synopsys and any defendant is typically treated as highly confidential information and is not relevant to any issue in the present litigation.  If information about contracts, licenses, purchase agreements. etc. could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

<u>Request No. 7:</u>  Produce all documents concerning solicitations, offers, or presentations made by or to any defendant with respect to ASIC Design Systems and ASIC Methods, including but not limited to advertising material, proposals, and presentations.

<u>Response to Document Request No. 7:</u>  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The content of any solicitations, offers, or presentations to any defendant regarding Synopsys' design synthesis tools is typically treated as highly confidential information and is not relevant to any issue in the present litigation.  If information about solicitations, offers or presentations could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

<u>Request No. 8:</u>  Produce documents sufficient to show the actual or projected cost savings  by any defendant as a consequence of licensing or using ASIC Design Systems and ASIC Methods.

<u>Response to Document Request No. 8:</u>  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The cost savings resulting from use of Synopsys' design synthesis tools is not relevant to any issue in the present litigation.  If information about cost

savings could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

Request No. 9:  Produce documents sufficient to show the annual dollar and unit volume of sales and sales projections  by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to indicating how Synopsys defines "sales" and "unit."

Response to Document Request No. 9:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The volume of sales of Synopsys' design synthesis tools to defendants is not relevant to any issue in the present litigation.  If sales volumes could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

Request No. 10:  Produce documents sufficient to show the gross revenue, as well as the discounts, rebates or other reductions deducted from gross revenue from sales by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to how Synopsys defines each item of discount, rebate or other reduction deducted from gross revenue.

Response to Request No. 10:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The revenues to Synopsys resulting from sales of any design synthesis tools to defendants is not relevant to any issue in the present litigation.  If revenues could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

Request No. 14:  Produce all documents concerning communications between Synopsys and any other person or entity concerning the patent-in-suit.

Response to Request No. 14:  In addition to its general and specific objections, Synopsys objects to this request on the basis that is seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine.  Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.

Document Request No. 16:  Produce all patents and pending patent applications which describe all or part of the operation of any ASIC Design System and all or part of any ASIC Method including, but not limited to, any documents filed in connection with such applications, by Synopsys or as to which Synopsys has any rights, in the United States or elsewhere.

Response to Request No. 16:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of materials that are protected by the attorney-client privilege and/or the work product doctrine.  Synopsys further objects that the request is overly broad, unreasonably burdensome and not reasonably calculated to lead to the

1

2

discovery of admissible evidence. Patents issued to Synopsys are available to Ricoh in a less burdensome manner from public sources. Pending patent applications are highly confidential and Ricoh has made no showing of relevance, let alone compelling need, for such documents.

3

4

Document Request No. 17: Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for Synopsys on behalf of, in conjunction with, or at the request of, defendants on or with respect to any ASIC Design System and ASIC Method.

5

6

7

Document Request No. 18: Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for defendants on or with respect to any ASIC Design System and ASIC Method.

8

9

10

11

12

13

Response to Request Nos. 17-18: In addition to its general and specific objections, Synopsys further objects to this request on the basis that is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is, therefore, not relevant to any issue in the present litigation. If examinations, tests, studies, surveys or other inquiries concerning design synthesis systems could be shown to be relevant to any issue in the present litigation, information about these examinations, tests, studies, etc. should be obtained, less burdensomely, directly from the defendants.

14

(Ex. 1 & 2.)

15

Synopsys has stated use of its products are at the heart of this suit. Requests relating to the

16

technical capabilities of the Synopsys products are thus clearly proper and the objections made are not

17

valid. *See Derry Finance N.V. v. Christiana Companies, Inc.,* 102 F.R.D. 892, 896-97 (D. Del. 1984)

18

(compelling response to subpoena, and noting that "[b]eing relevant, the documents requested are

19

subject to discovery, even though the process of production may be tedious and expensive"); *Cash*

20

*Today of Texas, Inc. v. Greenberg*, 2002 WL: 31414138 *2, *3 (D. Del. 2002) (denying motion to quash

21

third party subpoena requesting documents since relevance is established when the sought after

22

information is relevant in broad terms to the subject matter of the litigation); *Walker v. Lakewood*

23

*Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D. Cal. 1999) (objection to discovery request as

24

being "overly broad, burdensome, oppressive and irrelevant" was a "[b]oilerplate, generalized objection

25

that . . . [was] inadequate and tantamount to not making any objection at all"); (citing *Josephs v. Harris*

26

*Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). *See also Redland Soccer Club, Inc. v. Department of the*

27

*Army*, 55 F.3d 827, 856 (3d Cir. 1995)("In Josephs, we stated 'the mere statement by a party that the

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory"), citing *Josephs,* 677 F.2d at 992 (internal quotations omitted). Instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. *Id.* (citations, internal ellipses and internal quotations omitted).

The capabilities, features, functions, etc., of Synopsys design synthesis software (for example, Design Compiler) are most relevant to the issue of patent infringement. The fact that Synopsis is not a party to the present litigation (although it is quite clearly heavily involved in it and has told the court it is the real party in interest) is the reason for a subpoena rather than a document request. While Ricoh has not accused Synopsys of patent infringement, the issue of what the ASIC defendants do with Synopsys products is clearly relevant to a determination of whether or not there is patent infringement.

