| | |
|---|---|
| 1 | Teresa M. Corbin (SBN 132360) |
| | Christopher Kelley (SBN 166608) |
| 2 | Thomas C. Mavrakakis (SBN 177927) |
| | HOWREY SIMON ARNOLD & WHITE, LLP |
| 3 | 301 Ravenswood Avenue |
| | Menlo Park, California 94025 |
| 4 | Telephone: (650) 463-8100 |
| | Facsimile: (650) 463-8400 |
| 5 | |
| 6 | Attorneys for Defendants AEROFLEX INC., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., | Case No. CV 03-04669 MJJ |
| Plaintiff, | **DEFENDANTS' MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO STAY RICOH'S CUSTOMER SUIT AND TO CONTINUE RICOH'S MOTIONS TO COMPEL** |
| v. | |
| AEROFLEX INC., ET AL., | Date: N/A |
| Defendants. | Time: N/A |
| | Ctrm: N/A |

## NOTICE OF MOTION AND MOTION TO SHORTEN TIME

Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively " Customer defendants") seek an Order from this Court under Local Rule 6-3(a) to: 1) shorten the time for the hearing on their Motion to Stay Ricoh's Customer Suit (the "Motion To Stay") filed November 7, 2003; and, 2) continue Ricoh's recently filed discovery motions until the Motion To Stay is resolved.

In the underlying Motion to Stay, these customers of Synopsys, Inc.("Synopsys") seek to stay plaintiff Ricoh Company, Ltd.'s ("Ricoh") patent infringement action alleging infringement of United States Patent No. 4,922,432 (the "'432 Patent"), which is based solely on their use of Synopsys' Design Compiler software, pending the resolution of the related declaratory judgment action brought by Synopsys for invalidity and non-infringement of that same patent. Since the Motion to Stay would render discovery in this action unnecessary at this time, the Customer defendants also seek to continue the improperly filed discovery motions brought by Ricoh in response to their Motion To Stay.

There have been no previous time modifications in this action while pending in the Northern District of California. *See* Declaration of Erik Moller In Support of Motion to Shorten Time ("Supp. Moller Decl.") ¶ 7. Moreover, given that this case is in its initial stages and the Case Management Conference is set for February 10, 2004, neither the Customer defendants' request to shorten time on their Motion To Stay nor their request to continue Ricoh's discovery motions will have any affect on this action's schedule. *See* Supp. Moller Decl. ¶ 7.

## RELIEF REQUESTED

Specifically, the Customer defendants seek an Order from the Court: 1) setting the hearing date for their Motion to Stay to December 9, 2003 instead of the December 16, 2003 hearing date currently on the Court's calendar; 2) that Ricoh file and serve its opposition brief to that motion on November 25, 2003; and, 3) that the Customer defendants' file and serve their reply brief on December 2, 2003.

The Customer defendants also seek an Order from the Court continuing Ricoh's recently and improperly filed motions to compel in the above-captioned action pending this Court's resolution of their Motion To Stay that action. After being served with the Motion to Stay, and after receiving their

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-04669 MJJ                -1-
Motion to Shorten Time and to Continue Motions to Compel
P- 8003727

1  request that Ricoh stipulate to a shortened briefing schedule for that motion, Ricoh responded by
2  improperly filing three motions to compel discovery. In addition to being an inefficient use of the
3  Court's and parties' resources, these discovery motions do not comply with the meet and confer
4  requirements of the Federal Rules of Civil Procedure and the Civil Local Rules in this district.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF ISSUES TO BE DECIDED**

*Whether the Court should conserve its resources and the resources of the parties by hearing the Customer defendants' stay motion on a shortened schedule?*

*Whether the Court should conserve its resources and the resources of the parties by continuing the hearings on Ricoh's improperly filed discovery motions in this action pending the outcome of the Customer defendants' motion to stay this action?*

**II.   ARGUMENT**

**a. A Shortened Briefing Schedule And December 2, 2003 Hearing Date Is Warranted**

On January 23, 2003, Ricoh filed its complaint accusing each of the Customer defendants of infringing Ricoh's '432 Patent.

