1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Attorneys for Defendants AEROFLEX INC., et al.

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                                    )  Case No. CV 03-04669 MJJ
                                      )
12  RICOH COMPANY LTD.,               )  **DECLARATION OF ERIK K. MOLLER IN**
                                      )  **SUPPORT OF DEFENDANTS' MOTION**
13              Plaintiff,            )  **TO SHORTEN TIME FOR HEARING ON**
                                      )  **MOTION TO STAY RICOH'S CUSTOMER**
14         v.                         )  **SUIT AND CONTINUE RICOH'S**
                                      )  **MOTIONS TO COMPEL**
15  AEROFLEX INC., ET AL.,            )
                                      )  Date:  N/A
16              Defendants.           )  Time:  N/A
                                      )  Ctrm:  N/A
17  _____ )

18

19      I, Erik K. Moller, hereby declare as follows:

20      1.    I am an attorney at law licensed to practice in the State of California and an associate of

21  the law firm of Howrey Simon Arnold & White, LLP, attorneys for plaintiff Synopsys, Inc.  The

22  matters set forth in this declaration are based upon my personal knowledge, except where otherwise

23  indicated, and if called as a witness, I could and would testify competently thereto.

24      2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Set of

25  Document Requests to All Defendants served on May 30, 2003.

26      3.    Attached hereto as Exhibit B is a true and correct copy of correspondence from me to

27  Edward A. Meilman of Dickstein Shapiro Morin & Oshinsky LLP faxed and mailed to Mr. Meilman

28

Case No. C03-04669 MJJ
Declaration of Moller ISO Motion to Shorten Time
and Continuing Motions to Compel

1  on November 7, 2003.

2      4.    Attached hereto as Exhibit C is a true and correct copy of correspondence from Mr.

3  Meilman to me dated November 11, 2003.

4      5.    Attached hereto as Exhibit D is a true and correct copy of correspondence from

5  Chirstopher L. Kelley to Mr. Meilman dated November 11, 2003.

6      6.    Attached hereto as Exhibit E is a true and correct copy of correspondence from Mr.

7  Meilman to Mr. Kelley dated November 12, 2003.

8      7.    There have been no previous time modifications in this action while pending in the

9  Northen District of California.

10     8.    Since this case is in its initial stages, the Customer defendants' request to shorten time

11  will not affect the case schedule.

12     I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct.  This declaration was executed at Menlo Park, California on November

14  12, 2003.

15

16                          /s/ Erik K. Moller
                           Erik K. Moller
17

18

19

20

21

22

23

24

25

26

27

28

Case No. C03-04669 MJJ                           -2-
Declaration of Moller ISO Motion to Shorten Time
and Continuing Motions to Compel

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 03-103-GMS |
| v. | ) | |
| | ) | |
| AEROFLEX INCORPORATED, AMI | ) | |
| SEMICONDUCTOR, INC., MATROX | ) | |
| ELECTRONIC SYSTEMS LTD., | ) | |
| MATROX GRAPHICS INC., MATROX | ) | |
| INTERNATIONAL CORP. and | ) | |
| MATROX TECH, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF DOCUMENT
## REQUESTS TO ALL DEFENDANTS

**PLEASE TAKE NOTICE** that plaintiff demands, pursuant to Rule 34 of the Federal

Rules of Civil Procedure, that the defendants produce documents pursuant to the following

document requests on the 30th day after service of these requests.

## DEFINITIONS AND INSTRUCTIONS

(1) **Communication.** The term "communication" means the transmittal of

information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,

without limitation, electronic or computerized data or data compilations. A draft or non-identical

copy is a separate document within the meaning of this term.

1

(3) **Identify (with respect to persons).** When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. In any response where more than one individual is identified, identify which three individuals have the most knowledge or information concerning the subject and among those three individuals, identify the individual having the most knowledge and the individual having the least knowledge concerning the subject.

(4) **Identify (with respect to documents).** When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, agents, partners, corporate parent, subsidiaries or affiliates. Where a discovery request does not request a response limited to a specific named defendant, the request shall be construed as seeking knowledge and information concerning all of the defendants named in the caption of this discovery request.

