Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | **CASE NO. CV -4669-MJJ** <br><br> **RICOH'S OBJECTIONS TO DEFENDANTS' MOTION TO CONTINUE RICOH'S DISCOVERY MOTIONS, AND RESPONSE TO MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO STAY** <br><br> **Date:  Not set** <br> **Time:  Not Set** <br> **Courtroom:  11** |

**SUMMARY**

Ricoh vigorously opposes the ASIC defendants' motion to continue Ricoh's pending discovery motions to compel. The motion to continue, if granted, would cause significant harm to Ricoh, which for six months has been trying to obtain basic discovery from the ASIC defendants and Synopsys. Those discovery issues must be resolved regardless of the outcome of the motion to stay, because the discovery sought relates both to Ricoh's infringement claims and Synopsys' declaratory judgment claim. If the motion to continue was granted, it would effectively transform the litigation from a case in which Ricoh can obtain affirmative relief, to a case in which there will be no trial on the claim of actual infringement by the ASIC defendants. Because the Synopsys declaratory judgment action will not resolve the issue of whether the ASIC defendants are directly infringing the '432 patent, another trial would be necessary regardless of the outcome of the declaratory judgment action. Either way, the ASIC defendants and Synopsys will still have to provide discovery in response to Ricoh's requests.

The motion for a continuance should be denied for six reasons. *First*, the Delaware court has already rejected the ASIC defendants' motion to stay this case, and the moving parties are estopped from bringing it again. *Second,* defendants erroneously state that there is "no dispute" that Ricoh's patent infringement action is "fundamentally a dispute between Ricoh and Synopsys," when in fact Ricoh has already made clear that it has not and will not assert infringement claim against Synopsys, but is instead proceeding against the ASIC manufacturers, which are the *direct infringers* of Ricoh's '432 patent. *Third*, defendants also erroneously assert that there is "no dispute" that "Ricoh has not identified any action taken by each of the [ASIC] defendants as an infringing action, except for the ordinary use of Synopsys' Design Compiler product", when in fact Ricoh has identified a number of infringing actions taken only by the ASIC defendants. *Fourth,* Ricoh's discovery motions were not improperly filed, because Ricoh has had multiple meet and confer sessions with opposing counsel, as well as a hearing before the Delaware court, whose orders the ASIC defendants simply refuse to obey. *Fifth,* the ASIC defendants falsely state that this case is in its early stages, when it has been pending for nearly a year and Ricoh's discovery requests have been outstanding for six months, so further delaying discovery would be unfairly prejudicial to Ricoh. *Sixth,* even if the renewed motion to stay is granted, the issues presented by the discovery motions will not be mooted because Ricoh's infringement theory is against

1  the ASIC defendants, not Synopsys, and Synopsys will be obligated to produce documents whether by
2  Rule 45 subpoena or Rule 33 document request.
3      With respect to the ASIC defendants' request to move the hearing date on their motion to
4  stay from December 16 to December 9, Ricoh would prefer to keep the hearing on all of the motions on
5  a single date to avoid two trips to the Court, but is willing to attend one hearing on December 9 and the
6  other hearing on December 16 if the Court so elects.

### ARGUMENT: THE MOTION TO CONTINUE THE DISCOVERY MOTIONS SHOULD BE DENIED

9  **The Delaware court has already rejected an identical motion to stay.** Ricoh initiated this
10 action in the District of Delaware on January 21, 2003. On June 12, 2003, the ASIC defendants moved
11 the Delaware Court to stay that action. (Meilman Decl. Ex. 2.) That motion made the exact same
12 arguments – in some instances, word-for-word – that the same defendants are pressing in their present
13 motion. The ASIC defendants made an alternative motion to transfer the case to this Court so that it
14 could be consolidated with the Synopsys declaratory judgment action. The Delaware court refused to
15 grant the ASIC defendants' motion to stay the case. Instead, it granted defendants alternative motion to
16 transfer the case to this Court, where the two cases should be consolidated. The rejection of the identical
17 motion to stay precludes the ASIC defendants from making the exact same motion again. There are no
18 new facts or any other reason to justify a renewed motion or a suspension of discovery based upon that
19 renewed motion.

