1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   HOWREY SIMON ARNOLD & WHITE, LLP
3  301 Ravenswood Avenue
   Menlo Park, California 94025
4  Telephone: (650) 463-8100
   Facsimile: (650) 463-8400
5

6  Attorneys for Defendants AEROFLEX INC., et al.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  ) Case No. CV 03-04669 MJJ
    )
12  RICOH COMPANY LTD.,              ) **DEFENDANTS' OPPOSITION TO**
                                     ) **RICOH'S MOTION TO ADVANCE THE**
13         Plaintiff,                ) **CASE MANAGEMENT CONFERENCE**
                                     )
14         v.                        ) Date: N/A
                                     ) Time: N/A
15  AEROFLEX INC., ET AL.,           ) Ctrm: N/A
                                     )
16         Defendants.               )
                                     )
17  _____  )

## I. INTRODUCTION

Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Customer defendants") hereby oppose plaintiff Ricoh Company, Ltd.'s ("Ricoh") Motion to Advance the Case Management Conference allegedly made pursuant to Local Rule 6-3(a). This opposition is based on the fact that, while the Customer defendants do not in principle oppose an earlier date for the Initial Case Management Conference in this matter, it should not take place on December 9, 2003, and should take place as necessary only *after* the Court has ruled on the Customer defendants' Motion to Stay. Furthermore, Ricoh failed to properly meet and confer with the Customer defendants as required by Local Rules 6-3(a)(4)(i) and 37-1(a); December 9, 2003 is in fact an inconvenient date for the Initial Case Management in this matter as the Customer defendants' lead trial counsel is currently not available that date.

## II. ARGUMENT

On November 18, 2003, Ricoh moved the Court allegedly pursuant to Local Rule 6-3(a) to advance the date for the Initial Case Management Conference in this matter from February 10, 2004 to December 9, 2003. Ricoh's request should be denied.

First, Ricoh's request to hold the Case Management Conference on the same date the Court hears the Customer defendants' motion to stay this action makes no sense. Specifically, Ricoh's request will force the parties and the Court to prepare for that conference before the Court has had an opportunity to rule on the motion to stay this action—which may obviate any need for a Case Management Conference in this action should the Court grant that motion. In that case, the parties' and the Court's preparation and participation in a Case Management Conference for this action on December 9, 2003 would be a complete waste of time, effort, and money.

Second, Ricoh's motion does not comply with the Local Rules. Under Local Rules 6-3(a)(4)(i) and 37-1(a), the moving party is required to "previously confer[] for the purpose of attempting to resolve *all* disputed issues." L.R. 37-1(a). Although Ricoh correctly states that the Customer defendants' "have no objection in principle to an earlier Case Management Conference", Ricoh never

conferred with the Defendants counsel regarding the date for that Conference, and, instead, unilaterally proposed the December 9, 2003 date for the Conference in its motion. In fact, Ricoh has never proposed any alternate dates to the Customer defendants counsel for the Case Management Conference in this action.

Third, the Customer defendants object to the December 9, 2003 date for the Conference. If Ricoh had met and conferred with the Customer defendants regarding this proposed date, Ricoh would have learned that the date is in fact inconvenient for the Customer defendants since the Customer defendants' lead trial counsel is unavailable on December 9, 2003.[1] Because lead trial counsel is required to attend the initial Case Management Conference under Local Rule 16-10(a), Ricoh's requested date would be burdensome for the Customer defendants. Given this and the fact that a Case Management Conference would be unnecessary should the Court grant the motion to stay this action, the Customer defendants are willing to agree to an earlier Case Management Conference (if one is necessary) in January 2004, at the Court's convenience, after the Court has ruled on their motion to stay.

Next, Ricoh's motion mischaracterizes some of the facts in the present action. Specifically, Ricoh misleadingly states that: "the case transferred within the District several times," thereby insinuating that it languished in the clerk's office. As Ricoh is aware, the case was initially assigned to Magistrate Trumbull on October 19, 2003, transferred to Judge Chesney in response to a refusal to consent to jurisdiction before a magistrate, and subsequently assigned to Judge Jenkins pursuant to the Court's Order Relating Case signed on November 4, 2003. The final assignment order was based on a Notice of Related Case filed by Ricoh, which specifically noted that the instant action and the *Synopsys v. Ricoh* declaratory judgment action were related and should both be before Judge Jenkins.

---

[1] Teresa Corbin, lead trial counsel for the Customer defendants, is unavailable December 9, 2003 and December 16, 2003. *See* Declaration of Teresa M. Corbin in Opposition to Ricoh's Motion to Advance the Case Management Conference at ¶¶ 2-3 ("Corbin Decl."). It is our understanding that the Court is unavailable December 23, 2003 and December 30, 2003. Ms. Corbin is available January 6, 2004 and January 13, 2004 for the Initial Case Management Conference, should the Court decide to advance the date for the Conference and has ruled on the Customer defendants' Motion to Stay that this action should proceed. *See id.* at ¶4.

- 3 -
Case No. CV 03-04669 MJJ
Opposition to Motion to Advance Case Management Conference

HOWREY
SIMON
ARNOLD &
WHITE

Finally, Ricoh disingenuously asserts that "this case is still operating under a Court Order setting a fact discovery cut-off date in January 2004." As Ricoh is aware, this case is now being litigated in the Northern District of California and subject to the Local Rules of this Court, including the Local Patent Rules. In fact, Ricoh's portion of the Case Management Conference statement filed with the Court on October 20, 2003 in the related *Synopsys v. Ricoh* matter set forth a proposed schedule for the instant action with a discovery cut-off of July 16, 2004. Thus, Ricoh itself does not believe or have any expectation that the present action is proceeding or will proceed under the scheduling order entered by the Delaware Court prior to its transfer to this District.

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Ricoh's motion to advance the case management conference in this action to December 9, 2003. While the Customer defendants do not object in principle to a date for the Conference that is earlier than February 10, 2004, the Conference should be held, as necessary, only after the Court has heard and ruled on the Customer defendants' Motion to Stay.

Respectfully submitted,

Date:   November 20, 2002            /s/ Thomas C. Mavrakakis
                                     Thomas C. Mavrakakis
                                     HOWREY SIMON ARNOLD & WHITE LLP
                                     Attorneys for Defendants AEROFLEX INC., et al.

HOWREY
SIMON
ARNOLD &
WHITE

- 4 -
Case No. CV 03-04669 MJJ
Opposition to Motion to Advance Case Management Conference