Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants AEROFLEX INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INC., ET AL., <br><br> Defendants. | Case No. CV 03-04669 MJJ <br><br> **SUPPLEMENTAL DECLARATION OF ERIK K. MOLLER IN SUPPORT OF DEFENDANTS' MOTION TO STAY RICOH'S CUSTOMER SUIT** <br><br> Date:  December 9, 2003 <br> Time:  9:30 a.m. <br> Place: Courtroom 11, 19th Floor |

I, Erik K. Moller, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and an associate of the law firm of Howrey Simon Arnold & White, LLP, attorneys for defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Delaware defendants"). The matters set forth in this declaration are based upon my personal knowledge, except where otherwise indicated, and if called as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit A are true and correct copies of an email correspondence dated May 20, 2003 from Edward Meilman to me and an email correspondence dated May 30, 2003 from Mr. Meilman to Christopher Kelley, Terry Corbin, and me.

3. Attached hereto as Exhibit B is a true and correct copy of *Lemelson v. Apple Computer*, 1993 U.S. Dist LEXIS 20128 (D. Nev. 1993).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed in Menlo Park, California on December 2, 2003.

           /s/
           Erik K. Moller

## Moller, Erik

**From:** Meilman, Edward [MeilmanE@dsmo.com]
**Sent:** Tuesday, May 20, 2003 12:38 PM
**To:** 'MollerE@howrey.com'
**Cc:** Hoffman, Gary; 'Ricoh432@dsmo.com'
**Subject:** Ricoh v. AMI et al

   In answer to your voice mail, we have not been authorized by Ricoh to accept service of the California action you started.

"MMS <DSMO.COM>" made the following annotations.
-----------------------------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

12/2/2003

## Moller, Erik

| | |
|---|---|
| **From:** | Meilman, Edward [MeilmanE@dsmo.com] |
| **Sent:** | Friday, May 30, 2003 12:33 PM |
| **To:** | KelleyC@howrey.com; CorbinT@howrey.com; MollerE@howrey.com |
| **Cc:** | Hoffman, Gary; Ricoh432@dsmo.com |
| **Subject:** | Service of California complaint |

We understand that your process server attempted to serve the Synopsys California complaint on Ricoh of America. Please be advised that Ricoh of America is not the entity named in your complaint and even had service been made, you would have served the wrong corporation, thereby failing to effect proper service. The only place you will be able to make proper service on Ricoh Company, Ltd, the named defendant, is in Japan.

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

12/2/2003

LEXSEE 1993 U.S. DIST LEXIS 20128

JEROME LEMELSON, Plaintiff, v. APPLE COMPUTER INCORPORATED, EASTMAN KODAK CORPORATION, and UNISYS CORPORATION, Defendants.

CASE NO. CV-N-92-665-HDM(PHA)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

1993 U.S. Dist. LEXIS 20128; 28 U.S.P.Q.2D (BNA) 1412

June 4, 1993, Decided
June 4, 1993, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, film company, computer manufacturer, and computer firm, moved for separate trials on liability and damages and to stay damages discovery in plaintiff patent holder's suit which claimed infringement of patents for videotape recording technology.

**OVERVIEW:** Plaintiff patent holder sued defendants, film company, computer manufacturer, and computer firm, claiming infringement of patents for videotape recording technology. Defendants moved for separate trials on liability and damages and to stay damages discovery. The court granted the motions. The court concluded that the facts and equities of the case required bifurcation. Ordering a separate trial on the issue of damages would convenience the court and the parties, and would avoid delay and prejudice, and serve the ends of justice. Detailed financial information was not necessary to prove commercial success, so that there was no substantial overlap between the issues of commercial success and damages. Accordingly, the court found that defendants demonstrated persuasively that there was minimal overlap of issues on liability and damages. The court determined that ordering a stay of discovery on damages issues until liability was resolved was in the interests of judicial efficiency and did not prejudice plaintiff.

**OUTCOME:** The court granted defendants', film company, computer manufacturer, and computer firm, motion for separate trials on liability and damages and to stay damages discovery because a separate trial on damages would convenience the court and the parties, avoid delay and prejudice, and serve the ends of justice because there was minimal overlap of issues on liability and damages.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Trials > Separate Trials*
[HN1] Fed. R. Civ. P. 42 (b) reads: The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the U.S. Const. amend VII, or as given by a statute of the United States.

