Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants AEROFLEX INC., et al.
and Third-Party SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INC., ET AL., <br><br> Defendants. | Case No. CV 03-04669 MJJ <br><br> **DISCOVERY MATTER** <br><br> **OPPOSITION TO RICOH'S MOTION TO RESET HEARING ON DISCOVERY MOTIONS ORIGINALLY FILED ON NOVEMBER 10, 2003 AND CONTINUED BY THE COURT'S ORDER DATED NOVEMBER 17, 2003** <br><br> Date: N/A <br> Time: N/A <br> Ctrm: N/A |

## I. INTRODUCTION

Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Customer defendants") and third-party Synopsys, Inc. ("Synopsys") hereby oppose plaintiff Ricoh Company, Ltd.'s ("Ricoh") Motion to Reset for Hearing Discovery Motions Filed On November 10, 2003.

This opposition is based on the fact that the scope of the underlying discovery sought by Ricoh is well beyond that articulated by the Court at oral argument as appropriate prior to its claim construction ruling. Furthermore, Ricoh's motion is improper under the Federal Rules of Civil Procedure or the Local Rules of this Court.

In particular, Ricoh not only failed to meet and confer before it originally filed these discovery motions, but in light of the Court's ruling on the motion to stay and the Court's comments on the scope of discovery before its claim construction ruling Ricoh was certainly obligated to meet and confer with the defendants before attempting to re-notice them. Besides its complete failure to meet and confer, Ricoh should have at the very least either re-noticed its discovery motions giving the defendants the 35 days as required by Civil Local Rule 7-2(a), or Ricoh should have moved the Court to shorten time pursuant to Local Rule 6-3.

Last, the January 6, 2004 hearing date (proposed by Ricoh without meeting and conferring with opposing counsel) for hearing on its three motions to compel is only twenty-six days (spanning the Christmas and New Years' holidays) from service of this motion providing the Customer defendants, Synopsys, and the Court with virtually no time to prepare for these extremely broad discovery motions. Specifically, this would make the opposition due tomorrow, Tuesday, December 12, 2003, before the Court has had an opportunity to address this issue. The Court should not countenance such gamesmanship by Ricoh.

For these reasons, as set forth more fully below, the Court should deny Ricoh's procedurally and substantively flawed motion to have these discovery motions heard on January 6, 2004 and require that Ricoh meet and confer before re-filing them.

## II. ARGUMENT

On December 11, 2003, Ricoh moved the Court without any statutory basis and without meeting and conferring with counsel to reset hearing on its motions to compel to January 6, 2003. Ricoh's motion should be denied.

First, the discovery Ricoh seeks in the underlying motions to compel goes well beyond that related to claim construction. While this opposition is not intended to present the Customer defendants' or Synopsys' opposition to Ricoh's motions, a few examples are necessary to illustrate the undue breadth of Ricoh's discovery requests, and how the scope of these requests is completely inconsistent with the Court's articulated approach of constraining the discovery permitted prior to its claim construction ruling to the discovery that is relevant to claim construction:

Document requests directed to the Customer defendants:

Document Request No. 3: Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Document Request No. 4: Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Document Request No. 5: Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Document Request No. 9: Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Document Request No. 10: Produce all documents concerning Synopsys Inc.

Document Request No. 14: Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Document Request No. 15: Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Document Request No. 16: Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Document Request No. 17:  Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Document Request No.18:  Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Document Request No.19:  Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Interrogatories directed to the Customer defendants:

Interrogatory No. 2:  Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Interrogatory No. 8;  Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Document requests directed to Synopsys:

Document Request No. 1:  Produce documents sufficient to show the manner of marketing and promotion by or for Synopsys of each ASIC Design System and ASIC Method including but not limited to brochures, print or other advertisements, and tradeshow materials.

Document Request No. 7:  Produce all documents concerning solicitations, offers, or presentations made by or to any defendant with respect to ASIC Design Systems and ASIC Methods, including but not limited to advertising material, proposals, and presentations.

Document Request No. 8:  Produce documents sufficient to show the actual or projected cost savings by any defendant as a consequence of licensing or using ASIC Design Systems and ASIC Methods.

Document Request No. 9:  Produce documents sufficient to show the annual dollar and unit volume of sales and sales projections by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to indicating how Synopsys defines "sales" and "unit."

Document Request No. 10:  Produce documents sufficient to show the gross revenue, as well as the discounts, rebates or other reductions deducted from gross revenue from sales by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to how Synopsys defines each item of discount, rebate or other reduction deducted from gross revenue.

1  Thus, the discovery sought by Ricoh is extremely broad and directed to issues that are completely
2  irrelevant to claim construction such as, for example: damages; advertising, marketing, and sales of the
3  Customer defendants' ASICs and Synopsys' products; and the manufacture and commercial packaging
4  of the Customer defendants' ASICs.

5  <u>Second</u>, in light of the recent oral argument where the Court made clear that the discovery
6  permitted prior to its claim construction ruling is limited and the Court's ruling on the Customer
7  defendants' motion to stay, the Customer defendants are willing to agree to produce the only discovery
8  even arguably related to claim construction—i.e., discovery relating to the computer-assisted logic
9  synthesis operations for those ASICs for which a Customer defendant's design process included a
10 computer-assisted logic synthesis step.  Similarly, Synopsys is also willing to provide discovery in
11 light of the Court's recent ruling that is relevant to the claim construction issues in the present action.
12 Ricoh, however, would not be aware of what discovery the Customer defendants or Synopsys are
13 willing to provide given that it never met and conferred prior to either its initial filing of these three
14 discovery motions or the instant motion to re-notice them three weeks form now.  Given this and the
15 Courts recent guidance on the discovery it permits at this juncture, the Customer defendants and
16 Synopsys request that the Court order Ricoh to meet and confer as required under the Federal Rules of
17 Civil Procedure and the Civil Local Rules in this District before re-filing or re-noticing these motions.

18 <u>Finally</u>, Ricoh's motion is effectively an improperly filed motion to shorten time for the
19 hearing on these motions.  As presented, Ricoh's motion seeks an order for a hearing of its motions to
20 compel on shortened time under Civil Local Rule 6.  The Civil Local Rules require that a party seeking
21 shortened time must meet and confer prior to bringing that motion.  *See* Civil Local Rules 6-3(a)(4)(i)
22 and 37-1(a).  However, Ricoh never met and conferred regarding either renewing its motions to
23 compel or the date for hearing on those motions.  Ricoh's motion to reset hearing on its motions to
24 compel is improper and therefore, should be denied.  Last, Ricoh continues to ignore this Court's
25 standing order by filing discovery motions without including the term "DISCOVERY MATTER" in
26 the caption to insure that they are properly routed.

HOWREY
SIMON
ARNOLD &
WHITE

- 4 -
Case No. CV 03-04669 MJJ
Opposition to Motion to Reset Motion to Compel

### III. CONCLUSION

For the foregoing reasons, the Court should deny Ricoh's motion to reset its motions to compel for January 6, 2004, at least until it has met and conferred regarding this discovery.

Dated: December 15, 2003                    Respectfully submitted,

                                            HOWREY SIMON ARNOLD & WHITE, LLP


                                            By:    /s/ Thomas C. Mavrakakis
                                                Thomas C. Mavrakakis
                                                Attorneys for Defendants
                                                AEROFLEX INC., et al. and Third-Party
                                                SYNOPSYS, INC.

HOWREY SIMON ARNOLD & WHITE

- 5 -

Case No. CV 03-04669 MJJ
Opposition to Motion to Reset Motion to Compel