1  Teresa M. Corbin (SBN 132360)
   Christopher L. Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone: (650) 463-8100
5  Facsimile: (650) 463-8400

6

7  Attorneys for Defendants AEROFLEX INC., et al.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11 | Case No. CV 03-04669 MJJ

12 RICOH COMPANY LTD., | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION REQUESTING COURT ORDER LIFTING RESTRICTIONS IMPOSED BY DELAWARE COURT ON DEPOSITION OF DR. DONALD THOMAS**

13          Plaintiff,

14     v.

15 AEROFLEX INC., ET AL.,

16          Defendants. | Date: January 6, 2004 (Original Hearing Date)
                         | Time: 9:30 a.m.
                         | Ctrm: Courtroom 11, 19th Floor

17

---

## I. INTRODUCTION

In its opposition to the defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc.'s ("Matrox Tech") (collectively "Customer defendants") motion, Ricoh Company, Inc. ("Ricoh") fails to directly rebut the Customer defendants request for relief: an order authorizing the taking of the deposition of Dr. Donald Thomas as fact witness in this matter. Instead, Ricoh attempts to convert the Customer defendants' motion into simply another aspect of their motion for sanctions. Ricoh's position is erroneous, and does not directly rebut the Customer defendants' argument.

As a theoretical matter, even if there was merit to Ricoh's allegations of misconduct against Synopsys' counsel – which there is not – the Customer defendants should still be allowed to take the deposition of Dr. Thomas as a fact witness regarding an important piece of prior art to the patent in suit. Even if Dr. Thomas is barred from testifying about work that he did for Ricoh, his knowledge and opinions regarding prior art systems developed independently of, and prior to, his work for Ricoh are discoverable.

## II. ARGUMENT

It is well established that even if an expert serves as a non-testifying consultant for one side of the litigation, the other parties may still have "have 'orthodox' discovery of facts known and opinions held by the expert prior to the time he began to work for the plaintiff on the litigation, but not with respect to information or opinions developed thereafter." *Eliasen v. Hamilton*, 111 F.R.D. 396, 402 (N.D. Ill. 1986). *See also Atari Corp. v. Sega of America*, 161 F.R.D. 417 (N.D. Cal. 1994). This would be the case regardless of the Court's decision on Ricoh's sanction motion. Ricoh has provided no authority suggesting that discovery of this information could or should be suppressed as a sanction. In addition, Ricoh has provided no justification as to why suppression of Dr. Thomas' testimony would be a proportionate and appropriate response to counsel's efforts to retain Dr. Thomas as a consultant. Ricoh is free to cross-examine Dr. Thomas, or to renew its consulting relationship with him regarding his knowledge of the prior art. Nothing that Synopsys' counsel did in any way interferes with Ricoh's ability to respond to whatever testimony regarding prior art that Dr. Thomas offers.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ
Reply ISO Motion Requesting Relief

As noted in the Customer defendants' motion, in addition to apparently serving as an expert in this matter, Dr. Thomas is a pivotal fact witness. In the early 1980s, Dr. Thomas is one of the principal engineers participating in the development of an early logic synthesis system at Carnegie Mellon University (Design Automation Assistant), which the Customer defendants believe is prior art to the patent in suit. The Customer defendants should be allowed to obtain this fact testimony.

Ricoh's sole argument is that the Customer defendants' motion should be denied for the reasons provided in its motion for sanctions. Ricoh's argument should be rejected. Ricoh's motion for sanctions centers on the alleged misconduct of defense counsel. Even if the Court provides all of the relief sought in Ricoh's motion related to this alleged misconduct, the Court should grant the Customer defendants' motion.

In addition, the Court would be justified in granting the Customer defendants' motion in light of Ricoh's virtual non-opposition to it. *See* Local Rule 7-3(b) ("If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition."). Ricoh has presented no authority to rebut the precedent cited by Synopsys and the Customer Defendants in their opening brief.

### III.  CONCLUSION

For the reasons provided here and in the Customer defendants' memorandum of points and authorities, the Court should lift the Delaware court's restriction on the taking of the deposition of Dr. Donald Thomas and allow the Customer defendants to take Dr. Thomas's deposition as a fact witness in this action.

Respectfully submitted,

Date:   December 23, 2002                /s/ Erik K. Moller
                                         Christopher L. Kelley
                                         HOWREY SIMON ARNOLD & WHITE LLP
                                         Attorneys for Defendants AEROFLEX INC., et al.