Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | **CASE NO. CV 03-4669-MJJ** |
| Plaintiff, | **DISCOVERY MOTION** |
| vs. | **RICOH'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF INITIAL DISCLOSURE DOCUMENTS FROM THE ASIC DEFENDANTS** |
| AEROFLEX INCORPORATED, et al., | |
| Defendants. | Date:  February 10, 2004<br>Time: 9:30 a.m.<br>Courtroom:  11 |


**NOTICE OF MOTION AND RELIEF REQUESTED**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 10, 2004, at 9:30 a.m. in Courtroom 11 of the above-referenced court Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court for an order compelling Defendants Aeroflex et al., to produce the initial disclosure documents that defendants were required to identify pursuant to Rule 26(a) and that were requested by Ricoh.

Ricoh bases this motion upon the following Memorandum of Points and Authorities, the supporting declaration of Jonathan Weissglass and attached exhibits, all pleadings on file in this case, and such argument as may be heard by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendants have refused to produce their initial disclosure documents that should have been produced months ago. Even though defendants submitted their initial disclosures in May 2003, they have refused to produce any of the documents identified therein on the grounds that the documents are "irrelevant." On August 28, 2003, Judge Sleet of the District of Delaware held a two hour hearing in which he chastised defendants over their refusal to produce their initial disclosure documents. This Court should put an immediate end to defendants' interminable delays and order the immediate production of the requested documents.

### BACKGROUND

This matter originated in the District of Delaware, when Ricoh sued a number of computer chip manufacturers for patent infringement. The patent-in-suit has claims directed to a computer aided design process for making an application specific integrated circuit (ASIC). The six defendants in the Delaware action are collectively referred to herein as "the ASIC defendants."

On May 30, 2003, all of the defendants filed a joint Initial Disclosure Statement (Ex. 1) identifying documents and tangible things as relevant under Fed. R. Civ. P. 26(a)(1). Categories of documents identified in defendants' Initial Disclosure included product design and development materials; marketing and promotional materials; sales and accounting statements; correspondence;

reports; presentations; publications; and electronic files. (*Id*. at p. 6.) None of the ASIC defendants produced any documents in conjunction with their Rule 26(a) disclosures, however.

After the ASIC defendants reaffirmed their refusal to produce documents identified in their initial disclosures, Ricoh served a single document request that was specifically targeted to their initial disclosure documents. Ricoh's Second Set of Document Requests was served on the defendants on July 2, 2003 . (Ex. 2.) The responses to that document request were substantially identical among all defendants. (Ex. 3-8.) Defendants have repeatedly refused to produce their initial disclosure documents, despite numerous meet and confer sessions. For example, on July 9, 2003 Ricoh's counsel sent a letter to defendants' counsel making arrangements to comply with Ricoh's Initial Disclosure requirements and suggesting defendants do the same. (Ex. 9, 7/9/03 E. Meilman letter to E. Moller). Defendants respond by claiming they are producing documents as indicated in their responses to Ricoh's discovery requests. (Ex. 10, 7/10/03 E. Moller letter to E. Meilman). In fact, the defendants simply refuse to produce their initial disclosure documents.

During a hearing before Judge Sleet on August 28, defendants conceded that their initial disclosures were "inartfully drafted." (Ex. 11, 8/28/03 Transcript). Judge Sleet called defendants' refusal to produce the initial disclosure documents "extraordinary." (*Id.* at 54.) After the hearing, Ricoh proposed that defendants submit a revised initial disclosure since defendants admitted their initial disclosure was "inartfully drafted" and vague. (Ex. 12, 8/28/03 letter from G. Hoffman to T. Corbin). Defendants have yet to submit a revised initial disclosure or respond to Ricoh's discovery request to produce the documents identified in defendants' initial disclosure.

**ARGUMENT**

**DEFENDANTS SHOULD PRODUCE THEIR INITIAL DISCLOSURE DOCUMENTS RESPONSIVE TO RICOH'S SECOND SET OF REQUESTS**

**A.   Defendants Should Be Compelled To Produce Documents Identified In Their Own Initial Disclosure Statement**

Defendants' joint Initial Disclosure Statement (Ex. 1) identified several categories of documents and tangible things as relevant under Fed. R. Civ. P. 26(a)(1). These relevant documents included product design and development materials; marketing and promotional materials; sales and

1  accounting statements; correspondence; reports; presentations; publications; and electronic files. (*Id.* at
2  p. 6.) By identifying these documents, defendants conceded their relevance, but nevertheless refused to
3  produce them, in violation of Fed. R. Civ. P. 37(a)(2)(A) ("if a party fails to make a disclosure required
4  by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions").

