Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants AEROFLEX INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>       Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>       Defendants. | Case No. C03-04669 MJJ<br><br>**OPPOSITION TO MOTION TO COMPEL PRODUCTION OF INITIAL DISCLOSURE DOCUMENTS**<br><br>Date:     February 10, 2004<br>Time:     9:30 a.m.<br>Courtroom: 11 |

## I. INTRODUCTION

Ricoh's motion is meritless. The defendants in the *Ricoh v. Aeroflex, Inc. et al.* litigation (the "customer defendants") have completed production of their initial disclosure documents. Ricoh has been given copies of the documents from which the customer defendants intend to prove their defenses of non-infringement and invalidity of Ricoh's patent, which is what is required for the initial disclosure documents. *See* Fed. R. Civ. P. Rule 26(a)(1). Ricoh's motion is moot, since it is premised on the false assertion that the customer defendants have not made their initial disclosure and asks, as relief, for production of materials that Ricoh has already received.

Ricoh's motion is, ultimately, not concerned with the facts concerning what documents have been produced. Ricoh must know that the customer defendants have produced thousands of pages of documents describing prior art relevant to invalidity and manuals describing the operation of the accused software. Ricoh's motion cannot, therefore, be directed to the facts of whether the customer defendants have made their Rule 26 disclosure. Ricoh's motion, instead, concerns itself with form – the language that the customer defendants used to identify their initial disclosure documents in their Rule 26 statement and the language of some of the objections made by some of the customer defendants to some of Ricoh's document requests. Had Ricoh attempted to confer with the customer defendants before bringing this motion, those matters of form could have been corrected without the need for a motion.

## II. ARGUMENT

### A. THE CUSTOMER DEFENDANTS HAVE ALREADY PRODUCED THEIR RULE 26(a)(1)(b) "INITIAL DISCLOSURE" DOCUMENTS

Ricoh's motion is based on the false assertion that the customer defendants have refused to produce their Rule 26(a)(1)(b) "Initial Disclosure" documents. *See* Motion to Compel Production of Initial Disclosure Documents at 3:2-3 ("Motion"). In fact, the customer defendants have produced all such documents, as Ricoh would have discovered had it bothered to do a proper meet and confer as required Rule 37(a)(1).

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-04669 MJJ
OPPOSITION TO MOTION TO COMPEL
INITIAL DISCLOSURE DOCUMENTS

Rule 26(a)(1)(b) requires a defendant to produce in its initial disclosure, a copy or description of documents that the party "may use to support its claims or defenses." The customer defendants have produced the following materials as the elements of their initial disclosures:

- Documents describing prior art logic synthesis systems that provide the basis for the customer defendants' invalidity contentions. *See* DEF000001-10757, DEF011381-11819, DEF015791-18618, DEF018839-20462. These documents include approximately 15,000 pages of product design and development documents, publications, presentations, and reports.
- Documents describing the accused Design Compiler software used by the customer defendants that provide the basis for the customer defendants' non-infringement contentions. See DEF020463-22762. These documents include approximately 2000 pages of product design and development materials and publications.
- Documents demonstrating that any logic synthesis work done by customer defendants Matrox Electronics Systems and Matrox Graphics are done in Canada, providing the basis for additional non-infringement contentions made by these defendants. These documents include approximately 43 pages of correspondence, accounting statements and contracts.

Pursuant to the direction of Judge Jenkins, discovery from the customer defendants relating to the question of damages has been suspended until such time as Ricoh details its allegations against the customer defendants in its Disclosure of Preliminary Infringement Contentions under Local Patent Rule 3-1. If, after that disclosure is made, the Court authorizes discovery on the question of damages owed as a consequence of any infringement by the customer defendants to proceed, the customer defendants are prepared to provide discovery of:

- Documents identifying the origin of revenues to the customer defendants. These documents will include sales and accounting statements, correspondence, and electronic files.

1  Collectively, these documents represent the entirety of the documentary materials that, at this point in
2  time, the customer defendants intend to use to support their claims and defenses.  No initial disclosure
3  documents are being withheld.

4         Contrary to Ricoh's statement in its motion that the customer defendants refuse to produce the
5  documents owed under the Rule 26(a)(1)(b) initial disclosure provisions, the customer defendants have
6  never refused to produce these documents.  When Ricoh first attempted to make an issue of the initial
7  disclosure documents in an August 28, 2003, hearing before Judge Sleet in Delaware, counsel for the
8  customer defendants told the Court that they had already produced their initial disclosure documents
9  (*see* August 28, 2003 Hearing Transcript at 53:1 – 54:17, Exhibit A to Declaration of Erik K. Moller in
10 Support of Opposition to Motion to Compel Production of Initial Disclosure Documents ("Moller
11 Decl.")[1]).  Judge Sleet instructed counsel to "go back and finish your conversation about this."  Ex. A
12 at 55:5-6.  As noted in Ricoh's motion, on the same day as the hearing, Ricoh's counsel wrote a letter
13 asking the customer defendants to prepare a new initial disclosure, but until this motion was filed on
14 January 6, never again raised the issue with the customer defendants or asserted that the customer
15 defendants were refusing to produce initial disclosure documents.  Ricoh had an obligation, under Rule
16 37(a)(1) and Local Rule 37-1(a) – to say nothing of Judge Sleet's August 28 directive that counsel
17 were to attempt to resolve the issue among themselves before bringing it to the Court – to bring any
18 issue it had to the attention of the customer defendants' counsel before bringing this motion.

