Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | CASE NO. CV 03-4669-MJJ |
| Plaintiff, | DISCOVERY MOTION |
| vs. | RICOH'S REPLY TO ASIC DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO COMPEL PRODUCTION OF INITIAL DISCLOSURE DOCUMENTS |
| AEROFLEX INCORPORATED, et al., | |
| Defendants. | Date: February 10, 2004<br>Time: 9:30 a.m.<br>Courtroom:  11 |

# INTRODUCTION

Defendants wrongly assert that this motion is moot because, the same day that they filed their opposition, they submitted an amended Initial Disclosure. Ignoring a discovery issue until a motion to compel has been filed, and then issuing a revised discovery response simultaneously with a response to the motion to compel is a sharp practice which violates the spirit of 28 U.S.C. §1927 and should be condemned.

The post-compel motion amended Initial Disclosure, however, does not moot the issue, for three reasons. First, instead of correcting the egregious vagueness and other errors that caused the ASIC defendants' to concede more than five months ago that the Initial Disclosure was "inartfully drafted," the amended document is not any better. It does not add any new addresses or contact information, even though eight months have passed since the first submission.

Second, the amended Initial Disclosure does not expand the categories of documents, nor does it provide an appropriate description of those documents. In fact, it narrows them by tailoring the revised Initial Disclosure to the insufficient documents already produced by the Defendants. The amended Initial Disclosure reduces the number of categories of documents initially listed and to the extent they overlap with the original categories, further restricts the categories, e.g., "prior art logic synthesis systems" and "operation of Synopsys Design Compiler software." (Ex. 1)  The Defendants omit the inclusion of what they actually do from the new restricted categories. (*Id.*)

Third, few new documents have been produced. Neither this Court nor the Delaware court ever suspended the ASIC defendants' obligation to comply with Rule 26(a), but that is what they are doing. The ASIC defendants refusal to comply with that part of Rule 26(a) only prolongs the litigation.

The ASIC Defendants also make the remarkable assertion that there was no meet and confer, when Ricoh has repeatedly asked the ASIC Defendants to correct their "inartfully drafted" disclosures and to produce documents. Indeed, this issue has already been raised once before by Judge Sleet, who found it "extraordinary" to have a dispute over initial disclosures. Ricoh has attempted on several occasions to resolve this issue. Defendants have, however, pursued a strategy of stalling or rebuffing any such efforts by Ricoh. For example, after the Defendants filed their unsuccessful Motion to Stay

1    (Ex. 2), they claimed that efficiency would be better served by waiting for the outcome of the Motion to
2    Stay, rather than addressing discovery disputes that had been outstanding for several months (Ex. 3 and
3    Ex. 4). For the ASIC defendants to claim this was never discussed is preposterous.

**ARGUMENT**

**DEFENDANTS SHOULD PRODUCE THEIR INITIAL DISCLOSURE DOCUMENTS RESPONSIVE TO RICOH'S SECOND SET OF REQUESTS**

  A.   **Defendants' Revised Initial Disclosure**

On May 30, 2003, all of the Defendants filed a joint Initial Disclosure Statement (Ex. 5) identifying documents and tangible things as relevant under Fed. R. Civ. P. 26(a)(1). Categories of documents identified in Defendants' Initial Disclosure included product design and development materials; marketing and promotional materials; sales and accounting statements; correspondence; reports; presentations; publications; and electronic files. (*Id.*) None of the ASIC defendants produced any documents in conjunction with their Rule 26(a) disclosures, however. Defendants admitted in the August 28 hearing with Delaware District Court Judge Sleet that their first Initial Disclosure was "inartfully drafted" and vague. Ricoh gave the Defendants several opportunities before and since the August 28 hearing to revise their Initial Disclosure. However, the Defendants delayed until January 20, 2004, the day their opposition motion here was due, to file a revised Initial Disclosure (Ex. 1).

The Defendants have significantly narrowed their Initial Disclosures in the revised version. No new witnesses, except for Dr. Thomas (subject of Ricoh's December 2, 2003 Motion for Sanctions, Ex. 6) and Dr. Kowalski (an expert for the Defendants), were added. No contact information, phone numbers or addresses, are given for these additional individuals having discoverable information.

More importantly, Defendants have selectively and appreciably narrowed the categories of documents they will produce in the Revised Initial Disclosure (Ex. 1) to those insufficient documents they have already produced. Defendants' original Initial Disclosure included eight (8) broad categories of documents to be produced and although admitted by the Defendants to be vague, encompassed documents relevant to Defendants' use of Design Compiler and Defendants' products, among other

1  documents, which are outside the scope of the five (5) categories in the revised Initial Disclosure.  The
2  revised Initial Disclosure is inadequate in that it does not include this information.

