1 | Gary M. Hoffman, *admitted pro hac vice*
Kenneth W. Brothers, *admitted pro hac vice*
2 | DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street, N.W.
3 | Washington, D.C.  20037-1526
Telephone:  (202) 785-9700
4 | Facsimile:  (202) 887-0689

5 | Edward A. Meilman, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
6 | 1177 Avenue of the Americas
New York, New York  10036-2714
7 | Phone:  (212) 835-1400
Fax:  (212) 992-9880

8 |

9 | Jeffrey B. Demain (SBN 126715)
Jonathan Weissglass (SBN 185008)
ALTSHULER, BERZON, NUSSBAUM,
10 | RUBIN & DEMAIN
177 Post Street, Suite 300
11 | San Francisco, California  94108
Phone:  (415) 421-7151
12 | Fax:  (415) 362-8064

13 | Attorneys for Plaintiff Ricoh Company, Ltd.

14 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
15 | Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
16 | 301 Ravenswood Avenue
Menlo Park, California  94025
17 | Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

18 |

19 | Attorneys for Defendants AEROFLEX, INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. C03-04669 MJJ |
| | ) |
| Plaintiff, | ) **JOINT CASE MANAGEMENT** |
| | ) **CONFERENCE STATEMENT AND** |
| vs. | ) **PROPOSED ORDER** |
| | ) |
| | ) Date:        February 10, 2004 |
| AEROFLEX INC., et al. | ) Time:        2:00 p.m. |
| | ) Courtroom: 11 |
| Defendant. | ) |
| | ) |

Joint Case Management Statement and Proposed Order, Case No. C 03-4669, MJJ

1   Pursuant to FRCP 26(f) and L.R. 16-9, Plaintiff Ricoh Company, Ltd. ("Ricoh") and

2   Defendants Aeroflex Inc. et al. (the "ASIC Defendants"), jointly submit this Joint Case Management

3   Conference Statement and Proposed Order.

4                              **DESCRIPTION OF THE CASE**

5          **1.     A brief description of the events underlying the action:**

6                 **a.     Ricoh's Description**

7          The Court is already acquainted with the events underlying this action, as set forth in this

8   Court's order of September 22, 2003, and subsequent hearings.

9          **The Initial Delaware Activity.**  In January 2003, Ricoh sued several designers and

10  manufacturers of computer chips in the District of Delaware (C.A. No. 03-103-GMS) for patent

11  infringement, alleging that those defendants were using the steps recited in the process claims of

12  Ricoh's '432 patent.  The '432 patent describes a highly advanced technical process used in designing

13  and manufacturing certain types of computer chips called ASICs.  In carrying out their infringement of

14  the patented process, the ASIC defendants use software supplied by Synopsys, and perhaps other

15  suppliers as part of their process in manufacturing ASICs that they sell..  Further information about the

16  infringing activities of the ASIC defendants will be set out in Ricoh's preliminary infringement charts

17  provided in accordance with the Local Patent Rules; contrary to the ASIC defendants' representations,

18  the activities that infringe certain of the process claims of the '432 patent involve more than the

19  "ordinary use" of Design Compiler.  Ricoh is seeking in its Complaint damages based upon the

20  defendants use of the patented process and the sale of the ASIC made utilizing this process.  It is not

21  unfair to ask the ASIC defendants to defend what they actually do without limitation to particular

22  equipment they may employ when so acting.  Although Synopsys chose not to try to intervene in the

23  Delaware case, its attorneys assumed control of the defense and have filed multiple declaratory

24  judgment counterclaims against Ricoh.  Synopsys engaged, is paying for and instructing the attorneys

25  representing the ASIC defendants.  Initially all of the ASIC defendants had separate counsel, but those

26  attorneys are no longer involved in this action.  Synopsys' attorneys unsuccessfully argued that the

1  Delaware court should stay discovery in that action pending the outcome of the action in California.

2  Synopsys' attorneys have filed all papers on behalf of each of the ASIC defendants; have attended the

3  Rule 16 conference, negotiated a protective order; and have taken and responded to discovery.  With

4  the agreement of the parties, the Delaware court entered a pretrial order governing discovery on all

