Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX ET AL, <br><br> Defendants. | **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **RICOH'S MOTION TO CONTINUE RESPONSE TO DEFENDANTS RULE 12(C) MOTION PENDING RICOH'S MOTION TO AMEND COMPLAINT** <br><br> **Date:  N/A** <br> **Time:  N/A** <br> **Courtroom:  N/A** |

## NOTICE OF MOTION AND MOTION FOR CONTINUANCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court to continue defendants' motion for judgment on the pleadings pursuant to Rule 12(c) until Ricoh's motion for leave to file an amended complaint (filed contemporaneously herewith) is heard, because the amended complaint will moot the Rule 12(c) motion.

As set forth more fully in Ricoh's motion for leave to file an amended complaint, Ricoh's proposed amended complaint does three things. First, it adds a party named Aeroflex Colorado Springs, Inc. (hereafter "Aeroflex Colorado"), which is related to defendant Aeroflex Inc. During discovery, Ricoh has learned that Aeroflex Colorado assists defendant Aeroflex in its infringing activities. Ricoh seeks to join the affiliate in the interest of efficiency and judicial economy. Second, the amended complaint narrows, without prejudice, the number of claims of the '432 patent that are the subject of Ricoh's infringement claims, and thus the number of claims the Court will need to consider when ruling on the Complaint. Third, the amended complaint makes even more clear that Ricoh's infringement allegations are based upon both 35 U.S.C.§ 271(a) and § 271(g). Although Ricoh's complaint was always based upon both sections, this clarification is appropriate in response to defendants Rule 12(c) motion, which incorrectly asserts that Ricoh's complaint was limited solely to § 271(g).

Expedited consideration is appropriate, because Ricoh's response to defendants' Rule 12(c) motion is due on February 24, 2004. There is no purpose in requiring Ricoh to respond to a motion that will be mooted by an amended complaint. Defendants have refused to either consent to the filing of the amended complaint, or to either postpone or withdraw their Rule 12(c) motion pending Ricoh's motion to amend its complaint.

Ricoh has not previously sought to amend its complaint or previously sought a modification of the time schedules relating to this action. There is no case management order and no case management conference has been scheduled. Granting this motion will not cause any prejudice to any schedule or to the defendants.

This motion is based upon the following memorandum of points and authorities, the accompanying declaration of Kenneth W. Brothers, all pleadings on file in this action, any arguments to the Court. A proposed Order is enclosed.

## RELIEF REQUESTED

Specifically, Ricoh seeks an Order from the Court continuing its response and the hearing on defendants' Rule 12(c) motion until after the amended complaint has been filed and defendants can decide whether a renewed Rule 12 motion may be appropriate. The current Rule 12(c) motion will be mooted by the filing of the amended complaint, and requiring Ricoh to respond to a mooted motion is an inefficient use of Court's and the parties' resources.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF ISSUES TO BE DECIDED**

*Should the Court conserve its resources and the resources of the parties by continuing the hearing on defendants' Rule 12(c) motion, which will be mooted if the complaint is amended?*

**II.   ARGUMENT**

    **A.   The Briefing And Hearing On The Rule 12(c) Motion Should Be Continued**

On February 4, 2004, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c). Although Ricoh is prepared to show that the motion is without merit because it both misconstrues Ricoh's complaint and the relevant law, the entire motion will be mooted if Ricoh is permitted to file its amended complaint.

In their moving papers, the ASIC defendants concede that their Rule 12(c) motion would be mooted if Ricoh amends its complaint. Although Ricoh firmly believes that its existing complaint is sufficient, in order to save the Court from having to rule on the unnecessary 12(c) motion, and to reduce

the number of proceedings, Ricoh proposes to amend its complaint and moot the pending motion. A party is permitted to amend its complaint to clarify their claims against an opposing party. *Meyerson v. Wickes Co. Inc.*, 882 F. Supp. 1371 at 1379 (S.D.N.Y. 1995) (court allowed party to amend its complaint to clarify its claims against defendants). Consistent with that policy, Ricoh should be given leave to amend its complaint to clarify its allegations against the defendants so as not to incur any further delay of a decision on the merits of Ricoh's case.

On February 12, 2004, Ricoh sent a redlined copy of the amended complaint to counsel for the ASIC defendants, and requested their consent by February 16. Defense counsel failed to timely respond, and Ricoh made two additional requests for either defendants' agreement or disagreement. Defendants finally sent their disagreement after business hours on February 17. Defendants did not identify any prejudice that they would suffer by agreeing to the proposed amendment.

There will be no prejudice by continuing any response to defendants Rule 12(c) motion until after the Court decides whether the complaint should be amended. It makes no sense to proceed with briefing a Rule 12(c) motion on a complaint that will be superceded. When the amended complaint is filed, then defendants can decide whether a new Rule 12 motion is appropriate.

### **CONCLUSION**

Ricoh respectfully requests that this Court continue any response to defendants Rule 12(c) motion until after the Court decides whether the complaint should be amended.

Dated: February 18, 2004                    Respectfully submitted,

                                              Ricoh Company, Ltd.

                                              By: /s/_____

                                              Jeffrey B. Demain, State Bar No. 126715
                                              Jonathan Weissglass, State Bar No. 185008
                                              ALTSHULER, BERZON, NUSSBAUM,
                                                  RUBIN & DEMAIN
                                              177 Post Street, Suite 300
                                              San Francisco, California 94108

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Phone: (415) 421-7151
Fax: (415) 362-8064

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880

Attorneys for Ricoh Company, Ltd.