Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | CASE NO. C-03-4669-MJJ (EMC) |
| Plaintiff, | **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S MOTION FOR CONTINUANCE** |
| vs. | |
| AEROFLEX INCORPORATED, et al., | Date: N/A |
| Defendants | Time: N/A<br>Courtroom:  N/A |

Kenneth W. Brothers declares as follows:

1. I am an attorney at law licensed to practice in the State of Colorado and the District of Columbia and admitted in this case *pro hac vice*, and am a partner in the law firm of Dickstein Shapiro Morin & Oshinsky, LLP, attorneys for Ricoh Company, Ltd. The matters set forth in this declaration are based on my personal knowledge, except where indicated, and if called as a witness, I could and would testify competently thereto.

2. On February 4, 2004, the ASIC defendants moved for judgment on the pleadings pursuant to Rule 12(c). Although Ricoh is prepared to show that the motion is without merit because it both misconstrues Ricoh's complaint and the relevant law, the entire motion will be mooted if Ricoh is permitted to file its amended complaint. Ricoh filed for leave to amend its complaint on February 18, 2004.

3. In their Rule 12(c) moving papers, the ASIC defendants concede that their Rule 12(c) motion would be mooted if Ricoh amends its complaint. Although Ricoh firmly believes that its existing complaint is sufficient, in order to save the Court from having to rule on the unnecessary 12(c) motion, and to reduce the number of proceedings, Ricoh proposes to amend its complaint and moot the pending motion. Ricoh should be given leave to amend its complaint to clarify their allegations against the defendants so as not to incur any further delay of a decision on the merits of Ricoh's case.

4. On February 12, my partner, Ed Meilman, sent by facsimile a redlined copy of the amended complaint to Chris Kelley, counsel for the ASIC defendants, and requested defendants' consent by February 16. Defense counsel failed to timely respond. On February 17, I spoke by telephone with Tom Mavrakakis and asked for defendants' consent to file the amended complaint, and for defendants to withdraw or postpone their Rule 12(c) motion. Mr. Mavrakakis declined to respond to my request. Later on February 17, Mr. Meilman and I spoke by telephone to Chris Kelley and Erik Moller and made the same request. Messrs. Kelley and Moller again declined to state whether

defendants would consent or withdraw their motion. At about 9 p.m., Mr. Kelley faxed Mr. Meilman a letter refusing to consent to the amended complaint, and refusing to withdraw the Rule 12(c) motion. Defendants' late response precluded Ricoh from filing a motion for a hearing date on March 23, the day before a discovery hearing before magistrate Judge Chen. Defendants did not identify any prejudice that they would suffer by agreeing to the proposed amendment.

5. There will be no prejudice by continuing any response to defendants Rule 12(c) motion until after the Court decides whether the complaint should be amended. It makes no sense to proceed with briefing a Rule 12(c) motion on a complaint that will be superceded. When the amended complaint is filed, then defendants can decide wither a new Rule 12 motion is appropriate on that motion.

6. Expedited consideration is appropriate, because Ricoh's response to defendants' Rule 12(c) motion is due on February 24, 2004. There is no purpose in requiring Ricoh to respond to a motion that will be mooted by an amended complaint. Defendants have refused to either consent to the filing of the amended complaint, or to either postpone or withdraw their Rule 12(c) motion pending Ricoh's motion to amend its complaint.

7. Ricoh has not previously sought to amend its complaint or previously sought a modification of the time schedules relating to this action. There is no case management order and no case management conference has been scheduled. Granting this motion will not cause any prejudice to any schedule or to the defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed at Washington, D.C. on December 2, 2003.

/s/ Kenneth W. Brothers
Kenneth W. Brothers