Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY LTD., | CASE NO. CV-03-4669-MJJ (EMC) |
| Plaintiff, | **RICOH'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| vs. | |
| AEROFLEX ET AL, | **Date:  March 30, 2004** |
| Defendant. | **Time:  9:30 a.m.** |
| | **Courtroom:  11** |

## NOTICE OF MOTION AND RELIEF REQUESTED

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 30, 2004, at 9:30 a.m. in Courtroom 11 of the above-referenced Plaintiff Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court for leave to amend the complaint. The proposed amendment adds a related party, narrows the number of claims of the '432 patent that are the subject of Ricoh's infringement claims, and (in response to defendants Rule 12(c) motion) may better articulate the basis for Ricoh's infringement allegation. Counsel for the defendants have refused to consent to the filing of the amended complaint.

Ricoh bases this Motion upon the attached proposed amended complaint, the following Memorandum of Points and Authorities, all pleadings on file in these cases, and such argument as may be heard by this Court. A proposed order is attached.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Ricoh's proposed amended complaint does three things. First, it adds a party named Aeroflex Colorado Springs, Inc. (hereafter "Aeroflex Colorado"), which is related to defendant Aeroflex Inc. During discovery, Ricoh has learned that Aeroflex Colorado assists defendant Aeroflex in its infringing activities. Ricoh seeks to join the affiliate in the interest of efficiency and judicial economy.

Second, the amended complaint narrows, without prejudice, the number of claims of the '432 patent that are the subject of Ricoh's infringement claims, and thus the number of claims the Court will need to consider when ruling on the Complaint. Third, the amended complaint makes even more clear that Ricoh's infringement allegations are based upon both 35 U.S.C.§ 271(a) and § 271(g). Although Ricoh's complaint was always based upon both sections, this clarification is appropriate in response to defendants Rule 12(c) motion, which incorrectly asserts that Ricoh's complaint was limited solely to § 271(g).

**PROCEDURAL POSTURE**

This action was originally filed in Delaware in January 2003 and in August 2003, transferred to this Court. The defendants have filed answers and counterclaims which have been amended twice. Ricoh has not previously sought to amend its complaint. In December 2003, this Court rejected the defendants' motion to dismiss or stay. While the Delaware court issued a case management order, this Court has deferred holding a case management conference without fixing a date therefore, and no cut off date for joining other parties, discovery deadlines, pretrial schedule or trial date has been set by this Court.

On February 4, 2004, the defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c). Ricoh believes that the proposed amended complaint would moot that motion (an issue to be resolved in the context of that motion). On February 12, Ricoh sent a copy of the proposed amended complaint to the defendants and asked them to stipulate to it. On February 17, 2004, the defendants refused to either stipulate or to withdraw their Rule 12(c) motion.

**FACTUAL BACKGROUND**

**A.   The New Aeroflex Party.**

Ricoh posed an interrogatory to the defendants in which they were requested to "[d]escribe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time." (Weinstein Dec. Ex. 1, Ricoh's First Set of Interrogatories to all Defendants.) Defendant Aeroflex did not identify its Colorado Springs facility in its response nor provide any documents that show the relationships between Aeroflex and any subsidiary or division. (Weinstein Dec. Ex. 2, Aeroflex Inc.'s response to Ricoh's First set of Interrogatories.) Nevertheless, during oral argument before this Court concerning the since denied motion to stay, Ricoh learned that an entity related to Aeroflex was involved in the accused patent infringement. Further information has not been forthcoming.

For example, in the proposed Case Management Statement that was filed last month, Aeroflex represented that "Defendant Aeroflex is collecting and will produce information regarding logic synthesis operations at its Aeroflex Colorado Springs facility (formerly UTMC Microelectronic Systems, Inc.)." (Weinstein Dec. Ex. 3, Case Management Statement filed 2/2/04, at p. 7.)  No documents have yet been produced.

Aeroflex's website refers to "Aeroflex Microelectronic Solutions - Colorado Springs, Colorado." (Weinstein Dec. Ex. 4, Aeroflex Web page.) Documents filed with the Securities and Exchange Commission refer to Aeroflex Colorado Spring, Inc. (Weinstein Dec. Ex. 5., Aeroflex SEC Form 10-K filing)  Ricoh is relying on the SEC filings for the proper name of the entity.

