Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants
AEROFLEX, INC.,
AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC.
MATROX INTERNATIONAL CORP., and
MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.,<br><br>　　　　Defendants. | Case No. CV 03-04669 MJJ (EMC)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　N/A<br>Time:　N/A<br>Ctrm:　N/A<br>Judge:　Hon. Martin J. Jenkins |

## I. INTRODUCTION

Ricoh asks the Court to continue the Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. Rule 12(c) (D.I. 100) on the grounds that Ricoh's proposed amendment of its complaint renders the 12(c) motion moot. This is false. Ricoh's proposed amendment in response to the Defendants' motion adds a new theory of patent infringement under 35 U.S.C. § 271(a) not advanced in its original complaint, thereby accusing an entirely new set of activities under a new legal theory not previously set out in the complaint. Ricoh's amendment does not, however, delete the original infringement allegations under 35 U.S.C. § 271(g), to which Defendants' motion was directed. Defendants' motion, therefore, remains relevant.

Ricoh's misleading claim that the Defendants' Rule 12(c) motion is mooted is a desperate attempt to avoid or defer the day on which the legal adequacy of Ricoh's Section 271(g) allegations is weighed. In basing its original infringement contentions on Section 271(g), Ricoh hoped to extend the scope of its U.S. patent number 4,922,432 ('432 patent), which claims only a process for designing integrated circuits, to make an infringement case against semiconductor devices sold or imported into the United States, regardless of where they were designed or fabricated. To that end Ricoh sent demand letters to Synopsys' customers that were known to have their design (and manufacturing) facilities located in Asia (see Declaration of Erik K. Moller at ¶ 2 ("Moller Decl.")), and, in the present litigation, sued Matrox companies that did no semiconductor design work in the United States. The Defendants' motion explains why Section 271(g) cannot, under its own terms, be applied to Ricoh's patent.

Ricoh's wish to amend its complaint to accuse a new class of activities does not alter the relevance, timeliness or importance of Defendants' motion. The Defendants' motion would dramatically simplify the present case, reducing the potential scope of application of Ricoh's patent. Because an infringement theory under Section 271(a) would not reach the importation or sale of goods manufactured using a patented method, the new infringement allegations under Section 271(a) cannot be made against companies that use Synopsys' software outside the boundaries of the United States. There are important reasons not to defer resolution of the Defendants' motion. Determination of the

Defendants' motion will give Synopsys customers outside the United States that have been threatened by Ricoh judicial confirmation that Ricoh's patent cannot be applied to reach their activities abroad, as Ricoh alleged in its original complaint. Furthermore, the scope of the present case will be dramatically simplified, since the Court will be deciding that the products of the Matrox companies designed outside the United States cannot be accused of infringing Ricoh's patent.

## II. ARGUMENT

### A. Ricoh's proposed amendment amends the complaint to accuse an entirely new set of activities under a new legal theory, but does not moot Defendants Rule 12(c) motion since it retains the allegations that are the subject of that motion.

With its proposed amendment, Ricoh seeks to add an allegation of infringement under Section 271(a) to the pre-existing allegation of infringement under Section 271(g). As explained in the Defendants' motion, Ricoh's original complaint alleges infringement of its '432 patent only under section 35 U.S.C. § 271(g) by all six defendants regardless of the location of their design operations. The claims from the '432 patent asserted by Ricoh in its complaint are all method claims. Method claims have a dramatically different scope under Sections 271(a) and 271(g). Under Section 271(g), the sale, importation or use, in the United States, of goods made by the infringing method can be held to be an infringing activity, regardless of whether the goods were manufactured in the United States or not. *See* 35 U.S.C. § 271(g). However, Section 271(g) can only be invoked to enforce method claims that describe methods used <u>directly</u> in the manufacture of an article of commerce. *See Bayer AG v. Housey Pharmaceuticals, Inc.*, 340 F.3d 1367, 1378 (Fed. Cir. 2003). In contrast, Section 271(a) cannot be used to reach the sale of manufactured goods if the patent at issue involves a method claim. Under Section 271(a), a method claim is infringed only on those occasions on which the method itself is practiced within the United States. *See* 35 U.S.C. § 271(a). These sections, therefore, address separate and non-overlapping activities that can be found to constitute infringement of a method claim. Section 271(a) relates only to the actual practice of the patented method within the United States. Section 271(g) relates to sale or use of goods manufactured using the patented method.

In its motion, and in the amending language that it proposes, Ricoh avoids its obligation under Fed. R. Civ. P. Rule 8(a) to make a "plain statement" of the bases for its claim. The wording of Ricoh's proposed amendment seems designed to avoid Defendant's Rule 12(c) motion on the propriety of pleading infringement under Section 271(g) by the artifice of mixing language pleading infringement under Section 271(a) into Ricoh's original Section 271(g) infringement allegations. This is completely incompatible with Fed. R. Civ. P. Rule 10(b), which requires that "[e]ach claim founded upon a separate transaction or occurrence … shall be stated in a separate count."

Despite the fact that Ricoh seeks permission to amend its complaint in a manner that mixes the language making out a theory under Section 271(a) into the pre-existing language pleading infringement under Section 271(g), a review of the proposed amendment makes plain that Ricoh is asking to plead these separate factual and legal theories. In a letter to Defendant's counsel, Ricoh identified the alterations that it wished to make to the pleading as follows:

> 22.23. Upon information and belief, AMI has been and is now infringing the '432 Patent by using, offering to sell utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits designed made with the use and/or by or using information generated by, the process of one or more of claims 13-20 17 of the '432 Patent, either literally or under the doctrine of equivalents.

