1 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
3 | HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
4 | Menlo Park, California 94025
Telephone: (650) 463-8100
5 | Facsimile: (650) 463-8400

6 | Attorneys for Defendants AEROFLEX
INCORPORATED, et al.
7

8

9 |                  UNITED STATES DISTRICT COURT

10 |               NORTHERN DISTRICT OF CALIFORNIA

11 |                    SAN FRANCISCO DIVISION

12 | RICOH COMPANY, LTD                    ) Case No. CV 03-4669 MJJ (EMC)
                                          )
13 |              Plaintiff,              ) **DECLARATION OF ERIK MOLLER IN**
                                          ) **SUPPORT OF DEFENDANTS'**
14 |    vs.                               ) **OPPOSITION TO MOTION TO CONTINUE**
                                          ) **MOTION FOR JUDGMENT ON THE**
15 | AEROFLEX INCORPORATED, AMI            ) **PLEADINGS**
     SEMICONDUCTOR, INC., MATROX          )
16 | ELECTRONIC SYSTEMS, LTD.,             ) Date:   N/A
     MATROX GRAPHICS, INC., MATROX        ) Time:   N/A
17 | INTERNATIONAL CORP., and MATROX       ) Ctrm:   N/A
     TECH, INC.,                          ) Judge:  Hon. Martin J. Jenkins
18 |                                       )
                 Defendants.              )
19 | ─────────────────────────────────    )

20

21 |        I, Erik K. Moller, hereby declare as follows:

22 |        1.      I am an attorney at law licensed to practice in the State of California and an associate of

23 | the law firm of Howrey Simon Arnold & White, LLP, attorneys for defendants Aeroflex, Inc., AMI

24 | Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International

25 | Corp., and Matrox Tech, Inc.  The matters set forth in this declaration are based upon my personal

26 | knowledge, except where otherwise indicated, and if called as a witness, I could and would testify

27 | competently thereto.

28

HOWREY
SIMON
ARNOLD &
WHITE

DECL. OF MOLLER ISO DEFENDANTS' OPP TO MOT
TO CONTINUE MOT FOR JUDGMENT ON THE PLEADINGS
CASE NO. CV 03-4669 MJJ (EMC)

-1-

1    2.    Attached hereto as Exhibit A is a true and correct copy of a letter from Gary M.

2 Hoffman to Kuang Chiu from Winbond America dated March 7, 2003.  Winbond America is the

3 United States' sales and marketing subsidiary of Winbond Electronics Corporation, which is

4 headquartered in Hsinchu, Taiwan.  Winbond Electronics Corporations' design and manufacturing

5 facilities are also located in Hsinchu, Taiwan.  Attached hereto as Exhibit B are true and correct copies

6 of pages from Winbond Electronics Corporation's website at www.winbond.com.

7    3.    Attached hereto as Exhibit C is a true and correct copy of correspondence from Edward

8 A. Meilman to Christopher L. Kelley dated February 12, 2004.

9    I declare under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.  This declaration was executed in Menlo Park, California on February 20,

11 2004.

12

13                                    /s/ Erik K. Moller
                                     Erik K. Moller

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

DECL. OF MOLLER ISO DEFENDANTS' OPP TO MOT
TO CONTINUE MOT FOR JUDGMENT ON THE PLEADINGS
CASE NO. CV 03-4669 MJJ (EMC)

-2-

**EXHIBIT A**

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2228*
*E-Mail Address: HoffmanG@dsmo.com*

March 7, 2003

**BY CERTIFIED MAIL-**
**RETURN RECEIPT REQUESTED**

Mr. Kuang Chiu
President                                          **CONFIDENTIAL TREATMENT**
Winbond America                                              **REQUESTED**
2727 North First Street
San Jose CA 95134

Dear Mr. Chiu:

        We are writing to you on behalf of Ricoh Company Ltd. because we are aware
that your company is involved with the design of custom ICs that include application
specific designed circuitry. We understand that in designing these circuits, you use a
computer-aided design system obtained from Synopsys, including Design Compiler.

        As you may know, Ricoh owns two of the basic patents directed to computer-
aided design processes. These are U.S. Patent Nos. 4,922,432 and 5,197,016. They cover
significant advances in computer-aided design processes for designing custom designed ICs
for specific applications directly from architecture independent functional specifications for
the integrated circuit. We are enclosing copies of these patents for your information.

