

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

March 3, 2004

VIA HAND DELIVERY

Magistrate Judge Edward M. Chen
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

> Re:  *Ricoh Co., Ltd. v. Aeroflex, et al.* – No. C-03-4669 MJJ (EMC)
> *Synopsys, Inc., v. Ricoh Co., Ltd.* – No. C03-2289 MJJ (EMC)

Dear Magistrate Judge Chen:

Pursuant to the Court's Order re Discovery Motions, dated February 9, 2004, counsel for the parties submit this joint letter to report on the status of the parties' various discovery motions, certifications regarding meeting and conferring, the identification of each specific dispute remaining, with the parties' item-by-item positions, and a summary of events that have taken place since the discovery motions were first filed.[1]

1.    **Status of various discovery motions**

On February 6, 2004, Ricoh filed a statement regarding the February 5, 2004 Order of Reference.  The Order of Reference identified eight motions that were to be referred to the Magistrate Judge.  Ricoh's statement noted that three of those motions were stayed pursuant to an order of this Court on November 17, 2003, have not been re-filed, and are thus not currently pending.  Those motions that are not pending are as follows:

Item (5) in the Order of Reference:  Ricoh's Motion to Compel Production of Documents from Synopsys;

Item (6) in the Order of Reference:  Ricoh's Motion to Compel Production of Documents from the ASIC Defendants; and

---

[1] The defendants in the Ricoh v. Aeroflex action are referred to herein as "the ASIC defendants."  Synopsys is not a party to that action.



Item (8) in the Order of Reference:  Ricoh's Motion to Compel Responses to Interrogatories.[2]

Of the five remaining motions, the parties have resolved their differences with respect to Ricoh's Motion to Compel Production of Initial Disclosure Documents from the ASIC Defendants (D.I. 86 in Case No. C-03-4669), and that motion is hereby withdrawn.

The parties currently have pending cross-motions with respect to a protective order in the Synopsys v. Ricoh action.[3]  The parties have reached an agreement in principle with respect to this issue, and are currently preparing a stipulated protective order for submission to the Court. When the parties submit that stipulated protective order, they will formally withdraw these pending motions.

The last two motions are Ricoh's Motion for Sanctions regarding Dr. Thomas (D.I. 67), and Defendants' Motion Requesting Court Order Lifting Restrictions Imposed by Delaware Court on Deposition of Dr. Thomas (D.I. 68).[4]  The parties have been unable to resolve their differences on these related motions.

## 2.    Certification Regarding Meeting and Conferring

Since the Court's Order of February 9, counsel for the parties have repeatedly met and conferred with respect to these pending motions, as well as other discovery issues.  These meet and confer sessions have been by letter, telephone conference and in face-to-face meetings. Following is a list of these conferences:

1.    2/12/04 Letter from E. Moller to E. Meilman (offering to meet and confer in person per Judge Chen's order)

2.    2/12/04 Letter from E. Meilman to E. Moller (re offer to meet and confer)

3.    2/13/04 Letter from E. Meilman to E. Moller (re offer to meet and confer)

---

[2] In addition, the Order of Reference misidentified item (3) as a Ricoh motion.  The parties agree that item (3) refers to the pending motion submitted by the ASIC Defendants to lift certain restrictions imposed by the United States District Court for the District of Delaware on the deposition of Dr. Donald Thomas.

[3] Ricoh's Motion for Approval of Protective Order (D.I. 69); Synopsys' Cross-Motion for Adoption of Synopsys' Protective Order and Discovery Procedures (D.I. 76).

[4] These motions were filed in both actions.  The docket index cites are to the Ricoh v. Aeroflex action, C-03-4669.



4.    2/17/04 Telephone conference between C. Kelley and E. Meilman regarding the pending motions.

5.    2/18/04 Letter from E. Meilman to C. Kelley (re discovery motions to be discussed during the meet and confer)

6.    2/19/04: Face to face meet and confer conference between counsel for the parties. This conference lasted approximately one hour.

