Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 147674)
Erik K. Moller (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
Telephone:  (650) 463-8100
Facsimile:   (650) 463-8400

Attorneys for Defendants AEROFLEX INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. CV 03-04669 MJJ (EMC) |
| Plaintiffs, | ) **DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | ) |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTESM, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC., | ) **Date:    March 16, 2004**<br>) **Time:    9:30 a.m.**<br>) **Courtroom: 11** |
| Defendants. | ) |

HOWREY SIMON ARNOLD & WHITE

Case No.  CV 03-04669 MJJ (EMC
Opposition to Motion to File Amended Complaint

# I. INTRODUCTION

In its motion, plaintiff Ricoh Company, Ltd. ("Ricoh") asks to be allowed to amend its complaint. The proposed amendment makes three changes to the complaint. It includes:[1]

    1) an amendment to add Aeroflex Colorado Springs, Inc. as a party;[2]

    2) an amendment narrowing the asserted claims from claims 13-20 to claims 13-17; and

    3) an amendment dramatically changing the infringement allegations made against the defendants, to include allegations under 35 U.S.C. § 271(a).

Defendants Aeroflex, Inc. et al. ("the customer defendants") do not oppose the first two amendments proposed by Ricoh. The customer defendants do, however, oppose amendment to include allegations under Section 271(a), as this drastically and improperly alters the nature of the infringement allegations being made against the defendants.

Section 271(a) allows a finding of patent infringement where defendants use a claimed method in the United States. Section 271(g) allows a finding of patent infringement where a defendant, within the United States, sells, offers to sell, or uses goods that were manufactured using a patented method of manufacture. *See* 35 U.S.C. §§ 271(a), 271(g). As originally filed, Ricoh's complaint contained only an allegation of infringement under 271(g). *See* Defendants' Motion for Judgment on the Pleadings (D.I. 100) at 5:9-6:16 ("Motion for Judgment on the Pleadings"). Ricoh claims that the infringement allegation in its original Complaint "closely follows the language of § 271(a)" and "is also sufficient to capture the essence of § 271(g)." See Ricoh's Opposition to Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) (D.I. 108) at 4:1-2, 5-6. However, this is simply not true. As

---

[1] The copy of Ricoh's Motion for Leave to File and Amended Complaint that the defendants received through the Court's efile service did not include a copy of the proposed amended pleading as required under Civil L.R. 10-1. Assuming that Ricoh in fact filed its motion without including the "entire proposed pleading," this failure alone would be a sufficient basis for the Court to deny Ricoh's motion. *See* N.D. Cal. Civil L.R. 10-1.

[2] The proposed amended complaint that Ricoh provided to the defendants on February 12, 2004 in fact proposed to add "Aeroflex UTMC, Inc." as a new party. *See* Declaration of Erik K. Moller In Support of Opposition to Motion for Leave to File Amended Complaint ("Moller Decl."), Ex. A (all exhibit references are to exhibits attached to the Moller Decl.). Aeroflex informed Ricoh that "Aeroflex UTMC, Inc." did not exist, and suggested that Ricoh intended to name "Aeroflex Colorado Springs, Inc." as a new party. *See* Ex. B.

demonstrated in the Defendants' Motion for Judgment on the Pleadings, Ricoh's original allegation follows the language of Section 271(g), and bears no similarity to Section 271(a).

Ricoh now seeks to include new phrasing intended to plead a cause of action under both subparts of Section 271. Ricoh's amendment should be denied, for several reasons.

As an initial matter, no amendment should be permitted that contains allegations of infringement under Section 271(g). As set out in the Defendants' Motion for Judgment on the Pleadings, Ricoh lacks any basis in law to bring an action for infringement of its United States patent 4,922,432 ('432 patent) under Section 271(g).

Ricoh's belated request for amendment should also be rejected because, not only has Ricoh not provided any basis for its motion, the balance of equities weighs against allowing Ricoh, one year into this litigation, to redirect its infringement allegations against an entirely new set of activities not accused in the original complaint. Ricoh's present desire to make this amendment is a direct consequence of the collapse of its original strategy and its misguided election to pursue a case targeted at Synopsys' Design Compiler software by way of a complaint directed not against Synopsys, but against Synopsys' customers. Pleading infringement under Section 271(g) briefly held advantages for Ricoh in that it allowed Ricoh to argue that its case required consideration of the particular manufacturing activities of each of the individual defendants. When the customer defendants asked that this case be stayed on the basis that it was a "customer suit" and that the underlying issues were already being litigated between Synopsys and Ricoh, Ricoh responded that it allegations in this case could not be reduced simply to the common denominator that each defendant used Design Compiler. On that basis, this Court denied the customer defendants' stay request. *See* Ex. C at 1:19-2:2.

