1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers(*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
    & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
    & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.
14

15                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
16                   SAN FRANCISCO DIVISION

17

18 _____
                                          )
19 RICOH COMPANY LTD.,                     )   **CASE NO. CV-03-4669-MJJ (EMC)**
                                          )
                     Plaintiff,           )   **RICOH'S NOTICE OF FILING PROPOSED**
20                                         )   **AMENDED COMPLAINT**
                                          )
21      vs.                                )   **Date:**
                                          )   **Time:**
22 AEROFLEX ET AL,                         )   **Courtroom:**
                                          )
                     Defendant.           )
23 _____                )

24

25

26

27

28

1      Pursuant to the Court's Order of March 10, 2004 and in conjunction with Plaintiff Ricoh

2  Company, Ltd.'s ("Ricoh") Motion for Leave to file an Amended Complaint, Ricoh herewith lodges its

3  proposed Amended Complaint (attached as Exhibit A).

4

5  Dated:  March 10, 2004               Respectfully submitted,

6                                Ricoh Company, Ltd.

7

8                                By: _____/s/_____

9                                Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008

10                             ALTSHULER, BERZON, NUSSBAUM,
                                  RUBIN & DEMAIN

11                             177 Post Street, Suite 300
                             San Francisco, California  94108

12                             Phone:  (415) 421-7151

13                             Fax:  (415) 362-8064

14                             Gary M. Hoffman

15                             Ken Brothers
                             Eric Oliver

16                             Michael Weinstein
                             DICKSTEIN SHAPIRO MORIN &

17                                OSHINSKY  LLP
                             2101 L Street NW

18                             Washington, D.C.  20037-1526
                             Telephone: (202) 785-9700

19                             Facsimile: (202) 887-0689

20                             Edward A. Meilman

21                             DICKSTEIN SHAPIRO MORIN &
                                OSHINSKY  LLP

22                             1177 Avenue of the Americas
                             New York, New York  10036

23                             Telephone:  (212) 896-5471
                             Facsimile:  (212) 997-9880

24

25                             Attorneys for Ricoh Company, Ltd.

26

27

28

EXHIBIT A

1

2  Gary M. Hoffman, *admitted pro hac vice*
   Kenneth W. Brothers, *admitted pro hac vice*
3  DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
   2101 L Street, N.W.
4  Washington, D.C.  20037-1526
   Telephone:  (202) 785-9700
5  Facsimile:  (202) 887-0689

6  Edward A. Meilman, *admitted pro hac vice*
   DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone: (212) 835-1400
   Fax: (212) 992-9880
9

10 Jeffrey B. Demain (SBN 126715)
   Jonathan Weissglass (SBN 185008)
11 ALTSHULER, BERZON, NUSSBAUM,
   RUBIN & DEMAIN
12 177 Post Street, Suite 300
   San Francisco, California  94108
13 Phone: (415) 421-7151
   Fax: (415) 362-8064
14

15 Attorneys for Plaintiff Ricoh Company, Ltd.

16                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
17                    SAN FRANCISCO DIVISION

18

19 RICOH COMPANY, LTD.,                )  Case No. C03-04669 MJJ (EMC)
                                       )
20          Plaintiff,                 )  **AMENDED COMPLAINT**
                                       )
21     vs.                             )
                                       )
22 AEROFLEX INC.,                      )
   AMI SEMICONDUCTOR, INC.,            )
23 MATROX ELECTRONIC SYSTEMS, LTD.,    )
   MATROX GRAPHICS, INC.,              )
24 MATROX INTERNATIONAL, INC.,         )
   MATROX TECH, INC., and              )
25 AEROFLEX COLORADO SPRINGS, INC.     )
                                       )
26          Defendants.                )
_____    )
27                                     )

28

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Complaint against Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), Matrox Tech, Inc. ("Matrox Tech"), and Aeroflex Colorado Springs, Inc. ("UTMC"), alleges as follows:

## PARTIES

1.    Plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

2.    Upon information and belief, Defendant Aeroflex is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY, 11803.  Aeroflex is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

3.    Upon information and belief, Defendant AMI is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 2300 Buckskin Road, Pocatello, ID 83201.  AMI is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

