Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., | CASE NO. CV-03-4669-MJJ (EMC) |
| Plaintiff, | **RICOH'S REPLY IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT** |
| vs. | **Date:  April 6, 2004** |
| AEROFLEX ET AL, | **Time: 9:30 a.m.** |
| Defendants. | **Courtroom: 11** |

# TABLE OF CONTENTS

A. Defendants' Opposition Cannot Overcome The Strong Presumption In Rule 15 In Favor Of Granting Leave To Amend ........................... 2

   1. Ricoh Should Be Permitted To Clarify Its Infringement Allegations.................................................................................. 3

   2. Ricoh's Amended Complaint Does Not Violate Rule 8(a) Or Rule 10(b).................................................................................. 4

B. Defendants' Claim Of Prejudice Should Be Rejected Because Ricoh's Original Complaint Included Claims Under Both 35 U.S.C. §271(a) & (g)........................... 6

   1. Ricoh's Complaint Sufficiently States Claims Under Both §271(a) and (g) ................................................................... 6

   2. There Is No Prejudice Because The Parties Have Long Understood That Ricoh's Complaint Articulates Claims Under Both 35 U.S.C. §271(a) And (g) ........................................... 7

C. Even If The Original Complaint Did Not Include A Claim Under §271(a), The Amended Complaint Should Still Be Permitted Because There Is No Prejudice ................................................. 10

   1. Ricoh Has Not Unduly Delayed Amending Its Complaint .......................... 10

   2. Ricoh Has Not Previously Sought To Amend Its Complaint...................... 12

   3. The Amendment Is Not Futile................................................... 13

   4. Defendants Are Not Unduly Prejudiced By The Amendment .................. 13

D. The Amended Complaint Does Not "Target An Entirely New Set Of Activities Without Justification" ................................................. 14

E. There Is No Basis To Stay The Proceedings .......................................... 15

CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

## CASES

*Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 989 F. Supp. 1237 (N.D. Cal. 1997) ...................................................................3

*Bautista v. Los Angeles County*, 216 F.3d 837 (9th Cir. 2000) ...........................................5

*Beery v. Hitachi*, 157 F.R.D. 477 (C.D. Cal. 1993) .......................................................4, 7

*DCD Programs, Ltd., v. Leighton*, 833 F.2d 183 (9th Cir. 1987).................................3, 13

*EPIS, Inc. v. Fidelity and Guaranty Life Insurance Co.*, 156 F. Supp. 2d 1116 (N.D. Cal. 2001)................................................................12

*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................................................3

*Genentech, Inc. v. Abbott Laboratoriess*, 127 F.R.D. 529 (N.D. Cal. 1989)................3, 13

*Joy Technologies v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993) ...............................................6

*Leatherman v. Tarrant County*, 507 U.S. 163 (1993)...........................................................4

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ...........................................................2, 3, 10

*Meyerson v. Wickes Co. Inc.*, 882 F. Supp. 1371 (S.D.N.Y. 1995).......................................4

*Moba, B.V. et al. v. Diamond Automation, Inc.*, 325 F.3d 1306 (Fed. Cir. 2003)............10

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) .........................10

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990)......................3

*Network Caching Technology, LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881 (N.D. Cal. 2003).........................................................15

*Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987)...................................................................3

*OKI Electronic Industry Co., Ltd. v. LG Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998) ........................................................7

*Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982) ................................................4

*United States of America v. Conagra, Inc.*, 1997 U.S. Dist. LEXIS 21401 (D. Id. 1997).............................................................................5

*United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001).....................10

1

## STATUTES

2

35 U.S.C. §271(a) ................................................................................ passim

3

35 U.S.C. §271(g) ................................................................................ passim

4

28 U.S.C. §1927 ........................................................................................1, 14

5

Fed. R. Civ. P. 8(a)(2) .................................................................................4

6

Fed. R. Civ. P. 10(b) ...................................................................................5

7

Fed. R. Civ. P. 15(a) ...................................................................................2

8

Fed. R. Civ. P. 84 .....................................................................................5, 7

9

10

## OTHER

11

Anna M. Budde, *Liability Of A Foreign Manufacturer Using A Patented Process For*
*Indirect Infringement,* 42 Wayne L. Rev. 291, 312-313 (1995) ...................................10

12

Chisum on Patents §16.02[6][d][ii] .......................................................................6, 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Ricoh Company, Ltd. ("Ricoh") submits this reply in support of its motion for leave

2    to amend its complaint.[1]

3    Ricoh asked defendants to stipulate to the proposed Amended Complaint on February 12,

4    2004 but they refused.  Continuing their pattern of fighting over everything, defendants ignore the

5    requirements of Rule 15(a) that "leave [to amend] shall be freely given when justice so requires" and

6    that they had formally agreed that the pleadings could be amended until June 4, 2004 only -- 10 days

7    earlier (D.I. 94, 2/2/04 Joint Case Management Conference Statement and Proposed Order, at 11, line

8    20).  Defendants' opposition is nothing more than an unnecessary multiplication of proceedings in

9    violation of 28 U.S.C. §1927.

