1 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
3 | HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
4 | Menlo Park, California 94025
Telephone: (650) 463-8100
5 | Facsimile: (650) 463-8400

6 | Attorneys for Defendants
AEROFLEX, INC.,
7 | AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS LTD.,
8 | MATROX GRAPHICS INC.,
MATROX INTERNATIONAL CORP., and
9 | MATROX TECH, INC.

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | RICOH COMPANY, LTD.,                    ) Case No. CV 03-04669 MJJ (EMC)
                                          )
14 |          Plaintiff,                   ) **DEFENDANTS' MOTION TO STRIKE**
                                          ) **PLAINTIFF'S DISCLOSURE OF**
15 |     vs.                               ) **ASSERTED CLAIMS AND PRELIMINARY**
                                          ) **INFRINGEMENT CONTENTIONS**
16 | AEROFLEX INCORPORATED, AMI            ) Date:   May 4, 2004
SEMICONDUCTOR, INC., MATROX               ) Time:   9:30 a.m.
17 | ELECTRONIC SYSTEMS, LTD., MATROX      ) Ctrm:   11, 19th Floor
GRAPHICS INC., MATROX                     ) Judge:  Hon. Martin J. Jenkins
18 | INTERNATIONAL CORP. and MATROX        )
TECH, INC.,                               )
19 |                                       )
                                          )
          Defendants.                     )
20 | _____    )

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

HOWREY
SIMON
ARNOLD &
WHITE
CASE NO. CO3-04669 MJJ
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

# TABLE OF CONTENTS

I.    STATEMENT OF THE ISSUES ........................................................................2

II.   STATEMENT OF THE RELEVANT FACTS .........................................................2

III.  INTRODUCTION AND SUMMARY OF ARGUMENT...........................................5

IV.   ARGUMENT ...........................................................................................6

    A.    The Patent Local Rules Are Designed To Prevent The Shifting
        Sands Approach To Patent Litigation..............................................6

    B.    Ricoh's Contentions Fail To Designate Each Claim Allegedly
        Infringed Separately For Each Defendant .......................................7

    C.    Ricoh Does Not Properly Identify The Products Which When Used
        Allegedly Results In The Practice Of The Claims ............................8

    D.    Ricoh Does Not Provide An Infringement Chart For Each Product
        Which When Used Allegedly Results In The Practice Of The
        Claims.................................................................................10

    E.    Ricoh's Infringement Chart Does Not Explain How Each Product
        Allegedly Meets Each Element For Each '432 Patent Claim...............11

    F.    Ricoh's Infringement Charts Demonstrate That It Has Not Done A
        Proper Pre-filing Investigation ..................................................13

    G.    Ricoh has Failed To Designate Whether Each Element For Each
        Allegedly Infringed Claim Is Present Literally Or Under The
        Doctrine Of Equivalents For Each Accused Instrumentality ...............13

    H.    Ricoh Is Properly Precluded From Relying On Any Of Its Own
        Products Allegedly Practicing The '432 Patent Claims .....................14

    I.    Ricoh Is Properly Precluded From Relying On Documents
        Evidencing An Earlier Invention For The '432 Patent's Claims .................15

V.    CONCLUSION ......................................................................................16

CASE NO.  CO3-04669 MJJ
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

-i-

HOWREY
SIMON
ARNOLD &
WHITE

1

# TABLE OF AUTHORITIES

2

**CASES**

3    *Atmel Corp. v. Information Storage Sys., Inc.,*
        1998 U.S. Dist. LEXIS 17564 (N.D. Cal. Nov. 5, 1998) ........................................ 6, 7

4

    *Hewlett-Packard Co. v. EMC Corp.,*
5        2003 U.S. Dist. LEXIS 22742 (N.D. Cal. July 3, 2003) ...................................... 11

6    *Intertrust Techs. Corp. v. Microsoft Corp.,*
        2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Dec. 1, 2003)..................................... 6, 11

7

    *Network Caching Tech., LLC v. Novell, Inc.,*
8        2002 U.S. Dist. LEXIS 26098 (N.D. Cal Aug. 13, 2002) .................................... 11, 13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO.  CO3-04669 MJJ                                    -ii-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

## NOTICE OF MOTION AND RELIEF SOUGHT

Please take notice that, on May 4, 2004 at 9:30 a.m., before the Honorable Martin J. Jenkins in Courtroom 11, 19th Floor, in the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants Aeroflex, Inc., AMI Semiconductor Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Defendants") will each seek an Order from this Court:

1)     striking plaintiff Ricoh Company Ltd.'s ("Ricoh") Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions"), served on March 12, 2004 allegedly pursuant to Patent Local Rule 3-1;

2)     requiring Ricoh to make the showing of good cause required under Patent L.R. 3-7 for any amendments and/or modifications that the Court orders are required for remedying the inadequacies identified by Defendants and/or otherwise deemed by the Court as necessary for complying with Patent L.R. 3-1;

3)     if good cause is shown, requiring, within 10 days of this Court's order, Ricoh to file Amended Infringement Contentions that remedy the inadequacies identified by Defendants so that they comply with the requirements of Patent L.R. 3-1;

4)     staying Ricoh's discovery from the Defendants until Ricoh files Amended Infringement Contentions that comply with the Court's Patent Local Rules.

In the event that Ricoh does not or cannot make the required showing of good cause necessary for amending its Infringement Contentions, the Defendants further request that the Court order that Ricoh be precluded from: 1) pursuing its infringement claims against any Accused Instrumentalities as to which Ricoh failed to comply with Patent L.R. 3-1 in its original Infringement Contentions served on March 5, 2004; 2) relying on any other instrumentalities for any purpose in this litigation for which Ricoh failed to comply with Patent L.R. 3-1 in its original Infringement Contentions served on March 5, 2004; and, 3) relying on any documents that Ricoh failed to properly identify and/or disclose pursuant to Patent L.R. 3-2 when in served its original Infringement Contentions on March 5, 2004.

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                    -1-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1    This motion is based on the following memorandum of points and authorities, the

2  accompanying declaration of Erik K. Moller and exhibits in support thereof, the oral arguments of

3  counsel at the hearing on this motion, and all other pleadings in this action.

4

5    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

6  I.    **STATEMENT OF THE ISSUES**

7      1.    Whether Ricoh's Patent Local Rule 3-1 Infringement Contentions separately designate

8          for each Defendant each '432 patent claim allegedly infringed?

