Gary M. Hoffman, *admitted pro hac vice*
Kenneth W. Brothers, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone: (212) 835-1400
Fax: (212) 992-9880

Jeffrey B. Demain (SBN 126715)
Jonathan Weissglass (SBN 185008)
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| AEROFLEX INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL, INC., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC. | |
| Defendants. | |

CASE NO. CV-03-4669 MJJ (EMC)
AMENDED COMPLAINT

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Complaint against Defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp. ("Matrox Int'l"), Matrox Tech, Inc. ("Matrox Tech"), and Aeroflex Colorado Springs, Inc. ("UTMC"), alleges as follows:

**PARTIES**

1. Plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

2. Upon information and belief, Defendant Aeroflex is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY, 11803. Aeroflex is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

3. Upon information and belief, Defendant AMI is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 2300 Buckskin Road, Pocatello, ID 83201. AMI is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

4. Upon information and belief, Defendant Matrox is a corporation organized under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada. Matrox is doing business in this jurisdiction and/or has

1  committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of

2  this Court for this action.

3  5.    Upon information and belief, Defendant Matrox Graphics is a corporation organized

4

5  under the laws of Quebec, Canada, maintains its principal place of business at 1055 Boul St-

6  Regis, Dorval, Quebec H9P 2T4 Canada.  Matrox Graphics is doing business in this

7  jurisdiction and/or has committed the acts complained of in this jurisdiction, and has

8

9  consented to the jurisdiction of this Court for this action.

10  6.    Upon information and belief, Defendant Matrox Int'l is a corporation organized under

11  the laws of New York, maintains its principal place of business at 625 State Rt 3, Unit B,

12

13  Plattsburgh, NY 12901.  Matrox Int'l is doing business in this jurisdiction and/or has

14  committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of

15  this Court for this action.

16

17  7.    Upon information and belief, Defendant Matrox Tech is a corporation organized

18  under the laws of the State of Delaware, maintains its principal place of business at 1075

19

20  Broken Sound Parkway, NW, Boca Raton, FL  33487-3524.  Matrox Tech is doing business in

21  this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has

22  consented to the jurisdiction of this Court for this action.

23

24  8.    Upon information and belief, Defendant UTMC is a wholly-owned subsidiary of

25  Defendant Aeroflex, is also known as Aeroflex Microelectronic Solutions, Inc., Aeroflex

26  UTMC Microelectronic Solutions, Inc., and formerly known as United Technologies

27

28  Microelectronics Center, is a corporation organized under the laws of the State of Delaware

and maintains a place of business at 4350 Centennial Blvd, CO, 80907. UTMC is doing business in this jurisdiction and/or has committed the acts complained of in this jurisdiction, and has consented to the jurisdiction of this Court for this action.

## JURISDICTION

9. This action arises under the patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et. seq.

10. This Court has subject matter jurisdiction over this patent infringement action under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1331.

11. This Court has personal jurisdiction over the Defendants because Defendants are present and/or doing business in this jurisdiction either directly or through their agents, or alternatively, have consented to the jurisdiction of this Court.

## VENUE

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that Defendants regularly transact business in this judicial district and/or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or are found in this judicial district and/or are aliens.

## FACTUAL BACKGROUND

13. On May 1, 1990, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued United States Letters Patent No. 4,922,432 (the " '432 Patent") in the names of Hideaki Kobayashi and Masahiro Shindo for their invention titled "Knowledge Based Method and

1  Apparatus for Designing Integrated Circuits using Functional Specifications."  A copy of the

2  '432 Patent is attached hereto as Exhibit 1.

3  14.    By assignment, Ricoh is the owner of the entire right, title, and interest in the '432

4  Patent and has the sole right to sue and recover for infringement thereof.

5  15.    The '432 Patent describes, inter alia, a method for designing an application specific

integrated circuit.  By using the invention of the '432 Patent, one can define functional

architecture independent specifications for an integrated circuit and translate functional

architecture independent specifications into the detailed information needed for directly

producing the integrated circuit.

## PATENT INFRINGEMENT

## COUNT 1

16.    Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

17.    Upon information and belief, Aeroflex has been and is now infringing the '432 Patent

by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent

as part of the process of manufacturing application specific integrated circuits, and/or by

selling, offering to sell and/or importing into the United States, application specific integrated

circuits made with the use and/or by the process of one or more of claims 13-17 of the '432

Patent, either literally or under the doctrine of equivalents.

18.    Upon information and belief, Aeroflex will continue to infringe the '432 Patent unless

enjoined by this Court.

19. As a consequence of Aeroflex's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Aeroflex is enjoined by this Court from committing further acts of infringement.

20. Upon information and belief, Aeroflex's infringement of the '432 Patent is willful.

21. Ricoh is entitled to recover damages adequate to compensate for Aeroflex's infringement.

## COUNT 2

22. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

23. Upon information and belief, AMI has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

24. Upon information and belief, AMI will continue to infringe the '432 Patent unless enjoined by this Court.

25. As a consequence of AMI's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless AMI is enjoined by this Court from committing further acts of infringement.

26. Upon information and belief, AMI's infringement of the '432 Patent is willful.

27. Ricoh is entitled to recover damages adequate to compensate for AMI's infringement.

## COUNT 3

28. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

29. Upon information and belief, Matrox has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

30. Upon information and belief, Matrox will continue to infringe the '432 Patent unless enjoined by this Court.

31. As a consequence of Matrox's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox is enjoined by this Court from committing further acts of infringement.

