FILED

APR 2 2 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. AND MATROX TECH, INC.,<br><br>Defendants. | No. C 03-4669 MJJ<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF'S MOTION TO AMEND** |

This is a patent infringement case brought by Ricoh Company, Ltd. ("Ricoh") against Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc. ("Defendants") under 35 U.S.C. § 271. Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Ricoh moves for leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a). The Court heard oral argument on April 6, 2004 and hereby DENIES Defendants' motion and GRANTS Ricoh's motion.

Defendants' motion challenges the legal sufficiency of Ricoh's allegations and is functionally identical to a motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). As such, judgment is proper if -- considering the pleadings (and material properly appended thereto, judicially noticed, or uncontested) and construing their factual

1 allegations in the light most favorable to Ricoh -- there are no genuine issues of material fact and
2 Defendants are entitled to judgment as a matter of law. *See Lee v. City of Los Angeles*, 250 F.3d 668,
3 688-89 (9th Cir. 2001); *General Conference Corp. v. Seventh Day Adventist Church*, 887 F.2d 228, 230
4 (9th Cir. 1989). Applying *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367 (Fed. Cir. 2003), and
5 *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996), the Court finds that
6 judgment on the pleadings is precluded by genuine issues of material fact, such as the relationship
7 between the process taught by the patent-at-issue (U.S. Patent No. 4,922,432) and the manufacture of
8 application specific integrated circuits. *See, e.g.,* Complaint Ex. A, at 2:6-15 (providing that the design
9 produced by the patented process generates "detailed information needed for directly producing an
10 application specific integrated circuit."), 2:29-34 ("the system and method of the present invention
11 translates [sic] the functional architecture independent specifications into structural an architecture
12 specific level definition of an integrated circuit, which can be used directly to produce the [application
13 specific integrated circuit]."), 16:34-36 (providing that the design produced by the patented process is
14 used to generate "an application specific integrated circuit which will perform a desired function. . . ."). 
15 Otherwise stated, on the limited record before the Court, Defendants have failed to show that the
16 patented process is not used directly in the manufacture of a physical good. Defendants' motion,
17 therefore, is DENIED.
18   For the reasons set forth by the Court at the hearing, Ricoh's motion to amend is GRANTED.
19 *See* Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires"); *Morongo Band of*
20 *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (allowing leave "with extreme liberality.").

**IT IS SO ORDERED.**

Dated: 4/22/2004

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2