1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Erik K. Moller (SBN 147674)
   HOWREY SIMON ARNOLD & WHITE, LLP
3  301 Ravenswood Avenue
   Menlo Park, California 94025
4  Telephone: (650) 463-8100
   Facsimile: (650) 463-8400
5
   Attorneys for Plaintiff SYNOPSYS, INC. and
6  Defendants AEROFLEX INCORPORATED, ET AL.

7
8

9                                   UNITED STATES DISTRICT COURT

10                                  NORTHERN DISTRICT OF CALIFORNIA

11                                      SAN FRANCISCO DIVISION

12  SYNOPSYS, INC.,                         ) Case No. C03-02289 MJJ (EMC)
                                            )
13              Plaintiff,                  ) Case No. CV 03-04669 MJJ (EMC)
                                            )
14       vs.                                ) DISCOVERY MATTER
                                            )
15  RICOH COMPANY, LTD.,                    )
                Defendant.                  )
16                                          )
                                            )
17  RICOH COMPANY, LTD.,                    ) **SUBMISSION OF AEROFLEX, AMI,**
                                            ) **MATROX COMPANIES AND SYNOPSYS**
18              Plaintiffs,                 ) **TO MAGISTRATE JUDGE CHEN**
                                            ) **REGARDING A DISCOVERY PLAN**
19       v.                                 )
                                            )
20  AEROFLEX INCORPORATED, AMI              )
    SEMICONDUCTOR, INC., MATROX             )
21  ELECTRONIC SYSTESM, LTD., MATROX        )
    GRAPHICS, INC., MATROX                  )
22  INTERNATIONAL CORP., and MATROX         )
    TECH, INC.,                             )
23                                          )
                Defendants.                 )
24                                          )

25

26       Pursuant to instructions from Magistrate Judge Chen during a March 24 hearing, the parties

27  met and conferred on several occasions to try to find common ground on a schedule for discovery.

28  Certain agreements, outlined below, were reached. The parties were, however, unable to agree on the

HOWREY SIMON ARNOLD & WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to         1
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

form of a joint submission to the Court. Ricoh insisted, improperly in our view, on inserting complaints about the scope of Defendants' document production efforts and responses to requests for admission into what was supposed to be a joint submission concerning scheduling.

Despite the Defendants' repeated argument that the Court was seeking a plan that contained the parties' *agreements* on discovery, Ricoh's proposed "Discovery Plan"[1] is largely a motion to compel on a large number of discovery issues without a proper meet and confer process or briefing. A review of the transcript from the Court's March 24, 2004 hearing relevant to this matter shows that the Court was in fact responding to the Ricoh's lengthy complaint regarding its Rule 30(b)(6) depositions only:

> In 30 days, I would expect an agreed upon plan, of both resolution of any issues that are currently outstanding with respect to these depositions, and the actual sort of discovery plan - at least by category if not by witnesses, et cetera. - some benchmark in terms of time, so we can see how we are doing.

Hearing Transcript from March 24, 2004, at 87:3-8.

This passage followed almost ten pages of discussion regarding the scope of Synopsys' and the Defendants' designation and production of Rule 30(b)(6) deponents. The Court did not order the parties to present what is in fact a motion to compel on the issues of document production, interrogatories, or requests for admissions.

The discovery disputes raised by Ricoh in the draft submissions that it has shared with counsel for Defendants raise disputed questions of fact about: i) what scope of discovery from Defendants is proper, and ii) the extent of which Defendants and Synopsys have produced responsive and relevant documents. The parties have been contending over the first question since last summer, and indeed the issues that Ricoh raises were originally presented in August of 2003 to Judge Sleet when this matter was pending in Delaware. The parties have argued at length in correspondence about what limits, if any, the Delaware Court placed on discovery, and what bounds are appropriate for discovery. The factual allegations raised by Ricoh in its draft submission are conclusory and provably false. Because

---

[1] Defendants and Synopsys have seen draft versions of Ricoh's proposed submission, and base these comments on that draft. We are, of course, unable to predict the form of the document that Ricoh will ultimately submit

HOWREY SIMON ARNOLD & WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

2

of the sweeping nature of the allegations made by Ricoh and the complicated procedural history, Defendants intend to present substantial documentary evidence to rebut Ricoh's allegations. This matter is, therefore, not suited for resolution in a telephonic conference and Defendants' request that the Magistrate Judge set Ricoh's motion for full briefing and an in-person hearing.

Regarding scheduling of discovery, the parties were able to agree on the following:

(1) The parties agreed on an April 30, 2004 date for completion of document production, save for production of e-mails.

(2) The parties agreed on the following mechanical procedure for setting depositions. Defendants and Synopsys will designate witnesses and provide proposed dates for deposition on a rolling basis. At any given time, Defendants and Synopsys will make have set dates for some number "N" different witnesses. Within 10 days of completion of a deposition, Defendants and Synopsys will identify proposed dates for an at least one subsequent witness. The dates offered must fall within 40 days of the date of the previously completed deposition.

The parties will work cooperatively to stage deposition discovery in the order requested by Ricoh, to the extent possible.

(3) The parties agreed that Defendants and Synopsys will attempt to provide advance notification of the depositions of Ricoh personnel that it wishes to conduct and Ricoh will attempt to schedule those depositions within the United States.

(4) Defendants and Synopsys agreed to identify a first set of "N" deposition dates by May 15.

With respect to the scheduling of discovery, the following points of disagreement remained:

(a) With regard to paragraph 2, above, Ricoh contended that an appropriate number for "N" was 9. Defendants and Synopsys contend that this number should be 6.

(b) Defendants and Synopsys believe that the privilege logs should be completed by May 7. We do not expect that the Defendants e-mail production is likely to include any privileged communications, but should that be incorrect, we will supplement. We do not believe that preparation of Ricoh's privilege log should be fixed to the date for completion of

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

3

1  production of any e-mail from the Defendants.  Ricoh proposed that the party's exchange
2  privilege logs on a common date, set after production of the Defendants' e-mail.
3              (c)    The parties disagreed about a suitable date for completion of production of any
4  relevant and responsive e-mail from Defendants.  Defendants and Synopsys proposed May 31.
5  Ricoh proposed May 15 (in effect May 17, given the Calendar).

6  Dated: April 23, 2003                              Respectfully submitted,

7                                                    HOWREY SIMON ARNOLD & WHITE, LLP

9
                                                     By:  /s/   Christopher L. Kelley
10                                                        Attorneys for Plaintiff SYNOPSYS, INC.
                                                          and Defendants AEROFLEX
11                                                        INCORPORATED, ET AL.

**HOWREY SIMON ARNOLD & WHITE**

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

4