1 | Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
2 | DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
3 | 2101 L Street, NW
Washington, DC  20037-1526
4 | Phone (202) 785-9700
Fax (202) 887-0689
5 |
6 | Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
7 | 1177 Avenue of the Americas
New York, New York  10036-2714
8 | Phone (212) 835-1400
Fax (212) 997-9880
9 |
10 | Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 | 177 Post Street, Suite 300
San Francisco, California  94108
12 | Phone  (415) 421-7151
Fax (415) 362-8064
13 |
Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>              Plaintiff,<br><br>   vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>             Defendants<br><br>SYNOPSYS, INC.,<br><br>             Plaintiff,<br><br>   vs.<br><br>RICOH COMPANY, LTD.,<br><br>             Defendant. | ))))))))))))))))) |

**CASE NO. C-03-2289-MJJ (EMC)**
**CASE NO. C-03-4669-MJJ (EMC)**

**DISCOVERY MATTER**

**RICOH'S DISCOVERY PLAN SUBMITTED PURSUANT TO COURT ORDER OF MARCH 25, 2004**

**Date:  None**
**Time:  None**
**Courtroom:**
**Judge:  Magistrate Judge Chen**

1    Pursuant to Magistrate Judge Chen's Order of March 25, 2004, plaintiff and counter-

2  defendant Ricoh Company Ltd. ("Ricoh") hereby submits its discovery plan.  Although the parties have

3  been able to resolve many of their differences, at 12:54 pm today, counsel for defendants Aeroflex et al.

4  (the "ASIC defendants") and declaratory judgment plaintiff Synopsys ("Synopsys") advised counsel for

5  Ricoh that they would not agree to a joint submission, and refused to send the final version of their

6  proposed plan to Ricoh for review and comment.

7    During the March 24 hearing, the Court instructed the parties to

8    work out a schedule.  I know that there are some preliminary issues –
       sounds like with respect to scope and designees – but I would like you all
9    to work out, at least a schedule, for resolution or not.  If you cannot get it
       resolved by meet-and-confer, you can submit it to me.
10

11  3/24/2004 Tr. at 84.

12    In response to counsel's question of whether the plan should include "a framework for when

13  documents are going to be produced, and blocks of weeks, in which witnesses are going to be made

14  available for deposition, on certain topics," the Court said, "Yes, that is what I was thinking of."  (*Id.* at

15  85.)  The Court continued:

16    In 30 days, I would expect an agreed upon plan, of both resolution of any
       issues that are currently outstanding with respect to these depositions, and
17    the actual sort of discovery plan – at least by category if not by witnesses,
       et cetera – some benchmark in terms of time, so we can see how we are
18    doing.  *At that point, if you cannot resolve it, again in that letter, tell me
       what is at issue, briefly, and then maybe we can talk on the phone and see
19    what we need to do to facilitate that.*

20  (*Id.* at 87, emphasis added.)  Unfortunately, counsel for the ASIC defendants and Synopsys refused to

21  meet and confer with respect to many of the discovery "issues that are currently outstanding" or to

22  include in a joint discovery plan a list of the discovery issues where the parties are at an impasse.

23    Last year, Synopsys threatened Ricoh that, if Ricoh continued to press its patent claims

24  against the ASIC defendants, Synopsys would order its counsel (who also represent the ASIC

25  defendants) to fight on every issue and make the litigation as expensive as possible.  Synopsys

26  specifically stated that it would not produce evidence until ordered to do so by the Court.  It appears that

27  Synopsys is substantially following through on that threat.

28    In this submission, Ricoh attempts to set forth its understanding of the parties' agreements

1   and disagreements up to the point that the ASIC defendants and Synopsys broke off negotiations.  Ricoh

2   is prepared to participate in a telephone hearing with the Court at any time to address the issues where

3   the parties are at an impasse.

### A.    Production of Documents

#### 1.    Production of documents by April 30

The parties agree in principle that all non-privileged documents (other than e-mails) required
to be produced pursuant to Rule 26(a) or responsive to document requests should be produced by no
later than April 30, 2004.

There are no disputed issues with respect to the scope of Ricoh's document production.

