1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone: (650) 463-8100
5  Facsimile: (650) 463-8400

6  Attorneys for Defendants
   AEROFLEX, INC.,
7  AMI SEMICONDUCTOR, INC.,
   MATROX ELECTRONIC SYSTEMS LTD.,
8  MATROX GRAPHICS INC.,
   MATROX INTERNATIONAL CORP., and
9  MATROX TECH, INC.
   AEROFLEX COLORADO SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. CV 03-04669 MJJ (EMC) |
| Plaintiff, | **ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC., | |
| Defendants. | |

Defendant Aeroflex Incorporated ("Aeroflex") for its Answer to the Amended Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended Complaint filed by

Case No. CV 03-04669 MJJ (EMC)                -1-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

HOWREY
SIMON
ARNOLD &
WHITE

1  Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the Amended Complaint
2  except as specifically stated:

### PARTIES

3. 1. Upon information and belief, Aeroflex admits that plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

4. 2. Aeroflex admits that Aeroflex is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY 11803. Aeroflex admits that Aeroflex has consented to the jurisdiction of this Court for this action. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 2 of the Amended Complaint

5. 3. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis, denies those allegations.

6. 4. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis, denies those allegations.

7. 5. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis, denies those allegations.

8. 6. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis, denies those allegations.

9. 7. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis, denies those allegations.

10. 8. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis, denies those allegations.

### JURISDICTION

11. 9. Aeroflex admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 9 of the Amended Complaint.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)                    -2-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

1  10. Aeroflex admits that the Court has subject matter jurisdiction over the allegations of patent
2  infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as
3  expressly admitted, Aeroflex denies the allegations of Paragraph 10 of the Amended Complaint.

4  11. Aeroflex admits that the Court has personal jurisdiction over Aeroflex.  Except as
5  expressly admitted, Aeroflex denies the allegations of Paragraph 11 of the Amended Complaint.

6  **VENUE**

7  12. Aeroflex admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.
8  Except as expressly admitted, Aeroflex denies the allegations of Paragraph 12 of the Amended
9  Complaint.

10  **FACTUAL BACKGROUND**

11  13. Aeroflex admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled
12  "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional
13  Specifications," issued on May 1, 1990.  Aeroflex admits that the '432 Patent names Hideaki
14  Kobayashi and Masahiro Shindo as inventors.  Aeroflex further admits that a copy of the '432 Patent is
15  attached to the Amended Complaint as Exhibit 1.  Except as expressly admitted, Aeroflex denies the
16  allegations of Paragraph 13 of the Amended Complaint.

17  14. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of
18  Paragraph 14, and on that basis, denies those allegations.

19  15. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of
20  Paragraph 15, and on that basis, denies those allegations.

21  **PATENT INFRINGEMENT**
22  **COUNT 1**

23  16. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the
24  Amended Complaint.

25  17. Aeroflex denies each and every allegation in Paragraph 17 of the Amended Complaint.
26  18. Aeroflex denies each and every allegation in Paragraph 18 of the Amended Complaint. .
27  19. Aeroflex denies each and every allegation in Paragraph 19 of the Amended Complaint.
28

**HOWREY SIMON ARNOLD & WHITE**

Case No. CV 03-04669 MJJ (EMC)                     -3-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

20. Aeroflex denies each and every allegation in Paragraph 20 of the Amended Complaint.

21. Aeroflex denies each and every allegation in Paragraph 21 of the Amended Complaint.

**COUNT 2**

22. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

**COUNT 3**

28. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

30. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies those allegations.

31. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis, denies those allegations.

32. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

Case No. CV 03-04669 MJJ (EMC)              -4-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

33. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

**COUNT 4**

34. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

35. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

**COUNT 5**

40. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

41. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

42. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)    -5-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

45. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

**COUNT 6**

46. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

**COUNT 7**

52. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)                    -6-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

57. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

## DEFENSES

In further response to the Amended Complaint, Defendant Aeroflex asserts the following:

## FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58. The '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 for one or more of the following reasons: (a) the inventor named in the '432 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '432 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '432 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '432 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '432 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '432 Patent did not invent the subject matter; (f) the subject matter claimed in the '432 Patent was invented in this country by another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the '432 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '432 Patent are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a written description of the subject matter claimed in the '432 Patent and the manner and process of making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable invention, (iii) the claims are

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)              -7-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

1 indefinite, (iv) the specification fails to enable one skilled in the art to practice the claimed invention,
2 and/or (v) the specification fails to set forth the best mode contemplated by the named inventors for
3 carrying out the alleged invention. Defendant reserves the right to amend this defense further, as
4 additional information is developed through discovery or otherwise.

**SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT**

6  59. Aeroflex has not used within the United Sates any processes that infringe any valid claim
7 of the '432 Patent, either directly, indirectly, contributorily or otherwise, and has not induced others to
8 infringe any valid claim of the '432 Patent.

9  60. Aeroflex has not offered to sell, sold, and/or imported within the United States any product
10 made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly,
11 contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

**THIRD AFFIRMATIVE DEFENSE: LACHES**

13  61. Between 1991 and 2001 Plaintiff Ricoh and Knowledge Based Silicon Corporation
14 ("KBS") were co-assignees of the '432 patent. Pursuant to agreement, Ricoh paid the maintenance
15 fees for the '432 patent. On information and belief, Ricoh and KBS coordinated all activities related to
16 the '432 patent.

17  62. In or about 1991, KBS unsuccessfully tried to persuade Synopsys, Inc. ("Synopsys"), to
18 license the '432 Patent. KBS subsequently abandoned those efforts, and instead developed and
19 marketed products that were interoperable with Synopsys' Design Compiler product. Towards this
20 end, KBS acquired a license to Design Compiler and received assistance from Synopsys to make its
21 products interoperable with the Design Compiler software. At no point during these cooperative
22 efforts did KBS make any allegation that Synopsys' Design Compiler software, or any other Synopsys
23 product, was infringing the '432 Patent.

24  63. Aeroflex purchased the Design Compiler software from Synopsys.

25  64. Plaintiff is barred from recovery of damages by reason of laches.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)    -8-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

**FOURTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE**

65. Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against Aeroflex is barred by the doctrine of patent exhaustion.

**RESERVATION OF AFFIRMATIVE DEFENSES**

66. With discovery still ongoing, Aeroflex has yet to complete its investigation. Aeroflex reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

**COUNTERCLAIMS**

Counterplaintiff Aeroflex Incorporated ("Aeroflex"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

**PARTIES**

67. Aeroflex is a corporation organized under the laws of Delaware, having its principal place of business at 35 S. Service Road, Plainview, NY 11803.

68. Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

**JURISDICTION AND VENUE**

69. Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, §1 *et seq*. The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

70. Ricoh has submitted to the personal jurisdiction of this Court, because suit was filed in this district by Counterdefendant Ricoh.

71. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because suit was filed in this district by Counterdefendant Ricoh.

72. There is an actual justiciable case or controversy between Aeroflex and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 *et seq*. This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that Aeroflex infringes U.S. Patent No. 4,922,432

Case No. CV 03-04669 MJJ (EMC)     -9-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

HOWREY
SIMON
ARNOLD &
WHITE

1 ("the '432 Patent") and Aeroflex's Answer thereto, which asserts the invalidity and noninfringement of
2 the '432 Patent.

### COUNT 1

### DECLARATORY JUDGMENT OF INVALIDITY

73. Aeroflex incorporates by reference Paragraphs 1-72 into this count as though fully set forth herein.

74. The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the owner of the '432 Patent.

75. Ricoh has sued Aeroflex in the present action, alleging infringement of the '432 Patent.

76. Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

77. Aeroflex requests declaratory judgment that the '432 Patent is invalid.

### COUNT 2

### DECLARATORY JUDGMENT OF NONINFRINGEMENT

78. Aeroflex incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

79. Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Aeroflex.

80. Aeroflex requests declaratory judgment that Aeroflex has not infringed the '432 Patent.

### RESERVATION OF COUNTERCLAIMS

81. Aeroflex reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)                    -10-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement

**PRAYER FOR RELIEF**

WHEREFORE, Aeroflex respectfully prays for the following relief:

A. that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B. that this Court declare the '432 Patent invalid;

C. that this Court declare the '432 Patent unenforceable;

D. that this Court declare that Aeroflex has not infringed any valid claim of the '432 Patent;

E. that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that costs of this action and attorneys' fees be awarded to Aeroflex;

F. that this Court grant such other and further relief to Aeroflex as this Court may deem just and equitable and as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Defendant Aeroflex hereby demands trial by jury in this action.

Dated:  April 26, 2004                                  Respectfully submitted,

                                                        HOWREY SIMON ARNOLD & WHITE, LLP


                                                        By:  /s/ Erik K. Moller
                                                             Erik K. Moller
                                                             Attorneys for Defendants
                                                             AEROFLEX INCORPORATED,
                                                             AMI SEMICONDUCTOR, INC.,
                                                             MATROX ELECTRONIC
                                                             SYSTEMS, LTD., MATROX
                                                             GRAPHICS INC., MATROX
                                                             INTERNATIONAL CORP.,
                                                             MATROX TECH, INC., and
                                                             AEROFLEX COLORADO
                                                             SPRINGS, INC.



Case No.  CV 03-04669 MJJ (EMC)              -11-
Answer and Counterclaims of Aeroflex Incorporated
to Amended Complaint for Patent Infringement