Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants
AEROFLEX, INC.,
AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC.,
MATROX INTERNATIONAL CORP., and
MATROX TECH, INC.
AEROFLEX COLORADO SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. CV 03-04669 MJJ (EMC) |
| Plaintiff, | **ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC., | |
| Defendants. | |

Defendant AMI Semiconductor, Inc. ("AMI") for its Answer to the Amended Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the Amended Complaint except as specifically stated:

Case No. CV 03-04669 MJJ (EMC)                                                    -1-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

HOWREY
SIMON
ARNOLD &
WHITE

## PARTIES

1. Upon information and belief, AMI admits that plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

2. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis, denies those allegations.

3. AMI admits that AMI is a corporation organized under the laws of Delaware and maintains its principal place of business at 2300 Buckskin Road, Pocatello, ID, 83201. AMI admits that AMI has consented to the jurisdiction of this Court. Except as expressly admitted, AMI denies the allegations of Paragraph 3 of the Amended Complaint.

4. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis, denies those allegations.

5. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis, denies those allegations.

6. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis, denies those allegations.

7. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis, denies those allegations.

8. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis, denies those allegations.

## JURISDICTION

9. AMI admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq. Except as expressly admitted, AMI denies the allegations of Paragraph 9 of the Amended Complaint.

10. AMI admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, AMI denies the allegations of Paragraph 10 of the Amended Complaint.

HOWREY SIMON ARNOLD & WHITE

Case No.  CV 03-04669 MJJ (EMC)
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

-2-

1    11. AMI admits that the Court has personal jurisdiction over AMI. Except as expressly
2    admitted, AMI denies the allegations of Paragraph 11 of the Amended Complaint.

### VENUE

4    12. AMI admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.
5    Except as expressly admitted, AMI denies the allegations of Paragraph 12 of the Amended Complaint.

### FACTUAL BACKGROUND

7    13. AMI admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled
8    "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional
9    Specifications," issued on May 1, 1990. AMI admits that the '432 Patent names Hideaki Kobayashi
10   and Masahiro Shindo as inventors. AMI further admits that a copy of the '432 Patent is attached to the
11   Amended Complaint as Exhibit 1. Except as expressly admitted, AMI denies the allegations of
12   Paragraph 13 of the Amended Complaint.

13   14. AMI lacks information sufficient to form a belief as to the truth of the allegations of
14   Paragraph 14, and on that basis, denies those allegations.

15   15. AMI lacks information sufficient to form a belief as to the truth of the allegations of
16   Paragraph 15, and on that basis, denies those allegations.

### PATENT INFRINGEMENT

### COUNT 1

19   16. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended
20   Complaint.

21   17. AMI lacks information sufficient to form a belief as to the truth of the allegations of
22   Paragraph 17, and on that basis, denies those allegations.

23   18. AMI lacks information sufficient to form a belief as to the truth of the allegations of
24   Paragraph 18, and on that basis, denies those allegations.

25   19. AMI lacks information sufficient to form a belief as to the truth of the allegations of
26   Paragraph 19, and on that basis, denies those allegations.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)                           -3-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

1  20. AMI lacks information sufficient to form a belief as to the truth of the allegations of
2  Paragraph 20, and on that basis, denies those allegations.
3  21. AMI lacks information sufficient to form a belief as to the truth of the allegations of
4  Paragraph 21, and on that basis, denies those allegations.

## COUNT 2

22. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23. AMI denies each and every allegation in Paragraph 23 of the Amended Complaint.

24. AMI denies each and every allegation of Paragraph 24 of the Amended Complaint.

25. AMI denies each and every allegation of Paragraph 25 of the Amended Complaint.

26. AMI denies each and every allegation of Paragraph 26 of the Amended Complaint.

27. AMI denies each and every allegation of Paragraph 27 of the Amended Complaint.

## COUNT 3

28. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

30. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies those allegations.

31. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis, denies those allegations.

32. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

33. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

## COUNT 4

**HOWREY SIMON ARNOLD & WHITE**

Case No. CV 03-04669 MJJ (EMC)                    -4-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

34. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

35. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

**COUNT 5**

40. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

41. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

42. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.

45. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

HOWREY SIMON ARNOLD & WHITE

Case No.  CV 03-04669 MJJ (EMC)
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

-5-

## COUNT 6

46. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

## COUNT 7

52. AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57. AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

**HOWREY SIMON ARNOLD & WHITE**

Case No. CV 03-04669 MJJ (EMC)
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

-6-

## DEFENSES

In further response to the Amended Complaint, Defendant AMI asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58. The '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 for one or more of the following reasons: (a) the inventor named in the '432 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '432 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '432 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '432 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '432 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '432 Patent did not invent the subject matter; (f) the subject matter claimed in the '432 Patent was invented in this country by another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the '432 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '432 Patent are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a written description of the subject matter claimed in the '432 Patent and the manner and process of making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable invention, (iii) the claims are indefinite, (iv) the specification fails to enable one skilled in the art to practice the claimed invention, and/or (v) the specification fails to set forth the best mode contemplated by the named inventors for

Case No. CV 03-04669 MJJ (EMC)                    -7-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

**HOWREY
SIMON
ARNOLD &
WHITE**

1  carrying out the alleged invention. Defendant reserves the right to amend this defense further, as
2  additional information is developed through discovery or otherwise.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59. AMI has not used within the United Sates any processes that infringe any valid claim of the '432 Patent, either directly, indirectly, contributorily or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

60. AMI has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61. Between 1991 and 2001 Plaintiff Ricoh and Knowledge Based Silicon Corporation ("KBS") were co-assignees of the '432 patent. Pursuant to agreement, Ricoh paid the maintenance fees for the '432 patent. On information and belief, Ricoh and KBS coordinated all activities related to the '432 patent.

62. In or about 1991, KBS unsuccessfully tried to persuade Synopsys, Inc. ("Synopsys"), to license the '432 Patent. KBS subsequently abandoned those efforts, and instead developed and marketed products that were interoperable with Synopsys' Design Compiler product. Towards this end, KBS acquired a license to Design Compiler and received assistance from Synopsys to make its products interoperable with the Design Compiler software. At no point during these cooperative efforts did KBS make any allegation that Synopsys' Design Compiler software, or any other Synopsys product, was infringing the '432 Patent.

63. AMI purchased the Design Compiler software from Synopsys.

64. Plaintiff is barred from recovery of damages by reason of laches.

### FOURTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

65. Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against AMI is barred by the doctrine of patent exhaustion.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)                -8-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

## RESERVATION OF AFFIRMATIVE DEFENSES

66. With discovery still ongoing, AMI has yet to complete its investigation. AMI reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

## COUNTERCLAIMS

Counterplaintiff AMI Semiconductor, Inc. ("AMI"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

## PARTIES

67. AMI is a corporation organized under the laws of Delaware, having its principal place of business at 2300 Buckskin Road, Pocatello, ID 83201.

68. Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

## JURISDICTION AND VENUE

69. Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, §1 *et seq*. The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

70. Ricoh has submitted to the personal jurisdiction of this Court, because suit was filed in this district by Counterdefendant Ricoh.

71. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because suit was filed in this district by Counterdefendant Ricoh.

72. There is an actual justiciable case or controversy between AMI and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 *et seq*. This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that AMI infringes U.S. Patent No. 4,922,432 ("the '432 Patent") and AMI's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)        -9-
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

## COUNT 1

## DECLARATORY JUDGMENT OF INVALIDITY

73. AMI incorporates by reference Paragraphs 1-72 into this count as though fully set forth herein.

74. The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the owner of the '432 Patent.

75. Ricoh has sued AMI in the present action, alleging infringement of the '432 Patent.

76. Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

77. AMI requests declaratory judgment that the '432 Patent is invalid.

## COUNT 2

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

78. AMI incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

79. Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by AMI.

80. AMI requests declaratory judgment that AMI has not infringed the '432 Patent.

## RESERVATION OF COUNTERCLAIMS

81. AMI reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

## PRAYER FOR RELIEF

WHEREFORE, AMI respectfully prays for the following relief:

A.  that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B.  that this Court declare the '432 Patent invalid;

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)  
Answer and Counterclaims of AMI Semiconductor, Inc. to  
Amended Complaint for Patent Infringement

-10-

1  C. that this Court declare the '432 Patent unenforceable;

2  D. that this Court declare that AMI has not infringed any valid claim of the '432 Patent;

3  E. that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that costs of this action and attorneys' fees be awarded to AMI;

5  F. that this Court grant such other and further relief to AMI as this Court may deem just and equitable and as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant AMI hereby demands trial by jury in this action.

Dated: April 26, 2004

Respectfully submitted,

HOWREY SIMON ARNOLD & WHITE, LLP

By: /s/ Erik K. Moller
Erik K. Moller
Attorneys for Defendants
AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC.

HOWREY SIMON ARNOLD & WHITE

Case No. CV 03-04669 MJJ (EMC)
Answer and Counterclaims of AMI Semiconductor, Inc. to
Amended Complaint for Patent Infringement

-11-