1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California  94025
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Attorneys for Defendants
   AEROFLEX, INC.,
7  AMI SEMICONDUCTOR, INC.,
   MATROX ELECTRONIC SYSTEMS LTD.,
8  MATROX GRAPHICS INC.,
   MATROX INTERNATIONAL CORP., and
9  MATROX TECH, INC.
   AEROFLEX COLORADO SPRINGS, INC.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  RICOH COMPANY, LTD.,              )  Case No. CV 03-04669 MJJ (EMC)
                                      )
16          Plaintiff,                )  **ANSWER AND COUNTERCLAIMS OF**
                                      )  **DEFENDANT MATROX ELECTRONIC**
17      vs.                           )  **SYSTEMS LTD. TO AMENDED**
                                      )  **COMPLAINT FOR PATENT**
18  AEROFLEX INCORPORATED, AMI        )  **INFRINGEMENT**
    SEMICONDUCTOR, INC., MATROX       )
19  ELECTRONIC SYSTEMS, LTD., MATROX  )
    GRAPHICS INC., MATROX             )
20  INTERNATIONAL CORP., MATROX TECH, )
    INC., and AEROFLEX COLORADO SPRINGS, )
21  INC.,                             )
                                      )
22          Defendants.               )

23

24          Defendant Matrox Electronic Systems Ltd. ("Matrox.") for its Answer to the Amended

25  Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

26  Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

27  Amended Complaint except as specifically stated:

28

Case No.  CV 03-04669 MJJ (EMC)          -1-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

1

**PARTIES**

2    1.    Upon information and belief, Matrox admits that plaintiff Ricoh is a corporation organized

3 under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome,

4 Tokyo, Japan.

5    2.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

6 Paragraph 2, and on that basis, denies those allegations.

7    3.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

8 Paragraph 3, and on that basis, denies those allegations.

9    4.    Matrox admits that Matrox is a corporation organized under the laws of Quebec, Canada,

10 and maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada.

11 Except as expressly admitted, Matrox denies the allegations of Paragraph 4 of the Amended

12 Complaint.

13    5.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

14 Paragraph 5, and on that basis, denies those allegations.

15    6.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

16 Paragraph 6, and on that basis, denies those allegations.

17    7.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

18 Paragraph 7, and on that basis, denies those allegations.

19    8.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

20 Paragraph 8, and on that basis, denies those allegations.

21

**JURISDICTION**

22    9.    Matrox admits that plaintiff's claim purports to arise under the patent laws of the United

23 States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted,

24 Matrox denies the allegations of Paragraph 9 of the Amended Complaint.

25    10.  Matrox admits that the Court has subject matter jurisdiction over the allegations of patent

26 infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as

27 expressly admitted, Matrox denies the allegations of Paragraph 10 of the Amended Complaint.

28

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**

Case No.  CV 03-04669 MJJ (EMC)                    -2-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

11. Matrox denies that the Court has personal jurisdiction over Matrox. Except as expressly denied, Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis, denies those allegations.

### VENUE

12. Matrox admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Except as expressly admitted, Matrox denies the allegations of Paragraph 12 of the Amended Complaint.

### FACTUAL BACKGROUND

13. Matrox admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990. Matrox admits that the '432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. Matrox further admits that a copy of the '432 Patent is attached to the Amended Complaint as Exhibit 1. Except as expressly admitted, Matrox denies the allegations of Paragraph 13 of the Amended Complaint.

14. Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15. Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

### PATENT INFRINGEMENT

### COUNT 1

16. Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17. Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

18. Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies those allegations.

**HOWREY SIMON ARNOLD & WHITE**

Case No.  CV 03-04669 MJJ (EMC)              -3-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

19.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies those allegations.

20.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies those allegations.

21.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies those allegations.

<u>**COUNT 2**</u>

22.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

<u>**COUNT 3**</u>

28.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29.  Matrox denies each and every allegation in Paragraph 29 of the Amended Complaint.

30.  Matrox denies each and every allegation in Paragraph 30 of the Amended Complaint.

31.  Matrox denies each and every allegation in Paragraph 31 of the Amended Complaint.

32.  Matrox denies each and every allegation in Paragraph 32 of the Amended Complaint.

33.  Matrox denies each and every allegation in Paragraph 33 of the Amended Complaint.

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No.  CV 03-04669 MJJ (EMC)                    -4-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

1

**COUNT 4**

2    34.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

3  Complaint.

4    35.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

5  Paragraph 35, and on that basis, denies those allegations.

6    36.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

7  Paragraph 36, and on that basis, denies those allegations.

8    37.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

9  Paragraph 37, and on that basis, denies those allegations.

10    38.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

11  Paragraph 38, and on that basis, denies those allegations.

12    39.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

13  Paragraph 39, and on that basis, denies those allegations.

14

**COUNT 5**

15    40.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

16  Complaint.

17    41.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

18  Paragraph 41, and on that basis, denies those allegations.

19    42.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 42, and on that basis, denies those allegations.

21    43.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

22  Paragraph 43, and on that basis, denies those allegations.

23    44.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

24  Paragraph 44, and on that basis, denies those allegations.

25    45.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of

26  Paragraph 45, and on that basis, denies those allegations.

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ (EMC)      -5-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

**COUNT 6**

46.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

**COUNT 7**

52.  Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57.  Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ (EMC)                    -6-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENSES**

In further response to the Amended Complaint, Defendant Matrox asserts the following:

**FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

58. The '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 for one or more of the following reasons: (a) the inventor named in the '432 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '432 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '432 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '432 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '432 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '432 Patent did not invent the subject matter; (f) the subject matter claimed in the '432 Patent was invented in this country by another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the '432 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '432 Patent are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a written description of the subject matter claimed in the '432 Patent and the manner and process of making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable invention, (iii) the claims are indefinite, (iv) the specification fails to enable one skilled in the art to practice the claimed invention, and/or (v) the specification fails to set forth the best mode contemplated by the named inventors for

Case No.  CV 03-04669 MJJ (EMC)                              -7-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

HOWREY
SIMON
ARNOLD &
WHITE

1  carrying out the alleged invention.  Defendant reserves the right to amend this defense further, as

2  additional information is developed through discovery or otherwise.

3              **SECOND AFFIRMATIVE DEFENSE:  NONINFRINGEMENT**

4         59.  Matrox has not used within the United Sates any processes that infringe any valid claim of

5  the '432 Patent, either directly, indirectly, contributorily or otherwise, and has not induced others to

6  infringe any valid claim of the '432 Patent.

7         60.  Matrox has not offered to sell, sold, and/or imported within the United States any product

8  made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly,

9  contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

10             **THIRD AFFIRMATIVE DEFENSE:  LACHES**

11        61.  Between 1991 and 2001 Plaintiff Ricoh and Knowledge Based Silicon Corporation

12  ("KBS") were co-assignees of the '432 patent.  Pursuant to agreement, Ricoh paid the maintenance

13  fees for the '432 patent.  On information and belief, Ricoh and KBS coordinated all activities related to

14  the '432 patent.

15        62.  In or about 1991, KBS unsuccessfully tried to persuade Synopsys, Inc. ("Synopsys"), to

16  license the '432 Patent.  KBS subsequently abandoned those efforts, and instead developed and

17  marketed products that were interoperable with Synopsys' Design Compiler product.  Towards this

18  end, KBS acquired a license to Design Compiler and received assistance from Synopsys to make its

19  products interoperable with the Design Compiler software.  At no point during these cooperative

20  efforts did KBS make any allegation that Synopsys' Design Compiler software, or any other Synopsys

21  product, was infringing the '432 Patent.

22        63.  Matrox purchased the Design Compiler software from Synopsys.

23        64.  Plaintiff is barred from recovery of damages by reason of laches.

24             **FOURTH AFFIRMATIVE DEFENSE:  IMPLIED LICENSE**

25        65.  Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of

26  the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and

27  Synopsys.  Plaintiff's action against Matrox is barred by the doctrine of patent exhaustion.

28

**HOWREY SIMON ARNOLD & WHITE**

Case No.  CV 03-04669 MJJ (EMC)                -8-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

## RESERVATION OF AFFIRMATIVE DEFENSES

66.  With discovery still ongoing, Matrox has yet to complete its investigation.  Matrox reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

## COUNTERCLAIMS

Counterplaintiff Matrox, Inc. ("Matrox"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

## PARTIES

67.  Matrox is a corporation organized under the laws of Quebec, Canada, and maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4 Canada.  .

68.  Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

## JURISDICTION AND VENUE

69.  Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, §1 *et seq.*  The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

70.  Ricoh has submitted to the personal jurisdiction of this Court, because suit was filed in this district by Counterdefendant Ricoh.

71.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, because suit was filed in this district by Counterdefendant Ricoh.

72.  There is an actual justiciable case or controversy between Matrox and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 *et seq.*  This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that Matrox infringes U.S. Patent No. 4,922,432 ("the '432 Patent") and Matrox' Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ (EMC)                    -9-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

## COUNT 1

## DECLARATORY JUDGMENT OF INVALIDITY

73.  Matrox incorporates by reference Paragraphs 1-72 into this count as though fully set forth herein.

74.  The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the owner of the '432 Patent.

75.  Ricoh has sued Matrox in the present action, alleging infringement of the '432 Patent.

76.  Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

77.  Matrox requests declaratory judgment that the '432 Patent is invalid.

## COUNT 2

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

78.  Matrox incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

79.  Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Matrox.

80.  Matrox requests declaratory judgment that Matrox has not infringed the '432 Patent.

## RESERVATION OF COUNTERCLAIMS

81.  Matrox reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

## PRAYER FOR RELIEF

WHEREFORE, Matrox respectfully prays for the following relief:

A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B.    that this Court declare the '432 Patent invalid;

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ (EMC)                    -10-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement

1    C.    that this Court declare the '432 Patent unenforceable;

2    D.    that this Court declare that Matrox has not infringed any valid claim of the '432 Patent;

3    E.    that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

4    costs of this action and attorneys' fees be awarded to Matrox;

5    F.    that this Court grant such other and further relief to Matrox as this Court may deem just

6    and equitable and as the Court deems appropriate.

7

## DEMAND FOR JURY TRIAL

8    Defendant Matrox hereby demands trial by jury in this action.

9

10    Dated:  April 26, 2004          Respectfully submitted,

11                  HOWREY SIMON ARNOLD & WHITE, LLP

13                  By:  /s/ Erik K. Moller

14                     Erik K. Moller
                        Attorneys for Defendants

15                     AEROFLEX INCORPORATED, AMI
                     SEMICONDUCTOR, INC., MATROX

16                     ELECTRONIC SYSTEMS, LTD., MATROX
                     GRAPHICS INC., MATROX

17                     INTERNATIONAL CORP., MATROX TECH,
                     INC., and AEROFLEX COLORADO

18                     SPRINGS, INC.

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  CV 03-04669 MJJ (EMC)      -11-
Answer and Counterclaims of Matrox Electronic Systems Ltd.
to Amended Complaint for Patent Infringement