Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California  94025
Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

Attorneys for Defendants, Aeroflex, Inc, *et al.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY, LTD, | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER |
| vs. | |
| AEROFLEX ET AL, | Date:       May 4, 2004 |
| Defendants | Time:       2:00 p.m. |
|  | Courtroom:  11 |

Pursuant to FRCP 26(f) and L.R. 16-9, Plaintiff Ricoh Company, Ltd. ("Ricoh") and Defendants Aeroflex, Inc. et al. (the "Defendants"), jointly submit this Joint Case Management Conference Statement and Proposed Order.

**DESCRIPTION OF THE CASE**

**1.   A brief description of the events underlying the action:**

**a.   Ricoh's Description**

The Court is already acquainted with the events underlying this action, as set forth in this Court's order of September 22, 2003, and subsequent hearings.

In January 2003, Ricoh sued several designers and manufacturers of computer chips in the District of Delaware (C.A. No. 03-103-GMS) for patent infringement, alleging that those Defendants were using the steps recited in the process claims of Ricoh's '432 patent. The '432 patent describes a highly advanced technical process used in designing and manufacturing certain types of computer chips called ASICs. In carrying out their infringement of the patented process, the Defendants use software supplied by Synopsys, and perhaps other suppliers, as part of their process in manufacturing ASICs that they sell. Ricoh has never accused Synopsys itself of infringing the '432 patent or the '016 patent and has stated that it will not bring any action for infringement of the '432 patent or the '016 patent against Synopsys with respect to Synopsys' past or current software products. Further information about the infringing activities of the Defendants has been set out in Ricoh's preliminary infringement contentions, served on March 12, 2004.

Contrary to the Defendants' representations, the activities that infringe certain of the process claims of the '432 patent involve more than the "ordinary use" of a Synopsys product named Design Compiler. Ricoh is seeking in its Complaint damages based upon the Defendants' use of the patented process and the sale of the ASIC made utilizing this process. It is not unfair to ask the Defendants to defend what they actually do without limitation to particular equipment they may employ when so acting. Although Synopsys chose not to try to intervene in the Delaware case, its attorneys assumed control of the defense and have filed multiple declaratory judgment counterclaims against Ricoh. Synopsys engaged, is paying for and instructing the attorneys representing the Defendants. Initially all of the Defendants had separate counsel, but those attorneys are no longer involved in this action.

1    Synopsys' attorneys unsuccessfully argued that the Delaware court should stay discovery in that action

2    pending the outcome of the action in California.  Synopsys' attorneys have filed all papers on behalf of

3    each of the Defendants; have attended the Rule 16 conference, negotiated a protective order; and have

4    taken and responded to discovery.  With the agreement of the parties, the Delaware court entered a

5    pretrial order governing discovery on all issues of both liability, damages and willful infringement and

6    set a trial date for October of 2004 on all issues, a copy of which is attached hereto as Exhibit 1.  There

7    is no reason to now separate discovery and trial into a series of separate actions spanning a period of

8    many years as now proposed by the Defendants.  When the Defendants sought a transfer of this action to

9    this Court they argued that such a transfer was not for purpose of delaying this action and that the

10   transfer would not delay the resolution of the issues in this action.  Based in part on those

11   representations, on August 29, 2003, the Delaware court granted the Defendants' motion to transfer that

12   action to this Court.

13           After transfer to this Court, Defendants again moved to stay this action.  On December 11,

14   2003, this Court denied this motion, finding that "Ricoh has a 'separate interest' in litigating against

15   Defendants in the first-filed action."   On April 6, 2004, this Court expressed its frustration at counsel for

16   Defendants for continually delaying the proceedings.  Despite these warnings and the double rejection of

17   their motions for a stay, Defendants repeatedly suggest here that a stay is appropriate.

18           Ricoh's proposed schedule seeks to have this case ready for trial by next April.  As noted in

19   the case management conference statement and proposed order in *Synopsys v. Ricoh*, Case No. CV-03-

20   2289-MJJ (EMC), a threshold issue is whether this earlier-filed infringement action should be

21   consolidated with the later-filed declaratory judgment action.  There are no patent infringement claims

22   or counterclaims in the declaratory judgment action.  Ricoh believes that consolidation is appropriate,

23   with Ricoh as the plaintiff.  Although Ricoh opposes defendant's suggestion for bifurcation, Ricoh

24   understands that no such motion is pending and that no decision will be made on this issue at present.

25   Ricoh further notes that, as this is a jury trial, bifurcation would impose unreasonable demands upon the

26   jury.

27

28

### b. Defendants' Description

Ricoh alleges that each of the six Defendants practice the method claims 13-17[1] of its '432 patent. The Defendants contend that the activities that Ricoh claims as the basis of its infringement allegations are nothing more than the ordinary use of Synopsys' Design Compiler software, and that Ricoh's lawsuit ought to have been against Synopsys. Ricoh contends to the contrary.

The Defendants believe that it may be appropriate to stay Ricoh's case against them since Ricoh's infringement claims are based on nothing more than the ordinary use of Synopsys' products. This is evident from the Preliminary Infringement Contentions served by Ricoh, which are based solely on the Defendants ordinary use of Synopsys' software products.[2] Defendants may renew their motion to stay the present action until the underlying dispute between Ricoh and Synopsys is resolved. In the alternative, Defendants propose that this case be coordinated with Synopsys' Declaratory Judgment action, and that an initial joint trial be held exclusively on the question of liability, including infringement and invalidity. The issue of damages, including the existence or absence of willfulness, should be tried separately and only after a determination of liability. The damages calculation, if liability for infringement is found, will involve complicated questions of fact specific to each of the individual Defendants. Defendants, therefore, believe that the question of damages should be reserved.

The Defendants have conducted some limited discovery regarding the pre-filing investigation conducted by Ricoh. It appears that Ricoh's pre-filing "analysis" was limited to a review of the capabilities of the Synopsys' Design Compiler product and evidence that Ricoh believed indicated that each of the Defendants utilize Design Compiler. No analysis of competing software tools was done, and there is no basis for the suggestion in Ricoh's description of the case that its scope ought to be expanded

---

[1] Ricoh originally accused the Defendants of infringing claims 13-20 of the '432 patent, but have subsequently amended the complaint to drop any accusation that the Defendants infringe claims 18-20.

[2] Though their Preliminary Infringement Contentions show that Ricoh only accuses the Defendants' ordinary use of Synopsys' Design Compiler software, Ricoh's charts required under Patent Local Rule 3-1 are utterly inadequate. The Defendants' Motion to Strike Ricoh's Preliminary Infringement Contentions is currently pending in this Court, and is scheduled to be heard on May 4, 2004.

to include other software products beyond Design Compiler. Defendants' estimates of trial length are based on the assumption that the case will focus exclusively on allegations involving Design Compiler. If additional software manufacturers become involved in the case, additional trial time will be required.

Ricoh's description includes several argumentative elements that cannot go unchallenged:

✍ Ricoh's characterization of the relationship between Synopsys and the Defendants is not accurate. Defendants and Synopsys are both represented by the same counsel. Synopsys will, of course, defend its customers against accusations made by Ricoh that use of Synopsys' products practices Ricoh's patents. However, Ricoh's allegations that Synopsys "controls" this litigation are not accurate. Because Synopsys and the Defendants are represented by the same counsel, Ricoh's statement that Synopsys' attorneys have filed all papers on behalf of the Defendants is meaningless. Ricoh could just as easily have asserted that Aeroflex's counsel have filed all papers on behalf of Synopsys in Synopsys' declaratory judgment action.

✍ Ricoh refers to the pre-trial scheduling order issued by the Delaware court, which was plainly mooted when the case was subsequently transferred to the Northern District. Many months have been lost as a result of the transfer so that the schedule defined in the Delaware order is now impossible. Furthermore, the Delaware schedule fails to accommodate normal practice in this district. In particular, it does not follow the schedule prescribed in the Local Patent Rules.

## 2. Principal factual and legal issues in dispute.

### a. Ricoh's Description

*Ricoh's statement of disputed factual issues:*

a.      Whether the Defendants, or someone on their behalf, practice the process disclosed in the '432 patent.

b.      Whether the Defendants infringe the '432 patent.

c.      The amount of damages to be awarded to Ricoh.

d.      Whether the ASIC Defendants acted willfully in infringing the '432 patent.

*Ricoh's statement of disputed legal issues:*

e.      Whether Defendants can prove by clear and convincing evidence that the '432 patent is not valid.

f.      Whether the Defendants can prove their affirmative defenses of estoppel and laches that would preclude Ricoh from enforcing its '432 patent against them, or limit Ricoh's right to damages.

### b.  Defendants' Description

Defendants agree that the issues identified in b – f are presented in this case.  Additional factual issues are in dispute:

g.      Whether the '432 patent is invalid.

h.      Whether Ricoh is barred, under a theory of laches or estoppel, from enforcing its '432 patent against some or all of the allegedly infringing activities.

i.      Whether the actions that Ricoh identifies as the basis of its infringement allegations are anything other than ordinary steps involved in use of Synopsys' Design Compiler product.

j.      Whether this action should be stayed pending resolution of the *Synopsys, Inc. v. Ricoh Company, Ltd.* declaratory judgment action.

Additionally, the following legal issue is presented in this case:

k.      Whether the design activities claimed in the asserted method claims of Ricoh's '432 patent can serve as the basis of an allegation of infringement under 35 U.S.C. § 271(g).

### 3.  The other factual issues which remain unresolved:

#### a.  Ricoh's Description

Ricoh believes that the principal issues are set forth above in Ricoh's description.

#### b.  Defendants' Description

Defendants believe that there are none.

**4.  Parties which have not been served:**

None.  On April 6, 2004, this Court granted Ricoh's motion to amend its Complaint to, *inter alia,* add as a party Aeroflex Colorado, and counsel for Aeroflex agreed to accept service for all Defendants on April 12, 2004.  The Amended Complaint was filed and served on April 12, 2004.

**5.  The additional parties which the parties intend to join and the intended time frame for such joinder:**

None.

**6.  The following parties consent to assignment of this case to the United States Magistrate Judge for trial:**

If the Court desires for scheduling purposes, Ricoh is amenable to having the Markman hearing and any related tutorial held before a Magistrate Judge.  Defendants do no not consent to have Markman determinations made by a Magistrate Judge.  Neither party consents to assignment to a Magistrate Judge for trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**7.  The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process to which the parties jointly (or separately) request referral:**

**a.  Ricoh's Position**

There has been a single meeting between business representatives of Ricoh and Synopsys Inc. (which is controlling this litigation on behalf of the Defendants), but the parties have not engaged in negotiations.  Ricoh has invited the Defendants to negotiate with respect to a license, but the Defendants have refused.  Ricoh is willing to enter into ADR with the Defendants.  Ricoh is also wiling to enter into an ADR with Synopsys, however, Ricoh recognizes that an ADR with Synopsys may not be  fruitful until more discovery has been completed.  If Ricoh were required to choose an ADR procedure, Ricoh would prefer mediation by a knowledgeable patent attorney, who also may be qualified to serve as an early neutral evaluator.

### b. Defendants' Description

Defendants do not believe that there is any purpose to settlement negotiations between Ricoh and Defendants that do not include Synopsys.  Settlement of this case is most likely if there is a global settlement negotiated between Ricoh and Synopsys.  If Defendants were required to choose an ADR procedure, they request referral to the Court's ENE ADR process.

## DISCLOSURES

### 8. The parties certify that they have made the following disclosures:

### a. Ricoh's Position

In May 2003, Ricoh served its initial disclosures in the Delaware action and produced documents identified therein.  The Defendants also served an initial disclosure (which they later asserted were "inartfully drafted"), and after a motion to compel was filed, Defendants belatedly amended their disclosure.  Defendants have refused to adequately identify many of the individuals in the disclosure, and Ricoh has been unable to locate or contact approximately ten of the individuals listed.

With respect to document production, Ricoh believes that Defendants have still not produced all of the documents identified by the categories of their initial disclosures.

### b. Defendants' Position

The Defendants served an initial disclosure statement on May 30, 2003, and an amended version of their initial disclosure statement on January 20, 2004.  Defendants have produced documents described in their amended initial disclosure statement, including prior art that they believe demonstrates the invalidity of the patent and manuals describing Synopsys' Design Compiler product that demonstrate that Design Compiler does not practice Ricoh's patents.

## DISCOVERY

### 9. The parties have presented the following discovery plans:

On March 24, 2004, Magistrate Judge Chen ordered that parties to submit a discovery plan by no later than April 23, 2004.  A copy of Ricoh's discovery plan is attached as Exhibit 2, and a copy of the Defendants' discovery plan is attached as Exhibit 3.

### a. Ricoh's Position.

With respect to the number of hours for deposition, in Delaware, counsel for all parties agreed that each side would have 240 hours of deposition testimony from fact witnesses. (See Exhibit 1.) Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here, and there is no reason to deviate from this prior agreement of counsel. There is no question that additional deposition time needed. Since this agreement was established, the Defendants and Synopsys have identified over thirty (30) people who have relevant factual information in their initial disclosure; another party has been added (Aeroflex Colorado Springs, Inc.); and the Defendants have indicated that they may produce as many as twenty (20) corporate witnesses in response to Ricoh's Rule 30(b)(6) deposition notice to each defendant. Despite the additional party and many witnesses, Ricoh is willing to abide by the prior agreement of counsel.

With respect to the proposal by the Defendants that depositions needing translations "should be treated as 30 minutes against this time limit," Ricoh notes that, in Delaware, the 240 hours of total deposition time was arrived at as a compromise. Then, as now, counsel for the Defendants was proposing 160 hours of total deposition time per side, but also that each hour of depositions of non-English speaking witnesses be counted as only 30 minutes against the total. Ricoh pointed out that this proposal would effectively give the Defendants almost double the amount of deposition time as Ricoh, as most of Ricoh's witnesses are native Japanese speakers. Rather than adopting the 30 minute proposal, the 240 hour figure was accepted as a compromise. See Exhibit 1. Ricoh does not agree that the depositions of non-English speaking witnesses should effectively last two days each as a matter of right, but, as the parties have agreed with respect to any witness, Ricoh willing to consider requests for more than a full deposition day of non-English speaking witnesses on a case-by-case basis.

### b. Defendants' Position

In addition, the Defendants believe that a modification of the deposition time is appropriate in this matter, and believe that a total of 160 hours of deposition time is ample modification from the limits on deposition testimony set in the Federal Rules of Civil Procedure to obtain the discovery necessary in this litigation. Also, because many of Ricoh's witnesses will likely require a translator, each hour of deposition testimony requiring translation should be treated as 30 minutes against this time limit.

Furthermore, since the parties have stipulated that testimony taken in this action will be admissible in *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ (EMC), and vice versa, the total time for deposition testimony in the two actions combined should not exceed this limit. The Defendants are not advocating that the Court give Synopsys 160 hours and grant them an additional 160 hours.

## PROPOSED SCHEDULE

### 10. A proposed schedule is provided below:

#### a. Ricoh's Position.

Ricoh asserted an infringement claim with respect to the '432 patent, and agrees that it should be treated as the party claiming infringement of that patent. Ricoh's proposed schedule contains actual dates that generally are consistent with the Patent Local Rules.

Assessment of the Defendants' liabilities and responsibility for damages should take place concurrently; bifurcation of the proceedings is not appropriate. Defendants' description of the liability issue repeats the same error of characterizing Ricoh's process infringement claims as a product infringement claim against Synopsys. Bifurcation is not a prudent use of judicial resources, but is more a delay tactic by Defendants to draw out the proceedings. Contrary to the Defendants' representation, the identification of each of the ASIC manufactured utilizing the infringing process and proof of such infringement is initially part of the liability issue not just a damage issue. In addition, the Defendants are asserting the affirmative defenses of laches and estoppel, which will require extensive discovery on their knowledge of the patent, as well as their reliance on certain actions of Ricoh. These factual issues substantially overlap with discovery relating to willfulness, so bifurcation is not appropriate.

#### b. Defendants' Description

Based on Ricoh Preliminary Infringement Contentions, Defendants may seek a stay of the present action to allow the underlying dispute to be resolved in the *Synopsys, Inc. v. Ricoh Company, Ltd.* declaratory judgment action. If a request for stay is not made, or is denied, Defendants believe that trial of this matter should be bifurcated, into separate trials on liability and damages (which would include the question of whether infringement was willful or not).

The question of liability presents a single question, uniform for each of the Defendants: is there a

mode of usage of the Design Compiler software that results in infringement of Ricoh's '432 patent? Trial of liability issues will also have to address the question of whether Defendants use the software in the allegedly infringing mode, but this question is less likely to involve contentious factual disputes. The question of damages, on the other hand, is complicated and particular to each of the Defendants, and, will require specific inquiry into each product alleged to have been designed using the infringing process. Ricoh contends that it is entitled to a portion of the revenue stream from each such product. Defendants expect to contend that the ASIC products designed using the allegedly infringing process could have been designed using non-infringing alternative techniques and that Ricoh's recovery must, therefore, be limited to the difference in cost of the two design techniques. Proving or disproving each of these damages theories will require delving into the particulars of each design alleged to have been produced by the infringing method, and will be quite time consuming.

Defendants, therefore, believe that, if the present action is not stayed, the question of liability should be tried first, jointly with Synopsys' declaratory judgment action. The schedule below establishes a date only for the liability trial. If liability is established, a separate damages trial can be scheduled.

### c.  The Parties' Proposed Schedules

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|---|
| Ricoh's Disclosure of Asserted Claims and Preliminary Infringement Contentions | No later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, which ever is later.   (Pat. L. R. 3-3) | Ricoh served a Disclosure of Asserted Claims and Preliminary Infringement Contentions on March 12, 2004 | March 12, 2004 |
| Preliminary Invalidity Contentions | 45 days after Disclosure of Asserted Claims (Pat. L. R. 3-3) | April 26, 2004 | April 26, 2004 |
| Exchange of Proposed Terms and Claim Elements for Construction | 10 days after Preliminary Invalidity Contentions (Pat. L. R. 4-1(a)) | May 24, 2004[3] | May 24, 2004 |

[3] Although the Patent Local Rules provide that the exchange of proposed terms and claim elements for construction would be due on May 6, 2004, Ricoh does not object to the Defendants' attempt to harmonize these dates with the dates in the declaratory judgment action, provided that the trial date is not adversely affected. The Defendants' lead trial counsel has a trial scheduled to begin on May 24, 2005, which could possibly conflict with the Defendants proposed trial date of June 2005. Ricoh is

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|---|
| Exchange of Proposed Claim Constructions and Extrinsic Evidence | 20 days after Exchange of Proposed Terms and Claim Elements (Pat. L. R. 4-2(a)) | June 11, 2004 | June 11, 2004 |
| Joint Claim Construction and Prehearing Statement | 60 days after Preliminary Invalidity Contentions (Pat. L. R. 4-3) | July 13, 2004 | July 13, 2004 |
| Deadline to join parties and amend pleadings | L.R. 16-10(b) | July 19, 2004 | July 19, 2004 |
| Completion of Claim Construction Discovery | 30 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-4) | August 12, 2004 | August 12, 2004 |
| Opening Claim Construction Brief | 45 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-5(a)) (15 days after Completion of Claim Construction Discovery) | August 27, 2004 | August 27, 2004 |
| Responsive Claim Construction Brief | 14 days after Opening Claim Construction Brief (Pat. L. R. 4-5(b)) | September 10, 2004 | September 10, 2004 |
| Reply Claim Construction Brief | 7 days after Responsive Claim Construction Brief (Pat. L. R. 4-5(c)) | September 17, 2004 | September 17, 2004 |
| Claim Construction Hearing | At least 14 days after Reply Claim Construction Brief (Pat. L. R. 4-6) | Late September or early October 2004 (date to be determined by court)[4] | Early October 2004, no earlier than October 1, 2004 (date to be determined by court) |
| Claim Construction Ruling ("CCR") | | Provided by the Court | Provided by the Court |
| Final Infringement Contentions | 30 days after CCR (Pat. L. R. 3-6) | November 10, 2004 | November 12, 2004 or 30 days after CCR (Pat. L. R. 3-6) whichever is later[5] |
| Final Invalidity Contentions | 50 days after claim construction ruling (CCR)(Pat. L. R. 3-6) | November 30, 2004[6] | December 3, 2004 or 50 days after CCR (Pat. L. R. 3-6) whichever is later |

willing to accelerate this schedule so this case is tried in April of 2005. Prior to transfer of this action from Delaware, the parties had agreed upon, and the Court had ordered, having this case ready for trial in October of 2004. (See Ex. 1.)

[4] Ricoh's lead counsel is unavailable September 23-24 and October 7-11, 2004.

[5] Synopsys believes that their proposed schedule based on time periods following the Court's claim construction ruling is reasonable, but suggests that an additional case management conference following the Court's claim construction ruling may be necessary to set the post-claim construction case schedule.

[6] Ricoh submits that the final invalidity contentions should be provided prior to the close of fact discovery.

| Event | Time (Patent Local Rule, if applicable) | Ricoh's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|---|
| Deadline to disclose reliance upon opinion of counsel and produce related documents | 50 days after claim construction ruling (CCR)(Pat. L. R. 3-8) | November 30, 2004 | December 3, 2004 or 50 days after CCR (Pat. L. R. 3-6) whichever is later |
| Submission of expert reports by party with the burden of proof | | November 30, 2004 | December 13, 2004 or 60 days after CCR whichever is later |
| Fact discovery cut-off | | December 14, 2004 | November 12, 2004 or 30 days after CCR whichever is later[7] |
| Submission of responsive expert reports | | December 30, 2004 | January 28, 2004 or 80 days after CCR whichever is later |
| Expert discovery cut-off | | January 20, 2005 | February 18, 2005 or 110 days after CCR whichever is later |
| Dispositive motion cut-off | | February 11, 2005 | March 11, 2005 or 120 days after CCR whichever is later |
| Dispositive motion hearing date | | To be set by the Court | April 19, 2005 or 155 days after CCR whichever is later |
| File motions in limine | | March 11, 2005 | May 3, 2005 or 170 days after CCR whichever is later |
| File oppositions to motions in limine | | March 25, 2005 | May 17, 2005 or 184 days after CCR whichever is later |
| File Joint Proposed Final Pre-trial Order | | April 8, 2005 | May 31, 2005 or 198 days after CCR whichever is later |
| Pre-trial Conference | | April 19, 2005 | June 10, 2005 or 208 days after CCR whichever is later |
| Trial Date | | May 2, 2005 | Approximately June 20, 2005 or 220 days after CCR whichever is later[8] |

---

[7] The Defendants believe that their proposed date for fact discovery cut-off is appropriate. However, should the Court decide otherwise, the Defendants request that their final invalidity contentions be due at least two weeks after the fact discovery cut-off.

[8] The Defendants tentatively propose a date for trial 220 days after the Court's claim construction ruling. However, the Defendants' lead trial counsel currently has trial set to begin on May 24, 2005, which may conflict with that date.

**CLAIM CONSTRUCTION HEARING**

**11. Hearing date:**

The parties propose that a Claim Construction Pre-hearing Conference be held on a date to be set by the Court prior to the Claim Construction Hearing.  Ricoh proposes that the Claim Construction Hearing be held before the Court in late September or early October 2004 (if the Court's schedule permits).[9]  The Defendants propose that the Claim Construction Hearing be held in early October 2004, but not before October 1, 2004.

**12. Tutorial:**

The parties believe that it would be helpful to present tutorial information about the technology underlying the case one week in advance of the Claim Construction Hearing.  Assuming that the tutorial and Claim Construction Hearing is combined with the *Ricoh v. Aeroflex* action, Ricoh submits that each side (Ricoh on the one hand, and Synopsys and the Defendants on the other hand) should have 90 minutes to present their tutorial.  Ricoh believes that the identify of each side's "tutor" and a summary of the tutor's expected presentations should be made 14 days in advance of the tutorial.

**13. Live Testimony:**

The Defendants believe that the total presentation (testimony and argument) will be approximately four (4) hours divided equally between Ricoh and the ASIC Defendants.  If the Claim Construction Hearing in this action is held jointly with the Claim Construction Hearing in *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ, the Defendants believe that the total presentation will be approximately six hours divided equally between Ricoh, on one side, and the ASIC defendants and Synopsys, on the other.

---

[9] The parties would appreciate it if the hearing was not scheduled on or adjacent to the Jewish High Holy Days (September 15-17, 23-24).  In addition, Ricoh's lead counsel is unavailable from October 7-11, 2004.

Ricoh believes that the Claim Construction Hearing should be consolidated with the hearing in *Ricoh v. Aeroflex* action, and that Ricoh should be allocated three hours, and Synopsys and the Defendants be allocated three hours.

All parties agree to reserve the right to use live testimony at the Claim Construction Hearing. Ricoh believes that the identify of the experts who may be called and a summary of their expected testimony should be made 14 days in advance of the Claim Construction Hearing.

### 14. Order of Presentation:

#### a.  Ricoh's Position.

As plaintiff and owner of the '432 patent, Ricoh should go first at the Claim Construction Hearing.  Ricoh is the first-to-file and the patentee.  Further, as this Court ruled on December 11, 2003, this case has not been subordinated by the customer-suit exception, and Ricoh has a separate interest in litigating this case.  Therefore Ricoh should be the first to present its claim construction.

#### b.  Defendants' Position.

Because the present case had been designated a "customer suit" and subordinated to Synopsys' declaratory judgment action, Synopsys and the Defendants should be permitted to present argument first at the Claim Construction Hearing.

### TRIAL

### 15. The parties request a trial date as follows:

#### a.  Ricoh's Position.

Ricoh has proposed that trial begin on May 2, 2005.  Since counsel for the Defendants has indicated that she has a trial scheduled to begin on May 24, 2005, which may conflict with the Defendants proposed trial date of June 20, 2005, the May 2 date would avoid that conflict.  In addition, Ricoh is willing to accelerate this schedule so this case is tried in April of 2005 to further accommodate counsel for the Defendants.

**b.  Defendants' Position.**

Approximately June 20, 2005, or 220 days after the Court's claim construction ruling whichever is later.  Again, the Defendants tentatively propose a trial date 220 days after the Court's claim construction ruling, but the Defendants' lead trial counsel currently has another trial set to begin on May 24, 2005, which may conflict with that date.

**16. The parties expect that the trial will last for the following number of days:**

**a.  Ricoh's Position.**

Ten days if not consolidated and twelve trial days if consolidated with the related Synopsys declaratory judgment action.  Ricoh will oppose bifurcation if and when such a motion is made; among other things, it will impose an unreasonable burden upon the jury.

**b.  Defendants' Position.**

Defendants believe that, if the present action is not stayed, the question of liability, including infringement and validity, should be tried first, jointly with Synopsys' declaratory judgment action. Defendants, therefore, believe that this trial could be completed in approximately ten to twelve days.  If infringement allegations against logic synthesis products beyond Design Compiler are introduced into the case, additional trial time will be required.  If liability is established, a separate trial can be scheduled to determine damages.  Defendants believe that such a trial would require approximately two weeks.

Dated:  April 26, 2004                              DICKSTEIN SHAPIRO MORIN & OSHINSKY


By:  Gary M. Hoffman
                                                             Gary M. Hoffman
                                                             Kenneth W. Brothers
                                                             Edward A. Meilman
                                                             Attorneys for Ricoh Company, Ltd.

1    Dated: April 26, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

2

3

4                                    By:    /s/ Erik K. Moller
                                            Teresa M. Corbin
5                                           Christopher Kelley
                                            Thomas C. Mavrakakis
6                                           Erik Moller
                                            Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **CASE MANAGEMENT ORDER**

3          The Case Management Statement and Proposed Order is hereby adopted by the Court as the

4    Case Management Order for the case and the parties are ordered to comply with this order.  In addition

5    the Court orders:

6

7

8

9

10

11

12

13

14   Dated:  _____                    _____

15                                                   HON. MARTIN J. JENKINS

16

17

18

19

20

21

22

23

24

25

26

27

28



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

RICOH COMPANY, LTD.                    )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        C.A. No.03-103-GMS
                                       )
AEROFLEX INCORPORATED, AMI             )
SEMICONDUCTOR, INC., MATROX            )
ELECTRONIC SYSTEMS LTD.,               )
MATROX GRAPHICS INC., MATROX           )
INTERNATIONAL CORP. and                )
MATROX TECH, INC.                      )
                                       )
        Defendants.                    )

**RECEIVED**

MAY 3 0 2003

**Robert W. Whetzel**

FILED

MAY 3 0 2003

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SCHEDULING ORDER

This **30**th day of _____May_____ 2003, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

May 30, 2003.

2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before July 30, 2003.

3.    **Reliance Upon Advice of Counsel.**  Defendants shall inform plaintiff whether

they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

     4.     ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The *Markman* hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

     5.     **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

     a.     **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.   **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.   **Settlement Conference.**  Pursuant to 28 U. S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.   **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

February 12, 2004.  Answering letter briefs shall be no longer than five (5) pages and filed with

the Court no later than February 27, 2004.  Reply letter briefs shall be no longer than three (3)

pages and filed with the Court on or before March 8, 2004.  The Court shall hold a status

conference to hear argument and to determine whether the filing of any motion will be permitted

on March 23, 2004 at 11:00 a.m.  **Unless the Court directs otherwise, no letter requests to file**

**a motion for summary judgment may be filed at a time before the dates set forth in**

**paragraph 8.**

       9.    **Case Dispositive Motions.**  Should the Court permit the filing of summary

judgment motions an opening brief and affidavits, if any, in support of the motion shall be served

and filed on or before April 2, 2004.  Parties must submit an original and two (2) copies. Briefing

will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative

briefing schedule.  Any such agreement shall be in writing and filed with the Court for approval.

       10.    **Applications by Motion.**  Except as provided in this Order or for matters relating

to scheduling, any application to the Court shall be by written -motion filed with the Clerk.

Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers.  Any non-dispositive motion should contain the statement required

by Local Rule 7.1.1.

       11.    **Oral Argument.**  If the Court believes that oral argument is necessary, the Court

will schedule a hearing Pursuant to Local Rule 7.1.4.

       12.    **Status/Daubert Conference.**  On or before June 30, 2004, the parties shall meet

and confer on any Daubert issues and motion in limine issues that any party wants to raise.  On or

before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise. The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13. **Pretrial Conference.** On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14. **Trial.** This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

UNITED STATES DISTRICT JUDGE

1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.
14
                    UNITED STATES DISTRICT COURT
15                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
16
17 ─────────────────────────────────
   RICOH COMPANY, LTD.,                        )
18                                             )
                    Plaintiff,                 )  **CASE NO. C-03-2289-MJJ (EMC)**
19                                             )  **CASE NO. C-03-4669-MJJ (EMC)**
         vs.                                   )
20                                             )  **DISCOVERY MATTER**
   AEROFLEX INCORPORATED, et al.,              )
21                                             )
                    Defendants                 )  **RICOH'S DISCOVERY PLAN SUBMITTED**
   ─────────────────────────────────          )  **PURSUANT TO COURT ORDER OF**
22 SYNOPSYS, INC.,                             )  **MARCH 25, 2004**
                                               )
23                  Plaintiff,                 )
                                               )  **Date:  None**
24       vs.                                   )  **Time:  None**
                                               )  **Courtroom:**
25 RICOH COMPANY, LTD.,                        )  **Judge:  Magistrate Judge Chen**
                                               )
26                  Defendant.                 )
   ─────────────────────────────────          )
27
28

1  Pursuant to Magistrate Judge Chen's Order of March 25, 2004, plaintiff and counter-

2  defendant Ricoh Company Ltd. ("Ricoh") hereby submits its discovery plan.  Although the parties have

3  been able to resolve many of their differences, at 12:54 pm today, counsel for defendants Aeroflex et al.

4  (the "ASIC defendants") and declaratory judgment plaintiff Synopsys ("Synopsys") advised counsel for

5  Ricoh that they would not agree to a joint submission, and refused to send the final version of their

6  proposed plan to Ricoh for review and comment.

7  During the March 24 hearing, the Court instructed the parties to

8        work out a schedule.  I know that there are some preliminary issues –
   sounds like with respect to scope and designees – but I would like you all

9        to work out, at least a schedule, for resolution or not.  If you cannot get it
   resolved by meet-and-confer, you can submit it to me.

10

11  3/24/2004 Tr. at 84.

12  In response to counsel's question of whether the plan should include "a framework for when

13  documents are going to be produced, and blocks of weeks, in which witnesses are going to be made

14  available for deposition, on certain topics," the Court said, "Yes, that is what I was thinking of."  (*Id.* at

15  85.)  The Court continued:

16        In 30 days, I would expect an agreed upon plan, of both resolution of any
   issues that are currently outstanding with respect to these depositions, and

17        the actual sort of discovery plan – at least by category if not by witnesses,
   et cetera – some benchmark in terms of time, so we can see how we are

18        doing.  *At that point, if you cannot resolve it, again in that letter, tell me
   what is at issue, briefly, and then maybe we can talk on the phone and see*

19        *what we need to do to facilitate that.*

20  (*Id.* at 87, emphasis added.)  Unfortunately, counsel for the ASIC defendants and Synopsys refused to

21  meet and confer with respect to many of the discovery "issues that are currently outstanding" or to

22  include in a joint discovery plan a list of the discovery issues where the parties are at an impasse.

23  Last year, Synopsys threatened Ricoh that, if Ricoh continued to press its patent claims

24  against the ASIC defendants, Synopsys would order its counsel (who also represent the ASIC

25  defendants) to fight on every issue and make the litigation as expensive as possible.  Synopsys

26  specifically stated that it would not produce evidence until ordered to do so by the Court.  It appears that

27  Synopsys is substantially following through on that threat.

28  In this submission, Ricoh attempts to set forth its understanding of the parties' agreements

1    and disagreements up to the point that the ASIC defendants and Synopsys broke off negotiations.  Ricoh

2    is prepared to participate in a telephone hearing with the Court at any time to address the issues where

3    the parties are at an impasse.

A.      **Production of Documents**

1.      **Production of documents by April 30**

6        The parties agree in principle that all non-privileged documents (other than e-mails) required

7    to be produced pursuant to Rule 26(a) or responsive to document requests should be produced by no

8    later than April 30, 2004.

9        There are no disputed issues with respect to the scope of Ricoh's document production.

10        The parties are an impasse, however, on the refusal of the ASIC defendants and Synopsys to

11    produce several categories of documents requested by Ricoh.[1]  These unresolved issues are the

12    exceptions that swallow the rule of the foregoing "agreement" that all documents be produced by April

13    30.  These documents generally fall into the following categories, each of which have been the subject

14    of numerous letters and meet and confer sessions:

15        (1) Documents in the possession of ASIC defendants Matrox Graphics and Matrox

16    Electronics relating to the design and manufacture of ASICs.  These defendants contend that they should

17    not be obligated to produce such documents unless and until the Court denies their Rule 12(c) motion

18    for judgment on the pleadings.  Ricoh contends that such stalling makes no sense because the actions of

19    those defendants are inextricably intertwined with the actions of their U.S. subsidiaries, and because the

20    Court has already granted Ricoh leave to file its amended complaint, so even if the motion is granted,

21    those defendants will not be dismissed and production of the documents will be necessary.  Moreover,

22    on April 22, 2004, Judge Jenkins denied the ASIC defendants' Rule 12(c) motion.  At a meet and confer

23    on April 23, however, counsel for the ASIC defendants refused to commit to withdraw this objection

---

[1] On March 2, 2004, counsel for the ASIC defendants committed to complete their document
production by April 2, 2004, with a limited exception of certain documents from AMI.  They did not
meet this deadline.  In addition, they have now changed their position as to what documents they were
committed to produce.  For instance, counsel for the ASIC defendants indicated in a letter dated March
19, 2004, that documents responsive to requests 11, 13 and 37 would be produced but now refuse such
production.

1  and produce the relevant and responsive documents that they are withholding.

2        (2) Synopsys and the ASIC defendants have limited the scope of their document production

3  to what they call "Design Compiler products."  Ricoh's preliminary infringement contentions

4  specifically name additional Synopsys software products that Ricoh contends the ASIC defendants

5  employ while those defendants practice the process described in the '432 patent.  Ricoh contends that

6  Synopsys and the ASIC defendants should provide discovery with respect to all of the products listed in

7  Ricoh's preliminary infringement contentions, but Synopsys and the ASIC defendants have refused.[2]

8        (3) The ASIC defendants have refused to provide documents with respect to any logic

9  synthesis methods or products other than the Synopsys Design Compiler products.  Ricoh contends that

10  it has placed at issue the ASIC defendants' infringement of the '432 patent, regardless of how they

11  actually conduct their infringement.

12        (4) The ASIC defendants have not sufficiently identified the ASICs they have actually

13  designed and manufactured using either Synopsys products or otherwise.  Although they contend that

14  they have identified 63 separate ASICs that allegedly were designed and manufactured with Synopsys'

15  Design Compiler products, they have not provided such a list to Ricoh.

16        (5) The ASIC defendants' objections to the discovery requests are unreasonable.  For

17  example, they object to the definitions of the terms "ASIC Design," "ASIC Product", and "ASIC

18  Method" as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the

19  discovery of admissible information, and incorporate the objection by reference into every response they

20  make.  However, counsel for all parties had agreed that the terms "ASIC Design," "ASIC Product", and

21  "ASIC Method" were limited to methods and products made by a process involving computer assisted

22  design with logic synthesis.  The ASIC defendants have said that their production of documents are

23  "subject to" these objections, without disclosing whether they are actually withholding documents based

24  upon these and other objections.

25        (6) The parties cannot agree on when discovery with respect to sales and damages should

26  _____

27
28  [2] Synopsys has made similar objections and limitations in its interrogatory responses.  Ricoh believes that the resolution of this issue as it relates to the document production should be equally applicable to the interrogatory responses.

commence. Judge Jenkins instructed the parties to focus first on claim construction issues. Ricoh has proposed that the defendants produce the requested sales and financial documents within 10 days of the completion of the claim construction hearing (which likely will be in September or October 2004). The ASIC defendants refused this request and also refused to identify an alternative date, instead favoring an indefinite postponement.

(7) Aeroflex has produced a number of CD's that Ricoh cannot read or access.

### 2.    Production of Synopsys' source code

The parties have agreed that some of Synopsys' source code will be produced on May 10, 2004. However, Synopsys has refused to produce the source code for all of the products listed in Ricoh's preliminary infringement contentions and alleged by Ricoh as being employed by the ASIC defendants in carrying out the infringing process.

### 3.    Production of documents pursuant to Rule 33(d)

The parties are at an impasse with respect to the ASIC defendants' production of documents pursuant to Fed. R. Civ. P. 33(d). On May 30, 2003, Ricoh served 10 interrogatories upon the ASIC defendants. In response, the ASIC defendants objected but often generally promised to produce documents pursuant to Rule 33(d). However, none of the ASIC defendants specifically identified those documents by either title or bates number, and Ricoh believes that in most instances no responsive documents have been produced.

### 4.    Production of emails

The parties agree that production of e-mails should be completed by no later than May 31, 2004. Ricoh notes that Synopsys and the ASIC defendants have imposed the same limitations on emails as identified in Section A(1), categories 1-5, above.

### 5.    Production of privilege logs

The parties are at an impasse with respect to the date for production of privilege logs. Ricoh proposes that privilege logs be exchanged by June 7, 2004, *e.g.,* within seven days of the completion of document production. Synopsys and the ASIC defendants propose that privilege logs be exchanged on May 7, 2004, before document production is completed.

1    The parties are also at an impasse with respect to Ricoh's proposal that communications

2    between Ricoh and its trial counsel not be logged.  Ricoh believes that there is no purpose in providing a

3    log of those communications, which relate both to Ricoh's pre-filing investigation as well as its

4    preparation and filing of the complaint. Synopsys and the ASIC defendants insist that all pre-filing

5    communications between Ricoh and its trial counsel be logged.

### 6.    Resolution of document discovery issues

7    The parties cannot agree on a schedule or a process for resolving their document discovery

8    disputes.  Ricoh proposes that, consistent with Magistrate Judge Chen's directives, the parties work

9    together, with the Court's assistance as appropriate, to resolve all objections with respect to documents

10   that the parties are seeking pursuant to the currently outstanding discovery requests, by no later than

11   May 15, 2004, and produce by June 7 all documents that have been the subject of objections but that

12   have not specifically been ordered by the Court not to be produced.  Synopsys and the ASIC defendants

13   declined to accept this process, but have not proposed an alternative.

### B.    Responses to Requests for Admission

15   Ricoh has responded to all outstanding requests for admissions, and Ricoh is not aware of

16   any outstanding issues with respect to its responses.  The parties are at an impasse, however, with

17   respect to the ASIC defendants' responses.  For example:

18   (1) The ASIC defendants have objected to and limited their responses to many of the

19   requests.  Some of the requests include objections over issues that that have been resolved.  For

20   example, requests 9-19 related to whether the defendants performs certain actions relating to chip

21   design.  The ASIC defendants have objected to the term "ASIC method as being incomprehensible…so

22   broad as to be meaningless" in the objections to these requests.  This objection is made even though the

23   parties had previously come to an understanding regarding certain terms, including the term "ASIC

24   method."

25   (2) The ASIC defendants have objected to Requests 9-19 as calling for a claim interpretation

26   and a question of law, when in fact it calls for a question of fact.  For example, Request No. 17 seeks an

27   admission of whether the "Defendant performs an ASIC Method that includes generating from a netlist

28   mask data required to produce an integrated circuit having a desired function."  No substantive

1    responses have been provided.

2          (3) Some of the Matrox defendants should amend their responses to Request No. 20, which

3    asks whether "The Court has personal jurisdiction over defendant." Matrox Tech has denied that the

4    court (at the time of the response, a Delaware District Court presided over this case) had personal

5    jurisdiction. However by their own admission, Matrox Tech is a company organized under the laws of

6    Delaware. All defendants acceded the personal jurisdiction of this Court as part of the desire to have

7    this case transferred from Delaware to California. Therefore, if true, the Matrox defendants should

8    supplement their response to Request 20.

9    **C.      Rule 30(b)(6) depositions**

10         **1.      Rule 30(b)(6) discovery of Ricoh**

11         There are no outstanding issues with respect to Ricoh's Rule 30(b)(6) witnesses. Ricoh has

12   responded to every Rule 30(b)(6) deposition notice from either Synopsys or the ASIC defendants. On

13   July 15, 2003, Ricoh produced a corporate witness in response to the ASIC defendants' Rule 30(b)(6)

14   notice. In response to another notice, additional corporate designees are to be deposed during the last

15   week of May 2004 in Japan.

16         **2.      Ricoh's Rule 30(b)(6) notices to the ASIC Defendants**

17         The parties are at an impasse with respect to scheduling and taking the corporate depositions

18   of the ASIC defendants pursuant to Ricoh's September 25, 2003 Rule 30(b)(6) notices. The ASIC

19   defendants have stated that they may produce twenty (20) or more different corporate designees in

20   response to Ricoh's long-pending Rule 30(b)(6) notices. Ricoh has requested that those depositions be

21   completed by September, so follow-up individual depositions may be completed in time for the expert

22   reports, which all parties have agreed should be exchanged in November and December 2004.

23         **a.   Option 1: Identify all witnesses by May 14, 2004**

24         During the hearing on March 24, this Court instructed the parties to identify actual deposition

25   dates "at least by category if not by witness." The burden is on the ASIC defendants to identify those

26   dates. Defendants have refused to do so.

27         In particular, on September 25, 2003, Ricoh served identical Rule 30(b)(6) notices upon each

28   of the ASIC defendants as parties in the *Ricoh v. Aeroflex* litigation. As of April 23, 2004, *none* of the

ASIC defendants have proffered *any* dates for *any* of the 30(b)(6) topics.[3]  Attached as Exhibit 1 is a list of the topics and the status on each topic.

Ricoh proposes that the ASIC defendants identify by May 14 the names of all corporate witnesses, and that the parties cooperate in scheduling the depositions of those witnesses starting in July, after the document production has been accomplished, with completion of the depositions in September. Requiring the ASIC defendants to identify witnesses, topics and deposition dates is consistent with this Court's instructions during the March 24 hearing and this Court's Standing Order, and is the most effective way to schedule and complete these corporate depositions.

> **b.    Option 2:  Identify nine witnesses by May 14, and the rest on a rolling basis.**

Alternatively, the parties discussed a process by which the ASIC defendants would identify a large number of their corporate designees in May, and provide additional deposition dates n a rolling basis.  On April 19 the ASIC defendants proposed in a draft discovery plan that "AMI and Aeroflex are to provide identification and proposed dates for a first set of approximately two to four witnesses a piece by May 14."  The Matrox defendants would identify its witnesses by May 31.  Counsel for the parties discussed this proposal in some detail at a meet and confer on April 21, but negotiations abruptly ceased when Ricoh proposed changing the "two to four witnesses" per party to the three witnesses per party. Ricoh pointed out that there was likely insufficient time to complete the depositions by September if only six corporate deposition days were identified at a time, as the second round of six would not be completed until August and the third not until October.

The ASIC defendants' proposal unreasonably limits the number of witnesses they will identify for corporate depositions at any given time.  Their proposal indicates that the identification of an the first few witnesses will be made, and only after the first set of deposition are underway will any additional witnesses (or deposition days of the same designees by proposed, which may not occur until 40 days later.  This pace is not sufficient, as the ASIC defendants have predicted that there will be more

---

[3]  On February 3, 2004, ASIC defendants Matrox Tech and Matrox International produced a corporate designee for deposition on topics limited to those parties' since-withdrawn motion for summary judgment, but that deposition was *not* on any of the topics in Ricoh's September 25, 2003 Rule 30(b)(6) deposition notices.

1  than 20 individuals deposed, some for multiple days. It must be remembered that these witnesses are

2  corporate designees, with provides the ASIC defendants with considerable latitude who to designate and

3  on what topics. There is no undue burden in requiring the ASIC defendants to identify their corporate

4  designees many months after the notices have been served.

5          If, however, the Court is prepared to entertain a variation of this proposal, following is

6  Ricoh's proposal. Ricoh understands that, with the exception of the initial number of witnesses, the

7  ASIC defendants and Synopsys do not object to the following process:

8          (1) For purposes of this scheduling, the ASIC defendants are divided into three groups:

9  AMI; Aeroflex and its subsidiary, Aeroflex Colorado Springs, Inc. (collectively "Aeroflex"); and

10  Matrox Graphics, Matrox Electronic Systems, Matrox International and Matrox Tech (collectively

11  "Matrox").

12          (2) By no later than May 14, AMI, Aeroflex and Matrox will each identify deponents and

13  topics for three deposition days each (e.g., a total of nine deposition dates). These initial deposition

14  dates shall be no more than 45 days in the future (e.g., by June 30), and initially shall be focused upon

15  threshold topics, such as corporate organization, identification and collection of documents, and

16  identification of persons with knowledge. The next topics shall relate to the infringement claims and

17  affirmative defenses. The final topics to be offered shall relate to the issues of marketing, sales and

18  damages.

19          (3) Within ten (10) days of the completion of a deposition day, the party who was being

20  deposed (e.g., AMI, Aeroflex or Matrox) shall identify another corporate designee, topic(s) and

21  deposition date no more than 30 days in the future (e.g., no later than a total of 40 days after the

22  completion of the prior deposition day).

23          (4) If the initial proposed deposition date is not acceptable, the parties shall work together in

24  good faith for an alternative date within the same time frame. The parties shall work together to

25  complete the ASIC defendant Rule 30(b)(6) depositions by September 2004.

26          (5) The parties will also work together to resolve or present before Magistrate Judge Chen

27  any disputes regarding the scope of these particular depositions so that they can be quickly and

28  efficiently resolved.

**D.    Fact Depositions**

In addition to taking Rule 30(b)(6) depositions, Synopsys and the ASIC defendants have already taken three other depositions (Dr. James Davis, Brian Bershader, and Dr. Tom Rhyne); have another deposition set on April 23, 2004 (of Mr. Yamada); and have four others in Japan during the last week of May 2004 (Dr. Kobayashi, Dr. Nakayama, Mr. Takada and Mr. Oka), some of whom are corporate designees of Ricoh.

Ricoh proposes that the parties cooperate in scheduling other fact depositions starting in July (after document production is completed) to the end of fact discovery at locations that are convenient for the witnesses and mutually agreeable to the parties.  Although Synopsys and the ASIC defendants have not requested any other depositions of Ricoh employees, to the extent that they are able to provide advance notice of at least 90 days, Ricoh will inquire whether it is possible to schedule the depositions in the United States and, if so, will reasonably cooperate in the scheduling of those deponents.

**E.    Total Deposition Time**

With respect to the number of hours for deposition, in Delaware, counsel for all of the parties agreed that each side would have 240 hours of deposition testimony from fact witnesses.  Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here, and there is no reason to deviate from this prior agreement of counsel. There is no question that additional deposition time needed. Since this agreement was established, the ASIC defendants have identified over thirty (30) people who have relevant factual information in their initial disclosure; another party has been added (Aeroflex Colorado Springs, Inc.); and the ASIC defendants have indicated that they may produce as many as twenty (20) corporate witnesses in response to Ricoh's Rule 30(b)(6) deposition notice to each defendant. Despite the additional party and many witnesses, Ricoh is willing to abide by the prior agreement of counsel.

1

2  Dated:  April 23, 2004                        Respectfully submitted,

3                                                Ricoh Company, Ltd.

4

5                                                By: <u>Kenneth W. Brothers</u>

6                                                Gary M. Hoffman
                                                 Kenneth W. Brothers
7                                                DICKSTEIN SHAPIRO MORIN &
                                                      OSHINSKY  LLP
8                                                2101 L Street NW
                                                 Washington, D.C.  20037-1526
9                                                Telephone: (202) 785-9700
                                                 Facsimile: (202) 887-0689
10

11                                               Edward A. Meilman
                                                 DICKSTEIN SHAPIRO MORIN &
12                                                    OSHINSKY  LLP
                                                 1177 Avenue of the Americas
13                                               New York, New York  10036
                                                 Telephone:  (212) 896-5471
14                                               Facsimile:  (212) 997-9880

15                                               Jeffrey B. Demain, State Bar No. 126715
16                                               Jonathan Weissglass, State Bar No. 185008
                                                 ALTSHULER, BERZON, NUSSBAUM,
17                                                    RUBIN & DEMAIN
                                                 177 Post Street, Suite 300
18                                               San Francisco, California  94108
                                                 Phone:  (415) 421-7151
19                                               Fax:  (415) 362-8064

20                                               Attorneys for Ricoh Company, Ltd.

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**30(b)(6) Deposition Notices to ASIC Defendants**

*Note:  On September 25, 2003, Ricoh served substantially identical deposition notices upon each of the ASIC defendants.  As of April 23, 2004, no witnesses have been offered for deposition, and only AMI and Aeroflex have responded to the notices.  This Exhibit identifies each topic and summarizes the responses of each ASIC defendant.  For the purposes of this review, Ricoh has not recited the objections by AMI or Aeroflex that impermissibly purport to limit the scope of the deposition notice.*

1.    The organizational structure of [defendant], including, but not limited to those groups, divisions, teams and other organizations having any involvement in [defendant]'s ASIC Method at any time, and the identity of all individuals who can testify about such organization.

| | |
|---|---|
| Status of Aeroflex: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

2.    The identification of any business entity that designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], any ASIC Product.

| | |
|---|---|
| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

3.    The identification of any business entity that uses the ASIC Method to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other

activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

4.   The identification of each individual (including their full name, address, telephone number, job title and description, and employer) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales or marketing of, or in the decision to design, develop, or manufacture any ASIC Products designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], and identification of the individual's activity concerning such involvement.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

5.   The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in performing an ASIC Method for any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant]; identification of the ASIC Products for which such ASIC Method was performed; and identification of the acts of each individual that contributed to performing the ASIC Method.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh |
|---|---|

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

6.   Any relationship, including, but not limited to, any contractual, business, or financial relationship, between Synopsys and [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

7.   Any product, including, but not limited to any software or ASIC Design System product, Synopsys sold, licensed, leased, lent, gave, or otherwise (directly or indirectly) provided to [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

8.   Any agreement or other arrangement granting rights in or otherwise concerning ASIC Design Systems and/or use thereof from Synopsys to [defendant] (or from [defendant] to Synopsys),

including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless agreements/covenants not to sue.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| --- | --- |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

9.  Any product designed or otherwise made by [defendant], using any ASIC Design System, including, but not limited to, products designed or made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| --- | --- |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

10. The identification of any ASIC Design System including, but not limited to, the manufacturer, product name, and version, used by [defendant] to design or otherwise make any product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| --- | --- |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |
|---|---|

11. The identification of any software library, cell library, and database used by [defendant] with any ASIC Design System, including, but not limited to, Design Compiler.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

12. The user interface to any ASIC Design System for designing, making or using ASIC Products, including, but not limited to, the user interface for designing, making or using products designed or made using Design Compiler (or any product that includes Design Compiler), and the forms and methods of user input used by or on behalf of [defendant] (whether such input is Verilog, VHDL, HDL, or any other form of input).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

13. The output or netlist (and use thereof) of ASIC Design Systems used by or on behalf of [defendant] to fabricate any product designed or otherwise made, using any ASIC Design System, including, but not limited to, the output or netlist used to fabricate any ASIC Products designed or otherwise made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh |

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

14. The identification of the steps or other activities making up the ASIC Method used to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity. Such steps or other activities include, but are not limited to, the use of ASIC Design Systems in: defining a library of available hardware cells; selecting hardware cells based on input specifications; and generating an output or netlist of hardware cells needed to achieve the intended function of an ASIC Product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

15. Any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to the identification for each ASIC Product, any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by [defendant] (whether or not known to third parties) in connection with that product, including whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, the date of termination thereof.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |

| Status of Matrix International: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

16. The use by [defendant] of Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS'), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by [defendant].

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

17. The cost savings (actual or potential) by [defendant] as a consequence of licensing or using Build Gates, Build Gates Extreme  (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS"), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

18. The marketing of any product designed, sold, or otherwise made by [defendant] using any ASIC Design System including, but not limited to, any Synopsys ASIC Design System.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

19. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in [defendant]'s marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for each [defendant] product.

| Status of Aeroflex: | Will not produce a witness. |
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

20. The cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

21. The annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by [defendant] of each of [defendant]'s ASIC Products.

| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

22. The annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by [defendant] of [defendant]'s ASIC Products, including how [defendant] defines each item of cost deducted from gross revenue to calculate gross and net profits.

| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |

23. The sales by [defendant] of each ASIC Product produced by an ASIC Method.

| Status of Aeroflex: | Will defer the production of a witness. |
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

24. All facts related to any infringement or non-infringement of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of AMI: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

25. All facts related to the validity or invalidity of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of AMI: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

26. All facts related to enforceability of the patent-in-suit, including but not limited to the applicability or non-applicability of the doctrines of laches and equitable estoppel.

| Status of Aeroflex: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of AMI: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |

| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

27. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in any discussions, communications, correspondence, or otherwise with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

28. Knowledge by [defendant] of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | Stated there is no such knowledge |

29. The identification of each individual from [defendant] (including their full name, address, telephone number, job title and description, and employer) who was aware of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | No response required based on their response to #28. |

30. Any discussions, communications, correspondence, or other contact with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix | Has not agreed to offer a witness. |

| International: | |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

31. Any communications within [defendant] concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

32. The identification of all documents concerning all materials presented to any of [defendant]'s personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

33. Any communications between [defendant] and any other defendant concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

34. Any communications between [defendant] and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |

| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

35. Any communications between [defendant] and any person or entity other that the other defendants and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

1   Teresa M. Corbin (SBN 132360)
    Christopher Kelley (SBN 166608)
2   Erik K. Moller (SBN 147674)
    HOWREY SIMON ARNOLD & WHITE, LLP
3   301 Ravenswood Avenue
    Menlo Park, California  94025
4   Telephone:  (650) 463-8100
    Facsimile:  (650) 463-8400
5
    Attorneys for Plaintiff SYNOPSYS, INC. and
6   Defendants AEROFLEX INCORPORATED, ET AL.

7

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  SYNOPSYS, INC.,                      )  Case No. C03-02289 MJJ (EMC)
                                         )
13           Plaintiff,                  )  Case No. CV 03-04669 MJJ (EMC)
                                         )
14      vs.                              )  DISCOVERY MATTER
                                         )
15  RICOH COMPANY, LTD.,                 )
             Defendant.                  )
16  _____ )
                                         )
17  RICOH COMPANY, LTD.,                 )  **SUBMISSION OF AEROFLEX, AMI,**
                                         )  **MATROX COMPANIES AND SYNOPSYS**
18           Plaintiffs,                 )  **TO MAGISTRATE JUDGE CHEN**
                                         )  **REGARDING A DISCOVERY PLAN**
19      v.                               )
                                         )
20  AEROFLEX INCORPORATED, AMI           )
    SEMICONDUCTOR, INC., MATROX          )
21  ELECTRONIC SYSTESM, LTD., MATROX     )
    GRAPHICS, INC., MATROX               )
22  INTERNATIONAL CORP., and MATROX      )
    TECH, INC.,                          )
23                                       )
                                         )
24           Defendants.                 )
    _____  )
25

26           Pursuant to instructions from Magistrate Judge Chen during a March 24 hearing, the parties

27  met and conferred on several occasions to try to find common ground on a schedule for discovery.

28  Certain agreements, outlined below, were reached.   The parties were, however, unable to agree on the

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to      1
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1   form of a joint submission to the Court.  Ricoh insisted, improperly in our view, on inserting

2   complaints about the scope of Defendants' document production efforts and responses to requests for

3   admission into what was supposed to be a joint submission concerning scheduling.

4        Despite the Defendants' repeated argument that the Court was seeking a plan that contained the

5   parties' *agreements* on discovery, Ricoh's proposed "Discovery Plan"[1] is largely a motion to compel

6   on a large number of discovery issues without a proper meet and confer process or briefing.  A review

7   of the transcript from the Court's March 24, 2004 hearing relevant to this matter shows that the Court

8   was in fact responding to the Ricoh's lengthy complaint regarding its Rule 30(b)(6) depositions only:

9
10        In 30 days, I would expect an agreed upon plan, of both resolution of any issues
          that are currently outstanding with respect to these depositions, and the actual sort
          of discovery plan - at least by category if not by witnesses, et cetera. - some
11        benchmark in terms of time, so we can see how we are doing.

12  Hearing Transcript from March 24, 2004, at 87:3-8.

13       This passage followed almost ten pages of discussion  regarding the scope of Synopsys' and the

14  Defendants' designation and production of Rule 30(b)(6) deponents.  The Court did not order the

15  parties to present what is in fact a motion to compel on the issues of document production,

16  interrogatories, or requests for admissions.

17       The discovery disputes raised by Ricoh in the draft submissions that it has shared with counsel

18  for Defendants raise disputed questions of fact about: i) what scope of discovery from Defendants is

19  proper, and ii) the extent of which Defendants and Synopsys have produced responsive and relevant

20  documents.  The parties have been contending over the first question since last summer, and indeed the

21  issues that Ricoh raises were originally presented in August of 2003 to Judge Sleet when this matter

22  was pending in Delaware.  The parties have argued at length in correspondence about what limits, if

23  any, the Delaware Court placed on discovery, and what bounds are appropriate for discovery.  The

24  factual allegations raised by Ricoh in its draft submission are conclusory and provably false.  Because

25  _____

26  [1] Defendants and Synopsys have seen draft versions of Ricoh's proposed submission, and base these
27  comments on that draft.  We are, of course, unable to predict the form of the document that Ricoh will
    ultimately submit

28

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          2
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1  of the sweeping nature of the allegations made by Ricoh and the complicated procedural history,

2  Defendants intend to present substantial documentary evidence to rebut Ricoh's allegations.  This

3  matter is, therefore, not suited for resolution in a telephonic conference and Defendants' request that

4  the Magistrate Judge set Ricoh's motion for full briefing and an in-person hearing.

5        Regarding scheduling of discovery, the parties were able to agree on the following:

6        (1)     The parties agreed on an April 30, 2004 date for completion of document

7  production, save for production of e-mails.

8        (2)     The parties agreed on the following mechanical procedure for setting

9  depositions.  Defendants and Synopsys will designate witnesses and provide proposed dates for

10  deposition on a rolling basis.  At any given time, Defendants and Synopsys will make have set

11  dates for some number "N" different witnesses.  Within 10 days of completion of a deposition,

12  Defendants and Synopsys will identify proposed dates for an at least one subsequent witness.

13  The dates offered must fall within 40 days of the date of the previously completed deposition.

14        The parties will work cooperatively to stage deposition discovery in the order requested

15  by Ricoh, to the extent possible.

16        (3)     The parties agreed that Defendants and Synopsys will attempt to provide

17  advance notification of the depositions of Ricoh personnel that it wishes to conduct and Ricoh

18  will attempt to schedule those depositions within the United States.

19        (4)     Defendants and Synopsys agreed to identify a first set of "N" deposition dates

20  by May 15.

21  With respect to the scheduling of discovery, the following points of disagreement remained:

22        (a)     With regard to paragraph 2, above, Ricoh contended that an appropriate number

23  for "N" was 9.  Defendants and Synopsys contend that this number should be 6.

24        (b)     Defendants and Synopsys believe that the privilege logs should be completed

25  by May 7.  We do not expect that the Defendants e-mail production is likely to include any

26  privileged communications, but should that be incorrect, we will supplement.  We do not

27  believe that preparation of Ricoh's privilege log should be fixed to the date for completion of

28

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          3
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1    production of any e-mail from the Defendants.  Ricoh proposed that the party's exchange

2    privilege logs on a common date, set after production of the Defendants' e-mail.

3         (c)    The parties disagreed about a suitable date for completion of production of any

4    relevant and responsive e-mail from Defendants.  Defendants and Synopsys proposed May 31.

5    Ricoh proposed May 15 (in effect May 17, given the Calendar).

6    Dated:  April 23, 2003                    Respectfully submitted,

7                                              HOWREY SIMON ARNOLD & WHITE, LLP

8

9                                        By:   /s/   Christopher L. Kelley
10                                             Attorneys for Plaintiff SYNOPSYS, INC.
                                              and Defendants AEROFLEX
11                                             INCORPORATED, ET AL.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

4

D I C K S T E I N   S H A P I R O   M O R I N   *&*   O S H I N S K Y   L L P

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2228*
*E-Mail Address: HoffmanG@dsmo.com*

March 7, 2003

**BY CERTIFIED MAIL-**
**RETURN RECEIPT REQUESTED**

Mr. Wilson Tzang
President
Faraday Technology Corporation
490 De Guigne Drive
Sunnyvale CA  94085

                                                         **CONFIDENTIAL TREATMENT**
                                                         **REQUESTED**

Dear Mr. Tzang:

        We are writing to you on behalf of Ricoh Company Ltd. because we are aware that your company is involved with the design of custom ICs that include application specific designed circuitry.  We understand that in designing these circuits, you use a computer-aided design system obtained from Synopsys, including Design Compiler.

        As you may know, Ricoh owns two of the basic patents directed to computer-aided design processes.  These are U.S. Patent Nos. 4,922,432 and 5,197,016.  They cover significant advances in computer-aided design processes for designing custom designed ICs for specific applications directly from architecture independent functional specifications for the integrated circuit.  We are enclosing copies of these patents for your information.

        While Ricoh is currently enforcing these patents in a lawsuit it recently filed in the U.S. District Court for the District of Delaware, Ricoh remains willing to license the patents.  In fact, Ricoh has already granted non-exclusive licenses under these patents.  Ricoh also would be willing to provide your company with a non-exclusive license.  For your information, there are counterpart patents and applications in a number of countries outside the United States.

        Because Ricoh is at an early stage in its licensing activities, at the current time, Ricoh is prepared to grant a non-exclusive license on favorable terms.  However, we trust you will recognize that such favorable terms will cease to exist as time progresses.

        If you are of the opinion that you do not need or want a license from Ricoh, it would be helpful if you would give us some insight into your reasons.  We request your response within 60 days from the date of this letter.

                                Very truly yours,

                                Gary M. Hoffman

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

1580776 v1; XVQG01!.DOC