Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX, INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>  Plaintiff,<br><br>  vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>  Defendants.<br><br>SYNOPSYS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICOH COMPANY, LTD.,<br><br>  Defendant. | Case No. C-03-4669 MJJ (EMC)<br>Case No. C-03-2289 MJJ (EMC)<br><br>**DISCOVERY MATTER**<br><br>**JOINT SUBMISSION IDENTIFYING TIME-SENSITIVE DISPUTES REGARDING SCOPE OF DISCOVERY AND UPCOMING DEPOSITIONS IN JAPAN** |

The parties seek direction from the Magistrate Judge on the following questions:

(1)   What discovery, if any, regarding invalidity and infringement issues can be conducted within the limitations identified by Judge Jenkins at the Case Management Conference held on May 5, 2004?

(2)   Whether depositions set for May 24-28 at the U.S. Embassy in Tokyo, Japan, of Dr. Hideaki Kobayashi (a named inventor on the '432 and '016 patents) and Mr. Haruo Nakayama (a named inventor on the '016 patent) should proceed on all topics for which these individuals may have personal knowledge.

**Issue 1: Proper Scope of Discovery Prior to Issuance of Claim Construction Order**

Position of Synopsys & Customer Defendants

At the May 5 Case Management Conference, Judge Jenkins stated that discovery prior to the October 29, 2004 Claim Construction hearing was to be limited to discovery on "claims construction" matters, and that he would convey this to the Magistrate Judge. Synopsys and the customer defendants contend, therefore, that discovery prior to the Court's ruling on claim construction is limited to the materials identified in Patent Local Rules 3-2 and 3-4 and other evidence, from the inventors or from other individuals, pertaining either to the nature of the invention or the customary understanding and usage of technical terms at the time of the filing of the '432 and '016 patents. Broad discovery pertaining to either of infringement or invalidity positions is precluded.

Position of Ricoh

During the May 4, 2004 case management conference before Judge Jenkins, the Court instructed the parties that, until the claim construction process was completed, discovery should be limited to claim construction issues. Prior to that time, Ricoh had produced a wide range of documents and several deponents on additional issues. Recently, Synopsys and the ASIC defendants had started to produce documents, had agreed to complete production of documents by April 30, 2004 (subject to numerous objections), and had promised to start scheduling depositions on infringement issues, including Rule 30(b)(6) depositions noticed over 8 months ago.

The parties are now at an impasse with respect to the appropriate scope of discovery. Ricoh

1

believes that the Patent local rules expressly contemplate that discovery during and as part of the claim construction process appropriately includes the issues raised by Ricoh's preliminary infringement contentions, as well as the invalidity issues in the preliminary invalidity contentions of Synopsys and the ASIC defendants.  For instance, Pat. L.R. 3-1 requires preliminary infringement contentions while Pat. L.R. 3-6 permits correction in light of the Court's claim construction ruling within 30 days of that ruling.  It is difficult to see how any patentee can correct infringement contentions if it has been denied all discovery about infringement.  The parties have agreed that infringement discovery in this case will take several months to complete and it, therefore, will be impossible for Ricoh to submit any desired corrections within a 30-day time period.

Synopsys and the ASIC defendants are now taking the position that Ricoh is not entitled to any merits discovery until December 2004, when the Court is expected to issue its ruling on claim construction.  Ricoh believes that stopping all merits discovery for the rest of the year is inconsistent with Judge Jenkins' instructions, the Patent Local Rules, and the party's prior agreements.

However, Ricoh recognizes and agrees that many other topics of discovery should be postponed under the Court's order, such as for example, matters relating to damages, willful infringement, latches, estoppel, conception and reduction to practice of the patented invention, and commercial success.

**Issue 2: <u>Depositions in Japan</u>**

<u>Position of Synopsys & Customer Defendants</u>

Prior to the Case Management Conference, Ricoh had agreed to produce Messrs Kobayashi, Nakayama, Oka and Takada for deposition during the week of May 24, 2004.  Synopsys and the customer defendants are willing to put off the depositions of Oka and Takada until after claim construction.  However, even under a limited view as to what discovery should proceed before claim construction, the depositions of Dr. Kobayashi and Mr. Nakayama should proceed as scheduled.  Because Messrs. Kobayashi and Nakayama are named inventors, their testimony is relevant to factual questions such as the nature of the underlying technology and the usage of disputed technical terms. *See Voice Technologies Group, Inc. v. VMC Systems, Inc.*, 164 F.3d. 605, 615 (Fed. Cir. 1999) ("An

2

inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems.").

Even if the testimony Dr. Kobayashi was not relevant to claim construction, Synopsys and the customer defendants would still ask that it proceed as scheduled, given that Dr. Kobayashi will not travel to the United States for deposition. Scheduling depositions in Japan requires many months of advance notice. At present, the deposition room at the U.S. Embassy in Tokyo is reserved up through February of 2005.[1] If the scheduled depositions do not proceed, Synopsys and its customers will, in all likelihood, be precluded from taking discovery of Dr. Kobayashi until 2005. Furthermore, Synopsys and the customer defendants have already incurred significant expenses in scheduling this deposition: including advance fees paid for the services of a translator and non-refundable deposits paid to reserve the deposition room.

Position of Ricoh

Although Synopsys and the ASIC defendants contend that "broad discovery pertaining to either of infringement or invalidity positions is precluded," they simultaneously insist that they are entitled to proceed with full-fledged merits depositions of Ricoh's witnesses and a third party. The depositions of Messrs. Kobayashi (a third party)(for 2 days), Nakayama (1 day), Oka (1 day) and Takada (1 day) are scheduled for May 24-28 in Japan. Messrs. Oka and Takada are Ricoh Rule 30(b)(6) designees on topics that Synopsys and the ASIC defendants concede do not relate to claim construction. Synopsys and the ASIC defendants have now indicated that they will postpone the depositions of Messrs. Oka and Takada.

Messrs. Kobayashi and Nakayama are among the named inventors of the '432 and '016 patents. Synopsys and the ASIC defendants have conceded that the only basis for seeking these depositions is to elicit the views of the inventors' on the claim terms. However, with respect to the

---

[1] Available dates are given on the Embassy's website. Technically, there are a handful of unworkable dates available before next February. The website notes that Dec. 20 – 31 2004 are available as are January 3 – 5, 2005.

3

issue of claim construction, the Federal Circuit has repeatedly held that "an inventor is not competent to construe patent claims. . . . [I]nventor testimony, obtained in the context of litigation, should not be used to invalidate claims." *Solomon v. Kimberly Clark Corp.*, 216 F.3d 1372, 55 U.S.P.Q.2d 1279, 1283-84 (Fed Cir. 2000). *Accord Vitronics Corp. v. Conceptronic Inc.,* 90 F.3d 1576, 39 U.S.P.Q.2d 1573, 1577 (reversing trial court's reliance upon inventor testimony to construe claim); *Markman v. Westview Instruments, Inc.,* 52 F. 3d 967, 34 U.S.P.Q.2d 1321, 1334 (Fed. Cir. 1995)(en banc) ("The subjective intent of the inventor when he used a particular term is of little or no probative weight in determining the scope of a claim"). In *Voice Technologies Group, Inc. v. VMC Systems, Inc.*, 164 F.3d. 605, 615 (Fed. Cir. 1999) cited by Synopsys, the patent owner submitted a declaration from the inventor refuting the claim analysis presented by the accused infringer's expert; here Ricoh is not relying on any declaration or testimony of any of the inventors. Although these depositions will not adduce any information relevant to claims construction, Synopsys and the ASIC defendants insist that they be allowed to proceed, not only on the purported claim construction issues, but on the irrelevant issues of conception and reduction to practice and all other issues that have nothing to do with claim construction.

Synopsys and the ASIC defendants argue that the Japan depositions should proceed because of the long lead time required to arrange Embassy space. There are multiple locations in Japan where depositions may be taken; the fact that one location is not available until early 2005 does not mean the other locations are unavailable. Even if the Tokyo Embassy was the only acceptable location, as Synopsys and the ASIC defendants admit, there is no impediment to now scheduling depositions in Japan early next year,[2] and the parties will likely be taking additional depositions in Japan in any event. Ricoh believes that it is manifestly inappropriate for Synopsys and the ASIC defendants to engage in discovery beyond the scope of Judge Jenkins' instructions, while simultaneously refusing to permit Ricoh to take discovery of the issues identified in Ricoh's preliminary infringement contentions, which is relevant to claim construction under the Local Rules. Ricoh also believes that if good grounds for ignoring Judge Jenkins' directions and proceeding with unlimited discovery in Japan ever existed, then

---

[2] Judge Jenkins has indicated that trial in this action likely would not be until around July 2005.

4

1  Synopsys and the ASIC defendants should have raised that with Judge Jenkins at the time he issued that
2  direction with counsel for all parties present.

**CONCLUSION**

Because the date for the depositions is fast approaching, the parties respectfully request immediate consideration from the Court regarding this issue and request that a telephone conference be held this week.

Dated:  May 11, 2004                    Respectfully submitted,

                                        HOWREY SIMON ARNOLD & WHITE,
                                        LLP


                                        By: _____/s/ Christopher L. Kelley
                                            Christopher Kelley (SBN 166608)
                                            Attorneys for Plaintiff SYNOPSYS, INC.
                                            and for Defendants AEROFLEX
                                            INCORPORATED, et al.



                                        DICKSTEIN SHAPIRO MORIN &
                                            OSHINSKY LLP


                                        By: _____/s/ Gary M. Hoffman
                                            Gary M. Hoffman, admitted *pro hac vice*
                                            Attorneys for Plaintiff and Defendant
                                            RICOH COMPANY, LTD

5

Joint Submission Identifying Time-Sensitive Disputes Regarding
Scope of Discovery and Upcoming Depositions in Japan
Case Nos. 03-4669 MJJ (EMC) and 03-2289 MJJ (EMC)