Gary M. Hoffman (Pro Hac Vice)
Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, ET AL. <br><br> Defendants | Case No.: C-03-4669-MJJ (EMC) <br><br> **RICOH'S REPLY TO ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Reply to the Answer and Counterclaims of Defendant AMI Semiconductor, Inc. To Amended Complaint For Patent Infringement (hereinafter "Answer and Counterclaim of AMI"), alleges as follows:

1.  Paragraphs 1-66 of the Answer and Counterclaim of AMI do not require a response, nevertheless and to the extent necessary, Plaintiff Ricoh asserts all defenses and affirmation defenses available to it, including but not limited to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

2.  Plaintiff Ricoh admits the allegations of paragraph 67 of the Answer and Counterclaim of AMI.

3.  Plaintiff Ricoh admits the allegations of paragraph 68 of the Answer and Counterclaim of AMI.

4.  With respect to paragraph 69 of the Answer and Counterclaim of AMI, Ricoh admits there is a justicable controversy insofar as the counterclaims relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy to the extent any of the counterclaims relate to any of the other claims of the '432 Patent and further states that the Court lacks jurisdiction with respect to such counterclaims.

5.  Plaintiff Ricoh admits this Court has personal jurisdiction over Ricoh and otherwise denies the allegations of paragraph 70 of the Answer and Counterclaim of AMI.

6.  Plaintiff Ricoh admits venue is proper in this district and otherwise denies the allegations of paragraph 71 of the Answer and Counterclaim of AMI.

7.  Plaintiff Ricoh admits the allegations of paragraph 72 of the Answer and Counterclaim of AMI insofar as they relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy as to any of the other claims of the '432 Patent and the Court therefore lacks jurisdiction with respect to such other claims.

8.  In response to paragraph 73 of the Answer and Counterclaim of AMI, Plaintiff Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of AMI as if fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer and Counterclaim of AMI; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of AMI but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

9. Plaintiff Ricoh admits the allegations of paragraph 74 of the Answer and Counterclaim of AMI, but alleges that it is the owner of the '432 Patent.

10. Plaintiff Ricoh admits the allegations of paragraph 75 of the Answer and Counterclaim of AMI.

11. Plaintiff Ricoh denies the allegations of paragraph 76 of the Answer and Counterclaim of AMI.

12. Paragraph 77 of the Answer and Counterclaim of AMI is not a proper allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 77 of the Answer and Counterclaim of AMI.

13. In response to paragraph 78 of the Answer and Counterclaim of AMI, Plaintiff Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of AMI as if fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer and Counterclaim of AMI; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of AMI but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

14. Plaintiff Ricoh denies the allegations of paragraph 79 of the Answer and Counterclaim of AMI.

15. Paragraph 80 of the Answer and Counterclaim of AMI is not a proper allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 80 of the Answer and Counterclaim of AMI.

16. Paragraph 81 of the Answer and Counterclaim of AMI is not a proper allegation and is not permitted under the Federal Rules of Civil Procedure and therefore does not require a response; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 81 of the Answer and Counterclaim of AMI.

**PRAYER FOR RELIEF**

WHEREFORE, Ricoh prays for entry of judgment:

that AMI has infringed the '432 Patent;

1    that AMI, its agents, employees, representatives, successors, and assigns and those acting, or
2 purporting to act, in privity or in concert with AMI, be preliminarily and permanently enjoined from
3 further infringement of the '432 Patent;
4    that AMI account for and pay to Ricoh all damages under 35 U.S.C. § 284, including
5 enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35
6 U.S.C. § 285;
7    that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by
8 reason of AMI's infringement of the '432 Patent;
9    that AMI's Counterclaim be dismissed with prejudice;
10    that costs be awarded to Ricoh; and

1    that Ricoh be granted such other and further relief as the Court may deem just and proper
2 under the current circumstances.

4 Dated:  May 17, 2004

Respectfully submitted,
Ricoh Company, Ltd.

By: <u>/s/ Kenneth Brothers</u>

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
    RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880

Attorneys for Ricoh Company, Ltd.