Gary M. Hoffman (Pro Hac Vice)
Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, ET AL., <br><br> Defendants | Case No.:  C-03-4669-MJJ (EMC) <br><br> **RICOH'S REPLY TO ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX ELECTRONIC SYSTEMS LTD. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Reply to the Answer and Counterclaims of Defendant Matrox Electronic Systems Ltd. To Amended Complaint For Patent Infringement (hereinafter "Answer and Counterclaim of Matrox"), alleges as follows:

1.      Paragraphs 1-66 of the Answer and Counterclaim of Matrox do not require a response, nevertheless and to the extent necessary, Plaintiff Ricoh asserts all defenses and affirmation defenses available to it, including but not limited to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

2.      Plaintiff Ricoh admits the allegations of paragraph 67 of the Answer and Counterclaim of Matrox.

3.      Plaintiff Ricoh admits the allegations of paragraph 68 of the Answer and Counterclaim of Matrox.

4.      With respect to paragraph 69 of the Answer and Counterclaim of Matrox, Ricoh admits there is a justicable controversy insofar as the counterclaims relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy to the extent any of the counterclaims relate to any of the other claims of the '432 Patent and further states that the Court lacks jurisdiction with respect to such counterclaims.

5.      Plaintiff Ricoh admits this Court has personal jurisdiction over Ricoh and otherwise denies the allegations of paragraph 70 of the Answer and Counterclaim of Matrox.

6.      Plaintiff Ricoh admits venue is proper in this district and otherwise denies the allegations of paragraph 71 of the Answer and Counterclaim of Matrox.

7.      Plaintiff Ricoh admits the allegations of paragraph 72 of the Answer and Counterclaim of Matrox insofar as they relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy as to any of the other claims of the '432 Patent and the Court therefore lacks jurisdiction with respect to such other claims.

8.      In response to paragraph 73 of the Answer and Counterclaim of Matrox, Plaintiff Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of Matrox as if fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer and Counterclaim of Matrox; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of Matrox but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as

1  appropriate, as to any statements therein.

2      9.    Plaintiff Ricoh admits the allegations of paragraph 74 of the Answer and
3  Counterclaim of Matrox, but alleges that it is the owner of the '432 Patent.

4      10.    Plaintiff Ricoh admits the allegations of paragraph 75 of the Answer and
5  Counterclaim of Matrox.

6      11.    Plaintiff Ricoh denies the allegations of paragraph 76 of the Answer and
7  Counterclaim of Matrox.

8      12.    Paragraph 77 of the Answer and Counterclaim of Matrox is not a proper allegation
9  but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the
10 allegations of paragraph 77 of the Answer and Counterclaim of Matrox.

11     13.    In response to paragraph 78 of the Answer and Counterclaim of Matrox, Plaintiff
12 Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of Matrox as if
13 fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer and Counterclaim of
14 Matrox; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and
15 Counterclaim of Matrox but nevertheless and to the extent necessary, admits or denies or denies
16 information and belief sufficient to form a belief, as appropriate, as to any statements therein.

17     14.    Plaintiff Ricoh denies the allegations of paragraph 79 of the Answer and
18 Counterclaim of Matrox.

19     15.    Paragraph 80 of the Answer and Counterclaim of Matrox is not a proper allegation
20 but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the
21 allegations of paragraph 80 of the Answer and Counterclaim of Matrox.

22     16.    Paragraph 81 of the Answer and Counterclaim of Matrox is not a proper allegation
23 and is not permitted under the Federal Rules of Civil Procedure and therefore does not require a
24 response; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of
25 paragraph 81 of the Answer and Counterclaim of Matrox.

# PRAYER FOR RELIEF

WHEREFORE, Ricoh prays for entry of judgment:

that Matrox has infringed the '432 Patent;

that Matrox, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

that Matrox account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox's infringement of the '432 Patent;

that Matrox's Counterclaim be dismissed with prejudice;

that costs be awarded to Ricoh; and

1    that Ricoh be granted such other and further relief as the Court may deem just and proper
2 under the current circumstances.

3

4 Dated: May 17, 2004                    Respectfully submitted,
                                         Ricoh Company, Ltd.
5

6                                        By: /s/ Kenneth Brothers

7                                        Jeffrey B. Demain, State Bar No. 126715
8                                        Jonathan Weissglass, State Bar No. 185008
                                         ALTSHULER, BERZON, NUSSBAUM,
9                                            RUBIN & DEMAIN
                                         177 Post Street, Suite 300
10                                       San Francisco, California  94108
                                         Phone:  (415) 421-7151
11                                       Fax:  (415) 362-8064

12
                                         Gary M. Hoffman
13                                       Kenneth W. Brothers
                                         DICKSTEIN SHAPIRO MORIN &
14                                           OSHINSKY  LLP
                                         2101 L Street NW
15                                       Washington, D.C.  20037-1526
                                         Telephone: (202) 785-9700
16                                       Facsimile: (202) 887-0689

17
                                         Edward A. Meilman
18                                       DICKSTEIN SHAPIRO MORIN &
                                             OSHINSKY  LLP
19                                       1177 Avenue of the Americas
20                                       New York, New York  10036
                                         Telephone:  (212) 896-5471
21                                       Facsimile:  (212) 997-9880

22
                                         Attorneys for Ricoh Company, Ltd.
23

24

25

26

27

28