1  Gary M. Hoffman (Pro Hac Vice)
   Kenneth W. Brothers (Pro Hac Vice)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5

6  Edward A. Meilman (Pro Hac Vice)
   DICKSTEIN SHAPIRO MORIN
7    & OSHINSKY, LLP
   1177 Avenue of the Americas
8  New York, New York  10036-2714
   Phone (212) 835-1400
9  Fax (212) 997-9880

10 Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
11 ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
   177 Post Street, Suite 300
12 San Francisco, California  94108
   Phone  (415) 421-7151
13 Fax (415) 362-8064

14
   Attorneys for Ricoh Company, Ltd.
15

16              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
17                SAN FRANCISCO DIVISION

18

19 RICOH COMPANY LTD.,                 )
                                       )  Case No.:  C-03-4669-MJJ (EMC)
20           Plaintiff,                )
                                       )
21     vs.                             )  **RICOH'S REPLY TO ANSWER AND**
                                       )  **COUNTERCLAIMS OF DEFENDANT**
22 AEROFLEX INCORPORATED, ET AL.       )  **MATROX TECH, INC. TO AMENDED**
                                       )  **COMPLAINT FOR PATENT**
23           Defendants                )  **INFRINGEMENT**
                                       )
24

25     Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Reply to the Answer and Counterclaims

26 of Defendant Matrox Tech, Inc. To Amended Complaint For Patent Infringement (hereinafter

27 "Answer and Counterclaim of Matrox Tech"), alleges as follows:

28

1.      Paragraphs 1-66 of the Answer and Counterclaim of Matrox Tech do not require a response; nevertheless and to the extent necessary, Plaintiff Ricoh asserts all defenses and affirmation defenses available to it, including but not limited to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

2.      Plaintiff Ricoh admits the allegations of paragraph 67 of the Answer and Counterclaim of Matrox Tech.

3.      Plaintiff Ricoh admits the allegations of paragraph 68 of the Answer and Counterclaim of Matrox Tech.

4.      With respect to paragraph 69 of the Answer and Counterclaim of Matrox Tech, Ricoh admits there is a justicable controversy insofar as the counterclaims relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy to the extent any of the counterclaims relate to any of the other claims of the '432 Patent and further states that the Court lacks jurisdiction with respect to such counterclaims.

5.      Plaintiff Ricoh admits this Court has personal jurisdiction over Ricoh and otherwise denies the allegations of paragraph 70 of the Answer and Counterclaim of Matrox Tech.

6.      Plaintiff Ricoh admits venue is proper in this district  and otherwise denies the allegations of paragraph 71 of the Answer and Counterclaim of Matrox Tech.

7.      Plaintiff Ricoh admits the allegations of paragraph 72 of the Answer and Counterclaim of Matrox Tech insofar as they relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy as to any of the other claims of the '432 Patent and the Court therefore lacks jurisdiction with respect to such other claims.

8.      In response to paragraph 73 of the Answer and Counterclaim of Matrox Tech, Plaintiff Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of Matrox Tech as if fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer and Counterclaim of Matrox Tech; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of Matrox Tech but nevertheless and to the

1  extent necessary, admits or denies or denies information and belief sufficient to form a belief, as
2  appropriate, as to any statements therein.

3      9.     Plaintiff Ricoh admits the allegations of paragraph 74 of the Answer and
4  Counterclaim of Matrox Tech, but alleges that it is the owner of the '432 Patent.

5      10.     Plaintiff Ricoh admits the allegations of paragraph 75 of the Answer and
6  Counterclaim of Matrox Tech.

7      11.     Plaintiff Ricoh denies the allegations of paragraph 76 of the Answer and
8  Counterclaim of Matrox Tech.

9      12.     Paragraph 77 of the Answer and Counterclaim of Matrox Tech is not a proper
10  allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff
11  Ricoh denies the allegations of paragraph 77 of the Answer and Counterclaim of Matrox Tech.

12      13.     In response to paragraph 78 of the Answer and Counterclaim of Matrox Tech,
13  Plaintiff Ricoh incorporates its responses to paragraph 67-71 of the Answer and Counterclaim of
14  Matrox Tech as if fully set forth herein, denies the allegations in paragraphs 58-66 of the Answer
15  and Counterclaim of Matrox Tech; and notes there are no allegations requiring response in
16  paragraph 1-57 of the Answer and Counterclaim of Matrox Tech but nevertheless and to the
17  extent necessary, admits or denies or denies information and belief sufficient to form a belief, as
18  appropriate, as to any statements therein.

19      14.     Plaintiff Ricoh denies the allegations of paragraph 79 of the Answer and
20  Counterclaim of Matrox Tech.

21      15.     Paragraph 80 of the Answer and Counterclaim of Matrox Tech is not a proper
22  allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff
23  Ricoh denies the allegations of paragraph 80 of the Answer and Counterclaim of Matrox Tech.

24      16.     Paragraph 81 of the Answer and Counterclaim of Matrox Tech is not a proper
25  allegation and is not permitted under the Federal Rules of Civil Procedure and therefore does not
26  require a response; nevertheless and to the extent necessary, plaintiff Ricoh denies the
27  allegations of paragraph 81 of the Answer and Counterclaim of Matrox Tech.

28

**PRAYER FOR RELIEF**

WHEREFORE, Ricoh prays for entry of judgment:

that Matrox Tech has infringed the '432 Patent;

that Matrox Tech, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Matrox Tech, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

that Matrox Tech account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Matrox Tech's infringement of the '432 Patent;

that Matrox Tech's Counterclaim be dismissed with prejudice;

that costs be awarded to Ricoh; and

1    that Ricoh be granted such other and further relief as the Court may deem just and proper
2 under the current circumstances.

4 Dated: May 17, 2004                    Respectfully submitted,
                                         Ricoh Company, Ltd.

                                         By: /s/ Kenneth Brothers

                                         Jeffrey B. Demain, State Bar No. 126715
                                         Jonathan Weissglass, State Bar No. 185008
                                         ALTSHULER, BERZON, NUSSBAUM,
                                            RUBIN & DEMAIN
                                         177 Post Street, Suite 300
                                         San Francisco, California 94108
                                         Phone: (415) 421-7151
                                         Fax: (415) 362-8064

                                         Gary M. Hoffman
                                         Kenneth W. Brothers
                                         DICKSTEIN SHAPIRO MORIN &
                                            OSHINSKY LLP
                                         2101 L Street NW
                                         Washington, D.C. 20037-1526
                                         Telephone: (202) 785-9700
                                         Facsimile: (202) 887-0689

                                         Edward A. Meilman
                                         DICKSTEIN SHAPIRO MORIN &
                                            OSHINSKY LLP
                                         1177 Avenue of the Americas
                                         New York, New York 10036
                                         Telephone: (212) 896-5471
                                         Facsimile: (212) 997-9880

                                         Attorneys for Ricoh Company, Ltd.