UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH CO., LTD., | No. C-03-4669 MJJ (EMC) |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANTS' MOTION TO STRIKE RICOH'S PRELIMINARY INFRINGEMENT CONTENTIONS (Docket No. 140)** |
| AEROFLEX, *et al.*, | |
| Defendants. | |

Previously, the Court held a conference call with the parties regarding Defendants' motion to strike Ricoh's preliminary infringement contentions. *See* Docket No. 199. During the conference call, the Court provided guidance to the parties and ordered them to further meet and confer in light of that guidance. On June 14, 2004, the parties provided letters updating the Court on the results of their meet and confer. *See* Docket Nos. 201-02. Those letters indicated that the parties had essentially reached agreement except for (1) whether Ricoh's revised preliminary infringement contentions should reflect current information, (2) when the revised preliminary infringement contentions should be provided, and (3) whether Defendants' preliminary invalidity contentions should be amended and, if so, by when. After argument on June 16, 2004, the Court directed the parties to meet and confer. Pursuant to the parties' agreement reached thereafter (as to items (1) - (9) below), the Court hereby orders as follows.

1. Plaintiff, Ricoh Company, Ltd. ("Ricoh") SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant.

2.    Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth the claims asserted by Ricoh against each such Defendant in this action.

3.    Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon information currently available to Ricoh, provides a separate disclosure under Patent L.R. 3-1(b) for each Defendant and that unambiguously sets forth separately for each of the claims asserted by Ricoh against each such Defendant in this action (identified pursuant to Patent L.R. 3-1(a) and ¶ 2) each and every software product or combination of software products and/or other acts ("Accused Instrumentalities"), which, when used and/or performed by each Defendant Ricoh claims allegedly practices the claimed method of that claim.

4.    Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(c) for each Defendant and that unambiguously sets forth a separate chart pursuant to Patent L.R. 3-1(c) for each of the Accused Instrumentalities identified pursuant to Patent L.R. 3-1(b) as required above in ¶ 3.

5.    Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) as required above in ¶ 4 a description mapping and linking each Accused Instrumentality to the claim language in each of the elements for each of the asserted claims. Such mapping and linking of the claim language to each Accused Instrumentality SHALL NOT include open ended language and SHALL be at the level of detail required by the applicable law and consistent with Magistrate Judge Chen's comments at the May 27, 2004 phone conference/hearing.

6.    Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon

information currently available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) as required above in ¶ 4 a description that addresses each and every issue raised by the Defendants in Attachments 1-3 to their motion to strike and SHALL be at the level of detail required by the applicable law and consistent with Magistrate Judge Chen's comments at the May 27, 2004 phone conference/hearing.

7. Ricoh SHALL serve, via mail and email, on the Defendants, on or before June 21, 2004, an amended Patent L.R. 3-1 disclosure that is signed by its counsel of record pursuant to Patent L.R. 2-3.

8. Ricoh's amended Patent L.R. 3-1 disclosures SHALL be, to the extent reasonably possible, based upon information currently available to Ricoh as of the date such disclosures are signed by counsel for Ricoh pursuant to Patent L.R. 2-3. Ricoh may include footnotes in its amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon information currently available to Ricoh, identify information that Ricoh believes is not available and that Ricoh believes relates to its amended Patent L.R. 3-1 disclosure served on June 21, 2004.

9. This order and Ricoh's serving of an amended Patent L.R. 3-1 disclosure on June 21, 2004 shall not limit its rights under Patent L.R. 3-6 and 3-7 to further amend or supplement its amended Patent L.R. 3-1 disclosure.

10. The Court does not address Defendants' preliminary invalidity contentions and their alleged inadequacy as Ricoh has no motion pending before the Court on this matter. If the parties, after a good faith meet and confer, are unable to reach agreement as to any dispute about the adequacy of Defendants' preliminary invalidity contentions, then the parties may file a short joint letter brief by June 23, 2004, describing concisely the nature of the dispute and the parties' respective

///
///
///
///
///
///

positions. Defendants are forewarned that, if the Court concludes that the preliminary invalidity contentions are inadequate and therefore in need of revision, such revision must be provided no later than July 6, 2004 (*i.e.*, one week before the joint claim construction and prehearing statement is due).

IT IS SO ORDERED.

Dated:  June 17, 2004

                                                               /s/
EDWARD M. CHEN
United States Magistrate Judge