Gary M. Hoffman (Pro Hac Vice)
Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

*Attorneys for Ricoh Company, Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.<br>　　　　Plaintiff,<br>　　vs.<br>RICOH COMPANY, LTD.<br>　　　　Defendant.<br><br>RICOH COMPANY LTD.,<br>　　　　Plaintiff,<br>　　vs.<br>AEROFLEX INCORPORATED, ET AL.<br>　　　　Defendants | Case No.:  C-03-2289-MJJ (EMC)<br><br>Case No.:  C-03-4669-MJJ (EMC)<br><br>**RICOH'S REPORT TO THE COURT PURSUANT TO MAY 3, 2004 ORDER REGARDING POSSIBLE THOMAS DEPOSITION**<br><br>**DISCOVERY MATTER** |

Pursuant to the Order Re Joint Report To The Court Regarding Possible Thomas Deposition, issued by this Court May 3, 2004, the parties have met and conferred. No agreement was reached in that Ricoh was prepared to discuss the specific mechanism for determining whether Dr. Thomas had unique and superior knowledge to others which would permit a deposition to be held at all, whereas Synopsys and the Aeroflex et al. defendants (collectively "defendants") were not prepared to begin to discuss how that matter should be addressed until after the scope of the deposition was determined, i.e., from the point of view that a deposition was a foregone conclusion. Because there was no agreement, each party is required to propose "a specific mechanism for determining whether Dr. Thomas has unique or superior knowledge on particular subjects" pursuant to the Court's Order. (Meilman Decl. Ex. 1, Order of May 3, 2004, page 3). This paper contains Ricoh's proposal.

The issue before the Court arises because Synopsys and the Aeroflex et al. defendants (collectively "defendants") induced Dr. Thomas to breach his employment as a Ricoh expert after he had been given Ricoh's confidential and privileged information, and hired him as their own expert. Confronted with the facts that Dr. Thomas was a Ricoh expert and had Ricoh confidential and privileged information, the defendants refused to alter their plans for Dr. Thomas and challenged Ricoh to "take it to the court." When Ricoh did, it was established that Dr. Thomas did possess Ricoh confidential and privileged information and that the defendants had, by failing to be candid, mislead Dr. Thomas about his relationship with Ricoh. The defendants' attempt to justify their actions were so extreme that it lead the Court to direct there be an inquiry into whether defendants had committed a fraud upon the court.

The Court is already familiar with this matter as a result of prior proceedings. It has resolved all but one issue, including the Court ordered inquiry into whether defendants had committed a fraud upon the court. The Court has prohibited defendants from employing Dr. Thomas in any capacity and has denied them further access to him. Nevertheless, the defendants have pressed forward with a request to conduct a limited deposition of Dr. Thomas based on a representation to the Court that he has some unique knowledge about prior art which is not available from another source and which is significantly superior to all such other sources. Accordingly, the

sole remaining matter for this Court to resolve is the possibility of a deposition of Dr. Thomas by the defendants limited to such unique and superior knowledge.

This Court decided to proceed in a step-wise fashion. First, defendants would identify the topics for the proposed deposition and set forth any justification they wanted to present as to why Dr. Thomas was the only source of that information. Defendants were given six (6) weeks to do so. Second, the parties were directed to propose a mechanism by which that information would be evaluated, e.g., referral to a special master. More particularly, the Court ordered "that the Defendants shall identify by June 11, 2004, in detail the subject matters on which they would like to depose Dr. Thomas . . . as well as any information they wish to present as to why these subjects may not be in the possession of other witnesses" (Meilman Decl. Ex. 1, page 2, lines 11-14), and after they did so, that the parties "meet and confer and to attempt to negotiate a mechanism [to] facilitate the Court's determination whether Dr. Thomas [h]as such unique or superior knowledge." (Meilman Decl. Ex. 1, page 2, lines 14-16).

The Court firmly established the defendants' burden. Thus, at a hearing on March 24, 2004, the Court observed

> Mr. Brothers (Ricoh's counsel): Just to follow-up, one clarification: the flip side being that, to the extent that there is information that others -- whether Dr. Kowalski or others -- are equal to, or they have superior information, that would no longer be on the table, for even a proposed scope of deposition; it would be focusing solely on then unique, or superior to?
>
> The Court: Yes. Defendants may not agree with that view, but that is my view: That without some kind of showing of why Dr. Thomas offers, if not unique, certainly superior, knowledge on particular subjects, I just do not see -- to me there is enough of a risk here that I just do not think it is warranted -- and it does seem to me there should be some showing, and exactly what that showing is, I am not sure at this point. I would have to look at case law, if push came to shove, a little more carefully but, certainly, if it were the case that he knew nothing more than Dr. Kowalski, and perhaps others know exactly everything he did, I just do not see the need at that point, all right?

(Meilman Decl. Ex. 2, 3/24/2004 Tr., pages 45-46)

Further, in this Court's Order of May 3, 2004 (Meilman Decl. Ex. 1), the Court twice noted that the defendants have the burden of demonstrating that Dr. Thomas has unique or superior knowledge and set the ground rules for the limited further consideration of this issue.

On June 11, 2004, the defendants provided a description of subject matters as ordered but presented no information whatsoever as to why the subjects may not be in the possession of other witnesses (Meilman Decl. Ex. 3). The meet and confer to "negotiate a mechanism [to] facilitate the Court's determination whether Dr. Thomas [h]as such unique or superior knowledge" did not result in an agreement.

Ricoh suggests that the mechanism should be for this Court make a determination based on the defendants' June 11, 2004 submission (Meilman Decl. Ex. 3) after the parties submit a short brief directed solely to why the submission does, or does not, provide a basis for concluding that Dr. Thomas has unique or superior knowledge. Alternatively, Ricoh purposes that the Court refers the present record to a special master for that determination on the same basis.

Ricoh believes that the defendants' submission of June 11, 2004 (Meilman Decl. Ex. 3) establishes beyond conjecture that the defendants have not and cannot demonstrate Dr. Thomas' unique or superior knowledge. The following is a brief outline of some, but not all, of the deficiencies Ricoh would address in the suggested brief.

The topics proposed in the defendants June 11, 2000 listing (Meilman Decl. Ex. 3) is very clearly nothing more a fishing expedition and does not reflect any effort to obtain Dr. Thomas' unique or superior knowledge of the prior art. For example, the entirety of topic 7 asks whether Dr. Thomas had ever heard of or had any encounters with Dr. Kobayashi, International Chip Corporation or Knowledge Based Silicon Corporation or heard of work done at Ricoh or the University of South Carolina "prior to this litigation". Yet this litigation began on January 21, 2003 and for something to be prior art, it must have a date prior to a January 13, 1988, 15 years earlier. If Dr. Thomas heard on say January 20, 2003, that Dr. Kobayashi, etc., existed, that information has nothing whatsoever to do with prior art. Moreover, defendants took the depositions of Dr.

Kobayashi, International Chip Corporation, Knowledge Based Silicon Corporation and Ricoh and also took the deposition of a professor at the University of South Carolina (Dr. Davis) prior to June 11, 2004 (Meilman Decl. ¶ 5). They have made no effort to explain, as the Court ordered they do, why Dr. Thomas would have unique or superior knowledge or information that they did not try to obtain when these depositions were taken. Thus, they have not even established a possibility of satisfying their burden of proof.

Topic 5 relates to an article by Drs. Kowalski and Thomas. Dr. Kowalski is one of the defendants' experts and a declaration by Dr. Kowalski setting forth what he thinks is the extent of the overlap of knowledge between himself and Dr. Thomas was offered to the Court several times (Meilman Decl. Ex. 2, 3/24/2004 Tr. pages 35-36 and 40). However, no such declaration by Dr. Kowalski has been forthcoming (Meilman Decl.¶ 6). In this instance, the defendants had and continue to have unique access to Dr. Kowalski, access which would allow them to have demonstrated that Dr. Thomas has "unique or superior knowledge". They have clearly failed to meet their burden of proof and failed to establish a possibility of doing so.

Topics 1, 3, and 4 relate to other articles co-authored by Dr. Thomas and others yet no effort has been made to show Dr. Thomas has any knowledge which is "unique or superior" as to his co-authors. Further, one of the coauthors of topic 1, Alice Parker, is consulting for defendants in this case but no statement from her has been submitted (Meilman Decl. ¶ 7). They have not established a possibility of satisfying their burden of proof.

Topic 2 is an article by Dr. Thomas concerning work done by IBM but no effort has been made to show Dr. Thomas has "unique or superior knowledge" to the people who did the work at IBM. Prior to June 11, 2004, defendants subpoenaed IBM for documents and a deposition but decided to cancel the deposition in light of the documents received (Meilman Decl.¶ 8). They have clearly failed to meet their burden that Dr. Thomas has "unique or superior knowledge" to IBM, and further have not established a possibility of doing so.

The final topic, topic 6, relates to work done at Carnegie Mellon University but no effort has been made to demonstrate that Dr. Thomas has unique or superior knowledge as opposed to others

1  doing that work. (Meilman Decl. Ex. 3) Defendants have not established a possibility of satisfying their burden of proof.

The "Defendants have the burden of demonstrating Dr. Thomas has unique or superior knowledge" and they were ordered not only to identify the topics but also to provide "any information they wished to present as to why these subjects may not be in the possession of other witnesses." (Meilman Decl. Ex. 1, May 3, 2004 Order, page 2, l. 13-14). They have presented no such information. The Court is therefore in a position to deny the defendants' request to depose Dr. Thomas, even before submission of the suggested briefs.

At about 3 P.M. (New York time) today, the defendants provided Ricoh with their detailed proposal. Consistent with the meet and confer, the defendants' position is predicated on the proposition that the defendants have the unfettered ability to depose Dr. Thomas provided due care is taken to avoid invading privilege. However, the Court has already denied them that ability and their proposal is merely be a back door, *sub silentio,* attempt to ask the Court for reconsideration of its prior rulings. The Court has already decided to limit any possible deposition to subject matter "on which . . . Dr. Thomas . . . [has] unique or superior knowledge . . . not . . . in the possession of other witnesses." (Meilman Decl. Ex. 1, Order of May 3, 2004, at page 2). Ricoh respectfully submits that the only issue before this Court at this time is the mechanism by which it will decide if Dr. Thomas has such knowledge. Should the Court want to reconsider any of its prior rulings, Ricoh respectfully request an opportunity to file a brief on any such issue.

Ricoh also respectfully points out that the Court's May 3, 2004 Order already established June 11, 2004 as the deadline for the defendants to submit all information they wish to present about why the identified topics may not be in the possession of other witnesses. (Meilman Decl. Ex. 1, page 2, lines 11-14) and the defendants did take advantage of the 6 week window for the submission allowed by the Court (and the subsequent 19 days since the June 11 deadline). The defendants proposal to present this information at some unknown time in the future, thereby avoiding the direction in the Court's May 6, 2004 Order, should be denied. The Court gave them the opportunity to present this information and they chose not to do so.

## CONCLUSION

Ricoh has suggested two (2) mechanisms for the Court's determination whether Dr. Thomas has such unique or superior knowledge as to justify permitting him to be deposed -- summary disposal by the Court on the present record with briefing or referral of the present record to a special master for decision after briefing. For the reasons set forth above, Ricoh submits referral to a master is not required. Furthermore, Ricoh submits that due to the failure of the defendants to comply with the Court's Order of May 3, 2004, the defendants request to depose should be denied.

Dated: June 30, 2004

Respectfully submitted,
Ricoh Company, Ltd.

By: /s/ Edward A. Meilman

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
    RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

1   Edward A. Meilman
2   DICKSTEIN SHAPIRO MORIN &
        OSHINSKY  LLP
3   1177 Avenue of the Americas
    New York, New York  10036
4   Telephone:  (212) 896-5471
    Facsimile:  (212) 997-9880
5

6   Attorneys for Ricoh Company, Ltd.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos.: C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)
RICOH'S REPORT TO THE COURT PURSUANT TO MAY 3, 2004 ORDER REGARDING POSSIBLE THOMAS DEPOSITION
112153 v1 - R2180.0171

-Page 8-