July 15, 2004

<u>Via E-File</u>

The Honorable Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA  94102

Re:    *Synopsys, Inc., v. Ricoh Co., Ltd.* Case No. C-03-2289 MJJ (MCC)
       *Ricoh Co., Ltd.  v. Aeroflex Inc. et. al,* Case No. C-03-4669 MJJ (MCC)

Dear Judge Jenkins:

The parties do not agree on a portion of the Order regarding the conduct of the Claim Construction Tutorial and respectfully submit a proposed Order with this letter outlining their positions.

**Ricoh's Position**

During yesterday's hearing, Ricoh understood the Court to rule that the tutorial should consist of a neutral expert presentation to the Court "showing how the invention in the patent-in-suit works." Ricoh understood that the expert would not testify about claim construction issues, and that the Court would guide the content of the tutorial because the expert would only be questioned by the Court. The Court also directed the parties to meet and confer regarding the details of the tutorial presentation to the Court to ensure that there is full disclosure. Ricoh's proposed Order reflects this understanding, and Ricoh is confident that, if the parties work together in good faith, they can craft an appropriate presentation for the benefit of the Court.

The proposal by Synopsys and the Aeroflex defendants, if adopted, would limit the expert to the use of a specific product to explain the '432 patent, and would also require extensive discovery relating to the merits of the parties allegations of infringement and validity in the lawsuit. This proposal is inappropriate for six reasons. First, there was no discussion of this during yesterday's hearing, and Court did not make such an order. Second, the claims at issue—claims 13-17 of the '432 patent—are *process* claims, not claims for a specific product, and an appropriate tutorial should focus on the disclosed process, not a specific product. Third, it would be error for the Court to rely on what may be a commercial embodiment in construing the claims. See *Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.,* 51 U.S.P.Q.2d 1764, 1765 n.1 (S.D. Cal. 1999), citing *Zenith Lab. v. Bristol Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed Cir. 1994); *International Visual Corp. v. Crown Metal Mfg. Corp.,* 991 F.2d 768, 771-72 (Fed. Cir. 1988). Fourth, Synopsys' contention that there is only a single product that may practice the relevant teachings of the '432 patent is hotly disputed, and inappropriately attempts to apply the claims to a product without first construing the claims as required. See *Zodiac Pool Care, Inc. v.*

*Hoffinger Indus., Inc.*, 206 F.3d 1408, 1413 (Fed. Cir. 2000); *Strattec Security Corp. v. Gen. Automotive Specialty Co.*, 126 F.3d 1411, 1416 (Fed. Cir. 1997). Fifth, contrary to Synopsys' unfounded accusation, Ricoh does not intend to "sandbag" anyone, because Ricoh expects the expert tutorial to be (in the Court's words) "on the teachings of the '432 patent," and not make a demonstration of a specific product which may or may not embody the patent-in-suit. Sixth, Synopsys' proposal for merits discovery is not only inconsistent with the Court's prior rulings staying merits discovery, but reveals the true motivation for Synopsys' proposal.

### Synopsys' and the Aeroflex Defendants' Position

The Court ordered that the Tutorial consist of a 3-D demonstration of how the '432 patent product works. That product is referred to in the '432 patent as the Knowledge Base Silicon Compiler ("KBSC") system or software ("KBSC software"). Ricoh does not wish to demonstrate this product for the Court because it is nothing like the accused products in this case. And, in an attempt to sandbag Synopsys and Defendants at the Tutorial, Ricoh also refuses to provide, beforehand, a working copy of this KBSC software. Instead and contrary to your statements at yesterday's status conference, Ricoh wishes to present its own interpretation of what is described in the '432 patent.

Synopsys and Defendants agree to a joint neutral <u>demonstration</u> of the KBSC software itself and not to a Ricoh presentation designed to mislead the Court as to how the KBSC software operates. Synopsys and Defendants only ask that a copy of any KBSC software to be demonstrated be provided to them now so that they can ensure that the demonstration will be accurate and not misleading. If the Court decides that it would prefer a <u>presentation</u> of how the described '432 patent product works, then Synopsys and Defendants respectfully request that the Court allow them to do their own presentation at the Tutorial. Synopsys and Defendants do not believe that any <u>presentation</u> created by Ricoh and its expert will be neutral or accurate.

Ricoh's argument in support of its proposed Tutorial only underscores Synopsys' and the Defendants' concerns. Ricoh's proposal to provide a presentation of "how the invention in the patent-in-suit works" and "the teachings of the '432 patent" will, by necessity, require it to provide its interpretation of the claims of the '432 patent. Ricoh seeks to sandbag Synopsys and Defendants by having its expert testify about claim construction issues under the guise of a Tutorial, and without providing the expert summary required by the Patent Local Rules or a deposition. Claim construction will be the substance of attorney argument at the Claims Construction Hearing, not the neutral Tutorial that the Court has requested. In addition, Ricoh's argument that it would be error for the Court to rely on a commercial embodiment to construe the patent is wildly premature and assumes much about the Court's eventual construction and its support.

Honorable Martin J. Jenkins
July 15, 2004
Page 3

                Very truly yours,

Dated:  July 15, 2004             DICKSTEIN SHAPIRO MORIN & OSHINSKY

                                         By:  <u>Kenneth W. Brothers</u>
                                              Gary M. Hoffman (202) 828-2228
                                              Kenneth W. Brothers (202) 429-2184
                                              Attorneys for Ricoh Company, Ltd.

Dated: July 15, 2004              HOWREY SIMON ARNOLD & WHITE, LLP

                                         By:  <u>Erik Moller</u>
                                              Teresa M. Corbin
                                              Christopher Kelley
                                              Thomas C. Mavrakakis (650) 463-8169
                                              Erik Moller (650) 463-8175
                                              Attorneys for Synopsys, Inc. and
                                                  Aeroflex Incorporated, et al.

July 15, 2004

<u>Via E-File</u>

The Honorable Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA  94102

Re:     *Synopsys, Inc., v. Ricoh Co., Ltd.* Case No. C-03-2289 MJJ (MCC)
        *Ricoh Co., Ltd.  v. Aeroflex Inc. et. al,* Case No. C-03-4669 MJJ (MCC)

Dear Judge Jenkins:

The parties do not agree on a portion of the Order regarding the conduct of the Claim Construction Tutorial and respectfully submit a proposed Order with this letter outlining their positions.

**Ricoh's Position**

During yesterday's hearing, Ricoh understood the Court to rule that the tutorial should consist of a neutral expert presentation to the Court "showing how the invention in the patent-in-suit works." Ricoh understood that the expert would not testify about claim construction issues, and that the Court would guide the content of the tutorial because the expert would only be questioned by the Court. The Court also directed the parties to meet and confer regarding the details of the tutorial presentation to the Court to ensure that there is full disclosure. Ricoh's proposed Order reflects this understanding, and Ricoh is confident that, if the parties work together in good faith, they can craft an appropriate presentation for the benefit of the Court.

The proposal by Synopsys and the Aeroflex defendants, if adopted, would limit the expert to the use of a specific product to explain the '432 patent, and would also require extensive discovery relating to the merits of the parties allegations of infringement and validity in the lawsuit. This proposal is inappropriate for six reasons. First, there was no discussion of this during yesterday's hearing, and Court did not make such an order. Second, the claims at issue—claims 13-17 of the '432 patent—are *process* claims, not claims for a specific product, and an appropriate tutorial should focus on the disclosed process, not a specific product. Third, it would be error for the Court to rely on what may be a commercial embodiment in construing the claims. *See Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.,* 51 U.S.P.Q.2d 1764, 1765 n.1 (S.D. Cal. 1999), citing *Zenith Lab. v. Bristol Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed Cir. 1994); *International Visual Corp. v. Crown Metal Mfg. Corp.,* 991 F.2d 768, 771-72 (Fed. Cir. 1988). Fourth, Synopsys' contention that there is only a single product that may practice the relevant teachings of the '432 patent is hotly disputed, and inappropriately attempts to apply the claims to a product without first construing the claims as required. *See Zodiac Pool Care, Inc. v.*

Honorable Martin J. Jenkins
July 15, 2004
Page 2

*Hoffinger Indus., Inc.*, 206 F.3d 1408, 1413 (Fed. Cir. 2000); *Strattec Security Corp. v. Gen. Automotive Specialty Co.*, 126 F.3d 1411, 1416 (Fed. Cir. 1997).  Fifth, contrary to Synopsys' unfounded accusation, Ricoh does not intend to "sandbag" anyone, because Ricoh expects the expert tutorial to be (in the Court's words) "on the teachings of the '432 patent," and not make a demonstration of a specific product which may or may not embody the patent-in-suit.  Sixth, Synopsys' proposal for merits discovery is not only inconsistent with the Court's prior rulings staying merits discovery, but reveals the true motivation for Synopsys' proposal.

### Synopsys' and the Aeroflex Defendants' Position

The Court ordered that the Tutorial consist of a 3-D demonstration of how the '432 patent product works.  That product is referred to in the '432 patent as the Knowledge Base Silicon Compiler ("KBSC") system or software ("KBSC software").  Ricoh does not wish to demonstrate this product for the Court because it is nothing like the accused products in this case.  And, in an attempt to sandbag Synopsys and Defendants at the Tutorial, Ricoh also refuses to provide, beforehand, a working copy of this KBSC software.  Instead and contrary to your statements at yesterday's status conference, Ricoh wishes to present its own interpretation of what is described in the '432 patent.

Synopsys and Defendants agree to a joint neutral <u>demonstration</u> of the KBSC software itself and not to a Ricoh presentation designed to mislead the Court as to how the KBSC software operates.  Synopsys and Defendants only ask that a copy of any KBSC software to be demonstrated be provided to them now so that they can ensure that the demonstration will be accurate and not misleading.  If the Court decides that it would prefer a <u>presentation</u> of how the described '432 patent product works, then Synopsys and Defendants respectfully request that the Court allow them to do their own presentation at the Tutorial.  Synopsys and Defendants do not believe that any <u>presentation</u> created by Ricoh and its expert will be neutral or accurate.

Ricoh's argument in support of its proposed Tutorial only underscores Synopsys' and the Defendants' concerns.  Ricoh's proposal to provide a presentation of "how the invention in the patent-in-suit works" and "the teachings of the '432 patent" will, by necessity, require it to provide its interpretation of the claims of the '432 patent.  Ricoh seeks to sandbag Synopsys and Defendants by having its expert testify about claim construction issues under the guise of a Tutorial, and without providing the expert summary required by the Patent Local Rules or a deposition.  Claim construction will be the substance of attorney argument at the Claims Construction Hearing, not the neutral Tutorial that the Court has requested.  In addition, Ricoh's argument that it would be error for the Court to rely on a commercial embodiment to construe the patent is wildly premature and assumes much about the Court's eventual construction and its support.

Honorable Martin J. Jenkins
July 15, 2004
Page 3

                                      Very truly yours,

Dated:  July 15, 2004                      DICKSTEIN SHAPIRO MORIN & OSHINSKY

                                      By:  <u>Kenneth W. Brothers</u>
                                           Gary M. Hoffman (202) 828-2228
                                           Kenneth W. Brothers (202) 429-2184
                                           Attorneys for Ricoh Company, Ltd.

Dated: July 15, 2004                       HOWREY SIMON ARNOLD & WHITE, LLP

                                        By:  <u>Erik Moller</u>
                                           Teresa M. Corbin
                                           Christopher Kelley
                                           Thomas C. Mavrakakis (650) 463-8169
                                           Erik Moller (650) 463-8175
                                           Attorneys for Synopsys, Inc. and
                                              Aeroflex Incorporated, et al.