

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

THOMAS C. MAVRAKAKIS
PARTNER
650.463.8169
mavrakakist@howrey.com

July 22, 2004

**VIA FACSIMILE**

Magistrate Judge Edward M. Chen
United States District Court
Northern District of California
Courtroom C, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Synopsys, Inc v. Ricoh Company, Ltd.*
          Case No. CV 03-02289 MJJ (MCC)

        *Ricoh Company, Ltd. v. Aeroflex, Inc.*
          Case No. CV 03-04669 MJJ (MCC)

Dear Magistrate Judge Chen:

    Pursuant to the Court's instructions at the March 24, 2004 hearing, Dr. Thaddeus J. Kowalski, Synopsys, Inc. ("Synopsys") and Aeroflex Incorporated, *et al.* ("the Defendants") submit this short letter brief seeking a protective order from the Court pursuant to Federal Rule of Civil Procedure 26(c). The written objections to this subpoena must be served by Friday, July 23, 2004 but Ricoh has refused to extend the time for serving those objections or agree to an expedited submission of a joint letter. Because of this, counsel has been forced to file the instant letter for resolving this threshold issue of whether any expert discovery on claim construction may be permitted in light of Judge Jenkin's comments at the July 14, 2004 Status Conference. Absent some guidance from the Court on whether any expert discovery will be permitted or an order extending the time for submitting written objections to this subpoena, Ricoh will have been successful in using its delay tactics for the last week to force Dr. Kowalski, Synopsys, and the Defendants to unnecessarily serve written objections to this subpoena tomorrow.

    Dr. Kowalski is an expert and consultant for Synopsys and the Defendants, in this case. On June 14, 2004, in their preliminary claim construction disclosure, the Synopsys and Defendants disclosed to Ricoh their intention to rely on the opinions of Dr. Kowalski in support of their claim construction positions. On July 9, 2004, Ricoh served on counsel for Dr. Kowalski a subpoena seeking the deposition of and production of documents from Dr. Kowalski.[1] The

---

[1] The service of the subpoena on Dr. Kowalski was improper. Counsel for Dr. Kowalski agreed to accept service of a subpoena for a deposition of Dr. Kowalski to take place in the Northern District of California because Dr. Kowalski will be in this district on that date. Counsel never agreed to accept service of a subpoena duces tecum or a subpoena for deposition in Newark, New Jersey. Nevertheless, in order to streamline the issues addressed in this

Case 5:03-cv-04669-JW    Document 227    Filed 07/22/2004    Page 2 of 3

**HOWREY**
ATTORNEYS AT LAW

Magistrate Judge Edward M. Chen
July 22, 2004
Page 2

subpoena seeks the production of documents on July 30, 2004, and a deposition on August 11, 2004.[2]

The Court has already made clear that until completion of the *Markman* hearing, "discovery in this case is for the time being limited to claims construction only." Ex. G ("Order re Time-Sensitive Disputes Regarding Scope of Discovery and Upcoming Depositions in Japan" dated May 13, 2004). Prior to the Judge Jenkins' comments regarding expert testimony during the status conference of July 14, 2004, the Synopsys and Defendants would not have opposed the taking of expert discovery for the purposes of claim construction. However, during the July 14th conference, the Court informed the parties that it will not consider extrinsic evidence, including expert testimony, for the purposes of claim construction. The Court further clarified that although the Court will not consider the evidence, the Synopsys and Defendants may submit extrinsic evidence, including an expert report, in support of their claim construction positions.[3] The Court also stated that in the event the Court determines that it should consider extrinsic evidence, the parties will be notified. The clear intention of the Court was that the parties would not proceed with expert discovery unless notified by the Court that the consideration of expert testimony is appropriate.

In light of the fact that the Court will not consider Dr. Kowalski's opinions during claim construction, Ricoh should not be permitted to enforce its subpoena at this time. In addition to being premature and contrary to the Court's management of this case, enforcement of the subpoena would be inefficient and unduly burdensome. If the deposition were to take place now, Ricoh would likely seek to depose Dr. Kowalski again (and collect additional documents from him) should Judge Jenkin's determine after the reviewing the briefing on claim construction that he will consider expert testimony in making his claim construction determinations. Absent leave from the Court, a person may be deposed only once in a case. *See* Fed. R. Civ. P. 30(a)(2)(B). Under the circumstances, it is more efficient to postpone all expert discovery until and if it becomes necessary and can be completed at one time.

In the event that the Court decides to consider expert testimony during claim construction, counsel for Dr. Kowalski will accept service for a subpoena for deposition at a mutually agreeable time and place. Unless and until the Court so informs the parties, expert

---

motion, Dr. Kowalski, while reserving his rights, does not at this time seek a protective order on the basis of Ricoh's improper service or the noticed place of deposition.

[2] Counsel for Dr. Kowalski, Synopsys, and Defendants met and conferred with counsel for Ricoh but could not reach an agreement regarding the subpoena both by phone today and in prior written correspondence. Specifically, counsel requested that Ricoh withdraw the subpoena for the reasons set forth herein. *See* Ex. A. Following a second letter from Dr. Kowalski's counsel and a voice mail requesting a response, counsel for Ricoh insisted on Dr. Kowalski's compliance with the subpoena, requiring that Dr. Kowalski's file a motion for a protective order. *See* Exs. B-C. Additionally, Ricoh would not agree to an expedited schedule for a joint letter to the Court, prompting the present submission by Dr. Kowalski, Defendants, and Synopsys. *See* Exs. D-F.

[3] Ricoh has represented that it will not rely on expert opinions in support of its claim construction positions.



discovery should not proceed. In conclusion, Dr. Kowalski respectfully requests the entry of a protective order from compliance with Ricoh's subpoena dated July 9, 2004.

                                                  Respectfully submitted,

                                                  /s/ Thomas C. Mavrakakis
                                                  Thomas C. Mavrakakis
                                                  Howrey Simon Arnold & White, LLP
                                                  Counsel for Dr. Thaddeus Kowalski,
                                                  Defendants, and Synopsys

cc:    Kenneth Brothers, Esq.
        Michael A. Weinstein, Esq.

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>    Defendants<br><br>SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>    Defendant | **CASE NO. C-03-4669-MJJ (EMC)**<br><br>**CASE NO. C-03-2289-MJJ (EMC)**<br><br>**[PROPOSED] ORDER EXTENDING THE TIME FOR WRITTEN OBJECTIONS TO SUBPOENA PENDING THE RESOLUTION OF THE MOTION FOR PROTECTIVE ON THAT SUBPOENA**<br><br>Date:   July 28, 2004<br>Time:   10:30 a.m.<br>Ctrm:   C, 15th Floor<br>Judge:  Magistrate Judge Edward M. Chen |

    This matter came before the Court on July 22, 2004 on motion by Dr. Thaddeus J. Kowalski, Synopsys, and Defendants seeking an extension of time to file written objections to Ric oh's subpoena of Dr. Thaddeus J. Kowalski until three days (if necessary) after the Court resolves the request for a protective order from compliance with Ricoh's subpoena dated July 9, 2004.

**HOWREY SIMON ARNOLD & WHITE**
Case No. CV 03-04669 MJJ(EMC)
[Proposed] Order

After consideration of the papers filed in support of the motion, any papers filed in opposition, and any oral argument of counsel, IT IS ORDERED, ADJUDGED AND DECREED:

> The written objections to Ricoh's subpoena dated July 9, 2004 may be filed within three days after the Court resolves the request for a protective order from compliance with Ricoh's subpoena dated July 9, 2004.  If the protective order is granted by the Court, then no written objections need be served.

Dated: _____, 2004       _____
                                      Magistrate Judge Edward M. Chen
                                      United States District Court

Submitted July 22, 2004 by:
HOWREY SIMON ARNOLD & WHITE, LLP


By:     /s/ Thomas C. Mavrakakis
        Teresa M. Corbin
        Christopher Kelley
        Thomas C. Mavrakakis
        301 Ravenswood Avenue
        Menlo Park, CA  94025-3434
        Telephone:  (650) 463-8100
        Facsimile:   (650) 463-8400
        Attorneys for Defendants DR. KOWALSKI

Case No.  CV 03-04669 MJJ(EMC)                2
[Proposed] Order

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>    Defendants | **CASE NO. C-03-4669-MJJ (EMC)**<br><br>**CASE NO. C-03-2289-MJJ (EMC)**<br><br>**[PROPOSED] ORDER GRANTING DR. THADDEUS KOWALSKI'S MOTION FOR PROTECTIVE ORDER** |
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>    Defendant | Date:  July 28, 2004<br>Time:  10:30 a.m.<br>Ctrm:  C, 15th Floor<br>Judge: Magistrate Judge Edward M. Chen |

This matter came before the Court on July 22, 2004 on motion by Dr. Thaddeus J. Kowalski, Synopsys, and Defendants seeking a protective order from compliance with Ricoh's subpoena dated July 9, 2004.

1  After consideration of the papers filed in support of the motion, any papers filed in opposition,
2  and any oral argument of counsel, IT IS ORDERED, ADJUDGED AND DECREED:
3      a.  Dr. Thaddeus Kowalski's motion for a protective order from compliance with
4          Ricoh's subpoena dated July 9, 2004 is hereby GRANTED.
5      b.  Unless and until the Court notifies the parties that it will consider expert testimony
6          for purposes of claims construction, expert discovery on claim construction may not
7          proceed.

Dated: _____, 2004     _____
                                                Magistrate Judge Edward M. Chen
                                                United States District Court

Submitted July 22, 2004 by:
HOWREY SIMON ARNOLD & WHITE, LLP

By:  /s/ Thomas C. Mavrakakis
     Teresa M. Corbin
     Christopher Kelley
     Thomas C. Mavrakakis
     301 Ravenswood Avenue
     Menlo Park, CA  94025-3434
     Telephone:  (650) 463-8100
     Facsimile:  (650) 463-8400
     Attorneys for Defendants DR. KOWALSKI

Case No.  CV 03-04669 MJJ(EMC)      2
[Proposed] Order