August 3, 2004

*VIA EFILING*

Hon. Edward M. Chen
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

      **RE:**    ***Synopsys, Inc. v. Ricoh Company, Ltd.***
            ***Case No. C03-02289 MJJ (EMC)***
            ***Ricoh Company, Ltd. v. Aeroflex, Inc., et al.***
            ***Case No. C03-04669 MJJ (EMC)***

Dear Magistrate Judge Chen:

      The parties respectfully submit this joint letter with respect to Synopsys' motion to compel Ricoh to produce the KBSC system software. This system software has been identified in the patent as the preferred embodiment of the invention of the '432 patent (*see* col.2:50-64 and 4:49-50) and has been identified by Ricoh as embodying the asserted claims of the patent (see Ricoh's disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004 "the early implementations and variations of the KBSC system . . .").

      Synopsys seeks this discovery in preparation for the tutorial and claim construction hearing. Synopsys believes the KBSC software would be helpful in understanding the general purpose and functioning of the claimed invention and directly relevant to gauge the correctness of Synopsys' and Ricoh's proposed constructions vis-à-vis the preferred embodiment. In his Order Regarding Tutorial and Claim Construction Hearing filed July 26, 2004, Judge Jenkins ordered a tutorial consisting of a neutral expert presentation to the Court showing how the invention in the '432 patent works, and directed the parties to meet and confer regarding the details of the tutorial presentation. The Order does not decide any discovery issues. Synopsys believes Ricoh has once again read much into an order from Judge Jenkins that simply is not there.

      Ricoh responds that the motion should be denied for four reasons: (1) On July 22, Judge Jenkins specifically rejected Synopsys' request that Ricoh be required to produce the KBSC system software. (2) Discovery of the KBSC system software is not relevant to claim construction issues. (3) The motion violates this Court's stay of discovery. (4) On July 28, this Court deferred discovery on all extrinsic evidence relating to claim construction, which includes the KBSC system software. In any event, Synopsys is aware that to date Ricoh has been unable to locate the KBSC system software.

**Synopsys' position**

Simply put, Judge Jenkins ordered that the tutorial would be a single "neutral expert presentation to the Court showing how the invention in the patent-in-suit works" and directed the parties "to meet and confer regarding details of the tutorial presentation to the Court." He did not deny the production of the KBSC software. The KBSC software is relevant to the Markman process, and Ricoh's failure "to date" to find the software is disingenuous. Mr. Brothers said he could not confirm that Ricoh had performed a reasonable search for the software requested. Apparently Ricoh unilaterally redefined the scope of our requests to a single 1987 version of the software, and did a "quick search you could do in the two business days" between our meet and confer conferences. (Exs. C & D, Hocker's 7/23/04 & 7/29/04 letters to Brothers.) Ricoh then stated it would look no further for the software without a court order.

Ricoh's submission clouds the issue. What one of ordinary skill in the art would understand the claimed invention to be is the focus of the tutorial and claim construction hearing. In this action, the only independent claim at issue, Claim 13, requires performance of the steps of "describing . . . a series of architecture independent actions and conditions" and "specifying for each described action and condition of the series one of said stored definitions ...." Synopsys and Ricoh have proposed very different constructions for these two steps. Synopsys has proffered constructions consistent with the patent specification and the agreement made with the examiner during the prosecution of the '432 patent. It is particularly significant that the examiner wrote after an interview with the patentee's attorney:

> "It is agreed that the features 'flowchart editor' and 'expert system for translating the flowchart into a netlist defining the necessary hardware cells of the integrated circuit' are patentably distinct from the reference identified above. Thus, applicant's attorney will amend the claims to include those features." *See* Examiner Interview Summary Record, dated October 19, 1989.

Synopsys believes that input in the form of a flowchart is required and that this is consistent with how one of skill in the art would read the patent specification and file history. It is also consistent with the functioning of the Knowledge Based Silicon Compiler (KBSC) software, which is the preferred embodiment, and only embodiment disclosed in the patent. The KBSC software, which was developed by the named inventors from Ricoh and ICC at the time of filing the patent, would be very instructive on how one skilled in the art would understand what was being done during the "describing" and "specifying" steps. Further, the operating software would breathe life into the claim language and demonstrate in three dimensions how the claimed invention works. We understand Ricoh would prefer to not to have such a clear demonstration of the errors in its proffered claim constructions.

Hon. Edward M. Chen
August 3, 2004
Page 3

**The KBSC system software is relevant to the tutorial and claim construction hearing.**

The Federal Circuit has repeatedly stated when construing the claims of a patent that "[a]n interpretation that defines the invention in a manner that excludes a preferred embodiment is rarely, if ever, correct . . ." *SRAM Corp. v. AD-II Eng'g, Inc.,* 252 F.Supp.2d 712, 716 (N.D. Ill. 2003) (citing *Rheox, Inc. v. Entact, Inc.,* 276 F.3d 1319, 1327 (Fed. Cir. 2002)). Thus, the preferred embodiment is relevant to gauge the correctness of Synopsys' and Ricoh's proposed constructions. The KBSC system software is clearly identified as the preferred embodiment. *See* the '432 patent col.2:50-54, 4:49-50; *see also spec. references* col. 3:9-15; 4:7-11; 5:13-29, 49-59; 6:15-18; 12:61-64.

Second, Ricoh attempts to bootstrap an argument that, because limitations of the embodiment should not be read into claims, software embodying the invention is irrelevant. This logic is flawed. Relevance is a distinct and separate question from how such evidence may be properly used. Indeed, the Federal Circuit has stated "[i]n determining whether a preferred embodiment is excluded by a certain claim construction, we may look to extrinsic evidence so long as the extrinsic evidence does not 'contradict the meaning otherwise apparent from the intrinsic evidence.'" *Dow Chemical Co. v. Sumioto Chemical Company Co, Ltd.,* 257 F.3d 1364, 1377 n.13 (Fed. Cir. 2001).

Even if the operating software identified as the preferred embodiment is extrinsic to the patent, it is relevant to the tutorial and claim construction and should be discoverable. The software could be helpful to the Court in determining how persons of ordinary skill would, at the time of the patent, have understood the language of the claims. The Federal Circuit has explained that "[i]n fact, 'it is entirely appropriate, perhaps even preferable, for a court to consult trustworthy extrinsic evidence to ensure that the claim construction . . . is not inconsistent with clearly expressed, plainly apposite and widely held understandings in the pertinent technical field.'" *Plant Genetic Sys., N.V. v. DeKalb Genetics Corp,* 315 F.3d 1335 (Fed. Cir. 2003) (quoting *Pitney Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1309 (Fed. Cir. 1999)). The admonishment is only that "[e]xtrinsic evidence is to be used for the court's understanding of the patent, not for the purpose of varying or contradicting the terms of the claims." *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 981 (Fed. Cir. 1995) (*en banc*).

Further, the case law regarding how an embodiment may be used in construing the claims is in a state of flux. In fact the old saw that an embodiment should not be used to read in a limitation inconsistent with the claim language has recently been put into question. The Federal Circuit last week granted an *en banc* hearing regarding the Court's claim construction rules. *See Phillips v. AWH Corp.,* 03-1269, 03-1286 (Fed. Cir. July 21, 2004). One of the many enumerated questions to be addressed is: when only a single embodiment is disclosed and no other indications of breadth are disclosed, should the ordinary meaning be limited to that disclosure. Understanding the preferred and only embodiment disclosed in the patent may be highly relevant–depending on the Federal Circuit's ruling in *Phillips*.

Finally, to preserve the right to rely on the assertion that "its own apparatus, product, device . . . practices the claimed invention", Patent Local Rule 3-1(f) required Ricoh to "identify,

separately for each asserted claim, each such apparatus, product, device . . . that incorporates or reflects that particular claim." Ricoh failed to provide a claim-by-claim disclosure, but it did identify "the early implementations and variations of the KBSC system" in its required disclosure of contentions. (*See* Ricoh's Amended Disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004). While Ricoh would like to rely on this very software for its own purposes, and indeed identified it as relevant because it incorporates or reflects the asserted claims, it withholds the KBSC software from Synopsys and the defendants. Ricoh's contention that this software embodies the claims is directly related to certain construction of the claims. Synopsys ought to be allowed to demonstrate the operation of the KBSC system to the Court, so that the Court can see for itself how naturally the operation of the KBSC system is reflected in the language of the claims at issue – and how unlikely it is that anyone of ordinary skill at the time of Ricoh's patent application would have given these claims the construction that Ricoh is advancing to this Court.

Ricoh's cited cases stand for two claim construction principles that do not render the preferred, and commercial, embodiment irrelevant. The first rule of construction implicated is that the claim language, not the preferred embodiment, determines claim scope.[1] While possibly true, the preferred embodiment is relevant for the reasons stated above. The second rule of construction Ricoh cites is the unremarkable position that extrinsic evidence may not be relied on to give claim terms a meaning inconsistent with the intrinsic evidence. Synopsys does not argue that the Court should rely on extrinsic evidence to contradict the clear and unambiguous meaning of claim limitations, and has no plan to do so. If Synopsys relies on the KBSC software to support its view of the ordinary meaning of the claim terms, Ricoh will have an opportunity at that time to challenge the use of such evidence. At this juncture, such arguments are premature. Synopsys has suggested the multiple ways in which the KBSC software, the preferred and only embodiment in the patent, may be relevant to claim construction. Ricoh cannot preempt otherwise relevant discovery by arguing that it may be used for an improper purpose.

Judge Jenkins ordered that the tutorial shall consist of a neutral expert presentation on how the invention in the patent-in-suit works, explaining in the telephone status conference prior to this order that he wanted a presentation of "how whatever the patent teaches, how that actually, in three-dimensional real time, works." *See* 7/14/04 Transcript at page 5. We believe the software developed at or near the time of filing by the inventors, and called out in the patent as the preferred embodiment, could provide such a three-dimensional real time demonstration. We would like the opportunity to review the software and determine for ourselves whether it should be something brought to the Court's attention.

Synopsys believes the KBSC system software would be responsive to document requests directed to Ricoh, Nos. 2, 18, 35, 38, 41, 42 and 43 served November 20, 2003 (Ex. A) and document requests Nos. 52-55 served July 16, 2004. (Ex. B)[2] Document requests Nos. 2, 42, 56

---

[1] As noted this rule of construction may be in question due to the Federal Circuit granting an *en banc* hearing in *Phillips v. AWH Corp.*, 03-1269, 03-1286 (Fed. Cir. July 21, 2004).

[2] Discovery related to claim construction closes August 12, 2004. Ricoh had already stated it would not produce the requested software due to Judge Jenkins' limited stay. The issue was

and 57 to Ricoh request the software FlowHDL and BlockHDL, which we understand, from documents produced by Ricoh, to be products derived from the KBSC system software. We ask that the FlowHDL and BlockHDL software be produced at this time only if the KBSC system software cannot be located. These products, while later than the KBSC software, carry over many – though not all – of the relevant features of the KBSC system. We are not requesting that every version of the KBSC system software be produced at this time. If there are several versions of the software, we are asking only for the version closest to the filing date of the '432 patent. We conferred with Ricoh's counsel on July 23, 27 and 30 regarding production of the KBSC system software. Ricoh's position is that it is under no obligation to produce the software because it is irrelevant to claim construction.

We ask this Court to order Ricoh to produce the version of the "early implementations and variations of the KBSC system" that is closest to the filing date of the patent, and the related documents describing that system, including the source code–and that if none of the KBSC system software can be found, that Ricoh produce the software and documents related to the earliest versions of FlowHDL and BlockHDL.

**Ricoh's position**[3]

**Judge Jenkins has specifically rejected Synopsys' request that Ricoh be required to produce the KBSC system software.** At a hearing on July 14, Judge Jenkins stated that he would not consider extrinsic evidence at the claim construction hearing. The parties were unable to agree upon a proposed order memorializing this ruling, and on July 15 they submitted a proposed order with two alternatives, as follows:

Ricoh's Proposal
The tutorial scheduled for October 20, 2004, shall consist of a neutral expert presentation to the Court showing how the invention in the patent-in-suit works. The expert shall only be questioned by the Court. The parties are directed to meet and confer regarding the details of the tutorial presentation to the Court.
Synopsys And Defendants' Proposal
The tutorial scheduled for October 20, 2004, shall consist of a neutral expert demonstration(s) to the Court showing how the product of United States Patent No.

---

joined. Given the limited time and relatedness of the issues, and the early intervention joint letter procedure, Synopsys included the second set of requests at this time for reasons of immediacy and judicial economy.

[3] Ricoh's response to Synopsys' second request for production of documents is not due until August 16, 2004. Synopsys' motion to compel the production of documents in response to those requests is premature, and Ricoh objects on that basis. This response is limited to Synopsys' first set of document requests. By engaging in this joint letter, Ricoh does not waive its applicable objections to those requests. (Ex. E, Ricoh's 12/22/03 Responses to Synopsys' First Set of Document Requests.)

Hon. Edward M. Chen
August 3, 2004
Page 6

4,922,432 ("the '432 patent) works. Synopsys and the Defendants believe that this is the product referred to in the '432 patent as the Knowledge Based Silicon Compiler (KBSC) system or software ("KBSC software"). The expert (or experts) shall only be questioned by the Court. The parties are directed to meet and confer regarding the details of the demonstration(s) for the Court at the tutorial. *Prior to any such meet and confer, Ricoh shall provide Synopsys and Defendants with working copies of the KBSC software or any other '432 patent product(s) that will be demonstrated at the tutorial.*

(D.I. 219, 7/15/04 joint letter with proposed order, emphasis added.) Thus, Synopsys' proposal sought the very discovery that they now seek by this motion.

On July 22, 2004, however, Judge Jenkins explicitly rejected Synopsys' proposal. The Court crossed out Synopsys' proposal that would have required "Ricoh [to] provide Synopsys and Defendants with working copies of the KBSC software." (D.I. 230.) Thus, Judge Jenkins specifically considered and rejected the exact relief that Synopsys now seeks. Synopsys is improperly attempting to have this Court overrule Judge Jenkins' explicit ruling.

**The KBSC system software is not relevant to claim construction issues.** In patent cases, it is error for a court to rely on what may be a commercial embodiment in construing the claims. *See Sport Squeeze, Inc. v. Pro-Innovative Concepts, Inc.,* 51 U.S.P.Q.2d 1764, 1765 n.1 (S.D. Cal. 1999) ("the construction of the claims in a patent does not depend on how those patents were commercially implemented"), citing *Zenith Lab. v. Bristol Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent"); *International Visual Corp. v. Crown Metal Mfg. Corp.,* 991 F.2d 768, 771-72 (Fed. Cir. 1988) ("In concluding that the claims are limited to a plastic housing, the court apparently focused on the HUGGER, IVC's commercial embodiment of the '780 patent, which has a plastic housing. This was erroneous since 'infringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention.'")

Synopsys does not directly dispute this fundamental principle of claim construction, but suggests that the law is "in a state of flux"; however, Synopsys cites no cases indicating that the law is in a state of flux on extrinsic evidence relating to a commercial embodiment.[4] Further, the fact that the Federal Circuit may someday in the future reexamine the relationship between intrinsic and extrinsic evidence does not change the current law that extrinsic evidence relating to a commercial embodiment may not be used to limit the claims. *CSS v. Brunswick,* 288 F.3d 1359, 1366 (Fed. Cir. 2002) ("An accused infringer may overcome this 'heavy presumption'

---

[4] The recent en banc order cited by Synopsys, *Phillips v. AWH Corp.*, 03-1269, 03-1286 (Fed. Cir. July 21, 2004), relates to an embodiment disclosed in the patent specification, i.e. intrinsic evidence, and not a commercial embodiment, i.e. extrinsic evidence. A plaintiff's product is extrinsic evidence. *See Rival v. Sunbeam,* 987 F.Supp. 1167, 1171 (W.D. Mo 1997), *aff'd,* 1999 U.S. App. Lexis 2768 (Fed. Cir. Feb. 23, 1999).

[that a claim term carries its ordinary and customary meaning] and narrow a claim term's ordinary meaning, but he cannot do so simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification or prosecution history."); *Gart v. Logitech*, 254 F.3d 1334, 1343 (Fed. Cir. 2001) ("it is well established that broad claims supported by the written description should not be limited in their interpretation to a preferred embodiment"); *Northern Telecom v. Samsung*, 215 F.3d 1281, 1293 (Fed. Cir. 2000) ("This court consistently declines to construe claim terms according to the preferred embodiment").

Synopsys' attempt to distinguish between relevance and admissibility is nonsense. Relevance is the threshold test. Synopsys seeks discovery of an embodiment so it can inappropriately attempt to apply the claims to a product without first construing the claims as required. Synopsys' reliance upon *Dow Chemical Co. v. Sumioto Chemical Company Co, Ltd.*, 257 F.3d 1364 (Fed. Cir. 2001), is misplaced, because that court confirmed that "the meaning of the claim limitation is apparent from a review of the intrinsic evidence alone, and it is improper for us to rely on extrinsic evidence other than that used to determine the ordinary meaning. (*Id.* at 1378, emphasis added.) As *CSS*, *Gart* and *Samsung* make clear, an embodiment simply is not relevant for claim construction purposes.[5]

**Synopsys' motion violates this Court's stay of discovery.** In May 2004, this Court made clear that there would be no discovery on the merits until after the claim construction ruling. Discovery of the KBSC system software is merits discovery. Despite Synopsys' efforts to contort a potential commercial embodiment as relevant to construction of the claims, the case law Ricoh has already cited makes clear that such an embodiment shall not be used to construe the claims.

**This Court deferred discovery on all extrinsic evidence relating to claim construction.** On July 28, this Court deferred deposition and document discovery of Dr. Kowalski, ruling that because Judge Jenkins had already ruled that he would not consider extrinsic evidence in the claim construction hearing, all discovery of extrinsic evidence should be deferred. As it must, Synopsys effectively concedes in its portion of the letter that the KBSC system software is "extrinsic to the patent." *See Rival v. Sunbeam*, 987 F.Supp. 1167, 1171 (W.D. Mo 1997) ("even the plaintiff's product is extrinsic evidence"), *aff'd*, 1999 U.S. App. Lexis 2768 (Fed. Cir. Feb. 23, 1999). Synopsys's arguments (at p.3) that an alleged embodiment "should be discoverable" and (at p. 4) that the software "ought to be allowed to demonstrate the operation of the KBSC system to the Court" would violate Judge Jenkins' Order that it will not consider extrinsic evidence. There is no basis to allow discovery on one form of extrinsic evidence, but deny discovery on another form of extrinsic evidence. Since discovery on extrinsic evidence, including embodiments, has been curtailed, Synopsys' motion must be denied.

---

[5] Ricoh does not agree with Synopsys' unfounded speculation regarding the content of the KBSC software, or with Ricoh's motivations, or with Synopsys' contention that there is only a single product that may practice the relevant teachings of the '432 patent. Ricoh contends that the Accused Instrumentality identified in its claim construction also practices the relevant teachings of the patent.

Hon. Edward M. Chen
August 3, 2004
Page 8

**To date, Ricoh has been unable to locate a copy of the KBSC system software.** Ricoh did not create the KBSC system software, and has no first-hand knowledge regarding the software. From deposition and documents discovery obtained non-parties during this litigation, Ricoh understands that there is no single, fixed "KBSC system software", but rather it was an evolving collection of code that was continually refined and developed in the later 1980s by a small company named International Chip Corporation. Portions of this code may have been sent to Ricoh in around 1989. Early in this litigation, and after a comprehensive search in Japan and the U.S. for responsive documents, Ricoh produce a large volume of information regarding this software, but was unable to locate any tapes or disks that contained the actual software. For many months, counsel for Synopsys did not follow up on the matter. In Ricoh's disclosure pursuant to Patent L.R. 3-1(f), Ricoh was referencing these already-produced materials to support its claim construction.

On Friday, July 23, 2004, counsel for the parties agreed that, if Ricoh could not locate a copy of the software, there was no need to proceed with a any motion to compel. Counsel for Ricoh agreed to ask their client in Japan to conduct another search for the KBSC system software, and asked for a report by Tuesday, July 27. On that date, counsel for Ricoh advised counsel for Synopsys that Ricoh had conducted yet another search and had been unable to locate the KBSC system software. (Ex. F, Brothers 7/28/04 letter to Hocker.) Ricoh has continued to search for this software, but as of August 3, has been unable to determine whether it has either the KBSC software or Ricoh's version of that software. Nevertheless, counsel for Synopsys insisted that it would still seek to compel production of software that, to date, Ricoh has been unable to locate.

The parties are available to participate in a telephonic hearing at the Court's convenience.

Very truly yours,

Dated: August 3, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

By:    Matthew E. Hocker
       Teresa M. Corbin
       Thomas C. Mavrakakis (650) 463-8169
       Matthew E. Hocker (650) 463-8245
       Louis Campbell
       Attorneys for Synopsys, Inc. and
           Aeroflex Incorporated, et al.

Hon. Edward M. Chen
August 3, 2004
Page 9

DICKSTEIN SHAPIRO MORIN &
OSHINSKY

By:  <u>Kenneth W. Brothers</u>
     Gary M. Hoffman 202-828-2228
     Kenneth W. Brothers 202-429-2184
     Edward A. Meilman
     Attorneys for Ricoh Company, Ltd.

EXHIBIT A

1 | Teresa M. Corbin (SBN 132360)
2 | Christopher Kelley (SBN 166608)
  | Erik K. Moller (SBN 147674)
3 | HOWREY SIMON ARNOLD & WHITE, LLP
  | 301 Ravenswood Avenue
  | Menlo Park, California 94025
4 | Telephone: (650) 463-8100
  | Facsimile: (650) 463-8400
5 |
6 | Attorneys for Plaintiff Synopsys, Inc.
7 |
8 |
9 |                    UNITED STATES DISTRICT COURT
10 |                 NORTHERN DISTRICT OF CALIFORNIA
11 |                    SAN FRANCISCO DIVISION
12 | SYNOPSYS, INC.,                    ) Case No. C03-02289 MJJ
                                        )
13 |              Plaintiff,            ) **PLAINTIFF SYNOPSYS, INC.'S FIRST SET**
                                        ) **OF REQUESTS FOR PRODUCTION OF**
14 |      vs.                           ) **DOCUMENTS (NOS. 1-51)**
                                        )
15 | RICOH COMPANY, LTD., a Japanese    )
     corporation.,                      )
16 |                                    )
                                        )
17 |              Defendant.            )
     _____   )
18 |
19 | PROPOUNDING PARTY:        Plaintiff, Synopsys, Inc.
20 | RESPONDING PARTY:         Defendant, Ricoh Company, Ltd.
21 | SET NO.:                  One (1)
22 |        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Synopsy, Inc.
23 | ("Synopsys") hereby request that Ricoh Company, Ltd. ("Ricoh") respond to this request within thirty
24 | (30) days from the date of service hereof, through their counsel of record, and produce for inspection
25 | and copying the designated documents at the offices of Howrey Simon Arnold & White, LLP, 301
26 | Ravenswood Avenue, Menlo Park, CA 94025, at the time of response.
27 |
28 |

1

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

1    **I.    DEFINITIONS**

2          The definitions below are incorporated into each interrogatory.

3          A.    The terms "Ricoh," "you," and "your" mean, without limitation, Ricoh Company Ltd.,

4    its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers,

5    attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act

6    on its behalf.  This definition includes Ricoh's predecessors in interest in U.S. Patent No. 4,922,432,

7    International Chip Corporation ("ICC") and Knowledge Based Silicon Corporation ("KBS").

8          B.    As used herein, "subsidiary" means a business enterprise, the operations of which are

9    subject to control by a corporate parent through whole or partial stock ownership.

10          C.    As used herein, "Customer Defendants" refers to Aeroflex, Inc., AMI Semiconductor,

11    Inc., and Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and

12    Matrox Tech, Inc., all subsidiaries, affiliates, predecessors, unincorporated divisions and all its

13    officers, employees, attorneys, agents, representatives and all persons acting or purporting to act on its

14    behalf.

15          D.    As used herein, "affiliate" means a company effectively controlled by another but

16    associated with that other entity by way of common control, whether direct or indirect.

17          E.    As used herein, the word "document" means the original and each nonidentical copy of

18    any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in

19    whatever form, whether in final or draft, including but not limited to all materials that constitute

20    "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal

21    Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule

22    34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed

23    matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

24    media, and any other information stored magnetically or electronically.

25          F.    Documents to be identified shall include both documents in your possession, custody

26    and control, and all other documents of which you have knowledge. If you claim that any document

27    was, but is no longer, in your possession or subject to your control, state what disposition was made of

28    such document and when.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ                                    -2-

1    G.    As used herein, "person" means any individual, firm, partnership, corporation,

2 proprietorship, association, governmental body, or any other organization or entity.

3    H.    As used herein, "communication" includes, without limitation, communications by

4 whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as

5 any note, memorandum or other record thereof.

6    I.    The terms "regarding, referring or relating to" and "concerning" mean reflecting,

7 concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing,

8 discussing, mentioning, embodying or computing.

9    J.    Whenever the singular is used, it shall also be taken to include the plural, and vice

10 versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice

11 versa.

12    K.    The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. §

13 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer of sale

14 or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

15    L.    As used herein, the term "Kobayashi Patents" means, individually, collectively, or in

16 any combination, any patents or patent applications originating from United States Patent Application

17 Number 143,821, filed on January 13, 1988, or any continuation of this application or any foreign

18 counterpart to such patents.  Such patents include, but are not limited to, United States Patent Number.

19 4,922,432 (the "'432 patent"), entitled "Knowledge Based Method and Apparatus For Designing

20 Integrated Circuits Using Functional Specifications," and United States Patent Number 5,197,016 (the

21 "'016 patent"), entitled "Integrated Silicon-Software Compiler."

22    M.    As used herein, with reference to patent applications, "continuation" includes any

23 divisional, continuation-in-part, reissue, and continued prosecution applications.

24    N.    As used herein, "PTO" means the United States Patent & Trademark Office.

25 **II.    INSTRUCTIONS**

26    The following instructions apply to each of the requests for documents set forth herein:

27    1.  Please produce entire documents, including, but not limited to, attachments, enclosures,

28 cover letters, memoranda, and appendices.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-3-

2.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.   If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

   a.   The type of document;

   b.   The approximate date, and manner of recording, creating or otherwise preparing the document;

   c.   The subject matter of the document;

   d.   The name and organizational position of the person(s) who produced the document,

   e.   The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

   f.   The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.   If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.   Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.   Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-4-

1      7.  If a requested document is in a language other than English, please produce both the

2  original and any existing English translation thereof.

3      8.  If any of the following requests for documents cannot be responded to in full after

4  exercising due diligence to secure the requested documents, please so state and respond to the extent

5  possible, specifying your inability to respond to the remainder and stating whatever information you

6  have regarding, referring or relating to the unanswered portions.  If your response is qualified in any

7  particular manner, set forth the details of such qualification.

8      9.  Please produce hard copies of electronic records or produce computerized information in an

9  intelligible format with a description of the system from which it was derived sufficient to permit

10  rendering the materials intelligible.

11  **III.    REQUESTS FOR DOCUMENTS AND THINGS**

12  **REQUEST NO. 1**:

13      All organizational charts sufficient to show the organization of Ricoh and Ricoh personnel

14  involved in any research and development, testing, experimentation, patent activities, engineering or

15  design related to the subject matter of the Kobayashi Patents.

16  **REQUEST NO. 2**:

17      All documents regarding, referring or relating to any research and development, testing,

18  experimentation, engineering or design of any article or product embodying or created using the

19  alleged inventions that are the subject matter of the Kobayashi Patents.

20  **REQUEST NO. 3**:

21      All documents regarding, referring or relating to Synopsys' products (other than documents

22  produced by Synopsys or the Customer Defendants in this or any other action), including but not

23  limited to product monitoring, testing or analyses, infringement analyses, market analyses, sales

24  projections, consumer preference surveys and consultant reports.

25  **REQUEST NO. 4**:

26      All documents regarding, referring or relating to communications, meetings, contacts or other

27  dealings between any of Ricoh, ICC, KBS, or any of their subsidiaries, successors in interest or agents

28  and any other person, including without limitation, any of the Defendants' actual or potential

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-5-

1 customers, business partners or licensees, regarding, referring or relating to this lawsuit or any

2 allegations, claims or potential claims that Defendants have infringed or will infringe the Kobayashi

3 Patents

4 **REQUEST NO. 5**:

5       All documents regarding, referring or relating to the alleged infringement of the Kobayashi

6 Patents by any person, including all documents regarding, referring or relating to any investigation,

7 litigation, threat of litigation or other enforcement, or attempted enforcement of the Kobayashi Patents.

8 **REQUEST NO. 6**:

9       All documents regarding, referring or relating to any facts which evidence, or otherwise

10 support or constitute the basis for, any contention by Ricoh that any claim of the Kobayashi Patents is

11 infringed by any of the Synopsys' products or the use thereof.

12 **REQUEST NO. 7**:

13       All documents regarding, referring or relating to any investigation, test, study, opinion, search,

14 review, belief or comment relating to whether any products manufactured, used or sold by the

15 Defendants, or any other party, infringe or do not infringe any of the claims of the Kobayashi Patents.

16 **REQUEST NO. 8**:

17       All documents regarding, referring or relating to the Kobayashi Patents, or any foreign

18 counterpart to those patents or any application for such patents or counterpart at any time, including

19 the prosecution histories of such patents.

20 **REQUEST NO. 9**:

21       All files of Hideaki Kobayashi, Masahiro Shindo, Tai Sugimoto, or Haruo Nakayama or any

22 persons who may have worked with them, regarding the design or verification of application specific

23 integrated circuits, or the subject matter of the Kobayashi Patents.

24 **REQUEST NO. 10**:

25       All documents regarding, referring or relating to the ownership of any rights, title or interest in

26 or to (a) the Kobayashi Patents, (b) any continuation, division, parent, foreign counterpart or otherwise

27 related patent or (c) the subject matter described in the Kobayshi Patents or in the patent applications

28 for such patents.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-6-

1  **REQUEST NO. 11**:

2      All license agreements, cross-license agreements, or any other form of agreement involving the

3  Kobayashi Patents, including any general license agreements that do not explicitly refer to the

4  Kobayashi Patents but may grant rights to practice these patents.

5  **REQUEST NO. 12**:

6      All documents regarding, referring or relating to inquiries or requests by, or negotiations with,

7  other persons for rights either to the Kobayashi Patents or to technologies discussed in the Kobayashi

8  Patents, including but not limited to correspondence or other communications between Ricoh and any

9  licensee, and any documents prepared, used, exchanged, or otherwise regarding, referring or relating to

10  the negotiation or attempted negotiation of a license under the Kobayashi Patents.

11  **REQUEST NO. 13**:

12      All publications, articles, presentations, technical disclosures and other such documents

13  (including drafts of articles, cover letters for article submissions, correspondence from publishers and

14  cited sources) regarding, referring or relating to the design or verification of application specific

15  integrated circuits, or the subject matter of the Kobayashi Patents.

16  **REQUEST NO. 14**:

17      All documents regarding, referring or relating to the conception or research and development of

18  the alleged inventions which are the subject matter of the Kobayashi Patents, including but not limited

19  to invention disclosure documents, notes, notebook entries, sketches, drawings, schematics,

20  memoranda, reports, correspondence, records of tests and records of meetings.

21  **REQUEST NO. 15**:

22      All documents regarding, referring or relating to the reduction to practice of the alleged

23  inventions which are the subject matter of the Kobayashi Patents, including but not limited to invention

24  disclosure documents, notes, notebook entries, sketches, drawings, schematics, memoranda, reports,

25  correspondence, records of tests and records of meetings.

26  **REQUEST NO. 16**:

27      All documents regarding, referring or relating to any diligent effort, between the time of alleged

28  conception and the time of alleged reduction to practice, to reduce the alleged inventions which are the

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-7-

1 | subject matter of the Kobayashi Patents to practice, including but not limited to invention disclosure

2 | documents, notes, notebook entries, sketches, drawings, schematics, memoranda, reports,

3 | correspondence, records of tests and records of meetings.

4 | **REQUEST NO. 17**:

5 |      All documents regarding, referring or relating to the first disclosure of the alleged inventions

6 | that are the subject matter of the Kobayashi Patents to anyone, including persons inside or outside of

7 | Ricoh, and including documents sufficient to show when each such disclosure occurred.

8 | **REQUEST NO. 18**:

9 |      All documents regarding, referring or relating to any use (including experimental or

10 | commercial uses), disclosure, demonstration, offer for sale, sale, advertising, or promotional activity of

11 | any product that embodies or embodied any alleged invention claimed in the Kobayashi Patents.

12 | **REQUEST NO. 19**:

13 |      All United States and foreign patents, patent applications and provisional applications, whether

14 | issued, pending, abandoned or otherwise withdrawn, regarding, referring or relating to the subject

15 | matter of the Kobayashi Patents.

16 | **REQUEST NO. 20**:

17 |      All documents regarding, referring or relating to the prosecution of the applications that led to

18 | the Kobayashi Patents, and any foreign counterparts of the Kobayashi Patents, and any application for

19 | reissue, reexamination, continuation, continuation in part or divisional application claiming any benefit

20 | of any filing date from any application that led to the issuance of the Kobayashi Patents, including

21 | without limitation files from Ricoh's legal department, the files of outside counsel who advised Ricoh

22 | regarding these patents or the files of technical persons at Ricoh who consulted or assisted regarding

23 | the prosecution of the applications.

24 | **REQUEST NO. 21**:

25 |      All documents regarding, referring or relating to any interview, presentation, or other

26 | communication made to, or received from, PTO personnel in connection with the prosecution of the

27 | Kobayashi Patents, including without limitation, reports and notes made before, during or after such

28 | interviews and presentations, letter of transmittal, communications, and records of communications.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-8-

**REQUEST NO. 22**:

All documents ever considered by or on behalf of Ricoh as possibly regarding, referring or relating to any device or process which might possibly be prior art with respect to the Kobayashi Patents, or any foreign counterpart patent or patent application, including but not limited to documents resulting from any prior art or patentability search, from examination in or by the PTO or any foreign patent office or authority, or from research conducted by or on behalf of Ricoh or provided to Ricoh by another party.

**REQUEST NO. 23**:

All documents that are known to Ricoh or have been asserted by anyone as being relevant to the validity, enforceability and/or scope of any of the claims of the Kobayashi Patents.

**REQUEST NO. 24**:

All documents and things, including searches, studies, or opinions, prepared by or on behalf of Ricoh regarding, referring or relating to the validity or invalidity, patentability, enforceability or scope of the Kobayashi Patents, including any analysis of prior art references cited by the PTO or any foreign patent office in connection with the prosecution of the Kobayashi Patents, any related patent or a foreign counterpart.

**REQUEST NO. 25**:

All documents regarding, referring or relating to Ricoh's interpretation of the claims of the Kobayashi Patents, including without limitation documents generated in connection with any prior suits or threat of suit, documents containing allegations of infringement, infringement studies or analyses or statements regarding, referring or relating to the meaning, scope, or application of the Kobayashi Patents.

**REQUEST NO. 26**:

All documents regarding, referring or relating to any alleged commercial success of any alleged invention claimed in the Kobayashi Patents, including but not limited to:

a)  Documents showing the nexus between the alleged commercial success and the claimed subject matter of the Kobayashi Patents;

b)  Documents identifying the allegedly commercially successful devices or processes falling

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-9-

1     within the claims of the Kobayashi Patents;

2   c)  Documents showing licensing revenue attributed to licensing of any invention claimed in the

3       Kobayashi Patents;

4   d)  Documents showing the total market in which the device or process of any alleged invention

5       claimed in any of the Kobayashi Patents competes and the percent of that market (based on

6       units or dollars) which is attributable to the products of said invention;

7   e)  Documents showing commendation or tribute by competitors, customers, or others in the

8       industry to any alleged advance attributed to any devices or processes allegedly covered by any

9       claim of the Kobayashi Patents; and

10   f)  Documents showing actual savings achieved in commercial practice by use of any devices or

11       processes allegedly covered by any claims of the Kobayashi Patents and the basis for

12       computing such savings.

13 **REQUEST NO. 27**:

14     All documents regarding, referring or relating to, or contradicting, any "secondary"

15 consideration of obviousness with respect to any alleged invention claimed in the Kobayashi Patents,

16 including but not limited to:

17   a)  alleged prior attempts and failures of Ricoh, its assignors, or others in the art to make the

18       advances or to solve the problems allegedly made or solved by any alleged invention claimed

19       in the Kobayashi Patents;

20   b)  any alleged long felt need in the industry which was allegedly satisfied in whole or in part by

21       any product covered by any claim of the Kobayashi Patents; and

22   c)  any alleged initial skepticism relating to products of any alleged invention claimed in the

23       Kobayashi Patents.

24 **REQUEST NO. 28**:

25     All documents regarding, referring or relating to Ricoh's policies for the maintenance,

26 destruction or retention of documents or files.

27 **REQUEST NO. 29**:

28     All documents relating to any communications by Ricoh, its counsel, or agents and persons

HOWREY
SIMON
ARNOLD &
WHITE
  Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ       -10-

1  recruited to offer opinions and information regarding design synthesis technologies prior to initiation

2  of the present lawsuit, including communications with James Davis, Donald Thomas and Giovanni De

3  Micheli.

4  **REQUEST NO. 30**:

5     All documents constituting or relating to any communications between any of Ricoh, ICC,

6  KBS, Hideaki Kobayashi, Masahiro Shindo, James Davis and any other party regarding licensing of

7  the Kobayashi Patents or the technologies discussed in those patents.

8  **REQUEST NO. 31**:

9     All documents referring or relating to a meeting between representatives of KBS and

10  representatives of Synopsys, Inc. held at the time of the 1991 ACM/IEEE Design Automation

11  Conference in San Francisco, California.

12  **REQUEST NO. 32**:

13     All documents consulted, reviewed and/or relied on in responding to any Interrogatory in this

14  action.

15  **REQUEST NO. 33**:

16     All documents regarding, referring or relating to the relationship between Ricoh and ICC,

17  including, but not limited to, any contractual or financial relationship between Ricoh and ICC.

18  **REQUEST NO. 34**:

19     All documents regarding, referring or relating to any projects, including research and

20  development projects, which were the result of or based on the relationship between Ricoh and ICC.

21  **REQUEST NO. 35**:

22     All documents regarding, referring or relating to the design, development, and operation of any

23  product or system that resulted from or was based on joint development work between Ricoh and ICC.

24  **REQUEST NO. 36**:

25     All documents regarding, referring or relating to the relationship between Ricoh and KBS,

26  including, but not limited to, any contractual or financial relationship between Ricoh and KBS.

27  **REQUEST NO. 37**:

28     All documents regarding, referring or relating to any projects, including research and

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-11-

1   development projects, which were the result of or based on the relationship between Ricoh and KBS.

2   **REQUEST NO. 38**:

3        All documents regarding, referring or relating to the design, development, and operation of any

4   product or system that resulted from or was based on joint development work between Ricoh and KBS.

5   **REQUEST NO. 39**:

6        All documents regarding, referring or relating to any communications or agreements between

7   Ricoh and ICC regarding the use of intellectual property including, but not limited to, any agreement

8   regarding the assertion of U.S. Patent Nos. 4,922,432 or 5,197,016 (the '432 and '016 patents

9   respectively) or regarding the payment of any maintenance fees associated with these patents.

10   **REQUEST NO. 40**:

11        All documents regarding, referring or relating to any communications or agreements between

12   Ricoh and KBS regarding the use of intellectual property including, but not limited to, any agreement

13   regarding the assertion of the '432 and '016 patents or regarding the payment of any maintenance fees

14   associated with these patents.

15   **REQUEST NO. 41**:

16        All documents regarding, referring or relating to the design, development, and operation of the

17   KBSC system described in the '432 patent.

18   **REQUEST NO. 42**:

19        All documents regarding, referring or relating to the design, development, and operation of the

20   EDSIM program described in the '432 patent.

21   **REQUEST NO. 43**:

22        All documents regarding, referring or relating to the design, development, and operation of the

23   PSCS program described in the '432 patent.

24   **REQUEST NO. 44**:

25        All documents regarding, referring or relating to the design, development, and operation of any

26   product, or proposed product, developed under the name "REX."

27   **REQUEST NO. 45**:

28        All documents regarding, referring or relating to the design, development, and operation of any

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-12-

1  product, or proposed product, developed under the name "CAKE."

2  **REQUEST NO. 46**:

3      All documents regarding, referring or relating to any attempts to license, or obtain other

4  payment in connection with, any of the '432 and '016 patents, or patents claiming priority from the

5  same applications as the '432 and '016 patents.

6  **REQUEST NO. 47**:

7      All documents relating to commercial and/or business transactions between Ricoh Company,

8  Ltd. and any subsidiary organized to do business in California, including, but not limited to, Ricoh

9  Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc.

10  **REQUEST NO. 48**:

11      Documents sufficient to identify the source of revenues for any subsidiary of Ricoh engaging in

12  business in California, including but not limited to Ricoh Corporation, Ricoh Business Systems, Inc.,

13  Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc.  This production should include documents

14  sufficient to identify the products sold (including model and volume) in each of the last five years.

15  **REQUEST NO. 49**:

16      Documents relating to the formation, organization, business goals, mandate and corporate

17  charter of any subsidiary of Ricoh Company, Ltd. engaged in business in California, including but not

18  limited to Ricoh Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc., and Ricoh

19  Electronics, Inc.

20  **REQUEST NO. 50**:

21      Documents sufficient to identify the amount of any cash flows, dividends, transfers or other

22  payments between any subsidiary of Ricoh Company, Ltd. engaged in business in California

23  (including, but not limited to, Ricoh Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley,

24  Inc., and Ricoh Electronics, Inc.), and Ricoh Company, Ltd. or any subsidiary, direct or indirect, of

25  Ricoh Company, Ltd.

26  **REQUEST NO. 51**:

27      All communications between executives of any subsidiary of Ricoh Company, Ltd. engaged in

28  business in California (including, but not limited to, Ricoh Corporation, Ricoh Business Systems, Inc.,

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-13-

1  Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc.) and persons employed by, or otherwise

2  associated with, Ricoh Company, Ltd., or any other subsidiary, direct or indirect, of Ricoh Company,

3  Ltd. relating to any of:

4       • business transactions,

5       • transfers of goods, or

6       • transfers of money

7  between Ricoh Company, Ltd. and any subsidiary or between any two subsidiaries.

8

9  Dated: November 20, 2003                    Respectfully submitted,

10                                             HOWREY SIMON ARNOLD & WHITE, LLP

11

12                                       By:   _____

13                                             Erik K. Moller
                                               Attorneys for Plaintiff Synopsys, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s First Set of Requests
for Production of Documents (Nos. 1-51)
Case No. C03-02289 MJJ

-14-

1
## CERTIFICATE OF SERVICE

2    I am employed in the City and County of San Mateo, State of California in the office of a

3 member of the bar of this court at whose direction the following service was made.  I am over 18 years

4 of age and am not a party to this action.  My business address is 301 Ravenswood Avenue, Menlo

5 Park, CA  94025.

6    On November 20, 2003, a true copy of **PLAINTIFF SYNOPSYS, INC.'S FIRST SET OF**

7 **REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-51)** was served on the following:

8       Edward A. Meilman
        Dickstein Shapiro Morin & Oshinsky, LLP
9       1177 Avenue of the Americas
        New York, NY  10036-2714          Facsimile (212) 896-5471

10
        Jeffrey Demain, Esq.
11      Altshuler, Berzon, Nussbaum, Rubin & Demain
        177 Post Street, Suite 300
12      San Francisco, CA  94108          Facsimile (415) 362-8064

13      Gary M. Hoffman
        Dickstein Shapiro Morin & Oshinsky, LLP
14      2101 L. Street N.W.
        Washington, DC  20037-1526        Facsimile (202) 887-0689

15      ☒      (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the
               business practice of Howrey Simon Arnold & White, LLP for collection and processing
16             of correspondence for mailing with the United States Postal Service, and I caused such
               envelope(s) with postage thereon fully prepaid to be placed in the United States Postal
17             Service at Menlo Park, California.
18      ☒      (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the
               business practice of Howrey Simon Arnold & White, LLP for collection and processing
19             of document(s) to be transmitted by facsimile and I caused such document(s) on this date
               to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.
20      ☐      (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to
               the offices of each party at the address listed above.

21    I declare under penalty of perjury under the laws of the State of California that the above is true

22 and correct.  Executed on November 20, 2003, at Menlo Park, CA.

23

24

25                                         Glenda L. Guthart

26

27

28

**HOWREY**
HOWREY SIMON ARNOLD & WHITE LLP
WHERE LEADERS GO™

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** November 20, 2003

**TO:**

1. **NAME:** Edward A. Meilman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** New York, NY    **FAX #:** (212) 997-9880    **PHONE #:** (212) 835-1400

2. **NAME:** Gary M. Hoffman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** Washington, DC    **FAX #:** (202) 887-0689    **PHONE #:** (202) 785-9700

3. **NAME:** Jeffrey Demain    **COMPANY:** Altshuler, Berzon, Nussbaum
   **CITY:** San Francisco, CA    **FAX #:** (415) 362-8064    **PHONE #:**

4. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

5. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

**FROM:**    **NAME:** Christopher L. Kelley, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8113    **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 16    **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

Re: Synopsys v. Ricoh

PLEASE SEE ATTACHED FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS (1-51)
FROM SYNOPSYS

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
* * *  COMMUNICATION RESULT REPORT ( NOV. 20. 2003  5:39PM ) * * *
                                                           TTI
TRANSMITTED/STORED NOV. 20. 2003  5:23PM
FILE MODE       OPTION              ADDRESS              RESULT       PAGE
------------------------------------------------------------------------
4561 MEMORY TX                   2#854#912129979880      OK          16/16




------------------------------------------------------------------------
       REASON FOR ERROR
       E-1) HANG UP OR LINE FAIL          E-2) BUSY
       E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** November 20, 2003

**TO:**

1. **NAME:** Edward A. Meilman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** New York, NY    **FAX #:** (212) 997-9880    **PHONE #:** (212) 835-1400

2. **NAME:** Gary M. Hoffman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** Washington, DC    **FAX #:** (202) 887-0689    **PHONE #:** (202) 785-9700

3. **NAME:** Jeffrey Demain    **COMPANY:** Altshuler, Berzon, Nussbaum
   **CITY:** San Francisco, CA    **FAX #:** (415) 362-8064    **PHONE #:**

4. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

5. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

**FROM:**    **NAME:** Christopher L. Kelley, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8113    **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 16    **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

Re: Synopsys v. Ricoh

PLEASE SEE ATTACHED FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS (1-51) FROM SYNOPSYS

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
*  *  *  COMMUNICATION RESULT REPORT ( NOV. 20. 2003  5:33PM )  *  *  *
                                                                      TTI
```

| TRANSMITTED/STORED NOV. 20. 2003  5:25PM | | | | RESULT | PAGE |
|---|---|---|---|---|---|
| FILE MODE | OPTION | | ADDRESS | | |
| 4562 MEMORY TX | | | 2#854#912028870689 | OK | 16/16 |

```
------------------------------------------------------------------------
     REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL           E-2) BUSY
     E-3) NO ANSWER                      E-4) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

### FACSIMILE COVER SHEET

**DATE:** November 20, 2003

**TO:**

1. **NAME:** Edward A. Meilman  **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** New York, NY  **FAX #:** (212) 997-9880  **PHONE #:** (212) 835-1400

2. **NAME:** Gary M. Hoffman  **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** Washington, DC  **FAX #:** (202) 887-0689  **PHONE #:** (202) 785-9700

3. **NAME:** Jeffrey Demain  **COMPANY:** Altshuler, Berzon, Nussbaum
   **CITY:** San Francisco, CA  **FAX #:** (415) 362-8064  **PHONE #:** _____

4. **NAME:** _____  **COMPANY:** _____
   **CITY:** _____  **FAX #:** _____  **PHONE #:** _____

5. **NAME:** _____  **COMPANY:** _____
   **CITY:** _____  **FAX #:** _____  **PHONE #:** _____

**FROM:**  **NAME:** Christopher L. Kelley, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8113  **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 16  **CHARGE NUMBER:** 06816.0061.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re: Synopsys v. Ricoh

**PLEASE SEE ATTACHED FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS (1-51) FROM SYNOPSYS**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

COMMUNICATION RESULT REPORT ( NOV. 20. 2003  5:48PM )                     * * *

TTI

| TRANSMITTED/STORED NOV. 20. 2003  5:43PM | | | | |
|---|---|---|---|---|
| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
| 4565 | MEMORY TX | | 2#854#914153628064 | OK | 16/16 |

----------------------------------------------------------------------

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                           E-2) BUSY
E-3) NO ANSWER                                      E-4) NO FACSIMILE CONNECTION



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:**  November 20, 2003

**TO:**

| | NAME: | | COMPANY: | |
|---|---|---|---|---|
| 1. | NAME: Edward A. Mellman | | COMPANY: Dickstein Shapiro, et al. | |
| | CITY: New York, NY | FAX #: (212) 997-9880 | PHONE #: (212) 835-1400 |
| 2. | NAME: Gary M. Hoffman | | COMPANY: Dickstein Shapiro, et al. | |
| | CITY: Washington, DC | FAX #: (202) 887-0689 | PHONE #: (202) 785-9700 |
| 3. | NAME: Jeffrey Demain | | COMPANY: Altshuler, Berzon, Nussbaum | |
| | CITY: San Francisco, CA | FAX #: (415) 362-8064 | PHONE #: |
| 4. | NAME: | | COMPANY: | |
| | CITY: | FAX #: | PHONE #: |
| 5. | NAME: | | COMPANY: | |
| | CITY: | FAX #: | PHONE #: |

**FROM:**  NAME: Christopher L. Kelley, Esq.

DIRECT DIAL NUMBER:  (650) 463-8113          USER ID:  5172

NUMBER OF PAGES, INCLUDING COVER:  16          CHARGE NUMBER:  06816.0061.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER:

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re:  Synopsys v. Ricoh

**PLEASE SEE ATTACHED FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS (1-51) FROM SYNOPSYS**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

EXHIBIT B

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Matthew E. Hocker (SBN 188546)
   HOWREY SIMON ARNOLD & WHITE, LLP
3  301 Ravenswood Avenue
   Menlo Park, California 94025
4  Telephone: (650) 463-8100
   Facsimile: (650) 463-8400
5
   Attorneys for Plaintiff Synopsys, Inc.
6
7
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION
12  SYNOPSYS, INC.,                    )  Case No. C03-02289 MJJ (EMC)
                                       )
13              Plaintiff,             )  **PLAINTIFF SYNOPSYS, INC.'S SECOND**
                                       )  **SET OF REQUESTS FOR PRODUCTION**
14       vs.                           )  **OF DOCUMENTS (NOS. 52-57)**
                                       )
15  RICOH COMPANY, LTD., a Japanese    )
    corporation.,                      )
16                                     )
                                       )
17              Defendant.             )
    _____   )
18
19  PROPOUNDING PARTY:        Plaintiff, Synopsys, Inc.
20  RESPONDING PARTY:         Defendant, Ricoh Company, Ltd.
21  SET NO.:                  Two (2)
22       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Synopsys, Inc.
23  ("Synopsys") hereby requests that Ricoh Company, Ltd. ("Ricoh") respond to this request within thirty
24  (30) days from the date of service hereof, through their counsel of record, and produce for inspection
25  and copying the designated documents at the offices of Howrey Simon Arnold & White, LLP, 301
26  Ravenswood Avenue, Menlo Park, CA 94025, at the time of response.
27
28

                                          1

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57)
Case No. C03-02289 MJJ

# I.  DEFINITIONS

The definitions below are incorporated into each request.

A.    The terms "Ricoh," "you," and "your" mean, without limitation, Ricoh Company Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.  This definition includes Ricoh's predecessors in interest in U.S. Patent No. 4,922,432, International Chip Corporation ("ICC") and Knowledge Based Silicon Corporation ("KBS").

B.    As used herein, "subsidiary" means a business enterprise, the operations of which are subject to control by a corporate parent through whole or partial stock ownership.

C.    As used herein, "Customer Defendants" refers to Aeroflex, Inc., AMI Semiconductor, Inc., and Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc., all subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives and all persons acting or purporting to act on its behalf.

D.    As used herein, "affiliate" means a company effectively controlled by another but associated with that other entity by way of common control, whether direct or indirect.

E.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

F.    Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge. If you claim that any document

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57 )
Case No. C03-02289 MJJ

-2-

1   was, but is no longer, in your possession or subject to your control, state what disposition was made of

2   such document and when.

3      G.      As used herein, "person" means any individual, firm, partnership, corporation,

4   proprietorship, association, governmental body, or any other organization or entity.

5      H.      As used herein, "communication" includes, without limitation, communications by

6   whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as

7   any note, memorandum or other record thereof.

8      I.      The terms "regarding, referring or relating to" and "concerning" mean reflecting,

9   concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing,

10  discussing, mentioning, embodying or computing.

11     J.      Whenever the singular is used, it shall also be taken to include the plural, and vice

12  versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice

13  versa.

14     K.      The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. §

15  103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer of sale

16  or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

17     L.      As used herein, the term "Kobayashi Patent" means, individually, collectively, or in any

18  combination, any patents or patent applications originating from United States Patent Application

19  Number 143,821, filed on January 13, 1988, or any continuation of this application or any foreign

20  counterpart to such patents.  Such patents include, but are not limited to, United States Patent Number.

21  4,922,432 (the "'432 patent"), entitled "Knowledge Based Method and Apparatus For Designing

22  Integrated Circuits Using Functional Specifications."

23     M.      As used herein, with reference to patent applications, "continuation" includes any

24  divisional, continuation-in-part, reissue, and continued prosecution applications.

25     N.      As used herein, "PTO" means the United States Patent & Trademark Office.

26     O.      The term "EMBODYING PRODUCTS" means each product made, used, marketed,

27  imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp., that

28  embodies and/or in its normal use practices one or more claims of the '432 patent, including without

HOWREY
SIMON
ARNOLD &
WHITE
Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57 )
Case No. C03-02289 MJJ
DM_US\8027143.v2                                          -3-

1  limitation, all versions of KBSC (Knowledge-Based Silicon Compiler, see e.g. RCL002694 –

2  RCL002928 ) and/or the early implementations and variations of the KBSC system (see e.g. Ricoh's

3  disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004).

4      P.      The term "KBSC SYSYEM SOFTWARE" means each product made, used, marketed,

5  imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp., including

6  but not limited to all versions of KBSC system (Knowledge-Based Silicon Compiler, see e.g.

7  RCL002694 – RCL002928), including all modules (*e.g.* FlowED, FlowSIM, MS, NEPTUNE, NetGen

8  Blath, ConGen, AafTran, etc. and the attendant files containing the rules, cell database, etc.)   and the

9  early implementations and variations of the KBSC system as identified in Ricoh's disclosure regarding

10  Patent Local Rule 3-1(f) served June 21, 2004.

11  **II.    INSTRUCTIONS**

12      The following instructions apply to each of the requests for documents set forth herein:

13      1.  Please produce entire documents, including, but not limited to, attachments, enclosures,

14  cover letters, memoranda, and appendices.

15      2.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for

16  documents shall be deemed continuous up to and following the trial of this proceeding such that any

17  documents or things requested herein which is either discovered by you or comes within your

18  possession, custody or control subsequent to your initial responses hereto but prior to the final

19  conclusion of this case should be produced in a supplemental response to these Document Requests

20  immediately upon its discovery or receipt by you or your counsel.

21      3.  If any document is withheld under a claim of privilege, in order that the Court and the

22  parties may determine the validity of the claim of privilege, please provide a privilege log identifying

23  each document withheld, including

24      a.  The type of document;

25      b.  The approximate date, and manner of recording, creating or otherwise preparing the document;

26      c.  The subject matter of the document;

27      d.  The name and organizational position of the person(s) who produced the document,

28

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57 )
Case No. C03-02289 MJJ

-4-

1     e.  The name and organizational position of the person(s) who received a copy of the document, or

2           to whom the document was disclosed; and

3     f.  The claimed grounds on which the document is being withheld and facts sufficient to show the

4           basis for each claim of privilege.

5     4.  If you object to any part of a request for documents and refuse to produce documents

6  responsive to that part, state your objection and respond to the remaining portion of that request.  If

7  you object to the scope or time period of a request for documents, state your objection and respond to

8  the request for documents for the scope or time period you believe is appropriate.

9     5.  Please produce all documents in the order in which they are kept in the ordinary course of

10  business, and in their original file folders, binders, covers or containers, or facsimile thereof.

11     6.  Any document bearing any changes, including, but not limited to, markings, handwritten

12  notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to

13  be considered a separate document for purposes of responding to the following document requests.

14  English translations of partial translations of foreign language documents should also be considered

15  separate documents.

16     7.  If a requested document is in a language other than English, please produce both the

17  original and any existing English translation thereof.

18     8.  If any of the following requests for documents cannot be responded to in full after

19  exercising due diligence to secure the requested documents, please so state and respond to the extent

20  possible, specifying your inability to respond to the remainder and stating whatever information you

21  have regarding, referring or relating to the unanswered portions.  If your response is qualified in any

22  particular manner, set forth the details of such qualification.

23     9.  Please produce hard copies of electronic records or produce computerized information in an

24  intelligible format with a description of the system from which it was derived sufficient to permit

25  rendering the materials intelligible.

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57 )
Case No. C03-02289 MJJ
DM_US\8027143.2

-5-

III.    **REQUESTS FOR DOCUMENTS AND THINGS**

**REQUEST NO. 52**:

A copy of the executable code for every version of the KBSC SYSYEM SOFTWARE; including all documents and things used in the installation process such as installation disks, installation manuals, installation instructions, system requirements and the like.

**REQUEST NO. 53**:

A copy of the source code for every version of the KBSC SYSYEM SOFTWARE.

**REQUEST NO. 54**:

A copy of all files used by the KBSC SYSYEM SOFTWARE during execution, including but not limited to, the database files, hardware cell description files, the rule base, files containing any part of the knowledge base, etc.

**REQUEST NO. 55**:

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of the EMBODYING PRODUCTS, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version, of the EMBODYING PRODUCTS.

**REQUEST NO. 56**:

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of FlowHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of FlowHDL.

**REQUEST NO. 57**:

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of BlockHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of the BlockHDL.

Dated: July 16, 2004

Respectfully submitted,

HOWREY SIMON ARNOLD & WHITE, LLP

By: _____

Matthew E. Hocker
Attorneys for Plaintiff Synopsys, Inc.

HOWREY
SIMON
ARNOLD &
WHITE

Synopsys, Inc.'s Second Set of Requests
for Production of Documents (Nos. 52-57 )
Case No. C03-02289 MJJ

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I am employed in the City and County of San Mateo, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over 18 years of age and am not a party to this action.  My business address is 301 Ravenswood Avenue, Menlo Park, CA  94025.

On July 16, 2004, a true copy of **PLAINTIFF SYNOPSYS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 52-54)** was served on the following:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY  10036-2714                Facsimile (212) 896-5471

Jeffrey Demain, Esq.
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA  94108                Facsimile (415) 362-8064

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L. Street N.W.
Washington, DC  20037-1526                Facsimile (202) 887-0689

☒    (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Menlo Park, California.

☒    (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each party at the address listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 16, 2004, at Menlo Park, CA.

Susan J. Crane

HOWREY
SIMON
ARNOLD &
WHITE



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

*DATE:* July 16, 2004

*TO:*

| | | | | |
|---|---|---|---|---|
| 1. | *NAME:* Jeffrey B. Demain, Esq. | *COMPANY:* Altshuler, Berzon, Nussbaum | | |
| | *CITY:* San Francisco, CA | *FAX #:* (415) 362-8064 | *PHONE #:* | |
| 2. | *NAME:* Edward A. Meilman, Esq. | *COMPANY:* Dickstein Shapiro Morin & Oshinsky | | |
| | *CITY:* New York, NY | *FAX #:* (212) 997-9880 | *PHONE #:* | |
| 3. | *NAME:* Gary M. Hoffman, Esq. | *COMPANY:* Dickstein Shapiro Morin & Oshinsky | | |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | *PHONE #:* | |
| 4. | *NAME:* | *COMPANY:* | | |
| | *CITY:* | *FAX #:* | *PHONE #:* | |
| 5. | *NAME:* | *COMPANY:* | | |
| | *CITY:* | *FAX #:* | *PHONE #:* | |

*FROM:*    *NAME:* Susan Crane for Matt Hocker

*DIRECT DIAL NUMBER:* (650) 463-8124      *USER ID:* 4099

*NUMBER OF PAGES, INCLUDING COVER:* 8      *CHARGE NUMBER:* 06816.0061.000000

☒ *ORIGINAL WILL FOLLOW VIA:*

☒ *REGULAR MAIL*    ☐ *OVERNIGHT DELIVERY*    ☐ *HAND DELIVERY*    ☐ *OTHER:*

☐ *ORIGINAL WILL NOT FOLLOW*

*SUPPLEMENTAL MESSAGE:*

Please see attached Plaintiff Synopsys, Inc.'s Second Set of Requests for Production of Documents (Nos. 52-57).

*THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

x x x COMMUNICATION RESULT REPORT ( JUL. 16. 2004  6:33PM ) x x x

```
                                                           FAX HEADER 1:
                                                           FAX HEADER 2:
TRANSMITTED/STORED : JUL. 16. 2004  6:20PM
FILE MODE        OPTION            ADDRESS              RESULT      PAGE
---------------------------------------------------------------------------
1487 MEMORY TX                 G3  :        4153628064      OK        8/8
                               G3  :2#002#912129979880     OK        8/8
                               G3  :2#002#912028870689     OK        8/8
```

```
---------------------------------------------------------------------------
REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL              E-2) BUSY
     E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
     E-5) MAIL SIZE OVER
```



## HOWREY
ATTORNEYS AT LAW

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

### FACSIMILE COVER SHEET

**DATE:** July 16, 2004

**TO:**

| | | | | | |
|---|---|---|---|---|---|
| 1. | NAME: | Jeffrey B. Demain, Esq. | COMPANY: | Altshuler, Berzon, Nussbaum | |
| | CITY: | San Francisco, CA | FAX #: (415) 362-8064 | PHONE #: | |
| 2. | NAME: | Edward A. Meilman, Esq. | COMPANY: | Dickstein Shapiro Morin & Oshinsky | |
| | CITY: | New York, NY | FAX #: (212) 997-9880 | PHONE #: | |
| 3. | NAME: | Gary M. Hoffman, Esq. | COMPANY: | Dickstein Shapiro Morin & Oshinsky | |
| | CITY: | Washington, DC | FAX #: (202) 887-0689 | PHONE #: | |
| 4. | NAME: | | COMPANY: | | |
| | CITY: | | FAX #: | PHONE #: | |
| 5. | NAME: | | COMPANY: | | |
| | CITY: | | FAX #: | PHONE #: | |

**FROM:**    NAME:    Susan Crane for Matt Hocker

DIRECT DIAL NUMBER:    (650) 463-8124    USER ID:    4099

NUMBER OF PAGES, _INCLUDING_ COVER:    8    CHARGE NUMBER:    06816.0061.000000

☒ ORIGINAL WILL FOLLOW VIA:

    ☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Please see attached Plaintiff Synopsys, Inc.'s Second Set of Requests for Production of Documents (Nos. 52-57).

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

EXHIBIT C

# HOWREY

HOWREY SIMON ARNOLD & WHITE

ATTORNEYS AT LAW

301 Ravenswood Avenue
Menlo Park, CA 94025-3434
Phone 650.463.8100
Fax 650.463.8400
A Limited Liability Partnership

July 23, 2004

*VIA FACSIMILE AND U.S. MAIL*

Kenneth Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street NW
Washington, D.C. 20037

> RE:  *Synopsys, Inc v. Ricoh Company, Ltd.*
> *Case No. CV 03-02289 MJJ (EMC);*
> *Ricoh Company, Ltd. v. Aeroflex, Inc.*
> *Case No. CV 03-04669 MJJ (EMC)*

Dear Mr. Brothers:

This letter confirms our agreement during our meet and confer today that you will inquire whether Ricoh has within in its possession, custody or control copies of any version of the KBSC system software. This would include any copy of the KBSC system software, and/or Ricoh's versions of that software.

You said you would get back to me next Tuesday, July 27, 2004, with the list of such software, or a statement that Ricoh is continuing to search for the software. If Ricoh's search is not yet completed, you said that on Tuesday you would provide a date by which Ricoh will complete its search and report to us on the software located. We propose conducting the continued meet and confer at the same time as today's, 11:30a.m. PDT (2:30 p.m. EDT). We are also available on Tuesday at 1:30 p.m. PDT (4:30 p.m. EDT). Please let us know which time you would prefer.

We are disappointed that Ricoh takes the position that this software is irrelevant to claim construction and refuses to produce it. The software should have been produced in response to Synopsys' First Set of Requests for Production of Documents served November 20, 2003. Specifically, the software is responsive to Requests 2, 18, 35, 38, 41, 42, and 43. With Judge Jenkins' comments and the clear relevance of the software, which was written by, or at the direction of, the inventors just prior to the filing of the '432 patent application and referenced in that application, we find your withholding the software to be objectionable. On Tuesday, July 27, please be prepared to meet and confer regarding production of the software and the document requests enumerated above.

AMSTERDAM    BRUSSELS    CHICAGO    HOUSTON    IRVINE    LONDON    LOS ANGELES    MENLO PARK    SAN FRANCISCO    WASHINGTON, DC

DM_US\8038675.v1



Kenneth Brothers, Esq.
July 23, 2004
Page 2

If you have any questions, please feel free to contact me.

Very truly yours,

Matthew E. Hocker

MEH:sc
cc:    Edward A. Meilman, Esq.
       Michael A. Weinstein, Esq.



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** July 23, 2004

**TO:**

| | | | |
|---|---|---|---|
| 1. | *NAME:* Michael A. Weinstein, Esq. | *COMPANY:* Dickstein Shapiro Morin & Oshinsky |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | *PHONE #:* |
| 2. | *NAME:* Edward A. Meilman, Esq. | *COMPANY:* Dickstein Shapiro Morin & Oshinsky |
| | *CITY:* New York, NY | *FAX #:* (212) 997-9880 | *PHONE #:* |
| 3. | *NAME:* Kenneth W. Brothers, Esq. | *COMPANY:* Dickstein Shapiro Morin & Oshinsky |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | *PHONE #:* |

**FROM:** *NAME:* Susan Crane for Matt Hocker

*DIRECT DIAL NUMBER:* (650) 463-8124          *USER ID:* 4099

*NUMBER OF PAGES, INCLUDING COVER:* 3          *CHARGE NUMBER:* 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ *REGULAR MAIL*     ☐ *OVERNIGHT DELIVERY*     ☐ *HAND DELIVERY*     ☐ *OTHER:*

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Please see attached letter of this date from Matthew E. Hocker.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 650.463.8100.

P. 1

\* \* \* COMMUNICATION RESULT REPORT ( JUL. 23. 2004  4:15PM ) \* \* \*

FAX HEADER 1:
FAX HEADER 2:

TRANSMITTED/STORED : JUL. 23. 2004  4:11PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 1513 | MEMORY TX | | G3  :2#288#912028870689 | OK | 3/3 |
| | | | G3  :2#288#912129979880 | OK | 3/3 |

---

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER



**301 RAVENSWOOD AVENUE**
**MENLO PARK, CA 94025-3434**
**PHONE: 650.463.8100 ● FAX: 650.463.8400**

**FACSIMILE COVER SHEET**

DATE:     July 23, 2004

TO:

1.  NAME:   Michael A. Weinstein, Esq.          COMPANY:   Dickstein Shapiro Morin & Oshinsky
    CITY:   Washington, DC      FAX #:  (202) 887-0689      PHONE #:

2.  NAME:   Edward A. Meilman, Esq.             COMPANY:   Dickstein Shapiro Morin & Oshinsky
    CITY:   New York, NY        FAX #:  (212) 997-9880      PHONE #:

3.  NAME:   Kenneth W. Brothers, Esq.           COMPANY:   Dickstein Shapiro Morin & Oshinsky
    CITY:   Washington, DC      FAX #:  (202) 887-0689      PHONE #:

FROM:     NAME:     Susan Crane for Matt Hocker

          DIRECT DIAL NUMBER:   (650) 463-8124     USER ID:     4099

NUMBER OF PAGES, INCLUDING COVER:   3          CHARGE NUMBER:   06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

    ☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

Please see attached letter of this date from Matthew E. Hocker.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

EXHIBIT D



301 Ravenswood Avenue
Menlo Park, CA 94025-3434
Phone 650.463.8100
Fax 650.463.8400
A Limited Liability Partnership

July 29, 2004

*VIA FACSIMILE AND U.S. MAIL*

Kenneth Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street NW
Washington, D.C.  20037

RE:    *Synopsys, Inc v. Ricoh Company, Ltd.*
       *Case No. CV 03-02289 MJJ (EMC);*
       *Ricoh Company, Ltd. v. Aeroflex, Inc.*
       <u>*Case No. CV 03-04669 MJJ (EMC)*</u>

Dear Mr. Brothers:

I have your letter of July 28 and I write to correct several inaccurate statements contained in your letter. I must question, however, why Ricoh is so vigorously attempting to keep the Court from viewing this software. Perhaps the KBSC software accurately depicts the claimed invention, which you must understand to be detrimental to Ricoh's asserted claim constructions.

During our meet and confer on Friday, July 23, you suggested that you first check with Ricoh to see if they had the KBSC system software. I asked that you look for KBSC system software and Ricoh's versions of that software. See also my letter of July 23. You said you would report back on Tuesday what software Ricoh found or when Ricoh would complete its search. Based on that representation, I agreed to continue the meet and confer to Tuesday, July 27. During yesterday's meet and confer, however, you informed us that you only asked people at Ricoh if they could find a copy of the KBSC system software that Ricoh may have received from International Chip Corporation. After unilaterally narrowing our requests for the KBSC system software, you then told us that in the "quick search that you could perform in a day or two" Ricoh was unable to locate the version of the software, as you had redefined it.

The statement in your letter that our motion to compel would be futile is simply incredible, since you established yesterday that you have no idea what software Ricoh may have. During yesterday's meet and confer, I asked you to confirm that Ricoh had looked for all of the versions of the KBSC system software as I had asked, especially in light of the fact that the patent calls out inventors from both ICC and Ricoh. You would not confirm that they had. I then asked if you would take the steps necessary to assure Synopsys that the software requested could not be located, and that Ricoh would not later "find" this software at a time advantageous

AMSTERDAM    BRUSSELS    CHICAGO    HOUSTON    IRVINE    LONDON    LOS ANGELES    MENLO PARK    SAN FRANCISCO    WASHINGTON, DC

DM_US\8041797.v1

**HOWREY**
SIMON
ARNOLD
& WHITE
ATTORNEYS AT LAW

Kenneth Brothers, Esq.
July 29, 2004
Page 2

to Ricoh. You said you were not in a position to assure Synopsys that Ricoh would not later locate

this software. I asked if Ricoh would perform a reasonable search, as would be required by the Federal Rules of Civil Procedure, for the software we had described. You said Ricoh would not search for the software without the Court ordering it to do so.

We next reviewed each of the document requests only to find that while Ricoh had some objections as to scope, it flatly refused to produce anything prior to claim construction. We then agreed we were at an impasse and we made arrangements to send a joint letter to Magistrate Chen, which I am currently drafting and we will have to you today. We expect to deliver the joint letter to Magistrate Chen on Monday, August 2, 2004.

The threat in your July 28 letter to tit-for-tat move to compel all versions of the Synopsys software Ricoh identified in its Patent Local Rule 3-1(f) disclosure is improper for many reasons. First, Ricoh's attempt to delay our seeking relief from the court with such machinations at this late date is improper. Second, Patent Local Rule 3-1(f) requires only the identification of a party's *own* "apparatus, product, device . . ." Any inclusion by Ricoh of Synopsys' products is error, and certainly not binding on Synopsys. Third, Ricoh does not identify any particular Synopsys products in its disclosure, and certainly has not met and conferred with Mr. Mavrakakis about the production of the software "identified" in Ricoh's 3-1(f) disclosure. Your assertion in your letter to the contrary is false. Fourth, unlike Ricoh's admissions and the '432 patent identifying the KBSC System software as the preferred embodiment, which makes it relevant to claim construction, Ricoh has not articulated any reasonable argument as to why Synopsys' software is relevant to claim construction. Your threat to compel production based on your argument that because Ricoh made vague reference to Synopsys' software in its disclosures, Synopsys' products are now somehow relevant to claim construction, is ill conceived.

If Ricoh would like to pursue production of the software "identified" in its 3-1(f) disclosure–it must first meet and confer. Because Ricoh's 3-1(f) disclosure does not adequately identify any Synopsys product and Ricoh has failed to even identify the discovery requests on which it would be moving to compel, we ask that you identify specifically what Ricoh is seeking with this threatened motion and its basis for believing that it is discoverable now, i.e., that it is relevant to claim construction. When Ricoh provides us with these details, we will then schedule a meet and confer on this issue within a reasonable time.

HOWREY
HOWREY SIMON ARNOLD & WHITE
ATTORNEYS AT LAW

Kenneth Brothers, Esq.
July 29, 2004
Page 3

If you have any questions, please feel free to contact me.

Very truly yours,

Matthew E. Hocker

MEH:sc
cc:    Edward A. Meilman, Esq.
       Michael A. Weinstein, Esq.

DM_US\8041707.v1

**HOWREY** LLP
HOWREY
SIMON
ARNOLD
& WHITE
A T T O R N E Y S   A T   L A W

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

*DATE:*  July 29, 2004

*TO:*

| | | | | |
|---|---|---|---|---|
| 1. | *NAME:* Kenneth Brothers, Esq. | *COMPANY:* | Dickstein Shapiro Morin & Oshinsky | |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | *PHONE #:* | |
| 2. | *NAME:* Edward A. Meilman, Esq. | *COMPANY:* | Dickstein Shapiro Morin & Oshinsky | |
| | *CITY:* New York, NY | *FAX #:* (212) 997-9880 | *PHONE #:* | |
| 3. | *NAME:* Michael A. Weinstein, Esq. | *COMPANY:* | Dickstein Shapiro Morin & Oshinsky | |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | *PHONE #:* | |
| 4. | *NAME:* | | | |
| | *CITY:* | *FAX #* | *PHONE #:* | |
| 5. | *NAME:* | *COMPANY:* | | |
| | *CITY:* | *FAX #:* | *PHONE #:* | |

*FROM:*    *NAME:*    Susan Crane for Matt Hocker

*DIRECT DIAL NUMBER:* (650) 463-8124        *USER ID:* 4099

*NUMBER OF PAGES, INCLUDING COVER:* 4        *CHARGE NUMBER:* 06816.0060.000000

☒ *ORIGINAL WILL FOLLOW VIA:*

☒ *REGULAR MAIL*    ☐ *OVERNIGHT DELIVERY*    ☐ *HAND DELIVERY*    ☐ *OTHER:*

☐ *ORIGINAL WILL NOT FOLLOW*

*SUPPLEMENTAL MESSAGE:*

Please see attached letter of this date from Matthew Hocker.

*THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

```
*  *  *  COMMUNICATION  RESULT  REPORT  ( JUL. 29. 2004  2:47PM )  *  *  *

                                                      FAX HEADER 1:
                                                      FAX HEADER 2:

TRANSMITTED/STORED : JUL. 29. 2004  2:42PM
FILE MODE        OPTION              ADDRESS                      RESULT      PAGE
---------------------------------------------------------------------------------
1532 MEMORY TX                       G3   :    (202) 887-0689     OK          4/4
                                     G3   :       2129979880      OK          4/4



-----------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                  E-2) BUSY
E-3) NO ANSWER                             E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** July 29, 2004

**TO:**

1. **NAME:** Kenneth Brothers, Esq.    **COMPANY:** Dickstein Shapiro Morin & Oshinsky
   **CITY:** Washington, DC    **FAX #:** (202) 887-0689    **PHONE #:**

2. **NAME:** Edward A. Meilman, Esq.    **COMPANY:** Dickstein Shapiro Morin & Oshinsky
   **CITY:** New York, NY    **FAX #:** (212) 997-9880    **PHONE #:**

3. **NAME:** Michael A. Weinstein, Esq.    **COMPANY:** Dickstein Shapiro Morin & Oshinsky
   **CITY:** Washington, DC    **FAX #:** (202) 887-0689    **PHONE #:**

4. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #**    **PHONE #:**

5. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

**FROM:**    **NAME:** Susan Crane for Matt Hocker

**DIRECT DIAL NUMBER:** (650) 463-8124    **USER ID:** 4099

**NUMBER OF PAGES, INCLUDING COVER:** 4    **CHARGE NUMBER:** 06816.0060.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

Please see attached letter of this date from Matthew Hocker.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

EXHIBIT E



1  Gary M. Hoffman, pro hac vice
   Kenneth W. Brothers, pro hac vice
2  Eric Oliver, pro hac vice
   Dickstein Shapiro Morin & Oshinsky LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone: (202) 785-9700
   Fax: (202) 887-0689
5
   Edward A. Meilman, pro hac vice
6  Dickstein Shapiro Morin & Oshinsky LLP
   1177 Avenue of the Americas
7  New York, New York  10036-2714
   Phone: (212) 835-1400
8  Fax: (212) 992-9880

9  Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
10 Altshuler, Berzon, Nussbaum,
   Rubin & Demain
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone: (415) 421-7151
   Fax: (415) 362-8064
13
14 Attorneys for Defendant

15              IN THE UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18 _____

19
   SYNOPSYS, INC.,                        )
20                                        )
                                          )   Civil Action No. C03-02289-MJJ
21         Plaintiff,                     )
                                          )
22                                        )   RICOH'S RESPONSE TO
                                          )   SYNOPSYS' FIRST SET OF
23         v.                             )   REQUESTS FOR PRODUCTION
                                          )   OF DOCUMENTS (1-51)
24 RICOH COMPANY, LTD.                    )
                                          )
25                                        )
           Defendant.                     )
26 _____)

27

28

1

### RICOH'S RESPONSE TO SYNOPSYS'
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (1-51)

2

3         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

4    Ricoh Company, Ltd., ("Ricoh") hereby responds to Plaintiff Synopsys Inc.'s

5    ("Synopsys") First Set of Requests for Production of Documents (1-51).

6

7                    ## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8         1.      Ricoh objects to the definition of "'Ricoh,' 'you,' and 'your'" because the

9    phrase "predecessors in interest" both is vague so as to not be clear and comprehensible,

10   and also is overly broad because the phrase may be argued to include independent third

11   parties (e.g., "International Chip Corporation and Knowledge Based Silicon

12   Corporation,"). Therefore, Ricoh limits this definition to current entity known as Ricoh

13   Company, Ltd., without any inclusion of related companies. However, Ricoh is willing

14   to produce documents and things relating to the "predecessors in interest" if within

15   Ricoh's possession, custody and control and those documents that can be located after a

16   reasonable search.

17        2.      Ricoh objects to the definition of "Kobayashi Patents" as being overly

18   broad, unduly burdensome and not reasonably relevant to a claim or defense of any

19   party to the extent it seeks documents and things related to patents not asserted in this

20   litigation. Ricoh interprets this definition as being United States Patent Number

21   4,922,432 ("the '432 patent")

22        3.      Ricoh objects to all of the Document Requests on the grounds that they are

23   overly broad and unduly burdensome to the extent that the Requests are not limited to a

24   specific time period. Notwithstanding this objection, Ricoh responses to any such

25   Requests will be limited to the time period from 1990 to the filing of the Complaint

26   except for documents relating to the development of the technology of the '432 patent,

27   the '432 prosecution history, and relating to Ricoh's response to Request No. 22.

28

1     4.    Ricoh objects to all of the Document Requests to the extent that they seek

2 discovery of information or documents exceeding, or seek to impose definitions and

3 instructions exceeding, the permissible scope of discovery under the Federal Rules of

4 Civil Procedure ("FRCP" or the "Federal Rules"), the local civil rules of this Court and

5 applicable case law.

6     5.    Ricoh objects to the Document Requests to the extent that they require

7 Ricoh to seek documents or information beyond that in its possession, custody or control

8 as such production is beyond the permissible scope of the Federal Rules or applicable

9 law and would further pose an undue burden on Ricoh.

10    6.    Ricoh objects to all of the Document Requests to the extent that they seek

11 information or documents protected by the attorney-client privilege, the work product

12 doctrine, or any other privilege or immunity. Any inadvertent disclosure of such

13 information, or any disclosure of documents underlying that information, shall not be

14 deemed a waiver of the attorney-client privilege, the work product doctrine, or any other

15 privilege or immunity. In responding, Ricoh will comply consistent with the parties

16 Stipulated Protective Order when entered by the Court and pursuant to FRCP 26(b)(5).

17    7.    Ricoh objects to all Document Requests to the extent that Synopsys is

18 asking Ricoh to identify and submit information from and about experts. Any such

19 information to which Synopsys is entitled will be provided in accordance with the

20 Federal Rules and consistent with the Scheduling Order in this case.

21    8.    Ricoh objects to all Document Requests to the extent that Synopsys is

22 asking Ricoh to create and submit a claim construction chart. Ricoh will provide claim

23 charts in accordance with the Scheduling Order in this case.

24    9.    Ricoh objects to all of the Document Requests as unduly burdensome and

25 not reasonably calculated to lead to the discovery of admissible evidence to the extent

26 that they seek information relating to its activities outside of the United States (other than

27 seeking foreign patents and foreign publications). However, to the extent that the

28 requested information refers or relates to activities relating to the United States, foreign

1 | patents, foreign publications, and subject to any other objections, Ricoh is willing to

2 | provide the requested information.

3 |       10.    Ricoh and its attorneys have not completed discovery or trial preparation,

4 | nor have they concluded their analysis of the information gathered to date by the Parties.

5 | Ricoh is continuing its investigation to obtain information responsive to the Document

6 | Requests.  Therefore, all of the following responses are given without prejudice to Ricoh's

7 | right to introduce documents or information discovered or deemed responsive

8 | subsequent to the date of these responses.

9 |       11.    Any statements made herein regarding Ricoh's intention to provide

10 | information or documents responsive to any given Document Request does not

11 | necessarily indicate or imply the existence of any information or documents responsive

12 | thereto.  Furthermore, any information provided or referred to herein is not deemed to be

13 | a waiver of Ricoh's objections as to the competency, relevance, privilege or admissibility

14 | as evidence in this or any subsequent proceeding or trial in this or any other action for

15 | any purpose whatsoever.  In addition, Ricoh reserves the right to supplement or amend

16 | its response to the Document Requests based upon information, documents, and things it

17 | receives during discovery or obtains upon further investigation.

18 |       12.    In gathering relevant and responsive documents, Ricoh has interpreted the

19 | Document Requests utilizing ordinary meanings of words and has expended reasonable

20 | efforts to identify and deliver documents that appear responsive.  To the extent that the

21 | Document Requests purport to seek documents other than as so interpreted, Ricoh

22 | objects on the ground that the Document Requests are vague, ambiguous and overbroad.

23 |       13.    To the extent the Document Requests seek trade secrets or confidential

24 | documents or information, Ricoh will produce, subject to the Protective Order, any such

25 | documents or information to which Synopsys is entitled.

26

27

28

1    <u>RESPONSES AND SPECIFIC OBJECTIONS TO SYNOPSYS' FIRST REQUEST FOR</u>

2    <u>PRODUCTION OF DOCUMENTS (1-51)</u>

3            Ricoh incorporates all of its Objections to Definitions and Instructions set forth

4    above and, subject to and without waiving these Objections, further objects and responds

5    to the numbered Document Requests as follows:

6    **REQUEST NO. 1:**

7

8            All organizational charts sufficient to show the organization of Ricoh and

     Ricoh personnel involved in any research and development, testing, experimentation,
9
     patent activities, engineering or design related to the subject matter of the Kobayashi
10
     Patents.
11
     **RESPONSE:**
12
             Ricoh objects to this Request as overly broad and not reasonably relevant to a
13
     claim or defense of any party to the extent it seeks documents and things related to the
14
     subject matter of patents not asserted in this litigation.  Ricoh further objects to this
15
     Request as vague and overly broad and unduly burdensome in that "subject matter of
16
     the Kobayashi Patents" is not adequately defined.  In response to this Request, Ricoh has
17
     construed "subject matter of the Kobayashi Patents" to mean generally the inventions
18
     recited in claims 13-20 of the '432 patent.  Subject to and without waiving the Objections
19
     to Definitions and Instructions and foregoing objections, Ricoh will produce any
20
     responsive, non-privileged documents in its possession, custody or control relating to the
21
     '432 that can be located after a reasonable search.
22

23
     **REQUEST NO. 2:**
24

25           All documents regarding, referring or relating to any research and

26    development, testing, experimentation, patent activities, engineering or design of any

27    article or product embodying or created using the alleged inventions that are the subject

28    matter of the Kobayashi Patents.

1  **RESPONSE:**

2          Ricoh objects to this Request as overly broad and not reasonably relevant to a

3  claim or defense of any party to the extent it seeks documents related to the subject

4  matter of patents not asserted in this litigation.  Ricoh further objects to this Request as

5  vague and overly broad and unduly burdensome in that "subject matter of the

6  Kobayashi Patents" is not adequately defined.  Ricoh further objects to this Request as

7  vague and overly broad and unduly burdensome in that "design of any article or product

8  embodying or created using the alleged inventions" is not adequately defined.  In

9  response to this Request, Ricoh has construed "subject matter of the Kobayashi Patents"

10  to mean generally the inventions recited in claims 13-20 of the '432 patent.  Ricoh further

11  objects to this Request as overly broad and unduly burdensome to the extent that it calls

12  for documents not within the possession, custody, and control of Ricoh.  Subject to and

13  without waiving the Objections to Definitions and Instructions and foregoing objections,

14  Ricoh will produce any responsive, non-privileged documents in its possession, custody

15  or control relating to the '432 that can be located after a reasonable search.

16

17  **REQUEST NO. 3:**

18

19          All documents regarding, referring or relating to Synopsys' products (other

20  than documents produced by the Synopsys or the customer defendants in this or any

21  other action), including but not limited to product monitoring, testing or analyses,

22  infringement analyses, market analyses, sales projections, consumer preference surveys

23  and consultant reports.

24  **RESPONSE:**

25          Ricoh objects to this Request as overly broad and not reasonably relevant to a

26  claim or defense of any party to the extent it seeks documents regarding, referring or

27  relating to "Synopsys' products" not related to this action.  Ricoh objects to this Request

28  as overly broad and not reasonably relevant to a claim or defense of any party to the

1    extent it seeks documents regarding, referring or relating to "Synopsys' products" not in

2    the possession, control and custody of Ricoh.  Ricoh further objects to this request as

3    being vague and overly broad and unduly burdensome to the extent that it seeks

4    information relating to all of Synopsys' products.  Ricoh objects to this request that it

5    calls for any privileged communication.  Ricoh objects to this request to the extent that it

6    potentially calls for claim interpretation prematurely.  Ricoh will produce claim

7    interpretations at a time established by and to the extent required by a scheduling order

8    in this case, subject to any other objections.   Subject to and without waiving the

9    Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

10   any responsive, non-privileged documents in its possession, custody or control relating

11   to the '432 that can be located after a reasonable search .

12

13   **REQUEST NO. 4:**

14

15          All documents regarding, referring or relating to communication, meetings,

16   contacts or other dealings between any of Ricoh, International Chip Corporation,

17   Knowledge Based Silicon, or any of their subsidiaries, successors in interest or agents or

18   any other person, including without limitation, any of the Defendants' actual or potential

19   customers, business partners or licensees, regarding, referring or relating to this lawsuit

20   or any allegations, claims or potential claims that Defendants have infringed or will

21   infringe the Kobayashi Patents.

22   **RESPONSE:**

23          Ricoh objects to this Request as overly broad and not reasonably relevant to a

24   claim or defense of any party to the extent it seeks documents regarding, referring or

25   relating to "potential claims" or patents that are not asserted in this litigation.  Ricoh

26   further objects to this Request to the extent it seeks documents subject to the attorney

27   client, work product or other privilege.  Ricoh further objects to this request as overly

28   broad and unduly burdensome to the extent it seeks to require Ricoh to produce

1  documents not in Ricoh's possession, custody or control, including documents of

2  International Chip Corporation, Knowledge Based Silicon or any other third party. Ricoh

3  further objects to this Request to the extent it seeks documents subject to the attorney

4  client, work product or other privilege. Ricoh objects to this request to the extent that it

5  potentially calls for claim interpretation prematurely. Ricoh will produce claim

6  interpretations at a time established by and to the extent required by a scheduling order

7  in this case, subject to any other objections. However, subject to and without waiving the

8  Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

9  any responsive, non-privileged documents in its possession, custody or control

10  regarding, referring or relating to the '432 patent that can be located after a reasonable

11  search.

12

13  **REQUEST NO. 5:**

14

15       All documents regarding, referring or relating to the alleged infringement of

16  the Kobayashi Patents by any person, including all documents regarding, referring or

17  relating to any investigation, litigation, threat of litigation or other enforcement, or

18  attempted enforcement of the Kobayashi Patents.

    **RESPONSE:**

19

20       Ricoh objects to this Request as overly broad and not reasonably relevant to a

21  claim or defense of any party to the extent it seeks documents regarding, referring or

22  relating to patents not asserted in this litigation, or to documents and information

23  regarding, referring or relating to third party products not related to the subject matter of

24  this litigation. In responding to this Request, Ricoh has construed "Kobayashi Patents"

25  to mean the '432 patent. Ricoh further objects to this Request to the extent it seeks

26  documents subject to the attorney client, work product or other privilege. Ricoh will,

27  however, provide a privilege log in compliance with FRCP 26(b)(5) and consistent with a

28  Protective Order in this case. Ricoh objects to this request to the extent that it potentially

1    calls for claim interpretation prematurely. Ricoh will produce claim interpretations at a

2    time established by and to the extent required by a scheduling order in this case, subject

3    to any other objections. Subject to and without waiving the Objections to Definitions and

4    Instructions and foregoing objections, Ricoh will produce any responsive, non-privileged

5    documents in its possession, custody or control relating to the '432 that can be located

6    after a reasonable search.

7

8    **REQUEST NO. 6:**

9

10       All documents regarding, referring or relating to any facts which evidence, or

11   otherwise support or constitute the basis for, any contention by Ricoh that any claim of

12   the Kobayashi Patents is infringed by any of the Synopsys' products or the use thereof.

13   **RESPONSE:**

14       Ricoh objects to this Request as overly broad and not reasonably relevant to a

15   claim or defense of any party to the extent it seeks documents regarding, referring or

16   relating to patents that are not asserted in this litigation. In responding to this Request,

17   Ricoh has construed "Kobayashi Patents" to mean the '432 patent. Ricoh objects to this

18   Request as overly broad and not reasonably relevant to a claim or defense of any party to

19   the extent it seeks documents regarding, referring or relating to patents not asserted in

20   this litigation, or to documents and information regarding, referring or relating to third

21   party products not related to the subject matter of this litigation. Ricoh objects to this

22   Request as overly broad and unduly burdensome to the extent that it calls for documents

23   not in its possession, control or custody. In responding to this Request, Ricoh has

24   construed "Kobayashi Patents" to mean the '432 patent. Ricoh further objects to this

25   Request to the extent it seeks documents subject to the attorney client, work product or

26   other privilege. Ricoh will, however, provide a privilege log in compliance with FRCP

27   26(b)(5) and consistent with a Protective Order in this case. Ricoh objects to this request

28   to the extent that it potentially calls for claim interpretation prematurely, in violation of

1  Patent Local Rule 2-5. Ricoh will produce claim interpretations at a time established by

2  and to the extent required by a scheduling order in this case, subject to any other

3  objections. Subject to and without waiving the Objections to Definitions and Instructions

4  and foregoing objections, Ricoh will produce any responsive, non-privileged documents

5  in its possession, custody or control relating to the '432 that can be located after a

6  reasonable search.

7

8  **REQUEST NO. 7:**

9

10     All documents regarding, referring or relating to any investigation, test, study,

11  opinion, search, review, belief or comment relating to whether any products

12  manufactured, used or sold by the Defendants, or any other party, infringe or do not

13  infringe any of the claims of the Kobayashi Patents.

    **RESPONSE:**

14

15     Ricoh objects to this Request as overly broad and not reasonably relevant to a

16  claim or defense of any party to the extent it seeks documents regarding, referring or

17  relating to "products" that are not accused in this litigation and to patents that are not

18  asserted in this litigation. In responding to this Request, Ricoh has construed "Kobayashi

19  Patents" to mean the '432 patent. Ricoh further objects to this Request to the extent it

20  seeks documents subject to the attorney client, work product or other privilege. Ricoh

21  objects to this Request as overly broad and unduly burdensome to the extent that it calls

22  for documents not in its possession, control or custody. Ricoh further objects to this

23  Request as premature since discovery has just commenced and to the extent it requests

24  Ricoh to identify and produce documents from experts. Ricoh will identify and produce

25  information from and about experts to which Synopsys is entitled in accordance with the

26  Federal Rules and consistent with the Scheduling Order in this case. Subject to and

27  without waiving the Objections to Definitions and Instructions and foregoing objections,

28

1  Ricoh will produce any responsive, non-privileged documents in its possession, custody

2  or control relating to the '432 that can be located after a reasonable search.

3

4  **REQUEST NO. 8:**

5

6        All documents regarding, referring or relating to the Kobayashi Patents, or any

7  foreign counterpart to those patents or any application for such patents or counterpart at

8  any time, including the prosecution histories of such patents.

**RESPONSE:**

9

10       Ricoh objects to this Request as overly broad and not reasonably relevant to a

11 claim or defense of any party to the extent it seeks documents regarding, referring or

12 relating to patents that are not asserted in this litigation. Ricoh objects to this Request as

13 overly broad and unduly burdensome to the extent that it calls for documents not in its

14 possession, control or custody. Ricoh further objects to this Request to the extent it seeks

15 documents subject to the attorney client, work product or other privilege. In responding

16 to this Request, Ricoh has construed "Kobayashi Patents" to mean the '432 patent.

17 Subject to and without waiving the Objections to Definitions and Instructions and

18 foregoing objections, Ricoh will produce any responsive, non-privileged documents in its

19 possession, custody or control relating to the '432 that can be located after a reasonable

20 search.

21

22 **REQUEST NO. 9:**

23       All files of Hideaki Kobayashi or Masahiro Shindo, Tai Sugimoto, or Haruo

24 Nakayama or any persons who may have worked with them, regarding the design or

25 verification of application specific integrated circuits, or the subject matter of the

26 Kobayashi Patents.

27

28

RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (1-51)

1  **RESPONSE:**

2          Ricoh objects to this Request as overly broad, unduly burdensome and not

3  reasonably relevant to a claim or defense of any party to the extent it seeks documents

4  regarding the design or verification of application specific integrated circuits after the

5  filing date of the '432 patent, and to the extent the Request seeks documents regarding

6  "the subject matter of" patents not asserted in this litigation.  However, in responding to

7  this Request, Ricoh has construed "the subject matter of the Kobayashi Patents" to mean

8  the inventions recited in claims 13-20 of the '432 patent.  Ricoh further objects to this

9  Request to the extent it seeks files and documents related to the design or verification of

10  application specific integrated circuits to the extent that it is not related to the '432

11  patents. Ricoh further objects to this Request to the extent it seeks documents that are not

12  in Ricoh's possession, custody or control, including (without limitation) any such

13  documents of third parties.  Subject to and without waiving the Objections to Definitions

14  and Instructions and foregoing objections,  Ricoh will produce any responsive, non-

15  privileged documents in its possession, custody or control relating to the '432 that can be

16  located after a reasonable search.

17

18  **REQUEST NO. 10:**

19

20          All documents regarding, referring or relating to the ownership of any rights,

21  title or interest in or to (a) the Kobayashi Patents (b) any continuation, division, parent,

22  foreign counterpart or otherwise related patent or (c) the subject matter described in the

23  Kobayashi Patents or in the patent application for such patents.

    **RESPONSE:**

24

25          Ricoh objects to this Request as overly broad and not reasonably relevant to a

26  claim or defense of any party to the extent it seeks documents regarding, referring or

27  relating to patents, including without limitation any continuation, division, parent,

28  foreign counterpart or otherwise related patent or "subject matter described in" patents

1  or applications for such patents that are not asserted in this litigation.  Ricoh further

2  objects to this request as vague in that "the Kobayashi patents" is not sufficiently defined

3  in a way to be clear or comprehensible.  In responding to this Request, Ricoh has

4  construed "the Kobayashi Patents" to mean the '432 patent.  Ricoh further objects to this

5  Request to the extent it seeks documents that are not in Ricoh's possession, custody or

6  control, including (without limitation) any such documents of third parties.  Subject to

7  and without waiving the Objections to Definitions and Instructions and foregoing

8  objections,  Ricoh will produce any responsive, non-privileged documents in its

9  possession, custody or control relating to the '432 that can be located after a reasonable

10  search.

11

12  **REQUEST NO. 11:**

13

14        All license agreements, cross-license agreements, or any other form of

15  agreement involving the Kobayashi Patents, including any general license agreements

16  that do not explicitly refer to the Kobayashi Patents but may grant rights to practice these

17  patents.

18  **RESPONSE:**

19        Ricoh objects to this Request as overly broad and not reasonably relevant to a

20  claim or defense of any party to the extent it seeks documents involving patents that are

21  not asserted in this litigation.  Ricoh further objects to this request as vague in that "the

22  Kobayashi patents" is not sufficiently defined in a way to be clear or comprehensible.  In

23  responding to this Request, Ricoh has construed "the Kobayashi Patents" to mean the

24  '432 patent.  Ricoh further objects to this Request to the extent it seeks documents that are

25  not in Ricoh's possession, custody or control, including (without limitation) any such

26  documents of third parties.  However, subject to and without waiving the Objections to

27  Definitions and Instructions and foregoing objections,  Ricoh will produce any

28

1    responsive, non-privileged documents in its possession, custody or control specifically

2    involving the '432 patent that can be located after a reasonable search.

3

4    **REQUEST NO. 12:**

5

6        All documents regarding, referring or relating to inquiries or requests by, or

7    negotiations with, other persons for rights either to the Kobayashi Patents or to

8    technologies discussed in the Kobayashi Patents, including but not limited to

9    correspondence or other communications between Ricoh and any licensee, and any

10   documents prepared, used, exchanged, or otherwise regarding, referring or relating to

11   the negotiation or attempted negotiation of a license under the Kobayashi Patents.

     **RESPONSE:**

12

13       Ricoh objects to this Request as overly broad and not reasonably relevant to a

14   claim or defense of any party to the extent it seeks documents regarding, referring or

15   relating to "technologies discussed in" patents or to patents that are not asserted in this

16   litigation.  Ricoh further objects to this request as vague in that "the Kobayashi patents"

17   is not sufficiently defined in a way to be clear or comprehensible.  In responding to this

18   Request, Ricoh has construed "the Kobayashi Patents" to mean the '432 patent.  Ricoh

19   further objects to this Request to the extent it seeks documents that are not in Ricoh's

20   possession, custody or control, including (without limitation) any such documents of

21   third parties.  However, subject to and without waiving the Objections to Definitions and

22   Instructions and foregoing objections, Ricoh will produce any responsive, non-

23   privileged documents in its possession, custody or control relating to the '432 patent that

24   can be located after a reasonable search.

25

26

27

28

1    **REQUEST NO. 13:**

2

3        All publications, articles, presentations, technical disclosures and other such

4    documents (including drafts of articles, cover letters for article submissions,

5    correspondence from publishers and cited sources) regarding, referring or relating to the

6    design or verification of application specific integrated circuits, or the subject matter of

7    the Kobayashi Patents.

     **RESPONSE:**

8

9        Ricoh objects to this Request as overly broad and not reasonably relevant to a

10   claim or defense of any party to the extent it seeks documents regarding, referring or

11   relating to the subject matter of patents not asserted in this litigation. Ricoh further

12   objects to this Request as vague in that "subject matter of the Kobayashi Patents" is not

13   adequately defined in a way to be clear and comprehensible. Ricoh has, however,

14   construed "subject matter of the Kobayashi Patents" to mean the inventions recited in

15   claims 13-20 of the '432 patent. Ricoh further objects to this Request to the extent that it

16   seeks documents and things that do not regard, refer or relate to activities occurring in

17   the United States, or patents or publications. In responding to this Request, Ricoh has

18   construed "the Kobayashi Patents" to mean the '432 patent. Ricoh further objects to this

19   Request to the extent it seeks documents that are not in Ricoh's possession, custody or

20   control, including (without limitation) any such documents of third parties. However,

21   subject to and without waiving the Objections to Definitions and Instructions and

22   foregoing objections, Ricoh will produce any responsive, non-privileged documents in

23   its possession, custody or control relating to the '432 patent that can be located after a

24   reasonable search.

25

26   **REQUEST NO. 14:**

27       All documents regarding, referring or relating to the conception or research

28   and development of the alleged inventions which are the subject matter of the Kobayashi

1  Patents, including but not limited to invention disclosure documents, notes, notebook

2  entries, sketches, drawings, schematics, memoranda, reports, correspondence, records of

3  tests and records of meetings.

4  **RESPONSE:**

5        Ricoh objects to this Request as overly broad and not reasonably relevant to a

6  claim or defense of any party to the extent it seeks documents regarding, referring or

7  relating to inventions which are the "subject matter of" patents not asserted in this

8  litigation.  Ricoh further objects to this Request as vague in that "subject matter of the

9  Kobayashi Patents" is not adequately defined in a way to be clear and comprehensible.

10  In response to this Request, Ricoh has construed "inventions which are the subject matter

11  of the Kobayashi Patents" to mean inventions recited in claims 13-20 of the '432 patent.

12  Ricoh further objects to this Request to the extent that it seeks documents that are not in

13  Ricoh's possession, custody or control, including (without limitation) any such

14  documents of third parties.  However, subject to and without waiving the Objections to

15  Definitions and Instructions and foregoing objections,  Ricoh will produce any

16  responsive, non-privileged documents in its possession, custody or control relating to the

17  '432 that can be located after a reasonable search .

18

19  **REQUEST NO. 15:**

20

21        All documents regarding, referring or relating to the reduction to practice of

22  the alleged inventions which are the subject matter of the Kobayashi Patents, including

23  but not limited to invention disclosure statements, notes, notebook entries, sketches,

24  drawings, schematics, memoranda, reports, correspondence, records of tests and records

25  of meetings.

26

27

28

1  **RESPONSE:**

2        Ricoh objects to this Request as overly broad and not reasonably relevant to a

3  claim or defense of any party to the extent it seeks documents regarding, referring or

4  relating to inventions which are the "subject matter of" patents not asserted in this

5  litigation. Ricoh further objects to this Request as vague in that "subject matter of the

6  Kobayashi Patents" is not adequately defined in a way to be clear and comprehensible.

7  Ricoh has, however, construed "inventions which are the subject matter of the Kobayashi

8  Patents" to mean inventions recited in claims 13-20 of the '432 patent. Subject to and

9  without waiving the Objections to Definitions and Instructions and foregoing objections,

10  Ricoh will produce any responsive, non-privileged documents in its possession, custody

11  or control relating to the '432 that can be located after a reasonable search.

12

13  **REQUEST NO. 16:**

14

15        All documents regarding, referring or relating to any diligent effort, between

the time of alleged conception and the time of alleged reduction to practice, to reduce the

16

alleged inventions which are the subject matter of the Kobayashi Patents to practice,

17

including but not limited to invention disclosure documents, notes, notebooks, entries,

18

sketches, drawings, schematics, memoranda, reports, correspondence, records of tests

19

and records of meetings.

20  **RESPONSE:**

21

22        Ricoh objects to this Request as overly broad and not reasonably relevant to a

claim or defense of any party to the extent it seeks documents regarding, referring or

23

relating to inventions which are the "subject matter of" patents not asserted in this

24

litigation. Ricoh further objects to this Request as vague in that "subject matter of the

25

Kobayashi Patents" is not adequately defined in a way to be clear and comprehensible.

26

In response to this Request, Ricoh has construed "inventions which are the subject matter

27

of the Kobayashi Patents" to mean inventions recited in claims 13-20 of the '432 patent.

28

1    Ricoh further objects to this Request to the extent it seeks documents that are not in

2    Ricoh's possession, custody or control, including (without limitation) any such

3    documents of third parties.  Subject to and without waiving the Objections to Definitions

4    and Instructions and foregoing objections,  Ricoh will produce any responsive, non-

5    privileged documents in its possession, custody or control relating to the '432 that can be

6    located after a reasonable search.

7

8    **REQUEST NO. 17:**

9

10       All documents regarding, referring or relating to the first disclosure of the

     alleged inventions that are the subject matter of the Kobayashi Patents to anyone,

11

12   including persons inside or outside of Ricoh, and including documents sufficient to show

     when each such disclosure occurred.

13

14   **RESPONSE:**

15       Ricoh objects to this Request as overly broad and not reasonably relevant to a

16   claim or defense of any party to the extent it seeks documents regarding, referring or

17   relating to inventions that are the "subject matter of" patents not asserted in this

18   litigation.  Ricoh further objects to this Request as vague in that "subject matter of the

19   Kobayashi Patents" is not adequately defined in a way to be clear and comprehensible.

20   Ricoh has, however, construed "inventions that are the subject matter of the Kobayashi

21   Patents" to mean inventions recited in claims 13-20 of the '432 patent.  Ricoh further

22   objects to this Request as vague in that "first disclosure… to anyone, including persons

23   inside or outside of Ricoh" is not adequately defined in a way to be clear or

24   comprehensible.  Ricoh has, however, construed the phrase to mean the first disclosure

25   known to Ricoh (whether such disclosure was made to persons within Ricoh or to third

26   parties in the United States).  Ricoh further objects to this Request to the extent it seeks

27   documents that are not in Ricoh's possession, custody or control, including (without

28   limitation) any such documents of third parties.  Subject to and without waiving the

1  Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

2  any responsive, non-privileged documents in its possession, custody or control relating

3  to the '432 that can be located after a reasonable search.

4

5  **REQUEST NO. 18:**

6

7          All documents regarding, referring or relating to any use (including

8  experimental or commercial uses), disclosures, demonstration, offer for sale, advertising,

9  or promotional activity of any product that embodies or embodied any alleged invention

10 claimed in the Kobayashi Patents.

   **RESPONSE:**

11

12         Ricoh objects to this Request as overly broad and not reasonably relevant to a

13 claim or defense of any party to the extent it seeks documents regarding, referring or

14 relating to patents that are not asserted in this litigation.  In responding to this Request,

15 Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

16 to this request as overly broad and unduly burdensome and not reasonably relevant to a

17 claim or defense of any party to the extent it seeks production of documents including

18 use, disclosures, demonstration, offer for sale, advertising, or promotional activity of any

19 product after January 18, 1988.  Ricoh also objects to this Request as not reasonably

20 relevant to a claim or defense of any party to the extent that it seeks documents and

21 things that do not regard, refer or relate to activities occurring in the United States or to

22 patents or publications.  Subject to and without waiving the Objections to Definitions and

23 Instructions and foregoing objections, Ricoh will produce any responsive, non-privileged

24 documents in its possession, custody or control relating to the '432 that can be located

25 after a reasonable search.

26

27

28

**REQUEST NO. 19:**

All United States and foreign patents, patent applications and provisional applications, whether issued, pending, abandoned or otherwise withdrawn, regarding, referring or relating to the subject matter of the Kobayashi Patents.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents regarding, referring or relating to "the subject matter of" patents not asserted in this litigation and it seeks all patents, patent applications and provisional applications subsequent to the filing of the '432 patent. In responding to this Request, Ricoh has construed "Kobayashi Patents" to mean the '432 patent. However, subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will produce any responsive, non-privileged documents in its possession, custody or control relating to the '432 that can be located after a reasonable search.

**REQUEST NO. 20:**

All documents regarding, referring or relating to the prosecution of the applications that led to the Kobayashi Patents, and any foreign counterparts of the Kobayashi Patents, and any application for reissues, reexamination, continuation, continuation in part or divisional application claiming any benefit of any filing date from any application that led to the issuance of the Kobayashi Patents, including without limitation files from Ricoh's legal department, the files of outside counsel who advised Ricoh regarding these patents or the files of technical persons at Ricoh who consulted or assisted regarding the prosecution of the applications.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents regarding, referring or

1    relating to patents that are not asserted in this litigation. In responding to this Request,

2    Ricoh has construed "Kobayashi Patents" to mean the '432 patent. Ricoh further objects

3    to this Request to the extent it seeks documents subject to the attorney client, work

4    product or other privilege. Ricoh further objects to this Request to the extent it seeks

5    documents that are not in Ricoh's possession, custody or control, including (without

6    limitation) any such documents of third parties. Subject to and without waiving the

7    Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

8    any responsive, non-privileged documents in its possession, custody or control relating

9    to the '432 that can be located after a reasonable search.

10

11   **REQUEST NO. 21:**

12          All documents regarding, referring or relating to any interview, presentation,

13   or other communication made to, or received from, PTO personnel in connection with

14   the prosecution of the Kobayashi Patents, including without limitation, reports and notes

15   made before, during or after such interviews and presentations, letter of transmittal,

16   communications, and records of communications.

17   **RESPONSE:**

18

19          Ricoh objects to this Request as overly broad and not reasonably relevant to a

20   claim or defense of any party to the extent it seeks documents regarding, referring or

21   relating to patents that are not asserted in this litigation. In responding to this Request,

22   Ricoh has construed "Kobayashi Patents" to mean the '432 patent. Ricoh further objects

23   to this Request to the extent it seeks documents subject to attorney client, work product

24   or other privilege. Ricoh further objects to this Request to the extent it seeks documents

25   that are not in Ricoh's possession, custody or control, including (without limitation) any

26   such documents of third parties. Subject to and without waiving the Objections to

27   Definitions and Instructions and foregoing objections, Ricoh will produce any

28

1    responsive, non-privileged documents in its possession, custody or control relating to the

2    '432 that can be located after a reasonable search.

3

4    **REQUEST NO. 22:**

5

         All documents ever considered by or on behalf of Ricoh as possibly regarding,

6

     referring or relating to any device or process which might possibly be prior art with

7

     respect to the Kobayashi Patents, or any foreign counterpart or patent application,

8

     including but not limited to documents resulting from any prior art or patentability

9

     search, from examination in or by the PTO or any foreign patent office or authority, or

10

     from research conducted by or on behalf of Ricoh or provided to Ricoh by another party.

11   **RESPONSE:**

12

         Ricoh objects to this Request as overly broad and not reasonably relevant to a

13

     claim or defense of any party to the extent it seeks documents regarding, referring or

14

     relating to patents that are not asserted in this litigation.  In responding to this Request,

15

     Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

16

     to this Request as vague in that "possibly" is not adequately defined in a way to be clear

17

     or comprehensible.  Ricoh further objects to this Request to the extent it seeks documents

18

     subject to attorney client, work product or other privilege.  Ricoh further objects to this

19

     Request to the extent it seeks documents that are not in Ricoh's possession, custody or

20

     control, including (without limitation) any such documents of third parties.  Subject to

21

     and without waiving the Objections to Definitions and Instructions and foregoing

22

     objections, Ricoh will produce any responsive, non-privileged documents in its

23

     possession, custody or control relating to the '432 that can be located after a reasonable

24

     search.

25

26

27

28

1 | **REQUEST NO. 23:**

2

3        All documents that are known to Ricoh or have been asserted by anyone as

4   being relevant to the validity, enforceability and/or scope of any of the claims of the

5   Kobayashi Patents.

    **RESPONSE:**
6

7        Ricoh objects to this Request as overly broad and not reasonably relevant to a

8   claim or defense of any party to the extent it seeks documents regarding, referring or

9   relating to patents that are not asserted in this litigation.  In responding to this Request,

10  Ricoh has construed "Kobayashi Patents" to mean the '432 patent and "PTO" to mean the

11  U.S. Patent and Trademark Office.  Ricoh further objects to this Request to the extent it

12  seeks documents that are not in Ricoh's possession, custody or control, including

13  (without limitation) any such documents of third parties.  Additionally, Ricoh objects to

14  this Request as overly burdensome and vague to the extent that it seeks documents that

15  (as an alternative to being known to Ricoh), "have been asserted by anyone".  Ricoh

16  further objects to this Request to the extent it seeks documents subject to attorney client,

17  work product or other privilege.  Ricoh further objects to this Request to the extent it

18  seeks documents that are not in Ricoh's possession, custody or control, including

19  (without limitation) any such documents of third parties.  Subject to and without waiving

20  the Objections to Definitions and Instructions and foregoing objections,  Ricoh will

21  produce any responsive, non-privileged documents in its possession, custody or control

22  relating to the '432 that can be located after a reasonable search.

23

24 | **REQUEST NO. 24:**

25

26        All documents and things, including searches, studies, or opinions, prepared

27  by or on behalf of Ricoh regarding, referring or relating to the validity or invalidity,

28  patentability, enforceability or scope of the Kobayashi Patents, including any analysis of

1   prior art references cited by the PTO or any foreign patent office in connection with the

2   prosecution of the Kobayashi Patents, any related patent or a foreign counterpart.

3   **RESPONSE:**

4           Ricoh objects to this Request as overly broad and not reasonably relevant to a

5   claim or defense of any party to the extent it seeks documents regarding, referring or

6   relating to patents that are not asserted in this litigation.  In responding to this Request,

7   Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

8   to this Request to the extent it seeks documents subject to attorney client, work product

9   or other privilege.  Ricoh further objects to this Request to the extent it seeks documents

10  that are not in Ricoh's possession, custody or control, including (without limitation) any

11  such documents of third parties.  Subject to and without waiving the Objections to

12  Definitions and Instructions and foregoing objections,  Ricoh will produce any

13  responsive, non-privileged documents in its possession, custody or control relating to the

14  '432 that can be located after a reasonable search.

15

16  **REQUEST NO. 25:**

17

18          All documents regarding, referring or relating to Ricoh's interpretations of the

19  claims of the Kobayashi Patents, including without limitation documents generated in

20  connection with any prior suits or threat of suit, documents containing allegations of

21  infringement, infringement studies or analyses or statements regarding, referring or

22  relating to the meaning, scope, or application of the Kobayashi Patents.

23  **RESPONSE:**

24          Ricoh objects to this Request as overly broad and not reasonably relevant to a

25  claim or defense of any party to the extent it seeks documents regarding, referring or

26  relating to patents that are not asserted in this litigation.  In responding to this Request,

27  Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

28  to this Request to the extent that it seeks documents subject to attorney client, work

1  product or other privilege. Ricoh further objects to this Request as premature to the

2  extent that it seeks claim charts setting forth Ricoh's claim construction where such charts

3  have not been previously presented to third parties. Ricoh objects to this request to the

4  extent that it potentially calls for claim interpretation prematurely. Ricoh will produce

5  claim interpretations at a time established by and to the extent required by a scheduling

6  order in this case, subject to any other objections. Subject to and without waiving the

7  Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

8  any responsive, non-privileged documents in its possession, custody or control relating

9  to the '432 that can be located after a reasonable search.

10

11  **REQUEST NO. 26:**

12
13       All documents regarding, referring or relating to any alleged commercial

14  success of any alleged invention claimed in the Kobayashi Patents, including but not

15  limited to:

16       a)  Documents showing the nexus between the alleged commercial success and

17  the claimed subject matter of the Kobayashi Patents;

18
19       b)  Documents identifying the allegedly commercially successful devices or

20  processes falling within the claims of the Kobayashi Patents.

21       c)  Documents showing licensing revenue attributed to licensing of any

22  invention claimed in the Kobayashi Patents;

23
24       d)  Documents showing the total market in which the device or process of any

25  alleged invention claimed in any of the Kobayashi Patents competes and the percent of

26  that market (based on units or dollars) which is attributable to the products of said

27  invention;

28

1          e)  Documents showing commendation or tribute by competitors, customers,

2    or others in the industry to any alleged advance attributed to any devices or processes

3    allegedly covered by any claim of the Kobayashi Patents; and

4

5          f)  Documents showing actual savings achieved in commercial practice by use

6    of any devices or processes allegedly covered by any claims of the Kobayashi Patents and

7    the basis for computing such savings.

**RESPONSE:**

8

9          Ricoh objects to this Request as overly broad and not reasonably relevant to a

10   claim or defense of any party to the extent it seeks documents regarding, referring or

11   relating to patents that are not asserted in this litigation.  In responding to this Request,

12   Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

13   to this Request as overly broad and unduly burdensome in that no time period is

14   specified.  To the extent this Request seeks documents related to objective indications of

15   non-obviousness, Ricoh objects to this Request as premature since discovery has just

16   commenced and unduly burdensome in that Defendants have not provided any

17   discovery in support of an obviousness defense.  Subject to and without waiving the

18   Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

19   any responsive, non-privileged documents in its possession, custody or control relating

20   to the '432 that can be located after a reasonable search.

21

**REQUEST NO. 27:**

22

23         All documents regarding, referring or relating to, or contradicting, any

24   "secondary" consideration of obviousness with respect to any alleged invention claimed

25   in the Kobayashi Patents, including but not limited to:

26

27

28

1     a)  alleged prior attempts and failures of Ricoh, its assignors, or others in the

2  art to make the advances or to solve the problems allegedly made or solved by any

3  alleged invention claimed in the Kobayashi Patents;

4

5     b)  any alleged long felt need in the industry which was allegedly satisfied in

6  whole or in part by any product covered by any claim of the Kobayashi Patents; and

7     c)  any alleged initial skepticism relating to products of any alleged invention

8  claimed in the Kobayashi Patents.

9  **RESPONSE:**

10     Ricoh objects to this Request as overly broad and not reasonably relevant to a

11  claim or defense of any party to the extent it seeks documents regarding, referring or

12  relating to patents that are not asserted in this litigation.  In responding to this Request,

13  Ricoh has construed "Kobayashi Patents" to mean the '432 patent.  Ricoh further objects

14  to this Request as overly broad and unduly burdensome in that no time period is

15  specified.  Ricoh also objects to this request as premature since discovery has just

16  commenced and unduly burdensome in that Defendants have not provided any

17  discovery in support of an obviousness defense.  Further, to the extent that this Request

18  seeks documents including prior attempts and failures, or long felt need or initial

19  skepticism after May 1, 1990, Ricoh objects to this Request as not reasonably relevant to a

20  claim or defense of any party.  Ricoh further objects to this Request to the extent that it

21  seeks documents that are not in Ricoh's possession, custody or control, including

22  (without limitation) any such documents of third parties.  However, subject to and

23  without waiving the Objections to Definitions and Instructions and foregoing objections,

24  Ricoh will produce any responsive, non-privileged documents in its possession, custody

25  or control relating to the '432 that can be located after a reasonable search.

26

27

28

1 **REQUEST NO. 28:**

2

3      All documents regarding, referring or relating to Ricoh's policies for

maintenance, destruction or retention of documents or files.

4 **RESPONSE:**

5

6      Subject to and without waiving the objections to Definitions and Instructions,

Ricoh will produce any representative, responsive, non-privileged documents in its

7 possession, custody or control that can be located after a reasonable search.

8

9 **REQUEST NO. 29:**

10

11      All documents relating to any communications by Ricoh, its counsel, or agents

12 and persons recruited to offer opinions and information regarding design synthesis

13 technologies prior to initiation of the present lawsuit, including communications with

14 James Davis, Donald Thomas and Giovanni De Micheli.

15 **RESPONSE:**

16      Ricoh objects to this Request as overly broad and not reasonably relevant to a

17 claim or defense of any party to the extent it seeks documents regarding, referring or

18 relating to communications that are not the subject of this litigation. For example, the

19 request as worded seeks all communications by Ricoh's counsel on any topic and for any

20 client. The request, therefore, is vague, indefinite, confusing and overly broad. Ricoh

21 further objects to this Request to the extent it seeks documents subject to attorney client,

22 work product or other privilege. Ricoh further objects to this Request as premature since

23 discovery has just commenced and to the extent it requests Ricoh to identify and produce

24 documents from experts. Ricoh will identify and produce information from and about

25 experts to which Defendants are entitled in accordance with the Federal Rules and

26 consistent with the Scheduling Order in this case. However, subject to and without

27 waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh

28

1    will produce any responsive, non-privileged documents in its possession, custody or

2    control relating to the '432 that can be located after a reasonable search.

3

4    **REQUEST NO. 30:**

5

6        All documents constituting or relating to any communications between any of

7    Ricoh, International Chip Corporation, Knowledge Based Silicon, Hideaki Kobayashi,

8    Masahiro Shindo, James Davis and any other party regarding licensing of the Kobayashi

9    Patents or the technologies discussed in those patents.

     **RESPONSE:**

10       Ricoh objects to this Request as overly broad and not reasonably relevant to a

11   claim or defense of any party to the extent it seeks documents regarding, referring or

12   relating to patents or technologies discussed in patents that are not asserted in this

13   litigation.  In responding to this Request, Ricoh has construed "Kobayashi Patents" to

14   mean the '432 patent.  Ricoh further objects to the extent the request seeks all

15   communications regarding the "technologies" in the patents as being vague and

16   indefinite, unlimited to any time period and overly broad.  For example, does the request

17   seek all communications Ricoh has had with any party at any time with respect to any of

18   the Ricoh products made using a process covered by one or more claims of the '432

19   patent?  Ricoh also objects to this Request to the extent it seeks documents that are not in

20   Ricoh's possession, custody or control, including (without limitation) any such

21   documents of third parties.  However, subject to and without waiving the Objections to

22   Definitions and Instructions and foregoing objections, Ricoh will produce any

23   responsive, non-privileged documents in its possession, custody or control relating to the

24   '432 that can be located after a reasonable search.

25

26

27

28

**REQUEST NO. 31:**

All documents referring or relating to a meeting between representatives of Knowledge Based Silicon Corporation and representatives of Synopsys, Inc., held at the time of the 1991 ACM/IEEE Design Automation Conference in San Francisco, California.

**RESPONSE:**

Ricoh objects to this Request to the extent it seeks documents of third parties (including, without limitation, documents of third party representatives of Knowledge Based Silicon Corporation) not in Ricoh's possession, custody or control related to the '432 that can be located after a reasonable search. Subject to and without waiving the foregoing and Objections to Definitions and Instructions, Ricoh will produce any responsive, non-privileged documents in its possession, custody or control relating to the '432 that can be located after a reasonable search.

**REQUEST NO. 32:**

All documents consulted, reviewed and/or relied on in responding to any Interrogatory in this action.

**RESPONSE:**

Subject to and without waiving the Objections to Definitions and Instructions and the objections set forth in Ricoh's responses to interrogatories and any other objections, Ricoh will produce any responsive, non-privileged documents in its possession, custody or control relating to the '432 that can be located after a reasonable search.

**REQUEST NO. 33:**

All documents regarding, referring, or relating to the relationship between Ricoh and International Chip Corporation ("ICC"), including but not limited to, any contractual or financial relationship between Ricoh and ICC.

1  **RESPONSE:**

2      Ricoh objects to this Request as overly broad and not reasonably relevant to a

3  claim or defense of any party to the extent it seeks documents and things related to the

4  subject matter of patents not asserted in this litigation.  Subject to and without waiving

5  the Objections to Definitions and Instructions and foregoing objections, Ricoh will

6  produce any responsive, non-privileged documents in its possession, custody or control

7  relating to the '432 that can be located after a reasonable search.

8

9  **REQUEST NO. 34:**

10      All documents regarding, referring, or relating to any projects, including research

11  and development projects, which were the result of or based upon the relationship

12  between Ricoh and ICC.

13  **RESPONSE:**

14      Ricoh objects to this Request as overly broad and not reasonably relevant to a

15  claim or defense of any party to the extent it seeks documents and things related to the

16  subject matter of patents not asserted in this litigation.  In response to this request, Ricoh

17  has construed "projects, including research and development projects, which were the

18  result of or based upon the relationship between Ricoh and ICC" to mean generally the

19  inventions recited in claims 13-20 of the '432 patent.  Subject to and without waiving the

20  Objections to Definitions and Instructions and foregoing objections, Ricoh will produce

21  any responsive, non-privileged documents in its possession, custody or control relating

22  to the '432 that can be located after a reasonable search.

23

24  **REQUEST NO. 35:**

25      All documents regarding, referring, or relating to the design, development and

26  operation of any product or system that resulted from or was based on joint development

27  work between Ricoh and ICC.

28

1    **RESPONSE:**

2         Ricoh objects to this Request as overly broad and not reasonably relevant to a

3    claim or defense of any party to the extent it seeks documents and things related to the

4    subject matter of patents not asserted in this litigation.  In response to this request, Ricoh

5    has construed "any product or system that resulted from or was based on joint

6    development work between Ricoh and ICC" to mean generally the inventions recited in

7    claims 13-20 of the '432 patent.  Subject to and without waiving the Objections to

8    Definitions and Instructions and foregoing objections, Ricoh will produce any

9    responsive, non-privileged documents in its possession, custody or control relating to the

10   '432 that can be located after a reasonable search.

11

12   **REQUEST NO. 36:**

13        All documents regarding, referring, or relating to the relationship between

14   Ricoh and Knowledge Based Silicon Corporation ("KBS"), including but not limited to,

15   any contractual or financial relationship between Ricoh and KBS.

16   **RESPONSE:**

17        Ricoh objects to this Request as overly broad and not reasonably relevant to a

18   claim or defense of any party to the extent it seeks documents and things related to the

19   subject matter of patents not asserted in this litigation.  Subject to and without waiving

20   the Objections to Definitions and Instructions and foregoing objections, Ricoh will

21   produce any responsive, non-privileged documents in its possession, custody or control

22   relating to the '432 that can be located after a reasonable search.

23

24   **REQUEST NO. 37:**

25        All documents regarding, referring, or relating to any projects, including research

26   and development projects, which were the result of or based upon the relationship

27   between Ricoh and KBS.

28

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and things related to the subject matter of patents not asserted in this litigation. In response to this request, Ricoh has construed "projects, including research and development projects, which were the result of or based upon the relationship between Ricoh and KBS" to mean generally the inventions recited in claims 13-20 of the '432 patent. Subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will produce any responsive, non-privileged documents in its possession, custody or control relating to the '432 that can be located after a reasonable search.

**REQUEST NO. 38:**

All documents regarding, referring, or relating to the design, development and operation of any product or system that resulted from or was based on joint development work between Ricoh and KBS.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and things related to the subject matter of patents not asserted in this litigation. In response to this request, Ricoh has construed "joint development work between Ricoh and KBS" to mean generally the inventions recited in claims 13-20 of the '432 patent. Subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will produce any responsive, non-privileged documents in its possession, custody or control relating to the '432 that can be located after a reasonable search.

**REQUEST NO. 39:**

All documents regarding, referring, or relating to any communications or agreements between Ricoh and ICC regarding the use of intellectual property including,

1   but not limited to, any agreement regarding the assertion of U.S. Patent Nos. 4,922,432 or

2   5,197,016 (the '432 and '016 patents respectively) or regarding payment of any

3   maintenance fees associated with these patents.

4   **RESPONSE:**

5       Ricoh objects to this Request as overly broad and not reasonably relevant to a

6   claim or defense of any party to the extent it seeks documents and things related to the

7   subject matter of patents not asserted in this litigation. Subject to and without waiving

8   the Objections to Definitions and Instructions and foregoing objections, Ricoh will

9   produce any responsive, non-privileged documents in its possession, custody or control

10   relating to the '432 that can be located after a reasonable search.

11

12   **REQUEST NO. 40:**

13       All documents regarding, referring, or relating to any communications or

14   agreements between Ricoh and KBS regarding the use of intellectual property including,

15   but not limited to, any agreement regarding the assertion of the '432 and '016 patents or

16   regarding the payment of any maintenance fees associated with these patents.

17   **RESPONSE:**

18       Ricoh objects to this Request as overly broad and not reasonably relevant to a

19   claim or defense of any party to the extent it seeks documents and things related to the

20   subject matter of patents not asserted in this litigation. Subject to and without waiving

21   the Objections to Definitions and Instructions and foregoing objections, Ricoh will

22   produce any responsive, non-privileged documents in its possession, custody or control

23   relating to the '432 that can be located after a reasonable search.

24

25   **REQUEST NO. 41:**

26       All documents regarding, referring, or relating to the design, development, and

27   operation of the KBSC system described in the '432 patent.

28

1  **RESPONSE:**

2       Ricoh objects to this Request as overly broad and not reasonably relevant to a

3  claim or defense of any party to the extent it seeks documents and things related to the

4  subject matter of patents not asserted in this litigation. Ricoh further objects to this

5  Request to the extent it seeks documents that are not in Ricoh's possession, custody or

6  control, including (without limitation) any such documents of third persons. Subject to

7  and without waiving the Objections to Definitions and Instructions and foregoing

8  objections, Ricoh will produce any responsive, non-privileged documents in its

9  possession, custody or control relating to the '432 that can be located after a reasonable

10 search.

11

12 **REQUEST NO. 42:**

13       All documents regarding, referring, or relating to the design, development, and

14 operation of the EDSIM described in the '432 patent.

15 **RESPONSE:**

16       Ricoh objects to this Request as overly broad and not reasonably relevant to a

17 claim or defense of any party to the extent it seeks documents and things related to the

18 subject matter of patents not asserted in this litigation. Ricoh further objects to this

19 Request to the extent it seeks documents that are not in Ricoh's possession, custody or

20 control, including (without limitation) any such documents of third persons. Subject to

21 and without waiving the Objections to Definitions and Instructions and foregoing

22 objections, Ricoh will produce any responsive, non-privileged documents in its

23 possession, custody or control relating to the '432 that can be located after a reasonable

24 search.

25

26 **REQUEST NO. 43:**

27       All documents regarding, referring, or relating to the design, development, and

28 operation of the PSCS program described in the '432 patent.

1   **RESPONSE:**

2       Ricoh objects to this Request as overly broad and not reasonably relevant to a

3   claim or defense of any party to the extent it seeks documents and things related to the

4   subject matter of patents not asserted in this litigation. Ricoh further objects to this

5   Request to the extent it seeks documents that are not in Ricoh's possession, custody or

6   control, including (without limitation) any such documents of third persons. Subject to

7   and without waiving the Objections to Definitions and Instructions and foregoing

8   objections, Ricoh will produce any responsive, non-privileged documents in its

9   possession, custody or control relating to the '432 that can be located after a reasonable

10   search.

11

12   **REQUEST NO. 44:**

13       All documents regarding, referring, or relating to the design, development, and

14   operation of any product, or proposed product, developed under the name "REX."

15   **RESPONSE:**

16       Ricoh objects to this Request as overly broad and not reasonably relevant to a

17   claim or defense of any party to the extent it seeks documents and things related to the

18   subject matter of patents not asserted in this litigation. Ricoh further objects to this

19   Request to the extent it seeks documents that are not in Ricoh's possession, custody or

20   control, including (without limitation) any such documents of third persons. Subject to

21   and without waiving the Objections to Definitions and Instructions and foregoing

22   objections, Ricoh will produce any responsive, non-privileged documents in its

23   possession, custody or control relating to the '432 that can be located after a reasonable

24   search.

25

26   **REQUEST NO. 45:**

27       All documents regarding, referring, or relating to the design, development, and

28   operation of any product, or proposed product, developed under the name "CAKE."

1 **RESPONSE:**

2      Ricoh objects to this Request as overly broad and not reasonably relevant to a

3 claim or defense of any party to the extent it seeks documents and things related to the

4 subject matter of patents not asserted in this litigation. Ricoh further objects to this

5 Request to the extent it seeks documents that are not in Ricoh's possession, custody or

6 control, including (without limitation) any such documents of third persons. Subject to

7 and without waiving the Objections to Definitions and Instructions and foregoing

8 objections, Ricoh will produce any responsive, non-privileged documents in its

9 possession, custody or control relating to the '432 that can be located after a reasonable

10 search.

11

12 **REQUEST NO. 46:**

13      All documents regarding, referring, or relating to any attempts to license, or

14 obtain other payment in connection with, any of the '432 and '016 patents, or patents

15 claiming priority from the same applications as the '432 and '016 patents.

16 **RESPONSE:**

17      Ricoh objects to this Request as overly broad and not reasonably relevant to a

18 claim or defense of any party to the extent it seeks documents and things related to the

19 subject matter of patents not asserted in this litigation. Ricoh further objects to this

20 Request to the extent it seeks documents that are not in Ricoh's possession, custody or

21 control, including (without limitation) any such documents of third persons. Subject to

22 and without waiving the Objections to Definitions and Instructions and foregoing

23 objections, Ricoh will produce any responsive, non-privileged documents in its

24 possession, custody or control relating to the '432 that can be located after a reasonable

25 search.

26

27

28

1  **REQUEST NO. 47:**

2      All documents relating to commercial and/or business transactions between Ricoh

3  Company, Ltd. and any subsidiary organized to do business in California, including, but

4  not limited to, Ricoh Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc.,

5  and Ricoh Electronics, Inc.

6  **RESPONSE:**

7      Ricoh objects to this Request as overly broad and not reasonably relevant to a

8  claim or defense of any party to the extent it seeks documents and things related to the

9  subject matter of patents not asserted in this litigation. Ricoh further objects to this

10  Request to the extent it seeks documents that are not in Ricoh's possession, custody or

11  control, including (without limitation) any such documents of third persons.  Subject to

12  and without waiving the Objections to Definitions and Instructions and foregoing

13  objections, Ricoh will not produce any documents responsive to this request.

14

15  **REQUEST NO. 48:**

16      Documents sufficient to identify the source of revenues for any subsidiary of

17  Ricoh engaging in business in California, including but not limited to Ricoh Corporation,

18  Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc. This

19  production should include documents sufficient to identify the products sold (including

20  model and volume) in each of the last five years.

21  **RESPONSE:**

22      Ricoh objects to this Request as overly broad and not reasonably relevant to a

23  claim or defense of any party to the extent it seeks documents and things related to the

24  subject matter of patents not asserted in this litigation. Ricoh further objects to this

25  Request to the extent it seeks documents that are not in Ricoh's possession, custody or

26  control, including (without limitation) any such documents of third persons.  Subject to

27  and without waiving the Objections to Definitions and Instructions and foregoing

28  objections, Ricoh will not produce any documents responsive to this request.

**REQUEST NO. 49:**

Documents relating to the formation, organization, business goals, mandate and corporate charter of any subsidiary of Ricoh Company, Ltd. engaged in business in California, including but not limited to Ricoh Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and things related to the subject matter of patents not asserted in this litigation. Ricoh further objects to this Request to the extent it seeks documents that are not in Ricoh's possession, custody or control, including (without limitation) any such documents of third persons. Subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will not produce any documents responsive to this request.

**REQUEST NO. 50:**

Documents sufficient to identify the amount of any cash flows, dividends, transfers or other payments between any subsidiary of Ricoh Company, Ltd. engaged in business in California (including, but not limited to, Rich Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc., and Ricoh Electronics, Inc.), and Ricoh Company, Ltd. or any subsidiary, direct or indirect, of Ricoh Company, Ltd.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and things related to the subject matter of patents not asserted in this litigation. Ricoh further objects to this Request to the extent it seeks documents that are not in Ricoh's possession, custody or control, including (without limitation) any such documents of third persons. Subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will not produce any documents responsive to this request.

**REQUEST NO. 51:**

All communications between executives of any subsidiary of Ricoh Company, Ltd. engaged in business in California (including, but not limited to, Ricoh Corporation, Ricoh Business Systems, Inc., Ricoh Silicon Valley, Inc. and Ricoh Electronics, Inc.) and persons employed by, or otherwise associated with, Ricoh Company, Ltd., or any other subsidiary, direct or indirect, of Ricoh Company, Ltd. relating to any of:

- business transactions,
- transfers of goods, or
- transfers of money

between Ricoh Company, Ltd. and any subsidiary or between any two subsidiaries.

**RESPONSE:**

Ricoh objects to this Request as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and things related to the subject matter of patents not asserted in this litigation. Ricoh further objects to this Request to the extent it seeks documents that are not in Ricoh's possession, custody or control, including (without limitation) any such documents of third persons. Subject to and without waiving the Objections to Definitions and Instructions and foregoing objections, Ricoh will not produce any documents responsive to this request.

Dated: December 22, 2003

Respectfully submitted,
Ricoh Company, Ltd.

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone: (202) 785-9700
Fax: (202) 887-0689

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone: (212) 835-1400
Fax: (212) 992-9880

Jeffrey B. Demain
Jonathan Weissglass
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

ATTORNEYS FOR DEFENDANT
RICOH COMPANY, LTD.

1    **PROOF OF SERVICE**

2    **CASE:**    *Synopsys, Inc. v. Ricoh Company, Ltd.*

3    **CASE NO:**    U.S. District Court, N.D. Cal., No. C03-2289 MJJ

4        I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street,
5    Suite 300, San Francisco, California 94108. On December 22, 2003, I served the following document(s):

6

7    **RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (1-51)**

8    on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

9

10        By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and mailing to the office of the addressee on the
11    date shown herein following ordinary business practices.

12    and

13        By Facsimile: I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the
14    following fax number(s):

15        **ADDRESSEE**              **PARTY**

16        Christopher L. Kelley, Esq.      Attorneys for Plaintiff
    Erik K. Moller, Esq.          Synopsys, Inc.
17        Teresa M. Corbin, Esq.
    Howrey Simon Arnold & White LLP
18        301 Ravenswood Avenue
    Menlo Park, CA 94025
19        Facsimile: 650/463-8400

20        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this December 22, 2003, at San Francisco, California.

21

22                               Edward Lin

23

24

25

26

27

28

PROOF OF SERVICE
*Synopsys, Inc. v. Ricoh Co., Ltd.*, N.D. Cal. Case No. C03-02289 MJJ

EXHIBIT F

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

July 28, 2004

**BY FACSIMILE AND U.S. MAIL**
**(650) 463-8400**

Matthew E. Hocker, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

Re:    *Synopsys Inc. v. Ricoh Company, Ltd*
       *Ricoh Company, Ltd. v. Aeroflex Incorporated, et al.*
       Our Ref.: R2180.0171

Dear Matt:

       Last Friday, I agreed to check with Ricoh to determine whether it had any version of the Knowledge Based Silicon Compiler software that Ricoh may have received from International Chip Corporation. It is further my understanding that you were preferably seeking an executable version and source code version circa 1987. During our meet and confer yesterday, I advised you that, to date, Ricoh has been unable to locate a copy of that software. Because Ricoh has been unable to locate this software, we think that Synopsys' motion to compel its production is not only improper for the many reasons we discussed yesterday, but would be futile.

       Please be advised that, if Synopsys seeks to compel production of this software, Ricoh will file a conditional cross-motion to compel production of all versions of the source code and executable versions (including any attendant files) of the Synopsys software that Ricoh identified in Section 3-1(f) of the joint claim construction statement. I have already had a meet and confer with Tom Mavrakakis with respect to this software, but I also am agreeable to adding it to the agenda for tomorrow's meet and confer.

Sincerely,

Kenneth Brothers

cc:  Gary Hoffman, Esq.
     Edward A. Meilman, Esq.
     Jeffrey Demain, Esq.

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

1802400 v1; 12MQ_01!.DOC

RECEIVED TIME    JUL. 28.    8:50AM

# FAX TRANSMISSION

DICKSTEIN
SHAPIRO
MORIN &
OSHINSKY
LLP

**DATE:**              July 28, 2004

**CLIENT NO.:**     R2180.0171

**MESSAGE TO:**    Matthew E. Hocker

**COMPANY:**        Howrey Simon Arnold & White LLP

**FAX NUMBER:**    (650) 463-8400

**PHONE:**            (650) 463-8100

**FROM:**             Kenneth W. Brothers

**PHONE:**            (202) 429-2184

**PAGES (Including Cover Sheet):**  __2__  **HARD COPY TO FOLLOW:**  __X__ YES  _____ NO

| SENT BY: | | DATE/TIME: | |
|----------|--|------------|--|

**MESSAGE:**

If your receipt of this transmission is in error, please notify this firm immediately by collect call to our Facsimile Department at 202-861-9106, and send the original transmission to us by return mail at the address below.

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated