1  Teresa M. Corbin (SBN 132360)
   Thomas Mavrakakis (SBN 177927)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
3  Menlo Park, California  94025
   Telephone:  (650) 463-8100
4  Facsimile:  (650) 463-8400

5  Attorneys for Defendants AEROFLEX INCORPORATED,
   AMI SEMICONDUCTOR, INC., MATROX
6  ELECTRONIC SYSTEMS, LTD., MATROX
   GRAPHICS INC., MATROX INTERNATIONAL
7  CORP. and MATROX TECH, INC. and for Plaintiff
   SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | Case No. C03-04669 MJJ (EMC) <br><br> Case No. C03-2289 MJJ (EMC) <br><br> **OPPOSITION AND RESPONSE TO RICOH'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-10(b) TO STRIKE OVERLONG OPPOSITION BRIEF AND TO SET BRIEFING SCHEDULE AND LENGTH FOR REPLY BRIEF** |
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., a Japanese corporation <br><br> Defendant. | |

OPPOSITION AND RESPONSE TO RICOH'S
MISCELLANEOUS ADMINISTRATIVE REQUEST
TO STRIKE
Case Nos. 03-04669 MJJ(EMC) & 03-02289 MJJ(EMC)

HOWREY
SIMON
ARNOLD &
WHITE   Case Nos. 03-04669 MJJ (EMC) and 03-02289 MJJ (EMC)

## I.   ARGUMENT

Synopsys and the <u>seven</u> Defendants oppose Ricoh's procedurally improper and substantively unjustified request to: (1) strike Synopsys' and Defendants' Responsive claim construction brief; (2) preclude Synopsys' and Defendants' from <u>even</u> presenting extrinsic evidence in its brief; (3) permit Ricoh to file a <u>second</u> over-length brief—i.e., a reply brief; and (3) permit Ricoh extended time so that it can file that over-length reply brief.

Ricoh's opening claim construction brief, as filed, is well over 53 pages because it admittedly includes text in 10-point font. Ricoh filed this over-length brief without even attempting to meet and confer with Synopsys and Defendants and more importantly without any attempt to seek the Court's approval <u>before</u> filing it. Ricoh's brief, therefore, violated this Court's Local Rules 3-4(c)(2) and 7-4(b). Because of this and the hard-line tactics Ricoh now engages in, it is Ricoh's opening claim construction brief that should be stricken not Synopsys' and Defendants'.

In sharp contrast to Ricoh's complete disregard for the Local Rules and failure to even give Synopsys and Defendants any advance notice of its intent to submit well over 53 pages for its opening brief, Synopsys and Defendants prepared their responsive brief and sought Ricoh's agreement <u>before</u> filing an over-length brief. Rather than seeking to have Ricoh's brief stricken, Synopsys and Defendants, while preparing their papers within the <u>two</u> week period provided in the scheduling order agreed to by the parties months ago, obtained and filed a stipulation by the parties agreeing to Ricoh's already-filed over-length brief and to Synopsys and Defendants filing a responsive brief not to exceed 80 pages. That stipulation was filed on Wednesday, September 8, 2004—*i.e.*, two days <u>before</u> Synopsys and Defendants responsive brief was due on September 10, 2004.

On Friday, September 10, 2004, Synopsys and the <u>seven</u> Defendants filed <u>one</u> responsive claim construction brief that was 69 pages—well within the 80 pages agreed to by Ricoh. On the following court day, Monday, September 13, 2004, court staff e-filed an Order signed by the Court on September 10. The Court signed the proposed order provided with the parties' stipulation but modified the parties' stipulation by crossing out the 80 pages and replacing it with 53 pages. Almost immediately after receiving the Court's order, Ricoh's counsel demanded that Synopsys and Defendants re-file their

OPPOSITION AND RESPONSE TO RICOH'S                 2
MISCELLANEOUS ADMINISTRATIVE REQUEST
Case Nos. 03-04669 MJJ (EMC) & 03-02289 MJJ (EMC)

HOWREY
SIMON
ARNOLD &
WHITE

brief reducing it to within 53 pages.[1] Before counsel for Synopsys and Defendants could respond to these demands from Ricoh, Ricoh filed the instant Administrative Request. Because Defendants and Synopsys will re-file their responsive claim construction brief later today, Ricoh's request to strike Synopsys and Defendants brief is moot.[2]

Next, Ricoh seeks to improperly use the fact that the Court changed the parties agreed to stipulation from 80 to 53 pages <u>one</u> Court day after Synopsys and Defendants filed their responsive claim construction brief to support its <u>baseless</u> request to restrict the evidence that Synopsys and Defendants may present to support their arguments.[3] Specifically, Ricoh improperly asks this Court to preclude Synopsys and Defendants from even <u>presenting</u> any extrinsic evidence to support their arguments. Such a request finds <u>absolutely</u> no support in the law. While the Court may or may not choose to rely on extrinsic evidence to support its claim construction ruling in this case, nothing precludes Synopsys and Defendants from presenting such evidence. In fact, the Court has already rejected this argument by Ricoh.

Besides being already rejected by the Court, the Court should take notice of Ricoh's frantic effort to prevent the Court from having any evidence of what the claims mean to one of skill in the art. The reason for this is that Ricoh's constructions are contrary to how one of ordinary skill in the art would understand the '432 patent's public record, *i.e.*, the '432 patent, its file history, and the prior art cited therein. Thus, Ricoh wishes to keep any such evidence from the Court.

---

[1] Earlier that day, Ricoh's counsel also requested a page extension to 50 pages for its Reply and an extension of time until Wednesday, September 22, 2004.

[2] Ricoh complains that the paper filed exhibits to Synopsys' and Defendants' brief were not received until the afternoon of Monday, September 13. In fact, those exhibits were hand delivered to Ricoh's local counsel in San Francisco before the close of business on September 10, 2004.

[3] Ricoh also mischaracterizes Synopsys and Defendants brief by claiming that their over-length brief was necessitated by their including of extrinsic evidence. Ricoh is wrong. Even a quick glance at Synopsys' and Defendants' brief reveals that the added length can be attributed, for the most part, to their including of large portions of the intrinsic evidence in their brief—i.e., the claims, the specification, and the file history.

OPPOSITION AND RESPONSE TO RICOH'S                -2-
MISCELLANEOUS ADMINISTRATIVE REQUEST
Case Nos. 03-04669 MJJ(EMC) & 03-02289 MJJ(EMC)

HOWREY
SIMON
ARNOLD &
WHITE

Finally, Ricoh fails to adequately support its request for yet another over-length brief for its reply or for the belated change to the scheduling order that it agreed and stipulated to months ago. First, as noted above, Ricoh has already filed an over-length brief. Specifically, Ricoh exceeded the page limit for its opening claim construction brief by well over 28 pages (*i.e.*, filed 53 pages that included text in 10 point font). Ricoh has had Synopsys' and Defendants' positions on claim construction since mid-July and there is simply no excuse for its failure to include its position in its over-length opening brief. Thus, Ricoh has not provided any justification for a second over-length brief.

Second, Ricoh stipulated to the existing scheduling order, which currently requires them to serve and file their reply brief in the midst of Rosh Hashanah, on Friday, September 17, 2004. Ricoh's counsel does not even claim that they were unaware that this scheduling order conflicted with this Holiday when they agreed to this schedule. Ricoh's counsel never mentioned this conflict and has never made any attempt (until after Synopsys and Defendants filed their claim construction brief) to meet and confer with Synopsys and Defendants regarding this schedule. In fact, Synopsys' and Defendants' time to respond to Ricoh's opening brief encompassed the Labor Day weekend holiday. Thus, the parties could have agreed to a schedule, beforehand, accommodating everyone. Instead, Ricoh's counsel belatedly seeks to accommodate only their schedule and obtain additional time for Ricoh's reply. Ricoh has had Synopsys' and Defendants' position since mid-July and has had Synopsys' and Defendants' brief since last Friday, September 10, 2004. Thus, Ricoh has not provided any justification for its requested extension.

## II. CONCLUSION

For all of the foregoing reasons, Ricoh's Administrative Request should be denied in its entirety.

Dated: September 14, 2004

HOWREY SIMON ARNOLD & WHITE, LLP
By: /s/ Thomas C. Mavrakakis
Thomas C. Mavrakakis
Attorneys for Plaintiff Synopsys and Defendants
Aeroflex, et al.

OPPOSITION AND RESPONSE TO RICOH'S    -3-
MISCELLANEOUS ADMINISTRATIVE REQUEST
Case Nos. 03-04669 MJJ(EMC) & 03-02289 MJJ(EMC)

HOWREY SIMON ARNOLD & WHITE