1  Gary M. Hoffman (Pro Hac Vice)
   Kenneth W. Brothers (Pro Hac Vice)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (Pro Hac Vice)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br>     Plaintiff, <br>  vs. <br> AEROFLEX INCORPORATED, et al., <br>     Defendants <br> _____ <br><br> SYNOPSYS, INC., <br>     Plaintiff, <br>  vs. <br> RICOH COMPANY, LTD., <br>     Defendant. <br> _____ | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **RICOH'S OPPOSITION TO SYNOPSYS, INC.'S AND DEFENDANTS' MOTION TO SHORTEN TIME FOR HEARING ON MOTION REQUESTING EQUAL PRESENTATION TIME AT TUTORIAL** <br><br> **Date:  To Be Determined** <br> **Time:  To Be Determined** <br> **Courtroom:  11** <br> **Judge:  Judge Jenkins** |

Defendants Aeroflex Incorporated et al. and Synopsys, Inc. (collectively Defendants) have requested this Court to shorten the time for briefing and a hearing on their motion titled "Motion Requesting Equal Presentation Time At Tutorial". Ricoh Company, Ltd. (Ricoh) does not object to shortening the time but respectfully submits that the dates proposed by Defendants are unreasonable and should be modified.

A tutorial is currently scheduled for October 20, 2004. It has been apparent since the hearing with this Court on July 14, 2004[1] that Defendants intended to make a presentation at the tutorial under any circumstances. The interactions between the parties will be discussed in connection with the motion itself but in summary, the current situation is that only two (2) individuals were ever proposed to be a "neutral expert" and investigation has shown that both of these individuals were sufficiently associated with one or another of the parties to take them out of that category. Ricoh has attempted to prepare the tutorial to be as neutral and unbiased as possible. It presented Defendants with a highly detailed description of what it intended to present at the tutorial[2] while Defendants presented Ricoh with a bare bones list of bullet points[3] of the information they intended to present. On numerous occasions, in writing and during telephone conversations, Ricoh asked Defendants to identify what aspects of Ricoh's proposed presentation was allegedly biased and/or constituted claim construction assertions but Defendants never responded, instead choosing to explain their contentions for the very first time in the motion filed late

---

[1] In the hearing, Defendant argued for the right to present extrinsic testimony during the Markman hearing.
[2] Ricoh's outline was annotated with citations to the specifications of the '432 patent.
[3] Although the parties had agreed to provide citations to the specification of the '432 patent to support the outline, Defendants provided no such citations. Ricoh has repeatedly requested the information from the Defendants but Defendants have failed to provide it.

last night.  Ricoh has offered to identify all of the extrinsic evidence (which this Court has said would not be permitted) contained in Defendants' outline but Defendants have refused to even consider accepting and then discussing such information.  Ricoh also proposed that each party identify the other's items that were acceptable, were acceptable with revision, and were unacceptable.  Defendants also rejected this offer.  Instead, Defendants have demanded that Ricoh agree to give the Defendants a 100% veto right over any information that Ricoh wanted to include in the presentation being made by Ricoh.  Defendants have thus refused to cooperate with Ricoh in preparing the tutorial.

It will be Ricoh's position that, *inter alia*, Defendants have failed to hold a proper meet and confer about the tutorial, as set forth, for instance, in Ricoh's letter of October 4, 2004 (submitted herewith but omitted from Defendants' submission).

With respect to the request to shorten the time, Defendants obviously began preparing the main motion more than one week ago.  Thus, on September 28, 2004, Defendants told Ricoh "we will seek relief from the Court" (letter submitted as Mavrakakis motion Exhibit BB, page 2).  On October 1, 2004, Defendants stated "we will seek an order from the Court that precludes Ricoh from presenting expert testimony on claim construction at the tutorial and that allows Synopsys and Defendants equal time on October 20, 2004 to make their own presentation at the tutorial" (letter submitted as Mavrakakis motion Exhibit DD).   Nevertheless, Defendants delayed filing their motion until very late yesterday at 10:20 P.M. (local time).  Defendant's papers were not transmitted to Ricoh's counsel on the East Coast until after 2:00 A.M. (East Coast time) on October 6, 2004.

Given that Defendants delayed in making this motion for more than one week, to demand Ricoh respond within two (2) days is respectfully submitted to be unreasonable. Ricoh submits that it should be allowed equal time to respond. Ricoh respectfully submits that its opposition brief to the motion should, in light of the fact that Monday is a Federal holiday, be due on October 13, 2004 (four business days from now) with the hearing thereafter at the end of the week. Since Defendants have waived their right to a reply brief, receipt of Ricoh's opposition a day or two before the hearing does not prejudice Defendants.

Dated:  October 6, 2004

Respectfully submitted,
Ricoh Company, Ltd.

By: /s/ Kenneth Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
   RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
 OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880
Attorneys for Ricoh Company, Ltd.