1  Teresa M. Corbin (SBN 132360)
   Thomas Mavrakakis (SBN 177927)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
3  Menlo Park, California 94025
   Telephone: (650) 463-8100
4  Facsimile: (650) 463-8400

5  Attorneys for Plaintiff SYNOPSYS, INC.
   and for Defendants AEROFLEX INCORPORATED,
6  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
7  GRAPHICS INC., MATROX INTERNATIONAL
   CORP. and MATROX TECH, INC.
8

                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA

                    SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., ) | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, ) | |
| ) | Case No. C03-2289 MJJ (EMC) |
| vs. ) | |
| ) | **SYNOPSYS' AND DEFENDANTS** |
| AEROFLEX INCORPORATED, et al., ) | **AEROFLEX, ET AL.'S LIST OF TEN** |
| ) | **TERMS IT WISHES THE COURT TO** |
| Defendants. ) | **CONSTRUE AT THE CLAIM** |
| ) | **CONSTRUCTION HEARING** |
| ) | |
| SYNOPSYS, INC., ) | |
| ) | |
| Plaintiff, ) | Claim Construction Date: October 29, 2004 |
| ) | Claim Construction Time: 9:30 a.m. |
| vs. ) | Courtroom: 11 |
| ) | Judge: Martin J. Jenkins |
| RICOH COMPANY, LTD., a Japanese ) | |
| corporation ) | |
| ) | |
| Defendant. ) | |

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**

SYNOPSYS' & DEFS' LIST OF TEN TERMS
Case Nos. C03-04669 MJJ / C03-2289 MJJ (EMC)

## I. INTRODUCTION

The parties met and conferred regarding a single list of ten claim terms to be construed. Although the parties were able to agree upon three terms to be construed, fundamental differences remained. Specifically, Synopsys, Inc. ("Synopsys") and Defendants Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp. and Matrox Tech, Inc. ("Defendants") believe that it is inappropriate for terms to be construed that Ricoh did not include in the Joint Claim Construction and Prehearing Statement. In addition, Synopsys and Defendants assert that claim terms should not be construed out of context. Finally, Synopsys and Defendants believe that priority should be given to terms that have the potential to resolve the present litigations on summary judgment.[1]

## II. AGREEMENT AS TO TERMS TO BE CONSTRUED

The following table summarizes the agreements the parties reached:

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| Architecture independent | Architecture independent actions and conditions | At the meet and confer, Synopsys and Defendants agreed to Ricoh's proposal that the term "architecture independent actions and conditions" be construed. This term was an issue during patent prosecution, and some claim scope was surrendered. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |
| Specifying for each described action and condition of the series one of said stored definitions | Specifying for each described action and condition of the series one of said stored definitions | The parties agree to have this term construed. This phrase was an issue during patent prosecution, and some claim scope was surrendered. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |
| N/A | Application Specific Integrated Circuit (ASIC) | Synopsys and Defendants notified Ricoh that they did not believe that this term was in dispute. The parties agreed to use the definition of ASIC found in the patent at |

---

[1] Synopsys and Defendants believe that it may be beneficial for the Court to address the issue regarding limiting the number of disputed terms, phrases, and clauses after the parties' respective tutorials.

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| | | 1:13-17. |
| Describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions | Describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions | After the meet and confer, Ricoh indicated in an email that it was going to request to have the describing term construed. Therefore, it appears that agreement has been reached as to this term. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |

## III. OVERLAPPING TERMS

In several circumstances, the parties' requested claim terms overlapped. Generally, Ricoh requested an isolated word or phrase to be construed, while Synopsys and Defendants requested that an entire phrase be construed so as to have the proper context.[2] Ricoh's truncated terms do not match the Joint Claim Construction and Prehearing Statement, and it is improper of Ricoh to ask the Court to construe these terms. The following table summarizes instances where the parties' requested claim terms overlap:

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| Data describing a set of available integrated circuit hardware cells for performing the actions and conditions defined in the stored set | Hardware cells | Ricoh seeks to have these two words construed out of context. Synopsys and Defendants instead recommend that the entire phrase be construed, since the dispute between the parties centers on the data describing the hardware cells, rather than the hardware cells themselves. Claim construction of this phrase may resolve the present litigations on a summary judgment motion related to noninfringement. |
| Expert system | Expert system knowledge base | Ricoh seeks to have this entire phrase construed in order to distract the Court from the requirement that there is an expert system, rather than just a knowledge base. The parties agree that a knowledge base with rules is required. This term was an issue during patent prosecution, and some |

---

[2] Ricoh also objects to the Synopsys' and Defendants' identification of phrases and clauses in dispute instead of terms. Ricoh's objection has no merit because Patent L.R. 4-3 explicitly recognizes that there may be disputed terms, phrases, and clauses.

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| | | claim scope was surrendered. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |
| A set of rules for selecting hardware cells to perform the actions and conditions | A set of rules | Synopsys and Defendants object to this term being construed as Ricoh did not include it in the parties' Joint Claim Construction and Prehearing Statement. Instead, Ricoh provided a construction for the entire term "storing in an expert system knowledge base a set of rules for selecting hardware cells to perform the actions and conditions" and for the word "rules." It is improper to ask the Court to construe a term that was not included in the Joint Claim Construction and Prehearing Statement, and one that is taken out of context. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |
| Selecting from said stored data for each of the specified definitions a corresponding integrated circuit hardware cell for performing the desired function of the application specific integrated circuit | Selecting . . . a . . . hardware cell | Synopsys and Defendants object to this term being construed as Ricoh did not include it in the parties' Joint Claim Construction and Prehearing Statement. Instead, Ricoh provided a construction for the entire term "selecting from said stored data for each of the specified definitions a corresponding integrated circuit hardware cell for performing the desired function of the application specific integrated circuit, said step of selecting a hardware cell comprising applying to the specified definition of the action or condition to be performed, a set of cell selection rules stored in said expert system knowledge base and generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit and the interconnection requirements therefore." It is improper to ask the Court to construe a term that was not included in the Joint Claim Construction and Prehearing Statement, and one that is taken out of |

HOWREY
SIMON
ARNOLD &
WHITE

SYNOPSYS' & DEFS' LIST OF TEN TERMS                -4-
Case Nos. C03-04669 MJJ / C03-2289 MJJ (EMC)

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| | | context. |
| Generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit | Netlist | Ricoh seeks to have this word construed out of context. Synopsys and Defendants instead recommend that the entire phrase be construed, since the dispute between the parties centers on the generation of the netlist, rather than the netlist itself. Claim construction of this term may resolve the present litigations on a summary judgment motion related to invalidity. |

## IV. TERMS WITHOUT OVERLAP

The parties identified other claim terms that did not overlap. Synopsys' and Defendants' terms in this category require construction so as to be used for future dispositive motions. The following table summarizes claim terms that do not overlap:

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| A computer-aided design process for designing | N/A | Ricoh did not identify an equivalent term in its list. However, there is a dispute between the parties as to whether design is a part of the manufacturing process. The construction of this phrase is necessary for a summary judgment motion regarding Ricoh's § 271(g) claims. |
| Said step of selecting a hardware cell comprising applying to the specified definition of the action or condition to be performed, a set of cell selection rules stored in said expert system knowledge base | N/A | Ricoh did not identify an equivalent term in its list. However, there is a dispute between the parties as to the cell selection rules stored in the expert system knowledge base. This term was an issue during patent prosecution, and some claim scope was surrendered. Claim construction of this term may resolve the present litigations on a summary judgment motion related to noninfringement. |
| N/A | A Set of Definitions | Synopsys and Defendants did not identify an equivalent term in their list. Synopsys and Defendants object to this term being construed as Ricoh did not include it in the parties' Joint Claim Construction and Prehearing Statement. Instead, Ricoh provided a construction for the entire term "storing a set of definitions of architecture independent actions and conditions." |

| SYNOPSYS' AND DEFENDANTS' TERM | RICOH'S TERM | STATUS |
|---|---|---|
| N/A | Interconnection Requirements | Synopsys and Defendants did not identify an equivalent term in their list. Synopsys and Defendants object to this term being construed as Ricoh did not include it in the parties' Joint Claim Construction and Prehearing Statement. Instead, Ricoh provided a construction for the entire term "selecting from said stored data for each of the specified definitions a corresponding integrated circuit hardware cell for performing the desired function of the application specific integrated circuit, said step of selecting a hardware cell comprising applying to the specified definition of the action or condition to be performed, a set of cell selection rules stored in said expert system knowledge base and generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit and the interconnection requirements therefore" as well as for the words "interconnection" and "requirement." |

## V. Conclusion

Synopsys and Defendants request that the following claim terms be construed:[3]:

A. A computer-aided design process for designing

D. Architecture independent actions and conditions[4]

G. Data describing a set of available integrated circuit hardware cells for performing the actions and conditions defined in the stored set

H. Expert system

J. A set of rules for selecting hardware cells to perform the actions and conditions

---

[3] These items are identified using the letter designations from the Joint Claim Construction and Prehearing Statement.

[4] Synopsys and Defendants have agreed to Ricoh's proposal instead of "architecture independent" as originally set forth in their portion of the Joint Claim Construction and Prehearing Statement.

K. Describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions

L. Specifying for each described action and condition of the series one of said stored definitions

N. Selecting from said stored data for each of the specified definitions a corresponding integrated circuit hardware cell for performing the desired function of the application specific integrated circuit

O. Said step of selecting a hardware cell comprising applying to the specified definition of the action or condition to be performed, a set of cell selection rules stored in said expert system knowledge base

Q. Generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit

Dated:  October 19, 2004           Respectfully submitted,

/s/ Thomas C. Mavrakakis
Teresa M. Corbin
Thomas C. Mavrakakis
Howrey Simon Arnold & White, LLP
Attorneys for Synopsys, Inc.
and Defendants Aeroflex, et al.