UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RICOH CO., LTD.,<br><br>        Defendant.<br>_____/<br>RICOH CO., LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>AEROFLEX, et al.,<br><br>        Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br>No. C-03-4669 MJJ (EMC)<br><br>**ORDER RE LETTERS FROM PARTIES<br>OF AUGUST 11, 12, AND 15, 2005** |

        On August 11, 2005, Ricoh filed a letter with the Court asking for a hearing or conference call regarding some twenty different discovery disputes. Synopsys and the ASIC Defendants responded with a letter on August 12, 2005, asserting, *inter alia*, that Judge Jenkins intended to take back discovery and that, in any event, Ricoh was employing improper procedures to raise the discovery disputes before the undersigned. Ricoh in turn filed another letter on August 15, 2005.

        As a preliminary matter, the Court notes for the parties that Judge Jenkins has indicated that he does not intend to take discovery back so that all discovery disputes should continue to be brought before the undersigned. The Court also notes that, technically speaking, if a discovery dispute needs

to be considered on shortened time, then a party should file its discovery motion accompanied by a motion asking for shortened time.  However, that procedure is often tedious and results in a flood of unnecessary papers being filed with the Court, not only in terms of briefing but also exhibits.  Given the timetable set by Judge Jenkins, the Court shall permit the parties to raise discovery disputes on an expedited basis, more specifically, by filing a *joint letter* in lieu of full briefing.  (The parties should use the template attached to this order as Exhibit 1.)

       The Court now turns to the substance of the discovery disputes raised by Ricoh.  Although Ricoh characterizes the disputes as involving timing only, it appears that there are or at least may be some issues regarding scope.  Moreover, the Court is not satisfied that there has been an adequate meet and confer given that there are some twenty discovery disputes between the parties.  The Court therefore orders the parties to meet and confer regarding the discovery disputes raised in Ricoh's letter of August 11, 2005.  Either lead trial counsel or counsel with full and complete authority on discovery shall participate in the meet and confer.  If the parties continue to demonstrate that they cannot resolve even the most basic of disputes, then the Court may, in its discretion, require participation of lead trial counsel, an in-person meet and confer (in spite of the fact that counsel are located in various places across the country), participation of a representative of each client (officer or director), and/or a taped or Court-monitored meet and confer.  Moreover, the parties are forewarned that the Court will not look kindly upon unnecessary posturing by either party and that any party that takes a position that is not substantially justified will be subject to sanctions.  The above meet-and-confer requirements shall be imposed on *all future discovery disputes*.

///
///
///
///
///
///
///
///

With respect to the current disputes, if, after the meet and confer, there are still disputes remaining, then the parties shall file a joint letter with the Court by 5:00 p.m., August 26, 2005. Based on the contents of the letter, the Court shall decide if further briefing and/or a hearing is necessary. The joint letter shall briefly describe the meet and confer efforts, including the names of the actual participants, topics discussed, and length of time devoted to each such topic.

IT IS SO ORDERED.

Dated: August 16, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

# EXHIBIT 1 -- SAMPLE JOINT LETTER

[Date]

VIA [METHOD][1]

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re: [Case number and case name]

Dear Judge Chen:

The parties have met and conferred regarding several discovery disputes. The meet and confer took place on [date], with the participation of [Plaintiff's attorney], representing Plaintiff, and [Defendant's attorney], representing Defendant. The meet and confer was [in person or over the telephone] and lasted approximately [minutes or hours].

## I. RESOLVED DISCOVERY DISPUTES

The parties reached agreement on several discovery disputes. Those agreements are as follows:

[Description of Agreement No. 1.]

[Description of Agreement No. 2.]

[Description of Agreement No. 3, etc.]

## II. REMAINING DISCOVERY DISPUTES

The parties were not able to reach agreement on the remaining discovery disputes. Those remaining disputes and the parties' respective positions are provided below. Copies of the relevant discovery requests and responses are attached as Exhibits [numbers].[2]

A.    [Dispute No. 1]

---

[1] Note for Counsel: The Court may request a courtesy copy of the joint letter to be faxed to chambers. If so, counsel should still file a copy of the joint letter with the Clerk of the Court. The letter faxed to chambers is a courtesy copy only. *As a general matter, parties may not fax any papers to the Court without prior leave of the Court.*

[2] Note for Counsel: Unnecessary exhibits should not be attached.

1. [Position of Party Seeking Discovery][3]
2. [Position of Party Opposing Discovery]

B. [Dispute No. 2]
1. [Position of Party Seeking Discovery]
2. [Position of Party Opposing Discovery]

C. [Dispute No. 3]
1. [Position of Party Seeking Discovery]
2. [Position of Party Opposing Discovery]

D. [Dispute No. 4, etc.]
1. [Position of Party Seeking Discovery]
2. [Position of Party Opposing Discovery]

Sincerely,


[Plaintiff's counsel]                              [Defendant's counsel]
Attorney for Plaintiff                             Attorney for Defendant

---

[3] Note for Counsel: Each party's position should be stated succinctly (*e.g.*, in one paragraph). The purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.