September 20, 2005

**VIA ELECTRONIC FILING**

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Ricoh v. Aeroflex, et al., Case No. CV-03-4669 MJJ(EMC)
               Synopsys v. Ricoh, Case No. CV-03-2289 MJJ(EMC)

Dear Judge Chen:

    Pursuant to the Court's Order of September 8, 2005, the parties submit the following report regarding a special master.

    **Ricoh's position.** Ricoh believes if a special master is willing and able to assist the parties and the Court in quickly and efficiently resolving discovery disputes, then the Court should consider the appointment of a special master. At the meet and confer on September 12, Ricoh was prepared to discuss potential names, but counsel for Synopsys and the ASIC Defendants asked to defer the discussion. At a meet and confer on Wednesday, September 14, Ricoh proposed the names of four special master candidates, as follows:

    Eugene F. Lynch, a former judge for the Northern District of California, now with JAMS. http://www.jamsadr.com/neutrals/Bio.asp?NeutralID=1686

    John H. Hemann, a former AUSA and current partner at Morgan Lewis. http://www.morganlewis.com. (Counsel for defendants indicated that they may have a concern with Mr. Hemann, since the Howrey firm was engaged in litigation with the Morgan Lewis firm.)

    Laurence Pretty, a prominent patent attorney with Hogan & Hartson's Los Angeles office. http://www.hoganhartson.com/site/showbio.aspx?Show=5912.

    Roderick R. McKelvie, a former judge for the District of Delaware who is well-known for his patent expertise. He is now a partner with Covington & Burling in Washington, D.C. http://www.cov.com/lawyers/rmckelvie/biography.html.

    On Wednesday, September 14, defendants proposed as a potential special master Charles A. Legge, a former judge of this Court, and currently with JAMS. Members of our firm have recently appeared before Judge Legge in his capacity as a special master, and based upon those reports, and in view of the very tight discovery schedule, we have concerns whether Judge Legge will be able to quickly and efficiently

Honorable Edward M. Chen
September 20, 2005
Page 2

master the technical issues and effectively assist the parties in resolving discovery disputes in this complex patent litigation.

At the end of last week, Defendants asked to defer further discussions of a special master until today, and submitted a letter asking for an extension until this afternoon. While Defendants were given Ricoh's proposed names nearly a week ago in accordance with the Court's instructions, only late this afternoon – less than three hours before this letter was to be submitted – did defendants proposed several additional special master candidates. Ricoh has not been afforded sufficient time to investigate those additional special master candidates, and we object on that basis.

A very quick review of defendants' three additional proposed candidates reveals that none of them have a technical background or specialize in patent law. Mr. Balabanian is a defense attorney who recently has been adverse to a number of attorneys in plaintiffs' counsel's firm, so it objectionable for the same reason as defendants have objected to Mr. Hemann. Mr. Horning does not appear to be experienced in federal court litigation. We have been able to find out little about Mr. Bruen, other than the fact that he is an environmental lawyer. We believe that an attorney knowledgeable about patent law will be more capable to quickly master the relevant issues and act as an effective special master. Ricoh requests that the Court appoint any of Ricoh's proposed candidates to be a special master.

**Position of Synopsys and the Customer Defendants:**

In light of the substantial progress made during the meet and confer process (which, after the Court resolves the remaining two issues set forth in the September 16, 2005 Joint Letter, resolves all outstanding disputes regarding Ricoh's outstanding discovery requests), Synopsys and the Customer Defendants do not believe that appointment of a Special Master is necessary. Up until Ricoh circulated its portion of this letter today, Ricoh indicated that it concurred in this position. Given that Ricoh now appears to have changed positions, Synopsys now responds to Ricoh's proposed candidates, and proposes its own candidates.

Synospsys and the Customer Defendants object to the appointment of Mr. Hemann. Ms. Corbin, lead counsel in this case, is currently adverse to lawyers in Mr. Hemann's firm in several currently pending litigation, arbitration and appellate matters in which she is also lead counsel. Accordingly, Synopsys and the Customer Defendants object to the appointment of Mr. Hemann.

Synopsys and the Customer Defendants object to the appointment of Mr. McKelvie. Howrey attorneys were adverse to Mr. McKelvie in Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P., (C.D. CA 01-09871). During the course of those proceedings, Howrey attorneys moved for and were awarded sanctions against Mr. McKelvie on four separate occasions for discovery violations.

Synopsys and the Customer Defendants object to the appointment of Mr. Pretty. An attorney in Mr. Pretty's office, Mr. John Scherlacher, prosecuted a patent that

DM_US\8246642.v1
DSMDB.1981559.1

is currently at issue in litigation pending in the Northern District of California in which Howrey represents EFI, against whom the patent Mr. Scherlacher prosecuted has been asserted. Howrey has deposed Mr. Scherlacher and has had and will likely continue to have discovery disputes with the Los Angeles Office of Hogan & Hartson in which Mr. Pretty is located.

With regard to Judge Lynch, Synopsys and the Customer Defendants have concerns similar to those expressed by Ricoh as to Judge Legge.

In addition to the specific objections set forth above with regard to Mr. McKelvie and Mr. Pretty, Synopsys and the Customer Defendants strenuously object to appointment of a Special Master located outside of the Northern District of California. Synopsys and the Customer Defendants feel strongly that in person hearings are the most effective and, since the outset of this case, Mr. Oliver, Synopsys' in-house counsel, has attended every case management conference and each discovery hearing. On numerous occasions, other Synopsys in-house counsel and consultants have also attended hearings. On the other hand, no Ricoh client representatives have attended any discovery hearings. Mr. Oliver's presence at discovery hearings is extremely beneficial as he is very knowledgeable about the Synopsys products at issue and the related documentation and source code.

This case was transferred to the Northern District of California for the convenience of the parties, and a special master outside the district would vitiate the intent of that ruling to require Synopsys and the Customer Defendants to litigate discovery disputes outside of this District. In particular, given the transfer to the Northern District of California, selection of Roderick R. McKelvie, a former District of Delaware Judge now located in Washington, D.C., would be highly improper given that this case was transferred from Delaware to California pursuant to 28 U.S.C. § 1404(a).

Synopsys and the Customer Defendants have proposed five candidates that are located in the Northern District of California, and who have substantial federal litigation experience and/or have served a Special Master in the past.

Synopsys and the Customer Defendants propose the following candidates:

Hon. Charles A. Legge (Ret.), a former judge for the Northern District of California, now with JAMS. http://www.jamsadr.com/neutrals/Bio.asp?NeutralID=1680

David Mark Balabanian, a partner with substantial intellectual property and complex litigation experience at Bingham McCutcheon in San Francisco. http://www.bingham.com/bingham/attorneys_bios.asp?aid=1836 (Counsel for Ricoh has indicated that it has been adverse to Mr. Balabanian in the past, but does not appear to be currently adverse).

Jim Bruen, a partner at Farella, Braun and Martels in San Francisco with substantial federal litigation experience.

Honorable Edward M. Chen
September 20, 2005
Page 4


http://www.fbm.com/index.cfm/fuseaction/attorney.attorney_detail/object_id/E8B3CE1B-4697-48FF-B2BE-D8884G4DD7F2/Bruen.cfm

     Rick Horning, a partner and Chair of the International Practice and Emerging Technologies Practice Groups at Tomlinson Zisko LLP in Palo Alto. http://www.tzllp.com/attorney.php?id=5. Contrary to Ricoh's assertions, Mr. Horning's biography indicates substantial intellectual property experience, and he has also served as a Judge Pro Tem in San Francisco Superior Court.

     Synopsys and the Customer Defendants respectfully respect that if the Court chooses to appoint a Special Master, it select one of its proposed candidates located in the Northern District of California.


Sincerely,

| | |
|---|---|
| /s/ | /s/ |
| Gary M. Hoffman | Teresa M. Corbin |
| Kenneth W. Brothers | HOWREY LLP |
| DICKSTEIN SHAPIRO MORIN | 525 Market Street |
|   & OSHINSKY, LLP | Suite 3600 |
| 2101 L Street, NW | San Francisco, CA 94105-2708 |
| Washington, DC 20037-1526 | Phone: (415) 848-4944 |
| Phone (202) 785-9700 | Fax: (415) 848-4999 |
| Fax (202) 887-0689 | |
| | Attorneys for Defendants |
| Attorneys for Ricoh | |

DM_US\8246642.v1
DSMDB.1981559.1