```
 1  Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
 2  Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
 3  525 Market Street, Suite 3600
    San Francisco, California 94105
 4  Telephone: (415) 848-4900
    Facsimile:  (415) 848-4999
 5
    Attorneys for Plaintiff SYNOPSYS, INC.
 6  and for Defendants AEROFLEX INCORPORATED,
    AEROFLEX COLORADO SPRINGS, INC.,
 7  AMI SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD., MATROX
 8  GRAPHICS, INC., MATROX INTERNATIONAL
    CORP., and MATROX TECH, INC.
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.,<br><br>Defendants. | Case No. C03-04669 MJJ (EMC)<br><br>Case No. C03-02289 MJJ (EMC)<br><br>**DECLARATION OF JACLYN C. FINK IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS**<br><br>Date: December 13, 2005<br>Time: 9:30 AM<br>Ctrm: 11, 19th Floor<br>Hon. Martin J. Jenkins |

I, Jaclyn C. Fink, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and an associate of the law firm of Howrey LLP, attorneys for defendants Aeroflex Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. The matters set forth in this declaration are based upon my personal knowledge, except where otherwise indicated, and if called as a witness, I could and would testify competently thereto.

HOWREY LLP

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
FINK DECL IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO AMEND ANSWERS
DM_US\8276320.v1

1      2.    The current close of fact discovery is January 27, 2006. However, the parties are currently negotiating an extension to the schedule that would include the Defendants' 30(b)(6) depositions in January and February of 2006, move the close of fact discovery until May of 2006, and move the trial date to November or December of 2006.

    3.    Attached hereto as Exhibit A is a true and correct copy of an October 25, 2005 letter from Jaclyn C. Fink to Kenneth W. Brothers requesting that Ricoh stipulate to the amendment of Defendants' answers.

    4.    Attached hereto as Exhibit B is a true and correct copy of an October 28, 2005 letter from Edward A. Meilman to Jaclyn C. Fink denying Ricoh's consent to the amendment of the Defendants' answers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed in San Francisco, California on November 8, 2005.

_____
Jaclyn C. Fink

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)   -2-
FINK DECL IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO AMEND ANSWERS
DM_US\8276320.v1

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

October 25, 2005

File 06816.0060.000000

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

    Re:    *Synopsys v. Ricoh Company, Ltd.*,
            **Case No. C03-2289 MJJ (EMC)**
            *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
            **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

    Further to our discussion last Thursday, enclosed please find the Amended Answer we intend to file for Aeroflex. The Amended Answers for the other Customer Defendants will be similar in content.

    Please let me know if you will stipulate to the filing of these Amended Answers.

Very truly yours,

Jaclyn C. Fink

cc:    Gary Hoffman, Esq. (via e-mail only)
       Edward Meilman, Esq. (via e-mail only)
       Eric Oliver, Esq. (via e-mail only)
       DeAnna Allen, Esq. (via e-mail only)
       Michael Weinstein, Esq. (via e-mail only)
       Seymour Seyoum (via e-mail only)

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX, INC., AMI
   SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS LTD.,
   MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., MATROX
   TECH, INC., and AEROFLEX COLORADO
9  SPRINGS, INC.
10
11                         UNITED STATES DISTRICT COURT
12                        NORTHERN DISTRICT OF CALIFORNIA
13                             SAN FRANCISCO DIVISION

14  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

15         Plaintiff,                       Case No. C03-02289 MJJ (EMC)

16     vs.                                  **AMENDED ANSWER AND
                                            COUNTERCLAIMS OF DEFENDANT
17  AEROFLEX INCORPORATED, AMI              AEROFLEX INCORPORATED TO
    SEMICONDUCTOR, INC., MATROX             AMENDED COMPLAINT FOR PATENT
18  ELECTRONIC SYSTEMS LTD., MATROX         INFRINGEMENT**
    GRAPHICS INC., MATROX
19  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
20  SPRINGS, INC.

21         Defendants.

22  SYNOPSYS, INC.,

23         Plaintiff,

24     vs.

25  RICOH COMPANY, LTD.,

26         Defendant.

27
28

HOWREY LLP

Defendant Aeroflex Incorporated ("Aeroflex") for its Amended Answer to the Amended Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the Amended Complaint except as specifically stated:

### PARTIES

1. Upon information and belief, Aeroflex admits that plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

2. Aeroflex admits that Aeroflex is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY 11803. Aeroflex admits that Aeroflex has consented to the jurisdiction of this Court for this action. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 2 of the Amended Complaint.

3. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis, denies those allegations.

4. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis, denies those allegations.

5. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis, denies those allegations.

6. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis, denies those allegations.

7. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis, denies those allegations.

8. Aeroflex admits that UTMC is a wholly-owned subsidiary of Aeroflex, is also known as Aeroflex Microelectronic Solutions, Inc., Aeroflex UTMC Microelectronic Solutions, Inc., and formerly known as United Technologies Microelectronics Center, is a corporation organized under the laws of the State of Delaware, and maintains a place of business at 4350 Centennial Blvd. CO 80907.

Aeroflex admits that UTMC has consented to the jurisdiction of this Court for this action. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 8 of the Amended Complaint.

## JURISDICTION

9.  Aeroflex admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 9 of the Amended Complaint.

10. Aeroflex admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 10 of the Amended Complaint.

11. Aeroflex admits that the Court has personal jurisdiction over Aeroflex. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 11 of the Amended Complaint.

## VENUE

12. Aeroflex admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 12 of the Amended Complaint.

## FACTUAL BACKGROUND

13. Aeroflex admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990. Aeroflex admits that the '432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. Aeroflex further admits that a copy of the '432 Patent is attached to the Amended Complaint as Exhibit 1. Except as expressly admitted, Aeroflex denies the allegations of Paragraph 13 of the Amended Complaint.

14. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

## PATENT INFRINGEMENT

## COUNT 1

16. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17. Aeroflex denies each and every allegation in Paragraph 17 of the Amended Complaint.

18. Aeroflex denies each and every allegation in Paragraph 18 of the Amended Complaint.

19. Aeroflex denies each and every allegation in Paragraph 19 of the Amended Complaint.

20. Aeroflex denies each and every allegation in Paragraph 20 of the Amended Complaint.

21. Aeroflex denies each and every allegation in Paragraph 21 of the Amended Complaint.

## COUNT 2

22. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

## COUNT 3

28. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

30. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies those allegations.

31. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis, denies those allegations.

32. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

33. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

**COUNT 4**

34. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

35. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

**COUNT 5**

40 Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

41. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

42. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.

45. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

## COUNT 6

46. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51. Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

## COUNT 7

52. Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53. Aeroflex denies each and every allegation in Paragraph 53 of the Amended Complaint.

54. Aeroflex denies each and every allegation in Paragraph 54 of the Amended Complaint.

55. Aeroflex denies each and every allegation in Paragraph 55 of the Amended Complaint.

56. Aeroflex denies each and every allegation in Paragraph 56 of the Amended Complaint.

57. Aeroflex denies each and every allegation in Paragraph 57 of the Amended Complaint.

## DEFENSES

In further response to the Amended Complaint, Defendant Aeroflex asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58. The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59. Aeroflex has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60. Aeroflex has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61. Ricoh's claims for relief are barred by the defense of laches.

### FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

62. Ricoh's claims for relief are barred by the defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

63. Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against Aeroflex is barred by the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE: ESTOPPEL

64. By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by Aeroflex.

HOWREY LLP

-7-
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8268624.v1

**SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

65. Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

**EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

66. Ricoh's claims for damages and injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 286.

**RESERVATION OF AFFIRMATIVE DEFENSES**

67. With discovery still ongoing, Aeroflex has yet to complete its investigation. Aeroflex reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

**COUNTERCLAIMS**

Counterplaintiff Aeroflex Incorporated ("Aeroflex"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

**PARTIES**

68. Aeroflex is a corporation organized under the laws of Delaware, having its principal place of business at 35 S. Service Road, Plainview, NY 11803.

69. Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

**JURISDICTION AND VENUE**

70. Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, § 1 et seq. The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

71. Ricoh has submitted to the personal jurisdiction of this Court.

72. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

73. There is an actual justiciable case or controversy between Aeroflex and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 et seq. This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that Aeroflex infringes U.S. Patent No. 4,922,432

("the '432 Patent") and Aeroflex's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

### COUNT 1: DECLARATORY JUDGMENT OF INVALIDITY

74. Aeroflex incorporates by reference Paragraphs 1-73 into this count as though fully set forth herein.

75. The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the owner of the '432 Patent.

76. Ricoh has sued Aeroflex in the present action, alleging infringement of the '432 Patent.

76. Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

77. Aeroflex requests declaratory judgment that the '432 Patent is invalid.

### COUNT 2: DECLARATORY JUDGMENT OF NONINFRINGEMENT

78. Aeroflex incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

79. Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Aeroflex.

80. Aeroflex requests declaratory judgment that Aeroflex has not infringed the '432 Patent.

### RESERVATION OF COUNTERCLAIMS

81. Aeroflex reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

### PRAYER FOR RELIEF

WHEREFORE, Aeroflex respectfully prays for the following relief:

A.   that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B.   that this Court declare the '432 Patent invalid;

1  C.  that this Court declare the '432 Patent unenforceable;

2  D.  that this Court declare that Aeroflex has not infringed any valid claim of the '432

3  Patent;

4  E.  that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

5  costs of this action and attorneys' fees be awarded to Aeroflex;

6  F.  that this Court grant such other and further relief to Aeroflex as this Court may deem

7  just and equitable and as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant Aeroflex hereby demands trial by jury in this action.

Dated: October __, 2005                    Respectfully submitted,

HOWREY LLP

By: _____
Denise De Mory
Attorneys for Defendants
AEROFLEX INCORPORATED,
AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC
SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP.,
MATROX TECH, INC., and
AEROFLEX COLORADO
SPRINGS, INC.

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
Writer's Direct Dial: (212) 896-5471
Writer's EMail: MeilmanE@DSMO.com

October 28, 2005

Jaclyn C. Fink, Esq.
Howrey, LLP
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

**PRIVILEGED AND CONFIDENTIAL:**
**ATTORNEY-CLIENT COMMUNICATION**

Re:   Synopsys v. Ricoh Company, Ltd.
      Case No. C03-2289 MJJ (EMC)
      Ricoh Company, Ltd. V. Aeroflex, Inc., et al.
      Case No. C03-4669 MJJ (EMC)

Dear Ms. Fink:

In response to your letter of October 25, 2005 to Ken Brothers, please be advised that Ricoh will not consent to the Amended Answers. The deadline for amending the pleadings has long since passed, the proposed amendments are unduly prejudicial to Ricoh, especially since the Aeroflex et al. defendants were aware of the information on which the proposed changes are based for years, the amendment would require additional discovery and you have made no attempt to show that the amendment is not futile, e.g., insofar as they relate to Section 1498, that the products were made with the authorization and consent of the U.S. Government.

Very truly yours,

Edward A. Meilman

EAM/jms
Cc: Howrey Distribution List

DOCSNY.170098.1

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
www.DicksteinShapiro.com