UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>      v.<br><br>RICOH CO., LTD.,<br><br>        Defendant.<br>_____/<br><br>RICOH CO., LTD.,<br><br>        Plaintiff,<br><br>      v.<br><br>AEROFLEX, et al.,<br><br>        Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br>No. C-03-4669 MJJ (EMC)<br><br>**ORDER RE JOINT LETTER OF**<br>**NOVEMBER 7, 2005** |

        On November 7, 2005, the parties filed a joint letter regarding a new discovery dispute. In essence, Ricoh asks that the Court order Synopsys to provide Ricoh (more specifically, its attorneys and experts) with access to an online customer-oriented knowledge base named SolvNET.

        Based on the representations in the joint letter, *both* parties are guilty of having inadequately met and conferred about the discovery dispute. The Court therefore orders that the parties further meet and confer regarding the dispute. The parties are forewarned that, if they continue to demonstrate that they cannot meet and confer in good faith prior to raising a discovery dispute with the Court, both risk being subject to sanctions. Moreover, the Court may in the future require the

parties to meet and confer in person, even though Ricoh's counsel in charge of discovery is not local. The Court would, in that instance, allocate costs of such a meeting.

To assist the parties in their meet-and-confer efforts, however, the Court provides the following guidance:

While Ricoh has failed to identify which discovery requests are at issue, under the circumstances, that failure is not dispositive. Notably, Synopsys does not dispute that there are relevant and responsive documents on SolvNET. *See* Joint letter of 11/7/05, at 7 ("[A] search for relevant and responsive SolvNET documents has been included in the document production.").

Based on the joint letter, it appears that Synopsys's main concern is that it does not want Ricoh to have "unfettered access" to SolvNET. *Id.* at 7. Synopsys asserts:

> Synopsys sells several *hundred* software products *not at issue in this case*, and Ricoh offers no theory on why it should be permitted unfettered access to those items that are clearly *not relevant*. Information regarding these hundreds of products is confidential and proprietary, and Ricoh can offer zero justification for access to it. Since SolvNET access cannot easily be restricted, SolvNET access would provide Ricoh with an opportunity for an endless fishing expedition to query hundreds of software products not at issue and generate confusion by accessing, (re)producing, and selectively quoting from endless versions and materials and manuals that may not even be for products at issue in the litigation without any ability for Synopsys to be aware of the materials that were accessed by Ricoh until the documents are sprung on Synopsys in depositions or other settings . . . .

*Id.*

Synopsys's concerns are legitimate. On the other hand, Ricoh's position that a searchable format is needed is also reasonable. Given the competing concerns, the Court is not inclined to order Synopsys to provide Ricoh with access to SolvNET so long as Synopsys produces *all* responsive, relevant documents that are on SolvNET and in a searchable format. The parties, therefore, should discuss during the meet and confer specific procedures to ensure that (1) Synopsys has in fact produced or will produce all responsive documents on SolvNET to Ricoh and that (2) such documents shall be produced in a "fully searchable form to at least the same degree as the online equivalent." Joint letter of 11/7/05, at 5.

1	Regarding the first matter, the Court shall not make any predetermination as to what is the
2 most appropriate procedure under the circumstances. However, it notes that the parties should
3 discuss *with specificity* what the nature of the procedure should be. For example, if the parties agree
4 that a word search on SolvNET for key terms is the best way to capture responsive documents, they
5 should specify what exact terms should be used.

6	As a final point, the Court notes that it makes no finding here as to (1) the propriety of the
7 version of Synopsys's Design Compiler that was produced or (2) whether Synopsys retaliated against
8 David C. Black for his participation in this litigation. The parties have made passing arguments on
9 both subjects but, so far as the Court is concerned, the only discovery dispute directly at issue is
10 Ricoh's access to SolvNET. If, *e.g.*, Ricoh believes that Mr. Black's participation in SNUG should
11 be reinstated or Synopsys believes that Mr. Black should not be permitted in his expert capacity to
12 review SolvNET documents for Ricoh, such relief should be sought by separate motion.

14	IT IS SO ORDERED.

16	Dated: November 9, 2005

	EDWARD M. CHEN
	United States Magistrate Judge

3