Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 835-1400
Facsimile: (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX ET AL., <br><br> Defendants. | Case No. CV-03-4669-MJJ (EMC) <br><br> RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS <br><br> Date: December 13, 2005 <br> Time: 9:30 a.m. <br> Courtroom: 11, 19th floor <br> Judge: Martin J. Jenkins |

The Motion by the Defendants for leave to belatedly amend their Answers and Counterclaims for a fourth time should be denied.[1] Not only is the Motion predicated on the wrong legal standard, ignoring the Ninth Circuit's and Federal Rules requirement for a showing of good cause by the moving party, but the proposed amendments are unnecessary, futile, unduly delayed, based on facts previously known by Defendants at an earlier time when they amended or had a right to amend, require additional discovery and are unduly prejudicial to Ricoh.

I.     **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff, Ricoh Company, Ltd. ("Ricoh") commenced this action in Delaware on January 21, 2003 and the Defendants filed Answers and Counterclaims on March 12, 2003 (Delaware Docket Nos. 1, 16, 18-22). They amended their Answers and Counterclaims on April 9, 2003 (Delaware Docket Nos. 35-41), and then again on July 30, 2003 (Delaware Docket Nos. 95-100).

While the case was still pending in Delaware, Ricoh propounded interrogatories and document requests on May 30, 2003 seeking to obtain further information about the Defendants' defenses and to identify the products in issue by trade name or trade designation, to which the Defendants responded on June 30, 2003.

Neither the Defendants' March 2003 Answers and Counterclaims, April 2003 Amended Answers and Counterclaims, July 2003 Second Amended Answers and Counterclaims nor their response to discovery in June 2003 asserted an estoppel affirmative defense, a defense based on 28 U.S.C. § 1498 and/or a defense based on 35 U.S.C. § 286.

The case was transferred to this Court from Delaware in August 2003. This Court

---

[1] While the Motion and proposed order headings include the companion *Synopsys v. Ricoh* case (C03-2289 MJJ), the Motion is not concerned with any aspect of that case.

issued a Scheduling Order in March 2004 which set a deadline for amending the pleadings of July 19, 2004 (Docket No. 122, page 2). Ricoh filed an Amended Complaint on April 12, 2004 and the Defendants filed an Answer to the Amended Complaint with counterclaims on May 26, 2004 (Docket Nos. 164 and 176-181). The Defendants' pleadings in response to the Amended Complaint did not contain any assertions with regard to estoppel, § 1498 or § 286.

Discovery continued until May 2004 when, at the request of the Defendants, discovery was stayed. Discovery reopened on July 22, 2005 and is currently scheduled to close on January 27, 2006, less than one month after the hearing date on the instant Motion. The parties have negotiated an extension and a proposed stipulated order is being submitted to the Court for consideration and approval.

Defendants first presented Ricoh with a request to stipulate to the further amendment to assert an estoppel affirmative defense, a defense based on 28 U.S.C. § 1498 and a defense based on 35 U.S.C. § 286, on October 25, 2005. Their request did not assert that any of the facts underlying these new defenses had not been available to the Defendants before the filing of either their original Answer or any of their prior amendments, or there were any newly discovered facts or set forth any explanation for their delay (Fink Decl., Exhibit A). After Ricoh declined to stipulate, this Motion was brought.

## II.  ARGUMENT

The Defendants' request to amend their Answers and Counterclaims for a fourth time should be denied. The Defendants have not made the showing of good cause required by the Ninth Circuit and Federal Rules, nor could they do so.

### A. Defendants Failed To Make The Required Showing Of Good Cause

The Defendants' Motion is based on solely on applying the liberal standard for

amending pleadings ("freely given") of Fed. R. Civ. P. 15, and throughout their submission, they assert that Ricoh has not shown why the amendment should be denied. However, this Court issued an scheduling order pursuant to Fed. R. Civ. P. 16 which gave the parties until July 19, 2004 to amend their pleadings (Docket No. 122, page 2). Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause...." As a result, the liberal Rule 15 standard is no longer applicable and any request to amend the pleadings requires a showing of good cause by the movant. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (once an order establishes a time table for amending pleadings, Fed. R. Civ. P. 16 controls, not Fed. R. Civ. P. 15). The burden of showing good cause is on the party seeking to amend, which here is the Defendants, not Ricoh.

The Defendants have not made a showing of good cause, and in fact they have not even tried to submit one. On this basis alone, the Motion can be denied.

### B. Good Cause Could Not Have Been Shown Even Had Defendants Tried To Do So

Leave to amend is not automatic even under the liberal standard of Rule 15 but the Court must consider whether there are any relevant factors including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice and futility, *Foman v. Davis*, 371 U.S. 178, 182 (1962), albeit each of those factors need not be given equal weight, *Bonin v. Cilderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone can justify denial of a motion to amend). *See, Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1991). Under the good cause standard of Rule 16, at least the same factors should be considered, particularly since the burden of show "good cause" is obviously much higher. The Defendants' Brief identifies four changes in the proposed amended pleadings. As will now be shown, a consideration of the relevant factors show there is no good cause for permitting any of these changes.

### 1. The Proposed § 1498 Defense Addition Has Not Been Shown To Be Prima Facie Valid, Is Facially Futile, Adds A New Issue, Requires Additional Discovery, And Is Unduly Prejudicial

The most significant change in the proposed amendment is to add an affirmative defense based on 28 U.S.C. § 1498 which prohibits damages from sales of products made to or for the United States under certain circumstances. Section 1498 concerns use or manufacture by or for the United States and explicitly requires such use or manufacture as being undertaken "with the authorization or consent of the Government" (28 U.S.C. § 1498(a), second paragraph). Authorization or consent can be explicit or can be implied. *Hughes Aircraft Co. v. U.S.*, 29 Fed. Cl. 197, 223 (Ct. Cl. 1993). Lack of authorization or consent has been found where the activity was not required by the Government's contract specifications or by the Government's contracting officer. *See*, e.g. *Carrier Corp. v. United States*, 534 F.2d 244, 248 (Ct. Cl. 1976). Whether the defendants were acting within the "authorization and consent" of the Government is a factual determination. *Williams v. Columbia Broadcasting Systems, Inc.*, 57 F. Supp. 2d 961, 966 (C.D. Cal. 1999).

Defendants have not even made a rudimentary attempt to present facts showing there was even a remote possibility that the required authorization and consent exists as to one or more of them.[2] Consequently, this proposed new defense is on its face deficient, and leaves this Court with no choice other than to consider it to be a futile defense.

Since "authorization and consent" is a fact specific determination, discovery is essential, as the Motion concedes (page 4, lines 16-17). To raise this issue at such a late date (November 2005), based on a new defense theory that requires additional discovery when the

---

[2] While the moving papers imply the § 1498 defense is applicable to all of the Defendants, their discovery responses reflect that none made sales to the U.S. Government and that only Aeroflex made any sales to other companies that might have made sales to the U.S. Government. And, in any event, the responses have no bearing on whether or not any such activity was authorized as required.

Defendants had the underlying factual information at their hands for years, is highly prejudicial to Ricoh, since Ricoh has been seeking to advance this case to trial since its filing in January 2003. The Courts have long recognized that prejudice is especially likely to exist if an amendment involves a new theory or requires additional discovery. *See, e.g., Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (prejudice found when issues raised by proposed amendment involve new factual and legal issues and required additional discovery); *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1527 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997) (undue 3 year delay and prejudicial new theories support denial).

The need for additional discovery is even more prejudicial here because Ricoh has exhausted its available interrogatories against all Defendants during the almost 3 years this case has been pending and hence, this avenue of discovery is closed to Ricoh.

Still further, prejudice is apparent from the fact that there is a six year limitation on recovery of damages under 35 U.S.C. § 286. Jurisdiction over Section 1498 cases lies with the Court of Claims. If Ricoh is force to start anew in that court today, it will have lost the right to recover damages for infringement during the current 3 year period of pendency of the present lawsuit.

The cases cited by Defendants are not to the contrary. Either they applied Rule 15, which is not applicable here, or the issue had already been the subject of discovery and the applicability of Section 1498 had been considered albeit not formally pled, also not applicable here. For instance, in *TM Patents v. IBM*, 107 F. Supp. 2d 352, 354 (S.D.N.Y. 2000), the court granted leave to amend where discovery had already taken place and the court had already considered a motion for summary judgment on the issue of liability for sales to the Government and specifically held that § 1498 applied.

The reasons discussed in this section were identified to the Defendants prior to their bringing this Motion (see Fink Decl., Exhibit B), and Defendants decided not to even try in its moving papers to make any good faith *prima facie* showing of authorization or consent.

Consequently, it is respectfully submitted that, should the Defendants now attempt in their reply papers to submit the showing they decided not to make when presenting this motion, the Court should not permit Defendants to resort to such tactics to blindside Ricoh, and should refuse to consider any such belatedly-proffered submission.

### 2. The Other Proposed Changes Are Unnecessary

The other three of the four proposed revisions of Defendants' pleadings are simply unnecessary and do not justify amendment.

As to the first of these revisions, Defendants state that "the proposed amended Answer merely shortens the paragraphs that describe the [invalidity and laches] defenses" and "merely clarify" the previously pleaded affirmative defenses (Motion, page 2). Since those defenses have already appeared in the Defendants' pleadings, there is no need for this change. *See, Texaco v. Ponsoldt,* 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of leave to amend to present "new claims ... merely clarifying earlier claims"). Moreover, the proposed elimination of the specification of what constitutes these defenses opens the pleadings to other previously undisclosed theories, requiring more discovery and at a time when Ricoh cannot propound interrogatories. Moreover, it is not comprehensible how removing the explanation of the basis for these defenses will "merely clarify" such claims without causing prejudice.

The second proposed change, the estoppel defense, is asserted to have two aspects. The first is that it is based on facts already stated in the prior pleading of laches (Motion, page 2, lines 8-9), which means change is clearly unnecessary. Moreover, all of the Defendants have admitted in responses to interrogatories that they were unaware of the patent-in-suit prior to being sued. This admission means there could not have been any reliance or change of position, making this proposed change futile since the estoppel defense can never succeed. As a matter of hornbook law, estoppel is dependent on a showing of actual reliance on the patent owner's inaction in enforcing the patent. The second aspect is asserted to be based on prosecution history

estoppel, which Defendants state has already been litigated in this case (Motion, page 2, lines 11-13). While Defendants failed to tell the Court to what they are referring, it appears they mean consideration of history when considering scope of the claims, and in that connection, the Court has already issued a Markman ruling (Claim Construction Order, Docket No. 296) after looking at the prosecution history to the extent the Court felt appropriate. Since the Court has already applied prosecution history estoppel to the extent necessary, this additional pleading of estoppel is also unnecessary.

Moreover, these two changes necessarily require additional discovery.

The third unnecessary change is to add a statue of limitations affirmative defense, which the Defendants justify as merely conforming the pleadings to the agreement by the parties (Motion, page 3, lines 13-20). Clearly, there is no need to amend the pleadings to reflect an agreement by the parties. If any action were needed, the Court can handle that as a single line in the final pretrial order. Also, during discovery, the Defendants have not provided any information which could be used to construct a basis for damages based on something prior to the statute of limitations, and therefore as a practical matter, Defendants gain nothing by pleading this defense.

### 3. There Has Been Undue Delay

The Defendants filed their original Answers and Counterclaims on March 12, 2003. Pursuant to F. R. Civ. P. 11, the Defendants had an obligation to investigate whether or not they had a basis for raising various defensives. Presumably, they did so. The new defenses sought to be added by the now proposed amended answers were not part of the original Answers and Counterclaims. Nor were they part of the two amendments to those pleadings which were made before this case was transferred from Delaware.

After transfer, this Court gave the Defendants until July 19, 2004, 14 months after their original pleadings, to amend their pleadings, and in fact, the Defendants did so in May

2004. During those 14 months, discovery was ongoing, and the Defendants had ample time to consider whether there was a basis for adding new defenses. But once again, the new allegations now proposed to be added were omitted from Defendants' amended pleadings.

It is now more than 2 and 1/2 years after the Defendants' original pleadings and about 1 and 1/2 years after their most recent amendment to their pleadings. All of the "facts" on which the proposed amendments are based have always been in the sole possession of the Defendants – they have never needed anything from Ricoh or any third party to seek leave to make this amendment. Clearly, there has been an undue delay after having an adequate opportunity to amend.

A delay this long requires the moving party to show it was based on "oversight, inadvertence or excusable neglect," *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir. 1992). The Defendants have made no effort to do so. Also, since the Defendants have failed to make any effort to rebut the fact that they had reason to know the basis for the assertions now sought to be made, it is respectfully submitted that the Court must assume the Defendants had knowledge of the facts but chose not to plead them. These failures by Defendants provide more than sufficient reasons to deny leave to further amend. *See Kalpan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994) (previous amendment, coupled with delay and movant's prior knowledge of facts and legal theories, justified denial); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) (party bypassed previous opportunity to amend); *Texaco v. Ponsoldt*, 939 F.2d at 799 (affirming denial of leave to amend one year after knowledge of facts); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.1990) (eight month delay between time when facts were known or should have been known and time of request to amend the complaint was unreasonable).

The Defendants have already pleaded their case four times. They have not tried to excuse their long delay. This additional, late and prejudicial attempt to amend should not be permitted. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 n.3 (9th Cir. 1987) (court has broad discretion to deny motion when one or more opportunities to amend have been provided).

### III. CONCLUSION

For all of the foregoing reasons, Defendants Motion for Leave to Amend their Answers and Counterclaims should be denied.

Dated: November 16, 2005

Ricoh Company, Ltd.

By: _____
Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Gary M. Hoffman
Ken Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880

Attorneys for Ricoh Company, Ltd.

Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Telephone:  (212) 835-1400
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

RICOH COMPANY, LTD.,

   Plaintiff,

v.

AEROFLEX ET AL.,

   Defendant.

Case No. CV-03-4669-MJJ (EMC)

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS**

Date: December 13, 2005
Time: 9:30 a.m.
Courtroom: 11, 19th Floor
Judge: Martin J. Jenkins

1  On November 8, 2005, Defendants' Motion For Leave To Amend Their Answers
2  And Counterclaims was filed. The matter, having been fully briefed, came before the Court on
3  December 13, 2005.
4  The motion, the memoranda, and supporting evidence of the parties having been
5  considered, and oral argument having been heard, the Court DENIES Defendants' Motion For
6  Leave To Amend Their Answers And Counterclaims.
7
8  IT IS SO ORDERED
9
10  DATED: _____          _____
11                                  The Honorable Martin J. Jenkins
                                    United States District Court Judge