United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | **ORDER RE JOINT LETTER OF FEBRUARY 9, 2006** |
| RICOH CO., LTD., | |
| Defendant. | **(Docket No. 286, C-03-2289)** |
| _____/ | **(Docket No. 354, C-03-4669)** |
| RICOH CO., LTD., | |
| Plaintiff, | |
| v. | |
| AEROFLEX, et al., | |
| Defendants. | |
| _____/ | |

The Court has received the parties' joint letter of February 9, 2005 regarding Ricoh's desire to obtain additional discovery (Rule 30(b)(6) depositions) into the scope of Synopsis' indemnification agreements with the ASIC Defendants. Having considered the parties' submission and good cause appearing therefor, the Court DENIES Ricoh's request.

The Court fails to see how the additional information sought is relevant to the "claim or defense of any party" under Rule 26(b).

Who is ultimately responsible for any damages awarded against the ASIC defendants does not affect the magnitude of damages properly awarded.

Since Ricoh has not sued Synopsys for infringement, the argument that the indemnification agreement may support an inference of intent by Synopsys to induce infringement by the ASIC defendants is not relevant to a live claim in this case.

The contention that the agreements are relevant to the declaratory relief action because the scope of the indemnification is limited to "ordinary use" of the Synopsys products and thus coextensive with the declaratory relief claim is a non-sequitor. Even if what constitutes ordinary use for purposes of the infringement analysis is the proper subject of inquiry and discovery in this case, that determination does not turn on the scope of the collateral indemnification obligations owed by Synopsys to third parties. What constitutes ordinary use is a matter that may be litigated and adjudicated even if there were no collateral indemnification obligations. Ricoh has failed to demonstrate how the indemnification agreement is relevant to the merits of the ordinary use question.

Finally, the fact that insurance and indemnification agreements should be disclosed under Rule 26(a)(1)(D) does not mean all discovery related thereto is relevant for purposes of Rule 26(b). One of the purposes of early disclosure under Rule 26(a) is to facilitate settlement discussions. Production of the agreement itself is all that is required under Rule 26(a)(1)(D). To obtain more, the party must demonstrate relevance under Rule 26(b). Ricoh has failed to do so.

IT IS SO ORDERED.

Dated: February 28, 2006

EDWARD M. CHEN
United States Magistrate Judge

2