1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC.
6  and for Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD.,
8  MATROX GRAPHICS, INC.,
   MATROX INTERNATIONAL CORP.,
9  and MATROX TECH, INC.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                      **DEFENDANT'S *EX PARTE* APPLICATION
                                            FOR ORDER COMPELLING REMOVAL
15      vs.                                 OF REFERENCES TO PRIVILEGED
                                            MATERIAL AND RETURN OF
16  AEROFLEX INCORPORATED, et al.,          INADVERTENTLY PRODUCED
                                            PRIVILEGED MATERIAL AND
17          Defendants.                     [PROPOSED] ORDER**

18

19  **I.    INTRODUCTION**

20          Defendants Aeroflex Inc. and Aeroflex Colorado Springs (collectively "Aeroflex") hereby

21  move the Court pursuant to Civil L.R. 7-10 and paragraph 4 of the Standing Order for an order

22  requiring Plaintiff Ricoh Company, Ltd ("Ricoh") to immediately withdraw, and then re-file its Motion

23  for Sanctions filed on February 21, 2006 without reference to an inadvertently produced privileged

24  document.[1]  In addition, Aeroflex requests that Ricoh comply with its obligations pursuant to the

25  Stipulated Protective Order entered in this case and return the document at issue, as well as a handful

26  _____

27  [1] Provided the motion is re-filed with no other substantive changes, Aeroflex agrees that there is no need to reset the agreed
       hearing and briefing schedule set forth in the Stipulation and Order filed on February 28, 2006.
28

**HOWREY LLP**

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

of additional documents that were inadvertently produced.

The document at issue is a July 2005 email string that starts with an email from litigation counsel well known to Ricoh, Jacky Fink of Howrey, to Aeroflex that includes a very clear "attorney client privileged" footer at the bottom of the email and clearly relates to this litigation. The next email in the string is an email from in-house counsel at Aeroflex, to his employees, regarding this litigation. There is no question that the document is privileged, that the privileged nature of the document was clearly recognizable, and that it was inadvertently produced. Synopsys and the Customer Defendants in this case collected and produced 8 million pages of documents in an approximately 5 month period that included collection from at least 85 different people in twelve different locations. Only a handful of privileged documents have inadvertently been produced, an event contemplated and addressed in the Stipulated Protective Order, which requires return of all inadvertently produced documents after discovery and notification to the other side. Aeroflex's counsel first discovered that the privileged email, and handful of other similar documents, were inadvertently produced when Ricoh filed its motion, and promptly requested their return in accordance with the terms of the Stipulated Protective Order. Ricoh has refused.

Aeroflex moves for relief on an expedited basis because of the significance of this issue, and the risk that Ricoh will claim that additional delay should affect Aeroflex's rights. In addition, the privileged document must be removed from the Motion in advance of Aeroflex's opposition to avoid any further compromise to Aeroflex's rights. The emergency requiring *ex parte* relief is not of Aeroflex's making. Plaintiff chose to rely upon material it knew, or should have known, was privileged and unintentionally produced long after being made specifically aware of its obligations pursuant to *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656 (Cal. Ct. App. 1999) to notify Aeroflex of the potentially inadvertent production. Ricoh wholly ignored this obligation – and instead – and quite remarkably – filed an obviously privileged but inadvertently produced document claiming, without any basis, that "[t]his email was voluntarily produced by Aeroflex in part to explain how the various Aeroflex libraries were selected." Ricoh's Sanctions Motion at 13. Notably, however, Ricoh immediately thereafter contradicts itself, expressly acknowledging that the document might be subject to a claim of privilege, which it then claims should be ignored for various

HOWREY LLP

1  unsupportable reasons. *Id.* Given Ricoh's recognition that there might be a claim of privilege, it is
2  outrageous that the first notification Ricoh provided to Aeroflex of its possession of a clearly
3  privileged document was in the filed motion. Plaintiff's decision to rely upon inadvertently produced
4  privileged material necessitates this *ex parte* application, and the equitable remedy requested qualifies
5  as the extraordinary relief justifying such an application under paragraph 4 of the Standing Order. All
6  efforts to resolve this dispute without Court intervention have failed. Declaration of Denise M. De
7  Mory in Support of Ex Parte Application to Compel Removal of Privileged Materials ("De Mory
8  Decl."), ¶2, Exhs. 1-3.

## II.    FACTUAL BACKGROUND

A discovery stay in this case was lifted on July 22, 2005. Discovery began in earnest in late September after a series of meet and confers, and letters to Judge Chen. De Mory Decl. ¶3. Initially, Defendants were required to collect documents from eighty-five individuals in over a dozen locations across the U.S. and Canada during an approximately two month time period. *Id.* Thereafter, additional documents have been collected from some of the same and other individuals. *Id.* Over an approximately five month period, approximately eight million pages of documents were collected and produced by Synopsys and the Customer Defendants. *Id.* Synopsys and the Customer Defendants made every reasonable effort – and beyond – to produce documents that Ricoh has insisted that it needs to do its infringement contentions. *Id.* In addition, Synopsys and the Customer Defendants have produced witnesses for well over 100 hours of deposition with another 100 hours scheduled in the near future. *Id.* At this point, enormous amounts of money have been spent and enormous amounts of party resources have been expended collecting and producing documents and providing other discovery to Ricoh. *Id.*

Notwithstanding these efforts, and likely because there are major substantive problems with Ricoh's case, Ricoh has attempted to turn this whole case into a case about alleged discovery abuses. Indeed, in almost every deposition, instead of focusing on collecting information relevant to its infringement contentions, Ricoh has focused almost exclusively on an attempt to prove up some kind of inadequacy relating to the efforts of Aeroflex, Synopsys, and the other Customer Defendants to meet Ricoh's discovery demands. These issues will be addressed more fully in the Opposition to

HOWREY LLP

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)            -3-
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

1  Ricoh's Sanctions Motion, but are important here in view of Ricoh's refusal to return the documents
2  because of an alleged "potential fraud on the Court" evidenced by the email in question. This, like the
3  rest of the sanctions motion, is unsupportable on its face.
4        In the course of working as quickly as possible to meet Ricoh's demands, a few privileged
5  documents – out of eight million pages – were inadvertently produced notwithstanding the safeguards
6  that were implemented to prevent inadvertent disclosure. *Id.*, ¶4. The safeguards implemented to
7  prevent inadvertent disclosure included numerous layers of review. *Id.* An electronic discovery firm
8  was retained at considerable expense to do electronic filtering of documents for privilege.[2] *Id.* In
9  addition, numerous Howrey attorneys, as well as attorneys retained just to do privilege review, did
10 page by page searches of documents that were to be produced. *Id.* Documents were reviewed both for
11 substance as to whether the documents contained privileged content, and against lists of in-house and
12 outside attorneys. *Id.*
13       In any event, the parties to this case have already agreed in the Stipulated Protective Order that
14 mere inadvertence will not constitute a waiver of any privileges. Specifically, Paragraph 21(b) of the
15 Stipulated Protective Order provides as follows:

> (b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

25 *Id.*, Exh. 4. In accordance with the terms to which Ricoh agreed and are set forth in the Order, Ricoh

---

[2] Some of the early emails were not filtered, and it is believed that the email at issue here was not subjected to electronic filtering, but was reviewed and inadvertently produced.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)   -4-
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

must return inadvertently produced documents, and only reserved the right to assert that (1) the materials are not privileged (not an issue here); (2) the production was not inadvertent (also, notwithstanding Ricoh's claims to the contrary, not an issue here); or (3) that the privilege was waived for reasons other than mere inadvertence (which Ricoh, as set forth below, can not show).

In accordance with Paragraph 21(b), Ricoh has been notified on four occasions that a very small number, particularly when compared with the total production, of inadvertently produced documents were discovered. *Id.*, ¶6. In the first instance, Aeroflex discovered that a handful of Aeroflex documents had been inadvertently produced, and notified Ricoh. The documents at issue contained communications between Aeroflex's in-house counsel and Aeroflex employees after this litigation was filed that were about this litigation. Initially, there was a dispute regarding their return. *Id.* In the course of that dispute, Ricoh was made aware of its obligations pursuant to *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656 (Cal. Ct. App. 1999). *Id.*, Exh. 5. Gary Hoffman, Ricoh's counsel, ultimately agreed to return the documents, stating as follows:

> From this point forward in order to comply with paragraph 21(b) [of the Stipulated Protective Order] for the return of privileged documents, a party will only be required to allege that an identified range of documents are privileged and that no additional information, declarations, or verifications, or the like, will be required.

*Id.*, Exh. 6. Thereafter, on two occasions, the Customer Defendants notified Ricoh of privileged documents comprising similar communications with in-house counsel, and they were returned without question, even though in some cases relatively long periods had lapsed prior to discovery, which in this case, is understandable in view of the volume of documents produced and the hectic pace of on-going discovery.

In addition to the terms of the Stipulated Protective Order, Mr. Hoffman's acknowledgement of his obligations pursuant to the Order, and Ricoh's awareness of the *State Compensation* case, two other things are notable. First, the parties have agreed not to log any communications with their clients after the filing of the lawsuit on January 20, 2003, implicitly acknowledging something as to which there can be no doubt: communications between Howrey and its clients after the filing of the lawsuit about the lawsuit are privileged. Second, any doubt as to Ricoh's awareness of this fact can be alleviated by Ken Brothers' acknowledgement that Synopsys would assert that any internal legal

HOWREY LLP

1  communications after January 20, 2003 about the patent, and other topics, were privileged. *Id.*, Exh.
2  7.[3]

3  Notwithstanding all of the foregoing, on February 21, 2006, Ricoh filed a Motion for Sanctions
4  alleging violations of Judge Jenkins's Case Management Conference Order governing this case. In
5  support of its argument, Ricoh cited an email dated July 15, 2005 from Ms. Jaclyn Fink to Mr. Y.R.
6  Hladkyj and Mr. Peter Milliken of Aeroflex. *Id.*, ¶ 8. Ms. Fink is an attorney at Howrey, LLP
7  representing Aeroflex, the other Customer Defendants, and Synopsys in this action. *Id.* Mr. Hladkyj is
8  in-house counsel for Aeroflex. *Id.*

9  Aeroflex wrote a letter dated February 23, 2006 to Ricoh requesting return of the privileged
10 document relied upon in the Motion and other inadvertently produced privileged materials. *Id.*, ¶ 2,
11 Exh. 1. Having received no response to the request to return the documents, Aeroflex gave notice of
12 its intention to file the instant application on February 27, 2006. *Id.*, ¶ 2, Exh. 2.

13 After receiving notice of the instant motion, Ricoh responded to the request to return the
14 inadvertently produced document. *Id.*, ¶ 2, Exh. 3. Ricoh refused to return the document, quoting the
15 following footnote in its Sanctions Motion:

> This email was voluntarily produced by Aeroflex in part to explain how the various Aeroflex libraries were selected. To the extent it was subject to any claim of privilege, such a claim was waived both by the voluntary production of the document, and because it reflects a possible fraud upon the Court. *Bud Antle, Inc. v. Grow-Tech, Inc.*, 131 F.R.D. 179, 183-184 (N.D.Cal. 1990) (privilege was waived because of failure to claim privilege for six weeks following disclosure and failure to take reasonable precautions against disclosure); *Cunningham v. Connecticut Mutual Life Ins.*, 845 F.Supp. 1403 (S.D.Ca. 1994) (privilege was waived because it was not properly asserted and the privilege did not apply under the crime-fraud exception).

23 *Id.* In Ricoh's response, Ricoh also claimed that its actions were also justified based on its claim that
24 Aeroflex intentionally produced certain other privileged documents in the litigation. *Id.* Believing this
25 statement to be in error, Aeroflex's counsel inquired of Ricoh's counsel the facts underlying this

---

[3] Mr. Brothers' letter acknowledges this assertion on behalf of Synopsys only, but it was made clear in the meet and confer leading up to that letter that the position was universal as to both Synopsys and the Customer Defendants.

HOWREY LLP

Case No.  C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)    -6-
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

statement. *Id.* Ricoh's counsel represented that this statement referenced only the production of some initial communications between Synopsys and the Customer Defendants in which Synopsys indicated that it was assuming the defense of the case, and that Howrey would be retained to defend the Customer Defendants. *Id.* These documents, however, simply reflect a communication between Synopsys and its Customers reflecting the commencement of the joint defense.

## III. ARGUMENT

The Court should order the immediate return of the privileged documents, and require Ricoh to withdraw and re-file its Motion for Sanctions because Ricoh's decision to rely on the clearly privileged email was improper, and it has no justification for refusing to return the email at issue, or the other inadvertently produced privileged documents.

### A. Ricoh's Reliance On The Clearly Privileged Document Was Improper

Ricoh's actions concerning inadvertently produced attorney-client privileged materials contravened California law. In California, attorneys receiving "materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appears to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, … shall immediately notify the sender that her or she possesses material that appears to be privileged." *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656 (Cal. Ct. App. 1999). Ricoh's actions violated this standard of conduct.

The email Ricoh relied upon in its Motion was a confidential communication between client and attorney, and protected by the attorney client privilege as a result. *United States v. Derr*, 1993 U.S. Dist. LEXIS 11414, *2 (N.D. Cal. 1993). Ms. Fink is representing Aeroflex in this case, Mr. Hladkyj is Aeroflex's in-house counsel, and the subject of the email relates directly to issues in this case.[4] Accordingly, there can be no question that the attorney-client privilege protects the contents of the email.

---

[4] There can be no doubt that Ricoh was aware that the email was attorney-client privileged. Ricoh's counsel has interacted extensively with Ms. Fink, and the email contains a footer stating that it is from the law firm of Howrey LLP and may include confidential and/or privileged information. The email also contains a discussion with a client pertinent to issues in this case. Its privileged nature is clear.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

-7-

1         There can also be no doubt that Ricoh knew the email was inadvertently produced. The email
2   was contained in the eight million pages of documents produced in response to Ricoh's document
3   requests, and no relevant privileges have been waived by Customer Defendants in this case. De Mory
4   Decl. ¶ 4. Contrary to Ricoh's assertion in its Motion, the email was not produced voluntarily to
5   "explain how the various Aeroflex libraries were selected." De Mory Decl., ¶ 9. Aeroflex had
6   absolutely no intention of producing the email at issue or waiving any privilege as a result, and Ricoh's
7   contention otherwise is baseless. Accordingly, Ricoh was required to immediately notify Synopsys
8   that privileged email had been inadvertently produced. Instead, Ricoh made a decision to flout the law
9   and wrongfully rely upon an attorney-client privileged email in support of its Motion.

### B. Ricoh's Failure To Return The Document Is Unjustifiable

Ricoh cannot justify its failure to return the privileged documents.

Ricoh's first claim is that the Fink email was intentionally produced. Motion for Sanctions at 13, fn. 2 This is not true; the email was not intentionally produced. De Mory Decl., ¶9. Ricoh knew or should have known this. Notably, immediately after claiming that the document was intentionally produced, Ricoh changes gears and acknowledges that the document is subject to a claim of privilege, but attempts to justify why the privilege has been waived. Motion for Sanctions, at 13, fn. 2. These justifications are also without merit.

Based on Ricoh's reliance on *Bud Antle, Inc. v. Grow-Tech, Inc.*, 131 F.R.D. 179, 183-184 (N.D. Cal. 1990), Ricoh's first justification for the alleged waiver appears to be that the privilege was waived though inadvertence because of the period of time that transpired prior to discovery plus a failure to take inadequate precautions. *Bud Antle*, however, in inapposite. Here, there is a Stipulated Court Order that governs this situation. There was no such Order in *Bud Antle*. The terms of that order provide for the return of inadvertently produced documents. The documents must be returned, and the receiving party only has the right to assert that (1) the materials are not privileged; (2) the production was not inadvertent; or (3) that the privileged was waived for reasons other than mere inadvertence. The materials are privileged, the production was not inadvertent, and *Bud Antle* deals only with waiver by inadvertence, specifically excluded as a ground for asserting waiver here in the Stipulated Protective Order.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

-8-

Even if this Court could or should attempt to determine whether the inadvertent production resulted in waiver, an action explicitly Ricoh agreed would not happen, no waiver could be found here. Acknowledging that time is not an issue, Ricoh has already agreed to return documents produced months before discovery of the privilege. The parties already agreed not to log these communications, so delay in providing a privilege log does not justify waiver. Synopsys and the Customer Defendants had in place adequate safeguards and expended substantial resources reviewing documents to avoid inadvertent production. Finally, the scope of the production – 8 million pages – clearly militates against wavier by inadvertence. If a privileged document is inadvertently produced, "the privilege is preserved if the privilege holder has made reasonable efforts to protect and preserve the privilege." *Derr*, 1993 U.S. Dist. LEXIS 11414, at *2; *see also Transamerica Computer Co., Inc. v. IBM Corp.*, 573 F.2d 646 (9th Cir. 1978).

Next, Ricoh claims that *Cunningham v. Connecticut Mutual Life, Ins.,* 845 F. Supp. 1403 (S.D. Ca. 1994) justifies waiver because of a "potential fraud on the Court." It is offensive to even have to respond to such an assertion. *Cunningham* deals with the crime-fraud exception to privilege in which the following elements must be met prior to the exception being applied:

> In California, for the crime-fraud exception to apply, two elements must be shown. First, the party opposing the privilege must establish a prima facie case of fraud. *BP Alaska Exploration, Inc. v. Superior Court, 199 Cal. App. 3d 1240, 1262, 245 Cal. Rptr. 682, 696 (1988); Nowell v. Superior Court, 223 Cal. App. 2d 652, 657, 36 Cal. Rptr. 21, 25 (1963).* Second, the party must also establish a reasonable relationship between the fraud and the attorney-client communication. *BP Alaska, 199 Cal. App. 3d at 1268, 245 Cal. Rptr. at 701.*

*Id.* The elements of fraud necessary to establish the exception are: "(1) a misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) intent to deceive, and (4) the right to rely on the representation. *Id. at 1263, 245 Cal. Rptr. at 697."* *Id.* at 1412.

Here, what we have is Ms. Fink's initial interpretation of what transpired at an unrecorded Case Management Conference. Though Aeroflex does not agree that such is the case, at best, Ms. Fink's interpretation was wrong, not a fraud. Ricoh is well aware of what happened at that Case Management Conference, and that what was required to be collected as a result was the subject of substantial letter writing between the parties, plus additional clarification at further conferences. Moreover, without disclosing the content of the email herein, it is clear on the face of the email that no "fraud" was

HOWREY LLP

Case No.  C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

-9-

committed. As the subsequent email string reflects, and even the very paragraph referenced reflects, there was a request for the information at issue, and it was collected. It is reprehensible for Ricoh to say that this email should give rise to the crime fraud exception!

Finally, the alleged "intentional production of other privileged documents" assertion likewise does not carry the day. Those other documents were inter-party communications that gave rise to the formation of the joint defense and commences Howrey's representation of the parties. In any event, even if this was some "intentional production" on some limited subject area, it could not possibly justify improperly relying on and refusing to return an email drafted by litigation counsel two and half years into the litigation.

## IV. CONCLUSION

For the foregoing reasons, Customer Defendants respectfully request this Court to order: (1) that Plaintiff's motion is stricken as filed, (2) that Plaintiff is required to withdraw its motion and re-file it after removing all privileged materials and references to privileged materials, (3) that all identified privileged materials are returned by Plaintiff to Defendant, and (4) that Plaintiff abide by California law and the Stipulated Protective Order in the future with respect to privileged materials inadvertently produced.

Dated: March 3, 2006                    Respectfully submitted,

HOWREY LLP


By:    /s/Denise M. De Mory
       Denise M. De Mory
       Attorneys for Plaintiff
       SYNOPSYS, INC. and for Defendants
       AEROFLEX INCORPORATED,
       AEROFLEX COLORADO SPRINGS,
       INC., AMI SEMICONDUCTOR, INC.,
       MATROX ELECTRONIC SYSTEMS,
       LTD., MATROX GRAPHICS, INC.,
       MATROX INTERNATIONAL CORP.,
       and MATROX TECH, INC.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)          -10-
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS

**ORDER**

After having given due consideration to Defendant Aeroflex et al.'s *Ex Parte* Application for Order Striking Plaintiff's Motion for Sanctions and Seeking Removal of References to Privileged Materials, and Return of Inadvertently Produced Privileged Materials,

IT IS HEREBY ORDERED that:

(1) Plaintiff Ricoh's Motion for Sanctions filed February 21, 2006 is stricken due to its improper reliance upon inadvertently produced privileged materials;

(2) Plaintiff Ricoh shall withdraw its motion and remove all privileged materials and references to privileged materials prior to re-filing its Motion; and

(3) Plaintiff Ricoh shall return to Defendants all privileged materials previously identified by Defendants and so identified by Plaintiffs, and shall abide by California law and the Stipulated Protective Order with respect to inadvertently produced privileged materials in the future.

IT IS SO ORDERED.

DATED:

EDWARD M. CHEN
United States District Judge

HOWREY LLP

Case No.  C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER
COMPELLING REMOVAL OF PRIVILEGED MATERIALS