1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California  94105
4  Telephone:  (415) 848-4900
   Facsimile:  (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS and
6  Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC.,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS INC., MATROX
   INTERNATIONAL CORP., and MATROX
9  TECH, INC.

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-4669 MJJ (EMC)

14            Plaintiff,                    **DECLARATION OF DENISE M. DE MORY
                                            IN SUPPORT OF DEFENDANTS
15       vs.                                AEROFLEX INCORPORATED AND
                                            AEROFLEX COLORADO SPRINGS' *EX
16  AEROFLEX INCORPORATED, AMI              PARTE* APPLICATION FOR ORDER
    SEMICONDUCTOR, INC., MATROX             COMPELLING REMOVAL OF
17  ELECTRONIC SYSTEMS LTD., MATROX         REFERENCES TO PRIVILEGED
    GRAPHICS INC., MATROX                   MATERIAL AND RETURN OF
18  INTERNATIONAL CORP., MATROX TECH,       INADVERTENTLY PRODUCED
    INC., AND AEROFLEX COLORADO             PRIVILEGED MATERIAL**
19  SPRINGS, INC.,
                                            Judge:   Hon. Martin J. Jenkins
20            Defendants.

21

22

23

24

25

26

27

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)                        1
DE MORY DECL. ISO EX PARTE APPLICATION FOR ORDER
COMPELLING REMOVAL OF REFERENCES TO PRIVILEGED
MATERIAL

I, Denise M. De Mory, declare as follows:

1.    I am a partner at the law firm of Howrey LLP, counsel for Aeroflex Incorporated and Aeroflex Colorado Springs in this action.  The following declaration is based on my personal knowledge.  If called upon to testify, I could and would competently testify as to the matters set forth below.

2.    The first discovery of the inadvertently produced privileged document at issue in this *ex parte* application was through a review of Ricoh's Motion for Sanctions.  Aeroflex promptly notified Ricoh by letter dated February 23, 2006.  A true and correct copy of the February 23, 2006 letter is attached hereto as Exhibit 1.  Having received no response to the request to return the documents, Aeroflex gave notice of its intention to file the instant application on February 27, 2006.  A true and correct copy of Aeroflex's February 23, 2006 letter is attached hereto as Exhibit 2.  After receiving notice of the instant motion, Ricoh responded to the request to return the inadvertently produced document on February 28, 2006.  A true and correct copy of the  February 28, 2006 letter is attached hereto as Exhibit 2.  Ricoh refused to return the document

3.    A discovery stay in this case was lifted on July 22, 2005.  Discovery began in earnest in late September after a series of meet and confers, and letters to Judge Chen.  Initially, Defendants were required to collect documents from eighty-five individuals in over a dozen locations across the U.S. and Canada during an approximately two month time period.  Thereafter, additional documents have been collected from some of the same and other individuals.  Over an approximately five month period, approximately eight million pages of documents were collected and produced by Synopsys and the Customer Defendants.  Synopsys and the Customer Defendants made every reasonable effort --- and beyond – to produce documents that Ricoh has insisted that it needs to do its infringement contentions.  In addition, Synopsys and the Customer Defendants have produced witnesses for well over 100 hours of deposition with another 100 hours scheduled in the near future.  At this point, enormous amounts of money have been spent and enormous amounts of party resources have been expended collecting and producing documents and providing other discovery to Ricoh.

4.    In the course of working as quickly as possible to meet Ricoh's demands, a few privileged documents – out of eight million pages – were inadvertently produced notwithstanding the

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)                    1
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

safeguards that were implemented to prevent inadvertent disclosure.  The safeguards implemented to

prevent inadvertent disclosure included numerous layers of review.  An electronic discovery firm was

retained at considerable expense to do electronic filtering of documents for privilege.[1]  In addition,

numerous Howrey attorneys, as well as attorneys retained just to do privilege review, did page by page

searches of documents that were to be produced. Documents were reviewed both for substance as to

whether the documents contained privileged content, and against lists of in-house and outside

attorneys.

5.    Attached hereto as Exhibit 5 is a true and correct copy of the Stipulated Protective

Order.

6.    In accordance with Paragraph 21(b), Ricoh has been notified on four occasions that a

very small number, particularly when compared with the total production, of inadvertently produced

documents were discovered.  In the first instance, Aeroflex discovered that a handful of Aeroflex

documents had been inadvertently produced, and notified Ricoh.  The documents at issue contained

communications between Aeroflex's in-house counsel and Aeroflex employees after this litigation was

filed that were about this litigation.   Initially, there was a dispute regarding their return. In the course

of that dispute, Ricoh was made aware of its obligations pursuant to *State Compensation Ins. Fund v.*

*WPS, Inc.*, 70 Cal. App. 4th 644, 656 (Cal. Ct. App. 1999) on October 24, 2005.  A true and correct

copy of the October 23, 2005 letter is attached hereto as Exhibit 5.  In a letter dated November 1, 2005,

Gary Hoffman, Ricoh's counsel, ultimately agreed to return the documents.  A true and correct copy of

the November 1, 2005 letter is attached hereto as Exhibit 6.

7.    Attached hereto as Exhibit 7 is a true and correct copy of a January 17, 2006 letter from

Ken Brothers to Denise De Mory reflecting Mr. Brothers' understanding of Synopsys' privilege

assertion after the date of filing.  *See* Exhibit 7 at ¶¶ 4-5.

8.    On February 21, 2006, Ricoh filed a Motion for Sanctions alleging violations of Judge

Jenkins' Case Management Conference Order governing this case.  In support of its argument, Ricoh

---

[1] Some of the early e-mails were not filtered, and it is believed that the e-mail at issue here was not subjected to electronic filtering, but was reviewed and inadvertently produced.

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)                                   -2-
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

1  cited an email dated July 15, 2005 from Ms. Jaclyn Fink to Mr. Y.R. Hladkyj and Mr. Peter Milliken

2  of Aeroflex.  Ms. Fink is an attorney at Howrey, LLP representing Aeroflex, the other Customer

3  Defendants, and Synopsys in this action.  Mr. Hladkyj is in-house counsel for Aeroflex.

4         9.     The July 2005 e-mail that is the subject of this application was not intentionally

5  produced.

6       I declare under penalty of perjury under the laws of the United States that the foregoing is true

7  and correct.

8       Executed this 2nd day of March , 2006, at San Francisco, California.

9

10                                           /s/*Denise M. De Mory*

                                       Denise M. De Mory

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)       -3-
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

February 23, 2006

**VIA PDF**

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

> Re: ***Synopsys v. Ricoh Company, Ltd.,***
> **Case No. C03-2289 MJJ (EMC)**
> ***Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,***
> **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

It has come to our attention that certain privileged documents were inadvertently produced. Pursuant to paragraph 21 (b) of the Stipulated Protective Order, please return the privileged documents identified by Bates number below to us and certify that all copies of those documents have been destroyed. Pursuant to the understanding correctly described in Mr. Hoffman's letter dated November 1, 2005, "no additional information, declarations, verifications, or the like, will be required" to justify return of the documents listed below. Accordingly, we expect that the documents will be returned without delay or dispute, and furthermore, that none of the below listed documents will be further relied upon for any purpose per paragraph 21(b)(2) of the Stipulated Protective Order.

The documents to be returned bear the following Bates numbers:

> AF 020382 – AF 020383
> AF 020423 – AF 020425
> AF 020426 – AF 020429
> AF 020485 – AF 020487
> AF 020488 – AF 020490
> AF 020491 – AF 020494
> AF 020495 – AF 020498
> AF 020499 – AF 020502
> AF 021957 – AF 021961
> AF 021962 – AF 021966
> AF 021967 – AF 021971
> AF 021972 – AF 021976
> AF 021999 – AF 022003

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

Kenneth W. Brothers, Esq.
February 23, 2006
Page 2

     In addition, it has come to my attention that you used AF 021999-AF 022003 in your "sanctions" motion filed on Tuesday.  I am deeply disturbed by this highly improper behavior.  There is no doubt that you know that this document was inadvertently produced – it is a communication between us and our clients during this litigation.   Indeed, you and I had a discussion immediately after the deposition of Wade Tiedemann in which I specifically and directly informed you that any communications between Howrey and its clients were privileged, and that if you had any such documents, they were inadvertently produced.  Even if I had not told you this, it is self evident, and you had an obligation to return this document upon discovering that you had it.  Indeed, I previously made you aware of your obligations in this regard in accordance with *State Compensation Ins. Fund v. WPS, Inc.,* 70 Cal. App. 644 (1999).  There is a little question that you have breached these obligations.

     In view of the foregoing, please withdraw and re-file your motion without reference to the privileged e-mail immediately.  If you do not do so, we will take action with the Court.  I look forward to and expect your cooperation.  If you have any questions, please do not hesitate to contact me.

     Very truly yours,

     Denise M. De Mory

DMD:plk

cc:   Gary Hoffman, Esq. (via e-mail only)
       Edward Meilman, Esq. (via e-mail only)
       Eric Oliver, Esq. (via e-mail only)
       DeAnna Allen, Esq. (via e-mail only)
       Michael Weinstein, Esq. (via e-mail only)
       Seymour Seyoum (via e-mail only)



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
**T** 415.848.4983
**F** 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

February 27, 2006

**VIA PDF**

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

> **Re:** *Synopsys v. Ricoh Company, Ltd.*,
> **Case No. C03-2289 MJJ (EMC)**
> *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
> **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

 I have not heard from your regarding my letter of February 23 regarding the Fink e-mail used in your motion as well as the other inadvertently produced privileged e-mails referenced in my letter. In view of the foregoing and the urgency of the situation, we will move *ex parte* tomorrow requesting that you withdraw your motion, delete all references to the Fink e-mail, return the additional Aeroflex documents, and re-file your motion.

 Very truly yours,

Denise M. De Mory

DMD:plk

cc: Gary Hoffman, Esq. (via e-mail only)
  Edward Meilman, Esq. (via e-mail only)
  Eric Oliver, Esq. (via e-mail only)
  DeAnna Allen, Esq. (via e-mail only)
  Michael Weinstein, Esq. (via e-mail only)
  Seymour Seyoum (via e-mail only)

DM_US\8317974.v1

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

February 28, 2006

**Via PDF**

Denise DeMory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

> Re:   Ricoh v. Aeroflex, et al.
>          Synopsys v. Ricoh

Dear Denise:

      This responds to your letter of February 23, 2006 concerning the return of allegedly privileged Aeroflex documents. While Ricoh has cooperated with your firm with respect to the return of many other allegedly privileged documents, the Aeroflex documents that are the subject of your letter fall into a different category because a representative sample of those documents has already been filed under seal with the Court. As Ricoh noted in footnote 2 of its brief:

> This email was voluntarily produced by Aeroflex in part to explain how the various Aeroflex libraries were selected. To the extent it was subject to any claim of privilege, such a claim was waived both by the voluntary production of the document, and because it reflects a possible fraud upon the Court. *Bud Antle, Inc. v. Grow-Tech, Inc.*, 131 F.R.D. 179, 183-184 (N.D.Cal. 1990) (privilege was waived because of failure to claim privilege for six weeks following disclosure and failure to take reasonable precautions against disclosure); *Cunningham v. Connecticut Mutual Life Ins.*, 845 F.Supp. 1403 (S.D.Ca. 1994) (privilege was waived because it was not properly asserted and the privilege did not apply under the crime-fraud exception).

      We reject your allegations that Ricoh's citation to those documents was in any way improper. As set forth in the sanctions motion, Ricoh believes that the referenced document reflects improper and possibly fraudulent conduct on the part of Aeroflex and its counsel. There is no question that those documents were never requested to be returned prior to Ricoh's filing of its sanctions motion. Your general assertion of privilege during a deposition – especially of a non-Aeroflex witness – was insufficient to place anyone on notice with respect to any documents, is inconsistent with the fact that you and your clients have intentionally produced certain legal communications relating to this litigation; and cannot trump the holding of the *Bud Antle* and *Cunningham* cases.

      You quote paragraph 21 of the protective order in your letter. That paragraph continues: "Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that the privilege was waived for reasons other than the mere inadvertent production of the material." By its sanctions filing, Ricoh has placed

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.2049605.1                                         *www.DicksteinShapiro.com*

Denise DeMory, Esq.
February 28, 2006
Page 2

at issue Aeroflex's *post hoc* privilege assertion. Until the matter is resolved by the Court, we decline to return the documents identified in your letter.

For the same reasons, we likewise decline your demand that Ricoh withdraw and refile its sanction motion papers. We object to your stated intention to file an ex parte motion to strike the sanctions motion. The issue of waiver or whether there has been a fraud on the Court is already at issue, and should be resolved in that context.

I note that we already have agreed that the sanctions motion will be heard on April 4. Your professed intent to file an ex parte motion to strike appears to be inconsistent with our agreement. We agreed to extend the hearing date by one week upon the understanding that you would not seek to further delay the hearing date. If you are attempting to do so, then we withdraw our agreement to the extension to April 4 and reserve the right to ask that the hearing go forward on March 28. Perhaps you can clarify your intentions during our previously scheduled meet and confer today at 10 am PT/1 pm ET.

Sincerely,

Kenneth W. Brothers

cc:    Howrey distribution list



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICOH COMPANY, LTD.,                    )
                                        )
            Plaintiff,                  )
                                        )        C.A. No. 03-103-GMS
        v.                              )
                                        )
AEROFLEX INCORPORATED, AMI              )
SEMICONDUCTOR, INC., MATROX             )
ELECTRONIC SYSTEMS LTD.,                )
MATROX GRAPHICS INC., MATROX            )
INTERNATIONAL CORP. and                 )
MATROX TECH, INC.                       )
                                        )
            Defendants.                 )

FILED

JUN - 9 2003

DISTRICT COURT
OF DELAWARE

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties are or may be competitors and believe that confidential information about certain of its research and development activities and other confidential information concerning its activities constitute very valuable commercial information that, if disclosed to competitors or others, would significantly harm it, and

WHEREAS each of the parties expects certain documents, things, and information that are or will be encompassed by discovery demands made to each other or to non-parties constitute trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

Each of the parties hereby stipulates that the following Stipulated Protective Order may be entered by the Court:

1

1.      All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains "Confidential Information."

3.      (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary business and financial information and any other non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained.  Nothing in this paragraph shall be construed to limit the description of "Confidential Information" set forth in paragraph 2.

(b)  Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

2

(iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

4.     "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside copy services, document imaging and database services, design services who have signed confidentiality agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed confidentiality agreements, and language translators who have signed confidentiality agreements (including support staff) as may be reasonably necessary in connection with the preparation or conduct of this action;

(e) Anyone to whom the parties consent in writing;

(f) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and opportunity to be heard to all parties.

5.     Prior to the disclosure of any "Confidential Information" to any expert under Paragraph 4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective Order as entered to such person, explain its terms to such person, and secure the signature of such person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile and mail to counsel for the other Parties a copy of the signed Exhibit A,

3

accompanied by a curriculum vitae, at least ten (10) calendar days before any "Confidential Information" designated under this Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or consulting engagements by the expert within the past five (5) years, and state all present or prior relationships between the expert and any entity directly or indirectly involved in this litigation or providing an indemnity to any such entity, its subsidiaries or its affiliates. Any Party may object to the proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes such expert should not receive designated "Confidential Information". If during that ten (10) calendar day period, a Party makes such a written objection, there shall be no disclosure of "Confidential Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated below, or further order of the Court. After a Party objects to the proposed disclosure to an expert, the objecting Party shall move, by noticed motion or by *ex parte* application, for an order that disclosure not be made to such expert within five (5) business days following the date that the objection is made, or the Party's objection shall be deemed waived and disclosure may be made to the expert. The burden shall be on the objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6.     (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

4

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7.     Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8.     The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9.     "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department

5

of the Parties from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert reports, including exhibits, that are designated as "Confidential."

10.    (a) Documents to be inspected shall be treated as "Confidential" although such documents need not be marked as "Confidential" prior to inspection. At the time of copying for the receiving parties, any documents containing "Confidential Information" shall be stamped prominently "Confidential" by the producing party.

(b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all effected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as "Confidential" or of the party that produced the information or of a related entity.

11.    If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" under this Order. To the extent such information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

6

12.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Nor will the failure to object be construed as an admission that any particular "Confidential Information" contains or reflects currently valuable trade secrets or confidential commercial information.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as "Confidential," the Court shall resolve all such disputes.  It shall be the burden of the party making any designation to establish that the information so designated is "Confidential" within the meaning of this Protective Order.  The "Confidential Information" that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

13.     The parties may, by written stipulation filed and approved by the Court, amend this Order, and any party may seek an order of this Court modifying this Protective Order.  The parties agree to meet and confer prior to seeking to modify this Protective Order.  In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

14.     In the event a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential Information" used therein shall be filed under seal with the Court.

15.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other

7

pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a party to this action.

16.    If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17.    In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18.    If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would

8

breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given. The person or entity whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires. If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19.    In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20.    This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21.    (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception. Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things.

(b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

22.     Within ninety (90) days after conclusion of this litigation and any and all appeals thereof, any document and all reproductions of "Confidential" documents produced by a party that are in the possession of any Qualified Person shall be returned to the producing party or, with the consent of the producing party, destroyed. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within fourteen (14) calendar days of such destruction. Outside counsel for each party may maintain in its files one copy of all material produced as well as all materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "Confidential" materials). If counsel retains such materials, the materials which contain Confidential Information shall be accessible only by Qualified Persons defined in paragraph 4(b) above. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation including any subsequent appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written

10

permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

23.    This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

24.    This Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

SO ORDERED this ___9th___ day of ___June___, 2003.

UNITED STATES DISTRICT JUDGE

11

AGREED:

By: _____

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
(302) 651-7700

Gary M. Hoffman
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
(202) 828-4879

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY  LLP
1177 Avenue of the America
New York, New York  10036
(212) 896-5471


Counsel for Plaintiff,
Ricoh Company Ltd.

Francis DiGiovanni (#3189)
Connolly Bove Lodge
  & Hutz LLP
1220 Market Street
P.O. Box 2207
Wilmington, DE  19801
(302) 658-9141
Attorneys for Defendants

OF COUNSEL:
Teresa M. Corbin
Howrey Simon Arnold & White, LLP
301 Ravenswood Ave.
Menlo Park, CA 94025
(650) 463-8100
Attorneys for Defendants

Alan H. MacPherson
MacPherson Kwok Chen & Heid LLP
2001 Gateway Place, Suite 195E
San Jose, CA 95014
(408) 392-9250
Attorney for AMI Semiconductor, Inc.

RLF1-2606322-1

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 03-103-GMS |
| v. | ) | |
| | ) | |
| AEROFLEX INCORPORATED, AMI | ) | |
| SEMICONDUCTOR, INC., MATROX | ) | |
| ELECTRONIC SYSTEMS LTD., | ) | |
| MATROX GRAPHICS INC., MATROX | ) | |
| INTERNATIONAL CORP. and | ) | |
| MATROX TECH, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## **UNDERTAKING**

My name is _____.  I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Stipulated Protective Order entered in this action on _____, 2003.  I agree to be bound by, and to comply fully with, the terms of the Protective Order.  I agree not to disclose or disseminate any "Confidential Information," as defined by the Stipulated Protective Order, except as permitted therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Delaware in connection with the enforcement of the Protective Order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____, 2003.

_____

13



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

October 24, 2005

**VIA PDF & U.S. MAIL**

Gary M. Hoffman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Re:     *Synopsys v. Ricoh Company, Ltd.*,
        **Case No. C03-2289 MJJ (EMC)**
        *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
        **Case No. C03-4669 MJJ (EMC)**

Dear Gary:

        I write in response to your letter to Jaclyn Fink dated October 21, 2005. Your response to Ms. Fink's request to return the inadvertently produced documents identified in her October 17, 2005 letter violates the terms of the Stipulated Protective Order dated June 9, 2003 and California law.

        Paragraph 21(b) of the Stipulated Protective Order provides that "[i]n the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided; or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party." Ms. Fink notified you within five days of discovery that the privileged documents had been inadvertently produced. In accordance with the terms of the Stipulated Protective Order, you must return them. You are free to later challenge our assertion of privilege with regard to these documents, or to claim waiver "for reasons other than the mere inadvertent production of the material," but at this point all you can do is return them.

        In addition, California law imposes an obligation to return inadvertently produced privileged documents. In that regard, I direct your attention to *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999).

        Please advise me by the close of business on Monday whether or not you will return the inadvertently produced documents. If you do not, we will bring it to Judge Chen's attention immediately. In addition, I note that your response makes us very leery about relying on your colleague's, Mr. Brother's representations, or entering into an agreement regarding return of

AMSTERDAM   BRUSSELS   CHICAGO   HOUSTON   IRVINE   LONDON
LOS ANGELES   MENLO PARK   NORTHERN VIRGINIA   PARIS   SAN FRANCISCO   WASHINGTON, DC

DM_US\8269898.v1

**HOWREY**

Gary M. Hoffman, Esq.
October 24, 2005
Page 2

inadvertently produced e-mails. If we cannot resolve this issue immediately and amicably, this will seriously impact how quickly, or if without further Court intervention, we will be in a position to produce the volume of e-mail that you have requested.

Regards,

Denise M. De Mory

DMD:plk

cc:    Gary Hoffman, Esq. (via e-mail only)
       Edward Meilman, Esq. (via e-mail only)
       Eric Oliver, Esq. (via e-mail only)
       DeAnna Allen, Esq. (via e-mail only)
       Michael Weinstein, Esq. (via e-mail only)
       Seymour Seyoum (via e-mail only)

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2228*
*E-Mail Address: HoffmanG@DSMO.com*

November 1, 2005

**Via Facsimile and PDF**

Denise M. De Mory, Esq.
Howrey
525 Market Street
Suite 3600
San Francisco, CA  94105-2708

Dear Denise:

      We are in receipt of your letter of October, 31, 2005 regarding five documents produced by Aeroflex alleged to be privileged (AF bates ranges: 174204-174206, 175636-175649, 176451-176454, 176447-176448, and 176449-176450, respectively).

      We understand that you are repudiating the approach that your firm adopted last year.  Therefore, from this point forward in order to comply with paragraph 21(b) for the return of privileged documents, a party will only be required to allege that an identified range of documents are privileged documents and that no additional information, declarations, verifications, or the like, will be required.  As such, we will be returning the documents this week.  If you disagree with the above then you should let us know immediately and no later than November 2, 2005.  Pursuant to 21(b), we reserve the right to contend that these documents are not privileged.

Sincerely,

Gary M. Hoffman

cc:    Howrey Distribution
       Kenneth W. Brothers, Esq.

GMH/MAW

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.1996749.1          *www.DicksteinShapiro.com*

# FAX TRANSMISSION

DICKSTEIN
SHAPIRO
MORIN &
OSHINSKY
LLP

**DATE:**          November 1, 2005

**CLIENT NO.:**    R2180.0171

**MESSAGE TO:**    Denise M. DeMory, Esq.

**COMPANY:**       Howrey

**FAX NUMBER:**    1-415-848-4999

**PHONE:**

**FROM:**          Michael Weinstein

**PHONE:**         (202) 828-4821

**PAGES (Including Cover Sheet):**  2    **HARD COPY TO FOLLOW:** _____ YES _____ NO

**MESSAGE:**

2005 NOV -1  AM 11: 17

1413086 v1; %@C#01\.DOC
DSMDB.1998068.1

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

January 17, 2006

<u>Via PDF</u>

Denise DeMory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

    Re:    Ricoh v. Aeroflex, et al.
           <u>Synopsys v. Ricoh</u>

Dear Denise:

    During our lengthy meet and confer following the Tiedman deposition last Thursday, January 12, you and I agreed that we would have a telephone follow-up today at 2 p.m. our time.  When I called your office today as agreed, I was surprised to learn that you were out of the office and unavailable.  I understand your assistant is trying to reschedule for sometime tomorrow.  Because I am leaving the office tomorrow at about 2 p.m. for the Aeroflex depositions, I write to set forth my understandings of our agreements and areas of dispute in the hopes that it will help focus our conversation.

    During our meet and confer, we discussed almost all of the issues set forth in your letter of 12/27/05, and my letters of 12/28/05 and 1/10/06.

    1.  We discussed and resolved all of the issues regarding the Stratify contract.  You agreed that all of the emails should be put into a single database for each side, and that all emails should track the custodian.  You also agreed to check on why Stratify had said that only a very small number of emails had been loaded, and send me a status report.

    2.  We discussed whether Ricoh could take discovery of the scope of Synopsys' indemnification by Synopsys of its customers (topic 5 of our 2003 notice to Synopsys).  During the Tiedman and O'Brien depositions, the witnesses could not say whether or not there was an indemnification, and if so, the scope of the indemnification.  You refused to prepare a witness on the subject.  You said that we should prepare our portion of a joint letter to Judge Chen on the subject, you would respond, and we would reply and file.

    3.  With respect to topic 15 of Ricoh's 2003 notice to Synopsys (names and dates of Synopsys employees who knew about the '432 patent prior to 1/20/03):  You agreed to provide a written response, and we can follow up with a Synopsys designee with questions.

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.2031297.1                      *www.DicksteinShapiro.com*

Denise DeMory, Esq.
January 17, 2006
Page 2

    4.  With respect to topics 16 and 17 of Ricoh's 2003 notice to Synopsys (internal Synopsys communications/documents re '432 patent):  We agreed to divide the response into 3 parts:  (1) pre 1/20/03 communications, if any:  you will give us a witness; (2) non-legal post-1/20/03:  you will give us a witness; (3) legal post 1/20/03: you will assert privilege, will not prepare the witness and to the extent any such questions are asked, will instruct the witness to not answer.

    5.  With respect to topic 18 of Ricoh's 2003 notice to Synopsys (communications with ASIC defendants re '432 patent, you agreed to address this similar to topics 16 and 17, and will prepare witnesses on pre 1/20/03 communications, if any, and non-legal post-1/20/03 communications.  You said that you formally will assert joint defense privilege with respect to most legal post-1/20/03 communications.

    6.  With respect to topic 19 of Ricoh's 2003 notice to Synopsys (communications with non-ASIC defendant third parties re '432 patent), you will present a witness and assert any applicable privileges in response to questions.

    7.  With respect to the large number of topics on which no ASIC designee has been designated, you said that you were preparing a letter on this subject, but given our discussion, you likely would agree to present witnesses on certain topics.  As I was finalizing this letter, I received Ms. Fink's letter on this subject.  It appears that the only additional topic on which an Aeroflex witness has been designated is the search for and collection of responsive documents, although Ms. Fink has unduly restricted the scope of that subject.  See the discussion immediately below.  On all of the other topics, although Ms. Fink generally states that witnesses may testify on those subjects, no witnesses are identified.  Because there has been no adequate notice of who will be designated on these additional topics, we have been unable to prepare for these topics this week, and will require a witness at another time.  Please comply with Rule 30(b)(6) and identify the name of the designee who will testify with respect to each topic.

    8.  With respect to topic 9 of Ricoh's 2005 notice to the ASIC defendants (search for and production of documents, including emails), you agreed to prepare a witness on the search for and collection of documents, but did not want to have a witness prepared to answer the questions I sent to you on 8/31/05.  I said that the 8/31 letter presented the very "road map" for my line of questioning and encouraged you to review the topics with your designees.  For now, we agreed to go forward with you preparing the witnesses as you thought appropriate; I will proceed with the depositions and bring the issue to the Court if we still have a dispute.  We do not agree with Ms. Fink's comment of this afternoon that a new notice is necessary, and believe that Judge Chen will take a dim view of your position that a new notice is required, when we have told you many of the questions we intend to cover as part of topic 9.

    9.  With respect to the Black/SNUG matter, you agreed to send me a proposal to the effect that, after the litigation is over, if Mr. Black wants to re-apply to SNUG and get SolvNet access, Synopsys will consider it without giving any weight to the fact that he has been an expert adverse to Synopsys.  I said that should be sufficient to resolve the matter.

Denise DeMory, Esq.
January 17, 2006
Page 3

10. Searchable versions of the product code: You were surprised to hear that we had not received a searchable (OCR) version of the product code, as you said that your firm had been paying a vendor to create that code. You agreed to either produce the OCR files or the text files; we would prefer these in ASCII format.[1] We have not been receiving any OCR documents from the vendor, as I believe that you indicated that we have the resources in house, why should we pay for them to do it. If possible, I think that we should push for human readable - native format (which should also include the file names).

11. Stipulations re design/manufacture and the representative nature of 2003.12: We discussed the matter and agreed in principle to stipulations on these topics. I will send you a proposed draft.

12. ITAR issues: You promised to send me a proposed addendum to the Ricoh v. Aeroflex protective order that you said would address Boeing's ITAR concerns. I said that as long as you identified the relevant documents, and did not impede Ricoh's ability to prepare and try the case, we likely could work something out. If not, Boeing likely will intervene with a motion.

13. Japan depositions: You expressed your appreciation to our providing dates, but said that your team had decided to issue a new Rule 30(b)(6) notice. You suggested that we review that notice and see if we could do all topics in a single trip. I said that we would look at your new notice (which we have not received) and respond as appropriate.

14. Kobayashi and Nakayama: You acknowledged our position, and said that you would send a letter with your response.

15. Ricoh's supplementary interrogatory responses. I had told you that another attorney was working on that matter, and that I would check and advise you of the status. Now that I have reviewed the matter, by applying Judge Chen's rules regarding interrogatories, the number of interrogatories far exceed the permissible number that may be served. I will send you follow-up letter discussing this matter in greater detail.

16. Howrey's redactions of documents for reasons other than privilege: You acknowledged our request that unredacted versions of these documents be immediately produced. You said that you would review the matter in greater detail, and would advise us whether you would send us unredacted documents or whether we would have to present the matter to the Court.

---

[1] I neglected to raise a similar issue with the SolvNet files. You had represented to the Court that the SolvNet files would be produced in searchable format, but we have not yet received that data. Please confirm that it will be produced in either OCR or ASCII format.

Denise DeMory, Esq.
January 17, 2006
Page 4

17. The AMI technical depo of Smith: You and I agreed to move this deposition to San Francisco; since then, Jacky Fink and I have agreed that the deposition be rescheduled, perhaps to the week of February 6.

18. The Matrox depositions: I promised you a letter on the logistics, which was sent earlier today.

Sincerely,

Kenneth W. Brothers

cc:     Howrey distribution list