Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX ET AL., <br><br> Defendants. | Case No. CV-03-4669-MJJ <br><br> **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR ORDER COMPELLING REMOVAL OF REFERENCES TO PRIVILEGED MATERIAL AND RETURN OF INADVERTENTLY PRODUCED PRIVILEGED MATERIAL** |

Kenneth W. Brothers declares as follows:

1. My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein, Shapiro, Morin & Oshinsky, LLP, counsel for Ricoh Company Limited. I am over the age of 21 and am

competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

2. Each of the Defendants have revised on multiple occasions their respective library and product declarations, increasing the total number of ASICs from about 60 to more than 200. Aeroflex's corporate designees identified additional relevant ASICs that were not included on any of its declarations. Just days ago, Aeroflex submitted still another product declaration (its fourth), and still managed to omit relevant products that had been identified by its designees.

3. Defendants have not yet completed their production of documents, and refuse to say when their document production will be substantially complete.

4. The allegedly privileged email by Jaclyn Fink, at issue in Defendants' motion, was produced by Defendants in either December 2005 or January 2006. It did not come to the attention of Ricoh's attorneys until some time thereafter, and only after Ricoh suspected that Aeroflex and the other Defendants had engaged in a scheme to conceal technical libraries and ASICs from disclosure.

5. Between April 2004 and February 2006, Defendants generally have ignored the issue of privilege logs, and also rebuffed Ricoh's attempts to raise the issue for most of 2005. Only in the past few weeks have the parties agreed in principle to exchange privilege logs, although Defendants have yet to identify a date when they are prepared to exchange logs.

6. Defendants' production of email to an outside vendor was delayed for weeks while Defendants' counsel had the vendor manually extricate privileged material from the production, delaying Ricoh's availability of email for some deponents until after their scheduled depositions.

7. Attached hereto as Ex. 1 is a true and correct copy of the May 18, 2004, letter from Eric Moller to Kenneth Brothers.

8. Attached hereto as Ex. 2 is a true and correct copy of the October 17, 2005 letter from Jaclyn Fink to Kenneth Brothers.

9. Attached hereto as Ex. 3 is a true and correct copy of the October 21, 2005, letter from Gary Hoffman to Jaclyn Fink.

10. Attached hereto as Ex. 4 is a true and correct copy of the October 24, 2005 letter from Denise De Mory to Gary Hoffman.

1   11.  Attached hereto as Ex. 5 is a true and correct copy of the October 25, 2005, letter from
2   Gary Hoffman to Denise De Mory.
3   12.  Attached hereto as Ex. 6 is a true and correct copy of the February 21, 2006, letter from
4   Denise De Mory to Kenneth Brothers.
5   I declare under penalty of perjury under the laws of the United States of America that the
6   foregoing is true and correct.  Signed at Washington, D.C. on March 8, 2006.

8   March 8, 2005                                   /s/ Kenneth W. Brothers
                                                    Kenneth W. Brothers

EXHIBIT 1



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

May 18, 2004

BY FACSIMILE AND REGULAR MAIL

Kenneth Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street NW
Washington, D.C. 20037

Re:  *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
     Case No. CV 03-2289 MJJ (MCC)

Dear Ken:

We have your May 17 letter to Matthew Hocker concerning the document produced by James Davis, Bates-numbered DAVIS03-001135-1146.

You have provided no further information, aside from repeating your conclusory assertion that the document is privileged. First, please identify the party requesting the return of this document pursuant to the protective order. Second, please provide information sufficient to show that the requesting party has complied with paragraph 21(b) of the protective order. That paragraph requires that "the disclosing party shall identify such documents and things <u>within five (5) days</u> of when it discovers that the privileged materials were <u>inadvertently produced</u> for inspection and/or provided." Once you have provided information sufficient to show that this document comes within paragraph 21(b), we will return the document. Otherwise, we have no obligation to return the document until the party relying on the protective order, whomever that might be, establishes that it is entitled to have it returned under paragraph 21(b). Any delay in the return of this document has been caused by your failure to be forthcoming with information regarding your claim that it was inadvertently produced and that the requirements of paragraph 21(b) have been met.

In addition, from the information that we have, we dispute that there is any basis for claiming privilege on this document. Moreover, the paltry information provided in your letter yesterday is not only insufficient but does not appear to apply to this document. Please provide information detailing the basis for the assertion of privilege. This information should include: 1) the identity of the author(s) and whether they are attorneys; 2) the identities of all recipient(s) and whether they are attorneys; 3) the date of the communication of the document from the author(s) to the recipient(s); and 4) a description of how and why the document is privileged including an identification of any litigation or potential litigation and the parties involved if there is a work product immunity claim. We also request that you submit a declaration from Mr.



Bershader, describing the circumstances under which the allegedly-privileged nature of the document was discovered.

We will review this information, but reserve the right under the protective order to compel production, if necessary.

I look forward to your prompt response.

                          Very truly yours,

                          Erik K. Moller

EKM:gj

cc:   Edward A. Meilman
       Gary M. Hoffman

EXHIBIT 2



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

October 17, 2005

File 06816.0060.000000

**VIA PDF & US MAIL**

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

    Re:  *Synopsys v. Ricoh Company, Ltd.*,
          **Case No. C03-2289 MJJ (EMC)**
          *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
          **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

    It has come to our attention that certain privileged documents have been inadvertently produced. Pursuant to the paragraph 21(b) of the Stipulated Protective Order, please return the documents identified by Bates number below to us and certify that all copies of those documents have been destroyed.

    The documents to be returned bear the following Bates numbers:

        AF 174204 - AF 174206
        AF 175636 - AF 175649
        AF 176451 - AF 176454
        AF 176447 - AF 176448
        AF 176449 - AF 176450

    Thank you for your cooperation in this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Jaclyn O. Fink

cc:  Gary Hoffman, Esq. (via e-mail only)
      Edward Meilman, Esq. (via e-mail only)
      Eric Oliver, Esq. (via e-mail only)
      DeAnna Allen, Esq. (via e-mail only)
      Michael Weinstein, Esq. (via e-mail only)
      Seymour Seyoum (via e-mail only)

**EXHIBIT 3**

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2228*
*E-Mail Address: HoffmanG@DSMO.com*

October 21, 2005

**<u>Via Facsimile and PDF</u>**

Jaclyn C. Fink, Esq.
Howrey
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Dear Jacky:

      We are in receipt of your letter of October, 17, 2005 regarding five documents produced by Aeroflex that might be privileged (AF bates ranges: 174204-174206, 175636-175649, 176451-176454, 176447-176448, and 176449-176450, respectively). In your letter dated more than five days after the production of those documents, you have only made the conclusionary statement that those documents are privileged. From the information that we have, we are unable to understand the basis for your contention that these document are subject to any claim of privilege; for example, no copy of the documents were sent to any attorney and there is no reference to any attorney on the documents. If you provide us with additional information describing how and why you contend that these documents are privileged, we can review this information to determine if these documents are satisfy the requirements of paragraph 21(b) of the protective order. We additionally reserve the right to compel production of these documents.

                                                           Sincerely,

                                                           Gary M. Hoffman

cc:    Howrey Distribution
        Kenneth W. Brothers, Esq.

GMH/MAW

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.1996749.1                       *www.DicksteinShapiro.com*

**EXHIBIT 4**

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

October 24, 2005

**VIA PDF & U.S. MAIL**

Gary M. Hoffman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Re: *Synopsys v. Ricoh Company, Ltd.*,
**Case No. C03-2289 MJJ (EMC)**
*Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
**Case No. C03-4669 MJJ (EMC)**

Dear Gary:

I write in response to your letter to Jaclyn Fink dated October 21, 2005. Your response to Ms. Fink's request to return the inadvertently produced documents identified in her October 17, 2005 letter violates the terms of the Stipulated Protective Order dated June 9, 2003 and California law.

Paragraph 21(b) of the Stipulated Protective Order provides that "[i]n the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided; or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party." Ms. Fink notified you within five days of discovery that the privileged documents had been inadvertently produced. In accordance with the terms of the Stipulated Protective Order, you must return them. You are free to later challenge our assertion of privilege with regard to these documents, or to claim waiver "for reasons other than the mere inadvertent production of the material," but at this point all you can do is return them.

In addition, California law imposes an obligation to return inadvertently produced privileged documents. In that regard, I direct your attention to *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999).

Please advise me by the close of business on Monday whether or not you will return the inadvertently produced documents. If you do not, we will bring it to Judge Chen's attention immediately. In addition, I note that your response makes us very leery about relying on your colleague's, Mr. Brother's representations, or entering into an agreement regarding return of

AMSTERDAM  BRUSSELS  CHICAGO  HOUSTON  IRVINE  LONDON
LOS ANGELES  MENLO PARK  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

DM_US\8269898.v1

**HOWREY**

Gary M. Hoffman, Esq.<br>
October 24, 2005<br>
Page 2

inadvertently produced e-mails. If we cannot resolve this issue immediately and amicably, this will seriously impact how quickly, or if without further Court intervention, we will be in a position to produce the volume of e-mail that you have requested.

Regards,

Denise M. De Mory

DMD:plk

cc:  Gary Hoffman, Esq. (via e-mail only)
     Edward Meilman, Esq. (via e-mail only)
     Eric Oliver, Esq. (via e-mail only)
     DeAnna Allen, Esq. (via e-mail only)
     Michael Weinstein, Esq. (via e-mail only)
     Seymour Seyoum (via e-mail only)

**EXHIBIT 5**

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
Writer's Direct Dial: (202) 828-2228
E-Mail Address: HoffmanG@DSMO.com

October 25, 2005

**Via Facsimile and PDF**

Denise M. De Mory, Esq.
Howrey
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Dear Denise:

We are in receipt of your letter of October, 24, 2005 regarding five documents produced by Aeroflex alleged to be privileged (AF bates ranges: 174204-174206, 175636-175649, 176451-176454, 176447-176448, and 176449-176450, respectively).

Your current position and interpretation of paragraph 21(b) of the Protective Order is inconsistent with your past position in this case. Last year, we raised an issue of an inadvertent production of a privileged document, your firm required that we provide information well beyond the mere identification of the document. Your firm **refused** to return the documents until we "provided sufficient information to show that this document comes within 21(b)." For example, see Erik Moller letter of May 18, 2004. Not only did your firm require this additional information about the nature of the privilege, but also required a declaration "describing the circumstances under which the allegedly-privileged nature of the document was discovered." Only when we provided the information did your firm return the privileged documents. Your current refusal to provide similar information is fundamentally inconsistent with your past demands.

Apparently, you have now taken the position that, when documents are to be returned pursuant to 21(b), a party will not be required to identify why they believe the document(s) are so privileged. Once you confirm this position and agree to abide by it in the future, we will promptly return the documents you have identified. Pursuant to 21(b), we reserve the right to contend that the documents are not privileged.

Sincerely,

Gary M. Hoffman

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.1996749.1    *www.DicksteinShapiro.com*

Teresa M. Corbin, Esq.
October 25, 2005
Page 2


cc:     Howrey Distribution
        Kenneth W. Brothers, Esq.

GMH/MAW

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

**EXHIBIT 6**

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

Denise M. De Mory
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

February 21, 2006

Kenneth W. Brothers, Esq.
Dickstein, Shapiro, Morin & Oshinsky, LLP
2101 L Street NW
Washington, DC 20037-1526

    Re:    **Synopsys v. Ricoh Company, Ltd.,
               Case No. C03-2289 MJJ (EMC)
               Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,
               Case No. C03-4669 MJJ (EMC)**

Dear Ken:

    We recently learned from the prosecuting attorney for the '432 patent, that he sent the prosecution history file to you three years ago. Throughout numerous interrogatories dating back since 2003, we have requested basic information related to the '432 patent. Yet throughout these past three years, while having possession of the prosecution history file, you have neither responded to several interrogatories that could easily be answered with information from the file, nor have you even mentioned that you had possession of the file. At the very least I expected you to mention that you have possession of it while possibly making some claim of privilege, but instead you completely ignored our request for information on these topics. This is quite troubling.

    With respect to communications between inventors and their patent attorneys, these communications are privileged only when made for the purpose of securing primarily legal opinion, legal services, or assistance in a legal proceeding. *Knogo Crop v. United States*, 213 U.S.P.Q. (BNA) 936, 940 (Ct. Cl. 1980). Thus, technical information communicated to an attorney for completing a patent application, but not calling for a legal opinion or interpretation, is not protected by attorney-client privilege. *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 143 F.R.D. 611, 615 (E.D. N.C. 1992); see also *Advanced Cardiovascular Sys., Inc. v. C. R. Bard*, 144 F.R.D. 372, 375 (N.D. Cal. 1992). Additionally, the privilege only protects specific communications between the inventor and his patent attorney, not the relevant underlying facts, data or information. *Advanced Cardiovascular*, 144 F.R.D. at 374. Thus, "all the technical information the inventor had about the invention, all the tests the inventor performed, or had performed, all the documents related to the experiments with the invention, everything the inventor knew about prior art" is discoverable. *Id.*

    Since 2003, we have propounded several interrogatories to Ricoh related to basic information on the '432 patent. The requested information relates to the following topics:

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US\8315646.v1

# HOWREY

Kenneth W. Brothers, Esq.<br>
February 21, 2006<br>
Page 2

- Prior art (Aeroflex Incorporated's Interrogatory No. 5; Aeroflex Colorado Springs' Interrogatory No. 1)
- Conception (Aeroflex Incorporated's Interrogatory No. 6)
- Reduction to practice (Aeroflex Incorporated's Interrogatory No. 7)
- First sale (Aeroflex Incorporated's Interrogatory No. 8)
- Documents from the named inventor's files (Aeroflex Incorporated's Interrogatory No. 9)
- KBSC software system (AMI Semiconductor's Interrogatory Nos. 3-4)

Information on these topics should be readily available in the prosecution history file in documents such as invention disclosure forms. We have already waited nearly three years for this information and your delay in responding to our requests is inexcusable.

In addition, we long ago served document requests to which these documents would be responsive. We expect that while some of these documents may contain privileged portions, some certainly do not. Those that contain privileged information can certainly be redacted. Please produce all non-privileged documents immediately. In view of our subpoena, we believe it is also incumbent upon you to immediately provide a privilege log as to any documents you chose to withhold.

Please update your interrogatory responses and produce documents and a privilege log immediately.

Very truly yours,

*[signature]*

Denise M. De Mory

DMD:plk

DM_US\8315646.v1