1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC.
6  and for Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC.,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., and MATROX TECH, INC.
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC., <br><br> Defendants. | Case No. C03-4669 MJJ (EMC) <br><br> Case No. C03-2289 MJJ (EMC) <br><br> **DECLARATION OF VINCENT M. DeLUCA IN SUPPORT OF REPLY TO MOTION TO STAY** <br><br> Judge: Hon. Martin J. Jenkins <br><br> Date: April 19, 2006 <br> Time: 9:00 a.m. <br> Ctrm: 11, 19th Floor |
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | |

HOWREY LLP

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
DELUCA DECL IN SUPPORT OF REPLY TO MOTION TO
STAY

1   I, Vincent M. DeLuca, declare as follows:

2   1.   I am an attorney at law licensed to practice in the Commonwealth of Virginia and the District of Columbia and a Partner of the law firm of Novak Druce & Quigg, LLP. I am also registered to practice before the United States Patent and Trademark Office ("USPTO"). The matters set forth in this declaration are based upon my personal knowledge, except where otherwise indicated, and if called as a witness, I could and would testify competently thereto.

3   2.   Shortly after filing a reexamination request on January 17, 2006 for U.S. Patent No. 4,922,432, I received a call from Gary Hoffman, of Dickstein Shapiro Morin & Oshinsky. As the pretense for his call, Mr. Hoffman requested that all future PTO filings with regard to the reexamination request be directed to him, instead of to his local counsel in California.

4   3.   Mr. Hoffman then attempted to engage me in conversation unrelated to the reexamination request that had been filed, including a discussion of the fact that he knew one of my law firm partners.

5   4.   Shortly before the call ended, Mr. Hoffman said, as best I can recall, "I assume that you filed the reexamination request on behalf of Synopsys."

6   5.   I responded that I could not stop him from making assumptions, but that the request was filed anonymously, and I was not at liberty to identify the party or parties on whose behalf the request was filed.

7   6.   I did not indicate, suggest or otherwise agree with Mr. Hoffman's assumption that the request had been filed on behalf of Synopsys.

8   7.   The reexamination statute (35 U.S.C. § 302) and the implementing regulations (37 C.F.R. §§ 1.510 *et seq.*) permit a reexamination request to be filed by "any person at any time." The USPTO has explicitly interpreted the statute as permitting a request for reexamination to be filed by "attorneys without identification of their real client in interest." <u>Manual of Patent Examining Procedure ("MPEP")</u>, § 2212.

9   8.   Moreover, it is the policy of our firm to treat the identity of the requestor in an anonymously filed request such as this strictly confidential in accordance with the statutory presumption of confidentiality that follows such requests. I adhered to that policy in this case.

1  9. By statute (35 U.S.C. § 305), the USPTO is required to conduct all reexamination proceedings "with special dispatch." The USPTO's policy is to issue a first Office action on the merits of the reexamination within one month of the due date for any initial submission by the Patent Owner after a reexamination has been ordered (MPEP § 2261).

10. In July 2005, the USPTO announced the implementation of new processes for handling reexamination proceedings to improve timeliness and quality. Under the new initiative, 20 highly skilled primary examiners who have a full understanding of reexamination practice and relevant case law will concentrate solely on reexamination. The 20-examiner unit began operation in July 2005. According to the USPTO announcement, all future reexamination proceedings will be completed within a specific timeframe, which is expected to be less than two years; additionally, to ensure the quality of reexamination proceedings, all reexamination decisions now require a thorough review by a panel of supervisors and senior patent examiners. According to the Honorable Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, "using skilled examiners assigned to a single unit will enhance the quality and reduce the time of reexaminations by allowing the USPTO to monitor more effectively the reexamination operations." July 29, 2005 Press Release.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed in Washington, D.C. on March 21, 2006.

_____
Vincent M. DeLuca