Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Telephone:  (212) 835-1400
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INC., et al., <br><br> Defendants. | **CASE NO. CV 03-4669-MJJ (EMC)** <br><br> **RICOH'S OPPOSITION TO DEFENDANTS ATTEMPT TO DELAY FOR A THIRD TIME THE HEARING ON RICOH'S MOTION FOR SANCTIONS** |

1  Ricoh's motion for sanctions is a time-critical motion.  It shows how defendants have
2  attempted to sabotage the current pretrial and trial schedule by failing to disclose a large number
3  of ASIC products that should have been disclosed in the summer of 2005.  The motion seeks to
4  salvage the current schedule by requesting three evidentiary remedies pursuant to Rule 37:  (1) a
5  requirement that defendants promptly submit comprehensive and accurate declarations from a
6  senior officer; (2) an order limiting the evidence with respect to any newly disclosed ASICs; and
7  (3) ordering prompt financial discovery on the newly disclosed ASICs.  There is no time to spare
8  for these remedies.  Because discovery closes on May 30, 2006, every day the hearing is delayed
9  risks that defendants' tactics will be successful and the pretrial and trial schedule will be
10 disrupted.

11  Ricoh's motion for sanctions was filed on February 21, 2006,and was noticed for
12 hearing on March 28, 2006.  Counsel for defendants said that a hearing on March 28 would be
13 inconvenient for them, because the Howrey firm was sponsoring a partner's retreat in the
14 Cayman Islands the weekend of March 25-26, and one of the partners who was working on this
15 matter had planned on taking a longer vacation.  Defendants' counsel proposed postponing the
16 hearing until late April, May, or even June.  (Brothers Dec. ¶ 2.)  At that time, Ricoh's counsel
17 explained that it had conflict with a number of the later dates, and also objected to a prolonged
18 delay.  (*Id.*)  To accommodate the Howrey retreat, however, Ricoh's counsel agreed to
19 reschedule the hearing to April 4, provided that defendants would not seek any further extensions
20 of time.  (Brothers Dec. ¶ 3 and Ex. 1:  "Based upon our conversation today where you
21 represented that you would not seek to defer the sanctions hearing past 4/4, and your ex parte
22 motion would seek only to delete the references to the Fink email and otherwise keep the agreed-
23 upon schedule, you have our permission to file the stipulation.")  Defendants thus explicitly
24 agreed that they would not seek any further extensions, and a stipulated order to that effect was
25 filed on February 28, 2006.  (D.I. 369.)

26  Meanwhile, Judge Jenkins transferred the motion to this Court.  Unaware of the
27 parties' agreement to not postpone the hearing beyond April 4, on March 7, the Court

28

1  rescheduled the hearing for April 19.  (D.I. 376.)  Although the parties had previously had
2  scheduled depositions in Japan for the week of April 17, it was not until March 14 – a week after
3  this hearing already had been rescheduled – that Defendants submitted their order for those
4  depositions (D.I. 381).  That proposed order named Ms. De Mory and Ms. Fink as the two
5  attorneys who would go to Japan.  Thus, of all the myriad of Howrey attorneys who have worked
6  on this matter, Defendants' counsel have created this conflict by sending to Japan the two people
7  that it now says should argue the motion.  But Defendants knew of the April 19 hearing date a
8  week before it submitted the proposed order for the Japan depositions.[1]

9  Defendants' motion should be denied for four reasons.  First, they are estopped from
10  seeking a further extension as a result of their agreement resulting in the stipulated change from
11  March 28 to April 4.  Second, Defendants have not explained why lead partner Terry Corbin or
12  any other Howrey attorneys involved in this litigation cannot argue this motion.  To the extent
13  that input from Ms. DeMory or Ms. Fink is absolutely necessary, another attorney can take their
14  place in Japan or they may participate by teleconference from Japan.  Third, Ricoh's counsel has
15  numerous conflicts if the hearing is postponed to May, including several hearings in other
16  matters, mediations, substantial filings, and other commitments.  Brothers Dec. ¶ 2.

17  Fourth, and most important, a third delay of the hearing date is unduly prejudicial to
18  Ricoh, and significantly increases the risk that the existing pretrial and trial schedule cannot be
19  maintained.  Ricoh's motion papers explain how Defendants have already proposed a four-month
20  extension of the pretrial and trial dates as a result of their failure to comply with the Order of
21  Judge Jenkins and to timely disclose and produce discovery on all of the ASICs as required.
22  (D.I. 391, Ricoh's reply, at 11.)  If the motion goes forward as scheduled on April 19, and the
23  Court grants Ricoh's requested relief, then the parties will have only 40 days to obtain the

---

[1] Defendants recently have indicated that it may cancel the depositions in Japan and instead demand that Ricoh produce its designees for deposition in the U.S.  See Brothers Dec. ¶ 4 and Ex. 2.  As of the date of this submission, Ricoh does not know whether Defendants intend to proceed with the depositions in Japan.

1  accurate and complete declarations, and produce, analyze, and depose the fact witnesses on
2  updated financials.  Further delay significantly decreases the likelihood that the pretrial and trial
3  dates will remain unchanged.[2]

4  Ricoh's counsel has tried to accommodate Defendants' counsel, but cannot jeopardize
5  the pretrial and trial schedule.  Defendants have more than a dozen attorneys on this case; they
6  can and should send another attorney to cover the hearing on April 19.

Dated: March 27, 2006

| | |
|---|---|
| Jeffrey B. Demain, State Bar No. 126715<br>Jonathan Weissglass, State Bar No. 185008<br>Altshuler, Berzon, Nussbaum, Rubin &<br>Demain<br>177 Post Street, Suite 300<br>San Francisco, California  94108<br>Telephone:  (415) 421-7151<br>Facsimile:  (415) 362-8064 | Ricoh Company, Ltd.<br><br>By: /s/ <u>Kenneth W. Brothers</u><br>Gary M. Hoffman<br>Kenneth W. Brothers<br>DICKSTEIN SHAPIRO MORIN *&*<br>  OSHINSKY LLP<br>2101 L Street NW<br>Washington, D.C.  20037-1526<br>Telephone: (202) 785-9700<br>Facsimile: (202) 887-0689<br><br>Edward A. Meilman<br>DICKSTEIN SHAPIRO MORIN *&*<br>  OSHINSKY LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br>Telephone:  (212) 896-5471<br>Facsimile:  (212) 997-9880<br><br>Attorneys for Ricoh Company, Ltd. |

---

[2] In their moving papers, Defendants aver (at p. 1, lines 6-7) that "[t]he request to move the hearing date on the Motion for Sanctions will not have any effect on this action's schedule  *See* Fink Decl., ¶ 3."  Defendants have not unequivocally committed that they will proceed with the current trial schedule, however; nor have they promised that they will not seek any changes to the pretrial schedule or trial date.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INC., et al., <br><br> Defendants. | **CASE NO. CV 03-4669-MJJ (EMC)** <br><br> **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DELAY SANCTIONS HEARING** |

Upon consideration of Defendants' Motion to Delay the April 19, 2006 Hearing on Ricoh's Motion for Sanctions, and supporting evidence, Ricoh's Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated: _____        _____
THE HONORABLE EDWARD M. CHEN
UNITED STATES MAGISTRATE COURT JUDGE