Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
|  Plaintiff, | ) Case No. C03-4669 MJJ (EMC) |
| vs. | ) |
|  | ) **DECLARATION OF KENNETH W.** |
| AEROFLEX INC., et al. | ) **BROTHERS IN SUPPORT OF RICOH'S** |
|  | ) **OPPOSITION TO DEFENDANTS** |
|  | ) **ATTEMPT TO DELAY FOR A THIRD** |
|  Defendants. | ) **TIME THE HEARING ON RICOH'S** |
|  | ) **MOTION FOR SANCTIONS** |

CASE NO. CV-03-4669-MJJ (EMC)
DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S OPPOSITION TO DEFENDANTS ATTEMPT TO DELAY
FOR A THIRD TIME THE HEARING ON RICOH'S MOTION FOR SANCTIONS

DSMDB.2062278.1

Kenneth W. Brothers declares as follows:

1. My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein, Shapiro, Morin & Oshinsky, LLP, counsel for Ricoh Company Limited. I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

2. Ricoh filed its motion for sanctions on February 21, 2006, and the hearing was noticed for March 28, 2006. Thereafter, Ms. De Mory, counsel for defendants, advised me that the Howrey law firm had a partner's retreat scheduled for the Cayman Islands on the weekend of March 25-26, 2006, and that she had planned on taking a longer vacation in conjunction with that retreat. Ms. De Mory asked me to postpone the hearing date. Ms. De Mory initially sought an extension to late April, May or even June. I advised Ms. De Mory that we believed that the motion was time-sensitive, and reiterated the reason for that belief. I also explained that Gary Hoffman and I had numerous conflicts with her proposed hearing dates in late April and May. For example, I advised Ms. De Mory that I had an evidentiary hearing in another matter in Tennessee on April 24 and 25; that Mr. Hoffman had a hearing in Newark on April 25; that I had one and possibly two mediations in another matter between April 17 and 30; that Mr. Hoffman had a commitment that required him to be in Washington, D.C. on the evening of May 2; that I had several major filings due the week of May 1; and that the parties had a settlement meeting with the principles in this case on May 11, and that we did not want that to be disrupted by the sanctions hearing.

3. Defendants' counsel repeatedly threatened to move for a continuation of the hearing date to late April or May. After several exchanges between counsel, the parties agreed that they would stipulate to move the hearing date from March 28 to April 4, provided that defendants would agree that they would not seek to further delay the hearing. Attached as Exhibit 1 is a true and correct email from me to Denise De Mory that states: "Based upon our conversation today where you represented that you would not seek to defer the sanctions hearing past 4/4, and your ex parte motion would seek only to delete the references to the Fink email and otherwise keep the agreed-upon schedule, you have our

1 permission to file the stipulation." A stipulation reflecting this agreement was filed on March 28, 2006.
2 (D.I. 369.)
3     4.   Defendants recently have threatened to cancel the depositions in Japan and instead
4 demand that Ricoh produce its designees for deposition in the United States. Attached as Exhibit 2 is a
5 true and correct letter from Denise De Mory to me dated March 21, 2006 to this effect. As of the date of
6 this declaration, I do not know if defendants intend to proceed with the depositions in Japan.
7     I declare under penalty of perjury under the laws of the United States of America that the
8 foregoing is true and correct. Signed at Washington, D.C. on March 24, 2006.

    March 27, 2006                                          /s/ Kenneth W. Brothers
                                                                            Kenneth W. Brothers

CASE NO. CV-03-4669-MJJ (EMC)    Page 3
DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS

DSMDB.2062278.1

EXHIBIT 1

## Brothers, Kenneth

**From:** Brothers, Kenneth
**Sent:** Tuesday, February 28, 2006 4:46 PM
**To:** 'DeMory, Denise'
**Subject:** RE: Three things

Denise:

Thanks for the note.

1. At this stage, we'd rather go forward with either Kong Wongsonegoro, Vasant Ramabadran or Inki Hong. Sandra Ma is a second tier candidate and we would rather focus our attention on the other three. Please advise whether any are in the Bay area and may be available next week.

2. Based upon our conversation today where you represented that you would not seek to defer the sanctions hearing past 4/4, and your ex parte motion would seek only to delete the references to the Fink email and otherwise keep the agreed-upon schedule, you you have our permission to file the stipulation.

3. Ok.

Regards, Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Tuesday, February 28, 2006 4:17 PM
**To:** Brothers, Kenneth
**Subject:** Three things

Ken,

1. I don't know if I can work this out yet, but would Sandra Ma work for next Wednesday in SF? She has dropped off your most recent list, so I was not sure if you still wanted her.

2. In view of our conversation earlier regarding our ex parte application, I asume I still have your permission to file the stipulation regarding the hearing/briefing on the sanctions motion? Please confirm.

3. In view of your voicemail, we will set Wednesday in Portland with Clemans.

Denise

-------------------------------------------------------------------------------

3/24/2006

This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

EXHIBIT 2

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.0000000

March 21, 2006

**VIA PDF**

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20007-1526

    Re:   *Synopsys v. Ricoh Company, Ltd.*,
           Case No. C03-2289 MJJ (EMC)
           *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
           Case No. C03-4669 MJJ (EMC)

Dear Ken:

    Messrs. Zenji Oka, Takahei Takada, and Hisashi Ishijimi are scheduled to be deposed on April 13 to April 20, 2006 as Ricoh 30(b)(6) witnesses. In addition to the continued 30(b)(6) depositions, in December, I asked that you make Dr. Kobayashi available for deposition, and thereafter also indicated my intention to take several individual depositions. You have refused to schedule these additional depositions. We have now e-mailed you Joint Letters to Judge Chen on these issues, on the assumption that only Court intervention will cause you to schedule these requested depositions. As it currently stands, the depositions scheduled for April in Japan will only involve Ricoh's 30(b)(6) witnesses, and no individual witnesses. While we are willing to bear the expense and inconvenience of traveling to Japan to complete Dr. Kobayashi's deposition with the 30(b)(6) witnesses as well as the individual depositions of other Ricoh employees, we are unwilling to do so to merely conduct the three 30(b)(6) depositions.

    If you persist in refusing to produce Dr. Kobayashi (and you are not compelled to do so), then you must agree to make these 30(b)(6) witnesses available in the Untied States in accordance with Ricoh's discovery obligations resulting from its decision to avail itself of a United States forum. When a foreign plaintiff avails itself of the United States as a forum, it must be prepared to produce its witnesses for deposition in the United States. *Monetti, S.p.A. v. Anchor Hocking Corp.*, No. 87 C 9594, 1992 U.S. Dist. LEXIS 5666, *7 (N.D. Ill. 1992) (citing *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365-66 (7th Cir. 1985) ("[t]he rule that depositions generally take place at a deponent's place of business . . . is *inapplicable* where the deponent is the employee of a foreign plaintiff which has voluntarily chosen the United States as a forum.") (emphasis added; internal citation omitted) . This rule applies to the individual deponents as well as the 30(b)(6) witnesses. Ricoh cannot complain that it is too burdensome to bring its witnesses here for deposition, given that it has brought suit in the here and availed itself of legal protections here. *See Monetti*, 1992 U.S. Dist. LEXIS 5666, at *7.

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON
LOS ANGELES   NORTHERN VIRGINIA   PARIS   SAN FRANCISCO   TAIPEI   WASHINGTON, DC

DM_US\8326371.v1



In the event that Ricoh persists in its refusal to produce Dr. Kobayashi and the other individuals, and the Court does not order Ricoh to do so, please advise as to the dates when your witnesses can be deposed in the United States. It might be convenient to try to schedule these depositions in conjunction with the depositions relating to our other recently served 30(b)(6) deposition notice.

Very truly yours,

Denise M. De Mory

DMD:plk

cc:  Gary Hoffman, Esq.
     Edward Meilman, Esq.
     Eric Oliver, Esq.
     DeAnna Allen, Esq.
     Michael Weinstein, Esq.
     Seymour Seyoum

DM_US\8326371.v1