```
 1  Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
 2  Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
 3  525 Market Street, Suite 3600
    San Francisco, California  94105
 4  Telephone:  (415) 848-4900
    Facsimile:  (415) 848-4999
 5
    Attorneys for Defendants AEROFLEX INCORPORATED,
 6  AEROFLEX COLORADO SPRINGS, INC., AMI
    SEMICONDUCTOR, INC., MATROX ELECTRONIC
 7  SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
    INTERNATIONAL CORP., and MATROX TECH, INC.
 8
 9                  UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION
```

| | |
|---|---|
| 12  RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
| 13       Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO MOVE SANCTIONS MOTION HEARING DATE PURSUANT TO L.R. 6-3(A)** |
| 14       vs. | |
| 15  AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC. | Judge:  Hon. Edward M. Chen |
| | Date:   April 19, 2006 |
| | Time:   10:30 a.m. |
| | Ctrm:   C |
| 19       Defendants. | |

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)
REPLY ISO MOTION TO MOVE MOTION FOR SANCTIONS
HEARING
DM_US\8328920.v2

The Customer Defendants have just become aware, after preparing this brief reply, that the Court already ruled on the motion to move the hearing date, but submit this brief reply to clarify a few points, and in the event that any one or more of the following issues influenced the Court's decision, to reconsider its decision:

1. The filing of the order allowing the depositions was a formality memorializing plans that were set long ago. The depositions in Japan were scheduled long before the Court moved the hearing date to April 19. It requires at least eight days of availability to the take the depositions in Japan; thus others cannot simply be substituted for attorneys who have long planned to take the depositions. Over the last four months, the Customer Defendants have made significant accommodations to Ricoh so that it could have the particular attorney of its choosing – not just one of the much greater myriad of Ricoh attorneys – take a particular deposition out of the 150 plus hours of deposition that Ricoh has taken. Ms. De Mory and Ms. Fink have overseen the discovery to which Ricoh's motion is directed, have attended and defended all of the over 150 hours of deposition that have occurred since discovery reopened, except for four depositions, and handled almost all of the meet and confer, while, in contrast, Ms. Corbin has defended one deposition, and not participated in any meet and confer since October. While Ms. Corbin could address the allegations made after extensive preparation, it would be significantly more efficient to have the attorneys who have overseen this discovery present to address and defend against Ricoh's charges. In any event, Ms. Corbin is unavailable on April 19, 2006, as she will be out of the State of California on that date.

2. The Customer Defendants did not anticipate that the Court would reschedule the hearing by pushing it back further. The additional brief delay is sought solely due to the availability issue described above. Ms. De Mory is scheduled to return from Japan on April 20, and would be available for hearing as soon thereafter as the Court could accommodate a hearing.

3. The agreement not to seek additional delay cited by Ricoh related to Aeroflex's *ex parte* application to strike portions of Ricoh's brief. On February 27, after much back and forth, Ricoh agreed to move the hearing to April 4. De Mory Decl., Ex. 1. Shortly thereafter, Aeroflex raised the issue of the privileged documents that have subsequently become the subject of its *ex parte* application set for hearing on April 19 as well. On February 28, 2006, after Aeroflex notified Ricoh of its

intention to file its *ex parte* application to strike portions of its brief, Ricoh raised concerns that the Customer Defendants would seek additional delay on the basis of the *ex parte* application. De Mory Decl, Exh. 2. The Customer Defendants immediately informed Ricoh that they would not seek additional delay. De Mory Decl., ¶ 3. In an abundance of caution, after the telephone meet and confer in regarding the *ex parte* application, Ms. De Mory again requested in writing Ricoh's permission to file the stipulation. De Mory Decl., Exh. 3. The agreement that Ricoh quotes in its brief comes from this e-mail string relating to additional delay as a result of the *ex parte* application.

4. A number of other assertions set forth in Ricoh's opposition are misleading or false.

   a. This is the not third attempted delay by the Customer Defendants. The Customer Defendants only requested one week – to which Ricoh agreed and stipulated.

   b. Ricoh's suggestion that the Customer Defendants attempted to push this hearing into May or June is also misleading. Ricoh filed its motion for sanctions without meet and confer at a time when it knew counsel was occupied and out of the country defending depositions it noticed. De Mory Decl., ¶ 2, Exh. 1. Counsel for the Customer Defendants first requested that the hearing be postponed one week with an additional one week for briefing. *Id.* When that request was refused, the Customer Defendants then began suggesting later dates, starting with April 25 (specifically because counsel was going to be in Japan from April 11 to April 20). *Id.* The Customer Defendants suggested April 25, May 9, and May 16. *Id.* Ricoh indicated it was unavailable on all dates. *Id.* Because of the alleged unavailability, counsel for the Customer Defendants then suggested the next three weeks, May 23, May 30, and June 6. *Id.* Once again, Ricoh's counsel again alleged unavailability. *Id.* It is ironic Ricoh claimed unavailability on six different suggested dates, yet objects to the real and long known unavailability on April 19 of counsel who has handled these matters.

   c. Ricoh states that the alleged missing products should have been disclosed in the summer of 2005. AMI did not even acquire Flextronics assets until September of 2005. Thus, several of the chips at issue could not have been disclosed in the summer of 2005.

5. Depending on the circumstances, there will be little or no prejudice to Ricoh as follows:

HOWREY LLP

-2-

      a.      If the Court agrees with the Customer Defendants, and finds that the disclosures were adequate, i.e., in accord with what Ricoh agrees was the necessary scope of disclosure, namely – "a complete and accurate list of all commercial ASICs synthesized using Design Compiler by defendants from February 1997 to the present," then there is no prejudice to Ricoh by delay because no additional discovery is necessary.

      b.      If the Court finds that the disclosures were inadequate, and that the Customer Defendants acted intentionally and in bad faith sufficient to justify sanctions, which the Customer Defendants dispute, and the Court awards the remedy Ricoh has requested, then there will be little or no need for additional discovery (except possibly as to the financials).

      c.      If the Court finds that the disclosures were inadequate, and orders additional discovery to occur, the Customer Defendants will provide Ricoh that discovery before May 30, 2006. AMI is currently working very diligently on collecting all documents by April 20, 2006 (and its second trip to Europe since this issue has been raised is scheduled), so that it will be in a position to produce the documents, should the Court order it to do so, shortly after the hearing on the sanctions. AMI would then be available for deposition thereafter prior to May 30, 2006. With regard to Aeroflex, even if the prototype product, the JW02, should have been included in the product declaration, all documents relating to this product have already been produced, and Ricoh has had an opportunity to question Aeroflex witnesses about this product. With regard to Matrox, Ricoh has not identified any allegedly missing products, and thus, there is nothing to do on this front.

HOWREY LLP

-3-

Case No. C03-4669 MJJ (EMC)
MOTION TO MOVE SANCTIONS MOTION HEARING DATE
DM_US\8328920.v2

| | | |
|---|---|---|
| 1 | Dated: March 28, 2006 | Respectfully submitted, |
| 2 | | HOWREY LLP |
| 3 | | |
| 4 | | |
| 5 | | By:  /s/Jaclyn C. Fink  |
| | | Jaclyn C. Fink |
| 6 | | Attorneys for Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC. |

**HOWREY LLP**

-4-

Case No. C03-4669 MJJ (EMC)
MOTION TO MOVE SANCTIONS MOTION HEARING DATE
DM_US\8328920.v2