| | |
|---|---|
| 1 | Teresa M. Corbin (SBN 132360) |
|   | Denise M. De Mory (SBN 168076) |
| 2 | Jaclyn C. Fink (SBN 217913) |
|   | HOWREY LLP |
| 3 | 525 Market Street, Suite 3600 |
|   | San Francisco, California  94105 |
| 4 | Telephone:  (415) 848-4900 |
|   | Facsimile:  (415) 848-4999 |
| 5 | |
|   | Attorneys for Plaintiff SYNOPSYS and |
| 6 | Defendants AEROFLEX INCORPORATED, |
|   | AEROFLEX COLORADO SPRINGS, INC., |
| 7 | AMI SEMICONDUCTOR, INC., MATROX |
|   | ELECTRONIC SYSTEMS, LTD., MATROX |
| 8 | GRAPHICS INC., MATROX |
|   | INTERNATIONAL CORP., and MATROX |
| 9 | TECH, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 13 | RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
| 14 | Plaintiff, | **DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' REPLY TO RICOH'S OPPOSITION TO MOTION TO MOVE HEARING DATE OF MOTION FOR SANCTONS** |
| 15 | vs. | |
| 16 | AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX | |
| 17 | ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX | Magistrate Judge:    Hon. Edward M. Chen |
| 18 | INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO | |
| 19 | SPRINGS, INC., | |
| 20 | Defendants. | |

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' REPLY TO OPP TO  MTN TO
MOVE HEARING DATE OF MOTION FOR SANCTIONS
DM_US\8329045.v1

I, Denise M. De Mory, declare as follows:

1. I am a partner at the law firm of Howrey LLP, counsel for Aeroflex Incorporated, Aeroflex Colorado Springs, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, the "Customer Defendants") in this action. The following declaration is based on my personal knowledge. If called upon to testify, I could and would competently testify to the matters set forth below.

2. Ricoh filed its motion for sanctions without meet and confer at a time when it knew counsel was occupied and out of the country defending depositions it noticed. Counsel for the Customer Defendants first requested that the hearing be postponed one week with an additional one week for briefing. When that request was refused, the Customer Defendants then began suggesting later dates, starting with April 25 (specifically because counsel was going to be in Japan from April 11 to April 20). The Customer Defendants suggested April 25, May 9, and May 16. Ricoh indicated it was unavailable on all dates. Because of the alleged unavailability, counsel for the Customer Defendants then suggested the next three weeks, May 23, May 30, and June 6. Once again, and quite predictably, Ricoh's counsel again alleged unavailability.

3. Mr. Brothers was informed that the Customer Defendants would not seek an additional delay on the basis of the *ex parte* application, unless Ricoh substantively changed its brief.

4. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail string between Denise De Mory and Kenneth Brothers that concludes on February 27, 2006.

5. Attached hereto as Exhibit 2 is a true and correct copy of an letter dated February 28, 2006, to Denise M. De Mory from Kenneth Brothers.

6. Attached hereto as Exhibit 3 is a true and correct copy of an e-mail string between Denise De Mory and Kenneth Brothers that concludes on February 28, 2006.

Executed this 28th day of March, 2006, at San Francisco, California.

                                                            /s/*Denise M. De Mory*
                                                            Denise M. De Mory

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' REPLY TO OPP TO MTN TO
MOVE HEARING DATE OF MOTION FOR SANCTIONS
DM_US\8329045.v1

1

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Monday, February 27, 2006 2:25 PM
**To:** DeMory, Denise
**Subject:** RE: 3/28/06 Hearing

Sure

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Monday, February 27, 2006 5:23 PM
**To:** Brothers, Kenneth
**Subject:** RE: 3/28/06 Hearing

Can I indicate your signature with a /s/?

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Monday, February 27, 2006 2:22 PM
**To:** DeMory, Denise; Corbin, Terry
**Cc:** _Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Denise:

This is fine with us.

Regards, Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

3/28/2006

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Monday, February 27, 2006 5:16 PM
**To:** Brothers, Kenneth; Corbin, Terry
**Cc:** Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Ken,

We agree to your proposal set forth below. Attached please find a stipulation reflecting our agreement. If it is acceptable to you, let me know, and we will file it.

Regards,

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, February 24, 2006 7:29 AM
**To:** DeMory, Denise; Corbin, Terry
**Cc:** _Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Denise:

It appears that your only objection to scheduling the hearing on April 4 is your objection to meeting the original briefing schedule. I have taken another look at the schedule, and we are prepared to agree to that you can have another week, or until March 14, to electronically serve and file the opposing brief, and we will have until March 21 to electronically serve and file the reply brief, and the hearing proceeds on April 4. Otherwise we will oppose any extension of the briefing and any postponement beyond April 4 and reserve the right to argue that the hearing should be held on March 28.

Due to another trial and mediation in May, none of the May dates are open for us, and June 6 is the mediation with Judge Spero.

Regards, Ken


Ken Brothers

Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Friday, February 24, 2006 10:06 AM
**To:** Brothers, Kenneth; Corbin, Terry
**Cc:** Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Ken,

My proposal was that both the hearing and the briefing get moved back. You have refused to agree to that. As you know, Jacky and I are in Montreal this week, and will not be back in the office until Monday. Terry has likewise been unavailable this week, and not surprisingly, we believe it is important to have the individuals with knowledge about your accusations available to work on the briefing. In addition, in the interim, you have greatly expanded the number of depositions that you want to take between now and currently scheduled hearing. Thus,

3/28/2006

creating additional and siginficant conflicts for us. In addition, during our first calls and e-mails regarding this issue, you are well aware that I did not even have a copy of the briefing because it was manually filed and I am on the road. Indeed, initially, I indicated that your filing was improper because I did not believe that we received a copy of the manually filed brief and declaration because you sent it to Terry instead of to me. In view of my consideration of the motion, and the relief you request, I believe additional time is warranted, particularly in view of the current schedule. Given your conflicts on April 25, May 9, and May 16, are you available on May 23, May 30, or June 6?

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, February 24, 2006 6:46 AM
**To:** DeMory, Denise; Corbin, Terry
**Cc:** _Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Denise:

Given your stated conflicts with March 28, why did you request the hearing be moved the April 4, then refuse to stipulate to that date when we agreed? We object to your efforts to further delay this time-critical motion, and in any event have multiple conflicts with the dates you have identified. We urge you to reconsider your all-or-nothing approach to scheduling this hearing, but if you choose to go forward on that basis, we have little alternative but to respond in kind.

Regards, Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Friday, February 24, 2006 8:28 AM
**To:** Brothers, Kenneth; Corbin, Terry
**Cc:** Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Ken, it can not happen on March 28th under any circumstances. Just in case I did not provide all of the details in our call, I have booked nonrefundable tickets for my entire family, plus my mom and her sister, who are separately traveling from Chicago to meet us. In addition, after we leave the Caymans, we are traveling to Florida to meet my brother and his family. All of these plans have been made, and can not be changed. Terry has similarly complicated pre-booked plans. All of this will be detailed in our motion, and I wanted to make sure that you were fully aware of facts.

Although I know that you will not agree to these dates, for purposes of our motion to change the schedule with regard to your motion, please let me know if the following dates are available for a hearing:

April 25
May 9
May 16

Regards,

3/28/2006

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Thursday, February 23, 2006 7:10 PM
**To:** DeMory, Denise; Corbin, Terry
**Cc:** _Hoffman, Gary
**Subject:** RE: 3/28/06 Hearing

Denise:

Ricoh's sanctions motion raises fundamental issues that affect how this case will be prepared for trial, and it should be heard as soon as possible. Since you have rejected our offer to reschedule the hearing to April 4, we will insist that the motion be heard on March 28 as noticed.

Ken

-----Original Message-----
From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Thu 2/23/2006 6:36 PM
To: Brothers, Kenneth; Corbin, Terry
Cc: Hoffman, Gary
Subject: Re: 3/28/06 Hearing

Ken,

We will not agree to this. We will file a motion seeking relief. We will likely seek to have the motion hearing moved until after the trip to Japan and to have the briefing pushed back as well given that there is no urgency and many scheduling conflicts of which you are well aware. In terms of minimum relief, we will at least ask that the hearing be moved to April 4 with a briefing schedule tied to that date.

Denise
------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Brothers, Kenneth
To: DeMory, Denise; Corbin, Terry
CC: _Hoffman, Gary
Sent: Thu Feb 23 18:05:10 2006
Subject: RE: 3/28/06 Hearing

Denise and Terry:

We have just confirmed that Judge Jenkins is available to hear the motion on April 4. We are agreeable to rescheduling the hearing noticed for March 28 to April 4, provided that the parties meet the original briefing schedule that would be in place if the March 28 date were retained. This is consistent with Judge Jenkins' rules. If the briefing schedule was moved back, we would have reply brief conflicts with deadlines in this and other cases. Please advise whether you agree, and if so, please forward an appropriate stipulation and proposed order.

Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

3/28/2006

From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wednesday, February 22, 2006 6:47 PM
To: Brothers, Kenneth
Cc: Corbin, Terry
Subject: 3/28/06 Hearing

Ken,

I have confirmed that Terry is unavailable on March 28 as well. Please advise if we can agree to reschedule to April 4, 2006 by the close of business tomorrow, or we will move to reschedule. Hopefully we can avoid that. Let me know.

Regards,

Denise

---

This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential

3/28/2006

communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
================================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
================================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
================================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential

communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

========================================================================

--------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

========================================================================

3/28/2006

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

February 28, 2006

<u>Via PDF</u>

Denise DeMory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708

    Re:    Ricoh v. Aeroflex, et al.
              Synopsys v. Ricoh

Dear Denise:

      This responds to your letter of February 23, 2006 concerning the return of allegedly privileged Aeroflex documents. While Ricoh has cooperated with your firm with respect to the return of many other allegedly privileged documents, the Aeroflex documents that are the subject of your letter fall into a different category because a representative sample of those documents has already been filed under seal with the Court. As Ricoh noted in footnote 2 of its brief:

> This email was voluntarily produced by Aeroflex in part to explain how the various Aeroflex libraries were selected. To the extent it was subject to any claim of privilege, such a claim was waived both by the voluntary production of the document, and because it reflects a possible fraud upon the Court. *Bud Antle, Inc. v. Grow-Tech, Inc.*, 131 F.R.D. 179, 183-184 (N.D.Cal. 1990) (privilege was waived because of failure to claim privilege for six weeks following disclosure and failure to take reasonable precautions against disclosure); *Cunningham v. Connecticut Mutual Life Ins.*, 845 F.Supp. 1403 (S.D.Ca. 1994) (privilege was waived because it was not properly asserted and the privilege did not apply under the crime-fraud exception).

      We reject your allegations that Ricoh's citation to those documents was in any way improper. As set forth in the sanctions motion, Ricoh believes that the referenced document reflects improper and possibly fraudulent conduct on the part of Aeroflex and its counsel. There is no question that those documents were never requested to be returned prior to Ricoh's filing of its sanctions motion. Your general assertion of privilege during a deposition – especially of a non-Aeroflex witness – was insufficient to place anyone on notice with respect to any documents, is inconsistent with the fact that you and your clients have intentionally produced certain legal communications relating to this litigation; and cannot trump the holding of the *Bud Antle* and *Cunningham* cases.

      You quote paragraph 21 of the protective order in your letter. That paragraph continues: "Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that the privilege was waived for reasons other than the mere inadvertent production of the material." By its sanctions filing, Ricoh has placed

1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880
10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470
DSMDB.2049605.1
www.DicksteinShapiro.com

Denise DeMory, Esq.
February 28, 2006
Page 2

at issue Aeroflex's *post hoc* privilege assertion. Until the matter is resolved by the Court, we decline to return the documents identified in your letter.

For the same reasons, we likewise decline your demand that Ricoh withdraw and refile its sanction motion papers. We object to your stated intention to file an ex parte motion to strike the sanctions motion. The issue of waiver or whether there has been a fraud on the Court is already at issue, and should be resolved in that context.

I note that we already have agreed that the sanctions motion will be heard on April 4. Your professed intent to file an ex parte motion to strike appears to be inconsistent with our agreement. We agreed to extend the hearing date by one week upon the understanding that you would not seek to further delay the hearing date. If you are attempting to do so, then we withdraw our agreement to the extension to April 4 and reserve the right to ask that the hearing go forward on March 28. Perhaps you can clarify your intentions during our previously scheduled meet and confer today at 10 am PT/1 pm ET.

Sincerely,

Kenneth W. Brothers

cc:   Howrey distribution list

DSMDB.2049605.1           DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Tuesday, February 28, 2006 2:22 PM
**To:** DeMory, Denise
**Subject:** RE: Three things

Denise:

1. At this point, given the limitation on hours, we would rather not proceed with Ma.

2. Fair point. It's ok to file.

Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Tuesday, February 28, 2006 4:58 PM
**To:** Brothers, Kenneth
**Subject:** RE: Three things

Ken,

I will check on no. 1. If it turns out to that Wongsonegoro, Ramabadran or Hong are not available, do you want Ma if we can schedule her? It is best for me to have all potentially workable options on the table, although I will take into account that this is not your first choice.

With regard to no. 2, one caveat: if we prevail in our ex parte motion, and you withdraw your motion and refile it, but decide to substantively change the motion, we reserve the right to seek additional time. I know we discussed this on the call. With this caveat, is it still acceptable for us to file the stipulation?

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Tuesday, February 28, 2006 1:46 PM
**To:** DeMory, Denise
**Subject:** RE: Three things

Denise:

Thanks for the note.

1. At this stage, we'd rather go forward with either Kong Wongsonegoro, Vasant Ramabadran or Inki Hong. Sandra Ma is a second tier candidate and we would rather focus our attention on the other three. Please advise whether any are in the Bay area and may be available next week.

2. Based upon our conversation today where you represented that you would not seek to defer the sanctions hearing past 4/4, and your ex parte motion would seek only to delete the references to the Fink email and otherwise keep the agreed-upon schedule, you you have our permission to file the stipulation.

3. Ok.

Regards, Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP


---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Tuesday, February 28, 2006 4:17 PM
**To:** Brothers, Kenneth
**Subject:** Three things

Ken,

1. I don't know if I can work this out yet, but would Sandra Ma work for next Wednesday in SF? She has dropped off your most recent list, so I was not sure if you still wanted her.

2. In view of our conversation earlier regarding our ex parte application, I asume I still have your permission to file the stipulation regarding the hearing/briefing on the sanctions motion? Please confirm.

3. In view of your voicemail, we will set Wednesday in Portland with Clemans.

Denise

----------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

---------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the
addressee(s) named above. This communication may contain material protected by attorney-client, work

3/28/2006

product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==============================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==============================================================================

3/28/2006