Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **RICOH'S RESPONSE TO DEFENDANTS' PURPORTEDLY UNOPPOSED MOTION TO EXPEDITE, AND PROPOSED ORDER** |

1   Regrettably, Synopsys and the ASIC Defendants ("Defendants") have overreached. During a telephone conversation between the undersigned counsel and Ms. Fink at 6:44 p.m. (Eastern time) on Tuesday, March 28, Ms. Fink asked that Ricoh consent to, or at least not oppose, a motion that the Court expedite consideration of the joint letters.[1] Ricoh's undersigned counsel replied that Ricoh would not oppose such a motion, provided that such a motion would not be used as a vehicle to insist that the Court add additional deposition witnesses during the April trip to Japan. Ricoh's counsel explained that Ricoh has already scheduled five deposition days for its Rule 30(b)(6) deponents, and identified those witnesses by name. Ricoh's counsel pointed out that, given the short amount of time before counsel departs (next week), the impossibility in timely obtaining new visas which are required by the Japanese authorities to permit the depositions to take place (Defendants acknowledge three weeks are needed), the failure of Defendants to schedule sufficient deposition rooms (they did not make arrangements to double track), and the lack of availability of the witnesses to be prepared and produced on such short notice, even if the Court was to grant all Defendants the relief requested in their joint letters, it would be virtually impossible for those depositions to go forward during the April trip, as opposed to their previously-announced trip to Japan in May. Ricoh's counsel expected Defendants' motion to expedite to acknowledge this position by Ricoh, and to make clear that any such discovery of individuals would take place during Defendants' May 2005 trip.[2] Instead, in the motion to expedite, Defendants attempt to use Ricoh's agreement to not oppose expedited consideration to seek the very relief that Ricoh made clear could not logistically be obtained.

Defendants' proposed order on the merits is unacceptable for similar reasons. First, as set forth in Ricoh's opposition papers, several third party witnesses have indicated that they will not voluntarily agree to give a deposition, yet Defendants' proposed order falsely states that they "will appear

---

[1] Defendants did not file a fully briefed third joint letter regarding the continuation of Mr. Ishijima's 2003 deposition, and apparently have dropped that issue. Defendants did not file the two joint letters and exhibits under seal, even thought they had expressly stated that they would. Ricoh has asked Defendants to remedy it, but if they do not, then Ricoh moves the Court to place them under seal.

[2] Defendants' motion claims that the Tokyo embassy is not immediately available, but deposition space is available in other consulates – for example, the April depositions are taking place in Osaka.

CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)
RICOH'S RESPONSE TO DEFENDANTS' PURPORTEDLY UNOPPOSED MOTION TO EXPEDITE
DSMDB.2064535.1

1  voluntarily." Second, the relief requested (mandatory depositions) is inconsistent with defendants' own
2  requested relief (depositions or the risk of limitation of testimony). Third, even if the Court were to
3  decide that certain additional witnesses should be deposed (and assuming the visas could be obtained,
4  the witnesses could be scheduled, the interpreters could be hired, etc.), Ricoh's counsel would need to
5  depart earlier than next Friday, and Ricoh likely would need to adjust the identities of the attorneys who
6  would go. For example, of the four attorneys named in the proposed Order, Gary Hoffman cannot
7  depart for Japan until April 14, after the end of Passover. Rebecca Barbisch is scheduled to be in
8  London from April 5-10. Eric Oliver is scheduled to be in Colorado from April 10-13. DeAnna Allen
9  has commitments in Washington D.C. the week of April 16. Thus, it may be necessary to add other
10 attorneys to the Order. Because the Order must name the persons who will be attending such
11 depositions in Japan in order for them to obtain the visas necessary to enter that country, it should be
12 negotiated once the identity of the witnesses is known and the attorneys can be properly scheduled.
13 Ricoh has previously promptly responded to such requests, and of course will continue to do so.
14      Ricoh has no opposition to the Court resolving the issues presented in the joint letters in the time
15 that it believes is appropriate. If, however, the Court is inclined to order the depositions of any Japanese
16 citizens, then the parties should promptly meet and confer to determine the schedule and identities of the
17 participants, and go forward on a mutually agreeable date.

| | | |
|---|---|---|
| 1 | Dated: March 29, 2006 | Ricoh Company, Ltd. |
| 2 | | By: /s/ <u>Kenneth W. Brothers</u> |
| 3 | Jeffrey B. Demain, State Bar No. 126715 | Gary M. Hoffman |
| | Jonathan Weissglass, State Bar No. 185008 | Kenneth W. Brothers |
| 4 | Altshuler, Berzon, Nussbaum, Rubin & Demain | DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP |
| 5 | 177 Post Street, Suite 300 | 2101 L Street NW |
| 6 | San Francisco, California 94108 | Washington, D.C. 20037-1526 |
| | Telephone: (415) 421-7151 | Telephone: (202) 785-9700 |
| 7 | Facsimile: (415) 362-8064 | Facsimile: (202) 887-0689 |
| 8 | | Edward A. Meilman |
| 9 | | DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP |
| 10 | | 1177 Avenue of the Americas |
| | | New York, New York 10036 |
| 11 | | Telephone: (212) 896-5471 |
| | | Facsimile: (212) 997-9880 |
| 12 | | Attorneys for Ricoh Company, Ltd. |

CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)
RICOH'S RESPONSE TO DEFENDANTS' PURPORTEDLY UNOPPOSED MOTION TO EXPEDITE
DSMDB.2064535.1