E-filing

FILED

APR 03 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

        Plaintiff,

  v.

RICOH CO., LTD.,

        Defendant.

_____/

RICOH CO., LTD.,

        Plaintiff,

  v.

AEROFLEX, INC., ET AL.,

        Defendants.

_____/

No. C 03-2289 MJJ
No. C 03-4669 MJJ

**ORDER DENYING MOTION TO STAY ACTION**

**INTRODUCTION**

Before the Court is Synopsys Inc., Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech, Inc. and Aeroflex Colorado Springs, Inc.'s and ("Defendants") Motion to Stay Litigation Pending

United States District Court
For the Northern District of California

1   Reexamination.[1]  The motion is opposed by Ricoh Company, Ltd. ("Plaintiff", "Ricoh").  For the

2   following reasons, the Court **DENIES** Defendants' motion.

3

4                    **FACTUAL AND PROCEDURAL BACKGROUND**

5           This case concerns the alleged infringement of U.S. Patent Number 4,922,432 ("the '432

6   patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits Using

7   Functional Specifications."

8           Ricoh commenced this patent infringement action in the District of Delaware in January 2003

9   (the "Delaware Action").  Synopsis commenced a similar declaratory action in the Northern District

10  of California in May 2003 (the "California Action").   In October 2003, the Delaware action was

11  transferred to this Court and the two cases were related.

12          Discovery commenced in this case in late 2003 and continued until May 2004, when the

13  Court stayed discovery to focus on claims construction.  Discovery was stayed for over a year.  In

14  April 2005 the Court issued a claims construction order and discovery reopened in July 2005.  On

15  November 22, 2005, pursuant to the parties' stipulation, the Court issued an amended scheduling

16  order (Doc. No. 279).  Pursuant to that order, fact discovery was scheduled to close on May 30, 2006

17  and expert discovery was scheduled to close on August 18, 2006.  The case is scheduled for trial in

18  November, 2006.

19          On January 17, 2006, a third-party submitted a request to the United States Patent and

20  Trademark Office ("PTO") to reexamine the '432 patent.  On February 24, 2006, the PTO granted

21  this request.  Defendants have filed the instant motion requesting that the Court stay this action

22  pending the outcome of the reexamination proceedings.

23

24                              **ANALYSIS**

25          Defendants ask the Court to stay this action in light of the PTO's decision to reexamine the

26  '432 patent. A court is not required to stay judicial proceedings upon the commencement of a

27  reexamination by the PTO. *Viskase Corp. v. American Nat. Can Co.,* 261 F.3d 1316, 1328

28  _____

       [1]03-2289, Doc. No 293, Filed February 28, 2006.

United States District Court
For the Northern District of California

1   (Fed.Cir.2001). Rather, a stay for the purposes of reexamination is within the district court's sound

2   discretion. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir.1985). See also *Ethicon, Inc. v.*

3   *Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988) ("Courts have inherent power to manage their

4   dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO

5   reexamination.").

6        When determining the appropriateness of a stay pending reexamination, the Court considers

7   the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical

8   disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial

9   of the case; and (3) whether discovery is complete and whether a trial date has been set." *In re*

10   *Cygnus Telecommunications Technology, LLC, Patent Litigation*, 385 F. Supp.2d 1022, 1023 (N.D.

11   Cal.2005) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y.1999)). The

12   Court addresses each of these factors in turn.

13

14   **A.**    **Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Nonmoving Party**

15

16       Ricoh contends that it will be unduly prejudiced by a stay in this action because it has

17   expended substantial resources in conducting discovery and the adjudication of its claims will be

18   postponed indefinitely. The Court agrees. Ricoh, as the plaintiff in this matter, has a strong interest

19   in resolving these proceedings expeditiously. The PTO reexamination proceedings will likely take at

20   least one, if not two years or more to complete. The January 2006 reexamination request comes

21   nearly three years after the start of this case and after the parties have already conducted a year and

22   eight months of discovery. Fact discovery will close in two months, in May 2006. In short, the

23   reexamination and request for the stay come at a late date in the proceedings.

24       The fact that the reexamination proceedings were initiated at the behest of a third party, rather

25   than at Defendants' request is of no moment. It is the timing of the stay in relation to the progression

26   of this case which is important, regardless of who initiated the reexamination request. Although

27   Defendants apparently did not institute the present reexamination proceedings, they *could have* filed

28

United States District Court
For the Northern District of California

3

1   the same exact request for reexamination at some earlier point in the case.[2] Defendants do not

2   contest the fact that they were aware of the relevant prior art as early as July 2003. That a third party

3   instituted the proceedings does not change the fact that the reexamination request comes very late in

4   this suit.

5       Defendants contend that a reexamination "will...provide the substantial advantages of

6   avoiding duplicative and potentially unnecessary proceedings and simplifying or eliminating many of

7   the issues in the present litigation." (Motion at 8). Defendants also argue that there is a substantial

8   chance that the claims will be invalidated or amended. If this is so, it seems unusual that Defendants

9   did not request the reexamination themselves at an earlier time in this proceeding.

10      In light of the significant delay that a stay would have on the resolution of this outcome, the

11  Court finds that a stay at this late point in the discovery would unduly prejudice Ricoh. This is

12  especially true in light of the fact that Defendants could have avoided this prejudice by requesting a

13  reexamination themselves at an earlier date.

14

15  **B.   Whether a Stay will Simplify the Issues in Question and Trial of the Case**

16      Defendants contend that the reexamination will simplify, if not eliminate, many of the

17  invalidity arguments Defendants are asserting. Defendants assert that there is a substantial chance

18  that the reexamination will result in amendments to the claims at issue, which will likely present

19  different questions of infringement and validity than those which are presently before the Court.

20      A stay is particularly justified where the outcome of the reexamination would be likely to

21  assist the court in determining patent validity and, if the claims were canceled in the reexamination,

22  would eliminate the need to try the infringement issue. See, e.g., *Gould v. Control Laser Corp.*, 705

23  F.2d 1340, 1342 (Fed.Cir.1983) ("One purpose of the reexamination procedure is to eliminate trial of

24  that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court

25  with the expert view of the PTO (when a claim survives the reexamination proceeding)."); cf. *Slip*

26  *Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed.Cir.1998)    The reexamination

27

28      [2]"Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited..." 35 U.S.C. § 302.

4

1  proceedings will consider several pieces of prior art related to systems similar to the '432 patent.
2  Defendants do not indicate with particularity which claims or arguments they believe will be
3  simplified as a result of the reexamination. The Court cannot, therefore, determine whether the
4  reexamination proceedings will actually simplify the issues in this case. However, it is clear that the
5  reexamination proceedings are unpredictable, and PTO is equally capable of confirming or
6  invalidating Plaintiff's claims. Accordingly, the Court finds that this factor does not weigh in either
7  party's favor.

8

9  **C.    Whether Discovery is Complete and Whether a Trial Date Has Been Set**

10      This factor strongly counsels against granting a stay. As of the hearing date of this motion,
11  less than two months of fact discovery remain. The trial date has been set for November 2006, only
12  eight months away. The Court has already issued an order construing the disputed claims. As
13  discussed above, the fact that this action has progressed so substantially could prejudice Ricoh, and a
14  stay will likely delay the resolution of this matter considerably. See *Enprotech Corp. v. Autotech*
15  *Corp.*, 1990 WL 37217, (N.D. Ill., 1990) (Stating that the "[m]ost compelling" reason for not
16  granting a stay pending a reexamination was "the fact that discovery... is almost completed and the
17  case is set for trial."). The parties have conducted, in total, almost two years worth of discovery and
18  fact discovery is nearly completed. Accordingly, given the late date in the proceedings that
19  Defendants' request comes, the expeditious and judicious use of resources counsels against granting
20  a stay.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

5

/ / /

**CONCLUSION**

In sum, the above analysis indicates that a stay pending reexamination, at this late juncture in this action, would be inappropriate; a stay would likely prejudice to Ricoh and result in waste of resources. Accordingly, the Court **DENIES** Defendants' motion to stay the litigation.

**IT IS SO ORDERED.**

Dated: April 1, 2006

MARTIN J. JENKINS

UNITED STATES DISTRICT JUDGE

6