Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiffs
AEROFLEX, INC.,
AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS, LTD.,
MATROX GRAPHICS INC.,
MATROX INTERNATIONAL CORP.,
MATROX TECH, INC., and
AEROFLEX COLORADO SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>    Plaintiff,<br><br>    vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC.,<br><br>    Defendants. | Case No. CV 03-04669 MJJ (EMC)<br><br>**AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX COLORADO SPRINGS, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant Aeroflex Colorado Springs, Inc. ("UTMC") for its Amended Answer to the Amended Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the Amended Complaint except as specifically stated:

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

## PARTIES

1. Upon information and belief, UTMC admits that plaintiff Ricoh is a corporation organized under the laws of Japan and maintains its principal place of business at 3 -6 1-chome, Nakamagome, Tokyo, Japan.

2. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis, denies those allegations.

3. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis, denies those allegations.

4. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis, denies those allegations.

5. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint.

6. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis, denies those allegations.

7. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis, denies those allegations.

8. UTMC admits that UTMC is a wholly-owned subsidiary of Defendant Aeroflex Incorporated, is also known as Aeroflex Microelectronic Solutions, Inc., Aeroflex UTMC Microelectronic Solutions, Inc., and formerly known as United Technologies Microelectronics Center, is a corporation organized under the laws of the State of Delaware, and maintains a place of business at 4350 Centennial Blvd. CO 80907. UTMC admits that UTMC has consented to the jurisdiction of this Court for this action. Except as expressly admitted, UTMC denies the allegations of Paragraph 8 of the Amended Complaint.

## JURISDICTION

9. UTMC admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 *et. seq*. Except as expressly admitted, UTMC denies the allegations of Paragraph 9 of the Amended Complaint.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-2-

10. UTMC admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, UTMC denies the allegations of Paragraph 10 of the Amended Complaint.

11. UTMC admits that the Court has personal jurisdiction over UTMC. Except as expressly denied, UTMC denies the allegations of Paragraph 11 of the Amended Complaint.

## VENUE

12. UTMC admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Except as expressly admitted, UTMC denies the allegations of Paragraph 12 of the Amended Complaint.

## FACTUAL BACKGROUND

13. UTMC admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990. UTMC admits that the '432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. UTMC further admits that a copy of the '432 Patent is attached to the Amended Complaint as Exhibit 1. Except as expressly admitted, UTMC denies the allegations of Paragraph 13 of the Amended Complaint.

14. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

## PATENT INFRINGEMENT

## COUNT 1

16. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

18. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies those allegations.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-3-

19. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies those allegations.

20  UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies those allegations.

21. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies those allegations.

## COUNT 2

22. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

## COUNT 3

28. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

30. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies those allegations.

31. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis, denies those allegations.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-4-

32. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

33. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and on that basis, denies those allegations.

**COUNT 4**

34. UTMC repeats its responses to the allegations in Paragraphs1 through 15 of the Amended Complaint.

35. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

**COUNT 5**

40. UTMC repeats its responses to the allegations in Paragraphs1 through 15 of the Amended Complaint.

41. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

42. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.
HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-5-

45. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

## COUNT 6

46. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations..

51. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

## COUNT 7

52. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53. UTMC denies each and every allegation in Paragraph 53 of the Amended Complaint.

54. UTMC denies each and every allegation in Paragraph 54 of the Amended Complaint.

55. UTMC denies each and every allegation in Paragraph 55 of the Amended Complaint.

56. UTMC denies each and every allegation in Paragraph 56 of the Amended Complaint.

57. UTMC denies each and every allegation in Paragraph 57 of the Amended Complaint.

## DEFENSES

In further response to the Amended Complaint, Defendant UTMC asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58. The '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 for one or

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-6-

more of the following reasons: (a) the inventor named in the '432 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '432 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '432 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '432 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '432 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '432 Patent did not invent the subject matter; (f) the subject matter claimed in the '432 Patent was invented in this country by another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the '432 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '432 Patent are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a written description of the subject matter claimed in the `432 Patent and the manner and process of making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable invention, (iii) the claims are indefinite, (iv) the specification fails to enable one skilled in the art to practice the claimed invention, and/or (v) the specification fails to set forth the best mode contemplated by the named inventors for carrying out the alleged invention. Defendant reserves the right to amend this defense further, as additional information is developed through discovery or otherwise.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59.   UTMC has not used within the United Sates any processes that infringe any valid claim of the '432 Patent, either directly, indirectly, contributorily or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-7-

60. UTMC has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61. Between 1991 and 2001 Plaintiff Ricoh and Knowledge Based Silicon Corporation ("KBS") were co-assignees of the '432 patent. Pursuant to agreement, Ricoh paid the maintenance fees for the '432 patent. On information and belief, Ricoh and KBS coordinated all activities related to the '432 patent.

62. In or about 1991, KBS unsuccessfully tried to persuade Synopsys, Inc. ("Synopsys"), to license the '432 Patent. KBS subsequently abandoned those efforts, and instead developed and marketed products that were interoperable with Synopsys' Design Compiler product. Towards this end, KBS acquired a license to Design Compiler and received assistance from Synopsys to make its products interoperable with the Design Compiler software. At no point during these cooperative efforts did KBS make any allegation that Synopsys' Design Compiler software, or any other Synopsys product, was infringing the '432 Patent.

63. UTMC purchased the Design Compiler software from Synopsys.

64. Plaintiff is barred from recovery of damages by reason of laches.

### FOURTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

65. Plaintiff is barred from obtaining any relief sought in the Am ended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff s action against UTMC is barred by the doctrine of patent exhaustion.

### FIFTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

66. By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by UTMC Incorporated.

### SIXTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT

67. Ricoh's claims are barred in whole or in part by operation of 28 U.S.C. § 1498.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-8-

## RESERVATION OF AFFIRMATIVE DEFENSES

68. With discovery still ongoing, UTMC has yet to complete its investigation. UTMC reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

## COUNTERCLAIMS

Counterplaintiff UTMC, Inc. ("UTMC"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

## PARTIES

69. UTMC is a corporation organized under the laws of Delaware, having its principal place of business at 4350 Centennial Blvd. CO, 80907.

70. Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3 -6 1-chome, Nakamagome, Tokyo, Japan.

## JURISDICTION AND VENUE

71. Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, §1 *et seq*. The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

72. Ricoh has submitted to the personal jurisdiction of this Court, because suit was filed in this district by Counterdefendant Ricoh.

73. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because suit was filed in this district by Counterdefendant Ricoh.

74. There is an actual justifiable case or controversy between UTMC and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 *et seq*. This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that UTMC infringes U.S. Patent No. 4,922,432 ("the '432 Patent") and UTMC's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-9-

## COUNT 1

## DECLARATORY JUDGMENT OF INVALIDITY

75. UTMC incorporates by reference Paragraphs 1-74 into this count as though fully set forth herein.

76. The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the owner of the '432 Patent.

77. Ricoh has sued UTMC in the present action, alleging infringement of the '432 Patent.

78. Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

79. UTMC requests declaratory judgment that the '432 Patent is invalid.

## COUNT 2

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

80. UTMC incorporates by reference Paragraphs 1-79 into this count as though fully set forth herein.

81. Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by UTMC.

82. UTMC requests declaratory judgment that UTMC has not infringed the '432 Patent.

## RESERVATION OF COUNTERCLAIMS

83. UTMC reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

## PRAYER FOR RELIEF

WHEREFORE, UTMC respectfully prays for the following relief:

A. that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B. that this Court declare the '432 Patent invalid;

C. that this Court declare the '432 Patent unenforceable;

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-10-

1  D. that this Court declare that UTMC has not infringed any valid claim of the '432 Patent;

2  E. that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

3  costs of his action and attorneys' fees be awarded to UTMC;

4  F. that this Court grant such other and further relief to UTMC as this Court may deem just

5  and equitable and as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant UTMC hereby demands trial by jury in this action.

Dated: April 7, 2006

Respectfully submitted,

HOWREY LLP

By: _____/s/Denise M. De Mory_____
Denise M. De Mory
Attorneys for Defendants
AEROFLEX, INC., MATROX TECH
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD.,
MATROX GRAPHICS INC., MATROX
INTERNATIONAL CORP., MATROX
TECH, INC. AND AEROFLEX
COLORADO SPRINGS, INC.

HOWREY LLP

Case No. CV 03-04669 MJJ (EMC)
Amended Answer And Counterclaims Of Defendant Aeroflex Colorado
Springs, Inc. To Amended Complaint For Patent Infringement
DM_US\8333047.v1

-11-