# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

April 7, 2006

Hon. Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

    Re:    *Synopsys v. Ricoh Company, Ltd.*,
            Case No. C03-2289 MJJ (EMC)
            *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
            Case No. C03-4669 MJJ (EMC)

Dear Judge Jenkins:

       The Customer Defendants belatedly filed today the amended answers that the Court granted leave to file December 12, 2005 because it just recently came to our attention that these amended answers were completely inadvertently never filed. The December 12, 2005 order granting leave to amend specified that the answers were to be filed in 10 days, or by December 26, 2005. Although the Customer Defendants have been operating under the belief that the answers were operative, and producing documents related to the 28 U.S.C. § 1498 defense, the filing was inadvertently never actually completed.

       These facts did not come to counsel's attention until Ricoh raised the issue in a brief filed before Judge Chen last week. Indeed, believing the answers to be operative, between the time of the Court's December Order and March 2, 2006, Aeroflex collected and produced documents regarding the 28 U.S.C. § 1498. Documents proving that a significant number of sales of Aeroflex ASICs are exempt from damages pursuant to 28 U.S.C. § 1498 because the ASICs were sold pursuant to contracts containing "Authorization and Consent Clauses" were produced on March 2, 2006. The 28 U.S.C. § 1498 defense, in accordance with the Court's December Order, is included in the Aeroflex answers, but has been omitted from the other Customer Defendant answers because, although these Customers make sales to the United States, documentary evidence has not yet been produced.

       Ricoh will undoubtedly raise concerns about the late date on which these answers have been filed. The Customer Defendants, however, maintain that that late filing was purely inadvertent, and that Ricoh will not be prejudiced by the late filing.

       As the Court will recall, only two amendments were permitted: (1) the addition of the prosecution history estoppel defense; and (2) the addition of a defense based on 28 U.S.C.

**HOWREY**

Hon. Martin J. Jenkins
April 7, 2006
Page 2

§ 1498. The Court permitted the prosecution history estoppel defense to conform to what had already occurred during the claim construction proceedings. This remains true, and thus, there is no prejudice to Ricoh resulting from conforming the pleadings to what has already occurred in the proceedings.

With regard to the 28 U.S.C. § 1498 defense, this defense is now only being asserted with regard to Aeroflex. There is no prejudice to Ricoh by virtue of the late filing with regard to this defense. First, Ricoh was on notice of the defense as early as October of last year, when the Customer Defendants first approached Ricoh about the defense.

Second, Ricoh still has ample opportunity to conduct any necessary discovery, if any, with regard to this defense. Ricoh did conduct 30(b)(6) depositions of Aeroflex in January of 2006. Those depositions, however, were not adjourned, and in fact, the continuations are already scheduled and will occur on April 20 and 21, 2006. In addition, at the time of the first Aeroflex depositions, the documents supporting the defense had not yet been produced. They have now been produced, and Ricoh can question witnesses on them at the upcoming depositions. In addition, if Ricoh feels it needs any third party discovery, there is ample time to serve subpoenas.

Finally, as indicated in the motion for leave to amend, the defense is very straightforward in this instance. Aeroflex has produced contracts that contain the "Authorization and Consent" clause which render Aeroflex sales pursuant to these contracts immune from damages.

Counsel regrets its inadvertence and failure to file in a timely fashion, but requests the Court's accommodation in permitting this late filing in view of the truly inadvertent nature of the failure to file as well as the lack of prejudice to Ricoh.

Respectfully submitted,

Denise M. De Mory

DMD:plk
cc:   Kenneth Brothers, Esq.
      Gary Hoffman, Esq.
      Edward Meilman, Esq.
      Eric Oliver, Esq.
      DeAnna Allen, Esq.
      Michael Weinstein, Esq.
      Seymour Seyoum