1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile:  (415) 848-4999
5
   Attorneys for Defendants AEROFLEX INCORPORATED,
6  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
7  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., MATROX TECH, INC., and
8  AEROFLEX COLORADO SPRINGS, INC.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 RICOH COMPANY, LTD.,                    | Case No. C03-04669 MJJ (EMC)

13         Plaintiff,                       | **MOTION FOR ORDER EXTENDING
                                            | TIME TO PERMIT LATE FILING OF
14     vs.                                  | AMENDED ANSWERS PURSUANT TO
                                            | F.R.C.P. 6(B) AND CIVIL L.R. 6-3**
15 AEROFLEX INCORPORATED, AMI
   SEMICONDUCTOR, INC., MATROX
16 ELECTRONIC SYSTEMS LTD., MATROX
   GRAPHICS INC., MATROX INTERNATIONAL
17 CORP., MATROX TECH, INC., AND
   AEROFLEX COLORADO SPRINGS, INC.

18         Defendants.

**HOWREY LLP**

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR
ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED
ANSWERS PURSUANT TO F.R.C.P. 6(B) AND CIVIL L.R. 6-3
DM_US\8334830.v1

## I. INTRODUCTION

The Customer Defendants hereby apply pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-3 for an order extending time to permit the late filing of the amended answers filed on April 7, 2006.

As the Court is already aware, counsel for the Customer Defendants inadvertently failed to timely file answers that the Court granted the Customer Defendants leave to file on December 12, 2005. The answers were to be filed on or before December 26, 2005. The Customer Defendants filed the answers on April 7, 2006 shortly after discovering the inadvertent failure to file. Counsel also filed a letter explaining the failure to file as well as the lack of prejudice to Ricoh. Ricoh has objected to the filing. For purposes of efficiently and expeditiously resolving this dispute, the Customer Defendants have proposed that Ricoh simply respond to the already filed letter and request any relief it deems appropriate, including a request that the answers be stricken. Ricoh has declined this offer to expeditiously resolve this dispute.[1] Accordingly, the Customer Defendants are hereby filing a request to extend time to April 7, 2006.

As set forth in the already filed April 7, 2006 letter, the failure to file was inadvertent, and there is no harm to Ricoh. In addition, the Customer Defendants are acting in good faith, and this extension will have no effect on the schedule for the case. Accordingly, the Customer Defendants respectfully request that the Court extend time.

## II. FACTS

### A. The Failure to File Was Inadvertent

The Court's December 12, 2005 Order granted the Customer Defendants leave to amend. The December 12, 2005 Order provided that conforming amendments be filed within 10 days. That, however, did not occur due to inadvertence of counsel, as explained below.

---

[1] Ricoh has indicated that it intends to move to strike and seek fees even though the Customer Defendants have proposed a manner in which to expeditiously resolve this dispute. Accordingly, the Customer Defendants are filing the instant motion. Ricoh has requested that the Customer Defendants agree to have the motion to strike expedited, but have failed to include in their request the date on which they intend to file their motion and have failed to propose an expedited schedule. The Customer Defendants are agreeable to expediting the motion to strike and to having this motion considered on the same schedule as the motion to strike instead of on the schedule set forth in Local Rule 6-3. The Customer Defendants are working with Ricoh to propose a mutually agreeable schedule.

HOWREY LLP

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO F.R.C.P. 6(B) AND CIVIL L.R. 6-3
DM_US\8334830.v1

The December 12 Order was issued during the first round of 30(b)(6) depositions of Synopsys witnesses.[2] Declaration of Denise M. De Mory, ¶2. The primary Howrey attorneys responsible for this matter were attending to the preparation for and defense of the depositions of Synopsys witnesses during this period right before the holidays began. *Id.* Although the order granting leave to amend issued on December 12, 2005, an internal case calendar circulated two days thereafter inadvertently did not include the answer deadline. *Id.* This omission contributed to the failure to file. In addition, although the partner who handled the motion recalls requesting that an associate edit the answers in accordance with the Court's Order and thereafter file them, the answers did not get timely filed. *Id., ¶3.* This error, likely because of the intervening holidays, was not discovered for a significant period of time. *Id.*

Indeed, although the answers did not get filed, the Customer Defendants behaved as if they did. Aeroflex (as well as the other Customer Defendants) worked to collect documents as indicated in the motion for leave to amend. It took several months to collect the documents, but they were ultimately produced on March 2, 2006 based on the belief that the answers were operative. The documents are labeled AF 283572 – AF 284289.

The error was not discovered until it was raised in Ricoh's portion of a joint letter filed with Judge Chen on or about March 28. De Mory Decl., ¶4.[3] The Customer Defendants promptly sought to remedy the failure to file.

**B.    The Late Filing Will Not Prejudice Ricoh**

Ricoh has claimed that the late filing will prejudice Ricoh because it has failed to take discovery on the new defenses based on the failure to timely file the amended answers. The allowed amendments,

---

[2] Depositions occurred on December 12 (Pieper), December 13 (Olsen), December 16 (Tran in Oregon), December 21 (Adams), and December 22 (Zepter), and December 14 and 15 were deposition preparation days.

[3] In discussions after the April 7, 2006 filing, Ricoh's counsel has suggested that the Customer Defendants have indicated in a pleading that they decided not to file the answers. De Mory Decl., Exh. 1. This, however, is not correct. Although Mr. Hoffman has never made clear the filing that he is referencing in the e-mail, the Customer Defendants believe Ricoh will cite to the sentence in a March 28 Joint Letter to Judge Chen that begins "The Customer Defendants did not seek to amend their answers because . . . ." This, however, was merely a rebuttal to Ricoh's assertion that the Customer Defendants sought leave to amend in November because the Customer Defendants knew the defense was limited to KBSC issues, not any expression of a decision not to file amended answers.

HOWREY LLP

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR         -2-
ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED
ANSWERS PURSUANT TO F.R.C.P. 6(B) & CIVIL L.R. 6-3
DM_US\8334830.v1

however, will not prejudice Ricoh because one was a conforming amendment and the discovery on the second amendment, to the extent it is necessary, is just now occurring.

On December 12, 2005, the Court granted leave to amend the answers to add only two affirmative defenses: prosecution history estoppel and a defense based on 28 U.S.C. § 1498. The Court allowed the Customer Defendants to add the prosecution history defense as a conforming amendment. In fact, the Court stated: "[t]o not include this affirmative defense which has clearly been at issue since the claims construction hearing would only obscure the record." 12/12/05 Order at 4. There is no discovery that needs to occur with regard to this conforming amendment, and thus, no prejudice to Ricoh.

With regard to the 28 U.S.C. § 1498 defense, there is likewise no prejudice to Ricoh. First, this amendment applies only to Aeroflex.[4] Thus, the discovery at issue is discovery relating only to Aeroflex sales. The documents that prove the defense took several months to collect. They were not collected and produced in advance of the first Aeroflex 30(b)(6) depositions, which took place from January 19-21, 2006. The continuation of the Aeroflex 30(b)(6) depositions, however, are set to occur on April 20-21, 2006, and thus, Ricoh will be able to inquire about the now produced documents at the time of the continued deposition, and in fact, could not have done so sooner.

Moreover, the documents, as was indicated in the Customer Defendants motion for leave to amend, are clear and unequivocal on their face. Although "authorization and consent" can be implicit where something is made "for the government" with the government's implied "authorization," here we have express and unlimited "authorization and consent" clauses.[5] For example, AF 28572-283575 (De Mory Decl., Exh. 2) lists the terms and conditions that apply to Aeroflex's sales to Northrop Grumman. Included in the list of terms on page AF 283574 is Federal Acquisition Regulation ("FAR") 52.227-1 "Authorization and Consent."[6] Thus, sales to Northrop Grumman are not eligible for damages in this lawsuit pursuant to

---

[4] Although the other Customer Defendants have sold to the United States as well, given the lack of written documentation at this date as to defendants other than Aeroflex, only Aeroflex included this amendment in the amended answer.

[5] *See, e.g.*, *TM Patents v. IBM*, 107 F. Supp. 2d 352, 354 (S.D.N.Y. 2000) (allowing motion for leave to amend to add 1498 claim after the close of discovery because it was a straight apportionment of damages issue).

[6] FAR 52.227-1 provides: (a) The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States Patent (1) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract or (2) used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or a subcontractor

(Continued...)

HOWREY LLP

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR         -3-
ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED
ANSWERS PURSUANT TO F.R.C.P. 6(B) & CIVIL L.R. 6-3
DM_US\8334830.v1

1 this contractual provision.[7]  A similar example of the "authorization and consent" provisions governing the Boeing-Aeroflex sales was attached to the motion for leave to amend.  Many other sales are governed by contracts containing the same terms, and thus, in this case, the 28 U.S.C. § 1498 defense is simply an apportionment of damages issue.

It is Aeroflex's position that because it is not relying on implied "authorization and consent," there is no additional discovery that needs to occur.  Notwithstanding this, Ricoh will have access to Aeroflex 30(b)(6) witnesses again in the next two weeks.  In addition, to the extent necessary, Ricoh could serve third party deposition subpoenas prior to the close of discovery.  However, given the express "authorization and consent" clauses at issue here, it is unclear what additional discovery will reveal.  Indeed, in the context of opposing the motion for leave to amend, Ricoh only raised the need to conduct discovery where the authorization and consent was implied – not express.

## III.   LEAVE SHOULD BE GRANTED

A motion for enlargement of time may be filed under Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-3.  Rule 6 states in relevant part:

> "(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion … (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them."

---

(...Continued)

with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance.  The entire liability to the Government for infringement of a patent of the United States shall be determined solely by the provisions of the indemnity clause, if any, included in this contract or any subcontract hereunder (including any lower-tier subcontract), and the Government assumes liability for all other infringement to the extent of the authorization and consent herein above granted.  (b) The Contractor agrees to include, and require inclusion of, this clause, suitably modified to identify the parties, in all subcontracts at any tier for supplies or services (including construction, architect-engineer services, and materials, supplies, models, samples, and design or testing services expected to exceed the simplified acquisition threshold); however, omission of this clause from any subcontract, including those at or below the simplified acquisition threshold, does not affect this authorization and consent.

[7] *Parker Beach Restoration, Inc. v. United States,* 58 Fed. Cl. 126, 132 (Ct. Cl. 2003) ("Although not required by § 1498 itself, the Government generally consents and authorizes the use of a particular device by inserting an authorization and consent clause into its contracts."); *Hughes Aircraft Co. v. United States,*, 534 F.2d 889, 901 (Ct. Cl. 1979) (recognizing that an authorization and consent clause may be contained in a contract or in a subsequent letter authorization from the Government, and that such an express authorization and consent clause "comports with the broad purpose and policy of § 1498(a)"); *Madey v. Duke University*, 413 F. Supp. 601 (2006).

HOWREY LLP

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO F.R.C.P. 6(B) & CIVIL L.R. 6-3
DM_US\8334830.v1                    -4-

1 Fed. R. Civ. Pro. 6(b).

2     The "excusable neglect" standard set forth in Rule 6(b) is a "somewhat 'elastic concept'" and applicable to late filings, rather than being strictly limited to "omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380, 392 (1993). "Excusable neglect" in this context was "understood to encompass situation in which the failure to comply with a filing deadline is attributable to negligence." *Id* The Court held that what neglect might be found "excusable" is based upon a determination that "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Court further held that the relevant circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Id.*

    In this instance, cause exists to enlarging time to April 7, 2006. The failure to file was as a result of excusable neglect. The equitable circumstances also weigh in favor of granting this request. There is little danger of prejudice to Ricoh because little, or possibly, no additional discovery needs to occur. The error was remedied expeditiously after it was discovered and the Customer Defendants acted in good faith. In fact, the Customer Defendants acted in accordance with their belief that the answers were operative, and produced documents relating to the 28 U.S.C. § 1498 defense.

**IV. CONCLUSION**

    For the foregoing reasons, the Customer Defendants respectfully request that the Court extend time to April 7, 2006 for filing of the amended answers.

Dated: April 12, 2006            Respectfully submitted,

                                                                      HOWREY LLP

                                                      By:     /s/Denise M. De Mory
                                                                    Denise M. De Mory
                                                          Attorneys for the Customer Defendants

HOWREY LLP

C03.4469 MJJ (EMC) - NOTICE OF MOTION & MOTION FOR ORDER EXT. TIME TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO F.R.C.P. 6(B) & CIVIL L.R. 6-3
DM_US\8334830.v1

-5-