1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendants AEROFLEX
INCORPORATED, AEROFLEX COLORADO
SPRINGS, INC., AMI SEMICONDUCTOR,
INC., MATROX ELECTRONIC SYSTEMS,
LTD., MATROX GRAPHICS INC., MATROX
INTERNATIONAL CORP., and MATROX
TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
| Plaintiff, | **DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO F.R.C.P. 6(B) AND CIVIL L.R. 6-3** |
| vs. | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC., | Judge: Hon. Martin J. Jenkins |
| Defendants. | |

**HOWREY LLP**

Case No. C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' MOTION FOR ORDER EXTENDING TIME
TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO
F.R.C.P. 6(B) AND CIVIL L.R. 6-3
DM_US\8334871.v1

I, Denise M. De Mory, declare as follows:

1. I am a partner at the law firm of Howrey LLP, counsel for Aeroflex Incorporated, Aeroflex Colorado Springs, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, the "Customer Defendants") in this action. The following declaration is based on my personal knowledge. If called upon to testify, I could and would competently testify to the matters set forth below.

2. The December 12 Order granting leave to amend was issued during the first round of 30(b)(6) depositions of Synopsys witnesses. Depositions occurred on December 12 (Pieper), December 13 (Olsen), December 16 (Tran in Oregon), December 21 (Adams), and December 22 (Zepter), and December 14 and 15 were deposition preparation days. The primary Howrey attorneys responsible for this matter, Jaclyn Fink and I, were attending to the preparation for and defense of the depositions of Synopsys witnesses during this period right before the holidays began. Although the order granting leave to amend issued on December 12, 2005, an internal case calendar circulated two days thereafter inadvertently did not include the answer deadline. This omission contributed to the failure to file.

3. I oversaw the motion for leave to amend. I recall a meeting shortly after the order issued in which I requested that the answers be edited in accordance with the Court's Order and filed. The filing, however, obviously did not occur, and I did not notice the failure to file for some time, likely because of the intervening holidays.

4. Although the answers did not get filed, I proceeded under the assumption that they had been filed. I instructed the Customer Defendants to collect and produce documents in accordance with the Court's Order granting leave to amend to add the 28 U.S.C. § 1498 defense. It took several months to collect the documents, but they were ultimately produced on or about March 2, 2006 based on the belief that the answers were operative. The documents are labeled AF 283572 – AF 284289. The failure to file was not discovered until it was raised in Ricoh's portion of a joint letter filed with Judge Chen on or about March 28. I was on vacation at that time, but promptly attended to this issue after I returned, saw Ricoh's contentions, and investigated the facts.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' MOTION FOR ORDER EXTENDING TIME
TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT TO
F.R.C.P. 6(B) AND CIVIL L.R. 6-3
DM_US\8334871.v1

1

5.      Attached hereto as Exhibit 1 is an e-mail string with Ken Brothers and Gary Hoffman regarding the amended answers filed on April 7, 2006.

6.      Attached hereto as Exhibit 2 is a true and correct copy of AF 283572-575.

7.      Counsel regrets this inadvertent error, but requests leave to correct the failure to file in accordance with the Court's December 12, 2005 Order.

8.      Because any additional needed discovery is already scheduled to go forward, this extension of time will have no effect on the schedule for this case.

9.      As evidenced by Exhibit 1, counsel for Ricoh is not agreeable to the requested extension of time, and intends to move to strike the answers. Ricoh has cited alleged prejudice to Ricoh as well as an alleged statement in a filing that the Customer Defendants decided not to file the amended answers as reasons why they are not agreeable to the filing. As set forth in the accompanying motion, the Customer Defendants do not believe there is any prejudice to Ricoh. In addition, I am not aware of any filing in which the Customer Defendants indicated that they decided not to file the amended answers. Instead, the only statement that I could locate on which Ricoh might potentially rely is a statement that explains why Ricoh's contentions about why the Customer Defendants sought certain amendments in the October motion for leave to amend were incorrect. Given Ricoh's statements regarding the late filing in its March 28k, 2006 portion of the Joint Letter to Judge Chen regarding the untimeliness of the answers and its statements in Exhibit 1 hereto, I do not believe any additional meet and confer can resolve this dispute.

Executed this 12th day of April, 2006, at San Francisco, California.

                                        /s/*Denise M. De Mory*
                                        Denise M. De Mory

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' MOTION FOR ORDER EXTENDING
TIME TO PERMIT LATE FILING OF AMENDED ANSWERS PURSUANT      -2-
TO F.R.C.P. 6(B) AND CIVIL L.R. 6-3
DM_US\8334871.v1

## DeMory, Denise

| | |
|---|---|
| **From:** | Hoffman, Gary [HoffmanG@dsmo.com] |
| **Sent:** | Monday, April 10, 2006 7:16 PM |
| **To:** | DeMory, Denise |
| **Cc:** | Fink, Jacky; Corbin, Terry; _Brothers, Kenneth; _Oliver, Eric; _Allen, DeAnna; _Weinstein, Michael; _Meilman, Edward; _Seyoum, Solomon |
| **Subject:** | Re: Amended Answers and Counterclaims |

We will consider it but currently are not inclined to follow you suggestion

Gary

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: DeMory, Denise
To: Hoffman, Gary
CC: Fink, Jacky; Corbin, Terry; Brothers, Kenneth; Oliver, Eric; Allen, DeAnna; Weinstein, Michael; Meilman, Edward; Seyoum, Solomon
Sent: Mon Apr 10 21:32:10 2006
Subject: RE: Amended Answers and Counterclaims

Dear Gary:

I write in response to your e-mail below. I am unable to find any reference in any letter to the Court that our clients decided not to file amended answers, and do not believe any such statement was made.

Your response does not address the procedure I suggested in my e-mail, which is that you move to strike via a letter response to my letter filed with the Court on April 7, 2006, we briefly respond, and then submit the matter for the Court's determination. In view of your continued expressed intention to move to strike this still seems to me to be the most expeditious manner in which to proceed, and eliminates Ken's expressed concern about unnecessary additional expenditures. Please advise if you will agree to this procedure.

Regards,

Denise

-------------------------

From: Hoffman, Gary [mailto:HoffmanG@dsmo.com]
Sent: Friday, April 07, 2006 6:06 PM
To: DeMory, Denise
Cc: Fink, Jacky; Corbin, Terry; _Brothers, Kenneth; _Oliver, Eric; _Allen, DeAnna; _Weinstein, Michael; _Meilman, Edward; _Seyoum, Solomon
Subject: RE: Amended Answers and Counterclaims


Denise,

　　I am responding to your email, which I just saw. As Ken Brothers indicated your filing of the Amended Answer is untimely. In fact, in your recent letter to the Court you stated that you clients had decided not to file the Amended Answer. Since no Amended Answers were filed, we have proceeded for months on the basis that you decided not pursue the issues and hence we have not taken discovery on those matters. For you to now raise such issues at this late date is both inconsistent with the clear order from the Court and prejudicial to Ricoh.

4/12/2006

Consequently, we repeat our demand that you immediately withdraw these untimely filed Amended Answers or we will proceed with filing a motion to strike them. Please let us have your resopnse by Monday, April 10, 2006.

Gary Hoffman

---

From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Fri 4/7/2006 8:27 PM
To: Brothers, Kenneth
Cc: Fink, Jacky; Hoffman, Gary
Subject: RE: Amended Answers and Counterclaims


Ken:

In view of the letter that I filed wtih the amended answers, I do not believe a motion to strike is necessary or would be an efficient way to resolve this dispute. As you know, we have proceeded as if the answers were operative and have produced the contracts that prove up the 28 U.S.C. § 1498 defense. The failure to file was truly inadvertant. I did not realize, likely given that the date for the filing fell over the holidays, that they were not filed until you raised the issue in your letter last week, which I did not fully review on my vacation last week. In addition, as set forth in my letter to the Court, to the extent any discovery is necessary, which I am not sure it is in view of the contracts (for your convenience, the documents are AF 283572-284249, which I am told were served on or about March 2, 2006), that you will have ample opportunity to conduct the discovery by asking Aeroflex questions at the depositions on April 20 and 21, or by serving third party discovery, to the extent you deem it necessary.

Assuming that you will continue to press this issue, I propose that you respond to my letter, and request whatever relief you deem appropriate, including that the answers be stricken. We will file a brief letter response, and then, the Court can decide the issue in an expeditious and efficient manner. I also realize that you are leaving on vacation, and I thought, but may be wrong, that Gary is in Japan. In view of this, we also agree that we will not object to or rely on your failure to respond until after April 17 as a waiver of your right to challenge the filings as you deem fit.

Regards,

Denise

---

From: Brothers, Kenneth [mailto:BrothersK@dsmo.com]
Sent: Friday, April 07, 2006 4:08 PM
To: DeMory, Denise
Cc: HowreyRicoh432
Subject: Amended Answers and Counterclaims


Denise:

I saw that you have just filed at least two Amended Answers and Counterclaims. These filings are obviously untimely. Judge Jenkins' order of December 12, 2005 ordered that any conforming amendment within 10 days of the date of filing of that order, or to be filed by December 27, 2005. Ricoh demands the immediate withdrawal of these filings. If Ricoh is required to file a motion to strike, you are on notice that we will seek fees under 28 USC 1927.

Regards, Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington DC 20037


4/12/2006

phone (202) 429-2184
fax (202) 887-0689

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

---

This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com

---

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
================================================================

**NORTHROP GRUMMAN**
DEFINING THE FUTURE

NGST | Capabilities | Products and Services | Advanced Technology Support Program | Contract Clauses

- Our People, Our Work >
- Diversity >
- College Connection >
- Locations >
- Recruiting Events
- Search Jobs Now

- Space Systems >
- Missile Defense >
- Radio Systems >
- Laser Systems >
- Technology >
- Products & Services >

- Our Environment >
- Leadership
- History
- Suppliers >
- Business Units >
- Contact Us

- News Releases
- Media Contacts
- Press Kits
- FAQs
- Media Gallery
- Events

Search

## Contract Clauses

### General Clauses

The following general clauses are incorporated in the basic ATSP2 contract and apply to all Delivery Orders issued under ATSP2.

Accounting and Appropriation. Accounting and appropriation data (as applicable) for each task will be cited on individual delivery orders issued under the ATSP2 basic contract.

ACO Delegation. The ACO is authorized to and responsible for deobligation of any excess funds associated with performance of the ATSP2 basic contract and all Delivery Orders issued under ATSP2.

Individual Subcontract Plan. Per FAR 52.219-9, an individual contract plan covering the entire contract period is required. This plan specifies goals, expressed in terms of percentages of total planned subcontracting dollars, for the use of small business concerns, small disadvantaged business concerns, and women-owned small business concerns as subcontractors. The subcontracting plan contained in the Contractor's DoD Comprehensive Subcontracting Plan dated 1 Sep 98 is incorporated into the ATSP2 basic contract. The small business goal is 32.0%, the small disadvantaged business goal is 10.0%, and the women owned small business goal is 5.0%.

### FAR and DFARS Clauses (Pre-negotiated)

The following pre-negotiated FAR and DFARS clauses are incorporated by reference in the basic ATSP2 contract and apply to all Delivery Orders issued under ATSP2. These clauses are the same for all of the ATSP2 Prime Contractors and are not renegotiable. Applicable fill-ins are to be cited on individual Delivery Orders.

Federal Acquisition Regulations:

| Clause | Title | Date |
|---|---|---|
| 52.202-1 | Definitions | OCT 1995 |
| 52.203-3 | Gratuities | APR 1984 |
| 52.203-5 | Covenant Against Contingent Fees | APR 1984 |
| 52.203-6 | Restrictions on Subcontractor Sales to the Government | JUL 1995 |
| 52.203-7 | Anti-Kickback Procedures | JUL 1995 |
| 52.203-8 | Cancellation, Rescission, and Recovery of Funds for Illegal Or Improper Activity | JAN 1997 |
| 52.203-10 | Price or Fee Adjustment for Illegal or Improper Activity | JAN 1997 |
| 52.203-12 | Limitation on Payments to Influence Certain Federal Transactions | JUN 1997 |
| 52.204-2 | Security Requirements | AUG 1996 |
| 52.204-4 | Printing/Copying Double-Sided on Recycled Paper | JUN 1996 |
| 52.209- | First Article Approval—Contractor Testing | SEP |

AF 283572

| Clause | Title | Date |
|---|---|---|
| 52.209-3 | Alt I First Article Approval—Contractor Testing (Sep 1989) – Alternate I | JAN 1989 JAN 1997 |
| 52.209-3 | Alt II First Article Approval—Contract Testing (Sep 1989) – Alternate I | SEP 1989 |
| 52.209-4 | First Article Approval—Government Testing | SEP 1989 |
| 52.209-4 | Alt I First Article Approval—Government Testing (Sep 1989) – Alternate I | JAN 1997 |
| 52.209-4 | Alt II First Article Approval—Government Testing (Sep 1989) – Alternate II | SEP 1989 |
| 52.209-6 | Protecting the Government's Interest When Subcontracting with Contractors Debarred, Suspended, or Proposed for Debarment | JUL 1995 |
| 52.211.5 | Material Requirement | OCT 1997 |
| 52.211-14 | Notice of Priority Rating for National Defense Use | SEP 1990 |
| 52.211-15 | Defense Priority and Allocation Requirements | SEP 1990 |
| 52.215-2 | Audit and Records—Negotiation | AUG 1996 |
| 52.215-8 | Order of Precedence—Uniform Contract Format | OCT 1997 |
| 52.215-11 | Price Reduction for Defective Cost or Pricing Data – Modifications | OCT 1997 |
| 52.215-13 | Subcontractor Cost or Pricing Data—Modifications | OCT 1997 |
| 52.215-14 | Integrity of Unit Prices | OCT 1997 |
| 52.215-15 | Termination of Defined Benefit Pension Plans | DEC 1998 |
| 52.215-18 | Reversion or Adjustment of Plans for Postretirement Benefits (PRB) Other Than Pensions | OCT 1997 |
| 52.216-7 | Allowable Cost and Payment | APR 1998 |
| 52.216-8 | Fixed Fee | MAR 1997 |
| 52.216-18 | Ordering | OCT 1995 |
| 52.216-19 | Order Limitations | OCT 1995 |
| 52.216-22 | Indefinite Quantity | OCT 1995 |
| 52.217-2 | Cancellation Under Multiyear Contracts | OCT 1997 |
| 52.217-6 | Option for Increased Quantity | MAR 1989 |
| 52.217-7 | Option for Increased Quantity-Separately Priced Line Item | MAR 1989 |
| 52.217-8 | Option to Extend Services | AUG 1989 |
| 52.217-9 | Option to Extend the Term of the Contract | MAR 1989 |
| 52.219-8 | Utilization of Small Business Concerns | JAN 1999 |
| 52.219-9 | Small Business Subcontracting Plan | JAN 1999 |
| 52.219-9 | Alt II Small Business Subcontracting Plan (Jan 1999) Alternate II | JAN 1999 |
| 52.219-16 | Liquidated Damages-Subcontracting Plan | JAN 1999 |
| 52.222-1 | Notice to the Government of Labor Disputes | FEB 1997 |
| 52.222-2 | Payment for Overtime Premiums | JUL 1990 |
| 52.222-3 | Convict Labor | AUG 1996 |
| 52.222-6 | Davis Bacon Act | FEB 1995 |
| 52.222- | | FEB |

AF 283573

| | | |
|---|---|---|
| 7 | Withholding of Funds | 1988 |
| 52.222-8 | Payrolls and Basic Records | FEB 1988 |
| 52.222-9 | Apprentices and Trainees | FEB 1988 |
| 52.222-10 | Compliance with Copeland Act Requirements | FEB 1988 |
| 52.222-11 | Subcontracts (Labor Standards) | FEB 1988 |
| 52.222-12 | Contract Termination-Debarment | FEB 1988 |
| 52.222-13 | Compliance with Davis-Bacon and Related Act Regulations | FEB 1988 |
| 52.222-14 | Disputes Concerning Labor Standards | FEB 1988 |
| 52.222-15 | Certification of Eligibility | FEB 1988 |
| 52.222-16 | Approval of Wage Rates | FEB 1988 |
| 52.222-17 | Labor Standards for Construction Work—Facilities Contracts | FEB 1988 |
| 52.222-20 | Walsh-Healy Public Contracts Act | DEC 1996 |
| 52.222-21 | Prohibition of Segregated Facilities | FEB 1999 |
| 52.222-26 | Equal Opportunity | FEB 1999 |
| 52.222-29 | Notification of Visa Denial | FEB 1999 |
| 52.222-35 | Affirmative Action for Disabled Veterans and Veterans of the Vietnam Era | APR 1998 |
| 52.222-36 | Affirmative Action for Workers with Disabilities | JUN 1998 |
| 52.222-37 | Employment Reports on Disabled Veterans and Veterans of the Vietnam Era | JAN 1999 |
| 52.222-43 | Fair Labor Standards Act and Service Contract Act—Price Adjustment (Multiple Year and Option) | MAY 1989 |
| 52.223-2 | Clean Air and Water | APR 1984 |
| 52.223-3 | Hazardous Material Identification and Material Safety Data | JAN 1997 |
| 52.223-5 | Pollution Prevention and Right-to-Know Information | APR 1998 |
| 52.223-6 | Drug Free Workplace | JAN 1997 |
| 52.223-14 | Toxic Chemical Release Reporting | OCT 1996 |
| 52.225-10 | Duty-Free Entry | APR 1984 |
| 52.225-11 | Restrictions on Certain Foreign Purchases | AUG 1998 |
| 52.225-14 | Inconsistency Between English Version and Translation of Contract | MAY 1995 |
| 52.226-1 | Utilization of Indian Organizations and Indian-Owned Economic Enterprises | MAY 1999 |
| 52.227-1 | Authorization and Consent | JUL 1995 |
| 52.227-1 | Alt I Authorization and Consent (Jul 1995) - Alternate I | APR 1984 |
| 52.227-2 | Notice and Assistance Regarding Patent and Copyright Infringement | AUG 1996 |
| 52.227-10 | Filing of Patent Applications—Classified Subject Matter | APR 1984 |
| 52.227-12 | Patent Rights—Retention by the Contractor (Long Form) | JAN 1997 |
| 52.227-14 | Rights in Data—General | JUN 1987 |
| 52.227-15 | Statement of Limited Rights Data and Restricted Computer Software | MAY 1999 |
| 52.227-16 | Additional Data Requirements | JUN 1987 |

AF 283574

| Clause | Title | Date |
|---|---|---|
| 52.228-5 | Insurance—Work on a Government Installation | JAN 1997 |
| 52.228-7 | Insurance—Liability to Third Persons | MAR 1996 |
| 52.229-3 | Federal, State and Local Taxes | JAN 1991 |
| 52.229-5 | Taxes—Contracts Performed in U S Possessions or Puerto Rico | APR 1984 |
| 52.229-7 | Taxes—Fixed Price Contracts with Foreign Governments | JAN 1991 |
| 52.229-8 | Taxes—Foreign Cost-Reimbursement Contracts | MAR 1990 |
| 52.229-9 | Taxes—Cost-Reimbursement Contracts with Foreign Government | MAY 1990 |
| 52.232-1 | Payments | APR 1984 |
| 52.232-7 | Payments Under Time-And-Materials and Labor Hour Contracts | FEB 1997 |
| 52.232-8 | Discounts for Prompt Payment | MAY 1997 |
| 52.232-11 | Extras | APR 1984 |
| 52.232-16 | Progress Payments | JUL 1991 |
| 52.232-17 | Interest | JUN 1996 |
| 52.232-19 | Availability of Funds for the Next Fiscal Year | APR 1984 |
| 52.232-20 | Limitation of Cost | APR 1984 |
| 52.232-22 | Limitation of Funds | APR 1984 |
| 52.232-23 | Assignment of Claims | JAN 1986 |
| 52.232-23 | Alt I Assignment of Claims (Jan 1986) - Alternate I | APR 1984 |
| 52.232-25 | Prompt Payment | JUN 1997 |
| 52.232-32 | Performance-Based Payments | MAY 1997 |
| 52.232-33 | Payment by Electronic Funds Transfer—Central Contractor | |