Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Telephone:  (212) 835-1400
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX ET AL., <br><br> Defendants. | Case No. CV-03-4669-MJJ (EMC) <br><br> **RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS, AND RICOH'S CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS** |

1   Without Court permission and in violation of not only the Federal Rules of Civil Procedure but an
2   Order of this Court, Defendants filed Amended Answers and Counterclaims (hereinafter "Amended
3   Answers") on April 7, 2006, improperly adding affirmative defenses relating to prosecution history estoppel
4   and 28 U.S.C. § 1498.  Those filings not only made the Court's Order of December 12, 2005 a sham but are
5   also extremely prejudicial to Plaintiff Ricoh.  When Ricoh refused to accept a *fait accompli* and stated it
6   would file a motion to strike, Defendants reluctantly moved to extend the period for filing those Amended
7   Answers, despite being aware for nearly three months (or more) that they had missed the deadline explicitly
8   set by this Court.[1]  Defendants' failure to file was neither "inadvertent" nor the result of excusable neglect.
9   Defendants motion should be denied, and the untimely Amended Answers filed on April 7 should be
10  stricken.

**Factual Background**

12  Last year, the Defendants sought leave to amend their answers in a number of respects.  Ricoh
13  opposed and detailed the prejudice to it which would accrue should the changes be allowed.  (D.I. 341, 346.)
14  This Court refused some of the proposed amendments but permitted others, subject to a deadline.  (D.I. 352,
15  Brothers Decl., Ex. 1, Order at 6.)  Thus, the Court specifically directed: "Defendants are hereby ordered to
16  submit amended answers conforming to the requirements of this order within ten days of the filing of this
17  order." *Id*. at 6.  The ten day deadline expired on December 27, 2006.   No Amended Answers were filed.
18  Defendants admit that they were aware of the Court's deadline, and admit that they failed to docket
19  it. (De Mory Decl. ¶ 2.)  Aware of the need to timely file, one of their attorneys instructed an unidentified
20  person to prepare and file amended pleadings, and then ignored the matter. (De Mory Decl. ¶ 3.)  It is not
21  stated whether the unidentified person was one of the dozen or so Howrey attorneys involved in this matter.
22  Defendants were placed on notice that they had failed to file Amended Answers at a January 19,
23  2006 deposition of Aeroflex.  At that deposition, Ricoh's counsel Rebecca Barbisch asked Defendants'
24  counsel Jaclyn Fink about the status of Defendants' Amended Answers.  Ms. Fink acknowledged that the

---

[1] Pursuant to an agreement between the parties, Ricoh both opposes Defendants' motion and moves to strike the Amended Answers in this opposition.

Case No. CV-03-4669-MJJ (EMC)
RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS,
AND RICOH'S CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS
Page 1

1  Defendants had not yet amended and stated that they were working on them, and still intended to file them.
2  (Barbisch Decl. ¶ 2.)  No Amended Answers were ever served or filed, however.  During a series of
3  telephonic conferences on January 25, and February 22 and 28, 2006, Ricoh's counsel Kenneth Brothers
4  again noted to Defendants' counsel Denise De Mory of Defendants' failure to amend.  (Brothers Decl. ¶ 2.)
5  No amended pleadings were filed in response to those reminders, either.

6  After the Court's Order of December 12, 2005, Ricoh's counsel started to draft new discovery
7  requests based upon the expected content of the Amended Answers and counterclaims.  When Defendants
8  did not file and ignored Ricoh's comments pointing out the omission, however, Ricoh relied on Defendants'
9  continued failure to file Amended Answers as a waiver of the new proposed defenses and did not serve any
10 additional discovery.  (Brothers Decl. ¶ 3.)  In reliance on Defendants' failure to amend, Ricoh has used its
11 allotted number of interrogatories and requests for admissions on other issues.  (Brothers Decl. ¶ 4.)

12 Ricoh again reminded Defendants on March 27, 2006, in its portion of a joint letter, that they had not
13 amended their pleadings in a timely manner and were barred from asserting these defenses.  Defendants
14 offered no excuse and instead specifically acknowledged that they had not forgotten about the time period to
15 amend.  Defendants wrote that they had made the calculated decision to not amend, believing that they were
16 better off with their old counterclaims and affirmative defenses, saying that "Defendants did not seek to
17 amend their answers and counterclaims because they were aware that the claim was limited to the KBSC
18 issue."  (D.I. 304, at 14; Brothers Decl. ¶ 5.)

19 On April 7, 2006, each of the Defendants filed the Amended Answers without requesting leave to
20 file from the Court.  Five days later, they moved for an extension of time.

**Argument:  There has been no diligence, good cause or excusable neglect**

22 A party seeking to amend after a court established deadline is required to show "good cause," based
23 primarily on the "diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations*, 975
24 F.2d 604, 609 (9th Cir. 2000).  In its December 12, 2005 Order, this Court held that Fed. R. Civ. P. 16(b)
25 controls, and its "good cause" standard requires that the moving party must show why the deadline was
26 missed, emphasizing that "although the existence or degree of prejudice to the party opposing the
27 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (D.I. 352, Brothers Decl., Ex. 1, Order at 2-3.)

Defendants have missed not one, but two court-ordered deadlines: the original deadline of July 19, 2004 for amending pleadings, and the deadline set by the December 12, 2005 Order. The December 12 Order denied leave to assert certain defenses because "[t]he facts that form the basis for Defendants' proposed changes were known to Defendants prior to the [July 19, 2004] deadline" and they "failed to demonstrate diligence or good cause" by not asserting "any new facts or circumstances that have justified their inaction." (D.I. 352, Brothers Decl., Ex. 1 at 5.) The Defendants' present request should be denied for the same reasons, as well as the fact that their failure to amend was not the result of excusable neglect. The Defendants were aware for months that they had missed the December 27, 2005 deadline. Since the Amended Answers were filed without seeking leave of Court, they are a nullity and should be stricken.

Defendants' appeal to F.R.Civ.P. 6(b) and Civil Local Rule 6-3 is misplaced. Rule 6(b) provides that "the court for cause shown" may exercise its discretion "where the failure was the result of excusable neglect." Determining whether the neglect is excusable involves "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, *including whether it is within the reasonable control of the movant*, and whether the movant acted in good faith." *Pioneer Investment Servs. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 392 (1993) (emphasis added). Here, the length of delay is unreasonable, the potential impact on the proceeding is unacceptable, Ricoh will be severely prejudiced by the late addition of these new defenses, and most importantly, the failure to file was entirely within Defendants control. Defendants' failure to amend is especially egregious in light of Ricoh bringing the missed Court deadline to Defendants' attention on numerous occasions.

The failure to docket a Court ordered deadline and the failure to supervise a junior attorney are both incomprehensible, but these failures pale in comparison to the fact that Defendants' failure to file Amended Answers was brought to their attention three months ago, and again during the several telephonic conferences between Ricoh and Defendants. (Barbisch Decl. ¶ 2; Brothers Decl. ¶ 2.) Defendants have even acknowledged in writing that they considered filing Amended Answers and made a deliberate decision not to

do so. (D.I. 403, at 14.) In reliance of Defendants' inaction, Ricoh continued its pretrial activities in the reasonable belief those new defenses had been abandoned. (Brothers Decl. ¶ 3 and 4.) Ricoh intentionally did not serve discovery requests on this issue because Defendants never amended their answers following the December 12 Order. Defendants cannot be allowed to avoid the consequences of their knowing disregard for this Court's Order, especially when it causes prejudice to Ricoh.

Since the new § 1498 defense of Aeroflex/Aeroflex Colorado[2] is a fact specific determination, discovery is essential, as even the Defendants' original motion for leave to amend conceded. (D.I. 341, at 4, lines 16-17.) This new discovery will be expensive, time consuming, and virtually impossible to complete before fact discovery closes in May, especially since the Defendants have advised that the current protective order is insufficient and that a new, special protective order is required before discovery can occur. (Brothers Decl. ¶ 6.) Further, until and unless the pleadings are actually properly amended, the third parties from which discovery was required could properly refuse discovery since it did not relate to "a claim or defense of any party" as required by F.R.Civ.P 26(b)(1).

Some documents produced by Aeroflex thus far are asserted to relate to sales to U.S. Government contractors, but much more discovery will be necessary. As Defendants' cited case law states, "§ 1498 requires that a contractor's use be both 'for the Government' and 'with the authorization or consent of the Government.'" *Madey v. Duke University*, 413 F.Supp. 601 (M.D.N.C. 2006). "[T]hese provisions must be considered together and applied on a case-by-case basis to determine whether a use meets the articulated statutory requirements." *Id*. Contrary to the Defendants assertion at pages 3-4, the authorization and consent clauses are hardly "unlimited," requiring little, if any, additional discovery. Defendants admit that such consent is explicitly limited to where the "use *necessarily* results from compliance…with (i) specifications or written provisions…or (ii) specific written instructions." (Def. Mot. at 3-4, n.6, emphasis added.)[3]

---

[2] Because the Court has already handled the prosecution history estoppel matter to the extent necessary and because only Aeroflex and Aeroflex Colorado are asserting a new § 1498 defense, Ricoh defers to the Court's discretion as to whether to excuse the other Defendants from their knowing failure to comply with the deadline.

[3] Defendants' belatedly attempt to foist a Rule 30(b)(6) witness on Ricoh to bolster its no-prejudice assertions. The §1498 issue is not in this case, however, and is not the subject of Ricoh's 30(b)(6) notice. Whether the ASIC production method selected was necessarily required by the contractor's specifications or specific written instructions is not something that can be adequately covered in a few minutes. If the Court excuses the failure to timely file, and it is

1   Ricoh will need to obtain relevant documents, and cannot only accept those documents that Aeroflex has unilaterally chosen and produced thus far.[4]  A §1498 defense is fact-specific, but Defendants assertions raise far more questions than answers.  As just one example, the first page of De Mory Exhibit 2 limits the applicability of the authorization and consent to orders under the "ATSP2 contract," yet it does not appear that any of the other 713 pages of documents referenced in the Declaration mention "ATSP2".  The actual specifications for the products from the Government have not been provided nor has any documentation showing that the use of the infringing processes was necessary to comply with the specification.  Discovery from the primary contractors involved is also required but cannot take place now since Defendants have advised that at least one contractor requires a new special protective order because of International Traffic in Arms Regulations (22 CFR 120-130; 22 U.S.C. 2778) concerns.  Ricoh may also require discovery from the U.S. Government itself.  This discovery might have been possible if the Defendants had amended in December as mandated by the Court, but it will be virtually impossible to complete before the fact discovery cutoff, six weeks from the filing date of this opposition.  Ricoh has been trying to bring this case to trial since it was filed in January 2003.[5]  Now, with the discovery deadline imminent, Defendants wish to assert a defense which Ricoh had every reason to believe had been abandoned by Defendants months ago.

   Defendants' untimely and prejudicial Amended Answers and Counterclaims are a nullity and should be stricken.  Defendants' Motion should be denied, and Ricoh's motion to strike granted.  Ricoh respectfully requests this Court to consider an award to Ricoh of the costs of litigating this motion pursuant to 28 U.S.C. § 1927.

---

respectfully submitted that it should not, Defendants have indicated that they will produce a witness at a later date, but one witness is extremely unlikely to be sufficient.

[4] Piecemeal document production is continuing with the latest installment having been received only the day before yesterday (Saturday, April 15, 2006).

[5] Defendants have made numerous attempts to delay this action and to postpone the trial.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 17, 2006 | Ricoh Company, Ltd. |
| 3 | | By: /s/ Kenneth W. Brothers |
| 4 | | |
| 5 | Jeffrey B. Demain, State Bar No. 126715 | Gary M. Hoffman |
| | Jonathan Weissglass, State Bar No. 185008 | Kenneth W. Brothers |
| 6 | Altshuler, Berzon, Nussbaum, Rubin & Demain | DICKSTEIN SHAPIRO MORIN & |
| | 177 Post Street, Suite 300 |    OSHINSKY LLP |
| 7 | San Francisco, California  94108 | 2101 L Street NW |
| | Telephone:  (415) 421-7151 | Washington, D.C.  20037-1526 |
| 8 | Facsimile:  (415) 362-8064 | Telephone: (202) 785-9700 |
| | | Facsimile: (202) 887-0689 |
| 9 | | |
| 10 | | Edward A. Meilman |
| | | DICKSTEIN SHAPIRO MORIN & |
| 11 | | OSHINSKY LLP |
| | | 1177 Avenue of the Americas |
| 12 | | New York, New York  10036 |
| | | Telephone:  (212) 896-5471 |
| 13 | | Facsimile:  (212) 997-9880 |
| 14 | | Attorneys for Ricoh Company, Ltd. |

Case No. CV-03-4669-MJJ (EMC)
RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS,
AND RICOH'S CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS
Page 6

Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX ET AL, <br><br> Defendants. | **CASE NO. CV 03-4669 MJJ (EMC)** <br><br> **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS AND GRANTING RICOH'S CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS** |

Upon consideration of DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS, and supporting evidence, Plaintiff's OPPOSITION and CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND

1  COUNTERCLAIMS, and supporting evidence, and any reply and additional argument, and the Court
2  being fully advised of the premises, the Court hereby DENIES Defendants' Motion and GRANTS
3  Plaintiff's Cross Motion.  The Clerk is hereby directed to strike from the docket all of the Amended
4  Answers and Counterclaims submitted by the Defendants on April 7, 2006.
5      It is FURTHER ORDERED that Ricoh is hereby awarded its attorneys fees associated with
6  litigating this motion pursuant to 28 U.S.C. § 1927.  Ricoh shall file within ten (10) days of the date of
7  entry of this Order a declaration identifying the amount of time and fees associated with litigating this
8  motion.  Defendants and their attorneys either shall pay the fees claimed or shall file an objection within
9  ten (10) days of the date of entry of this Order.
10     SO ORDERED.

Dated: _____              _____

THE HONORABLE JUDGE MARTIN J. JENKINS
UNITED STATES DISTRICT COURT JUDGE