Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX ET AL., <br><br> Defendants. | Case No. CV-03-4669-MJJ (EMC) <br><br> **DECLARATION OF KENNETH W. BROTHERS IN SUPPPORT OF RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDING TIME TO PERMIT A LATE FILING OF AMENDED ANSWERS AND CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS** |

Kenneth W. Brothers declares as follows:

1. My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein Shapiro Morin & Oshinsky, LLP, counsel for Ricoh Company Limited. I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

2. On January 19, 2006, my associate Rebecca Barbisch told me of her conversation with Howrey attorney Jaqueline Fink regarding the status of the Amended Answers. During a series of telephonic conferences on January 25, and February 22 and 28, 2006, I noted to Defendants' counsel Denise De Mory of Defendants' failure to amend their pleadings.

3. After the Court's Order of December 12, 2005, I directed one of the associates at my firm to begin drafting new discovery requests based upon the expected content of the Amended Answers and counterclaims. I reviewed a draft of those discovery requests during the last week of December 2005. After Defendants did not file their Amended Answers and counterclaims, and after they ignored our comments pointing out their failure to file, however, we relied on Defendants' continued failure to file Amended Answers as a waiver of the new proposed defenses and did not serve any additional discovery directed to those Amended Answers and counterclaims.

4. In reliance on Defendants' failure to amend, Ricoh has used its allotted number of interrogatories and requests for admissions on other issues.

5. Ricoh again reminded Defendants on March 27, 2006, in its portion of a joint letter, that they had not amended their pleadings in a timely manner and were barred from asserting these defenses. Defendants offered no excuse and instead specifically acknowledged that they had not forgotten about the time period to amend. Defendants wrote that they had made the calculated decision to not amend, believing that they were better off with their old counterclaims and affirmative defenses, saying that "Defendants did not seek to amend their answers and counterclaims because they were aware that the claim was limited to the KBSC issue." This statement was filed with the Court at D.I. 304, at p. 14.

6. Discovery into the new § 1498 defense of Aeroflex/Aeroflex Colorado will be expensive, time consuming, and virtually impossible to complete before fact discovery closes in May, especially since

CASE NO. CV-03-4669-MJJ (EMC)    Page 2
DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDINGTIME TO PERMIT A LATE FILING OF AMENDED ANSWERS AND CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS

DSMDB.2072578.1

1  the Defendants have advised that the current protective order is insufficient and that a new, special

2  protective order is required before discovery can occur.

3        7.  Attached hereto as Ex. 1 is a true and correct copy of this Court's Order Granting in Part

4  and Denying in Part Defendants' Motion for Leave to Amend Their Answers and Counterclaims.  (D.I.

5  352.)

6      I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.  Signed at Washington, D.C. on April 17, 2006.

                               /s/ Kenneth W. Brothers
                               Kenneth W. Brothers

CASE NO. CV-03-4669-MJJ (EMC)    Page 3
DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER EXTENDINGTIME TO PERMIT A LATE FILING OF AMENDED ANSWERS AND CROSS MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS

DSMDB.2072578.1

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH CO., LTD., <br><br> Defendant. | No. C 03-2289 MJJ <br> No. C 03-4669 <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS** |
| RICOH CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX, INC., ET AL., <br><br> Defendants. | |

**INTRODUCTION**

Before the Court is Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech, Inc. and Aeroflex Colorado Springs, Inc.'s ("Defendants") motion for leave to amend their answers and

counterclaims.[1] The motion is opposed by Ricoh Company, Ltd. ("Plaintiff", "Ricoh"). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## FACTUAL BACKGROUND

This case concerns the alleged infringement of U.S. Patent Number 4,922,432 ("the '432 patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits Using Functional Specifications." Defendants seek to amend their answers and counterclaims.

Plaintiff commenced this action in the District of Delaware on January 21, 2003, and the case was transferred to this court October 16, 2003. Plaintiff filed an Amended Complaint in this action on April 12, 2004. Defendants filed an Answer to the Amended Complaint on April 26, 2004. On May 14, 2004 the Court issued a Scheduling Order, which, among other things, set the deadline for amending the pleadings for July 19, 2004. (Docket No. 191). At the request of Defendants, the Court stayed discovery in this case from May 2004 until July 2005. Discovery reopened on July 22, 2005 and is currently scheduled to close on January 27, 2006.

On October 25, 2005, Defendants requested Plaintiff's written consent as to several proposed changes to Defendants' Answer. Plaintiff refused, citing prejudice as to Defendants' proposed amendments. Defendants then filed the instant motion seeking the Court's permission to amend their Answer.

## LEGAL STANDARD

Once a responsive pleading has been served, a party may amend its pleadings only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). If a court has set a deadline for amending pleadings in a pre-trial scheduling order, and a party seeks leave to amend *before* that deadline, leave should be "freely given" under Fed. R. Civ. P. 15(a). *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). However, if a party seeks leave to amend *after* the deadline for amendments, Fed. R. Civ. P. 16(b) controls, and the moving party must demonstrate "good cause" for the changes to the pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291

---

[1] Motion for Leave to Amend Their Answers and Counterclaims, C 03-4669, Docket No. 341-1.

2

(9th Cir. 2000). Absent a showing of good cause, a court must deny the post-deadline amendments. *Johnson*, 975 F.2d at 609.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* The moving party must make a showing as to why they did not amend the pleadings prior to the amendment deadline. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification...If that party was not diligent, the inquiry should end." *Id.* The district court is given broad discretion in this area, and its decision regarding the preclusive effect of a pretrial order will not be disturbed unless there is a clear abuse of discretion. *Id.* at 607.

**ANALYSIS**

Defendants seek leave to amend their Answer to add new affirmative defenses of "estoppel", "prosecution history estoppel" and "authorization and consent under 28 U.S.C § 1498", and leave to revise existing affirmative defenses of "laches" and "invalidity." Defendants' proposed amendments come nearly a year and a half after the July 19, 2004 deadline for amending the pleadings set in the Court's scheduling order. Accordingly, Rule 16(b) controls, and the Court will address each change in light of that rule's "good cause" standard.

**A.     Authorization and Consent under 28 U.S.C. § 1498**

Primarily a court will focus on the amending party's diligence in evaluating proposed amendments under 16(b)'s good cause standard. *Johnson,* 975 F.2d at 609. However, the court may take into account other considerations, including prejudice against the opposing party. *Id.* Defendants have demonstrated reasonable diligence and good cause for the addition of the § 1498 defense.

Under 28 U.S.C. § 1498, "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner

3

thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture." Defendants assert that § 1498 will preclude Plaintiff from recovering damages resulting from any sales of the accused products to or for the United States government.

Defendants argue that Plaintiff did not identify which accused products were at issue in the suit until June 2005, after the parties held a Joint Case Management Conference. As such, Defendants contend, they were unable, until recently, to determine if § 1498 was applicable to the products at issue, and it was only through discovery conducted in September and October 2005 that Defendants learned of sales of the accused products to the United States government. The Court finds that Defendants have shown diligence as to the § 1498 amendment. Defendants could not have made this amendment prior to the July 19, 2004 scheduling order deadline, as the basis for the defense arose from recently acquired discovery. Accordingly, the Court **GRANTS** Defendants' request for leave to add the § 1498 affirmative defense.

**B. Prosecution History Estoppel**

Next, Defendants seek to add a "prosecution history estoppel" affirmative defense. Prosecution history estoppel arose as an issue during the claims construction briefing. The Court's claims construction order did not issue until April 7, 2005, nearly a year after the amendment deadline. Given the late date at which this issue manifested itself, Defendants are justified in not including it in any pre-deadline amendments. Moreover, Plaintiff did not object to the absence of a prosecution history estoppel defense at the time the issue arose. Plaintiff is well aware that prosecution history estoppel is at issue in the case, has responded to it in its papers, and will not be prejudiced by Defendants' addition. To not include this affirmative defense which has clearly been at issue in the case since the claims construction hearing would only obscure the record. Accordingly, the Court **GRANTS** Defendants' request for leave to add the prosecution history estoppel affirmative defense.

4

## C. Invalidity and Laches

Defendants also seek to amend the language of their existing invalidity and laches defenses. Defendants characterize their changes as clarifying language. The Court disagrees with that characterization. Defendants' proposed language changes are substantive and could serve to enlarge the scope of Defendants' claimed defenses.[2] Additionally, Defendants have not submitted any explanation as to why they did not include these revisions prior to the scheduling order deadline. The facts that form the basis for Defendants' proposed changes were known to Defendants prior to the deadline. As Defendants have failed to demonstrate diligence or good cause, the Court **DENIES** Defendants' request for leave to amend the invalidity and laches defenses.

## D. Estoppel

Finally, Defendants request leave to add an estoppel defense to their Answer. Defendants argue that the Court should grant leave because the estoppel defense is based upon facts already stated under the original answer to the amended complaint. This argument undermines Defendants' position. Defendants' filed their Answer on April 26, 2004, well before the July 19, 2004 deadline. Therefore, Defendants had ample time to amend their claims to include the estoppel defense. If the estoppel defense is based upon facts known to Defendants at a time prior to the amendment deadline, then Defendants could have added it then. Defendants have not asserted any new facts or circumstances that have justified their inaction. Defendants have not demonstrated diligence or good cause, and accordingly the Court **DENIES** Defendants' request for leave to add the estoppel defense.

///
///
///

---

[2]For example, the invalidity portion of Defendants' existing answer reads as follows, "[t]he '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code including, but not limited to, 35 U.S.C. § 101, 102, 103, and 112 for one or more of the following reasons..." The Answer continues, with an enumerated list detailing the basis for invalidity. Defendants' proposed amendment states, "[t]he '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq." This enlarges the scope of Defendants' defenses beyond that which is in the current answer. Similar logic applies to Defendants' laches defense.

5

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Amend their Answers and Counterclaims[3]. Defendants are hereby **ORDERED** to submit amended answers conforming to the requirements of this order within ten days of the filing of this order.

**IT IS SO ORDERED.**

Dated: December 12, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Amend their Answers and Counterclaims(03-4669, Docket No. 341-1).

6