Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Ethan B. Andelman (SBN 209101)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff SYNOPSYS, INC.
and for Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC., AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD.,
MATROX GRAPHICS, INC.,
MATROX INTERNATIONAL CORP.,
and MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | Case No. C03-04669 MJJ (EMC) <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE THE SUPPLEMENTAL DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' OPPOSITION TO RICOH'S MOTION FOR SANCTIONS FOR DEFENDANTS' VIOLATION OF JUDGE JENKINS' CMC ORDER REGARDING IDENTIFICATION OF PRODUCTS AT ISSUE** |

I. **INTRODUCTION**

In Ricoh's Reply In Support of Its Motion For Sanctions, Ricoh introduces new evidence in Exhibits 2, 4, and 6 of Kenneth Brothers' supporting declaration. Each of these exhibits is a letter that was part of a continuing correspondence between Ricoh's counsel and Customer Defendants' counsel. Ricoh's use of select letters without providing the Court the full context of the correspondence chain is misleading. For this reason, Customer Defendants request that the Court grant leave for them to file the Supplemental Declaration of Denise M. De Mory (attached hereto as Exhibit A), which contains two additional letters from the correspondence chain to give the Court appropriate context.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)

In addition, the Supplemental De Mory Declaration contains information regarding Ricoh's Final Infringement Contentions, which were served by Ricoh on March 24, 2006, after the briefing on this motion was complete. The Court should be aware of the content of the Final Infringement Contentions because they belie Ricoh's claims in its motion that the Customer Defendants' alleged failure to include certain products on the product declarations has prejudiced Ricoh. Ricoh apparently has no need for any information from the Customer Defendants except product numbers, the identity of the technology library for a particular product, one, two or three lines of code from the product source code for each particular product, and financial information — the Final Infringement Claim Charts for all 63 accused products are virtually identical (except for product number, technology library, and a one to three-line example of code) and cite almost exclusively to *Synopsys* documentation, source code, and presentations. Thus, Ricoh has not been prejudiced by the alleged discovery abuses. Indeed, the prejudice flows in exactly the opposite way: the Customer Defendants unnecessarily have produced almost 8,000,000 pages of documents and made themselves available for well over 80 hours of deposition because it turns out, as Synopsys previously surmised, Ricoh's infringement accusations are based solely on the ordinary use of Design Compiler.

## II. LEAVE SHOULD BE GRANTED BASED ON RICOH'S CITATION TO NEW EVIDENCE IN ITS REPLY AS WELL AS THE NEW EVIDENCE CREATED BY THE FINAL INFRINGEMENT CONTENTIONS

When a party presents new evidence in a reply brief, the district court should allow the other party an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *see also El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (citing *Provenz v. Miller* for the proposition that a district court may consider new evidence presented in a reply brief if the court gives the adverse party an opportunity to respond). In *Provenz*, the defendants filed their reply brief for their motion for summary judgment. 102 F.3d at 1483. Plaintiffs filed a supplemental declaration that rebutted the defendants' new evidence before the hearing date, but the district court refused to consider the plaintiffs' supplemental declaration. *Id.* The Ninth Circuit held that the district court had erred in not considering the plaintiff's supplemental declaration. *Id.* The court stated that allowing the

1  defendants to submit new evidence in their reply without affording the plaintiffs an opportunity to
2  respond would allow an unfair result. *Id.*
3        In the reply to its motion, Ricoh cites for the first time to a July 15, 2005 email to Terry Corbin
4  in which Ricoh incorrectly states that the agreement reached at the CMC was that each Customer
5  Defendant would include in the product declarations information on inputs used "by each such
6  Defendant (and others acting on their behalf or to whom they subcontract out part of the logic
7  synthesis process). . . ." (Brothers Reply Decl., Exh. 2 cited on page 2 and 5.) Ricoh failed to provide
8  the Court with the immediately responsive letter which expressly states: "There was no agreement that
9  the Customer Defendants would provide information from others acting on their behalf or
10 subcontractors." (Supp. De Mory Decl., Ex. 4.) Ricoh's selective inclusion of new information in its
11 reply brief must be rectified by including this responsive letter in the record.[1]
12       Similarly, Ricoh now cites for the first time an August 17, 2005 letter from Gary Hoffman to
13 Terry Corbin. That letter, too, was promptly responded to and disputed by Ms. Fink. (Supp. De Mory
14 Decl., Ex. 5.) This responsive letter should also be included in the record.
15       The Final Infringement Contentions — served after briefing was complete — reveal that
16 Ricoh's claims of prejudice are completely unfounded. As Synopsys predicted would be the case,
17 Ricoh's infringement contentions do not point to what the Customer Defendants do — rather, they are
18 repetitive, cut and paste contentions based almost exclusively on Synopsys documentation and with
19 only minor reference to any Customer Specific Information. (Supp. De Mory Decl., ¶¶ 2-9, Exh. 1-3.)
20 This new information, which refutes a key part of Ricoh's motion, should be part of the record.
21       Finally, AMI is entitled to respond to Ricoh's new argument of an alleged estoppel based upon
22 the newly submitted Exhibit 6 to the Brothers Reply Declaration. On this argument, Ricoh

---

[1] Indeed, Ricoh recognized at the time that there was no agreement to include the actions of any entity other than named parties, as evidenced by the joint letter to the Court which clearly describes the required scope of declarations as "all commercial chips synthesized using Design Compiler by defendants from February 1997 to the present." (De Mory Decl., Ex. 4 at 7.) On page 10 of its reply brief, Ricoh disingenuously claims that the Customer Defendants misquoted this portion of the joint letter. The Customer Defendants did not misquote anything. Ricoh quotes page 3 of the joint letter, which is silent as to the *scope* of the required declarations. Page 7, though, explicitly sets forth the scope (and is therefore ignored by Ricoh).

HOWREY LLP

-3-

intentionally confuses the various Customer Defendants. Any estoppel created by this letter would only apply to *Aeroflex*.[2] Given that Ricoh attempts to claim estoppel against AMI, Ricoh's new evidence is irrelevant. AMI cannot possibly be estopped from arguing that the Court's Order, as memorialized in Ricoh's portion of the August 30, 2005 joint letter on page 7, did not cover chips synthesized by AMI subsidiaries.[3] Moreover, the letter on its face does not deal with adding Aeroflex Colorado Springs as a party, but instead with a deposition, and, contrary to Ricoh's characterization, it is plainly not a stipulation.

### III. CONCLUSION

For the foregoing reasons, Customer Defendants request that the Court grant leave to file the attached Supplemental De Mory Declaration (with exhibits).

Dated: April 18, 2006

Respectfully submitted,

HOWREY LLP

By: _____/s/Ethan B. Andelman_____
Ethan B. Andelman
Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX INCORPORATED, AEROFLEX
COLORADO SPRINGS, INC., AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS, INC., MATROX
INTERNATIONAL CORP., and MATROX
TECH, INC.

---

[2] To be clear, Aeroflex does not concede that there is any estoppel. Yet, for purposes of this discussion, Aeroflex agrees that, at most, it alone agreed for purposes of discovery it would answer on behalf of its subsidiaries.

[3] Ricoh misses the point when it argues that a parent corporation may be held liable for a subsidiary's infringement in certain circumstances. (Reply at 13:13-24.) Ricoh concedes that the parties agreed to proceed with the Customer Declarations for the express purpose of limiting discovery and defining the issues for trial. Thus, Ricoh waived any arguments it may have had that anything other than commercial ASICs synthesized by a named party from 1997 to the present infringes the patent. (*See* De Mory Decl., Ex. 4 at 7.)

HOWREY LLP

-4-

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC.
6  and for Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD.,
8  MATROX GRAPHICS, INC.,
   MATROX INTERNATIONAL CORP.,
9   and MATROX TECH, INC.

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                  | Case No.  C03-04669 MJJ (EMC)
14         Plaintiff,                     | **[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE THE SUPPLEMENTAL DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' OPPOSITION TO RICOH'S MOTION FOR SANCTIONS FOR DEFENDANTS' VIOLATION OF JUDGE JENKINS' CMC ORDER REGARDING IDENTIFICATION OF PRODUCTS AT ISSUE**
15     vs.
16  AEROFLEX INCORPORATED, et al.,
17         Defendants.

HOWREY LLP

Case No.  C03-04669 MJJ (EMC)
[PROPOSED] ORDER GRANTING DEFTS' REQUEST TO FILE SUPPL. DE

1      The administrative motion of the Customer Defendants seeking an Order for Leave to File the Supplemental Declaration of Denise M. De Mory in Support of Defendants' Opposition to Ricoh's Motion for Sanctions for Defendants' Violation of Judge Jenkins' CMC Order Regarding Identification of Products at Issue came for hearing before this Court. After considering the papers in support of the motion, and good cause appearing therefor, the Court hereby GRANTS the motion.

    IT IS ORDERED that the Clerk file in the record the Supplemental Declaration of Denise M. De Mory in Support of Defendants' Opposition to Ricoh's Motion for Sanctions for Defendants' Violation of Judge Jenkins' CMC Order Regarding Identification of Products at Issue, attached as Exhibit A to the Defendants' motion.

Dated: _____     _____

                                                                         United States Magistrate Judge

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Ethan B. Andelman (SBN 209101)
   Jaclyn C. Fink (SBN 217913)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone: (415) 848-4900
5  Facsimile: (415) 848-4999

6  Attorneys for Defendants AEROFLEX
   INCORPORATED, AEROFLEX COLORADO
7  SPRINGS, INC., AMI SEMICONDUCTOR,
   INC., MATROX ELECTRONIC SYSTEMS,
8  LTD., MATROX GRAPHICS INC., MATROX
   INTERNATIONAL CORP., and MATROX
9  TECH, INC.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,

14           Plaintiff,                    Case No. C03-4669 MJJ (EMC)

15      vs.                                **SUPPLEMENTAL DECLARATION OF
                                           DENISE M. DE MORY IN SUPPORT OF
16  AEROFLEX INCORPORATED, AMI             DEFENDANTS' OPPOSITION TO RICOH'S
    SEMICONDUCTOR, INC., MATROX            MOTION FOR SANCTIONS FOR
17  ELECTRONIC SYSTEMS LTD., MATROX        DEFENDANTS' VIOLATION OF JUDGE
    GRAPHICS INC., MATROX                  JENKINS' CMC ORDER REGARDING
18  INTERNATIONAL CORP., MATROX TECH,      IDENTIFICATION OF PRODUCTS AT
    INC., AND AEROFLEX COLORADO            ISSUE**
19  SPRINGS, INC.,
                                           Magistrate Judge:    Hon. Edward M. Chen
20           Defendants.
                                           Date: April 19. 2006
21                                         Time: 11:15 a.m.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
SUPP DECL OF DE MORY ISO DEFTS' OPP TO RICOH'S MTN FOR
SANCTIONS FOR DEFTS' VIOLATION OF JUDGE JENKINS' CMC ORDER
RE IDENTIFICATION OF PRODUCTS AT ISSUE
DM_US\8325404.v1

1        I, Denise M. De Mory, declare as follows:

2      1.     I am a partner at the law firm of Howrey LLP, counsel for Aeroflex Incorporated, Aeroflex Colorado Springs, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, the "Customer Defendants") in this action. The following declaration is based on my personal knowledge. If called upon to testify, I could and would competently testify to the matters set forth below.

    2.     On March 24, 2006, Plaintiff Ricoh Company, Ltd. ("Ricoh") served its final infringement contentions on the Customer Defendants pursuant to this Court's November 22, 2005 scheduling order.

    3.     Ricoh's final infringement contentions consist of a document entitled "Ricoh's Patent Final Contentions Pursuant to Patent L.R. 3-6" and 63 infringement claim charts, one for each of the 63 Customer Defendant products that Ricoh alleges of infringement.

    4.     All of the infringement claim charts relating to Aeroflex Incorporated and Aeroflex Colorado Springs are identical to one another except for the following minor differences:

- A few of the charts identify different sets of target libraries allegedly used to design the accused product; and
- Each chart identifies a different excerpt of one to three lines of source code as an example of a VHDL description.

    5.     Similarly, all of the infringement claim charts relating to AMI Semiconductor, Inc. are identical to one another except for the minor differences listed in paragraph 4 above. The same is true for all of the infringement claim charts relating to Matrox Electronic Systems, Ltd., all of the infringement claim charts relating to Matrox Graphics Inc., all of the infringement claim charts relating to Matrox International Corp., and all of the infringement claim charts relating to Matrox Tech, Inc.

    6.     In addition, all 63 infringement claim charts are 26-27 pages in length and nearly identical to one another in substance except for the differences listed in paragraph 4 above and the following additional minor differences:

- A few of the citations in the charts to deposition testimony and declarations vary depending on the identity of the Customer Defendant; and

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
SUPP DECL OF DE MORY ISO DEFTS' OPP TO DEFTS' MTN FOR
SANCTIONS FOR DEFTS' VIOLATION OF JUDGE JENKINS' CMC ORDER
RE IDENTIFICATION OF PRODUCTS AT ISSUE

1

1  • The citations in the charts to documents allegedly showing that the accused product was developed using Synopsys, Inc. ("Synopsys") software and produced through foundries vary depending on the identity of the Customer Defendant.

7. In contrast to these minor differences, all of the 63 infringement claim charts contain hundreds of identical citations to documents produced by the Customer Defendants and Synopsys. The vast majority of these documents are copies of Synopsys manuals, Synopsys presentations, and Synopsys source code, and emails of Synopsys employees.

8. Attached hereto as Exhibits 1, 2, and 3 are true and correct copies of one claim chart for Aeroflex, one claim chart for AMI, and one claim chart for Matrox, selected from the 63 claim charts from Ricoh's Final Infringement Contentions. The Court will note that the charts contain very little information particular to any Customer Defendant and are largely identical.

9. Attached hereto as Exhibit 4 is a true and correct copy of a July 18, 2005 letter from Jacky Fink to Gary Hoffman. In this letter, Ms. Fink responded to the July 15, 2005 e-mail cited in Ricoh's reply brief as follows: "There was no agreement that the Customer Defendants would provide information from others acting on their behalf or subcontractors."

10. Attached hereto as Exhibit 5 is an August 19, 2005 letter from Jacky Fink to Gary Hoffman. In this letter, Ms. Fink responded to the August 17, 2005 letter cited in Ricoh's reply brief and corrected Mr. Hoffman's overstatement of the products required to be described in the product declarations.

Executed this 17th day of April, 2006, at Osaka, Japan.

/s/Denise M. De Mory
Denise M. De Mory

///
///
///
///
///

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
SUPP DECL OF DE MORY ISO DEFTS' OPP TO DEFTS' MTN FOR
SANCTIONS FOR DEFTS' VIOLATION OF JUDGE JENKINS' CMC
ORDER RE IDENTIFICATION OF PRODUCTS AT ISSUE

-2-

## ATTESTATION OF CONCURRENCE OF FILING

I, Ethan B. Andelman, under penalty of perjury of the laws of the United States of America, attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

/s/ Ethan B. Andelman
Ethan B. Andelman

HOWREY LLP

Case No. C03-4669 MJJ (EMC)
SUPP DECL OF DE MORY ISO DEFTS' OPP TO DEFTS' MTN FOR
SANCTIONS FOR DEFTS' VIOLATION OF JUDGE JENKINS' CMC
ORDER RE IDENTIFICATION OF PRODUCTS AT ISSUE

-3-

1 Teresa M. Corbin (SBN 132360)
Denise M. DeMory (SBN 168076)
2 Ethan B. Andelman (SBN 209101)
Jaclyn C. Fink (SBN 217913)
3 HOWREY LLP
525 Market Street, Suite 3600
4 San Francisco, California 94105
Telephone: (415) 848-4900
5 Facsimile: (415) 848-4999

6 Elizabeth Hoult Fontaine (SBN 207557)
HOWREY LLP
7 2020 Main Street
Irvine, California 92614
8 Telephone: (949) 721-6900
Facsimile: (949) 721-6910

9
Attorneys for Plaintiff SYNOPSYS, INC.
10
UNITED STATES DISTRICT COURT
11
NORTHERN DISTRICT OF CALIFORNIA
12
SAN FRANCISCO DIVISION
13

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | Case No. C-03-2289 MJJ <br> Case No. C-03-4669 MJJ <br><br> PATENT INFRINGEMENT ACTION <br><br> **NOTICE OF MANUAL FILING OF EXHIBITS 1, 2, AND 3 TO THE SUPPLEMENTAL DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' OPPOSITION TO RICOH'S MOTION FOR SANCTIONS FOR DEFENDANTS' VIOLATION OF JUDGE JENKINS' CMC ORDER REGARDING IDENTIFICATION OF PRODUCTS AT ISSUE (DOCUMENTS TO BE SUBMITTED UNDER SEAL)** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendant. | |

HOWREY LLP

Case No. C-03-2289 MJJ/C-03-4669 MJJ
NOTICE OF MANUAL FILING OF EXHS. 1, 2, AND 3 TO SUPP.
DE MORY DECLARATION

1 | *Regarding: (1) EXHIBITS 1, 2, AND 3 TO THE SUPPLEMENTAL DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' OPPOSITION TO RICOH'S MOTION FOR SANCTIONS FOR DEFENDANTS' VIOLATION OF JUDGE JENKINS' CMC ORDER REGARDING IDENTIFICATION OF PRODUCTS AT ISSUE (DOCUMENTS TO BE SUBMITTED UNDER SEAL)* to be filed under seal.

This filing is in paper form only, and is being maintained in the case file in the Clerk's office.

The documents will be served by overnight delivery in hard-copy form on counsel.

This filing was not e-filed for the reason that the documents involved are being filed under seal.

Dated: April 18, 2006                               HOWREY LLP


By: /s/ Ethan B. Andelman
         Ethan B. Andelman
Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS,
INC., AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS,
LTD., MATROX GRAPHICS, INC.,
MATROX INTERNATIONAL CORP.,
and MATROX TECH, INC.

# EXHIBIT 4


525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

July 18, 2005

**BY FACSIMILE & U.S. MAIL**

Gary M. Hoffman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037

    **RE:** ***Synopsys, Inc v. Ricoh Company, Ltd.***
           ***Case No. CV 03-02289 MJJ (EMC)***
           ***Ricoh Company, Ltd. v. Aeroflex, Inc.***
           ***Case No. CV 03-04669 MJJ (EMC)***

Dear Gary:

    We have some comments regarding your July 15, 2005 email, in which you revised our summary of the key points from the July 13, 2005 Case Management Conference. We provide your points as reference, along with our comments:

1. The "backbone" of the logic synthesis products at issue are those from Synopsys.

   Your statement that "the 'backbone' of the logic synthesis products at issue are those from Synopsys" is vague. We need clear confirmation in writing that there are no third party synthesis products at issue in this case, or we intend to take the issue up with Judge Jenkins during the July 22, 2005 conference. Please clarify.

3. Ricoh indicated that it is willing to consider limiting the time frame for certain Design Libraries to 2000 through the present after Ricoh obtains and reviews the list of all of the libraries from each of the defendants. An example of the design libraries referred to in this paragraph are those design libraries that Synopsys indicates are generated during synthesis (*see* Case Management Statement p. 18). These do not include the DesignWare libraries that are described in Synopsys literature as Design Libraries (*see, e.g.,* DesignWare IP Family Quick Reference Guide (RCL008947-9306 at pp. 27-29)).

   While we believe that Ricoh agreed to limit the time frame for the Design Libraries to 2000 through the present, and that will be the focus of the collection efforts, the Customer Defendants will not limit their collection efforts to that time frame. The



Customer Defendants will collect as much information as possible by the Thursday deadline.

6. Each of the ASIC Defendants will provide declarations/stipulations to Ricoh by 11 AM California time on Thursday, July 21, 2005 indicating each type of input that has been used by each such Defendant (and others acting on their behalf or to whom they subcontract out part of the logic synthesis process) and the best approximation of the percentage of sales volume related to each type of input. The Customer Defendants will provide declarations/stipulations related to the identified Design Libraries to Ricoh by 11 AM California time on Thursday, July 21, 2005.

There was no agreement that the Customer Defendants would provide information from others acting on their behalf or subcontractors. In fact, the Customer Defendants do not have information about the inputs that these parties would use. Also, there was no discussion that Customer Defendants would provide an approximation of the percentage of sales volume related to each type of input; the Customer Defendants do not agree to provide this information.

7. Ricoh will provide the ASIC Defendants with a schedule for Final Infringement Contentions during the telephone conference call with the Court on July 22. It will aid Ricoh in setting a schedule if prior to July 22 each of the ASIC Defendants separately confirms for each tool and library listed on page 28 of the Case Management Statement whether or not such defendant has used the tool since 1997.

In the interest of fairness, since we are providing Ricoh with our information by Thursday, July 21, 2005 at 11 AM California time, we request that Ricoh provide the schedule for the Final Infringement Contentions by the same time. While we reject any condition tying the provision of the Customer Defendants' tool/library information to Ricoh's disclosure of the Final Infringement Contentions, and note that there was no agreement on this topic, we will provide this information to Ricoh. Synopsys believes that the Final Infringement Contentions need to be at a level of specificity that includes code cites – i.e., for each of the claim elements, Ricoh should provide the specific functions in the source code that infringe the element either literally, or by equivalents, and the associated path and file name containing that function. This level of specificity is consistent with Magistrate Chen's directions.

10. Discovery, other than the provision and review of source codes, and completion of production of initial disclosure documents not yet produced, remains stayed except as outlined above.

We did not agree to provide initial disclosure documents for the Matrox entities or Aeroflex Colorado Springs before the discovery stay is lifted.

Gary M. Hoffman, Esq.
July 18, 2005
Page 3

The rest of your points are generally consistent with our understanding.

Very truly yours,

Jaclyn C. Fink

```
                    COMMUNICATION RESULT REPORT ( JUL. 18. 2005 12:37PM )   * * *

                                                                TTI    HOWREY SIMON ARNOLD & WHITE

TRANSMITTED/STORED   JUL. 18. 2005 12:35PM
FILE MODE            OPTION                 ADDRESS                         RESULT           PAGE
---------------------------------------------------------------------------------------------
3463 MEMORY TX                              #065912028870689                OK               4/4

----------------------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL                          E-2) BUSY
  E-3) NO ANSWER                                     E-4) NO FACSIMILE CONNECTION
```

# HOWREY LLP

525 MARKET STREET
SUITE 3600
SAN FRANCISCO, CA 94105-2708
PHONE: 415.848.4900 • FAX: 415.848.4999

## FACSIMILE COVER SHEET

**DATE:** July 18, 2005

**TO:**
- **NAME:** Gary M. Hoffman, Esq.
- **COMPANY:** Dickstein Shapiro Morin & Oshinsky LLP
- **FAX NUMBER:** 202.887.0689
- **PHONE NUMBER:** 202.785.9700
- **CITY:** Washington, DC

**FROM:**
- **NAME:** Jaclyn C. Fink, Esq.
- **DIRECT DIAL NUMBER:** 415.848.4916
- **USER ID:** 2590

**NUMBER OF PAGES, INCLUDING COVER:** 3
**CHARGE NUMBER:** 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:
  ☒ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER: 4
☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Please see the attached.

---

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

# HOWREY LLP

525 MARKET STREET
SUITE 3600
SAN FRANCISCO, CA 94105-2708
PHONE: 415.848.4900 • FAX: 415.848.4999

## FACSIMILE COVER SHEET

| | | | | |
|---|---|---|---|---|
| DATE: | July 18, 2005 | | | |
| TO: | NAME: | Gary M. Hoffman, Esq. | | |
| | COMPANY: | Dickstein Shapiro Morin & Oshinsky LLP | | |
| | FAX NUMBER | 202.887.0689 | PHONE NUMBER: | 202.785.9700 |
| | CITY: | Washington, DC | | |
| FROM: | NAME: | Jaclyn C. Fink, Esq. | | |
| | DIRECT DIAL NUMBER: | 415.848.4916 | USER ID: | 2590 |
| NUMBER OF PAGES, INCLUDING COVER: | | 3 | CHARGE NUMBER: | 06816.0060.000000 |

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:    4

☐ ORIGINAL WILL NOT FOLLOW

SUPPLEMENTAL MESSAGE:

Please see the attached.

*[Stamp: FAXED 2005 JUL 18 PM 12: 50]*

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 415.848.4900.

# EXHIBIT 5



**HOWREY** LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

August 19, 2005

**BY E-MAIL & U.S. MAIL**

Gary M. Hoffman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037

      RE:    *Synopsys, Inc v. Ricoh Company, Ltd.*
             Case No. CV 03-02289 MJJ (EMC)
             *Ricoh Company, Ltd. v. Aeroflex, Inc.*
             Case No. CV 03-04669 MJJ (EMC)

Dear Gary:

     I am writing in response to your letter of August 17, 2005, regarding the Customer Defendant product declarations. Unfortunately, your letter mischaracterizes the scope of the information we agreed to provide.

     In hopes of narrowing the scope of customer discovery through a stipulation to representative products, we agreed to provide a list of the Customer Defendants' commercial products for which logic synthesis with Design Compiler was used, the type of product, and the target technology library, and that is the information we provided. Contrary to your assertions, we simply did not agree to: 1) provide a list of every ASIC developed by each Defendant, 2) identify the "Design Compiler Family Products" used, or 3) provide more detailed information related to the target technology libraries. Therefore, we will not be reissuing these declarations.

     We will address the marketing and sales information during our meet and confer on Monday.

                                       Very truly yours,

                                       Jaclyn C. Fink

cc:    Kenneth Brothers, Esq. (e-mail only)
        Edward Meilman, Esq. (e-mail only)
        Eric Oliver, Esq. (e-mail only)
        DeAnna Allen, Esq. (e-mail only)
        Michael Weinstein, Esq. (e-mail only)