1   Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
2   Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
3   525 Market Street, Suite 3600
    San Francisco, California 94105
4   Telephone: (415) 848-4900
    Facsimile: (415) 848-4999
5
    Attorneys for Defendants AEROFLEX INCORPORATED,
6   AEROFLEX COLORADO SPRINGS, INC., AMI
    SEMICONDUCTOR, INC., MATROX ELECTRONIC
7   SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX
    INTERNATIONAL CORP., and MATROX TECH, INC.
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
    RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)
12
              Plaintiff,                     **STIPULATION RE SUPPLEMENTAL
13                                           PRODUCTION IN ACCORDANCE WITH
          vs.                                JUDGE CHEN'S APRIL 20, 2006 ORDER**
14
    AEROFLEX INCORPORATED, AMI
15  SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS LTD., MATROX
16  GRAPHICS INC., MATROX
    INTERNATIONAL CORP., MATROX TECH,
17  INC., AND AEROFLEX COLORADO
    SPRINGS, INC.,
18
              Defendants.
19

20

21

22      **IT IS HEREBY STIPULATED AND AGREED** by and between Ricoh Company, Ltd.

23  ("Ricoh") and Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronics Systems, Ltd.,

24  Matrox Graphics Inc., Matrox International Corp., Matrox Tech., Inc. and Aeroflex Colorado Springs,

25  Inc. (the "Defendants") that:

26      1.      A "Commercial ASIC" is any ASIC (as defined in U.S. Patent No. 4,922,432 at Col.

27  1:13-17) that was, between 1997 and the present, (1) synthesized using Design Compiler for which (2)

28  revenue was received and (3) one or more physical ASICs were manufactured (whether considered to

HOWREY LLP

1  be a prototype or not).  To avoid any doubt, all three criteria must be met and all three criteria must

2  have occurred between 1997 and the present for an ASIC to qualify as a "Commercial ASIC."

3      2.    Subject to the limitations set forth in the paragraphs below, the Defendants will identify

4  and produce documents relating to Commercial ASICs synthesized between 1997 and the present by

5  subsidiaries, including those ASICs for which synthesis was performed before acquisition of the

6  subsidiary or its assets, except that Commercial ASICs synthesized before an acquisition or asset

7  purchase will not be identified if the acquiring party did not obtain the rights to the ASICs.  The

8  Defendants will identify and produce documents, subject to the limitations set forth below, relating to

9  Commercial ASICs synthesized by third parties provided that the synthesis was done at the request,

10 direction or control of any named party.

11     3.    For all newly identified products, Ricoh agrees to accept production of only "product

12 packages" and financial information.  The "product package" for a newly identified Commercial ASIC

13 will include, to the extent it exists and is within the producing Defendant's possession, custody or

14 control, the (1) script(s), including DC setup files, (2) inputs, including RTL inputs,[1] (3) technology

15 library(ies), (4) log file(s) and (5) netlist(s) for the newly identified Commercial ASIC.

16     4.    For all newly identified Commercial ASICs, the Defendants agree to produce financial

17 documents including sales and cost information to the extent such information exists and is within the

18 producing Defendant's possession, custody or control, with the following qualification:  if all synthesis

19 was done in the United States, or the RTL or technology library was supplied from the United States,

20 or the netlist or mask data was shipped into the United States for manufacturing, then the producing

21 Defendant will produce worldwide sales information for the newly identified Commercial ASIC.

22 Otherwise, the producing Defendant will produce only information regarding sales in the United

23 States.

---

[1] The Defendants shall determine whether any third party, non-Synopsys software (e.g., a flowchart translator) was used to convert an input specification to RTL.  If so, the Defendants shall identify such third party software and produce the input specification and the converted RTL.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)                              -2-
STIPULATION RE SUPPLEMENTAL PRODUCTION IN
ACCORDANCE WITH JUDGE CHEN'S APRIL 20, 2006 ORDER

1     5.    The Defendants will update their product declarations and library declarations (to the

2    extent such updates are called for by newly identified ASICs) by May 10.

3     6.    The Defendants will make good faith efforts to produce all documents by May 15.  The

4    product packages will be produced in an electronically searchable format.  The financial documents

5    will be produced in bates labeled and a native electronic format, to the extent such format exists.

6     7.    To the extent that a particular Defendant does not have a complete product package or

7    financial information for a newly identified ASIC, the Defendant will inform Ricoh that it does not

8    have such information.  To the extent the Defendant knows if such information is in the possession,

9    custody, and control of a third party, it will identify such third party.  To the extent that responsive

10    information is the possession, custody or control of third parties known to the Defendants, the

11    Defendants will cooperate in good faith in assisting Ricoh to obtain such information by requesting

12    that the third party provide such information to it.  Ricoh, however, understands that the Defendants'

13    obligations under this Stipulation are limited to making good faith requests.

14     8.    The Defendants will make good faith efforts to provide additional 30(b)(6) deponents

15    before June 9.  The Defendants will work in good faith to try to schedule depositions such that all or

16    most of the 30(b)(6) deponents are produced in one location in a one week period.

17     9.    This Stipulation resolves the issues raised by Ricoh's Motion for Sanctions filed on

18    February 21, 2006.  If the Defendants fail to perform in accordance with any of the terms of this

19    Stipulation, Ricoh reserves the right to seek evidentiary, monetary, or other sanctions.

20     10.    To the extent that new Commercial ASICs are identified, Ricoh and the Defendants

21    agree that Ricoh's Final Infringement Contentions served on March 24, 2006 shall, in substantial part,

22    satisfy Ricoh's obligations to produce Final Infringement Contentions with regard to the newly

23    identified Commercial ASICs.  Ricoh, however, shall supplement its Final Infringement Contentions

24    for each newly identified Commercial ASIC by identifying only the inputs that satisfy the following

25    elements of claim 13:  "storing data describing a set of available integrated circuit hardware cells for

26    performing the actions and conditions defined in the stored set" and "describing for a proposed

27    application specific integrated circuit a series of architecture independent actions and conditions."  To

28    the extent that the Defendants produced declarations, documents, and deponents as set forth above,

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)       -3-
STIPULATION RE SUPPLEMENTAL PRODUCTION IN
ACCORDANCE WITH JUDGE CHEN'S APRIL 20, 2006 ORDER

1   Ricoh will provide this supplement on or before June 19, 2006.  In the event that the above deadlines

2   are not met, the parties will meet and confer in good faith regarding an appropriate time for

3   supplementation.

4   Dated:  April 28, 2006                          HOWREY LLP

5

6                                                   By:  /s/ Denise M. De Mory
                                                    Attorneys for Defendants AEROFLEX
7                                                   INCORPORATED,
                                                    AEROFLEX COLORADO SPRINGS, INC., AMI
8                                                   SEMICONDUCTOR, INC., MATROX ELECTRONIC
                                                    SYSTEMS, LTD., MATROX GRAPHICS INC.,
9                                                   MATROX INTERNATIONAL CORP. and MATROX
                                                    TECH, INC.
10

11  Dated:  April 28, 2006                          DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

12

13                                                  By:  /s/Kenneth W. Brothers
                                                    Kenneth W. Brothers (*pro hac vice*)
14
                                                    ALTSHULER, BERZON NUSSBAUM, RUBIN &
15                                                  DEMAIN
                                                    Jeffrey B. Demain
16                                                  Attorneys for Plaintiff and Defendant
                                                    RICOH COMPANY, LTD.
17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)                       -4-
STIPULATION RE SUPPLEMENTAL PRODUCTION IN
ACCORDANCE WITH JUDGE CHEN'S APRIL 20, 2006 ORDER