Gary M. Hoffman (Pro Hac Vice)
Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, ET AL. <br><br> Defendants | Case No.:  C-03-4669-MJJ (EMC) <br><br> **RICOH'S REPLY TO AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Reply to the Answer and Counterclaims of Defendant Aeroflex Inc. To Amended Complaint For Patent Infringement (hereinafter "Answer and Counterclaim of Aeroflex"), alleges as follows:

1. Paragraphs 1-68 of the Answer and Counterclaim of Aeroflex do not require a response, nevertheless and to the extent necessary, Plaintiff Ricoh asserts all defenses and affirmation defenses available to it, including but not limited to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

2. Plaintiff Ricoh admits the allegations of paragraph 69 of the Answer and Counterclaim of Aeroflex.

3. Plaintiff Ricoh admits the allegations of paragraph 70 of the Answer and Counterclaim of Aeroflex.

4. With respect to paragraph 71 of the Answer and Counterclaim of Aeroflex, Ricoh admits there is a justicable controversy insofar as the counterclaims relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy to the extent any of the counterclaims relate to any of the other claims of the '432 Patent and further states that the Court lacks jurisdiction with respect to such counterclaims.

5. Plaintiff Ricoh admits this Court has personal jurisdiction over Ricoh and otherwise denies the allegations of paragraph 72 of the Answer and Counterclaim of Aeroflex.

6. Plaintiff Ricoh admits venue is proper in this district and otherwise denies the allegations of paragraph 73 of the Answer and Counterclaim of Aeroflex.

7. Plaintiff Ricoh admits the allegations of paragraph 74 of the Answer and Counterclaim of Aeroflex insofar as they relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy as to any of the other claims of the '432 Patent and the Court therefore lacks jurisdiction with respect to such other claims.

8. In response to paragraph 75 of the Answer and Counterclaim of Aeroflex, Plaintiff Ricoh incorporates its responses to paragraph 69-74 of the Answer and Counterclaim of Aeroflex as if fully set forth herein, denies the allegations in paragraphs 58-68 of the Answer and Counterclaim of Aeroflex; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of Aeroflex but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

1     9.   Plaintiff Ricoh admits the allegations of paragraph 76 of the Answer and Counterclaim
2  of Aeroflex, but alleges that it is the owner of the '432 Patent.

3     10.  Plaintiff Ricoh admits the allegations of paragraph 77 of the Answer and Counterclaim
4  of Aeroflex.

5     11.  Plaintiff Ricoh denies the allegations of paragraph 78 of the Answer and Counterclaim
6  of Aeroflex.

7     12.  Paragraph 79 of the Answer and Counterclaim of Aeroflex is not a proper allegation
8  but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the
9  allegations of paragraph 79 of the Answer and Counterclaim of Aeroflex.

10    13.  In response to paragraph 80 of the Answer and Counterclaim of Aeroflex, Plaintiff
11 Ricoh incorporates its responses to paragraph 69-79 of the Answer and Counterclaim of Aeroflex as
12 if fully set forth herein, denies the allegations in paragraphs 58-68 of the Answer and Counterclaim
13 of Aeroflex; and notes there are no allegations requiring response in paragraph 1-57 of the Answer
14 and Counterclaim of Aeroflex but nevertheless and to the extent necessary, admits or denies or
15 denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

16    14.  Plaintiff Ricoh denies the allegations of paragraph 81 of the Answer and Counterclaim
17 of Aeroflex.

18    15.  Paragraph 82 of the Answer and Counterclaim of Aeroflex is not a proper allegation
19 but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the
20 allegations of paragraph 82 of the Answer and Counterclaim of Aeroflex.

21    16.  Paragraph 83 of the Answer and Counterclaim of Aeroflex is not a proper allegation
22 and is not permitted under the Federal Rules of Civil Procedure and therefore does
23 not require a response; nevertheless and to the extent necessary, plaintiff Ricoh denies the
24 allegations of paragraph 83 of the Answer and Counterclaim of Aeroflex.

### **PRAYER FOR RELIEF**

WHEREFORE, Ricoh prays for entry of judgment:

1    that Aeroflex has infringed the '432 Patent;

2    that Aeroflex, its agents, employees, representatives, successors, and assigns and those
3 acting, or purporting to act, in privity or in concert with Aeroflex, be preliminarily and permanently
4 enjoined from further infringement of the '432 Patent;

5    that Aeroflex account for and pay to Ricoh all damages under 35 U.S.C. § 284, including
6 enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to
7 35 U.S.C. § 285;

8    that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it
9 by reason of Aeroflex's infringement of the '432 Patent;

10    that Aeroflex's Counterclaim be dismissed with prejudice;

11    that costs be awarded to Ricoh; and

1    that Ricoh be granted such other and further relief as the Court may deem just and proper
2 under the current circumstances.

4 Dated: May 2, 2006                    Respectfully submitted,
                                        Ricoh Company, Ltd.

                                        By: /s/ Kenneth Brothers

                                        Jeffrey B. Demain, State Bar No. 126715
                                        Jonathan Weissglass, State Bar No. 185008
                                        ALTSHULER, BERZON, NUSSBAUM,
                                           RUBIN & DEMAIN
                                        177 Post Street, Suite 300
                                        San Francisco, California  94108
                                        Phone:  (415) 421-7151
                                        Fax:  (415) 362-8064

                                        Gary M. Hoffman
                                        Kenneth W. Brothers
                                        DICKSTEIN SHAPIRO MORIN &
                                           OSHINSKY  LLP
                                        2101 L Street NW
                                        Washington, D.C.  20037-1526
                                        Telephone: (202) 785-9700
                                        Facsimile: (202) 887-0689

                                        Edward A. Meilman
                                        DICKSTEIN SHAPIRO MORIN &
                                           OSHINSKY  LLP
                                        1177 Avenue of the Americas
                                        New York, New York  10036
                                        Telephone:  (212) 896-5471
                                        Facsimile:  (212) 997-9880


                                        Attorneys for Ricoh Company, Ltd.