Gary M. Hoffman (Pro Hac Vice)
Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendant | Case No.: C-03-4669-MJJ (EMC) <br><br> **RICOH'S REPLY TO AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX COLORADO SPRINGS, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Ricoh Company, Ltd. ("Ricoh") for its Reply to the Answer and Counterclaims of Defendant Aeroflex Colorado Springs, Inc. To Amended Complaint For Patent Infringement (hereinafter "Answer and Counterclaim of Aeroflex Colorado"), alleges as follows:

1. Paragraphs 1-68 of the Answer and Counterclaim of Aeroflex Colorado do not require a response, nevertheless and to the extent necessary, Plaintiff Ricoh asserts all defenses and affirmation defenses available to it, including but not limited to failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

2. Plaintiff Ricoh admits the allegations of paragraph 69 of the Answer and Counterclaim of Aeroflex Colorado.

3. Plaintiff Ricoh admits the allegations of paragraph 70 of the Answer and Counterclaim of Aeroflex Colorado.

4. With respect to paragraph 71 of the Answer and Counterclaim of Aeroflex Colorado, Ricoh admits there is a justicable controversy insofar as the counterclaims relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy to the extent any of the counterclaims relate to any of the other claims of the '432 Patent and further states that the Court lacks jurisdiction with respect to such counterclaims.

5. Plaintiff Ricoh admits this Court has personal jurisdiction over Ricoh and otherwise denies the allegations of paragraph 72 of the Answer and Counterclaim of Aeroflex Colorado.

6. Plaintiff Ricoh admits venue is proper in this district and otherwise denies the allegations of paragraph 73 of the Answer and Counterclaim of Aeroflex Colorado.

7. Plaintiff Ricoh admits the allegations of paragraph 74 of the Answer and Counterclaim of Aeroflex Colorado insofar as they relate to claims 13-17 of the '432 Patent but denies there is a justicable controversy as to any of the other claims of the '432 Patent and the Court therefore lacks jurisdiction with respect to such other claims.

8. In response to paragraph 75 of the Answer and Counterclaim of Aeroflex Colorado; Plaintiff Ricoh incorporates its responses to paragraph 69-74 of the Answer and

Counterclaim of Aeroflex Colorado as if fully set forth herein denies the allegations in paragraphs 58-68 of the Answer and Counterclaim of Aeroflex Colorado; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of Aeroflex Colorado but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

9.  Plaintiff Ricoh admits the allegations of paragraph 76 of the Answer and Counterclaim of Aeroflex Colorado, but alleges that it is the owner of the '432 Patent.

10. Plaintiff Ricoh admits the allegations of paragraph 77 of the Answer and Counterclaim of Aeroflex Colorado.

11. Plaintiff Ricoh denies the allegations of paragraph 78 of the Answer and Counterclaim of Aeroflex Colorado.

12. Paragraph 79 of the Answer and Counterclaim of Aeroflex Colorado is not a proper allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 79 of the Answer and Counterclaim of Aeroflex Colorado.

13. In response to paragraph 80 of the Answer and Counterclaim of Aeroflex Colorado, plaintiff Ricoh incorporates its responses to paragraph 69-79 of the Answer and Counterclaim of Aeroflex Colorado as if fully set forth herein denies the allegations in paragraphs 58-68 of the Answer and Counterclaim of Aeroflex Colorado; and notes there are no allegations requiring response in paragraph 1-57 of the Answer and Counterclaim of Aeroflex Colorado but nevertheless and to the extent necessary, admits or denies or denies information and belief sufficient to form a belief, as appropriate, as to any statements therein.

14. Plaintiff Ricoh denies the allegations of paragraph 81 of the Answer and Counterclaim of Aeroflex Colorado.

15. Paragraph 82 of the Answer and Counterclaim of Aeroflex Colorado is not a proper allegation but rather is a prayer for relief; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 82 of the Answer and Counterclaim of

Aeroflex Colorado.

16. Paragraph 83 of the Answer and Counterclaim of Aeroflex Colorado is not a proper allegation and is not permitted under the Federal Rules of Civil Procedure and therefore does not require a response; nevertheless and to the extent necessary, plaintiff Ricoh denies the allegations of paragraph 83 of the Answer and Counterclaim of Aeroflex Colorado.

## PRAYER FOR RELIEF

WHEREFORE, Ricoh prays for entry of judgment:

that Aeroflex Colorado has infringed the '432 Patent;

that Aeroflex Colorado, its agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with Aeroflex Colorado, be preliminarily and permanently enjoined from further infringement of the '432 Patent;

that Aeroflex Colorado account for and pay to Ricoh all damages under 35 U.S.C. § 284, including enhanced damages, caused by the infringement of the '432 Patent, and attorneys' fees pursuant to 35 U.S.C. § 285;

that Ricoh be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Aeroflex Colorado's infringement of the '432 Patent;

that Aeroflex Colorado's Counterclaim be dismissed with prejudice;

that costs be awarded to Ricoh; and

that Ricoh be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Dated: May 2, 2006

Respectfully submitted,
Ricoh Company, Ltd.

By: /s/ Kenneth Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
   RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880


Attorneys for Ricoh Company, Ltd.