# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

Denise M. De Mory
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

April 7, 2006

Hon. Edward M. Chen
Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom C, 15th Floor
San Francisco, CA 94102

      Re:    *Synopsys v. Ricoh Company, Ltd.*,
              Case No. C03-2289 MJJ (EMC)
             *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
              Case No. C03-4669 MJJ (EMC)

Dear Judge Chen:

      Enclosed please find an Amended Stipulation and Order Re Supplemental Production In Accordance With Judge Chen's April 20, 2006 Order ("Stipulation and Order") to which the parties have agreed. The only modification to the Stipulation and Order is that the phrase "for any Commercial ASIC either synthesized or sold in the United States" has been added to clarify something that the parties agreed to but omitted from the stipulation; i.e., that product data will only be collected for products that were either synthesized or sold in the United States.

      Mr. Brothers and I are available at your convenience for a telephone call regarding the foregoing should you have any questions or concerns. If not, we ask that the amended Stipulation and Order be entered and that it supersede the already entered Stipulation and Order.

                                  Respectfully yours,

                                    Denise M. De Mory

DMD:plk
cc:    Kenneth Brothers, Esq.
       Gary Hoffman, Esq.
       Edward Meilman, Esq.
       Eric Oliver, Esq.
       DeAnna Allen, Esq.
       Michael Weinstein, Esq.
       Seymour Seyoum

Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC., AMI
SEMICONDUCTOR, INC., MATROX ELECTRONIC
SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX
INTERNATIONAL CORP., and MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC., <br><br> Defendants. | Case No. C03-04669 MJJ (EMC) <br><br> **AMENDED STIPULATION AND ORDER RE SUPPLEMENTAL PRODUCTION IN ACCORDANCE WITH JUDGE CHEN'S APRIL 20, 2006 ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Ricoh Company, Ltd. ("Ricoh") and Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronics Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., Matrox Tech., Inc. and Aeroflex Colorado Springs, Inc. (the "Defendants") that:

1. A "Commercial ASIC" is any ASIC (as defined in U.S. Patent No. 4,922,432 at Col. 1:13-17) that was, between 1997 and the present, (1) synthesized using Design Compiler for which (2) revenue was received and (3) one or more physical ASICs were manufactured (whether considered to

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

be a prototype or not). To avoid any doubt, all three criteria must be met and all three criteria must have occurred between 1997 and the present for an ASIC to qualify as a "Commercial ASIC."

2. Subject to the limitations set forth in the paragraphs below, the Defendants will identify and produce documents relating to Commercial ASICs synthesized between 1997 and the present by subsidiaries, including those ASICs for which synthesis was performed before acquisition of the subsidiary or its assets, for any Commercial ASIC either synthesized in the United States or sold in the United States, except that Commercial ASICs synthesized before an acquisition or asset purchase will not be identified if the acquiring party did not obtain rights to the ASICs. The Defendants will identify and produce documents, subject to the limitations set forth below, relating to Commercial ASICs synthesized by third parties provided that the synthesis was done at the request, direction or control of any named party.

3. For all newly identified products, Ricoh agrees to accept production of only "product packages" and financial information. The "product package" for a newly identified Commercial ASIC will include, to the extent it exists and is within the producing Defendant's possession, custody or control, the (1) script(s), including DC setup files, (2) inputs, including RTL inputs,[1] (3) technology library(ies), (4) log file(s) and (5) netlist(s) for the newly identified Commercial ASIC.

4. For all newly identified Commercial ASICs, the Defendants agree to produce financial documents including sales and cost information to the extent such information exists and is within the producing Defendant's possession, custody or control, with the following qualification: if all synthesis was done in the United States, or the RTL or technology library was supplied from the United States, or the netlist or mask data was shipped into the United States for manufacturing, then the producing Defendant will produce worldwide sales information for the newly identified Commercial ASIC. Otherwise, the producing Defendant will produce only information regarding sales in the United States.

---

[1] The Defendants shall determine whether any third party, non-Synopsys software (e.g., a flowchart translator) was used to convert an input specification to RTL. If so, the Defendants shall identify such third party software and produce the input specification and the converted RTL.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

-2-

1      5.    The Defendants will update their product declarations and library declarations (to the extent such updates are called for by newly identified ASICs) by May 10.

    6.    The Defendants will make good faith efforts to produce all documents by May 15. The product packages will be produced in an electronically searchable format. The financial documents will be produced in bates labeled and a native electronic format, to the extent such format exists.

    7.    To the extent that a particular Defendant does not have a complete product package or financial information for a newly identified ASIC, the Defendant will inform Ricoh that it does not have such information. To the extent the Defendant knows if such information is in the possession, custody, and control of a third party, it will identify such third party. To the extent that responsive information is the possession, custody or control of third parties known to the Defendants, the Defendants will cooperate in good faith in assisting Ricoh to obtain such information by requesting that the third party provide such information to it. Ricoh, however, understands that the Defendants' obligations under this Stipulation are limited to making good faith requests.

    8.    The Defendants will make good faith efforts to provide additional 30(b)(6) deponents before June 9. The Defendants will work in good faith to try to schedule depositions such that all or most of the 30(b)(6) deponents are produced in one location in a one week period.

    9.    This Stipulation resolves the issues raised by Ricoh's Motion for Sanctions filed on February 21, 2006. If the Defendants fail to perform in accordance with any of the terms of this Stipulation, Ricoh reserves the right to seek evidentiary, monetary, or other sanctions.

    10.    To the extent that new Commercial ASICs are identified, Ricoh and the Defendants agree that Ricoh's Final Infringement Contentions served on March 24, 2006 shall, in substantial part, satisfy Ricoh's obligations to produce Final Infringement Contentions with regard to the newly identified Commercial ASICs. Ricoh, however, shall supplement its Final Infringement Contentions for each newly identified Commercial ASIC by identifying only the inputs that satisfy the following elements of claim 13: "storing data describing a set of available integrated circuit hardware cells for performing the actions and conditions defined in the stored set" and "describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions." To the extent that the Defendants produced declarations, documents, and deponents as set forth above,

**HOWREY LLP**

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

-3-

Ricoh will provide this supplement on or before June 19, 2006. In the event that the above deadlines are not met, the parties will meet and confer in good faith regarding an appropriate time for supplementation.

Dated: May 5, 2006                HOWREY LLP


By: /s/ Denise M. De Mory
Attorneys for Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC.

Dated: May 5, 2006                DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP


By: /s/Kenneth W. Brothers
Kenneth W. Brothers (*pro hac vice*)

ALTSHULER, BERZON NUSSBAUM, RUBIN & DEMAIN
Jeffrey B. Demain
Attorneys for Plaintiff and Defendant
RICOH COMPANY, LTD.

## **ORDER**

Pursuant to stipulation, it is so ordered. The continued hearing on Ricoh's Motion for Sanctions set for May 3, 2006 is hereby vacated.

This order terminates Docket No. 358.

DATED: _____

_____
EDWARD M. CHEN
United States Magistrate Judge

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

-4-