1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants AEROFLEX INCORPORATED,
6  AEROFLEX COLORADO SPRINGS, INC., AMI
   SEMICONDUCTOR, INC., MATROX ELECTRONIC
7  SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX
   INTERNATIONAL CORP., and MATROX TECH, INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

13         Plaintiff,                      **AMENDED STIPULATION AND ORDER
                                           RE SUPPLEMENTAL PRODUCTION IN
14     vs.                                 ACCORDANCE WITH JUDGE CHEN'S
                                           APRIL 20, 2006 ORDER**; ORDER THEREON
15 AEROFLEX INCORPORATED, AMI
   SEMICONDUCTOR, INC., MATROX
16 ELECTRONIC SYSTEMS LTD., MATROX
   GRAPHICS INC., MATROX
17 INTERNATIONAL CORP., MATROX TECH,
   INC., AND AEROFLEX COLORADO
18 SPRINGS, INC.,

19         Defendants.

20

21

22     **IT IS HEREBY STIPULATED AND AGREED** by and between Ricoh Company, Ltd.

23 ("Ricoh") and Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronics Systems, Ltd.,

24 Matrox Graphics Inc., Matrox International Corp., Matrox Tech., Inc. and Aeroflex Colorado Springs,

25 Inc. (the "Defendants") that:

26     1.     A "Commercial ASIC" is any ASIC (as defined in U.S. Patent No. 4,922,432 at Col.

27 1:13-17) that was, between 1997 and the present, (1) synthesized using Design Compiler for which (2)

28 revenue was received and (3) one or more physical ASICs were manufactured (whether considered to

**HOWREY LLP**

1  be a prototype or not).  To avoid any doubt, all three criteria must be met and all three criteria must have occurred between 1997 and the present for an ASIC to qualify as a "Commercial ASIC."

2. Subject to the limitations set forth in the paragraphs below, the Defendants will identify and produce documents relating to Commercial ASICs synthesized between 1997 and the present by subsidiaries, including those ASICs for which synthesis was performed before acquisition of the subsidiary or its assets, for any Commercial ASIC either synthesized in the United States or sold in the United States, except that Commercial ASICs synthesized before an acquisition or asset purchase will not be identified if the acquiring party did not obtain rights to the ASICs.  The Defendants will identify and produce documents, subject to the limitations set forth below, relating to Commercial ASICs synthesized by third parties provided that the synthesis was done at the request, direction or control of any named party.

3. For all newly identified products, Ricoh agrees to accept production of only "product packages" and financial information.  The "product package" for a newly identified Commercial ASIC will include, to the extent it exists and is within the producing Defendant's possession, custody or control, the (1) script(s), including DC setup files, (2) inputs, including RTL inputs,[1] (3) technology library(ies), (4) log file(s) and (5) netlist(s) for the newly identified Commercial ASIC.

4. For all newly identified Commercial ASICs, the Defendants agree to produce financial documents including sales and cost information to the extent such information exists and is within the producing Defendant's possession, custody or control, with the following qualification:  if all synthesis was done in the United States, or the RTL or technology library was supplied from the United States, or the netlist or mask data was shipped into the United States for manufacturing, then the producing Defendant will produce worldwide sales information for the newly identified Commercial ASIC.  Otherwise, the producing Defendant will produce only information regarding sales in the United States.

---

[1] The Defendants shall determine whether any third party, non-Synopsys software (e.g., a flowchart translator) was used to convert an input specification to RTL.  If so, the Defendants shall identify such third party software and produce the input specification and the converted RTL.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)   -2-
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

5. The Defendants will update their product declarations and library declarations (to the extent such updates are called for by newly identified ASICs) by May 10.

6. The Defendants will make good faith efforts to produce all documents by May 15. The product packages will be produced in an electronically searchable format. The financial documents will be produced in bates labeled and a native electronic format, to the extent such format exists.

7. To the extent that a particular Defendant does not have a complete product package or financial information for a newly identified ASIC, the Defendant will inform Ricoh that it does not have such information. To the extent the Defendant knows if such information is in the possession, custody, and control of a third party, it will identify such third party. To the extent that responsive information is the possession, custody or control of third parties known to the Defendants, the Defendants will cooperate in good faith in assisting Ricoh to obtain such information by requesting that the third party provide such information to it. Ricoh, however, understands that the Defendants' obligations under this Stipulation are limited to making good faith requests.

8. The Defendants will make good faith efforts to provide additional 30(b)(6) deponents before June 9. The Defendants will work in good faith to try to schedule depositions such that all or most of the 30(b)(6) deponents are produced in one location in a one week period.

9. This Stipulation resolves the issues raised by Ricoh's Motion for Sanctions filed on February 21, 2006. If the Defendants fail to perform in accordance with any of the terms of this Stipulation, Ricoh reserves the right to seek evidentiary, monetary, or other sanctions.

10. To the extent that new Commercial ASICs are identified, Ricoh and the Defendants agree that Ricoh's Final Infringement Contentions served on March 24, 2006 shall, in substantial part, satisfy Ricoh's obligations to produce Final Infringement Contentions with regard to the newly identified Commercial ASICs. Ricoh, however, shall supplement its Final Infringement Contentions for each newly identified Commercial ASIC by identifying only the inputs that satisfy the following elements of claim 13: "storing data describing a set of available integrated circuit hardware cells for performing the actions and conditions defined in the stored set" and "describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions." To the extent that the Defendants produced declarations, documents, and deponents as set forth above,

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1

-3-

1  Ricoh will provide this supplement on or before June 19, 2006.  In the event that the above deadlines
2  are not met, the parties will meet and confer in good faith regarding an appropriate time for
3  supplementation.

4  Dated:  May 5, 2006                    HOWREY LLP

6                                          By:  /s/ Denise M. De Mory
                                           Attorneys for Defendants AEROFLEX
7                                          INCORPORATED,
                                           AEROFLEX COLORADO SPRINGS, INC., AMI
8                                          SEMICONDUCTOR, INC., MATROX ELECTRONIC
                                           SYSTEMS, LTD., MATROX GRAPHICS INC.,
9                                          MATROX INTERNATIONAL CORP. and MATROX
                                           TECH, INC.

11 Dated:  May 5, 2006                    DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

13                                         By:  /s/Kenneth W. Brothers
                                           Kenneth W. Brothers (*pro hac vice*)

15                                         ALTSHULER, BERZON NUSSBAUM, RUBIN &
                                           DEMAIN
                                           Jeffrey B. Demain
16                                         Attorneys for Plaintiff and Defendant
                                           RICOH COMPANY, LTD.

18                                    **ORDER**

19     Pursuant to stipulation, it is so ordered.  ~~The continued hearing on Ricoh's Motion for~~
20 ~~Sanctions set for May 3, 2006 is hereby vacated.~~

21     This order ~~terminates Docket No. 358.~~  modifies the Order entered as Docket No. 448.

22 DATED:  May 8, 2006

*IT IS SO ORDERED AS MODIFIED*
Judge Edward M. Chen

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02889 MJJ (EMC)                    -4-
AMENDED STIPULATION & ORDER RE SUPP PRODUCTION
IN ACCORDANCE W/JUDGE CHEN'S APRIL 20, 2006 ORDER
DM_US\8342784.v1