1
2
3
4
5
6
7
8
9
10
11
12

Denise M. De Mory (SBN )
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
 Attorney for SYNOPSYS, INC., AEROFLEXINCORPORATED,
AMI SEMICONDUCTOR, INC., MATROXELECTRONIC
SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX
INTERNATIONAL  CORP., MATROX TECH, INC. and
AEROFLEX COLORADO SPRINGS, INC.

Kenneth W. Brothers (Pro Hac Vice)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689
Attorney for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) Case No. C03-04669 MJJ (EMC) |
| | ) |
| vs. | ) Case No. C03-02289 MJJ (EMC) |
| | ) |
| AEROFLEX INCORPORATED, et al., | ) **[PROPOSED] STIPULATED** |
| | ) **SUPPLEMENTAL PROTECTIVE ORDER** |
| Defendants. | ) |
| | ) |
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RICOH COMPANY, LTD., | ) |
| Defendant. | ) |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWREY LLP

WHEREAS a Stipulated Protective Order was entered in Case No. C03-04669-MJJ (EMC) on June 9, 2003 in the United States District Court for the District of Delaware ("2003 Protective Order") and a Stipulated Protective Order was entered in Case No. C03-02289-MJJ (EMC) on March 24, 2004 in the United States District Court for the Northern District of California ("2004 Protective Order"), and

WHEREAS the parties understand that some "Confidential Information" as defined in the 2003 Protective Order and 2004 Protective Order may be subject to the export authority of the U.S. State Department under the International Traffic in Arms Regulations, 22 C.F.R. 120 et seq. ("ITAR Information") and therefore may not be disclosed to any Foreign Person as defined by 22 C.F.R. 120.16 unless and until appropriate export authority has been obtained.

Each of the parties hereby stipulates that the following Stipulated Supplemental Protective Order may be entered by the Court:

1.      This Stipulated Supplemental Protective Order incorporates by reference all of the terms and limitations of both the 2003 Protective Order and the 2004 Protective Order and does not alter any provision thereof unless explicitly so stated herein.

2.      If any party is disclosing any information or document that it knows or has reason to suspect is ITAR Information, it shall immediately identify such material to the receiving party as ITAR Information by bates number, product number, or other description adequate to provide notice to the receiving party that the information is ITAR information.  The parties agree to make good faith efforts to identify such information, but assert that, in an abundance of caution, that any information produced by the Aeroflex entities in this litigation is best treated pursuant to the terms of this Order because of the nature of the business of the Aeroflex entities.

3.      Anything which is known to be or believed to be ITAR Information shall only be disclosed to a U.S. Person as defined by 22 C.F.R. 120.15, and may not be disclosed to any Foreign Person as defined by 22 C.F.R. 120.16 unless and until appropriate export authority has been obtained.

4.      If the "Confidential Information" as defined in section 3(a) of both the 2003 Protective Order and the 2004 Protective Order is also is known to include or believed to include ITAR Information, it shall only be disclosed to a    "Qualified Person" as defined in section 4(a)-(f) of both

1  the 2003 Protective Order and the 2004 Protective Order who is a U.S. Person as defined by 22 C.F.R.

2  120.15.

3          5.      Individuals who are in-house counsel or a member of the professional legal department

4  of the Parties may have access to pleadings, briefs and exhibits or declarations filed with the Court and

5  expert reports, including exhibits, which are designated as "Confidential" and is known to include or

6  believed to include ITAR Information subject to the export controls of the ITAR only if such

7  Individuals are U.S. Persons as defined by 22 C.F.R. 120.15.

8          6.      Before disclosing ITAR Information to "Qualified Person" as defined in section 4(a)-(f)

9  of both the 2003 Protective Order and the 2004 Protective Order, counsel for the disclosing party shall

10 obtain from such Qualified Person an undertaking in the form attached hereto as Exhibit A.

11 Dated:  May 9, 2006                        HOWREY LLP

12                                             /s/ Denise M. De Mory, Esq.
                                              Denise M. De Mory, Esq.

13                                            Attorneys for Plaintiff SYNOPSYS, INC./Defendants
                                              AEROFLEX, INCORPORATED, et al.
14                                            525 Market Street, Suite 3600
                                              San Francisco, CA 94105
15                                            Telephone:  (415) 848-4900
                                              Facsimile:  (415) 848-4999
16

17 Dated:  May 9, 2006                        DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

18                                            /s/ Kenneth W. Bothers, Esq.
                                              Kenneth W. Brothers, Esq. (*pro hac vice*)
19                                            Attorneys for Plaintiff/Defendant RICOH COMPANY, LTD.
                                              2101 L Street NW
20                                            Washington, DC 20037
                                              Telephone:  (202)785-9700
21                                            Facsimile:  (202) 887-0689

22                                   **ORDER**

23

24      **IT IS SO ORDERED** this _____ day of _____, 2006.

25

26                                  _____
                                    JUDGE OF THE UNITED STATES DISTRICT
27                                                  COURT

28

HOWREY LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER          -3-
Case No. C03-4669 MJJ (EMC)
DOCSNY.182954.3
DM_US\8344128

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

NORTHERN DISTRICT OF CALIFORNIA

4

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 5 | RICOH COMPANY, LTD., ) | Case No. C03-04669 MJJ (EMC) |
| 6 | Plaintiff, ) | Case No. C03-02289 MJJ (EMC) |
| 7 | vs. ) | |
| 8 | AEROFLEX INCORPORATED, et al., ) | |
| 9 | Defendants. ) | |
| 10 | SYNOPSYS, INC., ) | |
| 11 | Plaintiff, ) | |
| 12 | vs. ) | |
| 13 | RICOH COMPANY, LTD., ) | |
| 14 | Defendant. ) | |

15

16

<u>UNDERTAKING</u>

17

18

    My name is _____.  I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Stipulated Supplemental Protective Order entered in this action on_____, 2006. I agree to be bound by,

19

and to comply fully with, the terms of the Stipulated Supplemental Protective Order.

20

    I am a U.S. Person as defined by 22 C.F.R. 120.15.  I agree to comply with all U.S. export laws and regulations, including the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. 120 et

21

seq., with respect to any "Confidential Information" provided to me that contains information subject to U.S. export controls, and agree not to disclose or otherwise provide access to any ITAR-controlled

22

"Confidential Information" to any Foreign Persons as defined by 22 C.F.R. 120.16.

23

    I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California, San Francisco Division in connection with the enforcement of the Stipulated

24

Supplemental Protective Order.

25

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____, 2006.

26

27

_____

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. C03-4669 MJJ (EMC)
DOCSNY.182954.3
DM_US\8344128