Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., <br><br>         Plaintiff, <br><br>   v. <br><br> RICOH COMPANY, LTD., <br><br>         Defendant. | **CASE NO. C-03-2289-MJJ** <br><br> **CASE NO. C-03-4669-MJJ** |
| RICOH COMPANY, LTD., <br><br>         Plaintiff, <br><br>   v. <br><br> AEROFLEX INCORPORATED, et al., <br><br>         Defendants | **RICOH'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE DISCOVERY** |

1   Defendants' motion to enlarge the discovery schedule is filled with inaccurate statements and
2   pejorative comments that, while not necessary for the motion, reflects poorly upon opposing counsel.
3   Although Ricoh does not agree with those comments, we will not respond in kind.

4   Defendants' motion should be denied for five reasons.  First, there has been no meet and confer
5   regarding the motion, let alone a failure to comply with the Court's procedures as set forth in the Order
6   of March 30, 2006.  In that Order, the Court required a telephonic meet and confer, then an in-person
7   meet and confer, then a conference in chambers.  Although counsel had numerous telephone and in-
8   person meetings over the past few days, the issue was never raised.  Of course, there was no in-
9   chambers consultation.  The only time the issue was raised was in an email exchange (Exhibit 16 to the
10  DeMory declaration), which is not an adequate meet and confer.  If the Court meant what it said in its
11  Order of March 30, 2006, the motion should be denied, and defendants' counsel should be sanctioned.

12  Second, the motion is untimely.  The motion was filed after the close of business on the day
13  discovery was to end.  There was no way for the motion to be granted within the discovery period.  A
14  motion for extension filed outside of the time limits may be denied on that basis alone.

15  Third, the motion fails to acknowledge that the current discovery deadline has been in place for
16  many months.  Defendants' counsel has known about the deadline, but has failed to plan appropriately.
17  Defendants try to excuse their failure to seek timely discovery be pointing to large volume of discovery
18  that they have produced, but do not explain why they did not seek this third party discovery before mid-
19  May.  They claim, without any support, that they only recently learned about certain facts in the
20  Kobayashi deposition, but they ignore that those same facts had already been disclosed during Dr.
21  Kobayashi's deposition *two years ago*, in May 2004.  Instead, defendants simply waited until the last
22  minute to issue a flurry of subpoenas that even they admit is nothing more than a fishing expedition.
23  The end of discovery is a time for focused resolution, not at time to embark upon a whole new front.

24  Fourth, the motion ignores the adverse prejudice to Ricoh should the motion be granted.  Ricoh
25  has been concentrating completing its merits discovery on the newly disclosed products.   In connection
26  with the Court's instructions regarding Ricoh's motion for sanctions, as memorialized by the May 8,
27  2006 Order, defendants have dumped more than four million pages of documents upon Ricoh in the past
28  20 days, primarily about products that the defendants never disclosed until only recently in spite of its

**RICOH'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE DISCOVERY**
2093613.01

obligations to make full disclosures in their declarations filed in July 2005.  Pursuant to the May 8 Order, in the next few days Defendants are producing more than 10 witnesses to testify about those newly disclosed products.  In addition, in the past few days the parties have taken seven days of depositions.[1]  All of the resources of Ricoh's counsel are focused upon completing this outstanding Court-ordered discovery and preparing for the June 19 expert reports and supplemental final infringement contentions.[2]  Defendants' motion, if granted, would divert Ricoh's efforts by adding a large number of additional documents and at least four more depositions.[3]

    Fifth, the motion does not specify a date by which all discovery must be completed.  Defendants' motion, if granted, would enable defendants to continue milking their discovery for an unlimited time, while doubtlessly claiming that their fishing expeditions will require even more depositions and even more time.  The point of a discovery deadline is just that.  The deadline has passed, and defendants should live with the consequences.  The motion should be denied.

Dated:  May 31, 2006                                         DICKSTEIN SHAPIRO MORIN & OSHINSKY


                                                      By:   /s/ Kenneth W. Brothers
                                                           Gary M. Hoffman
                                                            Kenneth W. Brothers
                                                           2101 L Street, NW
                                                           Washington, DC  20037-1526
                                                           Phone (202) 785-9700
                                                           Fax (202) 887-0689

                                                      Attorneys for Ricoh Company, Ltd.

---

[1] The parties have agreed to conduct two third party depositions after the May 30 deadline (one on May 31, one on June 3).  As reflected in DeMory Ex 16, Ricoh expressed a willingness to discuss whether any additional depositions should occur after the deadline, but defendants declined to have such a discussion and instead insisted on an open-ended general extension of discovery.

[2] Also on May 30, Defendants served a supplemental Rule 26 disclosure statement that named, for the first time, more than thirty previously undisclosed witnesses on a wide variety of subjects.  Ricoh is engaged in the required meet and confer process regarding this sandbagging, and if not withdrawn will move to strike those undisclosed witnesses from testifying at trial.

[3] Ricoh has no objection to defendants' receipt of documents between May 30 and June 14 pursuant to their outstanding subpoenas, provided that they are timely served upon Ricoh.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE DISCOVERY
2093613.01