1   Gary M. Hoffman (*Pro Hac Vice*)
    Kenneth W. Brothers (*Pro Hac Vice*)
2   DICKSTEIN SHAPIRO MORIN
      & OSHINSKY, LLP
3   2101 L Street, NW
    Washington, DC  20037-1526
4   Phone (202) 785-9700
    Fax (202) 887-0689
5
    Edward A. Meilman (*Pro Hac Vice*)
6   DICKSTEIN SHAPIRO MORIN
      & OSHINSKY, LLP
7   1177 Avenue of the Americas
    New York, New York  10036-2714
8   Phone (212) 835-1400
    Fax (212) 997-9880
9
    Jeffrey B. Demain, State Bar No. 126715
10  Jonathan Weissglass, State Bar No. 185008
    ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11  177 Post Street, Suite 300
    San Francisco, California  94108
12  Phone  (415) 421-7151
    Fax (415) 362-8064
13
14  Attorneys for Plaintiff Ricoh Company, Ltd.

15              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
16                SAN FRANCISCO DIVISION

17

18  SYNOPSYS, INC.,                          )
                                             )
19              Plaintiff,                    )   CASE NO. C-03-2289-MJJ (EMC)
                                             )
20        v.                                  )   CASE NO. C-03-4669-MJJ (EMC)
                                             )
21  RICOH COMPANY, LTD.,                     )
                                             )
22              Defendant.                    )
                                             )
23  RICOH COMPANY, LTD.,                     )   RICOH'S MOTION TO QUASH
                                             )   SUBPOENAS
24              Plaintiff,                    )
                                             )
25        v.                                  )
                                             )
26  AEROFLEX INCORPORATED, et al.,           )
                                             )
27              Defendants                    )
                                             )
28

1    In April 2006, Synopsys and the Aeroflex defendants moved to compel two more deposition

2    days of a third party resident of Japan, Dr. Hideki Kobayashi.  Ricoh objected to the motion and sought

3    a protective order, pointing out that Dr. Kobayashi already had been deposed for two days.  On March

4    30, 2006, this Court  after considering all of the issues raised permitted Dr. Kobayashi to be deposed for

5    "one additional day": "The Customer Defendants are entitled to take *one additional day* of the

6    deposition of Dr. Kobayashi, the first-named inventor of the patent-in-suit."  D.E. 414, at 3, emphasis

7    added.  The parties agreed to split the cost of Dr. Kobayashi traveling to the U.S. so he could attend his

8    one day deposition.  Dr. Kobayashi was deposed for a very full day, from 9:30 am to nearly 7 pm,

9    thereby having testified for three full days in this matter.  At the end of the day, counsel for defendants

10   served Dr. Kobayashi with two subpoenas – the first ignoring the Order by the Court and purporting to

11   require even more deposition testimony from Dr. Kobayashi, and second requiring his attendance at

12   trial.  (Exh. 1&2.)

13   The subpoenas should be quashed, and Synopsys' counsel should be sanctioned for their

14   deliberate disregard of this Court's order.  Those subpoenas are a gross violation of the Court's explicit

15   instructions that the deposition be limited to only one day.  Synopsys had sought two additional days of

16   Dr. Kobayashi's deposition; Ricoh objected and sought to block any further testimony.  Thus, this Court

17   has already been presented with cross-motions to compel and to quash.  Ruling on the cross motions, the

18   Court instructed the parties that Dr. Kobayashi may be deposed for one additional day.  After that

19   deposition day was concluded, defendants' counsel blatantly violated this Court's order by issuing new

20   subpoenas for additional testimony.

21   The subpoenas are invalid because they were served under false pretenses.  There is no question

22   that Dr. Kobayashi could not have been subpoenaed in Japan, where he lives.  Because there were no

23   Embassy or consulate deposition dates available that would work for counsel and the witness, the parties

24   agreed that they would split the cost of Dr. Kobayashi's travel to the U.S. so he could provide his

25   additional day of testimony.  The only reason that Dr. Kobayashi was in the U.S. was to testify.  To lure

26   a witness under false pretenses into a jurisdiction and serve him with a subpoena is deplorable and a

27   violation of the federal rules, and renders void the subpoena.  *See Wyman v. Newhouse, 93 F.2d 313 (2d*

28   *Cir. 1937)* (fraudulent inducement into the jurisdiction serves as a defense to service).

1    The Court already has acknowledged that it did not have jurisdiction over Dr. Kobayashi.

2   Service of subpoenas upon resident of Japan temporarily in the jurisdiction pursuant to an agreement

3   that he testify for one day cannot create that jurisdiction.   Dr. Kobayashi has retuned to Japan and is no

4   longer in the U.S.  As the Court never had jurisdiction, it cannot enforce the invalid subpoenas.  Thus,

5   the subpoenas should be quashed.

6    The subpoenas also are invalid because counsel failed to include the required witness fee.  Rule

7   45 requires the inclusion of a mileage fee from the residence of the witness to the location of the

8   testimony.  Dr. Kobayashi is a resident of Tokyo, Japan, and the site of the testimony is San Francisco –

9   about 11,000 miles round trip.  At the General Services Administration (GSA) 2006 *per diem* rate of

10   $1.07 per mile, the witness should have been provided a check in the amount of $11,770 for each

11   subpoena.  However, no witness fee was included with either subpoena, rendering them defective and

12   unenforceable.

13    Counsel for Synopsys and the Aeroflex defendants have not attempted to defend the validity of

14   the subpoenas, but instead have claimed that additional testimony is needed from Dr. Kobayashi.  They

15   made this same argument in April, and this Court permitted one additional day.  There is point that

16   discovery must come to an end, and after three days of testimony from this third party, we are at that

17   point.  The subpoenas should be quashed, and Ricoh receive its fees and costs pursuant to 28 U.S.C.

18   1927.

19

20   Dated:  June 7, 2006                             DICKSTEIN  SHAPIRO  MORIN  &  OSHINSKY

21

22                                                    By:  /s/ Kenneth W. Brothers
23                                                         Gary M. Hoffman
                                                          Kenneth W. Brothers
24                                                        2101 L Street, NW
                                                          Washington, DC  20037-1526
25                                                        Phone (202) 785-9700
                                                          Fax (202) 887-0689
26
                                                     Attorneys for Ricoh Company, Ltd.
27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | **CASE NO. CV 03-4669-MJJ (EMC)** |
| Plaintiff, | |
| vs. | **CASE NO. CV 03-2289-MJJ (EMC)** |
| AEROFLEX INC., et al., | **[PROPOSED] ORDER GRANTING PLAINTIFF RICOH'S MOTION TO QUASH SUBPOENAS** |
| Defendants. | |
| | |
| SYNOPSYS, INC., | |
| Plaintiff, | |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

Upon consideration of RICOH'S MOTION TO QUASH SUBPOENAS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Court hereby GRANTS Ricoh's Motion to Quash the Subpoenas served on Dr. Hideki Kobayashi and awards Ricoh its reasonable attorneys' fees incurred as a result of the Aeroflex Defendants'/Synopsys' service of the subpoenas.

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Edward Chen
Magistrate Judge, United States District Court