1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California  94105
4  Telephone:  (415) 848-4900
   Facsimile:  (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC. and
6  Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., and MATROX TECH, INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  SYNOPSYS, INC.,                          Case No. C03-2289 MJJ (EMC)
                                             Case No. C03-4669 MJJ (EMC)
14           Plaintiff,
                                             **[PROPOSED] ORDER GRANTING**
15      vs.                                  **MOTION TO COMPEL DISCOVERY**

16  RICOH COMPANY, LTD.,
                                             Date:  TBD
17           Defendant.                      Time:  TBD
                                             Courtroom:  C
18
                                             Hon. Edward M. Chen
19  RICOH COMPANY, LTD.,

             Plaintiff,
20
        vs.
21
    AEROFLEX INCORPORATED, AEROFLEX
22  COLORADO SPRINGS, INC., AMI
    SEMICONDUCTOR, INC., MATROX

1    This Court heard the Motion to Compel Discovery brought by Plaintiff Synopsys, Inc. and

2  Defendants Aeroflex Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox

3  Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc.

4  After considering the moving, opposition, and reply papers and the arguments of counsel, the Court

5  hereby finds the following:

6    1.    The memo written by Mr. Takada documenting his and Mr. Hoffman's meeting with

7  Mr. Shindo cannot be withheld from production by the attorney-client or work product privileges.  The

8  Court thus GRANTS the Motion to compel on this issue.  Within five (5) days of the date of this

9  Order, Plaintiff Ricoh Company, Ltd. ("Ricoh") shall produce the memo written by Mr. Takada

10  documenting his and Mr. Hoffman's meeting with Mr. Shindo.

11    2.    Ricoh's privilege log inadequately describes the documents in which privilege is

12  claimed.  Ricoh has thus waived its claims of privilege.  The Court thus GRANTS the Motion to

13  compel on this issue.  Within five (5) days of the date of this Order, Ricoh shall produce all documents

14  listed on its privilege log.

15    3.    Additional deposition time with Dr. Kobayashi is warranted given the number of key

16  issues he has information on, and his refusal to provide testimony in English.  The Court thus

17  GRANTS the Motion to compel on this issue.  Ricoh shall produce Mr. Kobayashi, at its own expense,

18  for 10 additional hours of deposition in the United States, or it will be precluded from presenting Mr.

19  Kobayashi in person at trial.

20    4.    Ricoh has inadequately responded to discovery.  The Court thus GRANTS the Motion

21  to compel on this issue.  Within fifteen (15) days of the date of this Order, Ricoh shall serve

22  supplemental answers to the following requests, which answers shall fairly meet the substance of the

| Party | Type of request | Request Numbers |
|---|---|---|
| Matrox International | Interrogatory | 2-11, 21-23 |
| Matrox Tech | Interrogatory | 2-7 |
| Customer Defendants | Request for Admission | 26-144; 151-274 |

5.     Within fifteen (15) days of the date of this Order, Ricoh shall conduct a search for the following documents and categories of documents.  If Ricoh fails to uncover any of the documents or categories enumerated below, it must inform the Court and opposing counsel the efforts it took to locate these documents and categories of documents.

a)  Documents related to the Ricoh/KBSC relationship

b)  Documents related to the KBSC software

c)  the source code for the ICC software that was delivered to Ricoh around August 1987

d)  communications between Ricoh and ICC regarding changes made to the software delivered by ICC around August 1987

e)  KBSC source code

f)  documents related to the sale or offer for sale of the computer programs that were used in the KBSC system

g)  All documents concerning the utility and advantages of the inventions claimed by claims 13-17 of the '432 Patent patented product, or products designed using these inventions, over the prior art.

h)  All prior art that Ricoh, KBCS, or the inventors were aware of prior to the filing of the '432 Patent.

i)  The Hitachi agreement

1

2   IT IS SO ORDERED:

3   Dated: _____

4                                         _____
                                          Hon. Edward M. Chen
                                          U.S. Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22