1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999
5 |
Attorneys for Plaintiff SYNOPSYS, INC. and
6 | Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC., AMI
7 | SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
8 | GRAPHICS, INC., MATROX INTERNATIONAL
CORP., and MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICOH COMPANY, LTD.,<br><br>  Defendant. | Case No. C03-2289 MJJ (EMC)<br>Case No. C03-4669 MJJ (EMC)<br><br>**SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: C<br><br>Hon. Edward M. Chen |
| RICOH COMPANY, LTD.,<br><br>  Plaintiff,<br><br>  vs.<br><br>AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.,<br><br>  Defendants. | |

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-1-

DM_US\8357060.v1

## I. INTRODUCTION

On May 15, 2006, counsel for Defendants[1] took the deposition of Dr. Hideaki Kobayashi in San Francisco, California pursuant to the Court's March 30, 2006 Order (hereinafter "Order"). At the end of the day, Defendants' counsel served two subpoenas on Dr. Kobayashi: a deposition subpoena asking him to appear at a continuation of his deposition later that month, and a trial subpoena asking him to appear at trial in this litigation. (*See* Andelman Decl., Exs. F and G.)

Contrary to Ricoh's contentions, these two subpoenas do not violate the Order. Nothing in the Order prohibits the service of the subpoenas on Dr. Kobayashi. In addition, both subpoenas are valid – they were served on Dr. Kobayashi while he was in the United States voluntarily for his deposition in the case, where the parties were at arm's length. As such, they were not served on Dr. Kobayashi by fraudulently luring him into this jurisdiction, as Ricoh alleges. Indeed, as Ricoh is well aware, Defendants offered to take the third day of the Kobayashi deposition in Japan.

Moreover, the Court has authority to enforce the subpoenas, which were personally served on Dr. Kobayashi within the Northern District of California. Finally, the fact that no witness fee was provided with the subpoenas does not render them invalid, because witness fees may be tendered after the witness has provided documentation of his travel expenses.

## II. THE SUBPOENAS DO NOT VIOLATE THE COURT'S MARCH 30, 2006 ORDER.

Contrary to Ricoh's allegations, the subpoenas are not in violation of the Order. With respect to the trial subpoena served on Dr. Kobayashi, there is no language in the Order prohibiting Defendants from serving a subpoena on Dr. Kobayashi requiring him to appear at trial. (*See* Andelman Decl., Ex. L.)

With respect to the deposition subpoena, although the Order states that Defendants "are entitled to take one additional day of deposition of Dr. Kobayashi," nothing in the Order prohibits Defendants

---

[1] As used here, "Defendants" means, collectively, Synopsys, Inc., Aeroflex, Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc.

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-2-

DM_US\8357060.v1

from seeking additional deposition time from Dr. Kobayashi if such additional time becomes necessary. (*See id.*) This is precisely what occurred at Dr. Kobayashi's May 15 deposition.

After the entry of the Order, Defendants learned that other individuals not named as inventors in the '432 patent assisted Dr. Kobayashi in developing the invention disclosed in the '432 patent. Defendants also learned that Dr. Kobayashi may have information regarding an offer to sell the invention over one year prior to the filing of the '432 patent application, which if true, would render the '432 patent invalid. Given this newly discovered information, as well as the other topics for which Dr. Kobayashi was already scheduled to be deposed on, Defendants were unable to complete Dr. Kobayashi's deposition with only one additional day. The situation was exacerbated by the fact that Dr. Kobayashi insisted on having the proceedings translated into Japanese, even though he has demonstrated ability to read and speak English and even restated his Japanese language answers to get the "correct" English translation. (*See, e.g.,* Andelman Decl., Exs. H and I at 169:14 – 170:6; 370:24 – 371:4; and 372:19 – 373:3.) When it became apparent during the May 15 deposition that a further day of testimony from Dr. Kobayashi was necessary, Defendants' counsel requested that Dr. Kobayashi make himself available for additional questioning during his then-current trip to the United States.[2] (*See* Andelman Decl., Ex. E.) Only after Ricoh's counsel refused to make Dr. Kobayashi available for additional time did Defendants' counsel serve Dr. Kobayashi with the deposition subpoena.

As the Court noted, Dr. Kobayashi "is an important witness in a significant case. It is not unreasonable or unusual for an important witness in such a substantial case to be deposed for more than two days, especially one testifying through an interpreter." (Andelman Decl., Ex. L at 3:4-6.) Given the importance of Dr. Kobayashi's testimony to this case, the large number of topics on which he is likely to have vital information (some of which were just recently discovered), and the fact that he insisted on having an interpreter despite clear competence with the English language, the present situation is one that warrants extended deposition time. In particular, during the deposition, counsel

---

[2] Ricoh exaggerates the length of time of Dr. Kobayashi's May 15 deposition. Dr. Kobayashi's deposition began at 9:40 a.m. and ended at 6:30 p.m., and more than an hour was taken for lunch. (See Andelman Decl., Ex. E.)

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-3-

DM_US\8357060.v1

1  was unable to complete questioning about: (1) a significant number of prior art articles; (2) the details
2  of work done on the Knowledge-Based Silicon Compiler system ("KBSC") prior to Ricoh's
3  involvement in the project; (3) knowledge of the various graduate students who worked on the project;
4  (4) the manner in which International Chip Corporation ("ICC") worked with the University of South
5  Carolina ("USC") graduate students, i.e., whether or not they were paid by ICC and whether or not
6  their work was done on USC or company premises or using USC or company resources; (5) detailed
7  questions regarding the alleged conception in conjunction with Mr. Shindo; (6) Dr. Kobayashi's
8  recollection of the work Mr. Oka did on the project; (7) whether or not ICC had any agreement with
9  USC regarding development of KBSC; (8) sources of funds for development of KBSC; and (9) details
10 of ICC's relationship with Paradyne Corporation, and (10) other topics.

11       Moreover, as will become very apparent in Defendants' pending motion to compel discovery
12 proceedings, Ricoh has taken the position that it does not have "custody or control" of certain
13 information, and thus, has forced Defendants to obtain information directly from Dr. Kobayashi, even
14 though it is abundantly clear that Dr. Kobayashi is in their control. Indeed, Ricoh will not answer
15 interrogatories, or otherwise respond to requests that include information regarding KBSC or Dr.
16 Kobayashi because that information is allegedly "beyond its control," even though there is no question
17 that Ricoh has exercised control over this information during this litigation and has a contractual right
18 to do so. (*See* Andelman Decl., Ex. M.) In view of the fact that Ricoh has taken these positions in this
19 litigation, it is entirely disingenuous and obstructive to then also be directly preventing Defendants'
20 access to the only available source of information. In light of these facts, Defendants' actions in
21 serving the subpoenas on Dr. Kobayashi were entirely reasonable.

22 **III.   THE SUBPOENAS WERE NOT SERVED UNDER FALSE PRETENSES.**

23       Ricoh alleges in its motion that the subpoenas are invalid due to fraud because Dr. Kobayashi
24 was "lured" under false pretenses into the jurisdiction. Ricoh's allegation lacks any factual support.
25 Notably, Ricoh fails to explain exactly what "false pretenses" Defendants allegedly employed.
26       The facts surrounding Dr. Kobayashi's appearance in San Francisco on May 15 are simple.
27 Synopsys and the Customer Defendants offered to take Dr. Kobayashi's deposition in Japan. Dr.
28 Kobayashi was unavailable during the week that deposition time was available in Japan. (*See*

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ
(EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS'
OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-4-

DM_US\8357060.v1

Andelman Decl., Ex. B.) The parties mutually agreed to have the third day of Dr. Kobayashi's deposition in San Francisco. And indeed, the third day of Dr. Kobayashi's deposition took place in San Francisco as planned. Defendants made no misrepresentations to Dr. Kobayashi. Under these circumstances, Ricoh has no basis to argue that Dr. Kobayashi was lured into the jurisdiction under false pretenses. *See Jaster v. Currie*, 198 U.S. 144, 147 (1905) (service of writ on individual while in state for a deposition was appropriate because "there was no misrepresentation, express or implied with regard to anything, even the motives of the [opposing party]. The parties were at arm's length.").

Ricoh's citation to *Wyman v. Newhouse*, 93 F.2d 313 (2nd Cir. 1937), is inapposite, as that case involved service on an individual who was lured into the state by his lover, who used lies and misrepresentations to coerce him into entering the state. Here, Dr. Kobayashi was not lured into the United States through any lies or misrepresentations. In fact, Defendants' counsel were more than willing to depose Dr. Kobayashi in Japan, and suggested taking Dr. Kobayashi's deposition in Osaka, Japan. (*See* Andelman Decl., Ex. A.) Dr. Kobayashi, however, voluntarily agreed to come to the United States for his deposition after Defendants' counsel agreed to pay for half of Dr. Kobayashi's travel expenses, and Ricoh's counsel has consistently asserted the fact that Dr. Kobayashi's appearance in the United States was voluntary. (Andelman Decl., Ex. D.). Given that Dr. Kobayashi appeared in the United States voluntarily, not at the fault or demand of Defendants, and the parties were at arm's length, service of the subpoenas on Dr. Kobayashi was not fraudulently induced.

## IV.    THE COURT HAS JURISDICTION TO ENFORCE THE SUBPOENAS, WHICH WERE PERSONALLY SERVED ON DR. KOBAYASHI WITHIN THE COURT'S JURISDICTION.

Ricoh incorrectly states that the Court does not have jurisdiction over Dr. Kobayashi. The Court has authority to enforce subpoenas properly served within its territorial jurisdiction. A person served while voluntarily present in a state is subject to personal jurisdiction there "without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there." *Burnham v. Superior Court*, 495 U.S. 604, 612 (1990). Additionally, the fact that an individual is a non-party or a non-citizen of the United States makes no difference. *See First Am. Corp. v. Price Waterhouse, LLP*, 154 F.3d 16, 20 (2nd Cir. 1998) (stating that there was no reason for

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS    -5-    DM_US\8357060.v1

a distinction for non-U.S. citizens or non-parties from the holding in *Burnham*).  Ricoh has repeatedly emphasized that Dr. Kobayashi's appearance for his deposition was voluntary.  (*See, e.g.,* Andelman Decl., Exs. C and D).  Since the subpoenas were personally and properly served on Dr. Kobayashi while he was voluntarily present within the Northern District of California, this Court has proper jurisdiction over Dr. Kobayashi, including the power to enforce the subpoenas.

## V.   WITNESS FEES ARE NOT REQUIRED AT THE TIME A SUBPOENA IS SERVED.

Ricoh also alleges that the subpoenas served on Dr. Kobayashi are invalid for failure to include a witness fee.  But 28 U.S.C. § 1821 indicates that the witness fee can be tendered after the witness has provided documentation of his travel expenses.  *See* 28 U.S.C. § 1821(c)(1) ("A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled . . . . A receipt or other evidence of actual cost shall be furnished."); *see also HBB Ltd. P'ship v. Ford Motor Co.*, 1997 U.S. Dist. LEXIS 96 (N.D. Ill. 1997) (the court evaluated the travel receipts of several individuals and ordered post-travel witness fee payments to them).  Therefore, the subpoenas are not invalid.  The Defendants will tender the appropriate fee once Dr. Kobayashi provides documentation regarding his expenses.[3]  Moreover, the parties' previous arrangement involved splitting the costs of deposing Dr. Kobayashi in the United States *after* travel arrangements had been made.  (*See* Andelman Decl., Ex. D.)

In sum, the subpoenas served on Dr. Kobayashi are valid, did not violate the Court's March 30, 2006 Order, and the Court has the power to enforce the subpoenas against Dr. Kobayashi.  Therefore, Ricoh's Motion to Quash the Subpoenas should be denied.

---

[3] The witness fee suggested by Ricoh, over $11,000, is not correct.  The GSA per diem rate of $1.07 per mile upon which Ricoh bases its calculation is for the use of a *privately owned airplane*.  (*See* Andelman Decl., Ex. J.)  Witnesses, however, are normally required to utilize common carriers "at the most economical rate reasonably available."  *See* 28 U.S.C. § 1821(c)(1).

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-6-

DM_US\8357060.v1

Dated: June 16, 2006

Respectfully submitted,

HOWREY LLP

By:  /s/Denise M. De Mory
Denise M. De Mory
Attorneys for Plaintiff SYNOPSYS, INC. and Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.

HOWREY LLP

Case No. C03-2289 MJJ (EMC) Case No. C03-4669 MJJ (EMC)SYNOPSYS AND THE CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S MOTION TO QUASH SUBPOENAS

-7-

DM_US\8357060.v1