

Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Ethan B. Andelman (SBN 209101)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff SYNOPSYS and
Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC.,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP., and MATROX
TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>        Plaintiff,<br><br>    vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC.,<br><br>        Defendants. | Case No. C03-4669 MJJ (EMC)<br><br>Case No. C03-2289 MJJ (EMC)<br><br>**DECLARATION OF ETHAN B. ANDELMAN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS** |
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>RICOH COMPANY, LTD.,<br><br>        Defendant. | |

HOWREY LLP

1    I, Ethan B. Andelman, declare as follows:

2    I am a senior associate at the law firm of Howrey LLP, counsel for Aeroflex Incorporated,

3   Aeroflex Colorado Springs, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox

4   Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, the "Customer

5   Defendants") and Synopsys, Inc. ("Synopsys") in this action. The following declaration is based on

6   my personal knowledge. If called upon to testify, I could and would competently testify to the matters

7   set forth below.

8        1.    Attached hereto as Exhibit A is a true and correct copy of a letter dated April 10, 2006,

9   from Denise De Mory to Gary Hoffman

10       2.    Attached hereto as Exhibit B is a true and correct copy of an e-mail chain dated March

11   31, 2006 between Ethan Andelman and others.

12       3.    Attached hereto as Exhibit C is a true and correct copy of a letter dated April 10, 2006

13   from Edward Meilman to Ethan Andelman.

14       4.    Attached hereto as Exhibit D is a true and correct copy of a letter dated April 17, 2006

15   from Edward Meilman to Ethan Andelman.

16       5.    Attached hereto as Exhibit E is a true and correct copy of a letter dated May 19, 2006

17   from Denise De Mory to Kenneth Brothers.

18       6.    Attached hereto as Exhibit F is a true and correct copy of the deposition subpoena

19   served on Dr. Hideaki Kobayashi dated May 15, 2006.

20       7.    Attached hereto as Exhibit G is a true and correct copy of the trial subpoena served on

21   Dr. Hideaki Kobayashi dated May 15, 2006.

22       8.    Attached hereto as Exhibit H is a true and correct copy of excerpts from Volume II of

23   the deposition transcript of Dr. Hideaki Kobayashi.

24       9.    Attached hereto as Exhibit I is a true and correct copy of excerpts from Volume III of

25   the deposition transcript of Dr. Hideaki Kobayashi.

26       10.   Attached hereto as Exhibit J is true and correct copy of a document printed from the

27   GSA website titled Privately Owned Vehicle (POV) Mileage Reimbursement Rates,

28

HOWREY LLP

1  http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentType=GSA_BASIC&contentId=9646,

2  printed June 16, 2006.

3       11.    Attached hereto as Exhibit K is true and correct copy of a letter dated April 3, 2006

4  from Kenneth Brothers to Ethan Andelman.

5       12.    Attached hereto as Exhibit L is a true and correct copy of Judge Chen's Order Re

6  Discovery Disputes as to Depositions in Japan and Order Re Future Discovery Disputes dated March

7  30, 2006.

8       13.    Attached as Exhibit M is a true and correct copy of Bates Nos. RCL000603 –

9  RCL000605 as produced by Ricoh in this litigation.

10

11       Executed this 16th day of June, 2006, at San Francisco, California.

12       I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct.

14

15                                          _____

                                                      Ethan B. Andelman

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                                )   ss.:

COUNTY OF SAN FRANCISCO   )

      I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

      On June 16, 2006 I served on the interested parties in said action the within:

**DECLARATION OF ETHAN B. ANDELMAN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

by causing said document to be sent by Electronic Mail on May 30, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be delivered as follows:

Gary M. Hoffman, Esq.
HoffmanG@dsmo.com
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Facsimile No.: (202) 887-0689

Edward A. Meilman, Esq.
MeilmanE@dsmo.com
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Facsimile No.: (212) 896-5471

Jeffrey Demain, Esq.
jdemain@altshulerberzon.com
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108

Facsimile No.: (415) 362-8064

[X]  (OVERNIGHT DELIVERY) on June 16, 2006 by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier on.

      I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

      Executed on June 16, 2006, at San Francisco, California.

_____
       Jimmy James
     (Type or print name)

_____
      (Signature)

HOWREY LLP

DM_US\8267303.v1

# EXHIBIT A

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

April 10, 2006

File 06816.0060.000000

**VIA PDF**

Gary M. Hoffman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

> Re:  *Synopsys v. Ricoh Company, Ltd.,*
> **Case No. C03-2289 MJJ (EMC)**
> *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
> **Case No. C03-4669 MJJ (EMC)**

Dear Gary:

This letter follows-up on various communications that we have had with Ken about the Kobayashi deposition. Have you heard from Dr. Kobayashi yet? Is he available on April 24, 2006 for deposition in Osaka. If so, please let me know if you will agree to the attached proposed order permitting his deposition to go forward. Ken previously refused to stipulate to the attached order under the guise that there was not enough time to get "new" deposition visas. There does not, however, appear to be any need for "new" visas, just an additional order. The deposition visas that were issued to us are good for any 15 day period between now and early May, and I also note, it took just over twenty-four hours for my visa to be issued and available for pick-up from the time I applied for it. Accordingly, as long as we provide an additional order to the consulate in Osaka permitting the deposition to go forward on the April 24, 2006, the deposition can proceed.

Please advise as soon as possible so that we can bring this issue to the attention of the Court as soon as possible.

Very truly yours,

Denise M. De Mory

DMD:plk
cc:   Kenneth Brothers, Esq.
      Edward Meilman, Esq.
      Eric Oliver, Esq.
      DeAnna Allen, Esq.
      Michael Weinstein, Esq.
      Rebecca Barbisch, Esq.
      Seymour Seyoum

AMSTERDAM  BRUSSELS  CHICAGO  HOUSTON  IRVINE  LONDON
LOS ANGELES  MENLO PARK  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

DM_US\8333690.v1

# EXHIBIT B

**Khassian, Heather**

---

**From:**    Andelman, Ethan
**Sent:**    Friday, March 31, 2006 4:36 PM
**To:**      .EP-Synopsys
**Subject:** FW: Kobayashi deposition

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, March 31, 2006 2:31 PM
**To:** Andelman, Ethan
**Cc:** Fink, Jacky; DeMory, Denise
**Subject:** RE: Kobayashi deposition

Ethan:

We cannot agree to an order that is false.  Until we know whether Dr. Kobayashi will agree to give another deposition, and if so, his availability, we simply cannot consent to your proposed order.

Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Friday, March 31, 2006 2:26 PM
**To:** Brothers, Kenneth
**Cc:** Fink, Jacky; DeMory, Denise
**Subject:** RE: Kobayashi deposition

Ken:

Unless we obtain an order from the Court now, it will be impossible (not just "virtually impossible") to take Dr. Kobayashi's deposition in Japan on April 24, even if he is available and agrees to make himself available. We view the proposed Court order as a procedural formality in order to obtain the deposition, not a coercive order requiring a deposition to take place. If this stipulation is signed by the Court, we agree that, should Dr. Koybayashi not agree or be available to be deposed during the upcoming Japan trip, we will not consider that a violation of this order and will not seek sanctions for his failure to appear in Japan. (However, to be clear, we do expect Dr. Koybayashi to be deposed for a third day at some point prior to the close of discovery, whether in Japan or the U.S.)

I will investigate the other issues in your response and respond later today.

--Ethan

6/12/2006

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, March 31, 2006 9:00 AM
**To:** Andelman, Ethan
**Cc:** Fink, Jacky; DeMory, Denise
**Subject:** RE: Kobayashi deposition

Ethan:

We have already asked Dr. Kobayashi to agree to make himself available for another deposition.  As you know, less than a month ago he declined such a request, believing that his two days of deposition were sufficient. We have advised him of the Court's order and his relevant obligations in our renewed request.  If he agrees to sit for another deposition, we have asked him for the dates that he may be available.  We will forward your request for a deposition on April 24, and advise you when we hear back from him.  Until we know whether Dr. Kobayashi will agree to be deposed again, and the dates he may be available, it is premature to submit another order.

Our experience with obtaining visas is that it takes longer than 3-4 business days; we still have not received our visas for the current trip based upon the March 14 order.  Even if we were to obtain a new order today, because our passports are still tied up with the initial visa requests, we would be unable to submit them for new visas until we get them back, which will not be until next week (when we will be leaving).  Thus, it is virtually impossible from a logistical standpoint to include Dr. Kobayashi's deposition during this trip on such short notice.  But we will continue to try and will keep you advised.

In our request to Dr. Kobayashi, we already have raised the possibility of his traveling to the United States. Assuming he is amenable, please advise whether your clients are willing to share the cost of such a trip.

We reiterate our demand that you immediately produce the third party documents and code that you say were obtained from the University of South Carolina in response to a subpoena, and that you cited in support of your request to reopen the Kobayashi deposition.  Your refusal to timely produce those documents is a violation of the parties' prior agreements and your obligations under the rules.  We further demand that you timely serve us with copies of all subpoenas when issued, and all other documents and information received in response to such subpoenas.

Finally, I assume you are aware of my letter to Denise of yesterday.  Please confirm that you intend to proceed with the Rule 30(b)(6) depositions in Japan on April 17-21.

Regards, Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP



**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Friday, March 31, 2006 11:08 AM
**To:** Brothers, Kenneth
**Cc:** Fink, Jacky; DeMory, Denise
**Subject:** Kobayashi deposition


Dear Ken:
In view of Judge Chen's order, we would like to schedule the Kobayashi deposition.  Denise tells me that she was mistaken and that we actually have the deposition room in Osaka until April 24.  We would therefore like to take Dr. Kobayashi's deposition on April 24 in Osaka.  Given your insistence that we provide an additional lawyer to defend the sanctions hearing, and even more importantly, our extreme flexibility with regard to deposition

scheduling over the last several months, particularly right before your contentions were due, and finally, Judge Chen's recent order essentially requiring us to cooperate, we are quite hopeful that you will accommodate this request on twenty-five days notice.

For our attorneys, the visa process has only been running approximately 3-4 business days for everyone, including the Court reporter. If we submit a joint stipulation today and get it signed early today, you should have plenty of time to obtain an additional visa for the lawyers traveling on April 7. Alternatively, you could send another lawyer at a later date to handle this separate deposition. In order to enable any of these options, the first step is to submit a joint stipulation as early as possible permitting the deposition to go forward. Please indicate as early as possible today whether you will consent to the attached stipulation. I am told that I am working from a version of the stipulation that might be a bit out of date in terms of Court reporters, translators, etc. I will ask Peter to circulate a more current version when he arrives, but please let me know if we can agree on the Kobayashi language.

We are also investigating with the Consulate whether an additional visa is even necessary for one additional witness, and should have a response on this issue today.

If Mr. Kobayashi is not produced in Japan during this trip, he will have to be brought to the U.S. for deposition, because the next available time for deposition rooms are after the close of discovery (July in Osaka and September in Tokyo). If that is necessary, we would be able to depose him in the Bay Area during May.

Please advise.
--Ethan
<<DM_US-#8308457-v1-Order_Allowing_Depositions_in_Osaka-Kobe_-_2006_Depositions.DOC>>

Ethan Andelman
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-3221
Fax: (415) 358-4550
andelmane@howrey.com

----------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for


---------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

6/12/2006

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
=================================================================================

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
=================================================================================

6/12/2006

# EXHIBIT C

DICKSTEIN  SHAPIRO  MORIN  &  OSHINSKY  LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*

*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeilmanE@dsmo.com*

April 10, 2006

**E-MAIL AND MAIL**

Mr. Ethan B. Andelman
HOWREY
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Re:   Synopsys, Inc. v. Ricoh Company, Ltd. Case No. CV 03-02289 MJJ (EMC)
      Ricoh Company, Ltd v. Aeroflex Inc., Case No. CV 03-04669 MJJ (EMC).
      Our Ref.:  R2180.0171

Dear Mr. Andelman:

Further to the correspondence concerning the deposition of Dr. Koyabashi, he
has now advised us that he is willing to make himself available to be deposed in Japan
during the first week in May 2006.  He also may be willing to come to the United States
at some point before discovery closes provided you are prepared to pay his costs.

Please let us know if you are arranging a deposition room in Japan for the first
week of May and if not, whether you are willing to pay for his trip to the United States.

Sincerely,

Edward A. Meilman

EAM/jms

cc:   Howrey distribution list

*2101 L Street NW • Washington, DC 20037-1526 • Tel (202) 785-9700 • Fax (202) 887-0689*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
*www.DicksteinShapiro.com*

DOCSNY.191023.1

# EXHIBIT D

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeilmanE@dsmo.com*

April 17, 2006

**E-MAIL AND MAIL**

Mr. Ethan B. Andelman
HOWREY
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Re:    Synopsys, Inc. v. Ricoh Company, Ltd. Case No. CV 03-02289 MJJ (EMC)
       Ricoh Company, Ltd v. Aeroflex Inc., Case No. CV 03-04669 MJJ (EMC).
       Our Ref.:  R2180.0171

Dear Mr. Andelman:

We understand from your letter of April 17, 2006 that you are willing to
contribute 50% of Dr. Kobayashi's costs in coming to the United States for a deposition,
including his airfare, hotel, food and other reasonable costs. We have noted your
comments about dates and will write again when he advises us about his availability to
come to this country.

There are, however, three errors in your letter. First, the Court did not order that
Dr. Kobayashi be deposed. Second, Ricoh is not "producing" Dr. Kobayashi; he has
agreed to appear voluntarily if a suitable date can be established. Third, while the
deposition may be held in the San Francisco area, but you cannot assume that it will.

Sincerely,

Edward A. Meilman

EAM/jms

cc:    Howrey distribution list

# EXHIBIT E

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

May 19, 2006

**VIA PDF**

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

> Re:  *Synopsys v. Ricoh Company, Ltd.,*
>     **Case No. C03-2289 MJJ (EMC)**
>     *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
>     **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

As we discussed earlier, I am writing in response to your May 16 letter and May 18 email regarding the Kobayashi subpoenas.

Initially, we disagree that these subpoenas are invalid. We served the deposition subpoena on Dr. Kobayashi when it became apparent that we could not finish the deposition on Monday. It is significant to note that once again Dr. Kobayashi insisted on having a translator even though throughout the day he corrected several English translations, answered questions before they were translated, and read English language documents as quickly as you or I would. In addition, your indication of the times in your initial letter is incorrect. The deposition started at 9:40 and ended promptly at 6:30 even though everyone was willing to stay later. In addition, there were several overly long breaks, including a long lunch and then an approximately thirty minute break late in the afternoon with a lengthy discussion between Dr. Kobayashi and Mr. Oliver.

I am hopeful that we need not litigate the subpoena issues, and can instead agree that you will produce Dr. Kobayashi for an additional day of testimony. In furtherance of that goal, I include below a partial list of the numerous topics that we did not have the opportunity to cover or fully explore with Dr. Kobayashi, including, for example:

1.     Knowledge of prior art up through the issuance of the '432 patent. We were able to ask only a limited number of questions before time expired about knowledge of prior art. We were unable to fully explore Dr. Kobayashi's knowledge about the following prior art systems, including whether he knew about these systems, did not know about the systems, or could not recall whether or not he knew about the systems, including, but not limited to: CMU Design Automation Assistant; VEXED; Fujitsu; NTT; Trimeter; Darringer; and Socrates.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

# HOWREY

Kenneth W. Brothers, Esq.
May 19, 2006
Page 2

2.    Disclosure of information to the attorney prosecuting the '432 patent application. We were unable to fully explore facts disclosed by Dr. Kobayashi to his patent attorney and/or facts known to Dr. Kobayashi prior to the filing of the application whether or not they were disclosed to the patent attorney, including but not limited to prior art; possible inventors; prior sales and offers for sale; prior public disclosures, including at trade shows, and the full details of the deal with Paradyne.

3.    We were unable to fully explore Dr. Kobayashi's involvement by University of South Carolina faculty and graduate students in the design and development of the KBSC system, including but not limited to:  Kobayashi's personal contributions to the KBSC system; contributions by James Davis, Yoshiyasu Takefuji, Stuart Anderson, Tooru Ozeki, Yoon-Pin Simon Foo, Charles Drozd, Terry Smith, Richard Ulmer, Pankaj Kukkal, Meng-Hiot Lim, David Dunn, Thomas Hersh, Frans Brinkman, Ricky Darwin, Robert D. Ferrell, Judy Bygate, and Jaymin Yon to the KBSC system; University intellectual property policies related to contributions by faculty and students to inventions; assignment and purchase of rights to inventions in '432 patent; whether he believed that he had the right to assign the rights to the patent to ICC and Ricoh and the basis for this belief;

4.    We were unable to fully explore Dr. Kobayashi's knowledge of the respective contributions of ICC and Ricoh to KBSC system, including the contractual obligations for ICC and for Ricoh; what was completed when; ICC's role; Kobayashi's role; Sugimoto's role; Ricoh's Role; Shindo's role; Suehiro's role; Nakayama's role; Takada's role, etc.

5.    We did not finish questioning Dr. Kobayashi about his various publications, including questions regarding which were about KBSC; which were disclosed to attorney prosecuting '432 patent application; what did Suehiro and Shindo contribute to 1989 article about KBSC; etc.

6.    We did not have an opportunity to question Dr. Kobayashi about his knowledge of the Synopsys tools or ICC's knowledge of the Customer Defendant's use of the tools, including:

a.    When did Dr. Kobayashi first learn about Synopsys tools, and how?

b.    When did Dr. Kobayashi first use Synopsys tools?

c.    Is Dr. Kobayashi aware that ICC/KBSC approached Synopsys about KBSC in the early 1990s?  What does he know about this topic?

d.    Does Dr. Kobayashi know about the relationship between ICC/KBSC and Synopsys?  What does he know about this topic?

1.    Knowledge of Customer Defendants and their use of Synopsys tools

a.    When did Dr. Kobayashi first learn about Aeroflex, Inc.?  Did he ever learn that they used Synopsys tools?  If so, how and when?

# HOWREY

Kenneth W. Brothers, Esq.
May 19, 2006
Page 3

   b.   When did Dr. Kobayashi first learn about Aeroflex Colorado Springs, Inc.? Did he ever learn that they used Synopsys tools? If so, how and when?

   c.   Does Dr. Kobayashi know that ICC/KBSC approached Aeroflex about KBSC in the early 1990s? What does he know about this topic?

   d.   When did Dr. Kobayashi first learn about AMI Semiconductor? Did he ever learn that they used Synopsys tools? If so, how and when?

   e.   When did Dr. Kobayashi first learn about Matrox Electronic Systems? Did he ever learn that they used Synopsys tools? If so, how and when?

   f.   When did Dr. Kobayashi first learn about Matrox Graphics? Did he ever learn that they used Synopsys tools? If so, how and when?

   g.   When did Dr. Kobayashi first learn about Matrox International? Did he ever learn that they used Synopsys tools? If so, how and when?

   h.   When did Dr. Kobayashi first learn about Matrox Tech? Did he ever learn that they used Synopsys tools? If so, how and when?

We ask that Ricoh make Dr. Kobayashi available to address these issues. If Ricoh does not make Dr. Kobayashi available to testify on these topics, pursuant to the assignment agreement where Dr. Kobayashi agreed to cooperate with any litigation and/or the subpoena, on the noticed date of May 25, 2006 or on another date prior to the close of fact discovery, we will seek to preclude testimony by him on these topics at trial.

If you agree that we do not waive any rights that we may have to enforce the subpoena and that we can pursue such testimony after May 30, then we will agree to defer the need to comply with the subpoena until we resolve our dispute. Provided we can reach such an agreement, then Ricoh need not move to quash on Monday, but instead we can defer resolution of this issue so that we have adequate time for a meaningful meet and confer.

With respect to the trial subpoena, we believe service of the trial subpoena on Dr. Kobayashi was proper, and we will not withdraw it. Given that this issue is not urgent, however, we can address this at a later date.

Very truly yours,

Denise M. De Mory

cc:   Gary Hoffman, Esq.
Edward Meilman, Esq.
Eric Oliver, Esq.
DeAnna Allen, Esq.
Michael Weinstein, Esq.
Seymour Seyoum

DM_US\8347978.v1

# EXHIBIT F

## Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO: Hideaki Kobayashi

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Howrey, LLP<br>525 Market Street, Suite 3600, San Francisco, California 94105 | DATE AND TIME<br>May 25, 2006, 9:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>May 15, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaclyn C. Fink, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone: (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| | |
|---|---|
| May 15, 2006 | 525 Market Street, Suite 3600<br>San Francisco. CA 94105 |
| DATE | PLACE |

SERVED:    **HIDEAKI KOBAYASHI**

| | |
|---|---|
| Hideaki Kobayashi personally | Personal Service |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| Denise M. De Mory | Attorney for Aeroflex, Inc., et al. |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   May 15, 2006
               DATE

SIGNATURE OF SERVER

525 Market Street, Suite 3600
San Francisco, CA 94105

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.<br>www.USCourtForms.com

EXHIBIT G

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICOH COMPANY, LTD.,

V.

AEROFLEX INCORPORATED, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-4669 MJJ (EMC)

TO: HIDEAKI KOBAYASHI

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | COURTROOM<br>11, 19th Floor |
|---|---|
| | DATE AND TIME<br>November 27, 2006 at 9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendants Aeroflex Inc., et al. | DATE<br>May 15, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaclyn C. Fink
HOWREY, LLP, 525 Market Street, Suite 3600, San Francisco, California, 94105
Telephone: (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| | |
|---|---|
| May 15, 2005 | 525 Market Street, Suite 3600<br>San Francisco, CA 94105 |
| DATE | PLACE |

SERVED:   **HIDEAKI KOBAYASHI**

| | |
|---|---|
| Hideaki Kobayashi personally | Personal Service |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| Denise M. De Mory | Attorney for Aeroflex, Inc., et al. |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   May 15, 2006
           DATE

SIGNATURE OF SERVER

525 Market Street, Suite 3600
San Francisco, CA 94015
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.<br>www.USCourtForms.com

# EXHIBIT H
## (Filed Under Seal)

# EXHIBIT I

## (Filed Under Seal)

EXHIBIT J

GSA - Privately Owned Vehicle (POV) Mileage Reimbursement Rates                    Page 1 of 2



U.S. General Services Administration

**Travel Management**

Overview

FAQ

Per Diem

State Tax Rates & Exemption Forms

Travel & Relocation Innovation Award

POV Mileage Reimbursement Rates

Federal Traveler's Quick Reference Guide

Interagency Travel Mgmt Committee (ITMC)

Travel Mgmt Policy Notification Mail

Hurricane Katrina Q & As

Library

Home > Policy > Travel Management > POV Mileage Reimbursement Rates

# Privately Owned Vehicle (POV) Mileage Reimbursement Rates

**2006 POV Mileage Reimbursement Rates**

GSA has established the mileage reimbursement rates for federal employees who use privately owned vehicles while on official travel.

The rates for the use of these modes of transportation, effective January 1, 2006, are as follows:

**Privately Owned Vehicle Reimbursement Rates:**

- Airplane .......... $1.07 per mile

- Automobile Rates:

  - 44.5 cents per mile (if no Government Owned Vehicle available)
  - 28.5 cents per mile (if Government Owned Vehicle available)
  - 12.5 cents per mile (if committed to use Government Owned Vehicle)

- Motorcycle POV Rate ..... 30.5 cents per mile

**Past year's automobile rates are as follows:**

| Effective Date | Rate |
| --- | --- |
| January 1, 2006 | $0.445 |
| September 1, 2005 | $0.485 |
| February 4, 2005 | $0.405 |
| January 1, 2004 | $0.375 |
| January 1, 2003 | $0.360 |
| January 21, 2002 | $0.365 |
| January 22, 2001 | $0.345 |
| January 14, 2000 | $0.325 |
| April 1, 1999 | $0.31 |

**CONTACTS**

**Additional Contacts For**
Travel Management Policy

**e-TOOLS**

TMC Trak Information

**GSA EVENTS**

National Travel Forum 2006

**REFERENCE**

Federal Travel Regulation (FTR) Overview

**RELATED GSA TOPICS**

Relocation Income Tax Resources
Per Diem Rates

**FEDERAL LINKS**

Alaska, Hawaii, Puerto Rico, and U.S. possessions Per Diem Rates
Foreign Per Diem Rates
GSA Board of Contract Appeals Off Portal Website
GSA's Contracted Travel Management Centers
Hotel and Motel Fire Safety
U.S. Government Car Rental Program

**NON-FEDERAL LINKS**

Federal Premier Lodging Program
National Association of Counties (NACO) Website

Contact Us
GSA Staff Directory

**GSA Organizations**

Choose...        GO
Abbreviation Look-up

**GSA Regions by State**

Choose State:  AK    GO

**QuickLinks**
A-Z Links to GSA Topics

| September 8, 1998 | $0.325 |
| June 7, 1996 | $0.31 |
| January 1, 1995 | $0.30 |

The shortcut to this page is www.gsa.gov/mileage.

Last Reviewed 1/24/2006

Add to MyGSA

Printer Friendly format

---

Help  |  Sitemap  |  Accessibility Aids  |  Linking  |  Privacy and Security

Also of Interest:    Whitehouse.gov | FirstGov.gov | E-Gov.gov | ExpectMore.gov | Other Suggested Sites

EXHIBIT K

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

April 3, 2006

**Via PDF**

Ethan Andelman
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708

  Re: Ricoh v. Aeroflex, et al.
    Synopsys v. Ricoh

Dear Mr. Andelman:

   I write in response to your emails of Friday, March 31, regarding the proposed Kobayashi deposition. Although we have repeatedly attempted to contact Dr. Kobayashi, we have not yet received any response. We do not know if he is traveling or otherwise unavailable. We will continue to try to contact him, and will advise you when we have any further information.

   Until we know whether Dr. Kobayashi will voluntarily agree to sit for another deposition, we cannot consent to your proposed order. Among other things, we understand that the Japanese authorities require that an order permitting depositions specifically recite that the witness voluntarily consents to the deposition; your proposed order omitted that language.

   Even if Mr. Kobayashi was to immediately respond and agree to be deposed for a third day, and the parties were able to obtain another Court order, we would be unable to timely obtain our visas. It took two full weeks for our attorneys who will be going to Japan to obtain their visas on an expedited basis; we just received them back today, and have been advised that the delay is at the Japanese embassy. We do not have time to get new visas before our attorneys who are covering the Japan depositions will be departing in the next few days.

   In addition, as we have repeatedly advised you, Gary Hoffman has to be at a hearing in New Jersey on April 25, and I must be in Memphis on April 25 and 26 for a hearing. For all of these reasons, the Kobayashi cannot proceed on April 24.

         Sincerely,

         Kenneth W. Brothers

cc: Howrey distribution list

1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880
10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470
www.DicksteinShapiro.com
DSMDB.2066896.1

# EXHIBIT L

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8  SYNOPSYS, INC.,                          No. C-03-2289 MJJ (EMC)
                                            No. C-03-4669 MJJ (EMC)
9            Plaintiff,

10      v.

11  RICOH CO., LTD.,                        **ORDER RE DISCOVERY DISPUTES AS
                                            TO DEPOSITIONS IN JAPAN AND**
12           Defendant.                     **ORDER RE FUTURE DISCOVERY
   _____/            DISPUTES**
13
   RICOH CO., LTD.,                         **(Docket Nos. 304, 305 - C-03-2289)**
14                                          **(Docket Nos. 402, 403 - C-03-4669)**
             Plaintiff,
15
        v.
16
   AEROFLEX, *et al.*,
17
             Defendants.
18
   _____/
19

20

21       The parties once again have submitted yet additional discovery disputes which could and

22  should have been resolved by counsel.  Instead, counsel filed "joint" letters (consisting of cut and

23  pasting of discrete mini-briefs with no effort to integrate and juxtapose their positions) of 12 and 15

24  pages containing single-space text and some 32 exhibits.  Although each letter recites the parties

25  attempted to resolve the dispute, neither side provides any detail as to how long the parties met and

26  conferred, who participated, or what offers were made or ideas advances to resolve and compromise

27  these disputes.

28

United States District Court

For the Northern District of California

1  The Court has reviewed the letters.  The issues were not well considered, and in the Court's

2  view, poorly briefed.  For example, in the dispute over Dr. Kobayashi's continued deposition, the

3  Customer Defendants spend a significant portion of their energy chastising Ricoh's counsel.  Yet,

4  they never describe precisely what it is (other than testimony on newly produced documents) Dr.

5  Kobayashi failed to cover in the first two days of deposition, a central consideration.  On the other

6  hand, Ricoh spends a great deal of energy arguing that the Customer Defendants failed to utilize

7  procedures for compelling testimony under Rule 28(b) and that this Court lacks personal jurisdiction

8  over Dr. Kobayashi.  Ricoh completely misses the point that what is being sought is an order

9  requiring Ricoh to exercise of its ability to produce Dr. Kobayashi with the risk of having his

10  testimony barred at trial should Ricoh refuse to cooperate despite a finding by the Court that an

11  additional day of deposition is warranted.  Not only was most of the briefing unhelpful, focusing on

12  collateral rather than central material points, a properly focused brief could have been completed in

13  three pages.

14  More importantly, these disputes should have been resolved.  The applicable law is not

15  complicated.  Reasonable compromise was possible.  Instead, counsel engaged in sophomoric

16  posturing, building every mole hill into a mountain, posturing at every opportunity.  In this Court's

17  view, neither counsel has served the Court nor their clients' interest well.

18  Consequently, the Court hereby orders that for all future discovery disputes, the parties shall

19  meet and confer in earnest and in good faith.  If a telephonic meeting does not resolve the dispute,

20  counsel shall meet **in person**.  If that does not resolve the dispute, counsel shall call chambers to

21  arrange a court-supervised, **in person** meet and confer of **lead trial counsel** in this Court's jury

22  room.  If any dispute remains, the parties shall then file a joint letter describing the meet and confer

23  efforts (who participated, number of sessions, number of hours, what ideas were proposed to resolve

24  the dispute(s)).  Each side will be limited to three pages of single space text explaining its position.

25  Only essential exhibits necessary to the resolution of the issue(s) shall be attached.  If the Court

26  finds additional briefing or argument is warranted, it shall order it.  Any party violating this order

27  will be held in contempt.

28

**United States District Court**
For the Northern District of California

1    As to the merits of the dispute, the Court, having reviewed the letter briefs such as they are,

2    and good cause appearing therefor, rules as follows.

3    The Customer Defendants are entitled to take one additional day of deposition of Dr.

4    Kobayashi, the first named inventor of the patent-in-suit. He is an important witness in a significant

5    case. It is not unreasonable or unusual for an important witness in such a substantial case to be

6    deposed for more than two days, especially one testifying through an interpreter. The additional

7    documentary evidence produced since the last deposition provides an additional reason for the extra

8    day. There was no agreement by the Customer Defendants to limit the deposition to two days, and

9    the decision to proceed with the first deposition on all issues did not necessarily preclude a further

10   deposition, especially where Defendants made clear at the first deposition they felt it was not

11   complete. Other than the conclusory "two-bites-at-the-apple" argument, Ricoh has not identified

12   any real and substantial prejudice were an additional day of deposition allowed. To be sure, this

13   Court cannot compel Dr. Kobayashi to appear at a deposition since Defendants have not utilized

14   procedures under Rule 28(b). Nonetheless, if the Court were to find that Ricoh in fact had the

15   ability to produce Dr. Kobyashi for deposition (given *e.g.* the prior ability to obtain Dr. Kobayashi's

16   cooperation and Ricoh's assignment agreement with Dr. Kobayashi) and failed to do so, this Court

17   will recommend to Judge Jenkins that his testimony be barred at trial.

18   The Customer Defendants are not entitled to require the deposition of Mr. Shindo. Although

19   he is described as Dr. Kobayashi's co-inventor, the Defendants have made no showing as to why his

20   testimony is necessary or what additional information they expect to obtain beyond that acquired

21   through the extended deposition of Dr. Kobayashi. Moreover, the request is raised belatedly.

22   As to Synopsys and Customer Defendants' request to take the depositions of individuals in

23   Japan they believe are current or former employees of Ricoh, that request is denied. A number of

24   the identified individuals are not Ricoh employees. As to the four who are employees (Minami,

25   Iida, Tsukamoto and Kumano), their testimony cannot be compelled. Synopsys and the Customer

26   Defendants did not utilize Rule 28(b) procedures. To be sure, testimony of foreign individuals who

27   are employees of a party may be compelled without Rule 28(b) under some circumstances. In

28   particular, the examining party may compel the testimony of a corporation via employees identified

3

1  by the examining party, but only if the employee is a "managing agent" who is invested with general

2  powers to exercise discretion and judgment in dealing with corporate matters and who can be

3  expected to identify with the corporation's interests as opposed to an adversary's interest.  *In re*

4  *Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540-41 (D. Md.

5  1996); *Boston Diagnostics Development Corp., Inc. v. Kollsman Manufacturing Co.*, 123 F.R.D.

6  415, 416 (D. Mass. 1988).  No such showing has been made here.  Moreover, there is no indication

7  that Ricoh intends to call any of these four individuals to testify at trial, and thus there is no issue as

8  to whether the Court should exercise its power to bar their testimony absent their production for

9  deposition.

10       This order disposes of Docket Nos. 304 and 305, C-03-2289 and of Docket Nos. 402 and

11  403, C-03-4669.

12

13       IT IS SO ORDERED.

14

15  Dated:  March 30, 2006

16                                          EDWARD M. CHEN
                                           United States Magistrate Judge
17

**United States District Court**
For the Northern District of California

4

# EXHIBIT M
## (Filed Under Seal)