1  Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
Washington, DC  20037-1526
4  Phone (202) 785-9700
Fax (202) 887-0689
5
Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
New York, New York  10036-2714
8  Phone (212) 835-1400
Fax (212) 997-9880
9
Jeffrey B. Demain, State Bar No. 126715
10  Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11  177 Post Street, Suite 300
San Francisco, California  94108
12  Phone  (415) 421-7151
Fax (415) 362-8064
13
Attorneys for Plaintiff

14

15                  UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
16

17

18  RICOH COMPANY, LTD.,                    )  **CASE NO. CV 03-4669-MJJ (EMC)**
                                            )
19            Plaintiff,                     )  **DISCOVERY MOTION**
                                            )
20      vs.                                  )  **RICOH'S NOTICE OF MOTION AND**
                                            )  **MOTION TO COMPEL AGAINST MATROX**
21  AEROFLEX INCORPORATED, et al.,           )  **DEFENDANTS**
                                            )
22            Defendants.                    )  **Date:  TBD**
                                            )  **Time: TBD**
23                                           )  **Courtroom:  C**
                                            )
24

25

26

27

28

1

### NOTICE OF MOTION AND RELIEF REQUESTED

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

**PLEASE TAKE NOTICE** that on a date and time to be determined in Courtroom C of the

4

above-referenced court Ricoh Company, Ltd. ("Ricoh"), will and hereby does move the Court for an

5

order compelling Defendants Matrox Graphics, Inc., Matrox Electronic Systems, Inc., Matrox Tech Inc.

6

and Matrox International, Inc (collectively "Matrox") either to produce documents required by this

7

Court's May 8, 2006 Order, or for the imposition of a stipulation or similar evidentiary sanctions that

8

were sought in Ricoh's motion to show cause, which led to the May 8 Order.  Although discovery has

9

closed, because it arises from the May 8 Order and depositions taken in the past two weeks, counsel for

10

Matrox has agreed that this motion is timely if filed by June 16, 1006.

11

12

Ricoh bases this motion upon the following Memorandum of Points and Authorities, the

13

supporting declaration of Michael Weinstein and attached exhibits, all pleadings on file in this case, and

14

such argument as may be heard by this Court.

15

### MEMORANDUM OF POINTS AND AUTHORITIES

16

On February 21, 2006, Ricoh filed a motion for sanctions seeking, among other things,

17

evidentiary sanctions based upon defendants' refusal to comply with Judge Jenkins' July 2005 directives

18

for defendants to disclose relevant information regarding the ASICs at issue.  That motion led to the

19

Court's Order of May 8, 2006, which among other things obligated Matrox to supplement its

20

declarations identifying all of the accused ASICs, as well as produce technical and financial documents:

21

D.I. 460 at 1-4 ("The 'product package' for a newly identified Commercial ASIC will include, to the

22

extent that it exists and is within the producing Defendant's possession, custody or control, the (1)

23

script(s), including DC setup files, (2) inputs, including RTL inputs, (3) technology library(ies), (4) log

24

file(s) and (5) netlist(s) for the newly identified Commercial ASIC.").

25

26

27

28

RICOH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2102225v01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On May 10, 2006, Matrox provided supplemental declarations that disclosed, for the first time since the bulk of producing product packages began[1], a new ASIC code named "Maven." Although Matrox was obligated to provide the specified technical and financial documents by no later than May 15, it did not.  Instead, on June 7, Matrox's counsel stated that Matrox could not locate any of the relevant product level documents.  Weinstein Dec., Ex. 2, Chiappini Tr. at 60.  The 'product package' documents are necessary for Ricoh's expert to analyze the accused ASIC and document its infringement claims.  Weinstein Dec. ¶ 11.

On June 7, 2006, Ricoh's counsel deposed David Chiappini pursuant to Rule 30(b)(6) with respect to Matrox's newly disclosed products.  That designee testified that he was unable to identify the most basic technical facts with respect to the Maven chip.  Mr. Chiappini had no personal involvement with the design or creation of the Maven chip.  Based on production specification, Typhoon Technologies, another Matrox entities, designed and created, the Maven chip. He was also unable to explain why Matrox was unable to locate the relevant technical documents other that to indicate that "the design was done a very long time ago, and the company was very young at that point, and document retention wasn't the primary objective."  Weinstein Dec., Ex. 2, Chiappini Tr. at 8).[2]

In the past few weeks, Ricoh's counsel has repeatedly met and conferred with respect to this issue, but without success.  The parties has previously stipulated that motions with respect to the newly

---

[1] Maven was previously listed as a declared product as part of a first list of declared products. Weinstein Dec., Ex. 3. Maven was subsequently removed from the first declared product list in the second declared product list.  Weinstein Dec., Ex. 4. The defendants beginning producing Product packages for ASIC products after the service of the second declared product list.  The ASIC Maven was inserted as a relevant ASIC in the third product list, provided three weeks before the close of discovery.  Weinstein Dec., Ex. 5. To date, Ricoh has not received the required and requested technical information. Weinstein Dec. ¶12.

[2] This is not the only ASIC for which Matrox  has failed to produce the relevant information.  Matrox has failed to produce the required technical information for another Matrox chip with the code name of "Rainbow Runner", which is included on the list of declared products. Weinstein Dec., Ex. 6  Ricoh has been advised by Matrox's counsel that it was continuing to look for the technical information for this chip.  Subsequently, Matrox's counsel indicated that there was no data. Weinstein Dec. Ex. 7.  To date, Ricoh has not received the required and requested technical information.  Weinstein Dec. ¶13.  Ricoh requests that the same relief requested for Maven also be applied with respect to Rainbow Runner.

RICOH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2102225v01

1  disclosed chips and depositions need be filed by June 15; earlier this week, the parties agreed to extend

2  this by one day to June 16.  Weinstein Dec. ¶14.  Although the parties continue to discuss a possible

3  compromise (discussed below), on June 15, 2006, Matrox's counsel said that Ricoh would be required to

4  file a motion by June 16 in order to prevent a waiver of Ricoh's right to raise the issue with the Court.

5          Ricoh has no desire to conduct a detailed investigation into when the relevant documents

6  were destroyed, and whether Matrox failed to take adequate steps to preserve these files during the

7  pendency of this litigation.  Instead, Ricoh proposed a common-sense solution to the problem:  Because

8  Ricoh's infringement theory is similar for the accused Matrox chips, varying only by the nature of the

9  inputs and the libraries, the parties would stipulate that Ricoh's infringement theory against Matrox

10  would proceed in the absence of the missing technical information for the Raven and Rainbow Runner

11  ASICs.  There is no dispute between the parties that if Ricoh's infringement theory is accepted by the

12  jury, all of the accused Matrox chips will be deemed infringing.  In that event, the jury would be advised

13  to include the two chips in the damages calculation.  Matrox would not lose its ability to present any of

14  its defenses, and the evidence would largely be the same.  Although Matrox's counsel agreed to consider

15  this proposal, it also advised Ricoh that Ricoh should nonetheless file this motion to preserve its rights.

16  If a litigant knows or should have known that it failed to comply with a discovery order, it may be found

17  at fault for failure to comply with the order.  *Wright v. Maritime Overseas Corp.*, 96 F.R.D. 686, 687-

18  688 (9th Cir. 1983) (dismissing action with prejudice because, "[d]espite proper and lawful demand,

19  plaintiff has refused to produce any verified discovery responses whatsoever.".)  A knowing and willing

20  violation of a discovery order merits a finding of bad faith against the violating litigant.  *Hyde & Drath*

21  *v. Baker*, 24 F.3d 1162, 1168 (9th Cir. 1994) ("We need not consider whether the district court abused

22  its discretion in failing to consider the doctors' declarations before it dismissed the complaint because

23  there is alternative evidence of K'ung's bad faith regarding the discovery orders.".)  "The choice of the

24  appropriate discovery sanction is the responsibility of the trial judge and will not be reversed absent

25  abuse of discretion."  *Wright*, 96 F.R.D. at 687-688.  The sanction sought by Ricoh is less severe than

26

27

28

1  those sanctions authorized by Fed. R. Civ. P. 37(b)(2), which include taking designated facts as

2  established, prohibiting a party from introducing evidence, striking pleadings and default judgment.

3        Ricoh's proposal is fair and equitable.  It avoids a protracted battle over when and why

4  highly relevant evidence was lost or destroyed.  It does not materially lighten Ricoh's obligation to

5  prove infringement, nor does it unfairly prejudice Matrox.  The proposed solution is far less draconian

6  than Ricoh's original relief sought in its motion to show cause, and is within the discretion of this Court.

7        A proposed Order is attached.

8

9

10

11  Dated: June 16, 2006                           Respectfully submitted,

12                                                 Ricoh Company, Ltd.

13  Jeffrey B. Demain, State Bar No. 126715
    Jonathan Weissglass, State Bar No. 185008
14  Altshuler, Berzon, Nussbaum, Rubin &           By: /s/ Gary M. Hoffman
    Demain
15  177 Post Street, Suite 300                     Gary M. Hoffman
    San Francisco, California  94108               Kenneth W Brothers
16  Phone:  (415) 421-7151                         Michael A. Weinstein
    Fax:  (415) 362-8064                           DICKSTEIN SHAPIRO MORIN *&*
17                                                     OSHINSKY  LLP
                                                   2101 L Street NW
18                                                 Washington, D.C.  20037-1526
                                                   Telephone: (202) 785-9700
19                                                 Facsimile: (202) 887-0689

20                                                 Edward A. Meilman
21                                                 DICKSTEIN SHAPIRO MORIN *&*
                                                       OSHINSKY  LLP
22                                                 1177 Avenue of the Americas
                                                   New York, New York  10036
23                                                 Telephone:  (212) 896-5471
                                                   Facsimile:  (212) 997-9880
24
25                                                 Attorneys for Ricoh Company, Ltd.

26

27

28

RICOH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2102225v01

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

RICOH COMPANY, LTD.,

          Plaintiff,

          v.

AEROFLEX ET AL.,

          Defendants.

Case No. CV-03-4669-MJJ

**[PROPOSED] ORDER GRANTING
PLAINTIFF RICOH'S MOTION
TO COMPEL AGAINST MATROX
DEFENDANTS**

      Upon consideration of RICOH'S MOTION TO COMPEL AGAINST MATROX

DEFENDANTS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any

reply and additional argument, and having conducted a hearing on the motions, and the Court being fully

advised of the premises, the Court hereby GRANTS Ricoh's Motion to Compel against Matrox

Defendants.

      IT IS SO ORDERED.

DATED: _____     _____

                               The Honorable Edward Chen
                               Magistrate Judge, United States District Court

2102360.01