Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SYNOPSYS, INC., | **CASE NO. C-03-2289-MJJ (EMC)** |
|         Plaintiff, | **CASE NO. C-03-4669-MJJ (EMC)** |
|    v. | |
| RICOH COMPANY, LTD., | |
|         Defendant. | |
| RICOH COMPANY, LTD., | **RICOH'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS** |
|         Plaintiff, | |
|    v. | |
| AEROFLEX INCORPORATED, et al., | |
|         Defendants | |

Defendants' opposition overlooks the crucial fact that, in connection with the briefing that led to the March 30, 2006 order permitting one additional day of testimony from Dr. Kobayashi, while Synopsys and the Aeroflex defendants (collectively "defendants") were seeking to compel two more deposition days Dr. Kobayashi, Ricoh simultaneously was objecting and sought a protective order against any more deposition time.  The Court considered the cross-motions (which we submitted in the Court's preferred joint letter format), and permitted only "one additional day of the deposition of Dr. Kobayashi."  D.E. 414, at 3.  For the defendants to now argue (at pp. 1-2) that "nothing in the Order prohibits Defendants from seeking additional deposition time from Dr. Kobayashi" reflects a disappointing disregard for this Court.  The issue was already litigated.  The arguments were already made.  Defendants wanted two more days; Ricoh none.  The Court made its decision:  "one additional day."  The issue has already been resolved.  This should be the end of the matter.

Defendants' list of issues of what they would like to question Dr. Kobayashi about is the same outline that was followed in the two days of his deposition in May 2004, and the additional day in May 2006.  Virtually all of the documents on which they rely and that relate to their wish list were produced in 2003.  Defendants had more than adequate time to depose the witness.  More time is simply abusive.

Defendants claim that Dr. Kobayashi should not have needed an interpreter. But he has been living in Japan for many years, and his English is not as good as it once was, especially for a formal proceeding like a deposition.  Dr. Kobayashi had requested an interpreter, and the record reflects that the interpreter was necessary, as Dr. Kobayashi sometimes struggled to find the correct words.  In any event, defendants had made the same argument earlier this year, and the Court limited the deposition to "one additional day."

Contrary to defendants' claim, Dr. Kobayashi is not "in Ricoh's control."  He is a third party.  He never has been a Ricoh employee.  He voluntarily consented to provide his deposition testimony, but feels that he is being taken advantage of by defendants.  He had agreed to come to the United States for a single day of testimony, and after he kept his end of the agreement, defendants tried to change the rules.  Given the prior Order of this Court, there is no basis to subject this third party to still more depositions.  The subpoenas should be quashed, and Ricoh receive its fees and costs pursuant to 28 U.S.C. 1927.

Dated: June 21, 2006

DICKSTEIN SHAPIRO MORIN & OSHINSKY

By:   /s/ Kenneth W. Brothers
      Gary M. Hoffman
      Kenneth W. Brothers
      2101 L Street, NW
      Washington, DC  20037-1526
      Phone (202) 785-9700
      Fax (202) 887-0689

      Attorneys for Ricoh Company, Ltd.