1 | Teresa M. Corbin (SBN 132360)
2 | Denise M. De Mory (SBN 168076)
    Ethan B. Andelman (SBN 209101)
3 | Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
4 | 525 Market Street, Suite 3600
    San Francisco, California 94105
    Telephone: (415) 848-4900
5 | Facsimile: (415) 848-4999

6 | Attorneys for Plaintiff SYNOPSYS and
    Defendants AEROFLEX INCORPORATED,
7 | AEROFLEX COLORADO SPRINGS, INC.,
    AMI SEMICONDUCTOR, INC., MATROX
8 | ELECTRONIC SYSTEMS, LTD., MATROX
    GRAPHICS INC., MATROX
9 | INTERNATIONAL CORP., and MATROX
    TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
|---|---|
| Plaintiff, | Case No. C03-2289 MJJ (EMC) |
| vs. | **NOTICE OF ERRATA TO SUPPLEMENTAL DECLARATION OF DENISE M. DE MORY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY** |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC., | |
| Defendants. | |
| SYNOPSYS, INC., | |
| Plaintiff, | |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

**HOWREY LLP**

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
NOTICE OF ERRATA TO SUPPL DE MORY DECL ISO REPLY TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
DM_US\8359279.v1

1 | Plaintiff Synopsys, Inc. and Defendants Aeroflex Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, "Synopsys and the Customer Defendants") submit this Errata to the Supplemental Declaration of Denise M. De Mory in Support of Defendants' Motion to Compel Discovery ("Supp. De Mory Decl."), filed June 21, 2006.

Synopsys and the Customer Defendants inadvertently submitted incorrect Exhibit Nos. 1 and 10. Corrected copies of these exhibits are attached hereto.

Dated: June 22, 2006

Respectfully submitted,

HOWREY LLP

By: _____*/s/Jaclyn C. Fink*_____
Jaclyn C. Fink
Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS,
INC., AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS,
LTD., MATROX GRAPHICS, INC.,
MATROX INTERNATIONAL CORP.,
and MATROX TECH, INC.

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
NOTICE OF ERRATA TO SUPPL DE MORY DECL ISO REPLY TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
DM_US\8359279.v1

1

HOWREY LLP

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

May 5, 2006

**Via PDF**

Brian Smith, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708

    Re:    Ricoh v. Aeroflex, et al.
             Synopsys v. Ricoh

Dear Brian:

    This letter memorializes our discussion during yesterday's meet and confer regarding your clients' two March 2006 Rule 30(b)(6) deposition notices to Ricoh.

    I advised you that Ricoh's intent was to resolve all of the areas of disagreement in advance of the resumption of the Rule 30(b)(6) depositions of Messrs. Takada and Ishijima, scheduled for May 12-13,[1] and the expected continuation of the Rule 30(b)(6) deposition of Mr. Oka during either the week of May 15 or May 22. I repeated my oft-stated position that, following those depositions, Ricoh would not again produce any of its witnesses for deposition, so it was incumbent upon the parties to promptly resolve their disputes. I am concerned that, with respect to some of the issues where the disputes have long been identified and at issue, you have declined to present the issue to the Court. If and when you so choose to present any of these issues to the Court, we will point out (among other things) that the failure to timely address the issues is a reason to deny the requested relief. I understand that you did not necessarily agree with this position, but you acknowledged this to be Ricoh's position.

**The March 2, 2006 notice**

    With respect to the March 2, 2006 notice, you characterized that notice as dealing exclusively with damages issues. I noted that some of the topics could be interpreted to also address infringement issues or affirmative defenses (such as laches), but you repeatedly reassured me that it was not your intention to get into such non-damages issues on this notice.

---

[1] Mr. Ishijima's deposition is to be completed on May 12 and Mr. Takada's deposition, if necessary, can be continued on May 13 up until 12 noon.

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.2081536.1     *www.DicksteinShapiro.com*

Brian Smith, Esq.
May 5, 2006
Page 2

In light of Ricoh's representation that it is not seeking lost profits as a damages remedy, you agreed that no witness need be provided on topics 10, 12, 13, 14, 15, 16[2] and 20.

I represented that there were no other actual or threatened litigations involving the '432 patent (topic 6), or any efforts by Ricoh to obtain public or private funding for the litigation (topic 7), and you agreed that no witnesses needed to be provided on those topics. I further advised you that the only relevant information responsive to topics 17 and 19 was expert testimony, and no fact designee would be named.

You advised me that topic 21 was intended to be a catch-all of the other Georgia Pacific topics already in the notice. I informed you that in the absence of anything new, Ricoh would rely on our discussion regarding other topics and would not designate anyone on that topic.

I pointed out that topic 23 duplicated the topics on the September 6, 2003 Rule 30(b)(6) notice, on which Mr. Ishijima has already been deposed for two days, and that Ricoh would not again produce a witness on this wholly duplicative topic.

We agreed that most of the remaining topics addressed various aspects of the Georgia Pacific analysis. I informed you that, to the extent any of those topics called for expert opinions and conclusions, no such testimony would be provided during this Rule 30(b)(6) fact deposition. The topics that at least partially implicate expert testimony include topics 4, 5, 8, 9, 11 and 20.

To the extent any of the remaining topics for which a witness will be designated calls for the disclosure of factual information known to Ricoh, we discussed the following limitations on scope: First, the scope of the noticed topics will be limited to the time period for which Ricoh is seeking damages, e.g., 1997-present. I advised you that, since the defendants have refused to produce information regarding any potential infringement prior to that time, it was improper to assert that Ricoh should have an obligation to provide testimony regarding the Georgia Pacific factors prior to 1997. Second, I advised you that the scope of the testimony would be limited to the subject matter of the '432 patent, e.g., logic synthesis of ASICs. Third, I advised you that Ricoh would not assume the obligation to provide testimony about information not known to Ricoh, which might include information known to third parties. Subject to these limitations, I advised you that Ricoh would provide designees on the following topics, and reserving any objections based on privilege or work product:

    Topic 1
    Topic 2
    Topic 3 (further limited to Ricoh's policies applicable to the U.S.)

---

[2] You opined that topic 16 also might possibly relate to damages other than lost profits, but could not explain why. Assuming arguendo that it did, anything remaining would be the subject of expert testimony, so Ricoh will not provide a designee on this topic.

Brian Smith, Esq.
May 5, 2006
Page 3

    Topics 4 and 5 (further limited to Ricoh's acquisition of the partial interest of the '432 patent)
    Topic 8 (further limited to general discussions of the market potential for ASICs during the damages period)
    Topic 9 (further limited to the costs associated with the prosecution of the patent)
    Topic 11 (further limited to licenses relating to the '432 patent only)
    Topic 18 (further limited to the identification of the persons involved in negotiating and approving licenses for the '432 patent)
    Topic 22 (further limited to the products of the Aeroflex defendants)

**The March 23, 2006 notice**

    With respect to the March 23, 2006 notice (reissued on April 4, 2006), I reiterated to you that Ricoh would not produce a witness on the laches issues (topics 1-4), as Judge Jenkins has already ruled that defendants should not be permitted to expand their laches defense to include Ricoh's use of Design Compiler. I noted that Denise DeMory has repeatedly promised to send us a joint letter on this issue, but to date has not.

    With respect to the prior art topics (topics 5-13), I reiterated my comments regarding expert testimony, and told you that Ricoh would not present any fact witness to opine about any aspect of the prior art that would require an analysis of the prior art or a comparison to the prosecution history, the patent or the claim construction. I also advised you that Ricoh would not designate a witness to testify about facts not within its knowledge, despite your inclusion of the phrase "known to Ricoh or known to anyone associated with the prosecution." I reminded you that Dr. Kobayashi had been deposed for two days and would be deposed for another day, and that Ricoh had no obligation to produce a corporate designee to testify about knowledge possessed by him or any other third parties. I further advised you that, during the prosecution of the patent, Ricoh likely had no knowledge of the specific pieces of prior art identified in topics 6-13.

    With respect to topic 14, I advised you that it duplicated many of the topics in the August 11, 2003 and November 20, 2003 notices, and had already been the subject of prior testimony. Ricoh will not designate witnesses on those duplicative agreements.

    Subject to these limitations, and reserving any objections based on privilege or work product, I advised you that Ricoh would provide designees on the following topics:

    Topic 5 (further limited to the prior art cited in the prosecution history)
    Topics 6-13 (further limited to factual information, if any, of Ricoh's knowledge of the cited art during the prosecution of the patent)
    Topic 14 (further limited to agreements not previously identified in the 2003 notices, and relating to the '432 patent or to the litigation, including litigation-related consulting agreements).

Brian Smith, Esq.
May 5, 2006
Page 4

      Finally, I told you that we would provide you with the names of the designees on each of the topics for which witnesses would be provided next week, after Ricoh returns from the Golden Week holidays.

Sincerely,

Kenneth W. Brothers

cc:    Howrey distribution list

DSMDB.2081536.1    DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

February 10, 2006

Via PDF

Denise DeMory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708

   Re: Ricoh v. Aeroflex, et al.
     Synopsys v. Ricoh

Dear Denise:

  I write in response to Lorrel Birnschein's letters of January 24 and February 3, 2006 regarding the supplementation of interrogatories served on Ricoh. Ricoh is willing to supplement its interrogatory responses to the extent such requests are consistent with the federal and local rules, and not otherwise subject to objections.

  The letter of January 24, 2006 regarding discovery requests served on Ricoh withdraws several interrogatories by the ASIC defendants. As a matter of clarification, as Judge Chen has indicated, to the extent that a party in the Delaware action served interrogatories while the action was pending in Delaware, and those interrogatories were not the subject of objections, then that party may have 50 interrogatories (including subparts). Ricoh objected to a number of those original interrogatories, and if we cannot successfully negotiate regarding this issue, we reserve the right to stand on those objections. Synopsys, however, is entitled only to 25 interrogatories, including subparts, since it never was subject to the Delaware local rules.

  The January 24 letter incorrectly characterizes the Court's instructions on calculation of interrogatory subparts. As Judge Chen repeatedly indicated in its September 22, 2005 Order, interrogatories seeking information regarding *each product* constitute multiple interrogatories, at least one subpart for each product. "Interrogatory No. 2 does constitute multiple interrogatories because it asks for information about *each* ASIC product." Order Re: Parties Joint Letter of September 16, 2005, Page 5. An interrogatory asking for a separate response for each claim is no different. Thus, an interrogatory seeking information "separately for each claim" contains multiple subparts—at least one subpart for each claim.

  For this reason, Lorrel's calculation of Interrogatory subparts is incorrect. For example, with respect to Aeroflex's first set of Interrogatories, the number of interrogatories is as follows:

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
DSMDB.2042929.2  *www.DicksteinShapiro.com*

Denise DeMory, Esq.
February 10, 2006
Page 2

| Interrogatory | Min. number of Subparts |
|---|---|
| ~~1~~ | Withdrawn |
| 2 | 3 |
| 3 | 3 |
| 4 | 3 |
| 5 | 2 |
| 6 | 5 (# of claims) x 3 = 15 |
| 7 | 5 x 3 + 5 x 3 = 30 |
| 8 | 5 x 3 + 5 x 3 = 30 |
| 9 | 2 |
| ~~10~~ | Withdrawn |
| 11 | 2 |
| Total | 89 |

As such, Aeroflex has exceeded the maximum number of permissible interrogatories.

Additionally, Synopsys has propounded additional interrogatories that only add to the excessive number of requests sought by Synopsys.

Please identify which interrogatories you would like Ricoh to supplement, while complying with the Court's instructions. It would be most helpful if you were to re-propound the interrogatories, broken out by subpart.

Sincerely,

Kenneth W. Brothers

cc: Howrey distribution list

DSMDB.2042929.2    DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP