Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Ethan B. Andelman (SBN 209101)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendants MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC., <br><br> Defendants. | Case No. C03-4669 MJJ (EMC) <br><br> **MATROX ENTITIES' OPPOSITION TO RICOH'S MOTION TO COMPEL** |

**HOWREY LLP**

## I. INTRODUCTION

This motion is trumped up, nonsensical, and belated. Ricoh Company, Ltd. ("Ricoh") asks this Court, in the guise of a motion to compel discovery, to impose an evidentiary sanction on the four Matrox defendants (collectively, the "Matrox entities"). But Ricoh has not shown any discovery misconduct on the part of the Matrox entities or any violation of the Court's May 8, 2006 Order. Rather, it simply complains that the Matrox entities have no RTL or other code to provide regarding two old ASIC products, and that Ricoh should therefore be relieved of its burden of having to prove infringement against these two products.[1] Without a showing of litigation misconduct, Ricoh's request cannot be given serious consideration, and its motion should be denied with prejudice.

## II. ARGUMENT

Ricoh does not dispute that the Matrox entities have provided Ricoh with all of the technical and financial documents required by this Court's May 8, 2006 Order that are in their possession. Rather, it claims that there has been a "failure" to provide RTL and other code related to two ASIC products that date from the late 1990's — Maven and Rainbow Runner.[2] But this is no "failure," since the documents Ricoh purports to "compel" by way of this motion do not exist. Ricoh is attempting to use the non-existence of these documents to alleviate itself of its burden to demonstrate infringement at trial. Ricoh cannot do so, certainly without providing evidence of serious discovery misconduct, which it has not. Ricoh chose to bring this suit in 2003 and decided to accuse products that were created up to seven years earlier. Any evidentiary problems Ricoh may have in proving infringement on these products are therefore its own doing.

---

[1] Ricoh appears to also seek an order to produce documents. (Motion 1:6-7.) But as the Matrox entities have represented, and Ricoh does not dispute, the documents no longer exist. Clearly, the Matrox entities cannot produce documents that do not exist.

[2] The Matrox entities note that this motion is untimely given the Court's scheduling order signed June 13, 2006, which set the deadline for "discovery motions re general discovery deadline and non-deposition document discovery provided for in Judge Chen's May 8, 2006 Order" for June 7, 2006. Because this motion seeks documents, not deposition testimony (or anything that was "uncovered" during the deposition of Mr. Chiappini), it was filed out of time and can be denied on that basis alone. Moreover, Rainbow Runner is not a new ASIC — Ricoh has long known that code for this product did not exist. (Weinstein Decl., Ex. 7 (e-mail dated February 13, 2006).) Thus, it is completely improper for Ricoh to sweep Rainbow Runner into this already untimely motion.

### A. There is not a shred of evidence to even suggest that discovery misconduct has occurred.

Ricoh suggests that the Matrox entities have destroyed documents related to the Maven and Rainbow Runner products during the pendency of this litigation, and cites case law regarding a "knowing and willing violation of a discovery order." (Motion 3:20-21.)  Ricoh's mere mention of discovery misconduct or violations of a court order does not make it so — Ricoh must support its assertions with evidence.  But there is none, certainly none that could possibly justify the severe evidentiary sanctions Ricoh seeks.

Ricoh states that David Chiappini was "unable to explain why Matrox was unable to locate the relevant technical documents other than to indicate that 'the design was done a very long time ago, and the company was very young at that point, and document retention wasn't the primary objective.'" (Motion at 2:13-16.)  But the full transcript, including the questions, reflects that Ricoh's counsel only asked a single question, and then moved on:

> Q. Do you know -- what is your understanding of when the Maven ASIC was designed?
> MR. ANDELMAN: Objection; vague.
> THE WITNESS: I don't have exact dates.  Approximately, it was in late 1996, '97 time frame.
> Q. In anticipation of discussing the Maven ASIC, did you look at any documents regarding the Maven ASIC?
> A. Unfortunately, there are very few, if any, really available. I did try to look up everything that I possibly could.
> ***Q. Why were documents not available?***
> MR. ANDELMAN: Objection to the extent it calls for speculation.
> ***THE WITNESS: The design was done a very long time ago, and the company was very young at that point, and document retention wasn't the primary objective.***
> BY MR. WEINSTEIN:
> Q. What type of documents were you able to locate to learn or -- strike that.
> Did you play a part in the design or any role in the Maven ASIC?
> A. No.

(Weinstein Decl., Ex. 2, Chiappini Rough Tr. at 7:3-24 (emphasis added).)[3]  So, it is not true that Mr. Chiappini was "unable to explain" anything — *he was not asked to explain it by examining counsel*,

---

[3] Although the official Chiappini transcript is now available, the rough transcript submitted by Ricoh does not have significant differences on the testimony relevant to this motion.

who asked a single question, received an answer that was satisfactory at the time, and moved on to a separate line of questioning. Had Ricoh bothered to question Mr. Chiappini in detail about what happened with the documents Ricoh now suggests were improperly destroyed, it would have found out everything the Matrox entities know about why these documents no longer exist. But it did not do so.

The Matrox entities are prepared to provide the Court with a declaration from Mr. Chiappini detailing his knowledge regarding the Maven documents should the Court believe that such testimony would assist in the decision of this motion. However, the Matrox entities do not believe that they are required to rebut Ricoh's mere innuendo with additional testimony — Ricoh simply has not provided any evidence of discovery abuse and, thus, the motion must be denied. Ricoh had the opportunity to question Mr. Chiappini at deposition on this issue; its failure to do so speaks volumes about the merits and purpose of this motion.

Indeed, the testimony obtained at Mr. Chiappini's deposition suggests there is no discovery misconduct. Mr. Chiappini testified that the Maven was designed at Typhoon Technologies, a former design center in Toronto owned by Matrox. (Weinstein Decl., Ex. 2, Chiappini Rough Tr. at 6:19-24.) The employees working in that design center were laid off in 2002, and the design center was shut down around the same time. (*Id.* at 7:4-22.) It cannot be surprising (or any sort of violation) that documents may have been lost between the shut down in Toronto and the transfer of files to Matrox headquarters in Montreal prior to this lawsuit being filed.

**B.    Ricoh should bear the consequences of its decision to delay filing this litigation until 2003.**

So, in the absence of any evidence of misconduct, Ricoh is left arguing something that has no relation to a discovery motion — that, because it cannot prove infringement of Maven and Rainbow Runner products due to a lack of evidence (*see* Weinstein Decl., ¶ 11), it should be relieved of its burden to prove infringement. This is preposterous. The burden is on the patentee to prove infringement by the preponderance of the evidence. *Advanced Cardiovascular Sys. Inc. v. Scimed Life Sys. Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001) ("[T]he plaintiff must establish by a preponderance of the evidence that the accused device infringes one or more claims of the patent."). Ricoh has accused hundreds of products of infringement in this case. That it lacks the evidence necessary to prove

infringement against two products — evidence that simply no longer exists because Ricoh is seeking information from 10 years ago — cannot serve to relieve it of its burden of proof. *E.g.*, *Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) ("The burden ***always*** is on the patentee to show infringement.") (emphasis added); *see also Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000) ("[I]t is axiomatic that the patentee bears the burden of proving infringement"). Indeed, the proper course of action for Ricoh is to withdraw its claims of infringement against these two products and not waste the Court's time asking for special dispensation from the usual burden of proof.

### III. CONCLUSION

For the foregoing reasons, the Matrox entities respectfully request that Ricoh's motion be denied in its entirety with prejudice.

Dated: June 23, 2006

Respectfully submitted,

HOWREY LLP

By: ___*/s/ Ethan B. Andelman*___
Ethan B. Andelman
Attorneys for Defendants MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.