UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>RICOH CO., LTD.,<br><br>  Defendant.<br>_____/<br>RICOH CO., LTD.,<br><br>  Plaintiff,<br><br>  v.<br><br>AEROFLEX, et al.,<br><br>  Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br>No. C-03-4669 MJJ (EMC)<br><br>**CORRECTED ORDER RE MEET AND CONFER ON JUNE 26, 2006** |

    Having reviewed the parties' briefs and accompanying submissions, the Court hereby orders the parties to further meet and confer regarding Ricoh's motion to quash and Synopsys and the Customer Defendants'[1] motion to compel. Although there may be legitimate disputes with respect to some of the issues, the parties should be able to resolve a number of the disputes.

    As the Court previously informed the parties, this meet and confer shall take place on June 26, 2006, at 9:00 a.m., in the courthouse and the presence of lead trial counsel is required. The parties should expect to meet and confer all day if necessary. A joint letter to the Court should then

---

[1] For purposes of convenience, the Court refers to Synopsys and the Customer Defendants as "Defendants" collectively.

be filed by June 30, 2006. The parties are forewarned that, in the future, the Court may order a client representative in addition to lead trial counsel to attend any and all meet and confer discussions.

The Court provides the following guidance and comments to assist the parties in their meet and confer efforts. The Court notes that, as a general matter, it is not a defense to argue that the other party is guilty of the same behavior.

1.  Completeness of Document Productions

This is a dispute that the parties should be able to resolve on their own. Although the undersigned is not the presiding judge in this case, the parties are advised to review the undersigned's standing order, which states in relevant part as follows:

> In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

The parties are ordered to comply with this provision. To the extent Defendants have concerns about specific categories of documents (*e.g.*, documents related to the TI negotiations), the parties should discuss further the search for documents that was conducted.

2.  Pre-Filing Communications Between Clients and Counsel

As a preliminary matter, it is not clear to the Court what the universe of these documents is. For example, are these documents only "pre-filing investigation and documents relating to preparation of the complaint"? Reply at 9 (internal quotation marks omitted). If so, have the parties discussed what is the "start date" for such documents (*e.g.*, documents dated before the filing of the complaint but after *x* date). And if so, have the parties discussed the utility of logging such documents?

Furthermore, it appears that Defendants' concern here is not communications between clients and counsel per se but rather communications that involve clients and counsel *plus* persons who may be characterized as third parties (*e.g.*, Mr. Shindo). If that is the case, then the parties should discuss whether they can come to an agreement about a more limited privilege log.

2

3.  Privilege Log

The parties should be able to resolve this dispute on their own. If Ricoh has withheld any responsive document on the basis of privilege, that document should be listed on a privilege log. Thus, for example, if Ricoh is withholding documents related to the TI negotiations, *see* Reply at 10, those documents should be identified and described on a privilege log. Privilege logs must be sufficiently detailed and informative to justify the privilege. A document is not adequately described on a privilege log if, *e.g.*, it is simply described as "legal advice re '432 patent." Such a description must provide enough information for the opposing party to challenge the assertion of privilege.

3.  Shindo Memo and Hoffman-Shindo Document

The parties have not adequately discussed these documents, especially since Defendants appear to have been unaware of the latter document until Ricoh filed its opposition to the motion to compel. Regarding the latter document, the parties should be sure to discuss the issue of common legal interest.

As for the former document, the parties do not even seem to agree on (1) whether or not Mr. Takada is a lawyer and (2) whether the document discusses *only* legal strategy and the like or whether it also summarizes facts. Such a lack of agreement suggests that the meet and confer has not been adequate.

4.  In Camera Review of Prosecution Files

This Court's decision in *Genentech, Inc. v. Insmed, Inc.*, 233 F.R.D. 556 (N.D. Cal. 2006), should provide the parties with guidance as to the standard required for in camera review when a claim of inequitable conduct has been made.

5.  KBSC and Kobayashi Documents

With respect to the issue of possession, custody, or control, the Court agrees with those courts that have taken a broader approach to control. That is, "the word control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of New York v.*

*Meridien Biao Bank Tanzania*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) (internal quotation marks omitted).

6.  <u>Supplemented Discovery Requests</u>

    a.  <u>RFAs</u>

        I.  <u>Number of RFAs</u>

To the extent Ricoh argues that there are an excessive number of requests, the Court has already given the parties guidance as to how to "count" interrogatories. As for RFAs, under the Federal Rules, there is no limit to the number that may be served, although here the parties have agreed to a limit of 280. Whether the parties contemplated that the counting rules for interrogatories should be applied to RFAs is not clear and is not the crucial question. Ultimately, the question is whether the RFAs are unduly burdensome. That is the purpose of setting limits on the number of discovery requests.

        ii.  <u>Incorporation by Reference</u>

Federal Rule of Civil Procedure 36(a) provides that, "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall *specify* so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a). A general reference to infringement contentions or an expert report is not sufficiently specific.

        iii.  <u>Expert Opinion</u>

By this time, Ricoh's expert reports on infringement and damages should have been provided so the argument that a request seeks an expert opinion should largely be moot. As noted above, a general reference to an expert report is not sufficiently specific in a response to an RFA.

        iv.  <u>"Inartfully Drafted or Incomprehensible" RFAs</u>

The Court is not interested in semantic games. The parties should have discussed any "inartfully drafted or incomprehensible" RFAs during their previous meet and confers to eliminate any misunderstandings or confusion about the RFAs. Opp'n at 21. This is exactly the kind of objection that should be resolved during a meet and confer.

        v.  <u>Prior Art</u>

1  The Court is not interested in semantic games. The bottom line is that Defendants have
2  stated that these RFAs simply ask Ricoh to admit whether specific claim elements are found in
3  specific prior art references. The parties should meet and confer to determine whether Ricoh will
4  respond to these RFAs in light of this statement.

    b. <u>Interrogatories</u>

        I. <u>References to Documents</u>

References to documents should be sufficiently specific so that Defendants are able to determine which documents are being referenced. General references to documents are not adequate. If Defendants believe that even "pinpoint" references to, *e.g.*, infringement contentions are inadequate, they should explain why.

        ii. <u>Vague and Ambiguous</u>

See #6(a)(iv), *supra*.

7. <u>Kobayashi Deposition</u>

In general, to the extent that there is newly discovered information, the Court shall not preclude a continuation of the deposition. As to whether Ricoh has control over Dr. Kobayashi, see #5 above.

IT IS SO ORDERED.

Dated: June 23, 2006

EDWARD M. CHEN
United States Magistrate Judge