Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., | **CASE NO. CV 03-4669-MJJ (EMC)** |
| Plaintiff, | **DISCOVERY MOTION** |
| vs. | **RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL AGAINST MATROX DEFENDANTS** |
| AEROFLEX INCORPORATED, et al., | |
| Defendants. | **Date:  TBD**<br>**Time: TBD**<br>**Courtroom:  C** |

CASE NO. CV 03-4669-MJJ
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF  DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01

The Matrox entities repeatedly have shifted the goalposts in discovery. Maven was listed in their original product declarations in August 2005. Before any discovery of the Maven chip could take place, the Maven chip was removed (in a declaration that Matrox waited for months to serve), based on the faulty premise that it was synthesized by a third party. As required by this Court's May 8, 2006 Order on Ricoh's motion for sanctions, Matrox served a new declaration on May 15, 2006 where the Maven chip was returned to Matrox's declared products list. Matrox's response admits that it has never produced any of the required information that is necessary to show infringement, and even admits that "these documents no longer exist." Indeed, the Matrox entities do not seriously dispute that they stonewalled all attempts by Ricoh to obtain discovery on the ASIC.

Matrox has failed to provide any explanation for their failure to produce documents that it should have accounted for as early as 2003. Matrox assures the Court that they "are prepared to provide the Court with a declaration from Mr. Chiappini detailing his knowledge regarding the Maven documents," but they inexplicably fail to supply that declaration with their response. In the absence of such a declaration, neither Ricoh nor the Court can know the real reason for Matrox's stonewalling. Ricoh suspects it is because the Maven chip was produced with a version of Design Compiler that Synopsys recently has admitted incorporates rules, despite its repeated denials to the contrary. In short, if the Maven chip is admitted into evidence, it could undermine defendants' principal themes.

Instead of explaining itself, however, Matrox contends that its failure to provide discovery should be held against Ricoh and that Ricoh should fail in its burden of proving its case against these particular ASICs. Because Matrox has admitted that it has destroyed the relevant evidence, Ricoh should be entitled to the presumption that it sought in its original motion to show cause papers.

Matrox, the other ASIC defendants and Synopsys have been trying to run out the clock throughout discovery in a transparent attempt to delay trial. The discovery deadline has come and gone. Matrox has squandered its last opportunity to provide a satisfactory explanation for the destruction of

CASE NO. CV 03-4669-MJJ   Page 1
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01

the requested documents including: (1) script(s), including DC setup files, (2) inputs, including RTL inputs, (3) technology library(ies), (4) log file(s) and (5) netlist(s).  In addition to its refusal to produce these documents, Matrox also refuses to stipulate that Ricoh's infringement theory against Matrox would proceed in the absence of the missing technical information for the Maven and Rainbow Runner ASICs.  Because there is no dispute between the parties that if Ricoh's infringement theory is accepted by the jury, all of the accused Matrox chips will be deemed infringing, this stipulation is a reasonable compromise position.  Indeed, as Ricoh's expert reports and infringement contentions demonstrate, every other declared Matrox product infringes the '432 patent in multiple ways and on similar theories.  Given that Maven and Rainbow Runner were created using Design Compiler and were created in a similar manner by Matrox, based on what is known and as admitted by Matrox's own product declarations, it is reasonable to infer that these ASICs infringe in at least the same ways; a stipulation to this effect will save all parties the time and expense of litigating the issue.

As detailed in Ricoh's motion, Matrox refused to even entertain a stipulation unless Ricoh filed the present motion to preserve its rights.  Predictably, Matrox now argues that the motion was unnecessary and is using it as a further excuse to resist discovery.  Although Ricoh explicitly stated at page 3 of its motion that it had "no desire to conduct a detailed investigation into when the relevant documents were destroyed, and whether Matrox failed to take adequate steps to preserve these files during the pendency of this litigation," Matrox seizes upon this statement at page 2 of its opposition as "suggest[ing] that the Matrox entities have destroyed documents related to the Maven and Rainbow Runner products."  The fact is, Matrox admits that it does not have the relevant documents that it once had.  Ergo, the documents were destroyed.  *See., e.g.*, Weinstein Dec., Ex. 2 at 7 ("the company was very young at that point and document retention wasn't the primary objective."); Def. Opp. at 3 (admitting that "these documents no longer exist.").  While Ricoh does not imply that this document destruction was done solely to subvert justice – because Ricoh has no knowledge of when the documents

CASE NO. CV 03-4669-MJJ     Page 2
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01

were destroyed – the fact is, the documents once existed, and now do not.  Ricoh reiterates that it has no desire to conduct such an investigation; rather, it is proposing a solution that preserves Ricoh's rights and has no unduly prejudicial effect upon Matrox.  Matrox's attempt to accuse Ricoh of jumping to conclusions about why the documents were destroyed is not only inconsistent with the motion, but it utterly ignores Ricoh's repeated requests for a reasonable stipulation.  Even at this late date, Matrox's response is yet another attempt to avoid their obligation to provide a reasonable explanation as to the existence and location of the requested documents.  If this Court's orders and deadlines are to have any meaning, Matrox cannot be now allowed to provide a last-minute and unverifiable explanation that they refused time and again to provide in a timely manner.  If Matrox refuses to now enter into a reasonable compromise stipulation that would short circuit this entire inquiry, it is appropriate for this Court to make the decision for them.

Matrox seeks to be relieved of its obligations to explain its failure to produce these critical documents while at the same time demanding the production of even older and more obscure documents from Ricoh[1].  While Ricoh remains willing to seek a compromise stipulation on this matter, Matrox nevertheless refused to entertain the idea, necessitating the instant motion.  In the absence of any contrary facts, Ricoh can only conclude that Matrox failed to perform an adequate search, to provide an adequate explanation as to what search was performed, and has not even explain to the Court why the documents could not be located.  Matrox's argument that they have no obligation to explain themselves

---

[1] In a meet and confer with Denise De Mory on June 26, 2005, Defendants were not satisfied with Ricoh's detailed summary of its search for and production of documents from the 1980's, even though this summary was far more detailed than what was required by the Court.  Defendants insisted that Ricoh prepare a detailed reconstruction of its search regardless of the burden, including documenting the dates of each of the searches, who was involved, who was interviewed, summaries of those interviews, a file-by-file identification of what was reviewed, the locations of each of the files, and a description of all of the documents that were located, whether or not produced.  Even though Matrox is under multiple court orders to produce the information that is the subject of this motion (Ricoh is under no similar order), Matrox has not even begun to provide even a fraction of what it is demanding of Ricoh.

CASE NO. CV 03-4669-MJJ        Page 3
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01

is emblematic of Matrox's refusal to cooperate with Ricoh on any issue without Court involvement – Matrox has forced Ricoh to file the present motion, yet still refuses to provide even the most basic explanation for its refusal to produce the documents.

Matrox also argues that its inability to produce even basic design and development materials is somehow Ricoh's fault. By Matrox's own admission, Maven and Rainbow Runner were synthesized using Design Compiler during the damages period. Weinstein Dec., Ex. 3-6. As demonstrated by Ricoh's recently filed infringement contentions and expert reports, every other declared Matrox product was synthesized by Design Compiler in a way that infringes the '432 patent. The synthesis of each declared product contains multiple instances of infringement. The jury may infer from those facts that the synthesis of the Maven and Rainbow Runner ASICs also infringe.

## CONCLUSION

As discussed in detail in Ricoh's Motion, Ricoh's proposal is fair and equitable. It avoids a protracted battle over when and why highly relevant evidence was lost or destroyed. It does not materially lighten Ricoh's obligation to prove infringement, nor does it unfairly prejudice Matrox.

Dated: June 28, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Respectfully submitted,

Ricoh Company, Ltd.

By: /s/ Gary M. Hoffman

Gary M. Hoffman
Kenneth W Brothers
Michael A. Weinstein
DICKSTEIN SHAPIRO MORIN *&*
   OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

CASE NO. CV 03-4669-MJJ   Page 4
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880

Attorneys for Ricoh Company, Ltd.

CASE NO. CV 03-4669-MJJ    Page 5
RICOH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE MATROX DEFENDANTS

DSMDB-2108202v01