Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California  94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999

Attorneys for Plaintiff SYNOPSYS, INC. and
Defendants AEROFLEX INC., AEROFLEX
COLORADO SPRINGS, INC., AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS LTD., MATROX
GRAPHICS, INC., MATROX INTERNATIONAL
CORP., AND MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>RICOH COMPANY, LTD.,<br><br>        Defendant. | Case No. C-03-2289 MJJ<br>Case No. C-03-4669 MJJ<br><br>**STIPULATION AND [PROPOSED] ORDER RESOLVING PORTIONS OF DEFENDANTS' MOTION TO COMPEL AND RICOH'S MOTION TO QUASH** |
| RICOH COMPANY, LTD.,<br><br>        Plaintiff,<br><br>    vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>        Defendant. | |

With regard to the Defendants' Motion to Compel as well as Ricoh's Motion to Quash, the parties have reached certain agreements as set forth below and request that that Court enter this [Proposed] Order Resolving Portions of Defendants' Motion to Compel and Ricoh's Motion to Quash

1.   With regard to the issues raised in Defendants' Motion to Compel regarding the adequacy of Ricoh's privilege logs, Ricoh agrees that:

    a.   By June 28, 2006, Ricoh has updated all of the descriptions in its current

1  privilege log regarding the prosecution history and by July 19, 2006 Ricoh will
2  update the descriptions of the 13 additional documents on the current log, as
3  identified by Defendants in their motion, to be consistent with Judge Chen's
4  June 23, 2006 Order.
5      b. By July 17, 2005, Ricoh will log all documents that pre-date the filing of
6  Ricoh's Complaint and that are relevant to the claims or defenses asserted by
7  any party in this litigation and that have been withheld by Ricoh based on
8  privilege, with the following exceptions: communications exclusively between
9  Ricoh employees and Ricoh's counsel, between Ricoh employees for obtaining
10 information to be provided to Ricoh's counsel, or between Ricoh's counsel and
11 non-testifying experts (who are not otherwise employees of Ricoh or percipient
12 witnesses), where such communications were not distributed or disseminated to
13 any third parties.  In addition, Ricoh will log all documents as described above
14 that contain factual information (including documents) obtained from interviews
15 with any third part(ies), other than non-disclosed experts (who are not otherwise
16 employees of Ricoh or percipient witnesses), even if such factual information is
17 contained within communications exclusively between Ricoh and Ricoh's
18 counsel or between Ricoh's counsel and non-disclosed experts (who are not
19 otherwise employees of Ricoh or percipient witnesses).
20     c. The parties agree that documents responsive to any document request made in
21 this litigation that fall within the exceptions of paragraph 2(b), or that post-date
22 the filing of Ricoh's Complaint and are communications exclusively between
23 client and trial counsel, between employees of a party for the purpose of
24 obtaining information for trial counsel, or trial counsel and non-testifying
25 experts (who are not otherwise employees of the client) and that have been
26 withheld by any party based on privilege, need not be logged, and that the
27 failure by any party to serve such a log is not a waiver of any privilege.
28

2. With regard to the Takada memo and Hoffman letter regarding the meeting with Shindo, Defendants stipulate that they will not seek to depose Gary Hoffman, or to disqualify him or the firm of Dickstein Shapiro LLP as Ricoh's counsel. Ricoh will produce the Hoffman letter to Shindo and the Takada memo. These documents will be produced in a redacted form if necessary so that only the facts communicated by Mr. Shindo to Mr. Takada and Mr. Hoffman will be disclosed. All redactions to either the Takada memo or the Hoffman letter will be included on Ricoh's privilege log. These documents will be provided by July 17, 2006.

3. Regarding the requested *in camera* review of the prosecution files, Defendants will advise Ricoh by Thursday June 29, 2006 whether or not Defendants maintain that there should be an *in camera* review of some subset of the documents. If Defendants indicate that there should be an *in camera* review, Ricoh will submit the identified documents to the Court for an *in camera* review by July 5, 2006

4. Regarding the cross motions to compel and to quash the continuation of the Kobayashi deposition, the parties agree to defer further consideration of this issue until after the resolution of all issues relating to the KBSC documents.

5. Regarding the non-document related written discovery responses, the parties have reached the following agreements:

    a. Defendants will withdraw their motion to compel with regard to the following RFAs as well as the corresponding interrogatories: 41, 57, 58, 70, 75, 81-82, 103-128; 151-156, and 214-231.

    b. With regard to RFAs 22-26, Defendants will withdraw their request that Ricoh answer the corresponding interrogatories. Ricoh agrees to supplement their responses to these RFAs.

    c. With regard to RFAs 28-39, 42-45, 50-56, 59-69, 71-74, 76-80, 83-100, Ricoh will supplement its responses to meet the substance of the requests. In the event of anything other than an unqualified admission, Ricoh will also supplement its answers to the corresponding interrogatories. These responses will be supplemented on or before July 17, 2006.

1  d. With regard to RFAs 40, 46, 47, 48, 49, Ricoh agrees either to eliminate the phrase "as Ricoh has defined the relevant terms in its Final Infringement Contentions" or to specifically identify the referenced definitions of "relevant terms" in its response to the RFAs. Provided Ricoh does so, Defendants will withdraw their motion with regard to the corresponding interrogatories. These responses will be supplemented on or before July 17, 2006.

e. With regard to RFAs 163-171, Defendants define "participated development of the software" to mean "participated in the creation of the specification for or the coding of the software." The parties agree that the phrase "the terms" was a typographical error, and should be ignored. Subject to the foregoing definition and clarification, Ricoh will supplement its responses to these requests for admissions as well as the corresponding interrogatories (without raising any objection that the foregoing definition creates subparts).

f. With regard to RFAs 185-199 and 232-245, Ricoh will supplement its answers to meet the substance of these RFAs by admitting or denying whether the particular cited prior art reference meets the referenced claim limitation. Conditioned expressly on Ricoh's agreement to meet the substance of each of these RFAs as described above (and not profess, for example, a lack of information or belief to admit or deny), Defendants withdraw their request that Ricoh supplement the corresponding interrogatories.

g. With regard to RFAs 172-184, 200-213, 246-274, Ricoh will supplement its answers to meet the substance of these RFAs by admitting or denying whether the particular cited prior art reference meets the referenced claim limitation only to the extent that an element is discussed in Defendants' expert reports or to the extent that Ricoh has undertaken a sufficient analysis relating to the particular request so that Ricoh can respond to the request at the time its supplemental answers are due. However, this provision will not obligate Ricoh in any way to do any analysis that it or its experts have not already performed at the time its

1   supplemental answers are due.  The supplemental answers to these requests shall
2   be provided on or before August 2, 2006.
3   h.   Defendants agree that a sufficient supplemental interrogatory response from
4   Ricoh regarding an RFA would be to provide at least one reason why the request
5   cannot be admitted without qualification, or why the request can neither be
6   admitted nor denied.  Such an answer shall not preclude Ricoh from asserting
7   other reasons.  The parties further agree that if Ricoh is unable to admit or deny
8   a request because it does not have information sufficient to respond, such a
9   response shall be adequate, provided Ricoh comply with the requirements of
10  Rule 36(a) regarding such responses.  Defendants further agree that citation to
11  deposition testimony, expert reports or documents produced during discovery
12  are sufficient under Rule 33(d), provided that Ricoh gives a reasonable "pinpoint
13  cite" to the specific portions of deposition testimony, expert reports, or
14  documents produced during discovery upon which it is relying.  Ricoh agrees
15  that, should it wish to rely upon its infringement contentions, it will include the
16  specific language from its infringement contentions upon which it is relying in
17  its interrogatory response, or provide a precise citation (and not just reference
18  generally to its contentions regarding a particular claim element, for example) to
19  its infringement contentions.
20  i.   Defendants hereby withdraw their motion with regard to their request that Ricoh
21  supplement its response to Aeroflex, Inc.'s Interrogatory No. 4, Aeroflex
22  Colorado Springs, Inc's Interrogatory No. 3, Matrox International Corp's
23  Interrogatories Nos. 12, 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31,
24  and 32; Matrox Electronic Systems, Inc.'s Interrogatory Nos. 5, 6, 7, 8, 9, 13,
25  14, 23, and 33, and any other aspects of Defendants' motion to compel not
26  specifically addressed in this stipulation.

1  j.  Ricoh will supplement its responses to Aeroflex, Inc.'s Interrogatory Nos. 6-7 to
2      add pinpoint cites pursuant to Rule 33(d) or otherwise provide a sufficient
3      response on or before July 17, 2006.
4  k.  Ricoh will supplement its responses to Aeroflex Colorado Springs, Inc.'s
5      Interrogatory Nos. 4 and Matrox Tech Inc.'s Interrogatory Nos. 2-7 to meet the
6      substance of the interrogatory and, to the extent responsive, add pinpoint cites
7      pursuant to Rule 33(d) or otherwise provide a sufficient response, on or before
8      July 25, 2006.
9  l.  Ricoh will supplement its responses to Matrox Electronics Systems, Inc's
10     Interrogatory Nos. 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, and 22 to meet the
11     substance of the interrogatory and, to the extent responsive, add pinpoint cites
12     pursuant to Rule 33(d) or otherwise provide a sufficient response, only to the
13     extent that an element is discussed in Defendants' expert reports in relation to a
14     respective reference or to the extent that Ricoh has undertaken a sufficient
15     analysis relating to the particular interrogatory so that Ricoh can respond to the
16     interrogatory at the time its answers are due.  However, this provision will not
17     obligate Ricoh in any way to do any analysis that it or its experts have not
18     already performed at the time its supplemental answers are due.  The
19     supplemental answers to these interrogatory shall be provided on or before
20     August 2, 2006.
21 m.  For responses 3-11, to Matrox International Corp.'s Interrogatories, provided
22     that Ricoh identifies the specific portions of deposition testimony on which it is
23     relying pursuant to Rule 33(d), Defendants will not seek further
24     supplementation.  Ricoh will supplement its responses to responses 27 and 33 to
25     Matrox International Corp.'s Interrogatories to add pinpoint cites pursuant to
26     Rule 33(d) on or before July 17, 2006.
27 ///
28 ///

**HOWREY LLP**

6

STIPULATION AND [PROPOSED] ORDER

DM_US\8362256.v1

1  Unless provided otherwise herein, Ricoh's supplemental responses will be provided on or
2  before on July 25, 2006.

3  Respectfully submitted,

4  Dated: June 30, 2006         HOWREY LLP

6  By: /s/Denise M. De Mory
7  Denise M. De Mory
   Attorneys for Plaintiff SYNOPSYS, INC. and
8  Defendants AEROFLEX INC., AEROFLEX
   COLORADO SPRINGS, INC., AMI
9  SEMICONDUCTOR, INC., MATROX ELECTRONIC
   SYSTEMS LTD., MATROX GRAPHICS, INC.,
10 MATROX INTERNATIONAL CORP., AND
   MATROX TECH, INC.

13 Dated: June 30, 2006         DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

15 By: /s/Gary M. Hoffman
   Gary M. Hoffman

17 ALTSHULER, BERZON NUSSBAUM, RUBIN &
   DEMAIN
   Jeffrey B. Demain
18 Attorneys for Plaintiff and Defendant
   RICOH COMPANY, LTD.

20 **IT IS SO ORDERED.**

21 Dated: _____

   HON. EDWARD M. CHEN
22 MAGISTRATE JUDGE
   UNITED STATES DISTRICT COURT

24 **<u>ATTESTATION AS TO CONCURRENCE</u>**

25 I, Denise M. De Mory, under penalty of perjury of the laws of the United States of America,
26 attest that concurrence in the filing of this document has been obtained from each of the other
27 signatories to this document.

28