UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>       Plaintiff, <br><br>    v. <br><br>RICOH CO., LTD., <br><br>       Defendant. <br>_____/ <br>RICOH CO., LTD., <br><br>       Plaintiff, <br><br>    v. <br><br>AEROFLEX, et al., <br><br>       Defendants. <br>_____/ | No. C-03-2289 MJJ (EMC) <br>No. C-03-4669 MJJ (EMC) <br><br>**ORDER RE JOINT LETTER OF JUNE 30, 2006** <br><br>**(Docket No. 381-82 in C-03-2289)** <br>**(Docket No. 522 in C-03-4669)** |

On June 30, 2006, the parties filed a joint letter reporting on the results of their meet and confer on Defendants' motion to compel and Ricoh's motion to quash.[1]  All of the discovery disputes, except two, were resolved. Having reviewed the parties' joint letter and accompanying submissions, as well as the parties' briefs and accompanying submissions, the Court hereby orders as follows.

///

///

///

---

[1] For purposes of convenience, the Court uses the term "Defendants" to refer collectively to Synopsys and the Customer Defendants.

## I. DISCUSSION

A.  KBSC Documents

Defendants ask that the Court order Ricoh to provide them with "supervised access to the storage facility in which the KBSC documents are kept and make reasonable access to the KBSC documents in South Carolina available." Joint letter at 1. Ricoh argues that the declaration provided by Brian Bershader, *see* Joint letter, Ex. 3, should be sufficient to allay any concerns that Defendants have.

Given the potential importance of the KBSC documents, the Court does not find the Bershader declaration adequate. For example, Mr. Bershader does not certify (and it is questionable whether he, as opposed to Mr. Kobayashi, could certify) that the relevant documents in South Carolina were all shipped to the KBSC storage facility. In addition, Mr. Bershader provides few details as to what documents and things he found in the "23 additional boxes" (a substantial number of boxes), which leads the Court to question the adequacy of his search, particularly when no statement was made as to how much time he spent looking through the 23 boxes. Bershader Decl. ¶ 3. Finally, Ricoh has not demonstrated that either Mr. Bershader or his assistant was "qualified" to parse through any of the boxes in the storage facility to determine what would be relevant or responsive material.

On the other hand, the precise remedy sought by Defendants is not reasonable. While it is not uncommon for a party or third party to agree to a search of its files by opposing counsel, an agreement is a different matter from a Court order compelling such a search. Here, it appears that KBSC does not agree to the search, at least that is the representation of counsel for Ricoh who also represents KBSC.

The Court finds that the proper remedy here is a search of the 23 boxes in the storage facility by *counsel* for Ricoh. In a declaration, counsel shall certify that these boxes in the storage facility were searched and that all documents or things responsive to Defendants' requests have been or will be produced (or identified on a privilege log). As to the 26 boxes that purportedly consist of (1) 6

boxes from South Carolina and (2) 20 boxes identified and pulled out by Mr. Bershader's assistant,[2] counsel shall re-review the 23,000 pages that were imaged but not produced and then certify that responsive documents have been or will be produced (or identified on a privilege log).  Finally, the declaration by counsel shall address the issue regarding KBSC documents that were maintained in South Carolina and later shipped to California.  The declaration shall be provided within two weeks of the filing date of this order.

In making this order, the Court finds that Ricoh has sufficient control over KBSC for purposes of Rule 34 for the Court to order counsel for Ricoh to search the storage facility.  As the Court previously indicated, "the word control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of New York v. Meridien Biao Bank Tanzania*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) (internal quotation marks omitted).  It appears that Ricoh has the practical ability to obtain documents from KBSC.  Although the Court acknowledges that voluntary cooperation between a party and a third party does not automatically establish control, the facts here suggest that there is more than just voluntary cooperation.  It is especially telling that KBSC agreed to be represented by Ricoh's counsel for purposes of discovery and, more important, that Ricoh was able to secure a search of the storage facility by Mr. Bershader and a declaration from the same within only three days of the parties' meet and confer.

But even if Ricoh lacks the practical ability to obtain documents from KBSC, that would not deprive Defendants of a remedy.  Given KBSC's history with the '432 patent, there is little doubt that its documents are important or at least potentially important to the case at bar.  Under these circumstances, the Court would permit Defendants to issue a subpoena to KBSC, specifically targeted at the documents at the storage facility (or previously in South Carolina), even though discovery has already closed.  Although Ricoh suggests that Defendants should have served such a

---

[2] The Court credits Mr. Bershader's statement that the 26 boxes were all returned by counsel and have not been opened since their receipt.

subpoena before the cut-off date, it was a reasonable position for Defendants to believe that Ricoh actually had control over KBSC documents, thus making a subpoena unnecessary.

B.   Declaration Regarding Ricoh's Search for Responsive Documents

Previously, the Court ordered the parties to comply with the Court's standing order, which states in relevant part as follows:

> In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

The Court also instructed the parties that, if Defendants had concerns about specific categories of documents, the parties should discuss further the search for documents that was conducted.

Apparently, Defendants are not satisfied with the "general declaration" provided for by the Court's standing order and seek a declaration with more details on Ricoh's search efforts. Defendants suggest that a general declaration is not adequate because Ricoh has a pattern of withholding documents such as the TI documents, the KBSC documents, and the Shindo-related documents. Defendants also claim that "Ricoh has failed to produce any documents relating to the invention contained in the '432 patent dated prior to 1988." Joint letter at 8.

The Court DENIES Defendants' request for a more specific declaration. Defendants have not established that a general declaration in accordance with the Court's standing order is inadequate. Defendants have pointed to only three instances in which Ricoh has allegedly not been forthcoming in producing responsive documents, and two of those instances involved discovery disputes that were not unreasonable (*i.e.*, whether Ricoh has an obligation to produce KBSC documents and whether the parties agreed to log pre-filing communications related to the filing of the complaint). If Defendants were able to point to a specific category of documents that Ricoh was potentially withholding, then a more detailed declaration targeted at that specific category of documents might be justified. However, Defendants admit that, "[b]eyond the documents already mentioned in the motion to compel, [they] cannot point to documents that [they] know[] exist[] but have not been

4

produced."³  Joint letter at 8.  Moreover, Defendants did not, in their reply, contest Ricoh's assertion that it has in fact produced "hundreds of pages of documents that pre-date the January 13, 1988 filing date."  Joint letter at 13 n.14.

## II.  CONCLUSION

Accordingly, the Court grants in part and denies in part Defendants' request contained in the parties' joint letter.

This order disposes of Docket Nos. 381-82 in C-03-2289 and corresponding Docket No. 522 in C-03-4669.  This order also disposes of all issues raised in Defendants' motion to compel (*see* Docket No. 339 in C-03-2289, Docket No. 476 in C-03-4669) that were not resolved by the parties' stipulation of June 30, 2006.

Ricoh's motion to quash (*see* Docket No. 334 in C-03-2289, Docket No. 471 in C-03-4669) appears to be pending still.  However, given the Court's statements in this order, the parties should have sufficient guidance to resolve that motion, which concerns a deposition of Dr. Kobayashi, on their own.  The parties should file a joint letter within a week of the filing date of this order to update the Court on the status of the motion to quash.

IT IS SO ORDERED.

Dated: July 5, 2006

EDWARD M. CHEN
United States Magistrate Judge

---

³ Of course, the Court is not actually requiring Defendants to point to documents they *know* exist but have not been produced.  The point is that Defendants have not been able to point to any evidence indicating that there is a problem with the production of documents by Ricoh except as detailed above.