UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | **ORDER RE SYNOPSYS AND CUSTOMER DEFENDANTS' REQUEST FOR CLARIFICATION** |
| RICOH CO., LTD., | |
| Defendant. | **(Docket No. 385 in C-03-2289; Docket No. 526 in C-03-4669)** |
| RICOH CO., LTD., | |
| Plaintiff, | |
| v. | |
| AEROFLEX, et al., | |
| Defendants. | |

Synopsys and the Customer Defendants (collectively, "Defendants") filed a letter on July 5, 2006, asking for clarification of the Court's order of the same date. More specifically, "Defendants seek clarification regarding what action must be taken by Ricoh with respect to the 26 boxes returned from Dickstein Shapiro to the storage facility in Mountain View, California." Defs.' Letter of 7/5/06, at 1.

In its order, the Court instructed counsel for Ricoh to re-review the 23,000 documents that it imaged but did not produce from the 26 boxes. Defendants ask the Court to "clarify its Order to require Ricoh's counsel to inspect the entire contents of these 26 boxes (and not just the imaged pages)." *Id.* Defendants argue that the entire contents of the 26 boxes should be re-examined

because the initial review of the boxes was done by Ricoh's counsel *before* (1) "all of the relevant issues had been identified (such as the Paradyne, inventornship and ownership issues . . . or even claim construction), (2) "any document requests had been served by Synopsys," and (3) "all of Defendants' document requests had been served." *Id.*

In response, Ricoh argues that its counsel should have to re-review only the 23,000 documents and not all of the contents of the 26 boxes.

There is no dispute that, per the Court's previous order, counsel for Ricoh must re-review the 23,000 documents that were pulled from the 26 boxes and imaged (though not produced). The only question is whether counsel should also be ordered to re-review those documents contained in the 26 boxes that were *not* pulled by counsel for Ricoh in its initial "broad brush" relevance review. The Court shall not outright order Ricoh's counsel to re-review those particular documents. However, because Defendants raise a legitimate concern and because the KBSC documents are potentially very important, the Court shall require counsel for Ricoh to include as part of its declaration a statement that all responsive documents from the 26 boxes -- including those documents that were *not* initially pulled -- have been produced or identified on a privilege log.

IT IS SO ORDERED.

Dated: July 12, 2006

EDWARD M. CHEN
United States Magistrate Judge

2