UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH CO., LTD., <br><br> Defendant. <br>_____/ <br> RICOH CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX, et al., <br><br> Defendants. <br>_____/ | No. C-03-2289 MJJ (EMC) <br> No. C-03-4669 MJJ (EMC) <br><br> **ORDER GRANTING SYNOPSYS AND CUSTOMER DEFENDANTS' MOTION FOR ADDITIONAL TIME TO COMPLETE ALREADY OUTSTANDING AND TIMELY SERVED LIMITED THIRD PARTY DISCOVERY** <br><br> **(Docket No. 326 in C-03-2289; Docket No. 463 in C-03-4669)** |

On May 30, 2006, Synopsys and the Customer Defendants (collectively "Defendants") filed a motion for additional time to complete already outstanding and timely served limited third party discovery. Through its staff, the Court informed the parties that, so long as the subpoenas were timely served, the motion was unnecessary. Given this guidance, the parties resolved the majority of issues in Defendants' motion. However, the parties are at an impasse as to whether one deposition, namely, the 30(b)(6) deposition of the University of South Carolina ("USC"), should be permitted.

There is no dispute that the subpoena was timely served on USC – *i.e.*, prior to the discovery cut-off date. There is also no dispute that the subpoena sought not only documents but also a deposition (although the place of deposition and date and time were not specified). In spite of this,

1  Ricoh contends that the deposition should not proceed, arguing that (1) the deposition is not relevant;
2  (2) Defendants did not diligently pursue the deposition; and (3) Ricoh would be prejudiced if the
3  deposition were to proceed.
4      Ricoh's arguments are unavailing. Relevance for purposes of discovery is broad, and
5  Defendants have identified how the deposition is relevant to ownership and inventorship of the '432
6  patent. As for Defendants' diligence in pursuing the deposition, while Defendants were not as
7  diligent as they could have been, some of the delay in moving forward with the deposition was not of
8  Defendants' making. USC did not produce documents until June 6, 2006. Counsel for Ricoh was
9  not available from June 30 to July 10, 2006, because of an office move. Counsel for USC was not
10 available from July 10 to July 17, 2006, because of a vacation. Finally, one deposition will not
11 unduly obstruct Ricoh from conducting its expert discovery or constitute an undue expense to Ricoh.
12 Moreover, the burden of the discovery sought by Defendants is outweighed by its potential benefit.
13     Accordingly, the Court shall allow Defendants to proceed with the 30(b)(6) deposition of
14 USC. In so ruling, the Court does not preclude USC from asserting any objection to the deposition
15 going forward. The Court notes, for example, that the subpoena did not "describe . . . the matters on
16 which examination is requested." *See* Fed. R. Civ. P. 30(b)(6). *But see* De Mory Decl., Ex. 17
17 (letter from J. Fink to G. Lampl, dated 5/17/00, discussing what documents Defendants "are most
18 interested in"). The deposition of USC shall take place before August 18, 2006, *i.e.*, prior to the
19 close of expert discovery and the date dispositive motions are due.
20     This order disposes of Docket No. 326 in C-03-2289 and Docket No. 463 in C-03-4669.
21
22     IT IS SO ORDERED.
23
24 Dated: July 19, 2006
25                                                 EDWARD M. CHEN
                                                United States Magistrate Judge
26
27
28

United States District Court
For the Northern District of California