Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>AEROFLEX INC., et al.<br><br>　　　　　Defendants. | ) Case No. C03-4669 MJJ (EMC)<br>) Case No. C03-2289 MJJ (EMC)<br>)<br>) **DECLARATION OF MICHAEL A.**<br>) **WEINSTEIN PURSUANT TO ORDERS OF**<br>) **JULY 5 AND 12, 2006**<br>) |
| SYNOPSYS.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>RICOH COMPANY, LTD.<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NOS. CV -03-2289-MJJ (EMC) /  CV-03-4669-MJJ (EMC)
DECLARATION OF MICHAEL A. WEINSTEIN PURSUANT TO ORDERS OF JULY 5 AND 12, 2006

2116543.01

Michael A. Weinstein declares as follows:

1. My name is Michael A. Weinstein, an attorney with the law firm of Dickstein Shapiro LLP, counsel for Ricoh Company Limited. I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

2. On July 5, 2006, this Court entered an Order that provided in relevant part:

> The Court finds that the proper remedy here is a search of the 23 boxes in the storage facility by *counsel* for Ricoh. In a declaration, counsel shall certify that these boxes in the storage facility were searched and that all documents or things responsive to Defendants' requests have been or will be produced (or identified on a privilege log). As to the 26 boxes that purportedly consist of (1) 6 boxes from South Carolina and (2) 20 boxes identified and pulled out by Mr. Bershader's assistant, counsel shall re-review the 23,000 pages that were imaged but not produced and then certify that responsive documents have been or will be produced (or identified on a privilege log). Finally, the declaration by counsel shall address the issue regarding KBSC documents that were maintained in South Carolina and later shipped to California. The declaration shall be provided within two weeks of the filing date of this order

3. On July 12, 2006, this Court entered an Order that provided in relevant part:

> There is no dispute that, per the Court's previous order, counsel for Ricoh must re-review the 23,000 documents that were pulled from the 26 boxes and imaged (though not produced). The only question is whether counsel should also be ordered to re-review those documents contained in the 26 boxes that were *not* pulled by counsel for Ricoh in its initial "broad brush" relevance review. The Court shall not outright order Ricoh's counsel to re-review those particular documents. However, because Defendants raise a legitimate concern and because the KBSC documents are potentially very important, the Court shall require counsel for Ricoh to include as part of its declaration a statement that all responsive documents from the 26 boxes -- including those documents that were *not* initially pulled -- have been produced or identified on a privilege log.

4. Pursuant to the Court's Order of July 5, 2006, my firm requested Brian Bershader, on behalf of Knowledge Based Silicon Corporation ("KBSC"), to retrieve all of the KBSC boxes of documents from storage and send the boxes of documents to my firm. Mr. Bershader initially declined to provide the documents or access to the documents. After additional requests, Mr. Bershader agreed to provide Ricoh's California counsel with access to the storage facility housing the documents. However, as Mr. Bershader was traveling, access to the storage facility was delayed until the week of July 10, 2006.

2116543.01

5.  I understand that Abby Phelps, a paralegal from Ricoh's California counsel, accompanied Mr. Bershader to the storage facility and oversaw the collection and shipping of the boxes, and is submitting a declaration documenting her efforts.

6.  My firm received the 26 boxes of documents that had been previously reviewed by my firm on July 13, 2006. We also received one additional box on that date. This box was promptly reviewed by counsel for Ricoh and did not contain any responsive documents.

7.  On the afternoon of July 17 and the morning of July 18, my firm received 33 additional boxes of KBSC documents. Delivery of 21 of those boxes was delayed because of our recent relocation of our firm's offices. The earliest that we could commence our review of those 33 boxes was on Tuesday, July 18, 2006.

**The Imaged Documents**

8.  I, along with other lawyers in my firm, have re-reviewed the KBSC documents that had been previously selected as potentially relevant by me and other lawyers in my firm from the documents that our firm had collected from KBSC from locations in South Carolina or California. Those documents were selected from 26 boxes of documents as being potentially relevant to the issues in this litigation. In the Court's July 5 and 12 Orders, these imaged documents are referred to as the "23,000 pages of documents." These documents were scanned and imaged by my firm. A subset of those documents were produced in 2003 and 2004. Many of the documents that had been selected for copying were later determined to be irrelevant and/or non-responsive, including, for example, documents related to KBSC administration in the 1990's, KBSC trademark documents, and documents related to other products of KBSC.

9.  Pursuant to the Orders of this Court of June 5 and 12, 2006, I and other lawyers in my firm have re-reviewed all of those imaged documents. With the exception of less than 5% of documents that are described in paragraph 10, below, all relevant, responsive non-privileged documents were either previously produced, or have been produced as of the date of this declaration. The relatively few additional documents that are being produced today include duplicate documents previously produced,

CASE NOS. CV -03-2289-MJJ (EMC) / CV-03-4669-MJJ (EMC)  Page 3
DECLARATION OF MICHAEL A. WEINSTEIN PURSUANT TO ORDERS OF JULY 5 AND 12, 2006

2116543.01

1    such as patent prosecution documents and various publications.  Those documents being produced with
2    a KBSC bates number to ensure that all relevant, responsive non-privileged documents have been
3    produced.

4        10.  Some of the imaged documents are Japanese language documents.  When our firm
5    reviewed the documents for production in 2003 and 2004, we retained an interpreter to read the
6    documents and determine whether they were responsive.  Our re-review of these Japanese language
7    documents in the past two weeks has been hampered by the difficulty of trying to match the foreign
8    language documents with the interpreter's notes from the 2003-2004 time period regarding the content
9    of those documents.  Counsel for Ricoh is working with an interpreter to once again review those
10   Japanese documents and verify that the documents are not responsive.  Our re-review and production of
11   any remaining relevant, responsive non-privileged documents, as well as any associated privilege log,
12   will be completed by no later than July 28, 2006.

### The Rest Of The Previously Reviewed Documents

14       11.  The imaged documents were culled from a total of 26 boxes of KBSC documents.  Those
15   26 boxes of documents were received from KBSC on July 13, 2006.  I verified that those 26 boxes of
16   documents had not been opened since they had been shipped from my firm to KBSC.

17       12.  All of the documents in those 26 boxes have been reviewed by me and other attorneys in
18   my firm.  I certify that all responsive non-privileged documents from the 26 boxes -- including those
19   documents that were *not* initially pulled -- have been or will be produced.  To the extent that there are
20   any responsive privileged documents from the 26 boxes, they will identified on a privilege log that will
21   be served no later than July 28, 2006.

### The 34 New Boxes of Documents

23       13.  As set forth in Ms. Phelps' declaration, the KBSC storage facility contained a number of
24   boxes, 34 of which contained additional documents not previously reviewed by counsel that contained
25   various documents (other than owner's manuals for products not at issue in this case).  Although Ricoh's
26   counsel had understood that only 23 of those boxes contained KBSC documents, out of an abundance of

CASE NOS. CV -03-2289-MJJ (EMC) / CV-03-4669-MJJ (EMC)   Page 4
DECLARATION OF MICHAEL A. WEINSTEIN PURSUANT TO ORDERS OF JULY 5 AND 12, 2006

2116543.01

1   caution we requested that Ms. Phelps collect and ship all boxes that contained any documents (other

2   than irrelevant owners manuals).  We received one such box on July 13 and the rest on July 17 and 18.

3           14.  I and other attorneys at my firm have conducted an initial review of those 34 boxes of

4   documents. The majority of these boxes contain the personal effects of Dr. Kobayashi, such as personal

5   photographs, financial records from the 1990s, and family administrative documents, and are not

6   responsive.  Of the remaining boxes of documents, most contain KBSC administrative documents from

7   the mid 1990's and later.  Because we could not review 33 of those 34 boxes of documents until

8   yesterday, however, we still reviewing those documents in detail.  With the exception of the documents

9   identified in paragraph 15, all relevant non-privileged documents will be produced by no later than July

10  28.  Any responsive privileged documents will be logged by that date.

11          15.  Our review of these documents is complicated by the fact that several of the boxes

12  contain documents in Japanese.  Counsel for Ricoh is working with a Japanese interpreter to determine

13  whether the documents are responsive.  Also included in the boxes are video tapes that need to be

14  reviewed; one of the tapes appears to be a Betamax small video format.  My firm is attempting to locate

15  an appropriate video playback machine.  In addition, the boxes contain various forms of archaic

16  computer magnetic media, including a reel to reel tape, tape drives and various forms of floppy

17  diskettes.  On July 19, the computer media was provided to a vendor for analysis, but at present we do

18  not know how long it will take or how much it will cost to determine the contents of those media.  We

19  have advised counsel for defendants of the foregoing and advised them that we will produce or log any

20  responsive documents as soon as possible.

21      I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.

23      Signed at Washington, D.C. on July 19, 2006.

                                         /s/ Michael A.Weinstein
                                         Michael A.Weinstein

2116543.01