Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) **CASE NO. C-03-2289-MJJ (EMC)** |
| v. | ) **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., | ) |
| Defendant. | ) |
| RICOH COMPANY, LTD., | ) **RICOH'S EX PARTE MOTION TO** |
| Plaintiff, | ) **EXPEDITE RICOH'S MOTION FOR** |
|  | ) **PROTECTIVE ORDER UNDER RULE 26(c)** |
| v. | ) **PRECLUDING DEFENDANTS' UNTIMELY** |
|  | ) **AND OVERBROAD DISCOVERY** |
| AEROFLEX INCORPORATED, et al., | ) **REQUESTS AND SUBPOENAS** |
| Defendants | ) **Date:  TBD** |
|  | ) **Time: TBD** |
|  | ) **Courtroom:  C** |

Ricoh requests an expedited hearing on August 18, 2006, at a time convenient for the Court, on its Motion for Protective Order Under Rule 26(c) Precluding Defendants' Untimely and Overbroad Discovery Requests and Subpoenas, filed August 17, 2006.  Because of the refusal by Synopsys and the Aeroflex defendants ("defendants") to agree to defer this dispute until Judge Chen's return on August, 28, 2006, Ricoh has no choice but to present this motion.

On August 14, 2006, more than two months after the close of fact discovery and only four days before the close of expert discovery, Synopsys and the Aeroflex defendants ("defendants") demanded a broad range of new discovery requests upon Ricoh, including "all course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for all courses that Dr. Papaefthymiou has taught at the university level" (hereinafter referred to as "Dr. Papaefthymiou's course-related work").  (Brothers Dec. Ex. 1).  This demand was made after the completion of the deposition of Dr. Papaefthymiou.  Also on August 14, defendants purported to serve broad subpoenas for the same types of documents on (i) the University of Michigan, where Dr. Papaefthymiou serves as a full professor, (ii) Yale University, where he was formerly an assistant professor, and (iii) the Massachusetts Institute of Technology where he conducted his PhD studies.  (Brothers Dec. ¶ 2, Ex. 2-4).  The return date for these subpoenas was four days from the date of issuance – August 18, 2006.  Upon receipt of the discovery request and subpoenas, counsel for Ricoh requested a meet and confer.  Defendants' counsel responded with a refusal to meet and confer until after the return date.  (Brothers Dec. ¶ 3, Ex. 5).

Judge Chen had previously issued specific procedures prior to presenting discovery issues, and also had endorsed informal joint letters.  On August 15, counsel for Ricoh telephoned Judge Chen's clerk with a procedural question of how to proceed – whether by joint letter or by formal ex parte motion – given the Court's prior guidance.  Judge Chen had also had his clerk facilitate and participate in meet and confers between counsel.  Judge Chen's clerk asked to get defendants' counsel on the phone, and advised defendants' counsel that that Magistrate Judge Chen would be unavailable between August 17 and 27, and would be unable to hear an ex parte motion or merits motion until he returned. Judge Chen's clerk suggested that the parties agree to extend the return date of their subpoenas until after Judge Chen returned.  Counsel for Ricoh agreed to this proposal on Ricoh's behalf, but defendants'

1    counsel refused to so agree.  Judge Chen's clerk advised counsel for the parties that, in the absence of

2    such an agreement, Ricoh would need to file a formal motion to quash and an ex parte motion to shorten

3    time, and that it likely would be forwarded to Judge Jenkins.  (Brothers Dec. ¶ 4.)  After the conference

4    call with Judge Chen's clerk, defendants' counsel advised counsel for Ricoh that defendants continued

5    to refuse to extend the return date of the subpoenas, and that defendants insisted that the matter be

6    presented in a motion to quash and an ex parte motion to expedite.  (Brothers Dec. ¶ 5.)  Ricoh hereby

7    moves for a protective order under Rule 26(c).[1]

8         Ricoh believes that defendants, having repeatedly failed to delay the trial through their motion

9    practice, are similarly attempting to delay the trial through the current requests.  (Brothers Dec. ¶ 6).

10   Because defendants refuse to agree to defer the return date of their subpoenas for even two weeks, Ricoh

11   requests an expedited hearing on its Motion for Protective Order Under Rule 26(c) filed August 17,

12   2006.

---

[1] Ricoh understands that its motion to quash, filed August 15, 2006, was denied by Judge Chen solely for lack of jurisdiction under Rule 45.

RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) PRECLUDING
DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS
CASE NOs. C-03-2289-MJJ (EMC)  & C-03-4669-MJJ (EMC)   Page 3

1

2 | Dated: August 17, 2006

RICOH COMPANY, LTD.

3

By: /s/ Kenneth W. Brothers _____

4 | Jeffrey B. Demain, State Bar No. 126715

Gary M. Hoffman (*Pro Hac Vice*)

Jonathan Weissglass, State Bar No. 185008

Kenneth W. Brothers (*Pro Hac Vice*)

5 | ALTSHULER, BERZON, NUSSBAUM,

DICKSTEIN SHAPIRO LLP

RUBIN & DEMAIN

1825 Eye Street, NW

6 | 177 Post Street, Suite 300

Washington, DC 20006-1526

San Francisco, CA 94108

Telephone: (202) 420-2200

7 | Telephone: (415) 421-7151

Facsimile: (202) 420-2201

Facsimile: (415) 362-8064

8

Edward A. Meilman (*Pro Hac Vice*)

9 | DICKSTEIN SHAPIRO LLP

1177 Avenue of the Americas

10 | New York, NY 10036-2714

Telephone: (212) 277-6500

11 | Facsimile: (212) 277-6501

12

Attorneys for

13 | RICOH COMPANY, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) **CASE NO. C-03-2289-MJJ (EMC)** |
| | ) |
| v. | ) **CASE NO. C-03-4669-MJJ (EMC)** |
| | ) |
| RICOH COMPANY, LTD., | ) |
| Defendant. | ) |
| RICOH COMPANY, LTD., | ) **[PROPOSED] ORDER GRANTING RICOH'S** |
| | ) **EX PARTE MOTION TO EXPEDITE** |
| Plaintiff, | ) **RICOH'S MOTION FOR A PROTECTIVE** |
| | ) **ORDER UNDER RULE 26(c) TO PRECLUDE** |
| v. | ) **DEFENDANTS' UNTIMELY AND** |
| | ) **OVERBROAD DISCOVERY REQUESTS** |
| AEROFLEX INCORPORATED, et al., | ) **AND SUBPOENAS** |
| Defendants | ) |

Upon consideration of RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION FOR A PROTECTIVE ORDER UNDER RULE 26(c) TO PRECLUDE DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Court hereby GRANTS RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION FOR A PROTECTIVE ORDER UNDER RULE 26(c) TO PRECLUDE DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS.

The return date of the subpoenas are suspended until the Court shall resolve the merits of the motion. Defendants are required to submit a brief on the merits by no later than _____. Ricoh shall submits its reply by no later than _____. The Court shall schedule any hearing by further order.

IT IS SO ORDERED.

DATED:_____          _____
                                 The Honorable Edward Chen
                                 Magistrate Judge, United States District Court