With further respect to Request No. 6, the fact that documents may (or may not) be obtained from the ASIC defendants does not excuse Synopsys from producing them. The Protective Order is more than sufficient to protect Synopsys' confidential information. The suggestion by Synopsys and the defendants' common counsel to get the documents from the defendants is particularly outrageous in that Synopsys, having assumed the defense of this action on behalf of the ASIC defendants, directed the ASIC defendants to refuse to produce the documents with one of the alleged reasons being that they are confidential to Synopsys. Notwithstanding the foregoing, on July 3, Ricoh offered limit Request 7 to presentations and exclude advertisement materials and promotions, in order to expedite production of documents. (Ex. 3, E. Meilman 7/3/03 letter to C. Kelley.)

### 2.    Documents Relating To The Patent-In-Suit (Request Nos. 11, 15, 22-24)

Document Request No. 11:  Produce all documents concerning the validity of the patent-in-suit.

Response to Request No. 11:  In addition to its general and specific objections, Synopsys objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Synopsys is not presently aware of the existence of any non-privileged documents directly addressed to the question of the validity of the patent-in-suit. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during the litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity

of the patent.  Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

Document Request No. 15:  Produce all documents concerning all materials presented to the Board of Directors of Synopsys and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit.

Response to Request No. 15:  In addition to its general and specific objections, Synopsys objects to this request on the basis that is seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine.  Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  Discussions by Synopsys' Board of Directors on the subject of the patent in suit are not intrinsically relevant to any issue in the present case.  Without waiving any of the foregoing objections, Synopsys will produce non-privileged documents, if any, discovered after a reasonable search, relating to previous occasions on which Synopsys has been approached regarding offers to the '432 patent.

Document Request No. 22:  Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Document Request No. 23:  Produce all documents concerning the patent-in-suit.

Document Request No. 24:  Produce all documents referring to plaintiff and concerning the patent in suit or this litigation.

Response to Request Nos. 22-24:  In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to the attorney-client privilege and the work product doctrine.  Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation. Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can [sic] found after a reasonable search which are relevant to the substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

Turning to Request 11, although Synopsys states it is not presently aware of the existence of

any non-privileged documents addressed to validity, Synopsys has limited this statement to those

documents which "directly address" validity of the '432 patent.  Production of documents which may be

"indirectly" addressed to validity should be compelled.  The fact that Synopsys says that it may produce

evidence in the declaratory judgment lawsuit some unknown time in the future is not an excuse for

refusing to produce those documents in this case.  In any event, Judge Sleet during the Rule 16

conference clearly rejected the request by Synopsys' counsel to stay discovery in Delaware and

1   indicated that any discovery had in this case could be also used in the California case which Synopsys

2   was then threatening and since has brought against Ricoh.

3        Synopsys' refusal to produce board of director documents regarding the patent-in-suit has no

4   merit, especially in light of Synopsys' indemnification agreements (Ex. 8)  that suggest that Synopsys

5   may have an obligation to indemnify it customers.  These board of director documents clearly are

6   relevant and should be produced.  Synopsys' unilateral attempt to narrow the request to documents

7   relating to requests to license the '432 patent should not be allowed.

8        Request 22, 23 and 24 are clearly relevant to the recognition or non-recognition by Synopsys

9   and/or others of the validity of the patent-in-suit and are also relevant to the possibility of infringement

10  by the defendants.

11
12             **3.    Documents Relating To Technical Communications With The ASIC**
                        **Defendants (Request Nos. 19-21, 26-28)**

13
14      Document Request No. 19:  Produce all documents concerning any returns of ASIC Design
        Systems made (or requested to be made) by defendants.

15
16      Response to Request No. 19:  In addition to its general and specific objections, Synopsys further
        objects to this request on the basis that it is unreasonably burdensome and not reasonably

17      calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present
        litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents

18      at issue in this case.  Returns of Synopsys design synthesis systems by defendants are not
        relevant to any issue in the present litigation.  If the return of Synopsys design synthesis systems

19      could be shown to have relevance to any issue in the present litigation is [sic] should be obtained,
        less burdensomely, directly from the defendant.

20
21      Document Request No. 20:  Produce all documents concerning any replacement of ASIC Design
        Systems made (or requested to be made) by Synopsys to defendants.

22      Response to Request No. 20:  In addition to its general and specific objections, Synopsys further
        objects to this request on the basis that it is unreasonably burdensome and not reasonably

23      calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present
        litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents

24      at issue in this case.  The replacement of any Synopsys design synthesis tool is not relevant to
        any issue in the present litigation.  If the replacement of Synopsys design synthesis systems

25      could be shown to have relevance to any issue in the present litigation, the requested documents
        should be obtained, less burdensomely, directly from the defendant.

26
27      Document Request No. 21:  Produce all documents concerning communications between
        Synopsys and any other person or entity concerning the performance, use, placement, operation,

28      or installation of ASIC Design Systems operated by or on behalf of defendants, including, but

not limited to, communications with defendants and communications with the Synopsys User Group or "SNUG".

Response to Request No. 21:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The nature of any performance use, placement, etc. of Synopsys design synthesis tools is not relevant to any issue in the present litigation.  To the extent that the performance, use, placement, etc. could be shown to have relevance to any issue in the present litigation, information about such use, placement, operations, etc. should be obtained, less burdensomely, directly from the defendants.

Document Request No. 26:  Produce all documents concerning any change, alteration or modification made or requested to be made to an ASIC Design System or ASIC Method provided or offered to defendants, regardless of the entity requesting the change, alteration or modification.

Response to Request No. 26:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  Synopsys is not a party to the present action.  The nature of any change, alteration or modification of any Synopsys design synthesis tool is not relevant to any issue in the present litigation.

Document Request No. 27:  Produce all documents concerning any technical or operational support provided by or on behalf of Synopsys to any defendant for ASIC Design Systems and ASIC Methods.

Response to Request No. 27:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The nature of any technical or operational support provided for any Synopsys design synthesis tool is not relevant to any issue in the present litigation.  If the technical or operational support provided by Synopsys could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

Document Request No. 28:  Produce all documents concerning communications with any defendant regarding ASIC Products, ASIC Design Systems, and ASIC Methods.

Response to Request No. 28:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  Communications regarding design synthesis between Synopsys and defendants is not relevant to any issue in the present litigation.  If these communications could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

Documents relating to changes, etc., to an ASIC Design System or ASIC Method provided or offered to one of the ASIC defendants is clearly relevant to the issue of infringement. The capabilities, features and functions of the named design systems are relevant to a consideration of whether those systems are being used in a way to infringe Ricoh's '432 patent. Indeed, both the ASIC defendants and Synopsys assert that Ricoh's patent infringement theory relates to the use of Synopsys' products. By their own admission, these documents are relevant.

Scaling the height of hypocrisy, Synopsys claims that these documents should be obtained from the ASIC defendants. The ASIC defendants, in turn, refuse to produce them, claiming that the documents contain Synopsys confidential information. This finger-pointing between parties is reprehensible, especially because Synopsys has assumed control over the defense of the case on behalf of the ASIC defendants. The court should also be aware that the ASIC defendants, acting on orders from Synopsys, has moved this court for a stay of this action, which (if granted) would prevent obtaining the documents from those defendants as Synopsys has suggested.

### 4.    Documents Relating To Prior Art (Request Nos. 25, 29-30)

Document Request No. 25: Produce all documents concerning articles, papers, presentations, and publications authored in whole or part by Aart de Gues, David Gregory, William Cohen, or Karen Bartlett with respect to ASIC Design Systems and ASIC Methods.

Response to Request No. 25: In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome. The documents requested are public materials that can be obtained less burdensomely by Ricoh from public sources. Without waiving any of the foregoing objections, Synopsys will produce any responsive materials that can be found after a reasonable search and that are dated sufficiently early to constitute possible prior art against the '432 patent under 35 U.S.C. section 102(b).

Document Request No. 29: Produce documents sufficient to show the capabilities, features, functions, operation, and use of the system previously referred to by Synopsys as "Socrates," and of the systems known as the "Gdl" synthesis system, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

Document Request No. 30: Produce all documents concerning all hardware, software, libraries and/or databases for use in the system previously referred to by Synopsys as "Socrates," and in

the systems known as the "Gdl" synthesis system, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

Response to Request No. 29-30:  In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome.  Synopsys is not a party to the present action.  The materials requested by Ricoh are public materials, were not generated by Synopsys, and can be obtained by Ricoh from public sources.  In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent.  In due course during the litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity of the patent.  Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

The individuals identified in Request 25 were identified by the ASIC defendants in their initial disclosure and any writings relating to ASIC Design Systems and ASIC Methods employed by the ASIC defendants are clearly relevant to the issues in this case.  Request 29 and 30 relate to systems which apparently are being asserted as prior art and, therefore, they are very relevant to the issue of patent validity.  Synopsys' objection, effectively "go find it for yourself, even though I have it and will produce it somewhere else when I get around to it," is not proper and should not be allowed.

**CONCLUSION**

Plaintiff's motion to compel should be granted.

Dated: November 10, 2003                    Respectfully submitted,

                                            Ricoh Company, Ltd.

                                            By:   Ken Brothers_____

                                            Jeffrey B. Demain, State Bar No. 126715
                                            Jonathan Weissglass, State Bar No. 185008
                                            Altshuler, Berzon, Nussbaum, Rubin & Demain
                                            177 Post Street, Suite 300
                                            San Francisco, California  94108
                                            Phone:  (415) 421-7151
                                            Fax:  (415) 362-8064

                                            Gary M. Hoffman
                                            Ken Brothers
                                            Eric Oliver
                                            DICKSTEIN SHAPIRO MORIN &
                                              OSHINSKY  LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN *&*
   OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880


Attorneys for Ricoh Company, Ltd.