However, there is no dispute that, as pointed out in the Motion to Stay, this patent infringement action is fundamentally a dispute between Ricoh and Synopsys. Both this Court and the United Stated District Court for the District of Delaware have already decided motions based in part on the finding that Ricoh's patent infringement claims against the Customer defendants are at their core claims against the ordinary use of Synopsys' Design Compiler software. *See* Exhibit A[1] at 5 ("Ricoh's infringement claims against the [Customer] defendants are fundamentally against the ordinary use of Synopsys's Design Compiler."); Exhibit F at 9:14-15 ("claims against [Synopsys's] customers are necessarily allegations against the primary use of Design Compiler itself"). Importantly, Judge Sleet noted that there exists no issue of liability for the Customer defendants: "[B]ased on the outcome of the California case, either Synopsys will prevail and use of the Design Compiler will be determined to be non-infringing, or Ricoh will prevail, and Synopsis [sic] will be forced to pay damages or license the patent. In the latter situation, Synopsys' customers would then be immunized from liability." *See*

Exhibit A at 5.

There is also no dispute, as pointed out in the Motion to Stay, that Ricoh has not identified any action taken by each of the Customer defendants as an infringing action, except for the ordinary use of Synopsys' Design Compiler product. *See* Exhibit B at 47:8-53:1; Exhibit C at 6; Exhibit D; and Exhibit E. Ricoh's own allegations demonstrate that this action is one between Ricoh and Synopsys, and that the Customer defendants do nothing aside from using Design Compiler that could expose them to liability for patent infringement.

Despite this, Ricoh has aggressively pursued irrelevant, burdensome, and extremely broad discovery from the Customer defendants that is tangential to what is fundamentally a dispute between Synopsys and Ricoh. Specifically, Ricoh insists on seeking extremely broad discovery from the Customer defendants. Ricoh's document requests and interrogatories sought, for example, "*all* documents concerning *each* of defendant's ASIC Products, including, *but not limited to*, advertising literature, instruction sheets and commercial packaging," and "*all* documents concerning the conception, design, development, manufacture or sale of *each* of defendants' ASIC Products, including, *but not limited to*, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings." *See* Supp. Moller Decl. ¶ 2; Supp. Moller Decl., Exhibit A at 6-7 (emphasis added). Since "ASIC Product" is defined to include "any integrated circuit product or item that is designed for a specific application, and/or a product or item that includes such an integrated circuit product that is manufactured, sold, offered for sale, imported, or distributed by, on behalf of, or otherwise at the direction of defendants," these document requests call for the production of virtually every document related to all of the Customer defendants' products, including products that are not designed by any infringing act. *See id.* at 4-5.

Ricoh has also attempted to use this action to pursue discovery that is more appropriately sought in *Synopsys, Inc v. Ricoh Company, Ltd.*, Case No. C 03-02289 (MJJ). For example, instead of seeking Synopsys' deposition in the *Synopsys v. Ricoh* matter, Ricoh has noticed Synopsys's deposition as a third-party pursuant to Rule 45 under the *Ricoh Company, Ltd. v. Aeroflex Inc., et al.*, caption likely to avoid the limits on discovery in the declaration judgment action.

- 3 -

Case No. CV 03-04669 MJJ
Motion to Shorten Time and Continue Motions to Compel

1   Unfortunately, as exemplified by Ricoh's three recently filed discovery motions, as long as
2 Ricoh's patent infringement action proceeds, Ricoh will continue to harass the Customer defendants by
3 pursuing unnecessary and burdensome discovery.  Ricoh's actions are particularly unreasonable given
4 this Court's and the Delaware court's findings that this action against Synopsys' customers is
5 fundamentally one between Synopsys and Ricoh.  For these reasons, the Customer defendants seek an
6 order from this Court to shorten time for a hearing on the Motion to Stay and remove the Customer
7 defendants from this unnecessary burden.

8   The Customer defendants have attempted to meet and confer with Ricoh to reach an agreement
9 regarding the scheduling of the Motion To Stay.  *See* Supp. Moller Decl. ¶ 3; Supp. Moller Decl.,
10 Exhibit B.  As noted, Ricoh's initial response to the Customer defendants' motion and request for a
11 shortened schedule was to exacerbate the situation by filing three motions to compel the very
12 discovery that the Customer defendants believe would be mooted by the Motion to Stay.  Ricoh
13 subsequently refused to stipulate to this L.R. 6-3 motion unless the Customer defendants agreed to an
14 expedited briefing schedule on all three of Ricoh's discovery motions.  *See* Supp. Moller Decl. ¶ 4;
15 Supp. Moller Decl., Exhibit C.  Ricoh also conditioned its agreement on the Court's ability to
16 reschedule the Case Management Conference in both this and the related *Synopsys v. Ricoh* matter.
17 *See id.*  Even after showing Ricoh that its demands were impossible to meet, the Customer defendants'
18 could not obtain Ricoh's agreement to shorten time.  *See* Supp. Moller Decl. ¶¶ 5-6; Supp. Moller
19 Decl., Exhibits D and E.

20   **b.  Ricoh's Improperly Filed Discovery Motions Should Be Continued.**

21   Ricoh's recent actions only emphasize the need for the Court's early intervention in this matter.
22 In order to efficiently resolve this issue, the Court should continue the hearing and briefing schedule on
23 Ricoh's three recently filed discovery motions until deciding the Motion to Stay.

24   In response to the Motion to Stay, and the Customer defendants' attempt to expedite resolution
25 of the motion to stay, Ricoh moved to compel document production from the Customer defendants and
26 Synopsys and responses to interrogatory responses from the Customer defendants.  Ricoh made its
27 motion even though:

28

- The Customer defendants and Synopsys have undertaken to provide discovery consistent with the compromise proposal made by Defendants during the August 28, 2003 teleconference hearing and adopted by the Court as an appropriate basis for compromise, and have produced an initial round of responsive materials pursuant to this compromise;

- The Customer defendants' motion to stay would render Ricoh's motions moot because the action would be stayed, and thereby conserve both judicial and party resources;

Since Ricoh has noticed its three discovery motions for December 16, 2003—the same day as the Customer defendants' Motion To Stay—the Court and the parties may be required to brief and prepare for four motions on December 16, 2003. This substantial burden is unnecessary since the Motion to Stay would likely render all three of Ricoh's discovery motions moot.

Though not directly relevant to the relief requested here by the Customer defendants, Ricoh's discovery motions are improper. Ricoh never met and conferred regarding the discovery requests upon which they moved as required by the Federal Rules of Civil Procedure and the Local Rules in this district, even though Ricoh, the Customer defendants, and Synopsys had previously agreed to confer regarding other issues on November 13, 2003.

### III. CONCLUSION

For the foregoing reasons, the Court should hear the Customer defendants' Motion to Stay on shortened time and continue Ricoh's recently filed discovery motions until the Court has decided the Motion to Stay.

Respectfully submitted,

Date: November 12, 2002

/s/ Thomas C. Mavrakakis
Thomas C. Mavrakakis
HOWREY SIMON ARNOLD & WHITE LLP
Attorneys for Defendants AEROFLEX INC., et al.

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   HOWREY SIMON ARNOLD & WHITE, LLP
3  301 Ravenswood Avenue
   Menlo Park, California 94025
4  Telephone:  (650) 463-8100
   Facsimile:  (650) 463-8400
5

6  Attorneys for Defendants AEROFLEX INC., et al.

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12                                          ) Case No. C03-04669 MJJ
                                            )
13  RICOH COMPANY LTD.,                     ) **[PROPOSED] ORDER GRANTING**
                                            ) **DEFENDANTS' MOTION TO SHORTEN**
14              Plaintiff,                  ) **TIME ON MOTION TO STAY AND**
                                            ) **CONTINUE MOTIONS TO COMPEL**
15         v.                               )
                                            ) Date:     N/A
16  AEROFLEX, INC., ET AL.,                 ) Time:     N/A
                                            ) Place:    N/A
17              Defendants.                 )
                                            )

Case No.  C03-04669 MJJ
[PROPOSED] ORDER GRANTING
MOTION TO SHORTEN TIME AND
CONTINUING MOTIONS TO COMPEL
P: 8003799

HOWREY
SIMON
ARNOLD &
WHITE

This matter came before the Court on motion by defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Customer defendants") seeking an order shortening time on the hearing of the Customer defendants motion to stay ("Motion to Stay") plaintiff Ricoh Company, Ltd.'s ("Ricoh") patent infringement action against these customers of Synopsys, Inc. ("Synopsys") and continuing the briefing and hearing on Ricoh's motions to compel discovery until after this Court's decision on the Motion to Stay.

After consideration of the papers filed in support of the motion, any papers filed in opposition, and any oral argument of counsel:

IT IS ORDERED, ADJUDGED AND DECREED that:

1. Ricoh's brief in opposition to the Motion to Stay is due on or before November 25, 2003;

2. The Customer defendants' reply brief in support of the Motion to Stay is due on or before December 2, 2003;

3. Hearing on the Motion to Stay shall be at 9:30 a.m. on December 9, 2003; and

4. Briefing and hearing on Ricoh's discovery motions filed on November 10, 2003 shall be continued pending this Court's decision on the Motion to Stay.

Dated: _____, 2003      _____
                                     The Honorable Martin J. Jenkins
                                     United States District Court Judge

Case No. C03-04669 MJJ
[PROPOSED] ORDER GRANTING
MOTION TO SHORTEN TIME AND
CONTINUING MOTIONS TO COMPEL

2

HOWREY
SIMON
ARNOLD &
WHITE

P: 8003799