(6) **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2

(8) **All/Each.** The terms "all" and "each" shall be construed as all and each.

(9) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside of its scope.

(10) **Number.** The use of the singular form of any word includes the plural and vice versa.

(11) **Privilege.** Where a claim of privilege is asserted in objecting to any means of discovery or disclosure and an answer is not provided on the basis of such assertion,

(a) Identify the nature of the privilege (including but not limited to work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b) Provide the following information:

(1) For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addresses, and recipients to each other; and (v) identify any other person to whom the document was displayed or to whom any of its contents were revealed;

3

(2) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication and (iv) identify any other person to whom any aspect of the communication was revealed.

(12) **Destroyed Documents.** Where a document has been destroyed or alleged to have been destroyed, state the date thereof and the reason for its destruction, identify each person having knowledge of its destruction, identify each person responsible for its destruction, provide the information set forth in paragraph (11)(b)(1) above and describe the content of the document to the extent possible.

(13) **Patent-in-suit.** As used herein, "patent-in-suit" or "'432 patent" refers to United States Letters Patent Number 4,922,432.

(14) **ASIC.** As used herein, "ASIC" refers to any integrated circuit that is designed for a specific application, including but not limited to integrated circuits that are referred to or otherwise denoted in defendant's communications as an "application specific integrated circuit" or "ASIC," and other integrated circuits designed to perform a desired function in a specific application, but not including standard, general purpose integrated circuits such as microprocessors and memory chips.

(15) **ASIC PRODUCT.** The term "ASIC Product" refers to any integrated circuit product or item that is designed for a specific application, and/or a product or item that includes

4

such an integrated circuit product that is manufactured, sold, offered for sale, imported, or distributed by, on behalf of, or otherwise at the direction of defendant.

(16) **ASIC Method.** As used herein, "ASIC Method" refers to any and all steps or other activities making up or otherwise contributing to methods and/or processes which have been used by, on behalf of, or otherwise at the direction of defendant on or after May 1, 1990 (unless another date is specifically identified) in the computer-aided design of any ASIC Product (as defined above) designed, developed, manufactured, sold, offered for sale, imported, or distributed by, on behalf of, or otherwise at the direction of defendant.

(17) **Limitations.** Each discovery request shall be construed independently and no discovery request shall limit the scope of any other discovery request.

(18) **Supplementation.** Each defendant is reminded of the continuing duty to supplement discovery responses set forth in rule 26(e) of the Federal Rules of Civil Procedure.

(19) **Design.** The term "design" as used herein refers to any and all acts of creation, development, translation, formulation, transformation, synthesis, or other realization of desired integrated circuit functionality in an ASIC (as defined above).

5

## DOCUMENT REQUESTS

Document Request No. 1:  Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Document Request No. 2:  With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Document Request No. 3:  Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

6

**Document Request No. 4:** Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

**Document Request No. 5:** Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

**Document Request No. 6:** Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

**Document Request No. 7:** Produce all patents and patent applications, whether U.S. or foreign, and whether issued, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

**Document Request No. 8:** Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

**Document Request No. 9:** Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

**Document Request No. 10:** Produce all documents concerning Synopsys Inc.

RLF1-2606658-1

<u>Document Request No. 11:</u>  Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

<u>Document Request No. 12:</u>  Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

<u>Document Request No. 13:</u>  Produce all documents concerning Cadence Design Systems, Inc.

<u>Document Request No. 14:</u>  Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

<u>Document Request No. 15:</u>  Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

<u>Document Request No. 16:</u>  Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

8

Document Request No. 17:  Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Document Request No. 18:  Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Document Request No. 19:  Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Document Request No. 20:  Produce all documents concerning the validity of the patent-in-suit.

Document Request No. 21:  Produce all documents concerning the enforceability of the patent-in-suit.

Document Request No. 22:  Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Document Request No. 23:  Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Document Request No. 24:  Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

Document Request No. 25:  Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

9

<u>Document Request No. 26:</u>  Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

<u>Document Request No. 27:</u>  Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

<u>Document Request No. 28:</u>  Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the Untied States or elsewhere.

<u>Document Request No. 29:</u>  Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

<u>Document Request No. 30:</u>  Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

<u>Document Request No. 31:</u>  Produce all documents concerning any infringement of the patent-in-suit by anyone.

<u>Document Request No. 32:</u>  Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

10

Document Request No. 33:  Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Document Request No. 34:  Produce all documents concerning the patent-in-suit.

Document Request No. 35:  Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Document Request No. 36:  Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Document Request No. 37:  Produce all documents relied upon or referred to in preparing the response to the Complaint.

Document Request No. 38:  Produce all documents concerning defendant's affirmative defense of laches.

Document Request No. 39:  Produce all documents referring to plaintiff.

Document Request No. 40:  Produce all documents relating to your first knowledge of the patent-in-suit.

11

<u>Document Request No. 41:</u>  Produce all documents relating to communications, whether to or from suppliers or customers or any other person, that relate to the subject matter of the patent-in-suit.

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Plaintiff

OF COUNSEL
Gary M. Hoffman
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
(202) 828-2228

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY  LLP
1177 Avenue of the America
New York, New York  10036
(212) 896-5471

EXHIBIT B



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

*VIA FACSIMILE and*
     *FIRST CLASS U.S. MAIL*

October 20, 2003

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

     Re:   *Ricoh Company, Ltd. v. Aeroflex Inc., et al.*, Case No. CV 03-04669 MMJ

Dear Ed:

     Defendants Aeroflex Inc., AMI Semiconductor, Inc., Matrox Electronics Ltd., Matrox Graphics Inc., Matrox Int'l, Inc., and Matrox Tech, Inc., ("Defendants") filed a motion to stay the above-identified matter pending resolution of Synopsys, Inc.'s declaratory judgment action today for hearing on December 16, 2003.

     For the past few weeks, the parties have had a dispute as to whether discovery in this matter should proceed with the Defendants arguing that discovery is inefficient, unnecessary, and burdensome in light of their motion to stay. The Defendants are open to a shortened briefing schedule on their motion to stay so that the Court can resolve this issue for the parties expeditiously, and propose that the parties stipulate to a briefing schedule under which Ricoh's opposition brief to the Defendants' motion is due November 17, 2003, the Defendants' reply brief in support of their motion is due November 21, 2003, and the hearing on the Defendants' motion is on December 2, 2003.

     Please let us know if Ricoh is amenable to this schedule.

                           Very Truly Yours,

                           Erik K. Moller

EKM/gj

cc:   Gary M. Hoffman
       Jeffrey Demain

```
x  x  x  COMMUNICATION RESULT REPORT ( NOV. 7. 2003  3:19PM )  x  x  x
                                                          FAX HEADER 1:
                                                          FAX HEADER 2:

TRANSMITTED/STORED : NOV. 7. 2003  3:18PM
FILE MODE           OPTION           ADDRESS              RESULT      PAGE
-----------------------------------------------------------------------------
0362 MEMORY TX                       G3   :  DICKSTEIN SHAPIRO       OK          2/2

-----------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER
```



**301 RAVENSWOOD AVENUE**
**MENLO PARK, CA 94025-3434**
**PHONE: 650.463.8100 • FAX: 650.463.8400**

### FACSIMILE COVER SHEET

---

**DATE:**          November 7, 2003

**TO:**    **NAME:**          Edward A. Meilman, Esq.

           **COMPANY:**       Dickstein Shapiro Morin & Oshinsky LLP

           **FAX NUMBER**     (212) 997-9880          **PHONE NUMBER:**    (212) 835-1400

           **CITY:**          New York

**FROM:**  **NAME:**          Erik K. Moller, Esq.

           **DIRECT DIAL NUMBER:**   (650) 463-8175        **USER ID:**    1680

**NUMBER OF PAGES, _INCLUDING_ COVER:**   2          **CHARGE NUMBER:**   06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

   ☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re:  Ricoh Company, Ltd. v. Aeroflex Incorporated, et al.

PLEASE SEE CORRESPONDENCE DATED  November 7, 2003.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

EXHIBIT C



# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*

*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeilmanE@dsmo.com*

November 11, 2003

<u>Via Facsimile: 650-463-8400</u>
<u>Confirmation By Mail</u>

Erik K. Moller, Esq.
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057-2198

    Re:   *Ricoh Company, Ltd., v. Aeroflex Incorporated, et al.*
            Civil Action No. 03-103-GMS
            Our Ref.: R2180.0171

Dear Erik:

      Your letter dated October 20, 2003 (but sent November 7, 2003) totally mischaracterizes the Aeroflex defendants' and Synopsys' unilateral refusal to provide any discovery, first on the grounds that the Aeroflex defendants planned to move for a stay in the future and more recently on the grounds that they have now moved, as a "dispute" between the parties.

      Since it is clear that the Aeroflex defendants and Synopsys will continue the unilateral refusal to provide discovery, early intervention by the Court is appropriate. That intervention should involve not only the motion to stay, but also the Case Management Conference and our motion to compel discovery. If the court will agree to any early hearing on the motions and set a Case Management Conference in December, we will join in a stipulation to that effect. Considering all the time you took to prepare and serve the motion for a stay and the fact that November 11 is a federal holiday, we believe the reply brief filing date should be set five calendar days before the hearing with the opposition briefs one week before the reply brief date.

Very truly yours,

Edward A. Meilman

EAM/hc
cc:  Gary Hoffman, Esq.
      Kenneth Brothers, Esq.
      Jeffrey Demain, Esq.

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.DicksteinShapiro.com*

88418 v1; 1%_S011.DOC

**EXHIBIT D**



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

**CHRISTOPHER L. KELLEY**
PARTNER
650.463.8113
kelleyc@howrey.com

November 11, 2003

**VIA FACSIMILE AND U.S. MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

     Re:    *Ricoh Company, Ltd. v. Aeroflex, Inc. et al.*
           Case No CV 03-04669 MJJ

Dear Edward:

     This letter is in response to your correspondence of November 11, 2003, regarding our request for an expedited briefing schedule for the Defendants' motion to stay.

     We initially proposed that the parties stipulate to an expedited briefing schedule on Friday, November 7, but had no response from Ricoh. Instead Ricoh today filed three motions to compel (with 600 pages of exhibits) on discovery that is largely peripheral to the real issues in the underlying dispute between Ricoh and Synopsys. If the Court grants the Defendants' motions for stay, Ricoh's discovery requests will be moot. We believe, therefore, that it would be more efficient for the parties and the Court to first resolve the question of whether a stay should be granted before turning to specific discovery disputes.

     Your letter imposes impossible conditions on our proposal to shorten time. The Defendants have no control over the Court's calendar and cannot guarantee that a Case Management Conference date would be available. The fact that the Court set the date in February 2004 suggests that this is the first available date. Furthermore, your proposal that Judge Jenkins hear your discovery motions is at odds with Judge Jenkins's standing order, which provides that all discovery disputes are to be directed to a magistrate judge for hearing.

     Your counter-proposal is, therefore, unacceptable. Please let us know by the close of business on Wednesday, November 12, 2003, if Ricoh is amenable to the briefing schedule that we proposed in our November 7, letter.

                       Very truly yours,

                       Christopher L. Kelley

**EXHIBIT E**



# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*

*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeilmanE@demo.com*

November 12, 2003

<u>Via Facsimile: 650-463-8400</u>
<u>Confirmation By Mail</u>

Christopher L. Kelley, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

      Re:    *Ricoh Company, Ltd., v. Aeroflex Incorporated, et al.*
            Civil Action No. CV 03-04669 MMJ
            Our Ref.: R2180.0171

Dear Mr. Kelley:

      In response to your November 10, 2003 letter, we decline to relinquish briefing time given to us by the Court solely to permit your motion, designed to benefit only the Aeroflex defendants by preventing Ricoh from obtaining the discovery it had commenced many months ago, to be taken out of order.

      We further understand from your letter of November 10, 2003 that you are not willing to join in any request to hold a case management conference before next February, four months from now, and we will so advise the Court.

                              Very truly yours,

                              Edward A. Meilman

EAM/hc
cc:   Gary Hoffman, Esq.
      Kenneth Brothers, Esq.
      Jeffrey B. Demain, Esq.

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.DicksteinShapiro.com*

66696 V1: 1%%J011.DOC

RECEIVED TIME  NOV. 12.  1:29PM          ** TOTAL PAGE.01 **