20 **Ricoh's dispute is with the ASIC manufacturers, the *direct infringers* of the '432 patent**.
21 The ASIC defendants falsely claim that there is "no dispute" Ricoh's patent infringement action is
22 "fundamentally a dispute between Ricoh and Synopsys." In fact, this is one of the most hotly disputed
23 issues in these two cases. As the owner of the '432 patent, Ricoh has been able to identify who it
24 believes is infringing the process set forth in its patent. Ricoh has concluded that the ASIC defendants,
25 and not Synopsys, are the direct infringers of the '432 patent, because it is the ASIC defendants who
26 actually perform the process described in the patent. Synopsys does not perform the process described
27 in the patent. As a result, Ricoh has said that has not and will not assert an infringement claim against
28 Synopsys because Synopsys is not a direct infringer. The Synopsys declaratory judgment action can not

1   and will not resolve Ricoh's claims of direct infringement of the '432 patent.  Consequently, Ricoh's
2   discovery against the ASIC manufacturers is necessary and appropriate.

3           **Ricoh has identified a number of infringing actions taken only by the ASIC defendants**.
4   The ASIC defendants also falsely claim that there is "no dispute" that "Ricoh has not identified any
5   action taken by each of the [ASIC] defendants as an infringing action, except for the ordinary use of
6   Synopsys' Design Compiler product."  This assertion grossly mischaracterizes Ricoh's infringement
7   theory and the evidence.  Ricoh already has corrected the ASIC defendants' mischaracterization of the
8   Ishijima deposition.  See D.I. 34, Ricoh's 8/5/03 Reply Brief in Support of its Motion to Dismiss, at 2-5.
9   In addition, there are a number of infringing actions taken only by the ASIC defendants and not by
10  Synopsys or its Design Complier, such as describing, for a proposed ASIC, a series of architecture
11  independent actions and conditions ('432 patent, claim 13, clause 4).  Likewise, it is each ASIC
12  defendant (and not Synopsys or its Design Complier) that creates and stores a set of definitions of
13  architecture independent actions and conditions (*id.* clause 2).  The ASIC designer defendant (and not
14  Synopsys or its Design Complier) performs the act of storing upon loading the relevant libraries that
15  contain data representing hardware cells (*id.*, clause 3).  Thus, Ricoh's infringement claims are
16  appropriately asserted against the ASIC defendants, and any effort to stay discovery on those claims
17  creates considerable prejudice to Ricoh.

18          **Ricoh's discovery motions were not improperly filed**.  The ASIC defendants claim that
19  Ricoh's discovery motions were improperly filed because there was no meet and confer.  This assertion
20  – unsupported by any declaration or other evidence – is absurd.  Ricoh's document requests were served
21  *six months* ago.  The ASIC defendants have steadily stonewalled, but not due to lack of effort by Ricoh.
22  Between May 30 and August 28, Ricoh's counsel had meet and confer sessions with opposing counsel
23  with respect to those requests.  (Meilman Decl. ¶ 4.)  These discovery requests were the subject of a two
24  hour hearing before Judge Sleet of the Delaware District Court on August 28, 2003, when the Court
25  ordered the ASIC defendants and Synopsys to resolve all issues by September 5, 2003 and produce all
26  documents by mid-September 2003.  (*Id.* ¶ 4 and Ex. 3.)  Although the ASIC defendants and Synopsys
27  have refused to comply with the Court's orders, between August 28 and November 10, Ricoh's counsel
28  sent four additional letters and engaged three more telephone meet and confer sessions on those

1  discovery requests.  (*Id.* ¶ 5 and Ex. 4.)  Thus, the ASIC defendants' assertion that the motions are

2  improper because the parties have not conferred is an outrageous assertion ungrounded in reality.

3         **This case has been pending for nearly a year and Ricoh's discovery requests have been**

4  **outstanding for six months**.  The ASIC defendants falsely state that "this case is in its initial stages."

5  (Moeller Decl. ¶ 8.)  This case was filed in January 2003.  In May, all parties agreed to a scheduling

6  order (attached as Meilman Decl. Ex. 1) that specified that fact discovery would be completed by

7  January 9, 2004.  According to that schedule (which is still in effect), this case is not "in its initial

8  stages", but rather fact discovery should be nearly completed!  Consistent with that schedule, the parties

9  exchanged initial disclosures in May, and Ricoh served its discovery requests.  Ricoh produced

10 corporate witnesses for deposition in July.  Ricoh has produced tens of thousands of pages of

11 documents.   The ASIC defendants have refused to comply with Ricoh's discovery requests, have

12 refused to produce the documents they identified in their initial disclosures, and have refused to produce

13 any witnesses for deposition. (Meilman Dec. ¶¶ 4-6 and Ex. 4, 5.)  Ricoh's discovery requests have

14 been outstanding for six months and have been the subject of numerous letters and meet and confer

15 sessions, as well as a two hour discovery hearing.  (*Id.*)

16        Although the ASIC defendants announce in their moving papers that they are taking steps (at

17 last) to comply with Judge Sleet's discovery orders of August 28, this is the first that Ricoh has heard of

18 it.  Even so, at still another meet and confer on November 13, 2003, counsel for the ASIC defendants

19 refused to produce any of the defendants for a Rule 30(b)(6) deposition in response to Ricoh's long-

20 standing notices. (Meilman Dec. ¶ 6 and Ex. 6.)  As set forth in Ricoh's motions to compel, the ASIC

21 defendants have done virtually nothing to respond to Ricoh's discovery requests.  Ricoh is being

22 prejudiced by the ASIC defendants refusal to cooperate in discovery, which precludes Ricoh's experts

23 from conducting their infringement analysis.  While every defendant would like to delay every case

24 indefinitely, the federal rules require a "just, speedy and inexpensive determination of every action."

25 Further delaying discovery would unfairly prejudice Ricoh.

26        **The issues presented in Ricoh's motions will not be mooted.**  Of course, Ricoh will

27 oppose the motion to stay on the merits.  Even if the renewed motion to stay is granted, however, the

28 issues presented by Ricoh's discovery motions will not be mooted, as the ASIC defendants assert.

1  Ricoh's infringement claims are against the ASIC defendants, not Synopsys.  Although Synopsys makes
2  the software that the ASIC defendants use while performing part of the process that infringes the '432
3  patent, discovery will be required from both the ASIC defendants and Synopsys.  Given the scorched
4  earth strategy of those parties, there is no doubt that they will refuse to produce the requested documents
5  regardless of whether Ricoh's direct infringement action is stayed or not.

## CONCLUSION

If the Court elects to hear the ASIC defendants' motion to stay on December 9 instead of December 16, Ricoh will be prepared, especially since defendants' motion to shorten time does not alter the date for Ricoh's substantive response to their motion to stay.  Of course, Ricoh would prefer to keep the hearing on both the motion to stay and the discovery motions on the same date to avoid two trips to the Court, but is willing to attend one on December 9 and the others on December 16 if the Court so elects.  Under no circumstances, however, should the Court reward the ASIC defendants' delay tactics and continue the hearing on Ricoh's discovery motions.  The very act having the ASIC defendants and Synopys prepare their responses to the discovery motions and try to justify their actions frequently leads to greater flexibility on the part of the respondents, and the Court should do everything it can to encourage them to stop stonewalling.

Dated: November 17, 2003

Respectfully submitted,

Ricoh Company, Ltd.

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN & OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880

By:  ___Ken Brothers_____

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN & OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Attorneys for Ricoh Company, Ltd.