*Civil Procedure > Trials > Separate Trials*
[HN2] Fed. R. Civ. P. 42(b) authorizes the trial court to order separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. The rule is intended to further convenience, avoid delay and prejudice and serve the ends of justice, and whether a separate trial is ordered is a matter committed totally to the discretion of the trial court.

*Civil Procedure > Trials > Separate Trials*
[HN3] While a judge should not routinely order separate trials, in patent cases, bifurcation is particularly

Case 5:03-cv-04669-JW   Document 66-3   Filed 12/02/2003   Page 2 of 7

Page 2

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

appropriate under *28 U.S.C.S. § 1292*(c)(2), which allows a finding of liability to be appealed as an interlocutory order.

*Civil Procedure > Trials > Separate Trials*
[HN4] Where a possibly dispositive issue is to be tried separately, the court may limit discovery on that issue.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN5] A stay of damages discovery is appropriate in patent cases to defer costly and possibly unnecessary discovery proceedings on the damages issues pending resolution of the liability issues.

*Patent Law > Remedies > Damages*
[HN6] The question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and a big seller.

*Patent Law > Remedies > Damages*
[HN7] Whether to impose increased damages under the patent damages statute is an area left to the sole discretion of the trial judge, not to the jury. Also, willfulness is not part of the liability finding, and the issue need not be reached if the patent is found invalid or not infringed.

*Civil Procedure > Trials > Separate Trials*
[HN8] In deciding whether to bifurcate, the court must ensure that bifurcation does not prejudice a plaintiff.

*Civil Procedure > Trials > Separate Trials*
[HN9] Bifurcation of a trial to adjudicate unrelated issues separately does not violate U.S. Const. amend. VII, nor does it deprive plaintiff of his right to a fair trial.

*Civil Procedure > Trials > Separate TrialsCivil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN10] Where courts have ordered separate trials on issues of liability and damages, the courts routinely stay damages discovery.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN11] The trial court has the authority to order a stay of all discovery on damages issues.

**JUDGES:** [*1] Atkins

**OPINIONBY:** PHYLLIS HALSEY ATKINS

**OPINION:**
ORDER

This is an action by Jerome Lemelson against Apple Computer Incorporated (Apple), Eastman Kodak Company (Kodak), and UNISYS Corporation (Unisys) for patent infringement.

On November 16, 1992, Kodak moved for separate trials on the issues of liability and damages and to stay discovery on damages issues pursuant to F.R.Civ.P. 42(b) [Doc. #20.] Apple and Unisys joined in Kodak's motion and Lemelson filed an opposition. A hearing was conducted on April 9, 1993, and the court heard argument from all parties. Appearing on behalf of Plaintiff Jerome Lemelson was Larry Selander of Keck, Mahin & Cate of Chicago, Illinois and Keegan G. Low of Robison, Belaustegui, Robb & Sharp of Reno, Nevada. Appearing on behalf of Defendant Apple Computer Incorporated was Keith Weed of Bronson, Bronson & McKinnon, of San Francisco, California, and Philip Bartlett of Reno, Nevada. Appearing on behalf of Eastman Kodak Company was James F. Davis, Joseph P. Lavelle and Brian T. Foley of Howrey & Simon, Washington, D.C., and Katherine J. Savage of Laxalt & Nomura, Reno, Nevada. Appearing on behalf of Defendant UNISYS Corporation was Lawrence A. O'Rourke of Finnegan, Henderson, [*2] Farabow, Garrett & Dunner, Washington, D.C., and Steven S. Kent of Beckley, Singleton, De Lanoy, Jemison & List of Reno, Nevada.

The Court granted Kodak's motion for separate trials on liability and damages and to stay damages discovery. (Tr. 41-2, 105.) This constitutes the Court's memorandum decision pursuant to *28 U.S.C. § 636*(b)(1)(A).

BACKGROUND

Plaintiff, Jerome Lemelson (Lemelson) is the holder of U.S. Patent No. *4,213,163* (the "*'163* patent") entitled "Videotape Recording." The *'163* patent discloses, inter alia, a method of recording single frames of analog video signals from a video camera on magnetic tape together with coded signals containing information about the content of the images. The *'163* patent derives from an application filed in 1957 and supplemented with further disclosure in 1962. The *'163* patent has 73 claims. n1

---

n1 In addition, plaintiff recently moved to amend his complaint by adding claims for infringement of another patent related to the *'163* patent, Patent No. 5,177,645, the "'645 patent." The '645 patent, issued on January 15, 1993, itself

Case 5:03-cv-04669-JW    Document 66-3    Filed 12/02/2003    Page 3 of 7

Page 3

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

contains 76 claims. On April 9, 1993, this Court, on Lemelson's unopposed motion, order that the complaint be amended to include Lemelson's allegations concerning the '645 patent.

[*3]

The Plaintiff alleges that the Defendants have infringed the '163 patent and the '645 patent (which may include infringement of some or all of the claims of these patents). n2

> n2 Because discovery on the liability issues is in the initial stages, this Court does not know how many of the 149 total claims (the '163 patent and its 73 claims plus the '645 patent and its 76 claims) Plaintiff is alleging are infringed. Although there are a number of specific products already accused of infringement, the exact number of accused products is presently unknown. Further, Lemelson has also broadly accused entire lines of products sold by Kodak and Apple.

At oral argument, counsel for Plaintiff stated his expectation that, following discovery, Plaintiff will maintain this action with respect to only five or six claims of the patents in suit, and the allegedly infringing products will be grouped by similar characteristics. (Tr. at 22.) However, for purposes of this motion, the Court must assume at this stage that this case will involve a large number of claims asserted against a great many products.

[*4]

In support of its motion, Kodak asserts that the number of patents, the number of allegedly infringing products, and the number of defendants makes the instant action enormously complicated. Kodak argues that trying damages issues at the same time as liability issues would not promote judicial economies, because a finding on the question of liability may make moot the damage inquiry, thus saving the court and counsel time, and the parties, money. Kodak also argues that the complicated file history and parentage of the patents in suit also makes this case more complicated than usual. Finally, Kodak states that the issues of liability are not intertwined with those of damages and that Plaintiff will not be prejudiced if the trial is bifurcated.

Lemelson objects to bifurcation of the trial, stating that many of the same issues pertain to damages and liability, and many of the same witnesses would be called. Plaintiff also states it would suffer undue prejudice by bifurcation.

Kodak also moves for a stay of discovery on damage issues if the Court decides to rule in favor of its motion for a separate trial on damages. Plaintiff opposes this motion, and argues that even if the Court orders [*5] separate trials on liability and damages, the Court should not stay discovery on damages.

SEPARATE TRIAL STANDARDS

Federal Rule of Civil Procedure 42(b), on which Kodak's motion is based, reads:
> [HN1]
> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution, or as given by a statute of the United States.

[HN2] Rule 42(b) thus authorizes the court to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, . . . ." The rule is intended to further convenience, avoid delay and prejudice and serve the ends of justice, and whether a separate trial is ordered is a matter committed totally to the discretion of the trial court. *Eaton Corp. v. Auburn Gear Inc., 1988 U.S. Dist. LEXIS 15885, 8 USPQ 2d 1373,* [*6] (N.D. Ind. 1988), citing *Guess v. Chenault, 108 F.R.D. 446, 449 (N.D. Ind. 1985).*

Kodak argues that separate trials on liability and damages are particularly appropriate in patent cases. Some courts have even noted "a 'presumption in favor of bifurcation' in patent infringement suits." *Acme Resin Corp. v. Ashland Oil, Inc., 689 F. Supp. 751, 753 (S.D. Ohio 1987),* aff'd, *1992 U.S. App. LEXIS 1475, 24 USPQ 2d 1475 (Fed. Cir. 1992)* (quoting *Naxon Telesign Corp. v. GTE Information Sys., Inc., 89 F.R.D. 333, 341 N. 10 (N.D. Ill. 1980)).* The rule favoring severance of liability from damages in patent suits is set forth in *Swofford v. B&W Inc., 34 F.R.D. 15, 19-20 (S.D. Tex. 1963),* aff'd, *336 F.2d 406 (5th Cir. 1964),* cert. denied, *379 U.S. 962, 13 L. Ed. 2d 557, 85 S. Ct. 653 (1965).* After noting that "in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate [*7] trials on the issues of liability

Case 5:03-cv-04669-JW    Document 66-3    Filed 12/02/2003    Page 4 of 7

Page 4

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

and damages," the court concluded that "the trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent." *Id. at 19-20*. This is, of course, because "[a] preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the court and counsel and reduction of expense to the parties." *Id. at 20*. Accord: *Rohm & Haas Co. v. AZS Corp., 229 USPQ 399, 440 (N.D. Ga. 1986); Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, 587 F. Supp. 1112, 1115-17 (D. Del. 1984); Slater Elec. Inc. v. Indian Head, Inc., 223 USPQ 729, 729-30 (S.D.N.Y. 1983); Shepard v. I.B.M., 45 F.R.D. 536, 537 (S.D.N.Y. 1968)*.

Thus, [HN3] while it is clear that a judge should not routinely order separate trials, in patent cases, bifurcation is "particularly appropriate" under *28 U.S.C. § 1292* [*8] (c)(2), which allows a finding of liability to be appealed as an interlocutory order. *Eaton Corp., supra, 8 USPQ 2d at 1374*. A finding in favor of the defendant on the question of liability eliminates any need to have a trial on the issue of damages, saving time and expense. *Slater, supra, 223 USPQ at 729*. Quoting from a well-known patent litigation manual, the court in Eaton, stated:

> The separation of the liability and damages issues in patent cases is firmly grounded in the case law, undoubtedly due to the complexity of such cases, the lack of any substantial community among the issues, and the hazard that a lengthy and expensive trial on the damages issue will be erased by reversal of the patent owner's judgment on appeal.

*8 USPQ 2d at 1373*, quoting 3 R. White, R. Caldwell, and J. Lynch, Patent Litigation: Procedure and Tactics § 404[5], at 4-76 (1984). n3

---

n3 Moreover, if the issue is resolved in the plaintiff's favor, the defendant might well settle on the amount of damages to avoid a lengthy trial on that question. Id. quoting *Smith v. Alyeska Pipeline Service Co., 538 F. Supp. 977, 983 (D. Del. 1982)*; see also, *Swofford v. B & W, Inc., supra, 34 F.R.D. at 19-20*.

---

[*9]

In patent cases, the issues of liability are usually not intertwined with those of damages. Thus, severing the issue of liability from damages permits the court to focus on the technical issues of validity and infringement without the inevitable distraction caused by the presentation of extraneous evidence relating to accounting procedures, costs, marketing and sales of products which may or may not be found to infringe, and proof as to what may be considered a reasonable royalty rate. *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp., 123 F.R.D. 543, 545 (N.D. Tex. 1988); Air-Shields, Inc. v. BOC Group, 1992 U.S. Dist. LEXIS 17398, 23 USPQ 2d 1955, 1956-57 (D. Md. 1992)*. Indeed, in *Swofford, supra*, the court concluded that it could not "think of an instance in a patent action where the damage issue is so interwoven with the other issues that it cannot be submitted to the jury independently of the others. . . ." *336 F.2d at 415*.

Having considered the standards set forth above, the Court concludes that the facts and equities of this case require [*10] bifurcation. Ordering a separate trial on the issue of damages will further convenience the Court and the parties, and will avoid delay and prejudice, and serve the ends of justice.

Furthermore, [HN4] where a possibly dispositive issue is to be tried separately, the court may limit discovery on that issue for the time being. *Ellingson Timber Co. v. Great Northern Ry. Co., 424 F.2d 497 (9th Cir. 1970)*. [HN5] A stay of damages discovery is appropriate in patent cases "to defer costly and possibly unnecessary discovery proceedings on the damages issues pending resolution of the liability issues." *Paine, Webber, supra, 587 F. Supp. at 1117*; see also *Eaton Corp., supra, 8 USPQ 2d at 1374-5; Slater Elec., 223 USPQ at 731-32*. Accordingly, the Court also grants Kodak's motion to stay damages discovery.

ANALYSIS - BIFURCATION

In deciding to grant Kodak's motion to bifurcate under Rule 42(b), this Court has considered first the nature of the issues -- i.e., is there linkage between the issues of damages and liability. Kodak claims that the evidence of liability [*11] and damages will be distinct and will involve different witnesses and documents. Kodak states that testimony and evidence regarding liability is mostly technical in nature, whereas proving damages involves separate accounting and financial issues.

Lemelson contests this view and states there is substantial overlap of liability and damages issues. According to Lemelson, trying damages separately would necessitate a new jury being impaneled to reexamine the same factual issues as the liability jury, in contravention of plaintiff's Seventh Amendment right to a jury trial. However, Lemelson only cites two possible areas of overlap -- commercial success and willful patent infringement. The Court has reviewed the parties'

Case 5:03-cv-04669-JW    Document 66-3    Filed 12/02/2003    Page 5 of 7

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

Page 5

arguments and the case law regarding these two areas, and does not find Lemelson's arguments persuasive.

Regarding the first claimed area of overlap, commercial success, Kodak has cited persuasive precedent to the effect that "evidence introduced to show 'commercial success' will be less extensive and of a different character from that to prove damages." *Paine, Webber, supra, 587 F. Supp. at 1116.* n4 Lemelson need not dig into damage evidence [*12] in order to show commercial success. Id. Thus, even if Lemelson were to rely on defendants' sales of allegedly infringing products to establish commercial success, the Court believes that this can be done with minimal information regarding sales. Detailed financial information is not necessary to prove commercial success and, accordingly, the Court concludes that there is no substantial overlap between the issues of commercial success and damages.

> n4 As the court noted in Paine, Webber:
> [HN6]
> The question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and a big seller.
>
> *Id., at 1116* (citations omitted)

Willful patent infringement is the second area in which overlap is alleged by Plaintiff. Presumably, Plaintiff's argument is that evidence pertinent to a knowing and deliberate infringement [*13] by the Defendants of its patents is also pertinent to the question of increased (treble) damages under *35 U.S.C. § 284.* The Court disagrees.

[HN7] Whether to impose increased damages under the patent damages statute is an area left to the sole discretion of the trial judge, not to the jury. *Smith, supra, 538 F. Supp. at 986.* Also, willfulness is not part of the liability finding, and the issue need not be reached if the patent is found invalid or not infringed. *Amsted Industries v. National Castings, Inc., 1990 U.S. Dist. LEXIS 8553, 16 USPQ2d 1737, 1739 (N.D. Ill. 1990).* Any claimed overlap on the willfulness issue is, therefore, insubstantial and provides no reason to deny bifurcation.

Accordingly, this Court finds that Defendants have demonstrated persuasively that there is minimal overlap of issues on liability and damages.

The second aspect the Court has considered is that of the complexity of the liability and damages issues. While the Court may not at this time weigh the merits of the infringement claims, the Court concludes that the issues surrounding infringement are [*14] likely to be extremely complex and time consuming. As Defendants note, this case involves many patent claims and many products. This point was underscored by counsel for Kodak and Apple at oral argument. n5 Regarding Kodak, Lemelson claims many products, including a number of digital camera systems and an entire line of imaging products, as potentially infringing. n6 Apple is in a similar position, as its Apple and Macintosh computer lines are accused. Finally, one point this Court finds extremely persuasive is that each of the defendants are in different industries involving different technologies.

> n5 While at this juncture Lemelson has accused only one allegedly infringing Unisys product, it is claimed to be very different than the products sold by Kodak and Apple. Tr. 16-17.
>
> n6 Kodak's counsel stated:
>
> > It's the entire Eastman Kodak image line which is accused. [This] is a substantial part of Eastman Kodak's business. Tr. at 9.

As detailed above, Defendants are all large corporations who manufacture [*15] myriad products accused in this case. This case alone suffices to convince the Court that adding to this mix complex issues of profits and other damage considerations would both distract the Court from the technical infringement issues and would most certainly confuse a jury. As the Court noted in *Eaton, supra,* "it seems to the court that if . . . difficult damage considerations can be avoided they ought to be." *8 USPQ2d at 1375.* n7

> n7 Further, the court cannot agree with plaintiff's claim that the damages calculations are not complicated because he seeks only a reasonable royalty and not lost profits. Precedent cited by Kodak demonstrates that the factors which go into a determination of a reasonable royalty are both complicated and extensive. At least one court has noted that the calculation of a reasonable royalty "is often more complicated

Case 5:03-cv-04669-JW    Document 66-3    Filed 12/02/2003    Page 6 of 7

Page 6

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

than a lost profits analysis." *Slater, supra, 223 USPQ at 731.*

[*16]

Finally, [HN8] in deciding whether to bifurcate, the court must ensure that bifurcation does not prejudice a plaintiff. *Willemjim Houdstermaatschaapij BV v. Apollo Computer, 707 F. Supp. 1429, 1435 (D. Del. 1989).* Lemelson claims that he will suffer prejudice because he will be forced to present documentary evidence twice and to call several of the same witnesses to offer almost identical testimony twice. This, according to Plaintiff, also violates his seventh amendment right to jury trial. *Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 500, 75 L. Ed. 1188, 51 S. Ct. 513 (1931).* The Court disagrees.

The Federal Circuit has held that [HN9] bifurcation of a trial to adjudicate unrelated issues separately does not violate the Seventh Amendment, nor does it deprive a plaintiff of his right to a fair trial. See, *In Re Innotron Diagnostics, Inc., 800 F.2d 1077, 1086 (Fed. Cir. 1986),* quoting *Paine, Webber, Jackson, and Curtis, supra, 587 F. Supp. at 1117.* Traditionally, in patent cases, two different juries try the liability and damage [*17] issues. *Smith, supra, 538 F. Supp. at 982-986.*

Since the Court has concluded that the liability and damages issues in this case have little or no overlap, the Court does not agree that Lemelson will be prejudiced. n8 For all of the foregoing reasons, this Court concludes that the purposes of Rule 42(b) will be well served by ordering a separate trial on the issue of damages.

> n8 Lemelson also claims that a refusal to bifurcate may promote settlement. However, it is just as likely that a separate determination of liability will promote settlement without the need for a lengthy trial on damages issues. See, supra, note 3 and accompanying text.

ANALYSIS -- STAY OF DISCOVERY

Kodak also moved that discovery on damages issues be stayed until the liability claim is determined. Kodak argues that staying discovery on damages will promote judicial economy and efficiency. Kodak cites Lemelson's first written discovery requests, which ask for suggested retail prices, direct manufacturing [*18] costs, gross margins, and actual and estimated net profits for a broad range of Kodak products, as illustrating the burden of the information requested and the need to postpone damages discovery. See, Kodak Mem. at 14. If Kodak (and/or either of the other defendants) is found not to have infringed, these discovery requests need not be answered.

Lemelson opposes Defendants' motion. He argues that even if this Court orders separate trials on liability and damages, the Court should not stay discovery on damages. As support for his view, Lemelson states that the Court would be constantly called upon to decide whether discovery requests and deposition questions touched impermissibly on issues of damages. Further, Lemelson cites *Naxon, supra, 89 F.R.D. at 341,* for the proposition that it is preferable for the same jury to consider both damages and liability. He claims that if these issues are separated in discovery, the same jury will not be able to decide both issues.

Lemelson also claims that, because discovery is in its initial stages, a stay of damages discovery would be premature. Finally, he states that the discovery requests which have already been [*19] served upon Defendants touch on issues of both liability and damages, and therefore, judicial economy will be furthered by proceeding with discovery on both issues.

This Court concludes that no purpose will be served by going forward on damages discovery given the decision to try damages issues separately. Again, the complexities of this case convince the Court that to allow discovery to proceed on damages, without a clear understanding at this point of exactly which patent claims are alleged to be infringed and which products are alleged to be infringing, would result in a great deal of wasted time and effort. Particularly because this case is in the early stages of discovery, and because there is no overlap between liability and damages issues, staying damages discovery is appropriate. Furthermore, [HN10] where courts have ordered separate trials on issues of liability and damages, the courts have routinely stayed damages discovery. See, *Paine, Webber, Jackson & Curtis, supra, 587 F. Supp. at 1117; Slater Elec., supra, 223 USPQ at 731-732;* and *Eaton, supra, 8 USPQ2d at 1374.*

[HN11] This [*20] Court has the authority to order a stay of all discovery on damages issues. *Ellingson, supra, 424 F.2d at 499 (9th Cir.).* The Court has determined that exercising this authority, and ordering a stay of discovery on damages issues until liability is resolved, is in the interests of judicial efficiency and does not prejudice the Plaintiff.

CONCLUSION

Defendant Kodak's Motion for Separate Trials on the Issues of Liability and Damages and to Stay Discovery on the Damages Issue (Doc. #20) with joinders by Apple (Doc. #34) and Unisys (Doc. #55) is GRANTED.

Case 5:03-cv-04669-JW   Document 66-3   Filed 12/02/2003   Page 7 of 7

Page 7

1993 U.S. Dist. LEXIS 20128, *; 28 U.S.P.Q.2D (BNA) 1412

IT IS SO ORDERED this 4th day of June, 1993.

Phyllis Halsey Atkins

UNITED STATES MAGISTRATE JUDGE