### 1. Document Request No. 1

Ricoh's Document Request No. 1 of its second request for documents (Ex. 2) states as follows:

> Produce all documents and tangible things identified in Section B (Items 1 through 8 of Defendants' Initial Disclosure Statement dated and served on or about May 30, 2003).

Defendant Aeroflex's response (dated August 1, 2003) to Document Request No. 1 states as follows:

> Defendant incorporates by reference its general and specific objections to Ricoh's First Set of Document Requests. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that has no relevance to Defendant's ASIC Products or Methods. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement, or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document on the grounds that it is redundant of Plaintiff's other document requests. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce relevant, non-privileged documents in response to this document request

(Ex. 3).[1]

---

[1] Requests to all Defendants (Aeroflex Inc., AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc.) were identical (Ex. 4-8). Responses of the Matrox defendants further objected to this document request. Matrox Tech, Matrox Graphics Inc., and Matrox Int'l objected because "its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. §271, of a United States patent. . . . In light of the foregoing objections, Defendant will not produce documents in response to this document request." Matrox Electronic Systems, Ltd responded that "the requested documents are at the Defendant's facilities in Canada, where the Defendant designs the accused ASICs and other electronic systems and devices. Designing of a product in Canada cannot cause infringement of a United States patent under any provision of 35 U.S.C. §271. . . . In light of the foregoing objections, Defendant will not produce documents in response to this document request." (Ex. 7-8).

1   None of the ASIC defendants has produced any documents identified in their Initial Disclosures.

### 2.   The ASIC Defendants' Objections Are "Extraordinary"

Judge Sleet found the defendants' failure to produce documents from their own Initial Disclosure to be "extraordinary." (Ex. 11, 8/28/03 Tr. at 54.) Defendants admitted in the August 28 hearing that their Initial Disclosure was "inartfully drafted" and "relatively generic." (Ex. 11, 8/28/03 Tr. at p. 54, line 22-23, p. 53, line 2.) Since by their own admission, defendants' Initial Disclosures were vague, Ricoh has requested that defendants submit a revised Initial Disclosure. (Ex. 12, 8/28/03 G. Hoffman letter). However, defendants have failed to either submit a revised Initial Disclosure or any documents falling into the categories described in their Initial Disclosure.

### 3.   The Matrox Defendants' Objections Are Meritless

The Matrox defendants (Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc.) also disclosed eight categories of relevant documents on May 30, 2003, but now refuse to produce them. The only basis for this additional objection is that the Matrox defendants are based in Canada. This objection is without merit for four reasons. First, the Matrox defendants are subject to the jurisdiction of this Court, as this Court has already ruled. (*See* D.I. 41 in CA 3:03-cv-02289, Order Denying Ricoh's Motion to Dismiss.) Second, Matrox Tech, Inc. has a plant and is doing work in Florida, as their counsel conceded. (Ex. 11, 8/28/03 Tr. at p. 67, lines 7-15). Third, the Matrox Defendants apparently believe they are entitled to summary judgment and so should not be excluded from any discovery obligation. There is no basis for the Matrox defendants to avoid responding to relevant discovery, especially since this Court has already directed them to resolve all such issues before the summary judgment motion is heard. Fourth, the Matrox entities have already agreed to provide other discovery, but have still refused to produce their initial disclosure documents. Therefore, the Canadian Matrox defendants are not removed from their responsibility of producing initial disclosure documents simply because they are located outside the United States.

# CONCLUSION

Ricoh's motion to compel should be granted. The defendants should be required to produce all documents related to their Initial Disclosure Statement and requested by Ricoh's Second Request for Documents.

Dated: January 6, 2004

Respectfully submitted,

Ricoh Company, Ltd.

By: /s/ Ken Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880

Attorneys for Ricoh Company, Ltd.