19        Ricoh draws special attention in its motion papers to the Matrox defendants.  The Matrox
20 defendants objected to the production of materials relating to design activities conducted in Canada.
21 *See* Exhibit B.  For the reasons set out in the summary judgment motion made on December 2, 2003,
22 (Docket Index 61), logic synthesis activities in Canada cannot serve as the basis of any allegation of
23 infringement of Ricoh's United States patent.  Therefore, the Matrox defendants stated in their August
24 1 responses to Ricoh's second document requests that they would not provide discovery to Ricoh.
25 After August 1, the Matrox defendants clarified that:

---

[1] All exhibits are attached to the Moller Decl. unless otherwise indicated.

Case No. C03-04669 MJJ        -3-
OPPOSITION TO MOTION TO COMPEL
INITIAL DISCLOSURE DOCUMENTS

HOWREY
SIMON
ARNOLD &
WHITE

1  a)  discovery could be had from Matrox Tech regarding its now-discontinued logic design
2      operations in Florida (*see* Exhibit B).
3  b)  discovery could be had from the Matrox entities regarding the location of their design
4      facilities in order to verify that, apart from the shuttered Florida facility, no design work
5      has been done by Matrox in the United States (*see* Exhibits C & D).

At the time that the Matrox defendants committed to provide this information, they did not revise their responses to Ricoh's second document requests to state that they intended to produce this information, but they have now done so. Regardless of what the Matrox entities' August 1 responses to Ricoh's second document requests may have stated, the Matrox defendants join in the "initial disclosure" productions of the other defendants. The Matrox defendants are submitting, with this opposition, revised responses to Ricoh's document requests that reflect the subsequent discovery positions taken by the Matrox entities after August 1.

### III. **JUDGE SLEET DID NOT "CHASTISE" DEFENDANTS; HE INSTRUCTED THE PARTIES TO CONFER ON THE QUESTION OF INITIAL DISCLOSURES, WHICH RICOH FAILED TO DO.**

On two occasions in its motion papers, Ricoh represents that Judge Sleet expressed the opinion that the customer defendants had improperly withheld discovery. On page 1 of its motion, Ricoh states that Sleet "chastised defendants over their refusal to produce their initial disclosure documents." *See* Motion at 1:15-16. Ricoh provides no citation to support this assertion. In fact, Judge Sleet never made any such statement. On page 2 of its motion, Ricoh states that Judge Sleet called the defendants' position "extraordinary." *See id.* at 2:15-16. This is simply not true.

What actually happened was that Ricoh's counsel told Judge Sleet that the customer defendants improperly objected to a document request from Ricoh that called for production of the customer defendants' initial disclosure documents. *See* Exhibit A at 51:15 – 52:23. Counsel for the customer defendants then told the Court that in fact they had already produced some of the initial disclosure documents, and agreed to produce others. *See id.* at 53:1 – 54:17. Judge Sleet responded, not by

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-04669 MJJ                                    -4-
OPPOSITION TO MOTION TO COMPEL
INITIAL DISCLOSURE DOCUMENTS

1  "chastising" the customer defendants for failing to produce the initial disclosure documents, as Ricoh
2  has represented in its motion, but, rather, by instructing the parties to go back for further negotiations
3  to narrow or flesh out whatever differences there might be on document production.  Here is what
4  Judge Sleet actually said:

> "THE COURT: I have to say, this is the first time that I have ever had to deal with an issue involving production related to initial disclosures.  I find it extraordinary.  Counsel –
>
> "MS. CORBIN: Your Honor, I think that the problem was that the initial disclosure was inartfully drafted.
>
> "THE COURT: Perhaps.  But what you need –
>
> "MS. CORBIN: The problem may be, there was a subset of documents.
>
> "THE COURT: Ms. Corbin, I am going to talk over you.  You can't talk over me.  I know we are on this bridge line and sometimes we talk over one another, and that's okay.
>
> "But you are going to have to go back and finish your conversation about this, counsel.  I am not going to spend any more time on this."

*Id.* at 54:18 – 55:7.

17       In bringing this motion, Ricoh has simply ignored Judge Sleet's instructions that the parties
18  were to conduct further discussion of this issue.  Ricoh cites only to one letter from July 9 (i.e. almost
19  two months prior to the date of the hearing in which Judge Sleet instructed the parties to confer further
20  regarding Ricoh's allegations) and to another sent the same day as the hearing inviting the customer
21  defendants to update their initial disclosure statement as its "negotiation" with the customer defendants
22  on this issue.  *See* Motion at 2:8-10; 2:16-18.  At no point in time between the August 28 hearing and
23  the filing of the present motion did Ricoh ever indicate to the customer defendants that they believed
24  "initial disclosure" documents owed under Rule 26(a)(1) had not yet been produced.  Had Ricoh made
25  any effort to confer they would have discovered that the customer defendants had already made or
26  committed to complete their Rule 26(a)(1) production.

## IV. CONCLUSION

For the reasons given, the customer defendants request that the Court deny Ricoh's motion.

Dated: January 20, 2004                    Respectfully submitted,

HOWREY SIMON ARNOLD & WHITE, LLP


By: /s/ Christopher L. Kelley
    Christopher L. Kelley
    Attorneys for Plaintiff
    Synopsys, Inc.

---

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-04669 MJJ                         -6-
OPPOSITION TO MOTION TO COMPEL
INITIAL DISCLOSURE DOCUMENTS