3  Defendants now claim that the documents that they are in "possession, custody, or control"
4  (Fed. R. Civ. P. 26(a)(1)(B)) of that support their claims or defenses only include those relating to "prior
5  art logic synthesis systems" and the manufacturer's description of the "operation of Synopsys Design
6  Compiler software," but what the Defendants actually do with that software is outside the scope of these
7  categories (Ex. 1).  The Defendants place these disclosures into broader categories relating to invalidity
8  of the '432 patent and non-infringement and say they will produce correspondence "relating to revenues
9  to defendants resulting from use of logic synthesis" and correspondence "relating to the locations where
10 Matrox's ASIC design work is performed." (*Id.*)  But the Defendants do not include any disclosures
11 about their own products, such as product design and development materials, marketing, publications or
12 correspondence.  This is true even as to those defendants which do not have a pending motion seeking to
13 be dismissed from the case.  These calculated omissions drastically reduce Defendants' Initial
14 Disclosure obligations.

15 The documents cited in Defendants' Opposition (Def. Mot. at 2) are insufficient to satisfy
16 their Initial Disclosure obligations.  Defendants claim that the second category of documents produced
17 "provide the basis for the customer defendants' non-infringement contentions." (Def. Mot. at 2)
18 However, these documents are simply general manuals for Design Compiler, a product they employ, and
19 therefore do not indicate how the Defendants themselves use Design Compiler.  Furthermore, the
20 manuals produced provide little detail about the use of Design Compiler in general.  In addition, of the
21 documents produced, Defendants have failed to label which documents come from which defendants,
22 further hindering Ricoh's discovery efforts.

23 The trivial number of documents produced relating to Defendants Matrox Electronics
24 Systems and Matrox Graphics to date are similarly lacking.  The documents produced, include a simple
25 list of street addresses for companies asserted to be the design facilities for Matrox defendants, End User
26 License Agreements (EULA) and some project listings.  The project listings only include the name of
27 the project and employees that worked on them, without any detail about the nature of the projects.
28

The Matrox Defendants should be required to provide discovery through documents or deposition on "all interactions between the various Matrox companies relating to ASICs, all computer aided design processes involving logic synthesis for an ASIC which have been practiced or utilized by any of the Matrox companies (as opposed to being limited to "ASICs designed by" those companies); the interaction and relationship of any such design processes with the entirety of the process of manufacturing the ASICs produced, designed or sold by any Matrox entity; and all topics addressed in the papers submitted in support of the motion for summary judgment." (Ex. 7, E. Meilman letter to E. Moller, 1/22/04). The "evidence" for the limitations on discovery of the Matrox defendants proposed in Defendants' reply motion simply includes their own self-serving letters, written well before the Summary Judgment motion was filed. (Def. Mot. at 4). In order for all Rule 56(f) issues to be resolved before consideration of the Summary Judgment motion, as the Court required, Ricoh is entitled to the discovery described above.

The conclusory statements by Defendants that these documents satisfy their obligations to produce documents that they may use to support their claims or defenses are insufficient.

**B.     Ricoh's Attempts to Meet and Confer**

Defendants cannot claim this is the first time since the August 28 hearing they have heard about Ricoh's entitlement to documents cited in Defendants' own Initial Disclosures (Def. Mot. at Page 5). Ricoh first filed a Document Request on July 2, 2003 (Ex. 8) for the documents cited in Defendants' Initial Disclosure, of May 30, 2003 (Ex. 5). Defendants failed to produce the documents requested. Ricoh then raised the issue again in the August 28, 2003 hearing before Judge Sleet. As a follow up to that hearing, Ricoh sent a letter to Defendants' counsel attempting to resolve the issue (Ex. 9, letter dated 8/28/03). The Defendants were unresponsive to this request. Ricoh then filed a Motion to Compel in this court on November 10, 2003, which was postponed. In the meantime, Ricoh attempted several times to meet and confer with the Defendants on this issue in December 2003 (Ex. 10 to 16, correspondence of 12/19/03 to 1/5/04 between E. Meilman and E. Moller respectively), before the January 6, 2004 deadline for re-filing the Motion to Compel. Defendants again remained unresponsive and attempted to delay any meet and confer until after January 6 (*Id.*).

1  There is no excuse for the Defendants' calculated ignorance on this matter. The Defendants have been well aware, since at least July of 2003 that Ricoh found their Rule 26(a)(1) production to be defective. Ricoh has attempted, for at least six months, to resolve this issue, but the Defendants have attempted to avoid or defer addressing the matter. (Ex. 17, Declaration of E. Meilman in Support of Ricoh's Objections to Defendants' Motion to Continue Ricoh's Discovery Motions, and Response to Motion to Shorten Time for Hearing on Motion to Stay, paragraph 4).

Contrary to the Defendants' assertions, the reason a productive meet and confer has not yet occurred has nothing to do with the incorrect assertion that Ricoh failed to mention to the Defendants that their production was insufficient (Def. Mot. at 5). A meet and confer has not happened because the Defendants have repeatedly rebuffed Ricoh's attempts to hold a meet and confer on this issue. According to Local Rule 37-1(a), "[i]f counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer." This is just such a case where the opposing party has failed to meet and confer, and Ricoh has been thereby forced to proceed with re-filing the present Motion to Compel.

## CONCLUSION

Ricoh's motion to compel should be granted. The defendants should be required to produce all documents related to their Initial Disclosure Statement.

Dated: January 27, 2004                    Respectfully submitted,

Ricoh Company, Ltd.


By: /s/ Kenneth Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880

Attorneys for Ricoh Company, Ltd.