5  issues of both liability, damages and willful infringement and set a trial date for October of 2004 on all

6  issues, a copy of which is attached hereto as Exhibit 1.  There is no reason to now separate discovery

7  and trial into a series of separate actions spanning a period of many years as now proposed by the

8  ASIC defendants.  When the ASIC defendants sought a transfer of this action to this Court they argued

9  that such a transfer was not for purpose of delaying this action and that the transfer would not delay the

10  resolution of the issues in this action.  Based in part on those representations, on August 29, 2003, the

11  Delaware court granted the ASIC defendants' motion to transfer that action to this Court.

12

13          **The Declaratory Judgment Action.**  After months of litigating the Delaware case, Synopsys

14  filed a declaratory judgment action (Case No.  CV 03-02289 MJJ) with respect to the '432 patent and

15  another patent (the '016 patent) that Ricoh did not assert in the Delaware case.  Ricoh has never

16  accused Synopsys itself of infringing the '432 patent or the '016 patent and has stated that it will not

17  bring any action for infringement of the '432 patent or the '016 patent against Synopsys with respect to

18  Synopsys' past or current software products.  Ricoh has advised others of the availability of a license

19  under the '016 patent but has not threatened anyone with infringement of that patent.  On September

20  22, 2003, this Court denied Ricoh's motion to dismiss Synopsys' declaratory judgment action.  This

21  Court also deferred to a later time the determination of consolidating the instant case with the

22  declaratory judgment action.

23

24          **b.      Defendants' Description**

25          Ricoh alleges that each of the six defendants practice the method claims 13-20 of its '432

26  patent.  The Defendants contend that the activities that Ricoh claims as the basis of its infringement

27  allegations are nothing more than the ordinary use of Synopsys' Design Compiler software, and that

28  Ricoh's lawsuit ought to have been against Synopsys.  Ricoh contends to the contrary.

Defendants suspect that the Preliminary Infringement Contentions required from Ricoh under the Local Patent Rules will demonstrate that Ricoh is alleging infringement based on Defendants' performance of steps that are nothing more than ordinary use of the Design Compiler software. In that event, Defendants may renew their motion to stay the present action until the underlying dispute between Ricoh and Synopsys is resolved. In the alternative, Defendants propose that this case be coordinated with Synopsys' Declaratory Judgment action, and that an initial joint trial be held exclusively on the question of liability, including infringement and invalidity. The issue of damages, including the existence or absence of willfulness, should be tried separately and only after a determination of liability. The damages calculation, if liability for infringement is found, will involve complicated questions of fact specific to each of the individual defendants. Defendants, therefore, believe that the question of damages should be reserved.

The Defendants have conducted some limited discovery regarding the pre-filing investigation conducted by Ricoh. It appears that Ricoh's pre-filing "analysis" was limited to a review of the capabilities of the Synopsys' Design Compiler product and evidence that Ricoh believed indicated that each of the defendants utilize Design Compiler. No analysis of competing software tools was done, and there is no basis for the suggestion in Ricoh's description of the case that its scope ought to be expanded to include other software products beyond Design Compiler. Defendants' estimates of trial length are based on the assumption that the case will focus exclusively on allegations involving Design Compiler. If additional software manufacturers become involved in the case, additional trial time will be required.

Ricoh's description includes several argumentative elements that cannot go unchallenged:

- ▪ Ricoh's characterization of the relationship between Synopsys and the Defendants is not accurate. Defendants and Synopsys are both represented by the same counsel. Synopsys will, of course, defend its customers against accusations made by Ricoh that use of Synopsys' products practices Ricoh's patents. However, Ricoh's allegations that Synopsys "controls" this litigation are not accurate. Because Synopsys and the Defendants are represented by the same

counsel, Ricoh's statement that Synopsys' attorneys have filed all papers on behalf of the Defendants is meaningless.  Ricoh could just as easily have asserted that Aeroflex's counsel have filed all papers on behalf of Synopsys in Synopsys' declaratory judgment action.

- Ricoh refers to the pre-trial scheduling order issued by the Delaware court, which was plainly mooted when the case was subsequently transferred to the Northern District.  Many months have been lost as a result of the transfer so that the schedule defined in the Delaware order is now impossible.  Furthermore, the Delaware schedule fails to accommodate normal practice in this district.  In particular, it does not follow the schedule prescribed in the Local Patent Rules.

### 2.    Principal factual and legal issues in dispute.

#### a.    Ricoh's Description

*Factual issues relating to Ricoh's claims against the ASIC defendants:*

a.    Whether the ASIC defendants, as the actual ASIC chip designers and/or manufacturers, are the real parties in interest.

b.    Whether the ASIC defendants practice the process disclosed in the '432 patent.

c.    Whether the ASIC defendants infringe the '432 patent.

d.    The amount of damages to be awarded to Ricoh.

e.    Whether the ASIC Defendants acted willfully in infringing the '432 patent.

*Ricoh's statement of disputed legal issues:*

f.    Whether ASIC defendants can prove by clear and convincing evidence that the '432 patent is not valid.

g.    Whether the ASIC defendants can prove their affirmative defenses of estoppel and laches that would preclude Ricoh from enforcing its '432 patent against them, or limit Ricoh's right to damages.

#### b.    Defendants' Description

Defendants agree that the issues identified in b – e are presented in this case.  Additional factual issues are in dispute:

1   h.  Whether the '432 patent is invalid.

2   i.  Whether Ricoh is barred, under a theory of laches or estoppel, from enforcing its '432

3 patent against some or all of the allegedly infringing activities.

4   j.  Whether the actions that Ricoh identifies as the basis of its infringement allegations are

5 anything other than ordinary steps involved in use of Synopsys' Design Compiler product.

6   k.  Whether this action should be stayed pending resolution of the *Synopsys, Inc. v. Ricoh*

7 *Company, Ltd.* declaratory judgment action.

8   Additionally, the following legal issue is presented in this case:

9   l.  Whether the design activities claimed in the asserted method claims of Ricoh's '432

10 patent, if undertaken in Canada, can serve as the basis of an allegation of infringement under 35 U.S.C.

11 § 271(g).

12

   **3.  The other factual issues which remain unresolved:**

13

     **a.  Ricoh's Description**

14

15 Ricoh believes that the principal issues are set forth above in Ricoh's description.

     **b.  Defendants' Description**

16

17 Defendants believe that there are none.

   **4.  Parties which have not been served:**

18

19 None.

   **5.  The additional parties which the parties intend to join and the intended**

20

     **time frame for such joinder:**

21

     **a.  Ricoh's Position.**

22

23  On August 19, 2003, ASIC defendant Aeroflex disclosed that its subsidiary, Aeroflex UTMC,

24 was a purchaser of relevant software from plaintiff Synopsys, and that another company may also

engage in relevant design work.  After over 9 months of discovery, defendant Aeroflex has still failed

25

26 and have refused to provide any additional information with respect to its subsidiary.  These Aeroflex

entities may be appropriate for joinder after further discovery.

27

28

1    Since the only activities being accused of infringement in this action are those of the ASIC

2    defendants and possibly other affiliates or subsidiaries of such defendants, there is no other need to

3    join any unrelated parties to this action.

4    **b.    Defendants' Description**

5    Ricoh's assertion that "Aeroflex has refused to provide any additional information with

6    respect to its subsidiary" is without merit.  Defendant Aeroflex is collecting and will produce

7    information regarding logic synthesis operations at its Aeroflex Colorado Springs facility (formerly

8    UTMC Microelectronic Systems, Inc.).

9    Defendants are not aware of any parties that should be joined to this action.  Defendants

10   contend that Ricoh's allegations should be limited to logic synthesis activities involving alleged use of

11   Synopsys' Design Compiler product.  Ricoh has suggested that it would like to expand the scope of

12   this case to include the use of other software products.  To do so would work a grievous injustice to

13   Defendants, who should not be forced to defend a third-party software company's products against

14   Ricoh's allegations.  If Ricoh intends to broaden the scope of this case to include software

15   manufacturers other than Synopsys, which Defendants will oppose, it should be required to seek

16   joinder of these software companies immediately.

17   **6.    The following parties consent to assignment of this case to the United States**

18   **Magistrate Judge for trial:**

19   If the Court desires for scheduling purposes, Ricoh is amenable to having the Markman hearing

20   and any related tutorial held before a Magistrate Judge.  Neither party consents to assignment to a

21   Magistrate Judge for trial.  Defendants do no not consent to have Markman determinations made by a

22   Magistrate Judge.

23

24

25

26

27

28

1

**ALTERNATIVE DISPUTE RESOLUTION**

2

**7.** **The parties have not filed a Stipulation and Proposed Order Selecting an**

3

**ADR process and the ADR process to which the parties jointly (or**

4

**separately) request referral:**

5

**a.** **Ricoh's Position**

6

There has been a single meeting between business representatives of Ricoh and Synopsys Inc.

7

(which is controlling this litigation on behalf of the ASIC defendants), but the parties have not engaged

8

in negotiations. Ricoh has invited the ASIC defendants to negotiate with respect to a license, but the

9

ASIC defendants have refused. Ricoh is willing to enter into ADR with the ASIC defendants. If

10

Ricoh were required to choose an ADR procedure, Ricoh would prefer mediation by a knowledgeable

11

patent attorney.

12

**b.** **Defendants' Description**

13

Defendants do not believe that there is any purpose to settlement negotiations between Ricoh

14

and Defendants that do not include Synopsys. Settlement of this case is most likely if there is a global

15

settlement negotiated between Ricoh and Synopsys. If Defendants were required to choose an ADR

16

procedure, they request referral to the Court's ENE ADR process.

17

**DISCLOSURES**

18

**8.** **The parties certify that they have made the following disclosures:**

19

**a.** **Ricoh's Position**

20

In May 2003, Ricoh served its initial disclosures in the Delaware action and produced

21

documents identified therein. The ASIC defendants also served an initial disclosure (which they later

22

asserted were "inartfully drafted"), but, as set forth in a pending motion to compel, they have refused

23

to produce many documents identified in many of the categories of that disclosure. Almost all of the

24

documents that the ASIC defendants have produced in response to Ricoh discovery requests is prior

25

art. Few of these documents relate to Ricoh's infringement claims or those defendants' design or

26

manufacture of ASIC computer chips. Now 8 months after serving their initial disclosures and after

27

numerous complaints by Ricoh, the ASIC defendants, seeking to avoid the pending motion to compel,

28

on January 20, 2004, served an amended initial disclosure.

**b.    Defendants' Position**

The Defendants served an initial disclosure statement on May 30, 2003, and an amended version of their initial disclosure statement on January 20, 2004.  Defendants have produced prior art that they believe demonstrates the invalidity of the patent and manuals describing Synopsys' Design Compiler product that demonstrate that Design Compiler does not practice Ricoh's patents.

## DISCOVERY

**9.    The parties agree to the following discovery plan:**

**a.    Ricoh's Position.**

In Delaware, counsel for all of the parties agreed that each side would have 240 hours of deposition testimony.  The ASIC defendants have identified over thirty (30) people who have relevant factual information in their initial disclosure and therefore the additional deposition time is needed.  Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here.  There is no reason to deviate from this prior agreement of counsel.

The ASIC defendants set forth no reason for their change of heart set forth in their statement below nor is any apparent.  Moreover, it is possible for plaintiff to have 160 hours for depositions while the defendants are allowed 320 hours under the new position of the ASIC defendants, a divergence which is particularly unfair.  Even further, under this new proposal, the plaintiff's deposition time must be split over 7 entities (the 6 defendants plus Synopsys) whereas previously, it only had to be split over the 6 defendants.

**b.    Defendants' Description**

The Defendants now believe that a total of 160 hours of deposition time is ample modification from the limits on deposition testimony set in the Federal Rules of Civil Procedure to obtain the discovery necessary in this litigation.  Also, because many of Ricoh's witnesses will likely require a translator, each hour of deposition testimony requiring translation should be treated as 30 minutes against this time limit.  Furthermore, since the parties have stipulated that testimony taken in this action will be admissible in *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ, and vice versa, the total time for deposition testimony in the two actions combined should not exceed this limit.  The Defendants are not advocating that the Court give Synopsys 160 hours and grant them an

1    additional 160 hours.

2                              **PROPOSED SCHEDULE**

3              **10.     A proposed schedule is provided below:**

4                        **a.     Ricoh's Position.**

5              Ricoh asserted an infringement claim with respect to the '432 patent, and agrees that it should

6    be treated as the party claiming infringement of that patent.  Ricoh's proposed schedule contains actual

7    dates that generally are consistent with the Patent Local Rules.

8              Assessment of the defendants' liabilities and responsibility for damages should take place

9    concurrently; bifurcation of the proceedings is not appropriate.  Bifurcation is not a prudent use of

10   judicial resources, but is more a delay tactic by ASIC defendants to draw out the proceeding out .

11   Contrary to the ASIC defendants' representation, the identification of each of the ASIC manufactured

12   utilizing the infringing process and proof of such infringement is initially part of the liability issue not

13   just a damage issue.

14

15                        **b.     Defendants' Description**

16             Depending upon what Ricoh alleges in its Preliminary Infringement Contentions, Defendants

17   may seek a stay of the present action to allow the underlying dispute to be resolved in the *Synopsys,*

18   *Inc. v. Ricoh Company, Ltd.* declaratory judgment action.  If a request for stay is not made, or is

19   denied, Defendants believe that trial of this matter should be bifurcated, into separate trials on liability

20   and damages (which would include the question of whether infringement was willful or not).

21             The question of liability presents a single question, uniform for each of the defendants: is there

22   a mode of usage of the Design Compiler software that results in infringement of Ricoh's '432 patent?

23   Trial of liability issues will also have to address the question of whether defendants use the software in

24   the allegedly infringing mode, but this question is less likely to involve contentious factual disputes.

25   The question of damages, on the other hand, is complicated and particular to each of the defendants,

26   and, will require specific inquiry into each product alleged to have been designed using the infringing

27   process.  Ricoh contends that it is entitled to a portion of the revenue stream from each such product.

28   Defendants expect to contend that the ASIC products designed using the allegedly infringing process

1  could have been designed using non-infringing alternative techniques and that Ricoh's recovery must,

2  therefore, be limited to the difference in cost of the two design techniques.  Proving or disproving each

3  of these damages theories will require delving into the particulars of each design alleged to have been

4  produced by the infringing method, and will be quite time consuming.

5      Defendants, therefore, believe that, if the present action is not stayed, the question of liability

6  should be tried first, jointly with Synopsys' declaratory judgment action.  The schedule below

7  establishes a date only for the liability trial.  If liability is established, a separate damages trial can be

8  scheduled.

9          **c.      The Parties' Proposed Schedules.**

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates[1] | Defendants' Proposed Dates |
|---|---|---|---|
| Ricoh's Disclosure of Asserted Claims and Preliminary Infringement Contentions ('432 Patent) | No later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, which ever is later.  (Pat. L. R. 3-3) | February 20, 2004 | February 20, 2004 |
| Preliminary Invalidity Contentions (the '432 patent) | 45 days after Disclosure of Asserted Claims (Pat. L. R. 3-3) | April 5, 2004 | April 5, 2004 |
| Exchange of Proposed Terms and Claim Elements for Construction | 10 days after Preliminary Invalidity Contentions (Pat. L. R. 4-1(a)) | April 15, 2004 | April 15, 2004 |
| Exchange of Proposed Claim Constructions and Extrinsic Evidence | 20 days after Exchange of Proposed Terms and Claim Elements (Pat. L. R. 4-2(a)) | May 5, 2004 | May 5, 2004 |
| Joint Claim Construction and Prehearing Statement | 60 days after Preliminary Invalidity Contentions (Pat. L. R. 4-3) | June 4, 2004 | June 4, 2004 |
| Deadline to join parties and amend pleadings | L.R. 16-10(b) | June 4, 2004 (Neither party provides blanket consent to joinder of new parties.) | June 4, 2004 (Neither party provides blanket consent to joinder of new parties.) |
| Completion of Claim Construction Discovery | 30 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-4) | July 2, 2004 | July 2, 2004 |

---

[1] Ricoh in its list of proposed dates suggests trial beginning on May 2, 2005.  However, since counsel for the ASIC defendants has a trial scheduled to begin on May 24, 2005, which could possibly conflict with the ASIC defendants proposed trial date of June 6, 2005.  Ricoh is willing to accelerate this schedule so this case is tried in April of 2005.  Prior to transfer of this action from Delaware, the parties had agreed upon, and the Court had ordered, having this case ready for trial in October of 2004.

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates[1] | Defendants' Proposed Dates |
|---|---|---|---|
| Opening Claim Construction Brief | 45 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-5(a)) (15 days after Completion of Claim Construction Discovery) | July 19, 2004 | July 19, 2004 |
| Responsive Claim Construction Brief | 14 days after Opening Claim Construction Brief (Pat. L. R. 4-5(b)) | August 2, 2004 | August 2, 2004 |
| Reply Claim Construction Brief | 7 days after Responsive Claim Construction Brief (Pat. L. R. 4-5(c)) | August 9, 2004 | August 9, 2004 |
| Claim Construction Hearing | At least 14 days after Reply Claim Construction Brief (Pat. L. R. 4-6) | Late August 2004, no earlier than August 24, 2004 (date to be determined by court) | Late August 2004, no earlier than August 24, 2004 (date to be determined by court) |
| Claim Construction Ruling ("CCR") | | Provided by the Court | Provided by the Court |
| Final Infringement Contentions (the '432 patent) | 30 days after CCR (Pat. L. R. 3-6) | October 20, 2004 | October 20, 2004 or 30 days after CCR (Pat. L. R. 3-6) whichever is later[2] |
| Fact discovery cut-off | | November 23, 2004 | October 20, 2004 or 30 days after CCR whichever is later[3] |
| Final Invalidity Contentions | 50 days after claim construction ruling (CCR)(Pat. L. R. 3-6) | November 9, 2004 | November 9, 2004 or 50 days after CCR (Pat. L. R. 3-6) whichever is later |
| Deadline to disclose reliance upon opinion of counsel and produce related documents | 50 days after claim construction ruling (CCR)(Pat. L. R. 3-8) | November 9, 2004 | November 9, 2004 or 50 days after CCR (Pat. L. R. 3-8) whichever is later |
| Submission of expert reports by party with the burden of proof | | November 9, 2004 | November 19, 2004 or 60 days after CCR whichever is later |

[2] The Defendants believe that their proposed schedule based on time periods following the Court's claim construction ruling is reasonable, but suggest that an additional case management conference following the Court's claim construction ruling may be necessary to set the post-claim construction case schedule.

[3] Ricoh's Statement:  Ricoh submits that the final invalidity contentions should be provided prior to the close of fact discovery.

Defendants' Statement:  The Defendants believe that their proposed dates for fact discovery cut-off and final invalidity contentions are appropriate.  However, should the Court decide otherwise, the Defendants request that their final invalidity contentions be due at least two weeks after fact discovery cut-off.

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates[1] | Defendants' Proposed Dates |
|---|---|---|---|
| Submission of responsive expert reports | | December 9, 2004 | December 17, 2004 or 80 days after CCR whichever is later |
| Expert discovery cut-off | | January 20, 2005 | January 28, 2005 or 100 days after CCR whichever is later |
| Dispositive motion cut-off | | February 11, 2005 | February 18, 2005 or 120 days after CCR whichever is later |
| Dispositive motion hearing date | | To be set by the Court | March 29, 2005 or 155 days after CCR whichever is later |
| File motions in limine | | March 11, 2005 | April 11, 2005 or 170 days after CCR whichever is later |
| File oppositions to motions in limine | | March 25, 2005 | April 25, 2005 or 184 days after CCR whichever is later |
| File Joint Proposed Final Pre-trial Order | | April 8, 2005 | May 9, 2005 or 198 days after CCR whichever is later |
| Pre-trial Conference | | April 19, 2005 | May 19, 2005 or 208 days after CCR whichever is later |
| Trial Date | | May 2, 2005 | June 6, 2005 or 220 days after CCR whichever is later[4] |

# CLAIM CONSTRUCTION HEARING

**11.     Hearing date:**

The parties propose that a Claim Construction Pre-hearing Conference be held on a date to be set by the Court prior to the Claim Construction Hearing.  The parties propose that the Claim Construction Hearing be held before the Court in late August 2004, but no earlier than August 24,  (if the Court's schedule permits).

---

[4] Ricoh's Statement:  Since the June date proposed by the ASIC defendants may not work for their lead counsel, Ricoh encourages the Court to select the date in May proposed by Ricoh to further accommodate the ASIC defendants, Ricoh is willing to advance the schedule so that this case can be ready for trial in April of 2005.

Defendants' Statement:  The Defendants can tentatively propose a date for trial 220 days after the Court's claim construction ruling.  However, defendants' lead trial counsel currently has trial set to begin on May 24, 2005.

**12.    Tutorial:**

The parties believe that it would be helpful to present tutorial information about the technology underlying the case in advance of the Claim Construction Hearing.

**13.    Live Testimony:**

The parties would like to reserve the right to use live testimony at the Claim Construction Hearing (exclusive of the time required for any tutorial) and believe that the total presentation (testimony and argument) will be approximately four (4) hours divided equally between Ricoh and the ASIC Defendants.

Ricoh also believes that this four (4) hour time period for the Claim Construction Hearing should be used if this is consolidated with the Hearing in Synopsys, Inc. v. Ricoh Company, Ltd.

However, if the Claim Construction Hearing in this action is held jointly with the Claim Construction Hearing in *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ, the defendants believe that the total presentation will be approximately six hours divided equally between Ricoh, on one side, and the ASIC defendants and Synopsys, on the other.

**14.    Order of Presentation:**

**a.    Ricoh's Position.**

As plaintiff and owner of the '432 patent, Ricoh should go first at the Claim Construction Hearing.  Ricoh is the first-to-file and the patentee.  Further, this case has not been subordinated by the customer-suit exception, and Ricoh has a separate interest in litigating this case.  Therefore Ricoh should be the first to present its claim construction.

**b.    Defendants' Position.**

Because the present case has been designated a "customer suit" and subordinated to Synopsys' declaratory judgment action, Synopsys and the Defendants should be permitted to present argument and testimony first at the Claim Construction Hearing.

**TRIAL**

**15.    The parties request a trial date as follows:**

**a.    Ricoh's Position.**

Ricoh has proposed that trial begin on May 2, 2005. Since counsel for the ASIC defendants has indicated that she has a trial scheduled to begin on May 24, 2005, which may conflict with the ASIC defendants proposed trial date of June 6, 2005, the May 2 date would avoid that conflict. In addition, Ricoh is willing to accelerate this schedule so this case is tried in April of 2005 to further accommodate counsel for the defendants.[5]

**b.    Defendants' Position.**

June 6, 2005, or 220 days after the Court's claim construction ruling whichever is later. Again, the customer defendants can tentatively propose a date for trial 220 days after the Court's claim construction ruling. However, the defendants' lead trial counsel currently has another trial set to begin on May 24, 2005.

**16.    The parties expect that the trial will last for the following number of days:**

**a.    Ricoh's Position.**

Ten days if not consolidated and twelve trial days if consolidated with the related Synopsys declaratory judgment action.

---

[5] Prior to transfer of this action from Delaware, the parties had agreed upon, and the Delaware Court ordered, having this case ready for trial in October of 2004.

1    **b.    Defendants' Position.**

2        Defendants believe that, if the present action is not stayed, the question of liability, including

3    infringement and validity, should be tried first, jointly with Synopsys' declaratory judgment action.

4    Defendants, therefore, believe that this trial could be completed in approximately ten to twelve days.

5    If infringement allegations against logic synthesis products beyond Design Compiler are introduced

6    into the case, additional trial time will be required.  If liability is established, a separate trial can be

7    scheduled to determine damages.  Defendants believe that such a trial would require approximately

8

9    two weeks.

10

11   Dated:  February 2, 2004                DICKSTEIN SHAPIRO MORIN & OSHINSKY

12

13                                           By:  /s/ Ken Brothers
                                                  Gary M. Hoffman
14                                                Kenneth W. Brothers
                                                  Attorneys for Ricoh Company, Ltd.
15
     Dated: February 2, 2004                 HOWREY SIMON ARNOLD & WHITE, LLP
16

17

18                                           By:  /s/ Teresa Corbin
                                                  Teresa M. Corbin
19                                                Attorneys for Defendants

20

21

22

23

24

25

26

27

28

1
2

**CASE MANAGEMENT ORDER**

3        The Case Management Statement and Proposed Order is hereby adopted by the Court as the

4   Case Management Order for the case and the parties are ordered to comply with this order.  In addition

5   the Court orders:

6
7
8
9
10
11
12
13
14   Dated: _____                          _____
15                                                     HON. MARTIN J. JENKINS
16
17
18
19
20
21
22
23
24
25
26
27
28



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

RICOH COMPANY, LTD.                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )        C.A. No.03-103-GMS
                                       )
AEROFLEX INCORPORATED, AMI             )
SEMICONDUCTOR, INC., MATROX            )
ELECTRONIC SYSTEMS LTD.,               )
MATROX GRAPHICS INC., MATROX           )
INTERNATIONAL CORP. and                )
MATROX TECH, INC.                      )
                                       )
          Defendants.                  )

RECEIVED

MAY 3 0 2003

Robert W. Whetzel

FILED

MAY 3 0 2003

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SCHEDULING ORDER

This 30th day of _____May_____ 2003, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

May 30, 2003.

2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before July 30, 2003.

3.    **Reliance Upon Advice of Counsel.**  Defendants shall inform plaintiff whether

they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

   4.  ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The *Markman* hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

   5.  **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

   a.  **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party

seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing

the issues in contention.  The responding party shall file within five (5) days from the date of

service of the opening letter an answering letter of no more than **TWO PAGES**.  The party

seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days

from the date of service of the answering letter.

      6.    **Confidential Information and Papers filed under Seal.**  Should counsel find it

will be necessary to apply to the Court for a protective order specifying terms and conditions for

the disclosure of confidential information, they should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within 10 days from the date of this order.

When filing papers under seal, counsel should deliver to the Clerk an original and two copies of

the papers.

      **If after making a diligent effort the parties are unable to agree on the contents of the**

**joint proposed protective order, then they shall follow the dispute resolution process**

**outlined in paragraph 5(a).**

      7.    **Settlement Conference.**  Pursuant to 28 U. S.C. §636, this matter is referred to

the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the

parties agree that the possibility of settlement may be enhanced by such referral, the parties shall

contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

      8.    **Summary Judgment Motions.**  Prior to filing any summary judgment motion,

the parties must submit letter briefs seeking permission to file the motion.  The opening letter

brief shall be no longer than five (5) pages and shall be filed with the Court no later than

February 12, 2004. Answering letter briefs shall be no longer than five (5) pages and filed with

the Court no later than February 27, 2004. Reply letter briefs shall be no longer than three (3)

pages and filed with the Court on or before March 8, 2004. The Court shall hold a status

conference to hear argument and to determine whether the filing of any motion will be permitted

on March 23, 2004 at 11:00 a.m. **Unless the Court directs otherwise, no letter requests to file**

**a motion for summary judgment may be filed at a time before the dates set forth in**

**paragraph 8.**

9.    **Case Dispositive Motions.** Should the Court permit the filing of summary

judgment motions an opening brief and affidavits, if any, in support of the motion shall be served

and filed on or before April 2, 2004. Parties must submit an original and two (2) copies. Briefing

will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative

briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

10.    **Applications by Motion.** Except as provided in this Order or for matters relating

to scheduling, any application to the Court shall be by written -motion filed with the Clerk.

Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers. Any non-dispositive motion should contain the statement required

by Local Rule 7.1.1.

11.    **Oral Argument.** If the Court believes that oral argument is necessary, the Court

will schedule a hearing Pursuant to Local Rule 7.1.4.

12.    **Status/Daubert Conference.** On or before June 30, 2004, the parties shall meet

and confer on any Daubert issues and motion in limine issues that any party wants to raise. On or

before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise.  The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13.   **Pretrial Conference.**  On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine.  Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14.   **Trial.**  This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15.   **Scheduling.**  The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

UNITED STATES DISTRICT JUDGE