**B.    The Narrowed Claims At Issue.**

The proposed amended complaint reduces the number of claims of the '432 patent that are the subject of Ricoh's infringement claims.  Narrowing the number of claims at issue will simplify the Markman claim construction process, as well as the infringement analysis.

**C.    The Infringement Allegations.**

The proposed amended complaint modifies the paragraphs containing the infringement allegations.  This modification is prompted by the defendants' pending motion for judgment on the pleadings.

In December 2003, two of the Matrox defendants moved for summary judgment based on the argument that they did not conduct any allegedly infringing activities in the United States.  After Ricoh deposed a corporate representative of the movants (Weinstein Dec. Ex. 6., Motion for Summary Judgment filed 12/2/03.), the motion was withdrawn on February 10, 2004.  (Weinstein Dec. Ex. 7, Notice of Withdrawal.)

Last week, all of the defendants moved for judgment on the pleadings pursuant to Rule 12(c). The motion is noticed for hearing on March 16 and in essence, attempts to resurrect the withdrawn summary judgment motion.  Ricoh intends to show, in responding to that motion, that it is based on a misreading of the complaint and an improper interpretation of the applicable law.  Although Ricoh

firmly believes that its existing complaint is sufficient, it now proposes to amend its complaint and believes that act will assist the Court in ruling on the Rule 12(c) pending motion. Ricoh's amendment modifies paragraphs 17, 23, 29, 35, 41, 47 and 53 to assert that each of the ASIC defendants "has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits *made with the use and/or by the process of* one or more of claims *13-17* of the '432 Patent, either literally or under the doctrine of equivalents." (emphasis added to show changes from Ricoh's original Complaint).

In refusing to stipulate to the amended complaint, defendants did not identify any prejudice that they would suffer by agreeing to the proposed amendment. (Weinstein Dec. Ex. 9, correspondence from defendants dated 2/17/04).

## ARGUMENT

### I.  LEAVE TO AMEND IS FREELY GIVEN

Fed. R. Civ. P. 15(a) states that a complaint may be amended upon leave of the court and "leave shall be freely given when justice so requires." The Ninth Circuit has consistently held that leave to amend should be granted unless, in an extraordinary case, the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, there are a significant amount of facts to support Ricoh's amended complaint and still a substantial amount of factual discovery to be obtained. In addition, the *Lopez* court noted "we have repeatedly stressed that the court must remain guided by the 'underlying purpose of Rule 15…to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Id.*, quoting *Noll v. Carlson,* 809 F.2d 1446 at 1448 (9th Cir. 1987).

Other factors weigh into the decision of whether to grant leave to amend. These factors include "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048 at 1052 (9th Cir. 2001), quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 at 538 (9th Cir. 1989). The defendants cannot allege or prove that actions by Ricoh fall into any of these categories. Ricoh's proposed amendment of its complaint appropriately seeks to add a related party, narrow the claims at issue, and clarify its allegations of infringement against the defendants. None of the above mentioned factors or motivations exist in Ricoh's filing of an Amended Complaint.

### A. The Court should allow joinder of Aeroflex Colorado

When Ricoh filed its complaint, it believed that Aeroflex did all of its own ASIC design synthesis. As stated above, Ricoh later learned that another Aeroflex entity is assisting defendant Aeroflex in performing design synthesis. Aeroflex did not reveal information about that related entity in response to discovery. While Aeroflex recently represented to this Court that it would provide information concerning that activity, it has not yet done so. Accordingly, any prejudice that might exist has been caused by defendant Aeroflex. Fed. R. Civ. P. 20 permits parties to permissively include additional parties to a lawsuit after the suit has been filed. A party may be joined as a defendant "if there is asserted against them jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The Court has the discretion of whether to grant a motion to add a party and leave to file an amended complaint reflecting the additional party. *Meyercheck v. Givens*, (7th Cir. 1950) 180 F.2d 221.

At the very least, Aeroflex markets and sells ASICs. (See Aeroflex Website printout, Weinstein Decl. Ex. 8.) Some, if not all, of the ASICs sold by Aeroflex are designed by Aeroflex Colorado. Although a subsidiary of Aeroflex could be jointly (and severally) liable for patent infringement in separate lawsuits, it would be more judicially economical to join Aeroflex Colorado in the present lawsuit where similar facts and issues can be resolved in one proceeding. See, *Stanley Works v. Haeger Potteries, Inc.*, 142 U.S.P.Q. 256 (N. D. Ill 1964).

The inclusion of Aeroflex Colorado would not impede the present litigation. Adding Aeroflex Colorado would not create any considerable delay in the litigation. Although this case has been pending for over one year, discovery is still in its infancy. Furthermore, since this case has been transferred to this Court, a case management conference has not yet been held and no trial date established. No cut off date for joining other parties has been set by this Court. The inclusion of Aeroflex Colorado would not prejudice any defendant, nor would it create added expense to the lawsuit. See, *Naxon Telesign Corp. v. GTE*, 213 U.S.P.Q. 40 (N. D. Ill. 1980).

**B.     The Court should allow the number of claims to be reduced**

The amended complaint reduces, without prejudice, the number of claims of the '432 patent that are the subject of Ricoh's infringement claims. Narrowing the number of claims at issue will simplify the Markman claim construction process, as well as the infringement analysis.

**C.     The Court should allow Ricoh leave to amend its infringement statement**

Ricoh also seeks to amend its complaint pursuant to Rule 15(a) simply to clarify its proper allegations against the defendants. On February 4, 2004, defendants filed a motion for Judgment on the Pleadings pursuant to Rule 12(c). With their Rule 12(c) motion, Ricoh believes that the defendants are now attempting to avoid the merits of Ricoh's infringement claims against them and instead are mischaracterizing and recasting Ricoh's complaint. The merits of that position will, of course, be resolved by that motion but it has also been established that courts may allow a party to amend their Complaint to clarify their claims against an opposing party, *see e.g.*, *Meyerson v. Wickes Co. Inc.*, 882 F. Supp. 1371 at 1379 (S.D.N.Y. 1995) (court allowed party to amend its complaint to clarify its claims against defendants). Consistent with that policy, Ricoh should be given leave to amend its complaint to clarify its allegations against the defendants so as not to incur any further delay of a decision on the merits of Ricoh's case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CONCLUSION

Ricoh respectfully requests that this Court grant leave to file its proposed Amended Complaint as specified in the proposed order.

Dated:  February 18, 2004

Respectfully submitted,

Ricoh Company, Ltd.


By: _____

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
    RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN *&*
    OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN *&*
    OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., ) | Case No. CV 03-04669 MJJ (EMC) |
| Plaintiff, ) | |
| vs. ) | **[PROPOSED] ORDER GRANTING RICOH'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| AEROFLEX INCORPORATED, et al., ) | |
| Defendants. ) | |

This matter came before the Court on March 30, 2004 on a motion by Plaintiff Ricoh Company, Ltd. ("Ricoh") seeking leave to amend its Complaint against Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc. (collectively the "defendants") and to join a related party, named Aeroflex Colorado Springs, Inc.

After consideration of the papers filed in support of the motion, any papers filed in opposition, and any oral argument of counsel:

IT IS ORDERED, that Plaintiff Ricoh's Motion for Leave to Amend its Complaint and for Joinder is GRANTED. The Clerk is directed to accept Ricoh's Proposed Amended Complaint for filing and entry onto the docket.

FURTHER ORDERED that Defendants' motion for judgment on the pleadings is denied as moot.

Dated: _____, 2004      _____
                                         Honorable Martin J. Jenkins
                                         Judge, United States District Court

Submitted: February 18, 2004 by:

Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP

| | |
|---|---|
| 1 | 2101 L Street, NW |
| | Washington, DC  20037-1526 |
| 2 | Phone (202) 785-9700 |
| | Fax (202) 887-0689 |
| 3 | |
| | Edward A. Meilman (*Pro Hac Vice*) |
| 4 | DICKSTEIN SHAPIRO MORIN |
| |   & OSHINSKY, LLP |
| 5 | 1177 Avenue of the Americas |
| | New York, New York  10036-2714 |
| 6 | Phone (212) 835-1400 |
| | Fax (212) 997-9880 |
| 7 | |
| | Jeffrey B. Demain, State Bar No. 126715 |
| 8 | Jonathan Weissglass, State Bar No. 185008 |
| | ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN |
| 9 | 177 Post Street, Suite 300 |
| | San Francisco, California  94108 |
| 10 | Phone  (415) 421-7151 |
| | Fax (415) 362-8064 |
| 11 | |
| | Attorneys for Plaintiff |