*See* Moller Decl., Ex. B.

In contrast, in its moving papers, Ricoh presents an incomplete (and misleading) identification of the changes that it is seeking to make to the complaint. *See* Ricoh Motion at 5, lines 2-10.

As described in Defendants' motion, the language of the original complaint closely matches the provisions of Section 271(g). The amendments that Ricoh proposes insert a large, new block of text ("utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of

the process of manufacturing application specific integrated circuits") that lays out the elements of an infringement allegation under Section 271(a). This Section 271(a) allegation is followed by an "and/or" and then by language that is mostly from the original complaint ("selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or the process of one or more of the claims 13-17 of the '432 Patent") and that is directed to infringement under Section 271(g).

Although the Defendants will separately respond to Ricoh's motion to amend in accordance with the briefing schedule for that motion, the Defendants note here that Ricoh's request for leave to amend to add a new Section 271(a) claim should be denied. The Ninth Circuit has made clear that "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally" leave to amend should be denied. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995); *see also Allen, v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) ("[A] district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only "new theories" and "provided no satisfactory explanation for his failure to fully develop his contentions originally."'") (citations omitted). Here Ricoh seeks to amend to add this new legal theory based on Section 271(a) without providing any explanation to the Court as to why it failed to allege infringement under that section in its original complaint. Thus, Ricoh's request for leave to add a claim under 271(a) should be denied.

Similarly, Ricoh's efforts to re-word its claim under Section 271(g) in its proposed amendment should also be rejected. Specifically, as pointed out in the Defendants' Rule 12(c) motion, there is no legal basis for alleging an infringement claim for the patented processes of the '432 patent under 271(g). Thus, Ricoh's attempt to do so should not only be denied as futile but as a bad faith attempt to burden and prejudice the Defendants with this legally insufficient claim.

Even if the Court determines to allow Ricoh to amend its complaint to add a cause of action under Section 271(a), it will still be important and appropriate for the Court to address the adequacy of Ricoh's Section 271(g) allegations. Ricoh's assertion that granting the motion to continue will not cause the Defendants any prejudice is false. A determination by the Court that Section 271(g) does not

4

HOWREY
SIMON
ARNOLD &
WHITE

DEFENDANTS' OPP. TO MOTION TO CONT.
MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. CV 03-04669 MJJ (EMC)

apply will allow Synopsys to reassure its foreign customers that Ricoh cannot assert infringement of its U.S. patent based on their use of Synopsys' products abroad. In addition, resolution of the Section 271(g) question will have a direct impact on the scope of the present litigation. Two of the defendants in this case, Matrox Electronic Systems, Ltd. ("Matrox Electronics") and Matrox Graphics, Inc. ("Matrox Graphics") are Canadian companies that do no engineering or other product design work in the United States. If the Defendants are correct, and Ricoh cannot allege infringement of the '432 patent under Section 271(g), then Ricoh's case against Matrox Electronics and Matrox Graphics must be limited to the question of whether they practice Ricoh's patented design method in the United States. At the present time, Ricoh is aggressively seeking discovery from Matrox Electronics and Matrox Graphics regarding their design activities in Canada. This discovery is not relevant, and can be avoided, if the Court grants the Defendants' motion. Finally, the determination will have a profound impact on the scope of discovery, even as to those Defendants accused of practicing the claimed method within the United States. If Ricoh is limited to a theory of infringement under Section 271(a), then liability is limited to alleged instances of use of Ricoh's claimed method. Discovery relating to the sale or use of integrated circuits manufactured by the Defendants will not be relevant, which will dramatically simplify the scope of this litigation.

      **B.**    **The Court can give Defendants' Judgment on the Pleadings as to the cause of action under Section 271(g) while at the same time allowing Ricoh to add a cause of action under Section 271(a).**

Ricoh's attempt to amend its complaint and the Defendant's Motion for Judgment on the Pleadings are directed to distinct and separable issues. In its motion for leave to amend, Ricoh will ask for leave to amend its complaint to allege infringement under Section 271(a). Defendants' Motion for Judgment on the Pleadings seeks a determination that Ricoh cannot, as a matter of law, sustain allegations of infringement under Section 271(g). There is no reason that the Court cannot address both issues in separate and/or simultaneous motions.

Even if the Court allows Ricoh to add a Section 271(a) cause of action, the Court can still grant judgment on the pleadings under Rule 12(c) as to a particular cause of action alleged by Ricoh. *See*

*Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1401 (N.D. Cal. 1997). The fact that Ricoh proposes to ignore Fed. R. Civ. P. Rule 10(b) and to mix the allegation of infringement under Section 271(a) into the wording making an allegation of infringement under Section 271(g) does not alter the fact that these are separate and independent grounds for asserting infringement, and that the Defendants can seek to have these grounds independently stricken under Rule 12(c). The substance of the allegations govern – not the form of Ricoh's pleading.

### III. CONCLUSION

For the foregoing reasons, Ricoh's motion to continue the Defendants' Motion for Judgment on the Pleadings should be denied.

Dated: February 20, 2003

Respectfully submitted,

HOWREY SIMON ARNOLD & WHITE, LLP

By: /s/Erik K. Moller
Erik K. Moller
Attorneys for Defendants
AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.