        While Ricoh is currently enforcing these patents in a lawsuit it recently filed in
the U.S. District Court for the District of Delaware, Ricoh remains willing to license the
patents. In fact, Ricoh has already granted non-exclusive licenses under these patents.
Ricoh also would be willing to provide your company with a non-exclusive license. For
your information, there are counterpart patents and applications in a number of countries
outside the United States.

        Because Ricoh is at an early stage in its licensing activities, at the current time,
Ricoh is prepared to grant a non-exclusive license on favorable terms. However, we trust
you will recognize that such favorable terms will cease to exist as time progresses.

        If you are of the opinion that you do not need or want a license from Ricoh, it
would be helpful if you would give us some insight into your reasons. We request your
response within 60 days from the date of this letter.

                                        Very truly yours,

                                        Gary M. Hoffman

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

1580782 v1; XVQM01!.DOC

**EXHIBIT B**







> Winning Team
> Empowering Partners
> Joining the Team
> Investor Relations

<u>About Us</u>

Winbond Worldwide

> <u>Worldwide Sales Offices</u>
> <u>Worldwide Representatives</u>
  <u>& Distributors</u>

<u>News & Events</u>

Username

Password

SUBMIT

Language ▾

HOT ... ?
... WE ...
... PART ...
... L...
... OPS
... AP

# Worldwide Sales Offices

Winbond is dedicated to helping customers increase their competitive edge by creating IC solutions that meet today's rapidly changing product requirements. To meet the constantly expanding need for regional customer support and services, Winbond has established sales and marketing subsidiaries in the <u>US</u>, <u>Europe</u>, <u>China</u>, <u>Hong Kong</u>, <u>Japan</u> and <u>Singapore</u>. In addition, to address global customer needs more efficiently, the Company has established more than 60 sales distributorships and technical support centers throughout <u>Asia</u>, <u>Europe</u> and the <u>Americas</u>.

# Taiwan

### Headquarters



**Creation Rd. Site** <u>MAP</u>

Add: No. 4 , Creation Rd. 3
Science-Based Industrial Park
Hsinchu, 300, Taiwan, R.O.C.
Tel: 886-3-5770066

**Li-Shin Rd. Site** ⊞ <u>MAP</u>
Add: No. 9, Li-Shin Rd.,
Science-Based Industrial Park
Hsinchu, 300, Taiwan, R.O.C.
Tel: 886-3-5678168

↖ TOP

**Taipei Sales Office**



**Taipei Sales Office** ⊞ <u>MAP</u>
Add: 9F, No. 480, Rueiguang Road,
Neihu Chiu, Taipei, 114,
Taiwan, R.O.C.
Tel: 886-2-81777168
Fax: 886-2-87513579

↖ TOP

# China

**Shanghai**
**Winbond Electronics (Shanghai) Ltd.**
Add: 27F, 2299 Yan An Road (West) Shanghai, China
Zip: 200336
Tel: 86-21-62365999
Fax: 86-21-62365998

**Shenzhen**
**Winbond Shenzhen Representative Office**
Add: Unit F, 10/F, Press Building, No. 6008 Shen Nan
Road ,Shenzhen China
Zip: 518001
Tel: 86-755-83515350
Fax: 86-755-83515348

↖ TOP

**Hong Kong**
**Winbond Electronics (H.K.) Ltd.** ⊕ MAP
Add: Unit 9-15, 22/F, Jos Tower, Millennium City 2,
# 378 Kwun Tong Road, Kwun Tong, Kowloon,
Hong Kong
Tel: 852-27513100
Fax: 852-27552064

◤ TOP

# Other Asia

**Japan**
**Winbond Electronics Corporation Japan**
Add: NO.2 Ueno-Bldg.,7-18,3-chome,
Shinyokohama Kohoku-ku
Yokohama, 222-0033, Japan
Tel: 81-45-478-1881
Fax: 81-45-478-1800

◤ TOP

**Singapore**
**Winbond Singapore Representative Office**
Add: 57 Ubi Ave 1, #03-14 Ubi Center,
Singapore 408936
Tel: 65- 6748- 7122
Fax: 65- 6748- 7283

◤ TOP

# Europe

**Germany**
**Winbond European Sales Office**
Add: Mundsburg Tower, 17th floor,
Hamburger Strasse 11,
D-22083 Hamburg, Germany
Tel: +49 40 300367-0
Fax: +49 40 300367-10
E-mail: maparic@winbond.com
http://www.winbond-usa.com/purchase

◤ TOP

# USA



**Winbond Electronics Corporation America**  MAP
**Western Area Sales Office**
Add: 2727 N. First Street, San Jose, CA 95134
Tel: 1-408-943-6666
Fax: 1-408-544-1786
E-Mail: maparic@winbond.com
http://www.winbond-usa.com/purchase

**Eastern Area Sales Office**
Add: 800 Turnpike Street, Suite 300, North Andover, MA 01845
Tel: 1-978-794-5551
Fax: 1-978-794-5552
E-Mail: maparic@winbond.com
http://www.winbond-usa.com/purchase

◥ TOP

Copyright © 2001 Winbond Electronics Corp. All Rights Reserved

ndTemplate -->

# Fabrication Information

### CREATION RD.SITE (Fab II)

- Clean Room: Class 1
- Wafer Size: 6"
- Process Technology: 0.6μm ~ 0.35μm
- Capacity: 47,000 Wafers/Month
- Add: No. 4, Creation Rd. 3, Science-Based Industrial Park, Hsinchu, Taiwan

### LI- SHIN RD. SITE (Fab IV, Fab V)

- Clean Room: Class 1
- Wafer Size: 8"
- Process Technology: 0.175μm ~ 0.11μm
- Designed Capacity: 40,000 Wafers/Month
- Add: No. 9, Li-Shin Rd., Science-Based Industrial Park, Hsinchu, Taiwan

▲ TOP

About Us
- > Company Profile
- > Corporate Officers
- > Vision & Mission
- > Environmental Safety & Health Policy
- > Risk Management Policy
- > Fabrication Information
- > Awards & Honors
- > Milestones
- > Charity Affairs

Winbond Worldwide

News & Events

Copyright © 2001 Winbond Electronics Corp. All Rights Reserved

**EXHIBIT C**

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*

*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeilmanE@dsmo.com*

February 12, 2004

**BY FACSIMILE AND U.S. MAIL**
**(650) 463-8400**

Christopher L. Kelley, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

Re:  *Ricoh v. Aeroflex*
 Your Ref.: 06816.0060.000000
 Our Ref.: R2180.0171

Dear Mr. Kelley:

Ricoh intends to amend its Complaint to add Aeroflex UTMC as a defendant. The purpose of this letter is to seek your consent to the filing of the Amended Complaint, essentially using the same stipulation that you used to amend the answers. We also want to know whether you will accept service on behalf of Aeroflex UTMC and stipulate that that Aeroflex answer is also the answer of Aeroflex UTMC.

I enclose a draft amended complaint in redline form to show you the changes we have made. The essential differences between the enclosure and the original complaint are that Aeroflex UTMC has been added, the references to Delaware have been removed and replaced with generic jurisdictional allegations, together with the fact that the defendants have consented to the jurisdiction of the California Court, and the claims alleged to be infringed have been identified as numbers 13-17.

In addition, we have taken the occasion to modify the infringement paragraph with respect to each defendant.. While we firmly believe that the original allegation was more than sufficient but even under your view of the allegation, this change eliminates the basis for your Rule 12(c) motion. We therefore ask you to withdraw that motion.

Please let me know by noon (EST) on Monday, February 16, 2004 whether you will consent to the amended complaint, and separately, to withdraw your Rule 12(c) motion.

In the event that you decide not to withdraw your Rule 12(c) motion, we want to put you on notice that we presently intend to advise the Court that we consider your motion to be frivolous in that it deliberately misinterprets the infringement

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.DicksteinShapiro.com*

Christopher L. Kelley, Esq.
February 12, 2004
Page 2

allegation in the original complaint and, in addition, necessarily will include a Rule 56(f) response despite Judge Jenkins direction not to cause such a response.

Very truly yours,

Edward A. Meilman

EAM/hc

cc:    Gary Hoffman, Esq.
       Kenneth Brothers, Esq.
       Jeffrey Demain, Esq.

Gary M. Hoffman, *admitted pro hac vice*
Kenneth W. Brothers, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street, N.W.
Washington, D.C.  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone:  (212) 835-1400
Fax:  (212) 992-9880

Jeffrey B. Demain (SBN 126715)
Jonathan Weissglass (SBN 185008)
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. C03-04669 MJJ |
| Plaintiff, | ) |
| | ) **AMENDED COMPLAINT** |
| vs. | ) |
| | ) |
| AEROFLEX INC., | ) |
| AMI SEMICONDUCTOR, INC. | ) |
| MATROX ELECTRONIC SYSTEMS, LTD. | ) |
| MATROX GRAPHICS, INC. | ) |
| MATROX INTERNATIONAL, INC. | ) |
| MATROX TECH, INC. | ) |
| AEROFLEX UTMC | ) |
| | ) |
| Defendants. | ) |
| | ) |

1729704 v1: 112NC011.DOC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## AMENDED COMPLAINT

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Complaint against Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech"), and Aeroflex UTMC ("UTMC"), alleges as follows:

**PARTIES**

1.      Plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

2.      Upon information and belief, Defendant Aeroflex is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY, 11803~~, and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its registered agent in Delaware~~. Aeroflex is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

3.      Upon information and belief, Defendant AMI is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 2300 Buckskin Road, Pocatello, ID 83201~~, and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its registered agent in Delaware~~. AMI is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

4.      Upon information and belief, Defendant Matrox is a corporation organized under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada ~~and~~. Matrox is doing business in ~~Delaware~~this jurisdiction and/or has committed the acts complained of in ~~Delaware~~this jurisdiction, and has consented to the jurisdiction of this Court for this action.

5.    Upon information and belief, Defendant Matrox Graphics is a corporation organized under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada ~~and~~.  Matrox Graphics is doing business in ~~Delaware~~this jurisdiction and/or has committed the acts complained of in ~~Delaware~~this jurisdiction, and has consented to the jurisdiction of this Court for this action.

6.    Upon information and belief, Defendant Matrox Int'l is a corporation organized under the laws of New York, maintains its principal place of business at 625 State Rt 3, Unit B, Plattsburgh, NY 12901~~, and~~.  Matrox Int'l is doing business in ~~Delaware~~this jurisdiction and/or has committed the acts complained of in ~~Delaware~~this jurisdiction, and has consented to the jurisdiction of this Court for this action.

7.    Upon information and belief, Defendant Matrox Tech is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 1075 Broken Sound Parkway, NW, Boca Raton, FL  33487-3524 ~~and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801 as its registered agent in Delaware~~.  Matrox Tech is doing business in this jurisdiction and/or committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

~~7.~~8.    Upon information and belief, Defendant UTMC is a wholly-owned subsidiary of Defendant Aeroflex, is also known as Aeroflex Microelectronic Solutions, Aeroflex UTMC Microelectronic Solutions and Aeroflex Colorado Springs, formerly known as United Technologies Microelectronics Center ("UTMC"), is a corporation organized under the laws

of the State of Delaware and maintains a place of business at 1575 Garden of the Gods Road, Colorado Springs, CO, 80907. UTMC is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

## JURISDICTION

8.9.   This  action arises under the patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et. seq.

9.10.   This Court has subject matter jurisdiction over this patent infringement action under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1331.

10.11.  This Court has personal jurisdiction over the Defendants because Defendants are present and/or doing business in Delaware this jurisdiction either directly or through their agents, or alternatively, are incorporated in Delaware. have consented to the jurisdiction of this Court.

## VENUE

11.12.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that Defendants reside regularly transact business in this judicial district and/or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or are found in this judicial district and/or are aliens.

## FACTUAL BACKGROUND

1729704 v1; 112NC01!.DOC

12.13.  On May 1, 1990, the U.S. Patent and Trademark Office ("USPTO") duly and legally

issued United States Letters Patent No. 4,922,432 (the " '432 Patent") in the names of Hideaki

Kobayashi and Masahiro Shindo for their invention titled "Knowledge Based Method and

Apparatus for Designing Integrated Circuits using Functional Specifications."   A copy of the

'432 Patent is attached hereto as Exhibit 1.

13.14.  By assignment, Ricoh is the owner of the entire right, title, and interest in the '432

Patent and has the sole right to sue and recover for infringement thereof.

14.15. The '432 Patent describes, inter alia, a method for designing an application specific

integrated circuit.  By using the invention of the '432 Patent, one can define functional

architecture independent specifications for an integrated circuit and translate functional

architecture independent specifications into the detailed information needed for directly

producing the integrated circuit.

## PATENT INFRINGEMENT

## COUNT 1

15.16.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 1415

hereof.

16.17.  Upon information and belief, Aeroflex has been and is now infringing the '432 Patent

by using, offering to sellutilizing in the United States the process of one or more of claims 13-

17 of the '432 Patent as part of the process of manufacturing application specific integrated

circuits, and/or by selling, offering to sell and/or importing into the United States, application

specific integrated circuits designed made with the use and/or by or using information

1729704 v1; 112NC01!.DOC

1    ~~generated by,~~ the process of ~~one~~ or more of claims 13-~~20~~17 of the '432 Patent, either literally

2    or under the doctrine of equivalents.

3    ~~17.~~18.  Upon information and belief, Aeroflex will continue to infringe the '432 Patent unless

4    enjoined by this Court.

5

6    ~~18.~~19.  As a consequence of Aeroflex's infringement, Ricoh has been irreparably damaged to

7    an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts

8    in the future unless Aeroflex is enjoined by this Court from committing further acts of

9

10   infringement.

11

12   ~~19.~~20.  Upon information and belief, Aeroflex's infringement of the '432 Patent is willful.

13   ~~20.~~21.  Ricoh is entitled to recover damages adequate to compensate for Aeroflex's

14   infringement.

15

16                                        **COUNT 2**

17   ~~21.~~22.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through ~~14~~15

18   hereof.

19

20   ~~22.~~23.  Upon information and belief, AMI has been and is now infringing the '432 Patent by

21   ~~using, offering to sell~~utilizing in the United States the process of one or more of claims 13-17

22   of the '432 Patent as part of the process of manufacturing application specific integrated

23   circuits, and/or by selling, offering to sell and/or importing into the United States, application

24

25   specific integrated circuits ~~designed~~made with the use and/or by ~~or using information~~

26   ~~generated by,~~ the process of one or more of claims 13-~~20~~17 of the '432 Patent, either literally

27   or under the doctrine of equivalents.

28

23.24. Upon information and belief, AMI will continue to infringe the '432 Patent unless enjoined by this Court.——

24.25. As a consequence of AMI's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless AMI is enjoined by this Court from committing further acts of infringement.

25.26. Upon information and belief, AMI's infringement of the '432 Patent is willful.

26.27. Ricoh is entitled to recover damages adequate to compensate for AMI's infringement.

**COUNT 3**

27.28. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 1415 hereof.

28.29. Upon information and belief, Matrox has been and is now infringing the '432 Patent by using, offering to sellutilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits designed-made with the use and/or by or using information generated by, the process of one or more of claims 13-2017 of the '432 Patent, either literally or under the doctrine of equivalents.

29.30. Upon information and belief, Matrox will continue to infringe the '432 Patent unless enjoined by this Court.

30.31. As a consequence of Matrox's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in

the future unless Matrox is enjoined by this Court from committing further acts of infringement.

~~31.~~32.  Upon information and belief, Matrox's infringement of the '432 Patent is willful.

~~32.~~33.  Ricoh is entitled to recover damages adequate to compensate for Matrox's infringement.

### COUNT 4

~~33.~~34.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through ~~14~~15 hereof.

~~34.~~35.  Upon information and belief, Matrox Graphics has been and is now infringing the '432 Patent by ~~using, offering to sell~~utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits ~~designed~~made with the use and/or by ~~or using information generated by,~~ the process of one or more of claims 13-~~20~~17 of the '432 Patent, either literally or under the doctrine of equivalents.

~~35.~~36.  Upon information and belief, Matrox Graphics will continue to infringe the '432 Patent unless enjoined by this Court.

~~36.~~37.  As a consequence of Matrox Graphics' infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Graphics is enjoined by this Court from committing further acts of infringement.

37. 38.  Upon information and belief, Matrox Graphics' infringement of the '432 Patent is willful.

28. 39.  Ricoh is entitled to recover damages adequate to compensate for Matrox Graphics' infringement.

## COUNT 5

39. 40.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through ~~14~~15 hereof.

40. 41.  Upon information and belief, Matrox Int'l has been and is now infringing the '432 Patent by ~~using, offering to sell~~utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits ~~designed~~ made with the use and/or by ~~or using information generated by,~~ the process of one or more of claims 13-~~20~~17 of the '432 Patent, either literally or under the doctrine of equivalents.

41. 42.  Upon information and belief, Matrox Int'l will continue to infringe the '432 Patent unless enjoined by this Court.

42. 43.  As a consequence of Matrox Int'l's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Int'l is enjoined by this Court from committing further acts of infringement.

43. 44.  Upon information and belief, Matrox Int'l's infringement of the '432 Patent is willful.

44.45.  Ricoh is entitled to recover damages adequate to compensate for Matrox Int'l's infringement.

### COUNT 6

45.46.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through ~~14~~15 hereof.

46.47.  Upon information and belief, Matrox Tech has been and is now infringing the '432 Patent by ~~using, offering to sell~~utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits ~~designed~~made with the use and/or by ~~or using information generated by,~~ the process of one or more of claims 13-~~20~~17 of the '432 Patent, either literally or under the doctrine of equivalents.

47.48.  Upon information and belief, Matrox Tech will continue to infringe the '432 Patent unless enjoined by this Court.

48.49.  As a consequence of Matrox Tech's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Tech is enjoined by this Court from committing further acts of infringement.

49.50.  Upon information and belief, Matrox Tech's infringement of the '432 Patent is willful.

50.51.  Ricoh is entitled to recover damages adequate to compensate for Matrox Tech's infringement.

1729704 v1: 112NC01!.DOC

**COUNT 7**

52.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

53.    Upon information and belief, UTMC has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

54.    Upon information and belief, UTMC will continue to infringe the '432 Patent unless enjoined by this Court.

55.    As a consequence of UTMC's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless UTMC is enjoined by this Court from committing further acts of infringement.

56.    Upon information and belief, UTMC's infringement of the '432 Patent is willful.

57.    Ricoh is entitled to recover damages adequate to compensate for UTMC's infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Ricoh prays for entry of judgment:

A. that Aeroflex has infringed the '432 Patent;

B.  that Aeroflex, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Aeroflex, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

C.  that Aeroflex account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

D.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Aeroflex's infringement of the '432 Patent;

E.  that AMI has infringed the '432 Patent;

F.  that AMI, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with AMI, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

G.  that AMI account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

H.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of AMI's infringement of the '432 Patent;

I.  that Matrox has infringed the '432 Patent;

J.  that Matrox, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

K.  that Matrox account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

L.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox's infringement of the '432 Patent;

M. that Matrox Graphics has infringed the '432 Patent;

N. that Matrox Graphics, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Graphics, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

O.  that Matrox Graphics account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

P.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Graphics' infringement of the '432 Patent;

Q.  that Matrox Int'l has infringed the '432 Patent;

R.  that Matrox Int'l, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Int'l, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

S.  that Matrox Int'l account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

T.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Int'l's infringement of the '432 Patent;

U.  that Matrox Tech has infringed the '432 Patent;

V.  that Matrox Tech, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Tech, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

W.  that Matrox Tech account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

X.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Tech's infringement of the '432 Patent;

Y.  that costs be awarded to Ricoh; and

Z.  that Ricoh be granted such other and further relief as the Court may deem just and proper under the current circumstances.

1729704 v1; 112NC01!.DOC

1

2

3  AA.   that UTMC has infringed the '432 Patent;

4

5  BB. that UTMC, its agents, employees, representatives, successors, and assigns and those

6  acting, or purporting to act, in privity or in concert with UTMC, be preliminarily and

7  permanently enjoined from further infringement of the '432 Patent;

8

9  CC.   that UTMC account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

10  enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

11  pursuant to 35 U.S.C. § 285; and

12

13  DD.   that Ricoh be granted pre-judgment and post-judgment interest on the damages

14  caused to it by reason of UTMC's infringement of the '432 Patent.

15

16                                    Ricoh Company, Ltd.

17                                    By: _____
                                      Jeffrey B. Demain (SBN 126715)
18                                    Jonathan Weissglass (SBN 185008)
                                      ALTSHULER, BERZON, NUSSBAUM,
19                                    RUBIN & DEMAIN
                                      177 Post Street, Suite 300
20                                    San Francisco, California  94108
                                      Phone:  (415) 421-7151
21                                    Fax:  (415) 362-8064

22                                    Gary M. Hoffman
                                      Edward Meilman
23                                    Eric Oliver
                                      Kenneth W. Brothers
24                                    DICKSTEIN SHAPIRO MORIN &
                                      OSHINSKY  LLP
25                                    2101 L Street NW
                                      Washington, D.C.  20037-1526
26                                    Telephone: (202) 785-9700
                                      Facsimile: (202) 887-0689
27

28                                    Counsel for Plaintiff,
                                      Ricoh Company.

1729704 v1; 112NC01!.DOC