7.    2/23/04 Letter from E. Moller to E. Meilman (memorializing meet and confer conference of February 19)

8.    2/24/04 Letter from E. Meilman to E. Moller (memorializing meet and confer conference of February 19 and commenting upon E. Moller's 2/23/04 letter)

9.    2/25/04 Letter from C. Kelley to E. Meilman (re proposed language for a new paragraph 23 for the protective order)

10.    2/26/04 Letter from C. Kelley to E. Meilman (re protective order)

11.    2/27/04 Letter from K. Brothers to C. Kelley (re protective order, the Thomas issue, depositions, discovery motions, and letter to the Court)

12.    2/27/04 Telephone conference between C. Kelley and K. Brothers re content of letter to Court

13.    2/27/04 E-mail from K. Brothers to C. Kelley and E. Moller (re paragraph 23 of the protective order)

14.    3/1/04 Telephone conference between C. Kelley and K. Brothers (re protective order and other discovery issues)

15.    3/2/04 Telephone conference between C. Kelley, E. Moller and K. Brothers (re protective order and other discovery issues)

3.    **Item-by-item list of parties' positions on pending motions**

On December 2, 2003, Ricoh filed a motion for sanctions in both actions (D.I. 67 in Case No. C-03-4669). That motion was based upon Ricoh's allegations that Synopsys, the ASIC defendants, and their counsel wrongfully induced Ricoh's consulting expert, Dr. Donald Thomas, to break his consulting agreement with Ricoh and to switch sides to become a consulting expert to Synopsys. Ricoh alleged that Synopsys and the ASIC defendants, through



their counsel, misrepresented the relevant facts to Judge Sleet of the District of Delaware, then failed to comply with the Court's order with respect to the Court's investigation of the apparent fraud on the Court. On December 16, Synopsys and the ASIC defendants opposed the motion (D.I. 78), and Ricoh filed a reply on December 23 (D.I. 84).

Also on December 2, Synopsys and the ASIC Defendants filed a motion to lift certain restrictions imposed by the United States District Court for the District of Delaware on the deposition of Dr. Thomas (D.I. 68 in Case No. C-03-4669) on the grounds that Dr. Thomas' testimony as a fact witness regarding a prior art reference that he developed should be taken. Ricoh opposed the Synopsys motion by incorporating Ricoh's own December 2 motion (D.I. 77), and Synopsys filed a reply (D.I. 83). The parties' positions are fully briefed and are scheduled to be heard on March 24.

The two motions relating to Dr. Thomas present separate but related questions. Ricoh's Motion for Sanctions asks the Court to address the following factual questions:

    1.    Did Defendants' Counsel engage in misconduct with regard to their communications with Dr. Thomas?

    2.    Did Defendants' Counsel make misrepresentations to Judge Sleet regarding communications with Dr. Thomas?

    3.    Did Judge Sleet require that Defendants' Counsel provide Ricoh with a log of documents submitted for *in camera* review?

Ricoh's position with regard to topic 1 is presented on pages 2-9, 12-15 of its motion (D.I. 67) and pages 1-7, 10-13 of its reply (D.I. 84). Defendants' position with regard to topic 1 is presented on pages 5-16 of its opposition (D.I. 78). Ricoh's position with regard to topic 2 is presented on pages 9-12, 15-17 of its motion and pages 7-9, 13-15 of its reply. Defendants' position with regard to topic 2 is presented on pages 16-20 of its opposition. Ricoh's position with regard to topic 3 is presented on pages 11, 17-18 of its motion and pages 8-9, 13 of its reply. Defendants' position with regard to topic 3 is presented on pages 20-22 of its opposition.

Synopsys' and the Defendants' motion (D.I. 68) requests that they be permitted to take deposition testimony from Dr. Thomas as a fact witness with respect to a prior art reference logic synthesis system that he developed. Ricoh's one paragraph opposition to this motion (D.I. 77) incorporated by reference its arguments in its motion that the proposed deposition would require Dr. Thomas to testify about his expert analysis, opinions and conclusions that he developed as a result of his Ricoh consulting, and that many other witnesses were available to testify with regard to the proposed subject matter. *See* D.I. 67, pages 18-22; D.I. 84 at pages 12-13.



**4.    Summary of discovery related events**

The Court's February 9 Order re Discovery Motions also required a summary of events that have taken place since the discovery motions were first filed. Ricoh has interpreted this to request a general update with respect to discovery. Synopsys and the ASIC defendants believe that this passage only seeks information about any intervening events that have relevance to the motions.

*Ricoh's summary:* This case has been marked by excruciatingly slow discovery. Ricoh's infringement action was first filed in Delaware in January 2003, and by May 2003 the parties had served their initial disclosures and received a case management order that called for discovery to be completed in January 2004. In June 2003, however, the ASIC defendants sought to stay or transfer the case to this Court, where Synopsys had just filed its own declaratory judgment action. Ricoh continued to produce documents and make witnesses available for deposition while those motions were pending, but the ASIC defendants ceased to cooperate in any discovery.

In September 2003, Ricoh served comprehensive Rule 30(b)(6) deposition notices on each of the ASIC defendants, which they have ignored. In early November 2003 Ricoh filed the first three discovery motions that are the subject of this letter. In December 2003, the Court denied the ASIC defendants' renewed effort to stay the case and issued instructions for the parties to proceed with discovery. As a result, the ASIC defendants and Synopsys finally started a limited production of documents. During a meet and confer on March 2, Synopsys and five of the six ASIC defendants committed to complete their document production by April 2. The last ASIC defendant – AMI – indicated that it might not complete its document production until May 2004.

Although Synopsys has recently started to present corporate designees for deposition pursuant to Rule 30(b)(6), the parties currently have a dispute over whether those witnesses were adequately prepared, and whether the depositions of additional corporate designees on the same subjects should count against the total number of deposition hours.

*Position of Synopsys and ASIC Defendants:* The Magistrate Judge's February 9, 2004 Order directs the parties to "summarize the events that have taken place since the discovery motions were first filed that affect the discovery at this stage." Synopsys and the ASIC defendants do not interpret the February 9 Order as a request for a description of events preceding their November 10, 2003 discovery motions -- which are fundamentally irrelevant to discovery at this stage. Defendants feel compelled, however, to correct mischaracterizations contained in Ricoh's summary.

Ricoh's assertion that the customer defendants have refused to cooperate in discovery is simply inaccurate. Shortly after Ricoh's suit against Synopsys' customers (*Ricoh v. Aeroflex et al.*) was assigned to Judge Jenkins, the defendants moved to stay the case. Even before that date,



the customer defendants had already produced a significant volume of documents bearing on validity and the Synopsys Design Compiler product. Since Judge Jenkins denied the customer defendants' motion for stay in December, the defendants have worked to collect and produce the materials identified in Ricoh's document requests. Because Ricoh is seeking detailed information about specific aspects of the procedures used to design many different ASIC devices, some of which were designed as early as the mid 1990s, collecting the materials requested has proven to be difficult and demanding work. Nevertheless, the defendants have already produced thousands of pages of documents on these design projects. Contrary to Ricoh's assertion, Synopsys never halted efforts to complete its own document production and Synopsys has produced thousands of pages of internal documentation describing the operation of its Design Compiler and related software.

Synopsys has already identified witnesses and made them available for deposition, some of which have been taken and some of which Ricoh has not yet accepted. Defendants have agreed to identify witnesses in response to Ricoh's Rule 30(b)(6) deposition requests, and to make some available for deposition as soon as can be arranged and to make others available after document collection is complete.

Sincerely,

Erik K. Moller
HOWREY SIMON ARNOLD & WHITE, LLP

Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

## PROOF OF SERVICE

**CASES:**     Ricoh Co., Ltd. v. Aeroflex, et al. – No. C03-4669 MJJ (EMC)
Synopsys, Inc., v. Ricoh Co., Ltd. – No. C03-2289 MJJ (EMC)

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On March 3, 2004, I served the following document(s):

**Letter to Magistrate Judge Chen (dated March 3, 2004)**

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

<u>By Facsimile:</u> I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following fax number(s):

AND

<u>By First Class Mail:</u> I am readily familiar with the practice of Altshuler, Berzon for the collection and processing of correspondence for mailing with the United States Postal Service. I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein.

### ADDRESSEE

Christopher L. Kelley, Esq.
Erik K. Moller, Esq.
Teresa M. Corbin, Esq.
Howrey Simon Arnold & White LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
Fax: 650/463-8400

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this March 3, 2004, at San Francisco, California.

Edward Lin