At the same time that Ricoh asks to be allowed to include Section 271(a) as the basis of its infringement claims, it has now abandoned its earlier claims that the particular activities of the customer defendants are important to Ricoh's claims. Just in the last few days, Ricoh presented Preliminary Infringement Charts under the Patent Local Rules that make a mockery of its earlier claims that its allegations of infringement were particular to each of the customer defendants. In opposing the customer defendants' motion requesting a stay, Ricoh's counsel told the Court that its case would be distinguished from Synopsys' declaratory judgment action in that this case would be

Case No. CV 03-04669 MJJ (EMC
Opposition to Motion to File Amended Complaint

-2-

"much narrower and [have] much tighter focus on what these six ASIC defendants do." *See* Ex. D at 12:25 – 13:2. Ricoh's recently unveiled Preliminary Infringement Charts make clear that this statement was a ruse intended to convince the Court to deny the customer defendants' stay request, and to be abandoned at Ricoh's convenience. Ricoh's charts make no particularized allegations against any of the customer defendants and say nothing specific about the particular manner in which any one of the customer defendants use any Synopsys product. *See* Ex. E.

Now that Ricoh's original conception of this case as a suit directed to the particular ASIC manufacturing activities of each customer defendant has been put in jeopardy by the customer defendants' Motion for Judgment on the Pleadings, Ricoh is asking permission to present an entirely new basis for its complaint. To allow Ricoh to change horses in midstream in this fashion will injure the customer defendants and will serve no legitimate purpose. If, as now seems evident, Ricoh's case involves nothing more than whether Synopsys' Design Compiler software infringes the '432 patent, there is no role for the individual users of that software in the litigation between Ricoh and Synopsys. The question of whether Synopsys' Design Compiler product practices Ricoh's patent is already directly in dispute in the *Synopsys v. Ricoh* declaratory judgment action. The customer defendants have little useful information regarding how Design Compiler works, and nothing that is not available from Synopsys. Furthermore, Ricoh's amendment will require the customer defendants to continue their costly participation in litigation that ought, from the very start, to have been directed exclusively against Synopsys.

Ricoh's proposed amendment should also be denied on the grounds that it mixes language pleading both Sections 271(a) and 271(g) in a single sentence that fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 10(b) requires separate claims to be pleaded in separate counts and separated paragraphs. Rule 8(a) requires claims to be made in a "plain statement." Ricoh's proposed amendment conforms to neither of these requirements.

## II. ARGUMENT

### A. Ricoh's Proposed Amended Complaint Fails To Comply With Fed. R. Civ. Proc. 10(b) and 8(a)

First, Ricoh's motion to amend should be denied since Ricoh's proposed amended complaint fails to comply with Fed. R. Civ. P. 10(b), and improperly and confusingly asserts two separate claims for relief in one paragraph.

Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Furthermore, "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate claim." *Id.* The Ninth Circuit has explained that separating the claims into different counts "permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." *Bautista v. Los Angeles County*, 216 F.3d 837, 841(9th Cir. 2000). Therefore, "[c]ourts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." *Id.* at 840-41.

Here, Ricoh's proposed amended complaint does not meet the requirements of Rule 10(b). As described above and in the customer defendants' Motion for Judgment on the Pleadings, in its proposed amended complaint, Ricoh combines claims arising under Sections 271(a) and 271(g) claims in a single paragraph. However, these claims arise from separate and fundamentally different sets of operative facts. With respect to Section 271(a), it is the customer defendants' performance of a patented process in its logic synthesis design operations that constitutes the allegedly infringing activity. *See* 35 U.S.C. § 271(a) ("Whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent."). With respect to Section 271(g), however, it is the customer defendants' sale of ASIC chips that would constitute the allegedly infringing act. *See* 35 U.S.C. § 271(g) ("Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer.").

Rule 8(a), which requires pleadings to contain a "short and plain statement of the claim," also requires rejection of Ricoh's proposed amendment.

These causes of action, therefore, must be presented in separate claims, and the facts underlying these claims must be presented in separate paragraphs. By combining the Section 271(a) and 271(g) claims into a single paragraph in a single count, Ricoh confuses the issues in contravention of the Federal Rules of Civil Procedure.

### B. The Court Should Exercise Its Discretion To Deny Ricoh's Motion To Amend.

#### 1. Ricoh Provides No Basis For Its Motion To Amend The Complaint.

The Court should deny Ricoh's motion to amend its complaint because Ricoh has utterly failed to provide any grounds justifying this relief.

As with any other motion to the court, a motion to amend "is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application." 6 Charles Alan Wright *et al.*, Federal Practice and Procedure § 1485 (2d ed. 1990); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("All motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order requested and the ground supporting the application.").

Here, Ricoh utterly fails to support its motion with any grounds for seeking leave to amend its complaint. Ricoh's only support is that the customer defendants are mischaracterizing Ricoh's infringement allegations in their pending Motion for Judgment on the Pleadings, and, therefore, Ricoh needs to "clarify" its infringement allegations. This may be an argument in opposition to the customer defendants' Motion for Judgment on the Pleadings, but it does not support Ricoh's motion to amend its complaint. The lack of any details in Ricoh's motion forces this Court to "read the minds of litigants to determine if information justifying an amendment exists." *Calderon v. Kansas Dep't of Social & Rehabilitation Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999).

Ricoh's failure to adequately explain the basis for its motion is sufficient grounds for denial.

### 2. Ricoh's Proposed Amended Complaint Is Untimely And Substantially Prejudices The Customer Defendants.

While it is true that motions to amend are granted liberally, *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), the Court's consideration of such motions is not intended to be a rubber-stamp process. In deciding whether to grant or deny a motion to amend, courts consider the following factors: the movant's bad faith, undue delay, dilatory motive, prejudice to the nonmoving party, futility of amendment, and prior amendment of the complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Ricoh substantially delayed in filing this motion and its proposed amended complaint will cause substantial harm to the customer defendants. Ricoh's motion should be denied.

First, Ricoh's undue delay in amending its complaint to amend weighs against granting the motion to amend. Ricoh has been aware since August 2003 that its patent infringement allegations made solely under Section 271(g) were unsustainable against the customer defendants under current law. *See* Ex. F. The customer defendants informed Ricoh that its complaint alleged patent infringement under Section 271(g), and, under recent Federal Circuit law, the patent in suit could not support patent infringement allegations under Section 271(g). *See id.* Ricoh did not allege any facts relating to Section 271(a) in the original complaint, nor did the allegations even hint of a possible Section 271(a) claim. Ricoh, however, refused to confirm any theory of infringement apart from Section 271(g). *See* Ex. G. Ricoh failed to rectify its position in the subsequent months, despite ample opportunity to do so, and should not be allowed to do so now. Ricoh proffers no explanation for its delay, other than an assertion that the motion was bought "simply to clarify its proper allegations against the defendants." Ricoh's Motion for Leave to File Amended Complaint (D.I. 106) ("Motion") at 7:15-16. Ricoh's six-month delay weighs significantly against granting the motion to amend. *See EPIS, Inc. v. Fidelity & Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1132 (N.D. Cal. 2001) (three-month delay weighed against granting leave to amend).

Second, Ricoh's proposed amendment would substantially prejudice the customer defendants. The customer defendants strongly believe that Ricoh's allegations of infringement under Section 271(g) are unsustainable as a matter of law. *See, e.g.,* Motion for Judgment on the Pleadings at 2:8-24.

1  If Ricoh is allowed to amend its complaint as proposed, the customer defendants could face substantial
2  discovery directed to proving infringement or damages under Section 271(g) that is utterly irrelevant to
3  the issues of infringement and damages under Section 271(a). This substantial and irrelevant
4  discovery would subject the customer defendants to considerable expense to their prejudice.

### 3. Ricoh's Motion to Amend Should Be Denied Because It Targets An Entirely New Set of Activities Without Any Justification As To Why Ricoh Did Not Advance This Claim Initially.

A motion to amend should be denied "where the movant has presented no new facts but only new theories and has provided no satisfactory explanation for his failure to develop the new contentions originally." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993). The point is well-settled, and has been part of the case law of this Circuit and this District for over twenty years. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990); *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir.1982); *Felde v. City of San Jose*, 839 F. Supp. 708 (N.D. Cal. 1994). This rules precludes Ricoh's requested amendment.

Ricoh seeks to add a Section 271(a) claim, which constitutes not simply a new theory of liability, but an entirely separate claim for relief, targeted against an entirely new set of allegedly infringing activities by the defendants – namely, use of Synopsys' Design Compiler software. Ricoh's motion, however, provides no explanation as to why Ricoh failed to develop its Section 271(a) claim in the original complaint. Instead, Ricoh maintains that this new theory of infringement is a mere "clarification" of the original complaint. *See, e.g.,* Motion at 7:15-16. Unfortunately for Ricoh a "clarification" is not a satisfactory explanation, as the Ninth Circuit recognized in *Stein*. *See Stein*, 691 F.2d at 898. In *Stein*, the plaintiff sought to amend its complaint arguing that the proffered amendment was an "attempted clarification[]." *Id.* The Ninth Circuit rejected that argument and affirmed the district court's denial of the motion, finding that the plaintiff had "provided no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* As in *Stein*, Ricoh here offers no other explanation, and the Court should deny leave to amend.

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-04669 MJJ (EMC
Opposition to Motion to File Amended Complaint

-7-

### C. Ricoh's Added Section 271(a) Reaffirms That Ricoh's Action Against The Defendants Is A Customer Suit That Should Be Stayed.

Ricoh's added "proposed" claim under Section 271(a), based on the use of the process claims of the patent in suit, reaffirms that this action is a customer suit, and that the fundamental issues of infringement should be adjudicated between Ricoh and Synopsys.

As the customer defendants have frequently noted, Ricoh's infringement allegations are directed to the ordinary use and operation of Synopsys' Design Compiler product. The Delaware district court accurately stated when transferring the present action that, "the California court's determination regarding infringement and validity of the '432 patent will efficiently dispose of the infringement issues regarding Synopsys' customers." *See* Ex. H at 5. Ricoh's proposed amended complaint adds the phrase, "utilizing in the United States the process of one or more of claims 13-17 of the '432 patent as part of the process of manufacturing application integrated circuits" to its patent infringement allegation. *See* Ex. A at ¶¶ 17, 23, 29, 29, 35, 41, 47, and 53. This allegation is nothing more than using Design Compiler. In addition to being more efficiently litigated between Synopsys and Ricoh, since Synopsys has the "greater interest in defending its actions against charges of patent infringement," these issues will be most ardently litigated between Synopsys and Ricoh as well. *See Kahn v. General Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989).

### III. CONCLUSION

For the foregoing reasons, the Court should deny Ricoh's motion for leave to file an amended complaint.

Dated: March 9, 2004                     Respectfully submitted,

                                         HOWREY SIMON ARNOLD & WHITE, LLP


                                         By: /s/Erik K. Moller
                                             Erik K. Moller
                                             Attorneys for Defendants
                                             AEROFLEX INCORPORATED, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br>  Plaintiffs, <br><br>  v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTESM, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC., <br><br>  Defendants. | Case No. CV 03-04669 MJJ <br><br> **[PROPOSED] ORDER GRANTING MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE CERTAIN DOCUMENTS AND EXHIBITS UNDER SEAL** |

Defendants have file a Miscellaneous Administrative Request with this Court to Civil Local Rule 7-10(b) for permission to file under seal the following documents and exhibits:

1. Exhibit E to Declaration of Erik K. Moller in Support of Defendants' Opposition to Motion for Leave to File Amended Complaint, a true and correct copy of correspondence from Kenneth W. Brothers to Christopher Kelley, dated March 5, 2004 with attachment.

This request is made pursuant to the Stipulated Protective Order submitted by the parties and entered on June 9, 2003.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ
[Proposed] Order re Miscellaneous Request to File Under Seal

1   After considering the requesting papers and all other matters presented to the Court, and
2   finding good cause therefore,
3       IT IS HEREBY ORDERED that Defendants' request is GRANTED.

5   Dated: March 9, 2004

    Hon. Maxine M. Chesney
6       Judge, United States District Court

7   Submitted March 9, 2004 by:
    HOWREY SIMON ARNOLD & WHITE, LLP

10  BY:    /s/ Erik K. Moller
        Teresa M. Corbin
11      Christopher Kelley
        Thomas C. Mavrakakis
12      Erik K. Moller
        301 Ravenswood Avenue
13      Menlo Park, CA  94025
        Telephone:  (650) 463-8100
14      Facsimile:  (650) 463-8400
        Attorneys for Defendants