4.    Upon information and belief, Defendant Matrox is a corporation organized under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada.  Matrox is doing business in this jurisdiction and/or has

committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

5.     Upon information and belief, Defendant Matrox Graphics is a corporation organized under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada.  Matrox Graphics is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

6.     Upon information and belief, Defendant Matrox Int'l is a corporation organized under the laws of New York, maintains its principal place of business at 625 State Rt 3, Unit B, Plattsburgh, NY 12901.  Matrox Int'l is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

7.     Upon information and belief, Defendant Matrox Tech is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 1075 Broken Sound Parkway, NW, Boca Raton, FL  33487-3524.  Matrox Tech is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

8.     Upon information and belief, Defendant UTMC is a wholly-owned subsidiary of Defendant Aeroflex, is also known as Aeroflex Microelectronic Solutions, Inc., Aeroflex UTMC Microelectronic Solutions, Inc., and formerly known as United Technologies Microelectronics Center, is a corporation organized under the laws of the State of Delaware

and maintains a place of business at 4350 Centennial Blvd, CO, 80907.  UTMC is doing

business in this jurisdiction and/or has committed the acts complained of in this jurisdiction,

and has consented to the jurisdiction of this Court for this action.

## JURISDICTION

9.    This  action arises under the patent laws of the United States, Title 35, United States

Code, and more particularly under 35 U.S.C. §§ 271 et. seq.

10.    This Court has subject matter jurisdiction over this patent infringement action under

the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1331.

11.    This Court has personal jurisdiction over the Defendants because Defendants are

present and/or doing business in this jurisdiction either directly or through their agents, or

alternatively, have consented to the jurisdiction of this Court.

## VENUE

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that Defendants

regularly transact business in this judicial district and/or a substantial part of the events or

omissions giving rise to the claim occurred in this judicial district and/or are found in this

judicial district and/or are aliens.

## FACTUAL BACKGROUND

13.    On May 1, 1990, the U.S. Patent and Trademark Office ("USPTO") duly and legally

issued United States Letters Patent No. 4,922,432 (the " '432 Patent") in the names of Hideaki

Kobayashi and Masahiro Shindo for their invention titled "Knowledge Based Method and

1    Apparatus for Designing Integrated Circuits using Functional Specifications."    A copy of the

2    '432 Patent is attached hereto as Exhibit 1.

3
4    14.    By assignment, Ricoh is the owner of the entire right, title, and interest in the '432
5    Patent and has the sole right to sue and recover for infringement thereof.

6    15.    The '432 Patent describes, inter alia, a method for designing an application specific
7    integrated circuit.  By using the invention of the '432 Patent, one can define functional
8    architecture independent specifications for an integrated circuit and translate functional
9    architecture independent specifications into the detailed information needed for directly
10   producing the integrated circuit.
11
12                                    **PATENT INFRINGEMENT**
13
14                                          **COUNT 1**
15
16   16.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

17   17.    Upon information and belief, Aeroflex has been and is now infringing the '432 Patent
18   by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent
19   as part of the process of manufacturing application specific integrated circuits, and/or by
20   selling, offering to sell and/or importing into the United States, application specific integrated
21   circuits made with the use and/or by the process of one or more of claims 13-17 of the '432
22   Patent, either literally or under the doctrine of equivalents.
23
24   18.    Upon information and belief, Aeroflex will continue to infringe the '432 Patent unless
25   enjoined by this Court.
26
27
28
                          CASE NO. CV-03-4669 MJJ (EMC)   Page 5
                                    AMENDED COMPLAINT

19.    As a consequence of Aeroflex's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Aeroflex is enjoined by this Court from committing further acts of infringement.

20.    Upon information and belief, Aeroflex's infringement of the '432 Patent is willful.

21.    Ricoh is entitled to recover damages adequate to compensate for Aeroflex's infringement.

## COUNT 2

22.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

23.    Upon information and belief, AMI has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

24.    Upon information and belief, AMI will continue to infringe the '432 Patent unless enjoined by this Court.

25.    As a consequence of AMI's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless AMI is enjoined by this Court from committing further acts of infringement.

26.    Upon information and belief, AMI's infringement of the '432 Patent is willful.

1    27.    Ricoh is entitled to recover damages adequate to compensate for AMI's infringement.

2                                            **COUNT 3**

3
4    28.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

5    29.    Upon information and belief, Matrox has been and is now infringing the '432 Patent by

6    utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as

7    part of the process of manufacturing application specific integrated circuits, and/or by selling,
8
9    offering to sell and/or importing into the United States, application specific integrated circuits

10   made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent,

11
12   either literally or under the doctrine of equivalents.

13   30.    Upon information and belief, Matrox will continue to infringe the '432 Patent unless

14   enjoined by this Court.

15
16   31.    As a consequence of Matrox's infringement, Ricoh has been irreparably damaged to an

17   extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in

18   the future unless Matrox is enjoined by this Court from committing further acts of
19
20   infringement.

21   32.    Upon information and belief, Matrox's infringement of the '432 Patent is willful.

22   33.    Ricoh is entitled to recover damages adequate to compensate for Matrox's
23
24   infringement.

25                                            **COUNT 4**

26   34.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

27

28

35.     Upon information and belief, Matrox Graphics has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

36.     Upon information and belief, Matrox Graphics will continue to infringe the '432 Patent unless enjoined by this Court.

37.     As a consequence of Matrox Graphics' infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Graphics is enjoined by this Court from committing further acts of infringement.

38.     Upon information and belief, Matrox Graphics' infringement of the '432 Patent is willful.

39.     Ricoh is entitled to recover damages adequate to compensate for Matrox Graphics' infringement.

## COUNT 5

40.     Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

41.     Upon information and belief, Matrox Int'l has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or

1   by selling, offering to sell and/or importing into the United States, application specific

2   integrated circuits made with the use and/or by the process of one or more of claims 13-17 of

3   the '432 Patent, either literally or under the doctrine of equivalents.

4

5   42.    Upon information and belief, Matrox Int'l will continue to infringe the '432 Patent

6   unless enjoined by this Court.

7

8   43.    As a consequence of Matrox Int'l's infringement, Ricoh has been irreparably damaged

9   to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such

10  acts in the future unless Matrox Int'l is enjoined by this Court from committing further acts of

11  infringement.

12

13  44.    Upon information and belief, Matrox Int'l's infringement of the '432 Patent is willful.

14  45.    Ricoh is entitled to recover damages adequate to compensate for Matrox Int'l's

15  infringement.

16

17  **COUNT 6**

18  46.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

19  47.    Upon information and belief, Matrox Tech has been and is now infringing the '432

20  Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432

21

22  Patent as part of the process of manufacturing application specific integrated circuits, and/or

23  by selling, offering to sell and/or importing into the United States, application specific

24

25  integrated circuits made with the use and/or by the process of one or more of claims 13-17 of

26  the '432 Patent, either literally or under the doctrine of equivalents.

27

28

1    48.    Upon information and belief, Matrox Tech will continue to infringe the '432 Patent

2    unless enjoined by this Court.

3    49.    As a consequence of Matrox Tech's infringement, Ricoh has been irreparably damaged

4

5    to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such

6    acts in the future unless Matrox Tech is enjoined by this Court from committing further acts

7
     of infringement.
8

9    50.    Upon information and belief, Matrox Tech's infringement of the '432 Patent is willful.

10   51.    Ricoh is entitled to recover damages adequate to compensate for Matrox Tech's

11
     infringement.
12

13                                    **COUNT 7**

14   52.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

15
     53.    Upon information and belief, UTMC has been and is now infringing the '432 Patent by
16

17   utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as

18   part of the process of manufacturing application specific integrated circuits, and/or by selling,

19
     offering to sell and/or importing into the United States, application specific integrated circuits
20

21   made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent,

22   either literally or under the doctrine of equivalents.

23
     54.    Upon information and belief, UTMC will continue to infringe the '432 Patent unless
24

25   enjoined by this Court.

26   55.    As a consequence of UTMC's infringement, Ricoh has been irreparably damaged to an

27
     extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in
28

1  the future unless UTMC is enjoined by this Court from committing further acts of

2  infringement.

3  56.    Upon information and belief, UTMC's infringement of the '432 Patent is willful.

4

5  57.    Ricoh is entitled to recover damages adequate to compensate for UTMC's

6  infringement.

7  **PRAYER FOR RELIEF**

8

9      WHEREFORE, Ricoh prays for entry of judgment:

10  A.  that Aeroflex has infringed the '432 Patent;

11

12  B.  that Aeroflex, its agents, employees, representatives, successors, and assigns and those

13  acting, or purporting to act, in privity or in concert with Aeroflex, be preliminarily and

14  permanently enjoined from further infringement of the '432 Patent;

15

16  C.  that Aeroflex account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

17  enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

18  pursuant to 35 U.S.C. § 285;

19

20  D.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to

21  it by reason of Aeroflex's infringement of the '432 Patent;

22  E.  that AMI has infringed the '432 Patent;

23

24  F.  that AMI, its agents, employees, representatives, successors, and assigns and those acting,

25  or purporting to act, in privity or in concert with AMI, be preliminarily and permanently

26  enjoined from further infringement of the '432 Patent;

27

28

G.  that AMI account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

pursuant to 35 U.S.C. § 285;

H.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to

it by reason of AMI's infringement of the '432 Patent;

I.    that Matrox has infringed the '432 Patent;

J.    that Matrox, its agents, employees, representatives, successors, and assigns and those

acting, or purporting to act, in privity or in concert with Matrox, be preliminarily and

permanently enjoined from further infringement of the '432 Patent;

K.  that Matrox account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

pursuant to 35 U.S.C. § 285;

L.   that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to

it by reason of Matrox's infringement of the '432 Patent;

M. that Matrox Graphics has infringed the '432 Patent;

N.  that Matrox Graphics, its agents, employees, representatives, successors, and assigns and

those acting, or purporting to act, in privity or in concert with Matrox Graphics, be

preliminarily and permanently enjoined from further infringement of the '432 Patent;

O.  that Matrox Graphics account for and pay to Ricoh all damages under 35 U.S.C. § 284,

including enhanced damages, caused by the infringement of the '432 Patent, and attorneys'

fees pursuant to 35 U.S.C. § 285;

P.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Graphics' infringement of the '432 Patent;

Q.  that Matrox Int'l has infringed the '432 Patent;

R.  that Matrox Int'l, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Int'l, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

S.  that Matrox Int'l account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

T.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Int'l's infringement of the '432 Patent;

U.  that Matrox Tech has infringed the '432 Patent;

V.  that Matrox Tech, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Tech, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

W.  that Matrox Tech account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

X.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Tech's infringement of the '432 Patent;

Y.  that costs be awarded to Ricoh; and

1    Z.  that Ricoh be granted such other and further relief as the Court may deem just and proper

2    under the current circumstances;

3
     AA.    that UTMC has infringed the '432 Patent;
4

5    BB. that UTMC, its agents, employees, representatives, successors, and assigns and those

6    acting, or purporting to act, in privity or in concert with UTMC, be preliminarily and

7
     permanently enjoined from further infringement of the '432 Patent;
8

9    CC.    that UTMC account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

10   enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

11
     pursuant to 35 U.S.C. § 285; and
12

13   DD.    that Ricoh be granted pre-judgment and post-judgment interest on the damages

14   caused to it by reason of UTMC's infringement of the '432 Patent.

15
                                    Ricoh Company, Ltd.
16                                  By: _____
                                    Jeffrey B. Demain (SBN 126715)
17                                  Jonathan Weissglass (SBN 185008)
                                    ALTSHULER, BERZON, NUSSBAUM,
18                                  RUBIN & DEMAIN
                                    177 Post Street, Suite 300
19                                  San Francisco, California  94108
                                    Phone:  (415) 421-7151
20                                  Fax:  (415) 362-8064

21
                                    Gary M. Hoffman
22                                  Edward Meilman
                                    Eric Oliver
23                                  Kenneth W. Brothers
                                    DICKSTEIN SHAPIRO MORIN &
24                                  OSHINSKY  LLP
                                    2101 L Street NW
25                                  Washington, D.C.  20037-1526
                                    Telephone: (202) 785-9700
26                                  Facsimile: (202) 887-0689

27
                                    Counsel for Plaintiff,
28                                  Ricoh Company.