10

11    Only now have defendants finally conceded and consented to Ricoh's proposed amendment

12    to add as a party Aeroflex Colorado Springs, Inc. ("Aeroflex Colorado"), and to narrow the claims at

13    issue to claims 13-17 of the '432 patent.  Defendants' failure to so agree earlier is additional evidence of

14    their bad faith.  The belated concession that Ricoh should be permitted to amend its Complaint is fatal to

15    defendants' opposition.  Moreover, defendants' wholly unsupported argument that the proposed

16    Amended Complaint runs afoul of Rules 8(a) and 10(b) is absurd.  Ricoh's proposed Amended

17    Complaint is in full compliance with those rules.

18    Because defendants have conceded that Ricoh should be permitted to amend its Complaint,

19    the only remaining issue for the Court is whether, under Rule 15(a), Ricoh "**shall** be freely given" leave

20    to amend to clarify that its allegations continue to include claims under both §271(a) and (g).  The well-

21    established case law under Rule 15(a) that essentially mandates granting of a motion to amend before

22    this Court has held an initial case management conference.  Indeed, defendants cite no cases where a

23    motion to amend a Complaint has been denied at this early stage of the proceedings.

24

25

26

27
_____

28    [1] On March 10, 2004, this Court gave defendants leave to supplement their March 9 opposition by
March 23, 2004 (which they did not) and Ricoh until March 30, 2004 to file this Reply.

Defendants oppose based upon the false premise that Ricoh's original Complaint did not state claims based upon both §271(a) and (g). This argument ignores the allegations in the original Complaint and turns the requirements in the federal rules for a "plain and simple statement of the claims" on its head. The assertion also is belied by the fact that the language of Ricoh's original Complaint exceeds the requirements of Rule 8(a) and the Federal form for a patent infringement complaint, which has been held to state claims under both §271(a) and (g). In addition, the parties have repeatedly acknowledged that Ricoh's claims were under both §271(a) and (g). Defendants' revisionist history points to their statements made that the two Canadian Matrox defendants should be dismissed under §271(g), because those two entities purportedly did not design ASICs in the United States (an assertion since shown to be false). But those statements were always limited to those two defendants, and never applied to the remaining four defendants. Undaunted by either the facts or the law, however, defendants argued for the first time on February 10, 2004 that Ricoh's original Complaint never stated a claim under §271(a). Defendants' last-minute change of heart cannot conceal the fact that Ricoh's Complaint always has included claims under §271(a) and (g), and thus the proposed amendment in no way creates any prejudice.

Even if defendants were correct, however, and Ricoh's original Complaint was limited to §271(g), the motion to amend should still be granted under Rule 15(a). No pretrial schedule has been established, and no case management conference is scheduled. There is plenty of time for discovery. Other than recycling their twice-rejected belief that they should not be sued by Ricoh (despite the fact that Synopsys is paying all of their fees), defendants have not cited any reason for denying the motion. The third time should be no different.

A.    **Defendants' Opposition Cannot Overcome The Strong Presumption in Rule 15 In Favor Of Granting Leave To Amend**

Fed. R. Civ. P. 15(a) states that a Complaint may be amended upon leave of the court and "leave shall be freely given when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (leave to amend should be granted in virtually all instances). Although defendants attempt to

focus on technicalities, the Ninth Circuit has specifically instructed that "the court must remain guided by the 'underlying purpose of Rule 15...to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Id.*, quoting *Noll v. Carlson,* 809 F.2d 1446 at 1448 (9th Cir. 1987). Numerous cases reaffirm that "the court must be very liberal in granting leave to amend a complaint." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,* 989 F.Supp. 1237, 1241 (N.D. Cal. 1997), citing *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *DCD Programs, Ltd., v. Leighton,* 833 F.2d 183, 187-88 (9th Cir. 1987) (reversing trial court's refusal to grant leave to file fourth amended complaint; discovery was still pending and no pretrial schedule had been established); *Genentech, Inc. v. Abbott Labs,* 127 F.R.D. 529, 535 (N.D. Cal. 1989) (motion to amend should be granted even if "numerous witnesses" need to be redeposed and "additional document searches and written discovery" are required).

The cases cited by the defendants to support their erroneous theory that leave to amend should not be granted can be easily distinguished from the present case. For example, the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), discussed factors to be considered when deciding a leave to amend, and indicated that in the absence of any of these factors, leave to amend should be "freely given." *Id.* As discussed below, none of the factors are present here.

### 1.    Ricoh Should Be Permitted To Clarify Its Infringement Allegations

In addition to amending its complaint to add Aeroflex Colorado and to narrow the claims at issue, which defendants concede is proper and should be allowed, Ricoh seeks to amend its complaint simply to clarify its proper allegations against defendants. In their February 10, 2004 Motion for Judgment on the Pleadings pursuant to Rule 12(c), defendants are attempting to avoid the merits of Ricoh's infringement claims against them by mischaracterizing and recasting Ricoh's complaint. *See* D.I. 100, Defendants' Motion for Judgment on the Pleadings, at 2. But Ricoh is not presenting any new facts or any new theories and is simply clarifying its original contentions. As shown below, Ricoh's original Complaint and its proposed Amended Complaint include allegations under both §271(a) and

1    (g).  Defendants concede that the Amended Complaint includes allegations under both §271(a) and (g).

2    (Def. Opp. at 4.)

3          Contrary to defendants' assertion, courts may allow a party to amend their Complaint to

4    clarify their claims against an opposing party.  *Meyerson v. Wickes Co. Inc.*, 882 F. Supp. 1371, 1379

5    (S.D.N.Y. 1995) (court allowed party to amend its complaint to clarify its claims against defendants).

6    Consistent with that policy, Ricoh should be given leave to amend its Complaint to clarify its allegations

7    against the defendants so as not to incur any further delay of a decision on the merits of Ricoh's case.

8    The case of *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982), cited by the defendants, is easily

9    distinguishable because the court was denying a belated request to amend, filed *after* the trial court had

10   heard and granted dismissal motions, not only because of the attempted clarification.  *Id.* at 898.

11

12          In addition, defendants mischaracterize Rule 15(a) cases as requiring that a motion to amend

13   "*should be denied* 'where the movant has presented no new facts but only new theories and has provided

14   no satisfactory explanation for his failure to develop the new contentions originally.'"  (Def. Opp. at 7.)

15   (emphasis added)  None of those cases make denial mandatory and in most, the requested leave to

16   amend was very late in the process, for example, after a dismissal.

17          ## 2.    Ricoh's Amended Complaint Does Not Violate Rule 8(a) or Rule 10(b)

18          In opposing the motion, the defendants first claim that the proposed amendment violates

19   Rules 8(a) and 10(b), but they do not explain why these alleged violations are not permissible when

20   conceding that the amendment should be granted to add Aeroflex Colorado and to narrow the scope of

21   the claims.  Defendants' reliance on Rules 8(a) and 10(b) is without merit.

22

23          The liberal notice pleading requirements of Fed. R. Civ. P. 8(a)(2) only call for "a short and

24   plain statement of the claim."  The Federal Rules only require notice pleading with the purpose being

25   simply to "give the defendant fair notice of what the plaintiff's claim is and grounds upon which it

26   rests."  *Leatherman v. Tarrant County*, 507 U.S. 163, 167 (1993).  Under the notice pleading standard,

27   Ricoh's claims are more than adequate.  The defendants fail to cite any authority for a heightened

28   pleading standard for §271 claims.

1         In *Beery v. Hitachi*, 157 F.R.D. 477, 480 (C.D. Cal. 1993), the court found that the plaintiffs

2 had sufficiently pled their patent infringement claims because the claims were similar to Form 16 of the

3 Appendix of Forms to the Federal Rules. Form 16 states that the defendant has been infringing a patent

4 by "making, selling, and using electric motors embodying the patented invention." These Forms, as

5 Fed. R. Civ. P. 84 states, are an example of the "simplicity and brevity of statement" contemplated by

6 the rules, *e.g.*, Rule 8(a)(2). Ricoh's claims against the defendants (in both the original Complaint and

7 in the Amended Complaint) are more detailed than Form 16, but are still a short and plain statement of

8 its claims. Defendants' argument that the Amended Complaint is inconsistent with Rule 8(a) not only

9 turns the "simplicity and brevity" requirement on its head, but it is inconsistent with the liberal notice

10 pleading standard and the well recognized use of Form 16 in pleading a patent complaint.

11

12         Fed. R. Civ. P. 10(b) states that "each claim founded upon a separate transaction or

13 occurrence…shall be stated in a separate count or defense *whenever a separation facilitates the clear*

14 *presentation* of the matters set forth." (emphasis added) Separation is not a requirement, contrary to the

15 defendants' assertions, and claims must be separated "only when such separation clarifies the matters set

16 forth." *United States of America v. Conagra, Inc.*, 1997 U.S. Dist. LEXIS 21401 at *5-6 (D. Id. 1997).

17 (Weinstein Decl. (3/30/04) Ex. A). Separation of §271(a) and (g) claims is not required because the

18 claims are not founded on separate transactions or occurrences. Ricoh's claims are sufficiently clear and

19 do not require separation to facilitate clear presentation of the matters set forth. Defendants cite no cases

20 that state that a leave to amend should be denied under Rule 10(b). In *Bautista*, cited by the defendants,

21 the Ninth Circuit found that although the plaintiff's second amended complaint did not comply with the

22 lower court's leave to amend, the lower court abused its discretion in dismissing the plaintiff's case with

23 prejudice and should have given some "guidance" to the plaintiff to cure the complaint's defects.

24 *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Because Rule 10(b) is applicable

25 only when there are multiple claims, each based upon "a separate transaction or occurrence," and

26 because the rule does not *require* separation when the claims are sufficiently clear, rejection of Ricoh's

27

28 Amended Complaint on this basis is inappropriate.

1

**B.    Defendants' Claim of Prejudice Should Be Rejected Because Ricoh's Original Complaint Included Claims Under Both 35 U.S.C. §271(a) & (g)**

2

3    On February 10, 2004 – more than a year after Ricoh's Complaint was first filed – defendants

4    claimed for the first time that they believed that Ricoh's claims were limited to §271(g).  The record

5    belies defendants' feigned surprise and destroys any claim of prejudice.  Infringement under 35 U.S.C.

6    §271(a) relates to one who "makes, uses, or sells any patented invention, within the United States."

7    Process patents are infringed under §271(a) when the method is practiced within the U.S.  *See, e.g., Joy*

8    *Technologies v. Flakt, Inc.*  6 F.3d 770, 775 (Fed. Cir. 1993).

9    By contrast, 35 U.S.C. §271(g) is directed to products that result from the unauthorized use of a

10   patented process.  The relevant portion of §271(g) states "[w]hoever without authority imports into the

11   United States or offers to sell, sells, or uses within the United States a product which is made by a

12   process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale,

13   or use of the product occurs during the term of such process patent."  Although some courts have

14   suggested that §271(g) is limited to importation only, other courts have held to the contrary and have

15   applied §271(g) to "whoever without authority sells within the United States a product made by a

16   patented process shall be liable as an infringer."  Chisum on Patents §16.02[6][d][ii].

17   In this case, Ricoh's Complaint states that defendants infringe by using the patented process

18   (§271(a)) and that they sell products made by using the patented process (§271(g)).  Thus, there can be

19   no prejudice to defendants by Ricoh's clarification of its claims.

20   **1.    Ricoh's Complaint Sufficiently States Claims Under Both §271(a) And (g)**

21   Ricoh's original Complaint does not reference either 35 U.S.C. §271(a) or (g), but instead

22   generally refers to §271, and describes the substance of its infringement claims.  It alleges that each

23   defendant "has been and is now infringing the '432 Patent by using, offering to sell, and/or by selling

24   and/or by importing into the United States application specific integrated circuits designed by or using

25   information generated by, the process of one or more claims 13-20 of the '432 Patent, either literally or

26   under the doctrine of equivalents."  Complaint ¶¶ 16, 22, 28, 34, 40, 46.  This allegation closely follows

27   the language of §271(a), which provides that "whoever without authority makes, uses, offers to sell or

28

1   sells any patented invention within the United States, or imports into the United States any patented

2   invention during the term of the patent therefore, infringes the patent."

3        Defendants now claim that this language does not sufficiently state a claim under §271(a).  To

4   the contrary, the case law demonstrates that these allegations are more than adequate.  (*See, e.g., Beery*

5   *v. Hitachi*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) and *OKI Electronic Industry Co., Ltd. v. LG Semicon*

6   *Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507 at \*11 (N.D. Cal. 1998)) (D.I. 113, Weinstein Decl. (2/24/04),

7   Ex. 1).  Ricoh's original Complaint language is substantially identical to other cases that have used

8   similar language to allege patent infringement.  For example, in *OKI*, this Court found the allegation that

9   the defendants "import, offer for sale, and/or sell allegedly infringing products in the United States" was

10  sufficient to allege that the accused devices were imported or sold in the United States and thus

11  sufficient under *both* 35 U.S.C. §271(a) and §271(g).  *Id.* at \*11-12.  This Court also held that even if the

12  plaintiff had not specifically alleged that infringing devices were made, used, or sold in, or imported into

13  the United States, the allegation would still be sufficient under §271(a) and §271(g) because Form 16

14  does not require an allegation "that the infringing devices were made, used, or sold in, or imported into

15  the United States … and yet the Form is 'sufficient under the rules.' Fed. R. Civ. P. 84.  Form 16 thus

16  makes it clear that an explicit allegation of infringement in the United States is not necessary."  *Id.* at

17  \*12.

18       Ricoh's allegations in its original Complaint are even broader and more inclusive than the

19  allegations in *OKI*, and thus sufficient to state a claim under both §271(a) and (g).  Neither Rule 8(a), the

20  Federal form, nor *OKI* requires the level of detail that defendants now demand.  Defendants' allegations

21  that they have somehow been prejudiced is nothing more than a manufactured argument without support

22  in law or fact.

23       **2.     There Is No Prejudice Because The Parties Have Long Understood That**
            **Ricoh's Complaint Articulates Claims Under Both 35 U.S.C. §271(a) And (g)**

24

25       The defendants have repeatedly acknowledged that Ricoh's Complaint includes claims under

26  both 35 U.S.C. §271(a) and (g).  As Ricoh demonstrated in its opposition to defendants' Rule 12(c)

27  motion, the defendants have previously argued that Ricoh's infringement claims are based upon the

28  "ordinary use" of Synopsys's Design Compiler product in designing ASIC layouts.  D.I. 116 at p. 1, line

1    14-15 and p. 5, line 13-14. Defendants' characterization of Ricoh's infringement claims is a description

2    of a use of a patented process under 35 U.S.C. §271(a), not of a foreign defendant importing a product

3    created as a result of process patent pursuant to §271(g). Ricoh also has demonstrated that the Canadian

4    Matrox defendants' now-abandoned motion for summary judgment tacitly admits that Ricoh's

5    allegations asserted §271(a) claims against the remaining defendants. D.I. 116 at 1.

6         The Defendants' have repeatedly indicated and argued that Ricoh's litigation is about the "use"

7    of Design Compiler. For example, during the Case Scheduling conference on May 16, 2003, they said

8    that the "basis of the Complaint is really these defendants use of a product called Design Compiler that

9    Synopsys manufacturers and sells." (Weinstein Decl. (3/30/04) Ex. B, 5/16/03 Hearing Transcript, at 6.)

10   On June 12, 2003, defendants wrote:

11        The only connection Defendants have to Ricoh's allegations of patent infringement …is the fact
           that some of the Defendants use Design Compiler in their business. . . . Ricoh implies that the
12        Defendants' infringing activities are their use of Synopsys' computer-aided design systems. . . .

13   D.I. 113, Weinstein Decl. (2/24/04) Ex. 2, Defendants' June 12, 2003 Memorandum In Support Of

14   Defendants' Motion To Stay Or, In The Alternative, Transfer Venue, at 5, 7, 9, footnote omitted.

15        On July 15, 2003, Ricoh wrote that it

16        …has sued certain customers of Synopsys alleging that their manufacturer of computer chips
           directly infringes the process claims of RCL's 432 patent ….RCL's infringement claims against
17        these defendants are claims of direct patent infringement based on the facts the defendants are
           using a process that infringes the 432 patent. …[Ricoh] is currently pursuing infringement
18        claims against manufacturers of computer chips using the process disclosed in the 432
           patent….RCL is claiming that Synopsys' customers are using Synopsys' product in a way which
19        infringes upon RCL's patent."

20

21   D.I. 113, Weinstein Decl. (2/24/04 , Ex. 3, Ricoh's Brief in Opposition to Defendant's Motion to Stay,

22   at 2, 5, 8-9, 11. Ricoh's July 21, 2003 responses to Aeroflex's First Set of Interrogatories [1-11], also

23   makes clear that its claims include use of the patented process under §271(a):

24        Ricoh asserts that Aeroflex infringes at least claim 13 of the 432 patent based inter alia on the
           use by Aeroflex of Synopsis design compiler for the design of ASIC products….Upon
25        information and belief, Aeroflex particularly uses design compiler to perform steps of: . . .

26   D.I. 118  Ricoh's Interrogatory Responses (filed under seal). Defendants again acknowledged that

27   Ricoh's claims were for the use of the patented process on August 5, 2003:

28        …Ricoh's counsel stated that AMI has been charged with infringing the 432 patent because of its
           use of Synopsis design compiler software….

1  Weinstein Decl. (3/30/04) Ex. E, Reply Brief In Support of Defendants Motion to Stay, August 5, 2003,

2  pp. 5, 8.  In response, Ricoh wrote:

3          RCL's complete Interrogatory responses may clear that defendants, and not Synopsis, performed
           all of the steps of the process patent claims at issue…. Defendants, and not Synopsis performed
4          the process steps described in Claim 13 of the 432 patent of "describing for a proposed
           application specific integrated circuit, a series of architecture independent actions and
5          conditions" and of "specifying for each described action and condition of the series of said stored
           definitions which correspond to the desired action or condition to be performed.
6

7  Weinstein Decl. (3/30/04), Ex. F, Ricoh's Sur-reply brief in Opposition to Defendant's Motion to Stay,

8  at 3-4.  On November 7, 2003, defendants wrote:

9          The Delaware defendants seek an order from this Court staying the customer suit brought by
           Ricoh, which is based solely on its claim that the Delaware defendants' use of Synopsys's
10         Design Compiler? [sic] software infringes claims 13-20 of United States Patent No. 4,922,432
           (the '''423 patent"). . . . Ricoh's actions accuses six of Synopsys's customers (the Delaware
11         defendants) of infringing Ricoh's '432 patent based on their use of Synopsys' Design Compiler?
           [sic] Software. . . .
12

13  D.I. 113, Weinstein Decl. (2/24/04 ), Ex. 3, Defendants November 7, 2003 Motion To Stay Ricoh's

14  Customer Suit and Memorandum of Points and Authorities in Support Thereof, at 2, 3, 4.

15         This long record establishes beyond any reasonable doubt that the parties have long understood

16  that Ricoh's patent infringement claims included both the sale of products that were designed using the

17  patented process (§271(g)) and the defendants' own infringing use of the patented process (§271(a)).

18         Ricoh's recently submitted preliminary infringement contention charts further confirm that its

19  infringement allegations are under both sections.  Ricoh's preliminary infringement contention charts

20  illustrate that the defendants perform each of the steps of claims 13-17 of the '432 patent, and thus

21  infringe by making, using, offering to sell, selling, or importing the patent invention as required by

22  §271(a).  Ricoh's preliminary infringement contention charts expressly show that the defendants perform

23  steps in the process of manufacturing ASICs that include all of the steps of claims 13-17.  *See, e.g.,*

24  Moller Ex. E, Aeroflex Claim Chart at 1-13 (claim 13 analysis).

25         Defendants' assertions, made without citing any authority, because there is none, that Ricoh's

26  preliminary infringement contention charts do not support an infringement claim under 35 U.S.C.

27  §271(a) are as remarkable as they are wrong.  Defendants are essentially arguing that a preliminary

28  infringement contention charts under Pat. L.R. 3-1 for an infringing process cannot satisfy 35 U.S.C.

§271(a). This position is completely counter to basic tenants of patent law. *See, e.g., Moba, B.V. et al. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1312-13 (Fed. Cir. 2003) (finding that although the sale or manufacture of equipment to perform a claimed process is not direct infringement within the meaning of 35 U.S.C. §271(a), performance of the claimed process is). *See also* Chisum on Patents §16.02[6] ("direct infringement by unauthorized use of a process consists of the performance of all the process's operative steps"); Anna M. Budde, *Liability Of A Foreign Manufacturer Using A Patented Process For Indirect Infringement*, 42 Wayne L. Rev. 291, 312-313 (1995) (use of a patented process is infringement under 35 U.S.C. §271(a)).

Thus, defendants' claims that they were somehow surprised or prejudiced by the allegations in the Amended Complaint that asserts claims under both §271(a) and (g) is unfounded.

### C.    Even If The Original Complaint Did Not Include A Claim Under §271(a), The Amended Complaint Should Still Be Permitted Because There Is No Prejudice

Ricoh strongly maintains that its original Complaint sufficiently stated claims under both §271(a) and (g). Assuming *arguendo* that it did not include a claim under §271(a), however, leave to grant the Amended Complaint should still be granted, because defendants cannot meet the narrow exceptions for denying a motion to amend under Rule 15(a). The Ninth Circuit has consistently held that leave to amend should be granted unless, in an extraordinary case, the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The relevant factors in deciding whether to deny leave to amend are "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001), quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The defendants have not met any of these exceptions.

### 1.    Ricoh Has Not Unduly Delayed Amending Its Complaint

Ricoh has always maintained that its Complaint included allegations under §271(a) and (g). The main reasons for amending the Complaint were to add Aeroflex Colorado and to narrow the claims

at issue.  The clarification of the infringement allegations was a last minute addition and was a direct

result of defendants' February 10, 2004 Rule 12(c) motion.  By clarifying the allegations, Ricoh hoped

that the 12(c) motion would be mooted, but defendants refused to extend Ricoh the same courtesy that

Ricoh gave to Synopsys in January, 2004, when Synopsys wanted to amend its declaratory judgment

Complaint to clarify the scope of its allegations, and Ricoh consented.

      Defendants misrepresent the facts to contend that Ricoh was first placed on notice in August

2003 that its original Complaint was vulnerable, and implies that Ricoh should have sought to amend the

Complaint at that time.  The facts show that they never argued until February 10, 2004 that Ricoh's

Complaint was limited only to §271(g).  On August 27, 2003, defendants asserted that only two of the

defendants – the Canadian Matrox entities – believed that a motion for summary judgment was

appropriate because they perform "no design work in the United States."  (Moller Decl. Ex. F, Kelley

8/27/03 letter to Meilman.)[2]  Ricoh responded by stating that it did not agree with this interpretation of

§271(g).  (Moller Decl. Ex. G, Meilman 9/12/03 letter to Kelley.)  Likewise, at the December 9, 2003

hearing, defendants' arguments were limited to the Canadian Matrox entities:  "under the [*Bayer v.

Housey*] case in the Fed [*sic*] Circuit as a matter of law they [Ricoh] don't have any case against these

defendants *because they practice Design Compiler in Canada*."  (Moller Decl. Ex. D, 12/9/03 Tr. at 32-

33.)[3]  Indeed, as late as February 4, defendants understood that their argument regarding §271(g) was

limited to the non-U.S. activities of the Matrox entities:

> In order to simplify the issues presented to the Court, Matrox Electronics and Matrox
> Graphics intend to withdraw the present summary judgment motion and present a
> narrower motion  The new motion will ask the Court for a determination that practice
> of Ricoh's patent claims outside the United States cannot be prosecuted under 35
> U.S.C. 271(g) and that, therefore, the various Matrox defendants are entitled to
> summary adjudication of the issue of non-infringement as to ASIC design activities

[2]Defendants' argument was that since Matrox only used the process in Canada (later discovered to be false), they could only be liable under §271(g) and not under §271(a) as contrasted to the other defendants who used the process in the United States and hence could be liable under §271(a).

[3] Defendants concede that the remaining defendants "practice Design Compiler" in the United States. The corporate designee of Canadian Matrox defendants later testified that in fact they extensively designed ASICs in the United States, leading to the hasty withdrawal of the motion. See D.I. 101.

1

conducted outside the United States.  None of the Matrox companies will seek
dismissal from the case at this point in the litigation.

2

(Weinstein Decl., (3/30/04), Ex. C, letter from C. Kelley to E. Meilman dated 2/4/04 ).

3

4

The first time that defendants claimed that Ricoh's Complaint was limited to §271(g) was on

5

February 10, 2004, when  the Canadian Matrox defendants withdrew their summary judgment motion

6

and all defendants made a Rule 12(c) motion.  Contrary to their promise only six days earlier that "none

7

of the Matrox companies will seek dismissal from the case at this point in the litigation," they, along

8

with the other two ASIC defendants, now seek dismissal of the Complaint.  Ricoh immediately

9

responded by proposing to amend its Complaint to clarify its claims.  The facts thus show that as soon as

10

defendants invented their "271(g) only" theory, Ricoh responded *within two days* to cure the supposed

11

defect.  There is simply no basis for any claim of undue delay.

12

Defendants cite *EPIS, Inc. v. Fidelity and Guaranty Life Ins. Co.,* 156 F.Supp.2d 1116 (N.D.

13

Cal. 2001), for the proposition that a three month delay in amending weighs against granting the motion.

14

But in *EPIS,* the case was originally filed in federal court, dismissed and refiled in state court where it

15

was brought to the threshold of trial, then removed to federal court and discovery closed and only after

16

the case was set for trial, did the plaintiff seek to amend its complaint.  *Id.* at 1131-32.  The court found

17

that the plaintiff had already amended its complaint twice and had numerous opportunities to add its

18

latest theory.  *Id.* at 1133.  The court also acknowledged that delay is not a dispositive factor in the

19

analysis by itself.  *Id.*  These facts are far different from the case at bar, where Ricoh proposed amending

20

its complaint two days after defendants first alleged that Ricoh had not pled a claim under §271(a), and

21

where the proceedings will not be delayed.

22

23

**2.    Ricoh Has Not Previously Sought To Amend Its Complaint**

24

Defendants do not argue that Ricoh's motion to amend should be denied on this basis, since

25

Ricoh has not previously sought to amend its complaint.

26

27

28

1

### 3.     The Amendment Is Not Futile

2      Defendants do not argue that the proposed amended complaint is futile – indeed, they

3  concede that amendment is appropriate to add Aeroflex Colorado and to narrow the claims.  Nor do

4  defendants argue that adding a claim under §271(a) is futile, because they concede that the complaint, as

5  amended, validly states a claim under that section.

6      ### 4.     Defendants Are Not Unduly Prejudiced By The Amendment

7      Defendants oppose Ricoh's proposed amendment, asserting they would somehow be

8  prejudiced but never bothering to explain how.  They do not claim, because they cannot, that discovery

9  is over, because it has hardly begun.  They do not claim, because they cannot, that they will have to

10 review their documents or produce additional witnesses for deposition, because they have been

11 stonewalling their document discovery and have delayed producing witnesses for deposition.  They do

12 not argue that the pretrial schedule will have to be changed, because no pretrial schedule has been

13 established by this Court.  They do not claim that they will face greater damages if the amendment is

14 granted; in fact, they have claimed that the measure of damages under §271(a) will be lower than under

15 §271(g).  (D.I. 123, Defendants' 3/9/04 Opp. to Motion for Leave to File Amended Complaint, at 7.)

16 

17      Defendants' only articulation of potential prejudice is that, if the complaint is amended, they

18 "could face substantial discovery directed to proving infringement and damages under Section 271(g)

19 that is utterly irrelevant to the issues of infringement and damages under Section 271(a)."  (D.I. 123, at

20 7.)  This argument is a non-sequitur.  Defendants already concede that Ricoh has stated a claim under

21 §271(g) and then they argue that discovery under this *already existing claim* is burdensome!  Further,

22 even where a proposed amended complaint required additional discovery of "numerous witnesses across

23 the country who have been previously questioned and would necessitate additional document searches

24 and written discovery" was found not to be "undue prejudice" that justified a denial of the request to

25 amend.  *Genentech, Inc. v. Abbott Labs,* 127 F.R.D. 529, 535 (N.D. Cal. 1989).

26 

27      "Given that this case is still at the discovery stage with no trial date pending, nor has a

28 pretrial conference been scheduled, there is no evidence that [defendants] would be prejudiced by the

timing of the proposed amendment." *DCD Programs, Ltd., v. Leighton,* 833 F.2d 183, 187-88 (9th Cir. 1987) (reversing trial court's refusal to grant leave to file fourth amended complaint against party that had previously dismissed by the Court without prejudice). *DCD* amply supports Ricoh's proposal to amend its complaint for the first time, especially when this case is "still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled."

### D.    The Amended Complaint Does Not "Target An Entirely New Set Of Activities Without Justification"

Defendants' argument that the amendment should be denied because it "targets an entirely new set of activities without any justification as to why Ricoh did not advance this claim initially" fails for three reasons.

First, as shown above, Ricoh's original Complaint included a §271(a) claim, so there is not a "new set of activities" targeted.

Second, the Amended Complaint does not describe a "new set of activities," but instead makes clear that Ricoh's claims include defendants' use of the infringing process in the U.S. (§271(a)) as well as their sale of products made by the patented process (§271(g)). These are the same "activities" placed at issue in the original Complaint, as defendants repeatedly acknowledged when they claimed that Ricoh's Complaint targeted the "ordinary use" of Design Compiler. (See, D.I. 116, Ricoh's Opp. To Defendants' Rule 12(c) Motion, at 5-6.)

Third, defendants' assertion that the Amended Complaint targets "an entirely new set of allegedly infringing activities by the defendants – namely, the use of Synopsys' Design Compiler software" (D.I. 123, at 7) is astonishing.[4]  Even in another part of their opposition brief here, the defendants state:

> As the customer defendants have frequently noted, Ricoh's infringement allegations are directed to the ordinary use of Synopsys' Design Complier product.

---

[4] Ricoh, of course, does not agree that its infringement claims are merely about the ordinary use of Design Compiler.

D.I. 123, at 8.  For defendants to now attempt to seek to preclude Ricoh from amending its complaint because it supposedly makes the allegations that defendants have always said Ricoh was making contradicts their argument that "Ricoh did not advance this claim initially."  It also destroys any claim of prejudice, and further shows that the opposition is nothing more than a vexatious multiplication of proceedings in violation of 28 U.S.C. §1927.

### E.    There Is No Basis To Stay The Proceedings

Once again, defendants seek to stay these proceedings, this time claiming that Ricoh's preliminary infringement contentions are insufficient.  Two previous stay requests have already been rejected by the Judge Sleet of the District of Delaware on August 29, 2003, and by this Court on December 11, 2003.  Defendants' attempt to introduce Ricoh's preliminary infringement contentions into this motion is improper because it is not relevant.  In any event, far from supporting a third motion to stay, Ricoh's preliminary infringement contentions satisfy  Patent Local Rule 3-1.  *See supra*, at §B2 (discussing Ricoh's preliminary infringement contentions); *Network Caching Technology, LLC v. Novell, Inc.,* 2003 U.S. Dist. LEXIS 9881, *12-13 (N.D. Cal. 2003), (Weinstein Decl. (03/30/04) Ex. D.) (stating that "a party may comply with Patent LR 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves").  The Rule makes it clear that preliminary infringement contentions are not a forum for litigation of the substantive issues, as defendants now attempt.  Defendants' tactics are contrary to the purpose of claim charts under Patent LR 3-1.  *Network Caching at *12-13* (finding that Pat. L.R. 3-1 does not require the patentee produce evidence of infringement or ironclad and irrefutable claim constructions).

### CONCLUSION

This Court should grant Ricoh leave to file its proposed Amended Complaint.

1

2    Dated:  March 30, 2004                Respectfully submitted,

3                                          Ricoh Company, Ltd.

4

5                                          By: /s/ Kenneth Brothers

6                                          Jeffrey B. Demain, State Bar No. 126715
                                           Jonathan Weissglass, State Bar No. 185008
7                                          ALTSHULER, BERZON, NUSSBAUM,
                                             RUBIN & DEMAIN
8                                          177 Post Street, Suite 300
9                                          San Francisco, California  94108
                                           Phone:  (415) 421-7151
10                                         Fax:  (415) 362-8064

11                                         Gary M. Hoffman
                                           Kenneth W. Brothers
12                                         DICKSTEIN SHAPIRO MORIN &
                                             OSHINSKY  LLP
13                                         2101 L Street NW
14                                         Washington, D.C.  20037-1526
                                           Telephone: (202) 785-9700
15                                         Facsimile: (202) 887-0689

16                                         Edward A. Meilman
                                           DICKSTEIN SHAPIRO MORIN &
17                                           OSHINSKY  LLP
18                                         1177 Avenue of the Americas
                                           New York, New York  10036
19                                         Telephone:  (212) 896-5471
                                           Facsimile:  (212) 997-9880
20
                                           Attorneys for Ricoh Company, Ltd.
21

22

23

24

25

26

27

28