9      2.    Whether Ricoh's Infringement Contentions, separately for each '432 patent claim

10          asserted, identify each product which, when used by each Defendant, allegedly results in

11          the practice of that claim?

12      3.    Whether Ricoh's Infringement Contentions provide an infringement chart for each

13          product which, when used by each Defendant, allegedly results in the practice of each

14          '432 patent claim asserted?

15      4.    Whether Ricoh's Infringement Contentions identify specifically how each Synopsys

16          product, when used by each Defendant, allegedly meets each element of each '432

17          patent claim asserted?

18      5.    Whether Ricoh is properly precluded from relying on, for any purpose, the assertion that

19          its own product(s) practices the '432 patent's claimed invention?

20      6.    Whether Ricoh is properly precluded from relying on documents evidencing the

21          conception, reduction to practice, design, and development of the '432 patent's claimed

22          invention created on or before its application date?

23  II.    **STATEMENT OF THE RELEVANT FACTS**

24    Ricoh was not required to serve its Disclosures of Asserted Claims and Preliminary

25  Infringement Contentions pursuant to Patent Local Rule 3-1 ("Infringement Contentions") until 10

26  days after the initial case management conference, which has yet to occur.  On March 5, 2004, Ricoh

27

28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO.  CO3-04669 MJJ                    -2-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  decided to serve its infringement contentions on the Defendants. (Exs. A, B, C, D).[1] Ricoh has done

2  this in an effort to trigger the timeline provided for in the Patent Local Rules. Based on this timeline,

3  the Defendants' Preliminary Invalidity Contentions are now due no later than 45 days after Ricoh's

4  service of its infringement contentions. *See* Patent L.R. 3-3. While Synopsys does not object to

5  moving forward with disclosures required by this District's Patent Local Rules, Ricoh's Infringement

6  Contentions are entirely inadequate and fail to comply with the Patent Local Rules.

7      A few days after the Defendants received Ricoh's Infringement Contentions, they sent Ricoh a

8  letter notifying Ricoh of their numerous deficiencies. (Ex. E). These deficiencies included:

9   • Ricoh's failure to identify the claims of the '432 patent allegedly infringed by each
       Defendant, pursuant to Patent Local Rule 3-1(a).

10

11  • Ricoh's failure to adequately identify the Accused Instrumentalities for each Defendant,
       pursuant to Patent Local Rule 3-1(b).

12  • Ricoh's failure to provide separate disclosures for each Accused Instrumentality and
       each Defendant, pursuant to Patent Local Rule 3-1(c).

13

14  • Ricoh's failure to properly identify where each claim element of each claim asserted
       against each Defendant was found in each Accused Instrumentality, pursuant to Patent
       Local Rule 3-1(c).

15

16  • Ricoh's failure to indicate whether each claim element of each claim asserted against
       each Defendant was found in each Accused Instrumentality, literally or under the
       doctrine of equivalents, pursuant to Patent Local Rule 3-1(d).

17

18  (*Id.*).

19      In that same letter, Defendants also pointed out that Ricoh had waived certain rights by failing

20  to make any disclosure pursuant to Patent Local Rule 3-1(f) and by also failing to identify categories of

21  documents pursuant to Patent Local Rule 3-2. (*Id.*).

22      On March 12, 2004, without seeking the court order required for modifying its contentions

23  under Patent Local Rule 3-7, Ricoh responded by filing "revised" charts. (Exs. F, G, H, I, J, K, L).

24  With respect to the various Matrox entities accused of infringement ("Matrox Defendants"), Ricoh

25

26  _____

27  [1] All references to Exhibits refer to exhibits attached to the Declaration of Erik K. Moller in Support of
     Defendants' Motion to Strike Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement
     Contentions.

28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO.  CO3-04669 MJJ                              -3-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  served multiple copies of the same chart it had previously provided for these Defendants as a group.[2]

2  (Exs. I, J, K, L).  In the letter accompanying these revised charts, Ricoh for the first time provided a

3  disclosure under subsection (f) (although still failing to comply with its requirements) and an

4  identification of documents under Patent Local Rule 3-2.  (Ex. F).

5      Aside from providing multiple copies of essentially the same chart and these first-time

6  disclosures under subsection (f) and Patent L.R. 3-2, Ricoh's revised charts added little, if any,

7  substance and certainly did nothing more to address the inadequacies of Ricoh's original contentions.

8  A few days later, the Defendants sent Ricoh a second letter pointing out that Ricoh was not entitled to

9  unilaterally amend its contentions and that its revised contentions still failed to comply with the

10  requirements of Patent Local Rule 3-1.  (Ex. M).

11      On March 17, 2004 the parties met and conferred in an effort to resolve the present dispute.

12  Ricoh maintained that both its original and its revised charts complied with Patent Local Rule 3-1's

13  requirements.  During that meet and confer, Ricoh did not offer to amend its infringement contentions

14  to address any of the inadequacies set forth in the Defendants letters of March 8, 10, 12, or 16.  (Exs.

15  E, M, N, O).  Ricoh subsequently sent a letter responding to the Defendants' March 16 letter

16  confirming that Ricoh believed its original and revised contentions complied with the Patent Local

17  Rules.  Again, Ricoh did not offer to further amend its contentions.  (Ex. P).  After the March 24, 2004

18  hearing before Magistrate Judge Chen, Ricoh's counsel again confirmed that Ricoh was not willing to

19  amend its contentions.

20      While the Defendants are amenable to speeding-up the timetable in the Patent Local Rules,

21  Ricoh should not be permitted to do so by serving *inadequate* Infringement Contentions that fail to

22  comply with Patent Local Rule 3-1.  Consequently, Ricoh's infringement contentions should be

23  stricken and the Defendants' obligation to respond to Ricoh's discovery should be stayed until Ricoh

24  complies with Patent Local Rule 3-1.

25

26

27  [2] Ricoh continued to combine separate Aeroflex entities into a single chart, simply replacing "Aeroflex
28  UTMC" with "Aeroflex Colorado Springs, Inc."

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO.  CO3-04669 MJJ                                    -4-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1    **III.    INTRODUCTION AND SUMMARY OF ARGUMENT**

2      The Patent Local Rules streamline the litigation process. Patent Local Rule 3-1 imparts a series

3    of requirements on the plaintiff early in the litigation. These requirements force the plaintiff to

4    articulate the specific theories for its patent infringement claims. Except under decidedly limited

5    circumstances, once disclosed, the plaintiff must adhere to those theories for the remainder of the

6    litigation. This prevents plaintiffs—like Ricoh—from engaging in a "shifting sands" approach to

7    claim construction.

8      Ricoh refuses to comply with the requirements of Patent Local Rule 3-1. Ricoh does not wish

9    to disclose its infringement theories or adhere to them. Ricoh prefers to maintain the ability to change

10    its theories to suit its needs as the litigation progresses. With this strategy, Ricoh hopes to argue that

11    the claims mean one thing when it asserts that they are valid over the prior art and another when it

12    asserts that the Defendants infringe those same claims. This "shifting sands" approach to claim

13    construction is exactly what the Patent Local Rules were designed to prevent.

14      Patent Local Rule 3-1 requires a plaintiff claiming patent infringement to disclose specific

15    information in a specific way. First, the plaintiff must designate each claim that is allegedly infringed

16    by each defendant. *See* Patent L.R. 3-1(a). Next, the plaintiff must identify each instrumentality

17    accused of infringement ("Accused Instrumentality") separately for each claim designated pursuant to

18    subsection (a). *See* Patent L.R. 3-1(b). The plaintiff must then set forth in a chart where each element

19    of each designated claim is found for each Accused Instrumentality identified in subsection (b), and

20    state whether each element is infringed literally or under the doctrine of equivalents for each Accused

21    Instrumentality. *See* Patent L.R. 3-1(c), (d).

22      Ricoh's Infringement Contentions do not comply with any of these requirements. They do not

23    explicitly and unambiguously set forth either the claims allegedly infringed by each of the Defendants

24    or the products which, when used by the Defendants, allegedly practice the process of any allegedly

25    infringed claims. To the extent Ricoh arguably identifies any accused products, Ricoh attempts to

26    make such identifications ambiguous to avoid its obligation to provide a chart for each such accused

27    product. In the chart that Ricoh actually does provide for each of the Defendants, it fails to adequately

28    explain how each element of the '432 patent claims are met. In most instances, there is little or no

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ    -5-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1 explanation of how the description Ricoh provides in its charts maps onto the claim language. Simply

2 stated, Ricoh's contentions are crafted to avoid revealing its infringement theories, and seek to thwart

3 the very purpose of the Patent Local Rules.

4       The Court should not condone Ricoh's disregard for the letter and the spirit of the Patent Local

5 Rules. Ricoh's refusal to meet its obligations under these rules warrants at least an order precluding

6 Ricoh from pursuing infringement theories not adequately disclosed in its original contentions if not a

7 dismissal of its patent infringement claims against the Defendants altogether.

8       Patent Local Rule 3-1 also requires a plaintiff to make a reasonable inquiry into the applicable

9 facts and law before serving a disclosure under that rule. At a minimum, a plaintiff's infringement

10 contentions must provide the facts it obtained in its pre-filing inquiry. Because of this, a plaintiff's

11 infringement contentions provide an accurate picture of the maximum possible pre-filing investigation

12 it has conducted.

13       The picture of Ricoh's pre-filing investigation painted by its contentions is bleak. Ricoh's

14 contentions show that it has not conducted a proper pre-filing investigation. They fail to set forth facts

15 demonstrating that Ricoh conducted the reverse engineering (or its equivalent) required for a proper

16 pre-filing investigation. Ricoh's contentions will ultimately support claims for attorneys' fees and/or

17 sanctions by the Defendants in the present action.

18 **IV.    ARGUMENT**

19

20       **A.    The Patent Local Rules Are Designed To Prevent The Shifting Sands
              Approach To Patent Litigation**

21       The purpose of this District's Patent Local Rules is simple: "they are designed [to] make the

22 parties more efficient, to streamline the litigation process, and to articulate *with specificity* the claims

23 and theory of a plaintiff's infringement claims." *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 U.S.

24 Dist. LEXIS 22736, at *6 (N.D. Cal. Dec. 1, 2003) (emphasis added). The requirements of the Rules

25 are therefore prophylactic, preventing a party from engaging in the "shifting sands" approach to patent

26 litigation. *See Atmel Corp. v. Information Storage Sys., Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7

27 (N.D. Cal. Nov. 5, 1998) ("Unlike the liberal policy of amending pleadings, the philosophy behind

28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                    -6-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  amending claim charts is decidedly conservative and designed to prevent the 'shifting sands' approach

2  to claim construction.").

3

4  **B.    Ricoh's Contentions Fail To Designate Each Claim Allegedly Infringed Separately For Each Defendant**

5  Patent Local Rule 3-1 requires a party alleging infringement to show "[e]ach claim of each

6  patent in suit that is allegedly infringed *by each opposing party.*" Patent L.R. 3-1(a) (emphasis added).

7  The information must be provided in Preliminary Infringement Contentions made "[s]eparately for

8  each party." Patent L.R. 3-1. The Rule requires by its terms that Ricoh submit separate Preliminary

9  Infringement Contentions for each defendant.

10  Ricoh failed to do so here. Ricoh combined separate infringement contentions for multiple

11  companies into a single disclosure. In one disclosure, Ricoh described infringement by "Aeroflex,"

12  and defined "Aeroflex" to mean "*any one or more* of the following: Aeroflex, Inc. and Aeroflex

13  UTMC." (Ex. B at footnote 1). In another disclosure, Ricoh similarly combined Matrox Graphics,

14  Inc., Matrox Electronic Systems, Inc., Matrox International Corp., and Matrox Tech, Inc. into a

15  collective "Matrox." (Ex. D at footnote 1).

16  The open-ended language of Ricoh's disclosure ("any one or more") forces the defendants to

17  guess which entity is being accused of infringement and how its activities are allegedly infringing.[3]

18  Ricoh is thereby attempting to avoid crystallizing its theory of the case, in contravention of the Patent

19  Local Rules. *See Atmel*, 1998 U.S. Dist. LEXIS 17564, at *7 ("The rules are designed to require

20  parties to crystallize their theories of the case early in the litigation and adhere to those theories once

21  they have been disclosed.").

22  After the Defendants pointed out these deficiencies, Ricoh served "revised" charts, but did so

23  without obtaining the required court order. *See* Patent L.R. 3-7 ("Amendment or modification of the

24  Preliminary or Final Infringement Contentions . . . may be made only by order of the Court, which

25

---

26  [3] On a related note, Ricoh's use of the open-ended "*e.g.*" in citing to documents is inappropriate.
Patent Local Rule 3-1 requires Ricoh to disclose all relevant facts it has that support its allegations.
27  *See Network Caching Tech., LLC v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal Aug.
13, 2002). Ricoh is not free to include at its convenience only a selected subset of supporting facts.
28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                    -7-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  shall be entered only upon a showing of good cause."). To address this particular issue, Ricoh simply

2  served four copies of essentially the same chart originally done for the four separate Matrox

3  Defendants. (Exs. I, J, K, L).

4         But Ricoh is still not in compliance with Patent Local Rule 3-1(a). Ricoh insists on including

5  essentially the same footnote in each of the Matrox Defendants' charts:

6              Matrox Electronic Systems, Ltd. alone, and/or in conjunction with (or
               otherwise with the assistance of) any one or more of Matrox Graphics,
7              Inc., Matrox International Corp., Matrox Tech, Inc. and/or agents or
               independent contractors of Matrox Graphics, Inc., Matrox Electronic
8              Systems, Ltd., Matrox International Corp., Matrox Tech, Inc., performs
               each of the claimed steps set forth in this chart.
9

10        (*See, e.g.,* Ex. I at footnote 1).

11        The above-quoted language demonstrates that Ricoh is still attempting to avoid explicitly

12  designating the claims allegedly infringed by each of the Matrox Defendants. The problem is that

13  Ricoh has no basis for alleging that each of the four separate Matrox Defendants uses Synopsys'

14  software products in the United States.

15        Ricoh seeks to avoid complying with this simple requirement because only Matrox

16  International and Matrox Tech are present in the United States, and Matrox International does not do

17  any computer-aided design work. *See* Ex. Q at 7:21-7:24, 96:20-96:22, 160:5-162:24. Ricoh's

18  counsel is apparently hesitant to make the certification required under Patent Local Rule 2-3 for

19  contentions against all four of these Matrox Defendants, without using the language quoted above.

20        Patent Local Rule 3-1 requires Ricoh to explicitly state for each of the six defendants the claims

21  that it alleges are infringed by each. *See* Patent L.R. 3-1(a). Ricoh has failed to comply with the

22  Patent Local Rules in either its original or its "revised" charts. Ricoh should not be allowed to skirt

23  this issue. Absent a showing of good cause to justify amendment, Ricoh should be precluded from

24  pursuing claims against any Defendant for which it has failed to comply with this requirement in its

25  original Infringement Contentions served on March 5, 2004.

26

         **C.    Ricoh Does Not Properly Identify The Products Which When Used Allegedly
27              Results In The Practice Of The Claims**

28

1    Separately for each claim, Ricoh must identify any product which, when used by Defendants

2  allegedly results in the practice of that claim.  *See* Patent L.R. 3-1(b).  This subsection also makes clear

3  that Ricoh's "identification shall be as specific as possible."  *Id.*  Neither Ricoh's original nor its

4  "revised" charts comply with this requirement.

5    Patent Local Rule 3-1(b) is designed to force a plaintiff to identify the Accused

6  Instrumentalities early in the litigation.  Here, the Accused Instrumentalities are those Synopsys

7  software products which, when used by one of the Defendants, allegedly results in the practice of one

8  of the '432 patent's claimed computer-aided design processes.  *See* Patent L.R. 3-1(b).

9    The identification required by Patent Local Rule 3-1(b) is also meant to be final.  *See* Patent

10  L.R. 3-6 ("Each party's 'Preliminary Infringement Contentions' . . . shall be deemed to be that party's

11  final contentions [].").  A plaintiff is permitted to add accused products only by "order of the court,

12  which shall be entered only upon a showing of good cause."  Patent L.R. 3-7.

13    Aware that adding accused software products would be difficult, Ricoh crafted its contentions

14  ambiguously, to avoid identifying the specific software products it believes result in the practice of its

15  claimed processes.  For example, Ricoh's contentions use phrases that do not identify particular

16  software products—e.g., "Design Compiler Family", "HDL Compiler Family", and "Synopsys Design

17  Tools."  Ricoh loosely defines these phrases in footnotes to encompass numerous listed and unlisted

18  Synopsys software products;[4]

19    "As used herein, "Design Compiler Family" shall refer to (without limitation):  Design
      Compiler (or any variation thereof, including DC Ultra, DC Expert, DC Expert Plus,
20    etc.), Module Compiler, Power Compiler, DFT Compiler, Prime Time, PrimePower, and
      Formality."
21
      (*See, e.g.*, Ex. G at footnote 2).
22
      "As used herein, "HDL Compiler Family" shall refer to (without limitation):  VHDL
23    Compiler, HDL Compiler for Verilog, etc."

24    (*See, e.g.*, Ex. G at footnote 3).

25    "Other components or products that may be used in conjunction with (or incorporate one
      or more portions of) the Synopsys Design Tools, such as Design Compiler Family, HDL
26

27  [4] For some of the listed products in these footnotes, even Ricoh admits that it has no basis for believing
    that the particular Defendant is using them.  (*See, e.g. Ex. G at footnote 5).*
28

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                                    -9-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1   Compiler family, include (but are not limited to):  CoCentric SystemC Compiler, Module
    Compiler, Behavioral Compiler, Physical Compiler, Design Analyzer, DesignWare IP
2   Family, Chip Architect, Astro, Astro-Rail, Astro-Xtalk, and Encore.  For example
    Physical Compiler incorporates Synopsys' Design Compiler as an essential part."
3
    (See, e.g., Ex. G at footnote 4).
4
    "AMIS currently licenses and is believed to use at least the following tools:  Prime Time,
5   DC Expert, DC Ultra, Design Analyzer, HDL Compiler Verilog, VHDL Compiler,
    Physical Compiler, DFT Compiler, Astro, Astro Rail, Astro Xtalk, DesignWare, and
6   PrimePower.  Additional Synopsys Design Tool Components which may be used by
    AMIS include at least:  DC Expert Plus, Power Compiler, Formality, and Encore.  As
7   discovery is on-going in this action, Ricoh reserves the right to supplement this
    preliminary infringement chart to add an infringement analysis with respect to one or
8   more of such additional Synopsys Design Tool Components."

9   (See, e.g., Ex. G at footnote 5).

10      By loosely defining these phrases, Ricoh not only burdens Defendants by requiring them to

11  guess what the Accused Instrumentalities are in this litigation, but it has also attempted to avoid the

12  difficulties of adding Accused Instrumentalities later in the litigation.

13      Patent Local Rule 3-1(b) unquestionably entitles each Defendant to an unambiguous

14  identification of the accused software products which, when used by them, allegedly result in the

15  practice of each of the '432 patent's process claims.  The Court should not condone Ricoh's efforts to

16  avoid this requirement.

17
    **D.      Ricoh Does Not Provide An Infringement Chart For Each Product Which
18           When Used Allegedly Results In The Practice Of The Claims**

19      Ricoh uses the phrases "Design Compiler Family", "HDL Compiler Family", and "Synopsys

20  Design Tools" in an attempt to avoid the requirements of Patent Local Rule 3-1(c) as well.  Subsection

21  (c) of Patent Local Rule 3-1 requires an infringement chart for each Accused Instrumentality identified

22  pursuant to subsection (b) of that rule.

23      Ricoh wishes to have the flexibility to claim that the numerous listed and unlisted products are

24  Accused Instrumentalities, but, at the same time, avoid providing the chart required by Patent Local

25  Rule 3-1(c) separately for each of them.  (See, e.g., Ex. G at footnotes 2-5).  The Court should not

26  allow Ricoh to have it both ways.

27      Ricoh is required to provide a chart separately for each Accused Instrumentality, or be

28  precluded from pursuing infringement of that Accused Instrumentality in the present litigation.  See

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO.  CO3-04669 MJJ                                              -10-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1    *Hewlett-Packard Co. v. EMC Corp.*, 2003 U.S. Dist. LEXIS 22742, at *3 (N.D. Cal. July 3, 2003)

2    ("The disclosure must address each product (or other accused instrumentality) separately."). Absent a

3    showing of good cause for an amendment, the Court should preclude Ricoh from pursuing any

4    infringement claims based on the Defendants use of products for which it has failed to provide a proper

5    Patent Local Rule 3-1(c) chart.

6
    ### E.    Ricoh's Infringement Chart Does Not Explain How Each Product Allegedly
7    Meets Each Element For Each Asserted '432 Patent Claim

8        Patent Local Rule 3-1(c) also requires a chart identifying specifically where each element of

9    each allegedly infringed claim is found within each accused software product. *See* Patent L.R. 3-1(c).

10   To comply, Ricoh must explain how the Defendants' use of each Synopsys product meets each

11   element of each asserted '432 patent claim. *See Intertrust*, 2003 U.S. Dist. LEXIS 22736, at *7

12   ("Local Rule 3-1(c) requires that a plaintiff explain how each allegedly infringing product meets each

13   element of the plaintiff's asserted patent claim.").

14       Ricoh cannot simply mimic the claim language to fulfill its obligations. *See Network Caching*,

15   2002 U.S. Dist. LEXIS 26098, at *17-18 ("In essence, [plaintiff] has provided no further information

16   to defendants than the claim language itself. This is plainly insufficient."). This subsection requires a

17   plaintiff to specifically link or map descriptions of the accused product onto the corresponding claim

18   language for each element of each claim. *Id.*

19       One example of Ricoh's failure to comply with Patent Local Rule 3-1(c) relates to the

20   following two elements in claim 13: 1) "storing in an expert system knowledge base a set of rules for

21   selecting hardware cells"; and 2) "applying to the specified definition of the action or condition to be

22   performed, a set of cell selection rules stored in said expert system knowledge base." (*See, e.g.*, Ex. G

23   at pp. 7, 10). These elements are important to the infringement questions raised by the present action

24   since Synopsys' Design Compiler software products used by the Defendants do not have or use "cell

25   selection rules" or an "expert system knowledge base."

26       Besides the explicit claim language used in these two elements, the '432 patent and its file

27   history also demonstrate that Ricoh's claimed invention in the '432 patent is limited to using "cell

28   selection rules stored in said expert system knowledge base" as opposed to using "conventional"

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                    -11-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  computing algorithms. (*See, e.g.*, Ex. S at 10:1-6). During the application process for the '432 patent

2  (*i.e.*, the file history), Ricoh repeatedly argued and emphasized that the use of "cell selection rules" in

3  an "expert system knowledge base" for "translating a flowchart into a netlist" patentably distinguished

4  its alleged invention over conventional computing algorithms used by the prior art relied on by the

5  examiner. (*See, e.g.*, Exs. T and U at 7).

6        Not surprisingly, other than improperly paraphrasing the claim language for these two

7  elements, Ricoh failed to provide any description in its original contentions corresponding to them.

8  Ricoh also failed to explain how any of Synopsys' software products used by the Defendants meet

9  these two elements.

10        Ricoh's revised contentions are no better.[5]  Ricoh appears to rely on the description in a fifteen-

11  year-old publication, which apparently describes a 1989 version of Design Compiler. (Ex. R).

12  Because Ricoh has not and cannot claim that any of the Defendants are using this 1989 version of that

13  software product, Ricoh's reliance on that document is completely misplaced.[6]  Even putting aside the

14  unreasonableness of relying on this outdated publication, Ricoh does not explain how the description

15  in that publication maps or links onto the language for these two elements. Ricoh's revised

16  contentions for these two elements, therefore, remain inadequate under Patent Local Rule 3-1(c).

17        These two elements represent just one example of the inadequacy of Ricoh's contentions under

18  Patent Local Rule 3-1(c). The Defendants have set forth in Attachments 1-3 a copy of Ricoh's

19  "revised" charts with an additional column.[7]  In that column, the Defendants point to the other

20  numerous inadequacies in each of the Infringement Contentions provided by Ricoh. These contentions

21

22  _____

23  [5] After the Defendants informed Ricoh of these inadequacies, Ricoh served revised contentions
   without the court order required by Patent Local Rule 3-7. (Ex. F). Ricoh's revised contentions should
24  not be allowed, absent its making the good cause showing required by the rules. Patent L.R. 3-7.

25  [6] In fact, Ricoh completely fails to identify the version of the products which, when used by the
   Defendants, result in the alleged infringement of the '432 patent's claimed processes, pursuant to
   Patent Local Rule 3-1(b).

26  [7] Ricoh's "revised" charts relating to Matrox Graphics, Inc., Matrox International Corp., and Matrox
27  Tech. Inc. are identical to the chart for Matrox Electronic Systems, Ltd. Therefore, the analysis in
   Attachment 3 of Ricoh's Infringement Contentions with respect to Matrox Electronic Systems, Ltd.
28  should be considered as applying to the "revised" charts for all Matrox Defendants.

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                                    -12-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  show that Ricoh has chosen to ignore the requirements of the Patent Local Rules. Ricoh should not be

2  allowed to pursue its infringement claims against the use of any products for which it has failed to

3  comply with Patent Local Rule 3-1(c). Ricoh's contentions should be stricken.

**F.    Ricoh's Infringement Charts Demonstrate That It Has Not Done A Proper Pre-filing Investigation**

6          The descriptions of the accused products in Ricoh's charts also demonstrate that it has not done

7  a proper investigation either before filing the instant litigation or prior to serving its infringement

8  contentions. In either case, a proper investigation requires doing reverse engineering or its equivalent

9  for each of the Accused Instrumentalities. *See Network Caching,* 2002 U.S. Dist. LEXIS 26098, at *16

10  ("While the court is reluctant to hold that in all cases such a requirement requires reverse engineering

11  of the defendant's products, the court finds that reverse engineering or its equivalent is required.").

12  Ricoh certainly has not done such an investigation here.

13          Patent Local Rule 3-1 requires a plaintiff to make a reasonable inquiry into the applicable facts

14  and law before serving its Preliminary Infringement Contentions. *See id.* at *13. Because Ricoh's

15  Infringement Contentions, at a minimum, must provide the facts it obtained in its pre-filing inquiry, its

16  infringement charts represent the maximum possible pre-filing investigation conducted by Ricoh. *See*

17  *id.* at *12.

18          As demonstrated for the two elements above and in Attachments 1-3 for the remainder of the

19  claim elements, Ricoh does not map a description of the Accused Instrumentalities to the claim

20  elements. This lack of explanation and supporting description for how the Defendants' use of the

21  Synopsys products meet the claim elements demonstrates that Ricoh has not done a proper pre-filing

22  investigation. After the Defendants ultimately prevail in the instant litigation, these contentions will

23  certainly support their claims for attorneys' fees and/or sanctions.

**G.    Ricoh has Failed To Designate Whether Each Element For Each Allegedly Infringed Claim Is Present Literally Or Under The Doctrine Of Equivalents For Each Accused Instrumentality**

26          The Patent Local Rules require a plaintiff to designate for each Accused Instrumentality

27  whether each element for each allegedly infringed claim is present literally or under the doctrine of

28  equivalents. *See* Patent L.R. 3-1(d). Therefore, Ricoh must disclose whether each claim element is

HOWREY
SIMON
ARNOLD &
WHITE

CASE NO. CO3-04669 MJJ                                                    -13-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

1  infringed literally or under the doctrine of equivalents, for each Synopsys software product which,

2  when used by the particular Defendant, allegedly infringes the '432 patent claims. *See* Patent L.R. 3-

3  1(b).

4      Ricoh chose not to provide a chart for each Accused Instrumentality and actually refuses to do

5  so. (Ex. P). Ricoh's refusal, by itself, warrants precluding it from pursuing its infringement claim

6  against the use of any software products for which it has refused to comply with Patent Local Rule 3-

7  1(d).

8

**H.    Ricoh Is Properly Precluded From Relying On Any Of Its Own Products**
9          **Allegedly Practicing The '432 Patent Claims**

10     Ricoh was required to comply with Patent Local Rule 3-1(f) to preserve its ability to rely on

11  products allegedly practicing the claimed invention for any purpose in this litigation. *See* Patent L.R.

12  3-1(f). Subsection (f) required Ricoh to, separately for each claim, identify any instrumentality that

13  reflects or incorporates that particular claim. *Id.*

14     Ricoh's original infringement contentions did not make any disclosure under this subsection.

15  Because of this, Ricoh should be precluded from relying on any such instrumentalities in this litigation,

16  absent the showing of good cause necessary for amending its contentions. *See* Patent L.R. 3-7.

17     After the Defendants pointed out to Ricoh that it had waived its right to rely on any

18  instrumentalities under subsection (f), Ricoh served "revised" charts without the necessary court order

19  or even an explanation of why there was good cause for such charts. The letter accompanying those

20  charts purported to disclose instrumentalities pursuant to this subsection. (Ex. F). Ricoh's letter does

21  not satisfy its obligation. Ricoh still failed to identify instrumentalities "separately for each claim" as

22  required by subsection (f).

23     Ricoh's disregard for this subsection should not be excused. The Defendants should not be

24  burdened with the expense of reviewing repeated attempts by Ricoh to provide as little information

25  about its positions as possible. The requirements of this subsection are clear. Ricoh chose to ignore

26  them. Ricoh should be precluded from relying on any instrumentalities that it was required to disclose

27  pursuant to Patent Local Rule 3-1(f) in its original contentions.

28

HOWREY
SIMON
ARNOLD &
WHITE
CASE NO. CO3-04669 MJJ                                   -14-
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

I.     **Ricoh Is Properly Precluded From Relying On Documents Evidencing An Earlier Invention For The '432 Patent's Claims**

Similarly, Ricoh should also be precluded from relying on the documents evidencing earlier conception and reduction to practice that it failed to timely identify pursuant to Patent Local Rule 3-2. This rule required Ricoh to identify any documents evidencing prior invention (e.g., conception and reduction to practice) by document production numbers at the same time it served its infringement contentions. *See* Patent L.R. 3-2. Ricoh again chose not to do so.

After the Defendants pointed out Ricoh's failure to identify these documents, Ricoh attempted to identify them in the letter accompanying its improperly served revised contentions. Ricoh's disregard for these requirements should not be ignored. Ricoh should be precluded from relying on these belatedly identified documents in the present litigation. Otherwise, Ricoh will just continue to disregard its obligations under these Patent Local Rules.

///

///

///

///

///

HOWREY
SIMON
ARNOLD &
WHITE
CASE NO.  CO3-04669 MJJ
Defendants' Motion to Strike Plaintiff's Disclosure of
Asserted Claims & Preliminary Infringement Contentions

-15-

1  **V.    CONCLUSION**

2        For the foregoing reasons, the Defendants' motion to strike Ricoh's Preliminary Infringement

3  Contentions should be granted.

4

5  Dated: March 30, 2004                          Respectfully submitted,

6                                                 HOWREY SIMON ARNOLD & WHITE, LLP

7

8

9                                                 By:  /s/ Thomas C. Mavrakakis
                                                       Thomas C. Mavrakakis
10                                                     Attorneys for Defendants
                                                       AEROFLEX, INC., AMI
11                                                     SEMICONDUCTOR, INC., MATROX
                                                       ELECTRONIC SYSTEMS LTD.,
12                                                     MATROX GRAPHICS INC., MATROX
                                                       INTERNATIONAL CORP., and
13                                                     MATROX TECH, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 147674)
   Erik K. Moller (SBN 177927)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, CA  94025
   Telephone:  (650) 463-8100
5  Facsimile:   (650) 463-8400

6  Attorneys for Defendants AEROFLEX INCORPORATED, AMI
   SEMICONDUCTOR, INC., MATROX ELECTRONIC
7  SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
   INTERNATIONAL CORP. and MATROX TECH, INC.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12  RICOH COMPANY, LTD.,                    )  Case No. CV 03-04669 MJJ(EMC)
                                            )
13          Plaintiffs,                     )  **MANUAL FILING NOTIFICATION**
                                            )
14      v.                                  )  **RE ATTACHMENT 1 TO DEFENDANTS'**
                                            )  **MOTION TO STRIKE PLAINTIFF'S**
15  AEROFLEX INCORPORATED, AMI              )  **DISCLOSURE OF ASSERTED CLAIMS**
    SEMICONDUCTOR, INC., MATROX             )  **AND PRELIMINARY INFRINGEMENT**
16  ELECTRONIC SYSTESM, LTD., MATROX        )  **CONTENTIONS**
    GRAPHICS, INC., MATROX                  )
17  INTERNATIONAL CORP., and MATROX         )
    TECH, INC.,                             )
18                                          )
            Defendants.                     )
19  _____)

20

21

22

23

24

25

26

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

1          **MANUAL FILING NOTIFICATION**

2          Regarding:  *Attachment 1 to Defendants' Motion To Strike Plaintiff's Disclosure of Asserted*

3  *Claims and Preliminary Infringement Contentions.*

4          This filing is in paper or physical form only, and is being maintained in the case file in the

5  Clerk's office.

6          If you are a participant in this case, this filing will be served in hard-copy shortly.

7          For information on retrieving this filing directly from the court, please see the court's main web

8  site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

9          This filing was not efiled for the following reason(s):

10         ___ Voluminous Document (PDF file size larger than the efiling system allows)

11         ___ Unable to Scan Documents

12         ___ Physical Object (description): _____

13         _____

14         ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

15          _X_ Item Under Seal

16         ___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

17         ___ Other (description): _____

18

19  Dated:  March 30, 2004                    Respectfully submitted,

20                                             HOWREY SIMON ARNOLD & WHITE, LLP

21

22

23                                             By:  /s/ Erik K. Moller _____
                                                    Erik K. Moller
24                                                  Attorneys for Defendants
                                                    AEROFLEX INCORPORATED, AMI
25                                                  SEMICONDUCTOR, INC., MATROX
                                                    ELECTRONIC SYSTEMS, LTD.,
26                                                  MATROX GRAPHICS INC., MATROX
                                                    INTERNATIONAL COPR. and
27                                                  MATROX TECH, INC.

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 147674)
   Erik K. Moller (SBN 177927)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, CA  94025
   Telephone:  (650) 463-8100
5  Facsimile:   (650) 463-8400

6  Attorneys for Defendants AEROFLEX INCORPORATED, AMI
   SEMICONDUCTOR, INC., MATROX ELECTRONIC
7  SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
   INTERNATIONAL CORP. and MATROX TECH, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  RICOH COMPANY, LTD.,                    )  Case No. CV 03-04669 MJJ(EMC)
                                            )
13              Plaintiffs,                 )  **MANUAL FILING NOTIFICATION**
                                            )
14      v.                                  )  **RE ATTACHMENT 2 TO DEFENDANTS'**
                                            )  **MOTION TO STRIKE PLAINTIFF'S**
15  AEROFLEX INCORPORATED, AMI              )  **DISCLOSURE OF ASSERTED CLAIMS**
    SEMICONDUCTOR, INC., MATROX             )  **AND PRELIMINARY INFRINGEMENT**
16  ELECTRONIC SYSTESM, LTD., MATROX        )  **CONTENTIONS**
    GRAPHICS, INC., MATROX                  )
17  INTERNATIONAL CORP., and MATROX         )
    TECH, INC.,                             )
18                                          )
                Defendants.                 )
19  _____)

20

21

22

23

24

25

26

27

28

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**
Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

1

## MANUAL FILING NOTIFICATION

2      Regarding:  *Attachment 2 to Defendants' Motion To Strike Plaintiff's Disclosure of Asserted*

3  *Claims and Preliminary Infringement Contentions.*

4      This filing is in paper or physical form only, and is being maintained in the case file in the

5  Clerk's office.

6      If you are a participant in this case, this filing will be served in hard-copy shortly.

7      For information on retrieving this filing directly from the court, please see the court's main web

8  site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

9      This filing was not efiled for the following reason(s):

10      ___ Voluminous Document (PDF file size larger than the efiling system allows)

11      ___ Unable to Scan Documents

12      ___ Physical Object (description): _____

13      _____

14      ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

15      _X_ Item Under Seal

16      ___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

17      ___ Other (description): _____

18

19  Dated:  March 30, 2004              Respectfully submitted,

20                          HOWREY SIMON ARNOLD & WHITE, LLP

21

22

23                  By:   /s/ Erik K. Moller_____
                          Erik K. Moller
24                        Attorneys for Defendants
                          AEROFLEX INCORPORATED, AMI
25                        SEMICONDUCTOR, INC., MATROX
                          ELECTRONIC SYSTEMS, LTD.,
26                        MATROX GRAPHICS INC., MATROX
                          INTERNATIONAL COPR. and
27                        MATROX TECH, INC.

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

1 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 147674)
Erik K. Moller (SBN 177927)
3 | HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
4 | Menlo Park, CA  94025
Telephone:  (650) 463-8100
5 | Facsimile:   (650) 463-8400

6 | Attorneys for Defendants AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX ELECTRONIC
7 | SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX TECH, INC.

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 | RICOH COMPANY, LTD.,                                    ) Case No. CV 03-04669 MJJ(EMC)
                                                          )
13 |                     Plaintiffs,                        ) **MANUAL FILING NOTIFICATION**
                                                          )
14 |           v.                                           ) **RE ATTACHMENT 3 TO DEFENDANTS'**
                                                          ) **MOTION TO STRIKE PLAINTIFF'S**
15 | AEROFLEX INCORPORATED, AMI                             ) **DISCLOSURE OF ASSERTED CLAIMS**
SEMICONDUCTOR, INC., MATROX                               ) **AND PRELIMINARY INFRINGEMENT**
16 | ELECTRONIC SYSTESM, LTD., MATROX                       ) **CONTENTIONS**
GRAPHICS, INC., MATROX                                    )
17 | INTERNATIONAL CORP., and MATROX                        )
TECH, INC.,                                               )
18 |                                                        )
                    Defendants.                           )
19 | _____                )

20

21

22

23

24

25

26

27

28

Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

# MANUAL FILING NOTIFICATION

Regarding: *Attachment 3 to Defendants' Motion To Strike Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions.*

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.

If you are a participant in this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

___ Voluminous Document (PDF file size larger than the efiling system allows)

___ Unable to Scan Documents

___ Physical Object (description): _____

_____

___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

_X_ Item Under Seal

___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

___ Other (description): _____

Dated:  March 30, 2004                    Respectfully submitted,

                                          HOWREY SIMON ARNOLD & WHITE, LLP

                                          By:  /s/ Erik K. Moller_____
                                               Erik K. Moller
                                               Attorneys for Defendants
                                               AEROFLEX INCORPORATED, AMI
                                               SEMICONDUCTOR, INC., MATROX
                                               ELECTRONIC SYSTEMS, LTD.,
                                               MATROX GRAPHICS INC., MATROX
                                               INTERNATIONAL COPR. and
                                               MATROX TECH, INC.

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ(EMC)
Manual Filing Notification

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

| | |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. CV 03-04669 MJJ (EMC) |
| Plaintiff, | ) |
| | ) **[PROPOSED] ORDER GRANTING** |
| vs. | ) **DEFENDANTS' MOTION TO STRIKE** |
| | ) **PLAINTIFF'S DISCLOSURE OF** |
| AEROFLEX INCORPORATED, AMI | ) **ASSERTED CLAIMS AND PRELIMINARY** |
| SEMICONDUCTOR, INC., MATROX | ) **INFRINGEMENT CONTENTIONS** |
| ELECTRONIC SYSTEMS, LTD., MATROX | ) Date:   May 4, 2004 |
| GRAPHICS INC., MATROX | ) Time:   9:30 a.m. |
| INTERNATIONAL CORP. and MATROX | ) Ctrm:   11, 19th Floor |
| TECH, INC., | ) Judge:  Hon. Martin J. Jenkins |
| | ) |
| Defendants. | ) |
| | ) |

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ(EMC)
[Proposed] Order

1    This matter came before the Court on May 4, 2004 on motion by defendants Aeroflex, Inc.,

2  AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox

3  International Corp., and Matrox Tech, Inc. (collectively "Defendants") seeking to strike plaintiff Ricoh

4  Company Ltd.'s ("Ricoh") Disclosures of Asserted Claims and Preliminary Infringement Contentions

5  for noncompliance with the Patent Local Rules.

6    After consideration of the papers filed in support of the motion, any papers filed in opposition,

7  and any oral argument of counsel:

8    IT IS ORDERED, ADJUDGED AND DECREED that:

9    1.    Ricoh's Disclosure of Asserted Claims and Preliminary Infringement Contentions

10        ("Infringement Contentions"), served on March 12, 2004 allegedly pursuant to Patent

11        Local Rule 3-1 shall be stricken;

12    2.    Within 10 days of this Court's order, Ricoh shall file Amended Infringement Contentions

13        that remedy the inadequacies identified by Defendants so that they comply with the

14        requirements of Patent L.R. 3-1;

15    3.    Ricoh will be required make the showing of good cause required under Patent L.R. 3-7

16        for any amendments and/or modifications that the Court orders are required for

17        remedying the inadequacies identified by Defendants and/or otherwise deemed by the

18        Court as necessary for complying with Patent L.R. 3-1;

19    4.    Ricoh's discovery from the Defendants shall be stayed until Ricoh files Amended

20        Infringement Contentions that comply with the Court's Patent Local Rules; and

21    5.    In the event that Ricoh does not or cannot make the required showing of good cause

22        necessary for amending its Infringement Contentions to comply with any order by this

23        Court, that the Court order that Ricoh be precluded from:

24        a.    pursuing its infringement claims against any Accused Instrumentalities as to which

25            Ricoh failed to comply with Patent L.R. 3-1 in its original Infringement Contentions

26            served on March 5, 2004;

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ(EMC)    2
[Proposed] Order

1          b.    relying on any other instrumentalities for any purpose in this litigation for which

2               Ricoh failed to comply with Patent L.R. 3-1 in its original Infringement Contentions

3               served on March 5, 2004; and,

4          c.    relying on any documents that Ricoh failed to properly identify and/or disclose

5               pursuant to Patent L.R. 3-2 when in served its original Infringement Contentions on

6               March 5, 2004.

7

8  Dated: _____, 2004             _____

9                                            The Honorable Martin J. Jenkins
                                          United States District Court Judge

10

11  Submitted March __, 2004 by:

12  HOWREY SIMON ARNOLD & WHITE, LLP

13

14

15  By:   /s/ Erik K. Moller_____
          Teresa M. Corbin

16       Christopher Kelley
          Thomas C. Mavrakakis

17       Erik K. Moller
          301 Ravenswood Avenue

18       Menlo Park, CA  94025-3434

19       Telephone:  (650) 463-8100
          Facsimile:  (650) 463-8400

20       Attorneys for Defendants AEROFLEX
          INCORPORATED, et al.

21

22

23

24

25

26

27

28