32. Upon information and belief, Matrox's infringement of the '432 Patent is willful.

33. Ricoh is entitled to recover damages adequate to compensate for Matrox's infringement.

## COUNT 4

34. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

35. Upon information and belief, Matrox Graphics has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

36. Upon information and belief, Matrox Graphics will continue to infringe the '432 Patent unless enjoined by this Court.

37. As a consequence of Matrox Graphics' infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Graphics is enjoined by this Court from committing further acts of infringement.

38. Upon information and belief, Matrox Graphics' infringement of the '432 Patent is willful.

39. Ricoh is entitled to recover damages adequate to compensate for Matrox Graphics' infringement.

**COUNT 5**

40. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

41. Upon information and belief, Matrox Int'l has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or

by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

42. Upon information and belief, Matrox Int'l will continue to infringe the '432 Patent unless enjoined by this Court.

43. As a consequence of Matrox Int'l's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Int'l is enjoined by this Court from committing further acts of infringement.

44. Upon information and belief, Matrox Int'l's infringement of the '432 Patent is willful.

45. Ricoh is entitled to recover damages adequate to compensate for Matrox Int'l's infringement.

## COUNT 6

46. Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

47. Upon information and belief, Matrox Tech has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

48.  Upon information and belief, Matrox Tech will continue to infringe the '432 Patent unless enjoined by this Court.

49.  As a consequence of Matrox Tech's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in the future unless Matrox Tech is enjoined by this Court from committing further acts of infringement.

50.  Upon information and belief, Matrox Tech's infringement of the '432 Patent is willful.

51.  Ricoh is entitled to recover damages adequate to compensate for Matrox Tech's infringement.

## COUNT 7

52.  Ricoh repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof.

53.  Upon information and belief, UTMC has been and is now infringing the '432 Patent by utilizing in the United States the process of one or more of claims 13-17 of the '432 Patent as part of the process of manufacturing application specific integrated circuits, and/or by selling, offering to sell and/or importing into the United States, application specific integrated circuits made with the use and/or by the process of one or more of claims 13-17 of the '432 Patent, either literally or under the doctrine of equivalents.

54.  Upon information and belief, UTMC will continue to infringe the '432 Patent unless enjoined by this Court.

55.  As a consequence of UTMC's infringement, Ricoh has been irreparably damaged to an extent not yet determined, and Ricoh will continue to be irreparably damaged by such acts in

the future unless UTMC is enjoined by this Court from committing further acts of infringement.

56. Upon information and belief, UTMC's infringement of the '432 Patent is willful.

57. Ricoh is entitled to recover damages adequate to compensate for UTMC's infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Ricoh prays for entry of judgment:

A. that Aeroflex has infringed the '432 Patent;

B. that Aeroflex, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Aeroflex, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

C. that Aeroflex account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

D. that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Aeroflex's infringement of the '432 Patent;

E. that AMI has infringed the '432 Patent;

F. that AMI, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with AMI, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

G. that AMI account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

H. that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of AMI's infringement of the '432 Patent;

I. that Matrox has infringed the '432 Patent;

J. that Matrox, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

K. that Matrox account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

L. that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox's infringement of the '432 Patent;

M. that Matrox Graphics has infringed the '432 Patent;

N. that Matrox Graphics, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Graphics, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

O. that Matrox Graphics account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

P.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Graphics' infringement of the '432 Patent;

Q.  that Matrox Int'l has infringed the '432 Patent;

R.  that Matrox Int'l, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Int'l, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

S.  that Matrox Int'l account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

T.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Int'l's infringement of the '432 Patent;

U.  that Matrox Tech has infringed the '432 Patent;

V.  that Matrox Tech, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Tech, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

W.  that Matrox Tech account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

X.  that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Tech's infringement of the '432 Patent;

Y.  that costs be awarded to Ricoh; and

1  Z.  that Ricoh be granted such other and further relief as the Court may deem just and proper

2  under the current circumstances;

3  AA.   that UTMC has infringed the '432 Patent;

5  BB. that UTMC, its agents, employees, representatives, successors, and assigns and those

6  acting, or purporting to act, in privity or in concert with UTMC, be preliminarily and

7  permanently enjoined from further infringement of the '432 Patent;

9  CC.   that UTMC account for and pay to Ricoh all damages under 35 U.S.C. § 284, including

10 enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees

11 pursuant to 35 U.S.C. § 285; and

13 DD.   that Ricoh be granted pre-judgment and post-judgment interest on the damages

14 caused to it by reason of UTMC's infringement of the '432 Patent.

```
                              Ricoh Company, Ltd.
                              By: _____/s/_____
                              Jeffrey B. Demain (SBN 126715)
                              Jonathan Weissglass (SBN 185008)
                              ALTSHULER, BERZON, NUSSBAUM,
                              RUBIN & DEMAIN
                              177 Post Street, Suite 300
                              San Francisco, California  94108
                              Phone:  (415) 421-7151
                              Fax:  (415) 362-8064

                              Gary M. Hoffman
                              Edward Meilman
                              Eric Oliver
                              Kenneth W. Brothers
                              DICKSTEIN SHAPIRO MORIN &
                              OSHINSKY  LLP
                              2101 L Street NW
                              Washington, D.C.  20037-1526
                              Telephone: (202) 785-9700
                              Facsimile: (202) 887-0689

                              Counsel for Plaintiff,
                              Ricoh Company.
```