The parties are an impasse, however, on the refusal of the ASIC defendants and Synopsys to
produce several categories of documents requested by Ricoh.[1]  These unresolved issues are the
exceptions that swallow the rule of the foregoing "agreement" that all documents be produced by April
30.  These documents generally fall into the following categories, each of which have been the subject
of numerous letters and meet and confer sessions:

(1) Documents in the possession of ASIC defendants Matrox Graphics and Matrox
Electronics relating to the design and manufacture of ASICs.  These defendants contend that they should
not be obligated to produce such documents unless and until the Court denies their Rule 12(c) motion
for judgment on the pleadings.  Ricoh contends that such stalling makes no sense because the actions of
those defendants are inextricably intertwined with the actions of their U.S. subsidiaries, and because the
Court has already granted Ricoh leave to file its amended complaint, so even if the motion is granted,
those defendants will not be dismissed and production of the documents will be necessary.  Moreover,
on April 22, 2004, Judge Jenkins denied the ASIC defendants' Rule 12(c) motion.  At a meet and confer
on April 23, however, counsel for the ASIC defendants refused to commit to withdraw this objection

---

[1] On March 2, 2004, counsel for the ASIC defendants committed to complete their document
production by April 2, 2004, with a limited exception of certain documents from AMI.  They did not
meet this deadline.  In addition, they have now changed their position as to what documents they were
committed to produce.  For instance, counsel for the ASIC defendants indicated in a letter dated March
19, 2004, that documents responsive to requests 11, 13 and 37 would be produced but now refuse such
production.

1    and produce the relevant and responsive documents that they are withholding.

2           (2) Synopsys and the ASIC defendants have limited the scope of their document production

3    to what they call "Design Compiler products."  Ricoh's preliminary infringement contentions

4    specifically name additional Synopsys software products that Ricoh contends the ASIC defendants

5    employ while those defendants practice the process described in the '432 patent.  Ricoh contends that

6    Synopsys and the ASIC defendants should provide discovery with respect to all of the products listed in

7    Ricoh's preliminary infringement contentions, but Synopsys and the ASIC defendants have refused.[2]

8           (3) The ASIC defendants have refused to provide documents with respect to any logic

9    synthesis methods or products other than the Synopsys Design Compiler products.  Ricoh contends that

10   it has placed at issue the ASIC defendants' infringement of the '432 patent, regardless of how they

11   actually conduct their infringement.

12          (4) The ASIC defendants have not sufficiently identified the ASICs they have actually

13   designed and manufactured using either Synopsys products or otherwise.  Although they contend that

14   they have identified 63 separate ASICs that allegedly were designed and manufactured with Synopsys'

15   Design Compiler products, they have not provided such a list to Ricoh.

16          (5) The ASIC defendants' objections to the discovery requests are unreasonable.  For

17   example, they object to the definitions of the terms "ASIC Design," "ASIC Product", and "ASIC

18   Method" as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the

19   discovery of admissible information, and incorporate the objection by reference into every response they

20   make.  However, counsel for all parties had agreed that the terms "ASIC Design," "ASIC Product", and

21   "ASIC Method" were limited to methods and products made by a process involving computer assisted

22   design with logic synthesis.  The ASIC defendants have said that their production of documents are

23   "subject to" these objections, without disclosing whether they are actually withholding documents based

24   upon these and other objections.

25          (6) The parties cannot agree on when discovery with respect to sales and damages should

26   _____

27   [2] Synopsys has made similar objections and limitations in its interrogatory responses.  Ricoh believes
     that the resolution of this issue as it relates to the document production should be equally applicable to
28   the interrogatory responses.

1    commence. Judge Jenkins instructed the parties to focus first on claim construction issues. Ricoh has

2    proposed that the defendants produce the requested sales and financial documents within 10 days of the

3    completion of the claim construction hearing (which likely will be in September or October 2004). The

4    ASIC defendants refused this request and also refused to identify an alternative date, instead favoring an

5    indefinite postponement.

6         (7) Aeroflex has produced a number of CD's that Ricoh cannot read or access.

7    **2.    Production of Synopsys' source code**

8         The parties have agreed that some of Synopsys' source code will be produced on May 10,

9    2004. However, Synopsys has refused to produce the source code for all of the products listed in

10    Ricoh's preliminary infringement contentions and alleged by Ricoh as being employed by the ASIC

11    defendants in carrying out the infringing process.

12    **3.    Production of documents pursuant to Rule 33(d)**

13         The parties are at an impasse with respect to the ASIC defendants' production of documents

14    pursuant to Fed. R. Civ. P. 33(d). On May 30, 2003, Ricoh served 10 interrogatories upon the ASIC

15    defendants. In response, the ASIC defendants objected but often generally promised to produce

16    documents pursuant to Rule 33(d). However, none of the ASIC defendants specifically identified those

17    documents by either title or bates number, and Ricoh believes that in most instances no responsive

18    documents have been produced.

19    **4.    Production of emails**

20         The parties agree that production of e-mails should be completed by no later than May 31,

21    2004. Ricoh notes that Synopsys and the ASIC defendants have imposed the same limitations on emails

22    as identified in Section A(1), categories 1-5, above.

23    **5.    Production of privilege logs**

24         The parties are at an impasse with respect to the date for production of privilege logs. Ricoh

25    proposes that privilege logs be exchanged by June 7, 2004, *e.g.,* within seven days of the completion of

26    document production. Synopsys and the ASIC defendants propose that privilege logs be exchanged on

27    May 7, 2004, before document production is completed.

28

The parties are also at an impasse with respect to Ricoh's proposal that communications between Ricoh and its trial counsel not be logged. Ricoh believes that there is no purpose in providing a log of those communications, which relate both to Ricoh's pre-filing investigation as well as its preparation and filing of the complaint. Synopsys and the ASIC defendants insist that all pre-filing communications between Ricoh and its trial counsel be logged.

### 6.    Resolution of document discovery issues

The parties cannot agree on a schedule or a process for resolving their document discovery disputes. Ricoh proposes that, consistent with Magistrate Judge Chen's directives, the parties work together, with the Court's assistance as appropriate, to resolve all objections with respect to documents that the parties are seeking pursuant to the currently outstanding discovery requests, by no later than May 15, 2004, and produce by June 7 all documents that have been the subject of objections but that have not specifically been ordered by the Court not to be produced. Synopsys and the ASIC defendants declined to accept this process, but have not proposed an alternative.

### B.    Responses to Requests for Admission

Ricoh has responded to all outstanding requests for admissions, and Ricoh is not aware of any outstanding issues with respect to its responses. The parties are at an impasse, however, with respect to the ASIC defendants' responses. For example:

(1) The ASIC defendants have objected to and limited their responses to many of the requests. Some of the requests include objections over issues that that have been resolved. For example, requests 9-19 related to whether the defendants performs certain actions relating to chip design. The ASIC defendants have objected to the term "ASIC method as being incomprehensible…so broad as to be meaningless" in the objections to these requests. This objection is made even though the parties had previously come to an understanding regarding certain terms, including the term "ASIC method."

(2) The ASIC defendants have objected to Requests 9-19 as calling for a claim interpretation and a question of law, when in fact it calls for a question of fact. For example, Request No. 17 seeks an admission of whether the "Defendant performs an ASIC Method that includes generating from a netlist mask data required to produce an integrated circuit having a desired function." No substantive

1  responses have been provided.

2      (3) Some of the Matrox defendants should amend their responses to Request No. 20, which

3  asks whether "The Court has personal jurisdiction over defendant." Matrox Tech has denied that the

4  court (at the time of the response, a Delaware District Court presided over this case) had personal

5  jurisdiction. However by their own admission, Matrox Tech is a company organized under the laws of

6  Delaware. All defendants acceded the personal jurisdiction of this Court as part of the desire to have

7  this case transferred from Delaware to California. Therefore, if true, the Matrox defendants should

8  supplement their response to Request 20.

9  **C.    Rule 30(b)(6) depositions**

10      **1.    Rule 30(b)(6) discovery of Ricoh**

11      There are no outstanding issues with respect to Ricoh's Rule 30(b)(6) witnesses. Ricoh has

12  responded to every Rule 30(b)(6) deposition notice from either Synopsys or the ASIC defendants. On

13  July 15, 2003, Ricoh produced a corporate witness in response to the ASIC defendants' Rule 30(b)(6)

14  notice. In response to another notice, additional corporate designees are to be deposed during the last

15  week of May 2004 in Japan.

16      **2.    Ricoh's Rule 30(b)(6) notices to the ASIC Defendants**

17      The parties are at an impasse with respect to scheduling and taking the corporate depositions

18  of the ASIC defendants pursuant to Ricoh's September 25, 2003 Rule 30(b)(6) notices. The ASIC

19  defendants have stated that they may produce twenty (20) or more different corporate designees in

20  response to Ricoh's long-pending Rule 30(b)(6) notices. Ricoh has requested that those depositions be

21  completed by September, so follow-up individual depositions may be completed in time for the expert

22  reports, which all parties have agreed should be exchanged in November and December 2004.

23      **a.  Option 1: Identify all witnesses by May 14, 2004**

24      During the hearing on March 24, this Court instructed the parties to identify actual deposition

25  dates "at least by category if not by witness." The burden is on the ASIC defendants to identify those

26  dates. Defendants have refused to do so.

27      In particular, on September 25, 2003, Ricoh served identical Rule 30(b)(6) notices upon each

28  of the ASIC defendants as parties in the *Ricoh v. Aeroflex* litigation. As of April 23, 2004, *none* of the

1    ASIC defendants have proffered *any* dates for *any* of the 30(b)(6) topics.[3]  Attached as Exhibit 1 is a list

2    of the topics and the status on each topic.

3            Ricoh proposes that the ASIC defendants identify by May 14 the names of all corporate

4    witnesses, and that the parties cooperate in scheduling the depositions of those witnesses starting in July,

5    after the document production has been accomplished, with completion of the depositions in September.

6    Requiring the ASIC defendants to identify witnesses, topics and deposition dates is consistent with this

7    Court's instructions during the March 24 hearing and this Court's Standing Order, and is the most

8    effective way to schedule and complete these corporate depositions.

9                    **b.    Option 2:  Identify nine witnesses by May 14, and the rest on a rolling
                          basis.**

10           Alternatively, the parties discussed a process by which the ASIC defendants would identify a

11   large number of their corporate designees in May, and provide additional deposition dates n a rolling

12   basis.  On April 19 the ASIC defendants proposed in a draft discovery plan that "AMI and Aeroflex are

13   to provide identification and proposed dates for a first set of approximately two to four witnesses a piece

14   by May 14."  The Matrox defendants would identify its witnesses by May 31.  Counsel for the parties

15   discussed this proposal in some detail at a meet and confer on April 21, but negotiations abruptly ceased

16   when Ricoh proposed changing the "two to four witnesses" per party to the three witnesses per party.

17   Ricoh pointed out that there was likely insufficient time to complete the depositions by September if

18   only six corporate deposition days were identified at a time, as the second round of six would not be

19   completed until August and the third not until October.

20           The ASIC defendants' proposal unreasonably limits the number of witnesses they will

21   identify for corporate depositions at any given time.  Their proposal indicates that the identification of

22   an the first few witnesses will be made, and only after the first set of deposition are underway will any

23   additional witnesses (or deposition days of the same designees by proposed, which may not occur until

24   40 days later.  This pace is not sufficient, as the ASIC defendants have predicted that there will be more

25

26   _____

27   [3]  On February 3, 2004, ASIC defendants Matrox Tech and Matrox International produced a corporate
     designee for deposition on topics limited to those parties' since-withdrawn motion for summary

28   judgment, but that deposition was *not* on any of the topics in Ricoh's September 25, 2003 Rule 30(b)(6)
     deposition notices.

1 than 20 individuals deposed, some for multiple days. It must be remembered that these witnesses are

2 corporate designees, with provides the ASIC defendants with considerable latitude who to designate and

3 on what topics. There is no undue burden in requiring the ASIC defendants to identify their corporate

4 designees many months after the notices have been served.

5         If, however, the Court is prepared to entertain a variation of this proposal, following is

6 Ricoh's proposal. Ricoh understands that, with the exception of the initial number of witnesses, the

7 ASIC defendants and Synopsys do not object to the following process:

8         (1) For purposes of this scheduling, the ASIC defendants are divided into three groups:

9 AMI; Aeroflex and its subsidiary, Aeroflex Colorado Springs, Inc. (collectively "Aeroflex"); and

10 Matrox Graphics, Matrox Electronic Systems, Matrox International and Matrox Tech (collectively

11 "Matrox").

12         (2) By no later than May 14, AMI, Aeroflex and Matrox will each identify deponents and

13 topics for three deposition days each (e.g., a total of nine deposition dates). These initial deposition

14 dates shall be no more than 45 days in the future (e.g., by June 30), and initially shall be focused upon

15 threshold topics, such as corporate organization, identification and collection of documents, and

16 identification of persons with knowledge. The next topics shall relate to the infringement claims and

17 affirmative defenses. The final topics to be offered shall relate to the issues of marketing, sales and

18 damages.

19         (3) Within ten (10) days of the completion of a deposition day, the party who was being

20 deposed (e.g., AMI, Aeroflex or Matrox) shall identify another corporate designee, topic(s) and

21 deposition date no more than 30 days in the future (e.g., no later than a total of 40 days after the

22 completion of the prior deposition day).

23         (4) If the initial proposed deposition date is not acceptable, the parties shall work together in

24 good faith for an alternative date within the same time frame. The parties shall work together to

25 complete the ASIC defendant Rule 30(b)(6) depositions by September 2004.

26         (5) The parties will also work together to resolve or present before Magistrate Judge Chen

27 any disputes regarding the scope of these particular depositions so that they can be quickly and

28 efficiently resolved.

### D.    Fact Depositions

In addition to taking Rule 30(b)(6) depositions, Synopsys and the ASIC defendants have already taken three other depositions (Dr. James Davis, Brian Bershader, and Dr. Tom Rhyne); have another deposition set on April 23, 2004 (of Mr. Yamada); and have four others in Japan during the last week of May 2004 (Dr. Kobayashi, Dr. Nakayama, Mr. Takada and Mr. Oka), some of whom are corporate designees of Ricoh.

Ricoh proposes that the parties cooperate in scheduling other fact depositions starting in July (after document production is completed) to the end of fact discovery at locations that are convenient for the witnesses and mutually agreeable to the parties. Although Synopsys and the ASIC defendants have not requested any other depositions of Ricoh employees, to the extent that they are able to provide advance notice of at least 90 days, Ricoh will inquire whether it is possible to schedule the depositions in the United States and, if so, will reasonably cooperate in the scheduling of those deponents.

### E.    Total Deposition Time

With respect to the number of hours for deposition, in Delaware, counsel for all of the parties agreed that each side would have 240 hours of deposition testimony from fact witnesses. Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here, and there is no reason to deviate from this prior agreement of counsel. There is no question that additional deposition time needed. Since this agreement was established, the ASIC defendants have identified over thirty (30) people who have relevant factual information in their initial disclosure; another party has been added (Aeroflex Colorado Springs, Inc.); and the ASIC defendants have indicated that they may produce as many as twenty (20) corporate witnesses in response to Ricoh's Rule 30(b)(6) deposition notice to each defendant. Despite the additional party and many witnesses, Ricoh is willing to abide by the prior agreement of counsel.

1

2    Dated:  April 23, 2004                        Respectfully submitted,

3                                                  Ricoh Company, Ltd.

4

5                                                  By: Kenneth W. Brothers

6                                                  Gary M. Hoffman
                                                   Kenneth W. Brothers
7                                                  DICKSTEIN SHAPIRO MORIN &
                                                       OSHINSKY  LLP
8                                                  2101 L Street NW
                                                   Washington, D.C.  20037-1526
9                                                  Telephone: (202) 785-9700
                                                   Facsimile: (202) 887-0689
10

11                                                 Edward A. Meilman
                                                   DICKSTEIN SHAPIRO MORIN &
12                                                     OSHINSKY  LLP
                                                   1177 Avenue of the Americas
13                                                 New York, New York  10036
                                                   Telephone:  (212) 896-5471
14                                                 Facsimile:  (212) 997-9880

15                                                 Jeffrey B. Demain, State Bar No. 126715
16                                                 Jonathan Weissglass, State Bar No. 185008
                                                   ALTSHULER, BERZON, NUSSBAUM,
17                                                     RUBIN & DEMAIN
                                                   177 Post Street, Suite 300
18                                                 San Francisco, California  94108
                                                   Phone:  (415) 421-7151
19                                                 Fax:  (415) 362-8064

20                                                 Attorneys for Ricoh Company, Ltd.

21

22

23

24

25

26

27

28

1

**EXHIBIT 1**

2

**30(b)(6) Deposition Notices to ASIC Defendants**

3

4

*Note: On September 25, 2003, Ricoh served substantially identical deposition notices upon each of the ASIC defendants. As of April 23, 2004, no witnesses have been offered for deposition, and only AMI and Aeroflex have responded to the notices. This Exhibit identifies each topic and summarizes the responses of each ASIC defendant. For the purposes of this review, Ricoh has not recited the objections by AMI or Aeroflex that impermissibly purport to limit the scope of the deposition notice.*

5

6

7

1.  The organizational structure of [defendant], including, but not limited to those groups, divisions, teams and other organizations having any involvement in [defendant]'s ASIC Method at any time, and the identity of all individuals who can testify about such organization.

8

9

| Status of Aeroflex: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

10

11

12

13

14

15

16

2.  The identification of any business entity that designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], any ASIC Product.

17

18

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

19

20

21

22

23

24

25

26

3.  The identification of any business entity that uses the ASIC Method to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other

27

28

activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| --- | --- |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

4.  The identification of each individual (including their full name, address, telephone number, job title and description, and employer) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales or marketing of, or in the decision to design, develop, or manufacture any ASIC Products designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], and identification of the individual's activity concerning such involvement.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| --- | --- |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

5.  The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in performing an ASIC Method for any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant]; identification of the ASIC Products for which such ASIC Method was performed; and identification of the acts of each individual that contributed to performing the ASIC Method.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh |
| --- | --- |

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

6. Any relationship, including, but not limited to, any contractual, business, or financial relationship, between Synopsys and [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

7. Any product, including, but not limited to any software or ASIC Design System product, Synopsys sold, licensed, leased, lent, gave, or otherwise (directly or indirectly) provided to [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

8. Any agreement or other arrangement granting rights in or otherwise concerning ASIC Design Systems and/or use thereof from Synopsys to [defendant] (or from [defendant] to Synopsys),

including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless agreements/covenants not to sue.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

9.  Any product designed or otherwise made by [defendant], using any ASIC Design System, including, but not limited to, products designed or made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

10. The identification of any ASIC Design System including, but not limited to, the manufacturer, product name, and version, used by [defendant] to design or otherwise make any product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |
|---|---|

11. The identification of any software library, cell library, and database used by [defendant] with any ASIC Design System, including, but not limited to, Design Compiler.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

12. The user interface to any ASIC Design System for designing, making or using ASIC Products, including, but not limited to, the user interface for designing, making or using products designed or made using Design Compiler (or any product that includes Design Compiler), and the forms and methods of user input used by or on behalf of [defendant] (whether such input is Verilog, VHDL, HDL, or any other form of input).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

13. The output or netlist (and use thereof) of ASIC Design Systems used by or on behalf of [defendant] to fabricate any product designed or otherwise made, using any ASIC Design System, including, but not limited to, the output or netlist used to fabricate any ASIC Products designed or otherwise made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh |

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

14. The identification of the steps or other activities making up the ASIC Method used to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity. Such steps or other activities include, but are not limited to, the use of ASIC Design Systems in: defining a library of available hardware cells; selecting hardware cells based on input specifications; and generating an output or netlist of hardware cells needed to achieve the intended function of an ASIC Product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

15. Any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to the identification for each ASIC Product, any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by [defendant] (whether or not known to third parties) in connection with that product, including whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, the date of termination thereof.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |

| Status of Matrix International: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

16. The use by [defendant] of Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS'), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by [defendant].

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

17. The cost savings (actual or potential) by [defendant] as a consequence of licensing or using Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS"), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

18. The marketing of any product designed, sold, or otherwise made by [defendant] using any ASIC Design System including, but not limited to, any Synopsys ASIC Design System.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

19. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in [defendant]'s marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for each [defendant] product.

| | |
|---|---|
| Status of Aeroflex: | Will not produce a witness. |
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

20. The cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

| | |
|---|---|
| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

21. The annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by [defendant] of each of [defendant]'s ASIC Products.

| | |
|---|---|
| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

22. The annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by [defendant] of [defendant]'s ASIC Products, including how [defendant] defines each item of cost deducted from gross revenue to calculate gross and net profits.

| | |
|---|---|
| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |
|---|---|

23. The sales by [defendant] of each ASIC Product produced by an ASIC Method.

| Status of Aeroflex: | Will defer the production of a witness. |
|---|---|
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

24. All facts related to any infringement or non-infringement of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

25. All facts related to the validity or invalidity of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

26. All facts related to enforceability of the patent-in-suit, including but not limited to the applicability or non-applicability of the doctrines of laches and equitable estoppel.

| Status of Aeroflex: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |

| Status of Matrox Graphics: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

27. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in any discussions, communications, correspondence, or otherwise with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
|---|---|
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

28. Knowledge by [defendant] of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | Stated there is no such knowledge |
|---|---|

29. The identification of each individual from [defendant] (including their full name, address, telephone number, job title and description, and employer) who was aware of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | No response required based on their response to #28. |
|---|---|

30. Any discussions, communications, correspondence, or other contact with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
|---|---|
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix | Has not agreed to offer a witness. |

| International: | |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

31. Any communications within [defendant] concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

32. The identification of all documents concerning all materials presented to any of [defendant]'s personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

33. Any communications between [defendant] and any other defendant concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

34. Any communications between [defendant] and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |

| Status of Matrox Electronics: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

35. Any communications between [defendant] and any person or entity other that the other defendants and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |