Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants | **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION FOR A PROTECTIVE ORDER UNDER RULE 26(c) TO PRECLUDE DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS** |

Kenneth W. Brothers declares as follows:

1.  My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein Shapiro LLP, counsel for Ricoh Company Limited.  I am over the age of 21 and am competent to make this declaration.  Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

2.  On August 14, 2006, defendants served three subpoenas on the University of Michigan, Yale University, and the Massachusetts Institute of Technology requesting documents relating to Dr. Papaefthymiou.  Defendants' counsel also sent me a letter with additional discovery requests relating to Dr. Papaefthymiou.

3.  Upon receipt of the discovery request and subpoenas, I requested a meet and confer.  Defendants' counsel responded with a refusal to meet and confer until after the return date.  I have discussed this matter with Ethan Andelman in at least three telephone conversations – two on August 15, and one on August 17.  During each of those conversations, I offered to defer the filing of this motion if he would agree to extend the return date, but he refused.  I also discussed ways in which defendants might be able to obtain the information that they claimed they really needed, but Mr. Andelman refused to consider any alternatives.  Ricoh hereby certifies that it made a good faith attempt to confer with defendants in an effort to resolve the dispute without court action, as required by Rule 26(c).

4.  Judge Chen had previously issued specific procedures prior to presenting discovery issues, and also had endorsed informal joint letters.  On August 15, I telephoned Judge Chen's clerk with a procedural question of how to proceed – whether by joint letter or by formal ex parte motion – given the Court's prior guidance.  Judge Chen had also had his clerk facilitate and participate in meet and confers between counsel.  Judge Chen's clerk asked me to get defendants' counsel on the phone, which I did.  Judge Chen's clerk advised defendants' counsel that that Magistrate Judge Chen would be unavailable between August 17 and 27, and would be unable to hear an ex parte motion or merits motion until he returned.  Judge Chen's clerk suggested that the parties agree to extend the return date of their subpoenas until after Judge Chen returned.  I agreed to this proposal on Ricoh's behalf, but defendants' counsel refused to so agree.  Judge Chen's clerk advised counsel for the parties that, in the absence of

1   such an agreement, Ricoh would need to file a formal motion to quash and an ex parte motion to shorten

2   time, and that it likely would be forwarded to Judge Jenkins.

3       5.   After the conference call with Judge Chen's clerk, defendants' counsel advised me that

4   defendants continued to refuse to extend the return date of the subpoenas, and that defendants insisted

5   that the matter be presented in a motion to quash and an ex parte motion to expedite.

6       6.   Ricoh believes that defendants, having repeatedly failed to delay the trial through their

7   motion practice, are similarly attempting to delay the trial through the current requests.

8       7.   Attached hereto as Exhibit 1 is a true and correct copy of an August 14, 2006, letter from

9   Denise De Mory to Kenneth Brothers.

10      8.   Attached hereto as Exhibit 2 is a true and correct copy of an August 14, 2006, subpoena

11  to the University of Michigan.

12      9.   Attached hereto as Exhibit 3 is a true and correct copy of an August 14, 2006, subpoena

13  to Yale University.

14      10.  Attached hereto as Exhibit 4 is a true and correct copy of an August 14, 2006, subpoena

15  to the Massachusetts Institute of Technology.

16      11.  Attached hereto as Exhibit 5 is a true and correct copy of an August 14, 2006, email

17  exchange between Kenneth Brothers and Ethan Andelman, *et al.*

1

2    Dated:  August 17, 2006                RICOH COMPANY, LTD.

3                                           By:  /s/ Kenneth W. Brothers

4    Jeffrey B. Demain, State Bar No. 126715    Gary M. Hoffman (*Pro Hac Vice*)
     Jonathan Weissglass, State Bar No. 185008  Kenneth W. Brothers (*Pro Hac Vice*)
5    ALTSHULER, BERZON, NUSSBAUM,           DICKSTEIN SHAPIRO LLP
     RUBIN & DEMAIN                         1825 Eye Street, NW
6    177 Post Street, Suite 300             Washington, DC  20006-1526
     San Francisco, CA 94108                Telephone: (202) 420-2200
7    Telephone: (415) 421-7151              Facsimile: (202) 420-2201
     Facsimile: (415) 362-8064
8
                                            Edward A. Meilman (*Pro Hac Vice*)
9                                           DICKSTEIN SHAPIRO LLP
                                            1177 Avenue of the Americas
10                                          New York, NY 10036-2714
                                            Telephone:  (212) 277-6500
11                                          Facsimile:  (212) 277-6501

12                                          Attorneys for
                                            RICOH COMPANY, LTD.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

August 14, 2006

<u>**VIA PDF**</u>

Kenneth W. Brothers, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403

  **Re:**   *Synopsys v. Ricoh Company, Ltd.,*
     ***Case No. C03-2289 MJJ (EMC)***
     *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
     ***Case No. C03-4669 MJJ (EMC)***

Dear Mr. Brothers:

   I write to request additional discovery related to Ricoh's expert Dr. Marios Papaefthymiou. Dr. Papaefthymiou has taught many computer and electrical engineering-related classes at Massachusetts Institute of Technology, Yale University, and the University of Michigan. We request production of documents and things related to Dr. Papaefthymiou's teaching of classes and research activities at those institutions.

   In particular, we request all course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for all courses that Dr. Papaefthymiou has taught at the university level. For example, Dr. Papaefthymiou's curriculum vitae states that he has authored course digests for "Computer Systems" and "Computer-Aided Design of Integrated Circuits" classes that he taught at Yale and an "Advanced Algorithms" class that he taught at Massachusetts Institute of Technology. Dr. Papaefthymiou also created an instructional RISC microprocessor implemented in Verilog for the "Computer Systems" class, which we request be produced. Additionally, we request all invention disclosures submitted to the University of Michigan Technology Transfer Office by Dr. Papaefthymiou and all theses and technical reports prepared by Dr. Papaefthymiou while he was a student at Massachusetts Institute of Technology.

   Additionally, although it appears that Dr. Papaefthymiou generally has his lecture notes posted on his University of Michigan webpage, the links appear to have been disabled. For example, the webpage contains links for EECS 370 Introduction to Computer Organization, EECS 478 Logic Circuit Synthesis and Optimization, and EECS 598 Computer-Aided Design of Embedded Systems that do not function properly. Please provide these course materials forthwith considering that they are unavailable via Dr. Papaefthymiou's webpage.

AMSTERDAM  BRUSSELS  EAST PALO ALTO  CHICAGO  HOUSTON  IRVINE
LONDON  LOS ANGELES  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

DM_US\8376449.v1

Kenneth W. Brothers, Esq.
August 14, 2006
Page 2

Our request is not limited solely to the above examples, however, and encompasses all materials concerning Dr. Papaefthymiou's teaching of computer and electrical engineering-related classes. Such materials are relevant for understanding and assessing the bases of Dr. Papefthymiou's opinions, and we are entitled to their production as a result.

Please procure from Dr. Papaefthymiou all materials responsive to this request, and produce them as soon as possible.

Sincerely,

Denise M. De Mory

EXHIBIT 2

1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Ethan B. Andelman (SBN 209101)
Jaclyn C. Fink (SBN 217913)
3 | HOWREY LLP
525 Market Street, Suite 3600
4 | San Francisco, California 94105
Telephone: (415) 848-4900
5 | Facsimile: (415) 848-4999

6 | Attorneys for Plaintiff SYNOPSYS, INC.
and for Defendants AEROFLEX INCORPORATED,
7 | AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
8 | GRAPHICS, INC., MATROX INTERNATIONAL
CORP., MATROX TECH, INC., and
9 | AEROFLEX COLORADO SPRINGS, INC.

10 |                    UNITED STATES DISTRICT COURT

11 |                    NORTHERN DISTRICT OF CALIFORNIA

12 |                       SAN FRANCISCO DIVISION

13 | RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

14 |                 Plaintiff,              Case No. C03-02289 MJJ (EMC)

15 |         vs.                            **NOTICE OF SUBPOENA TO THE
                                            UNIVERSITY OF MICHIGAN**
16 | AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
17 | ELECTRONIC SYSTEMS LTD., MATROX
GRAPHICS INC., MATROX INTERNATIONAL
18 | CORP., MATROX TECH, INC., AND
AEROFLEX COLORADO SPRINGS, INC.

19 |                 Defendants.

20 | SYNOPSYS, INC.,

21 |                 Plaintiff,

22 |         vs.

23 | RICOH COMPANY, LTD.,

24 |                 Defendant.

25

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)
NOTICE OF SUBPOENA TO THE UNIVERSITY OF
MICHIGAN

DM_US\8376635.v1

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       YOU ARE HEREBY NOTIFIED that pursuant to Federal Rule of Civil Procedure 45, Plaintiff

3   Synopsys, Inc. has served the University of Michigan c/o Donica Thomas Varner, Assistant General

4   Counsel, the attached subpoena for production of documents.

5       The University is required to produce documents in its custody, possession or control specified in

6   Attachment A to the subpoena by 10:00 a.m. CST on Friday, August 18, 2006 at American Reprographics

7   Systems, 660 Woodward Avenue, Suite 610, Detroit, Michigan, 48226, Telephone:  (313) 965-5090.

8   Dated:  August 14, 2006                          HOWREY LLP

9

10                                  By:  _____

11                                       Matthew F. Greinert
                                         Attorneys for Plaintiff SYNOPSYS
12                                       Defendants AEROFLEX
                                         INCORPORATED, AMI
13                                       SEMICONDUCTOR, INC., MATROX
                                         ELECTRONIC SYSTEMS, LTD.,
14                                       MATROX GRAPHICS, INC., MATROX
                                         INTERNATIONAL CORP., MATROX
15                                       TECH, INC., and  AEROFLEX
                                         COLORADO SPRINGS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)
NOTICE OF SUBPOENA TO THE UNIVERSITY OF
MICHIGAN

DM_US\8376635.v1

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )
                                   )    ss.:
3    COUNTY OF SAN FRANCISCO        )

4

5          I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

6          On August 14, 2006 I served on the interested parties in said action the within:

7    **NOTICE OF SUBPOENA TO THE UNIVERSITY OF MICHIGAN**

8    by causing said document to be sent by Electronic Mail on August 14, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be delivered as follows:

9

10   Gary M. Hoffman, Esq.                     Jeffrey Demain, Esq.
     HoffmanG@dsmo.com                         jdemain@altshulerberzon.com
11   Dickstein Shapiro Morin & Oshinsky, LLP   Altshuler, Berzon, Nussbaum, Rubin & Demain
     2101 L Street, N.W.                       177 Post Street, Suite 300
12   Washington, DC 20037-1526                 San Francisco, CA 94108

13   Facsimile No.: (202) 887-0689             Facsimile No.: (415) 362-8064

14   Edward A. Meilman, Esq.
     MeilmanE@dsmo.com
15   Dickstein Shapiro Morin & Oshinsky, LLP
     1177 Avenue of the Americas
16   New York, NY 10036-2714

17   Facsimile No.:  (212) 896-5471

18   ☒    (OVERNIGHT DELIVERY) on August 14, 2006 by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier on.

19

20

21         I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

22

23         Executed on August 14, 2006, at San Francisco, California.

24   _____          _____
            James M. James                                    (Signature)
25          (Type or print name)

26

27

28

HOWREY LLP

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN    DISTRICT OF    MICHIGAN

RICOH COMPANY, LTD

V.

AEROFLEX, INCORPORATED, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-04669 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO: DONICA THOMAS VARNER, Esq., Assitant General Counsel,
on behalf of UNIVERSITY OF MICHIGAN
4010 Fleming Building
503 Thompson Street, Ann Arbor, MI 48109

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    American Reprographics Systems, attn: Jim Higgins | DATE AND TIME |
|---|---|
| 660 Woodward Avenue, Suite 610, Detroit, Michigan 48226, (313) 965-5090 | August 18, 2006, 10:00 am CST |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | August 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew F. Greinert, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

|  | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED: | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.      The terms "you," and "your," mean, without limitation, the University of Michigan, including without limitation all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, students, consultants, attorneys, entities acting in joint-venture or partnership relationships with the University of Michigan and others acting on behalf of the University of Michigan.

2.      As used herein, the word "document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

3.      As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

4.      As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

5.      The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

6.   Whenever the singular is used, it shall also be taken to include the plural, and vice versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.      Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.      If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

a.      The type of document;

b.      The approximate date, and manner of recording, creating or otherwise preparing the document;

c.      The subject matter of the document;

DM_US\8326684.v1

d.    The name and organizational position of the person(s) who produced the document,

e.    The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.    The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.    If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request.  If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.    Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.    Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests.  English translations of partial translations of foreign language documents should also be considered separate documents.

7.    If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.    If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions.  If your response is qualified in any particular manner, set forth the details of such qualification.

9.    Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

**Request No.1:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Introduction to Computer Organization" (EECS 370) in the Electrical Engineering and Computer Science Department at the University of Michigan, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

**Request No. 2:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Logic Circuit Synthesis and Optimization" (EECS 478) in the Electrical Engineering and Computer Science Department at the University of Michigan, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

**Request No. 3:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Computer-Aided Design of Embedded Systems" in the Electrical Engineering and Computer Science Department at the University of Michigan, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

**Request No. 4:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of any course within the Electrical Engineering and Computer Science Department, or any other Department, at the University of Michigan, including but not limited to, course syllabi, handouts,

outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for any such course.

**Request No. 5:**

All documents regarding, referring or relating to any invention disclosures submitted to the University of Michigan Technology Transfer Office by Dr. Marios Papaefthymiou while being employed by the University of Michigan, including but not limited to, Invention Disclosure Nos. 1496, 1759, 2270, 2299, 2300, and 2452.

ATTACHMENT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | CASE NO. C03-02289-MJJ (EMC) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

1.   All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.   "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains "Confidential Information."

3.   (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical

information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary

business and financial information and any other non-public information, the disclosure of which is

likely to have the effect of causing significant competitive harm to the disclosing party or party from

which the information was obtained.  Nothing in this paragraph shall be construed to limit the

description of "Confidential Information" set forth in paragraph 2.

(b) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced

by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure,

as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without

restriction as to disclosure, provided such third party has the right to make the disclosure to the

receiving party.

4. "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such

attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to

hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after

compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside

copy services, document imaging and database services, design services who have signed confidentiality

agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed

confidentiality agreements, and language translators who have signed confidentiality agreements

2

1

2
(including support staff) as may be reasonably necessary in connection with the preparation or conduct
3
of this action;
4

5
    (e) Anyone to whom the parties consent in writing; and
6
    (f) If this Court so elects, any other person may be designated as a Qualified Person by
7
order of this Court, after notice and opportunity to be heard to all parties.
8    5.   Prior to the disclosure of any "Confidential Information" to any expert under Paragraph
9
4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective
10
Order as entered to such person, explain its terms to such person, and secure the signature of such
11
person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile
12
and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum
13
vitae, at least ten (10) calendar days before any "Confidential Information" designated under this
14
Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general
15
area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or
16
consulting engagements by the expert within the past five (5) years, and state all present or prior
17
relationships between the expert and any entity directly or indirectly involved in this litigation or
18
providing an indemnity to any such entity, its subsidiaries or its affiliates.  Any Party may object to the
19
proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of
20
Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes
21
such expert should not receive designated "Confidential Information."  If during that ten (10) calendar
22
day period a Party makes such a written objection, there shall be no disclosure of "Confidential
23
Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated
24
below, or further order of the Court.  After a Party objects to the proposed disclosure to an expert, the
25
objecting Party shall move, by noticed motion or by ex parte application, for an order that disclosure not
26
be made to such expert within five (5) business days following the date that the objection is made, or the
27
Party's objection shall be deemed waived and disclosure may be made to the expert.  The burden shall
28

3

be on the objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6. (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7. Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8. The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties

1

2

from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert

3

reports, including exhibits that are designated as "Confidential."

4

5      10. (a) Documents to be inspected shall be treated as "Confidential" although such

documents need not be marked as "Confidential" prior to inspection.  At the time of copying for the

receiving parties, any documents containing "Confidential Information" shall be stamped prominently

"Confidential" by the producing party.

8

9      (b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party

10

designating the information as "Confidential" consents to such disclosure or if the Court, after notice to

11

all effected parties, orders such disclosures.  Nothing herein shall prevent any counsel of record from

12

utilizing "Confidential Information" in the examination or cross- examination of any person who is

13

indicated on the document as being an author, source or recipient of the "Confidential Information,"

14

irrespective of which party produced such information.  Nothing herein shall prevent any counsel of

15

record from utilizing "Confidential Information" in the examination or cross-examination of any person

16

who is a current or former officer, director or employee of the party so designating the information as

17

"Confidential" or of the party that produced the information or of a related entity.

18

19      11. If a party inadvertently discloses any document or thing containing information that it

20

deems confidential without designating it as "Confidential," the disclosing party shall promptly upon

21

discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party

22

and all Qualified Persons possessing such information shall thereafter treat the information as

23

"Confidential" under this Order.  To the extent such information may have been disclosed to persons

24

other than Qualified Persons described in this document, the receiving party shall make every

25

reasonable effort to retrieve the information promptly from such persons and to avoid any further

26

disclosure to and by such persons.

27

28      12. A party shall not be obligated to challenge the propriety of a designation as

"Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

5

1

2

Nor will the failure to object be construed as an admission that any particular "Confidential

3

Information" contains or reflects currently valuable trade secrets or confidential commercial

4

information. In the event that any party to this litigation disagrees at any stage of these proceedings

with the designation by the designating party of any information as "Confidential," or the designation of

any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an

informal basis, such as production of redacted copies. If the parties are unsuccessful in informally

resolving any disputes regarding the designation of any document or information as "Confidential," the

Court shall resolve all such disputes. It shall be the burden of the party making any designation to

establish that the information so designated is "Confidential" within the meaning of this Protective

Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally

13

designated pending resolution of the dispute.

14

     13. The parties may, by written stipulation filed and approved by the Court, amend this

15

Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree

16

to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify

17

this Protective Order in the interest of justice or otherwise at the Court's discretion.

18

     14. In the event a party wishes to use any "Confidential Information" in any affidavits,

19

briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential

20

Information" used therein shall be filed under seal with the Court. In addition to placing documents in a

sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order

and that the envelope is not to be opened absent further order of the Court, the envelope should be

labeled to identify the title of the case, the case number, and the title of the document.

24

25

     15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of

26

deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal

27

with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a

28

party to this action.

6

1

2

16. If a Party intends to offer into evidence or otherwise disclose in open court any
3
"Confidential Information" designated by another person or entity, counsel for such Party shall notify
4
the designating person or entity that the Party intends to disclose "Confidential Information" in open

court prior to the disclosure, so that the designating person or entity may confer with the Court

concerning appropriate procedures for protecting its "Confidential Information."

8    17. In the event any person or party that has possession, custody, or control of any

information designated as "Confidential" pursuant to the terms of this Protective Order receives a
10
subpoena or other process or order to produce such information, such person or party shall notify by
11
mail within five (5) business days of the Party's receipt of the request, the counsel for the party or
12
persons claiming confidential treatment of the documents sought by such subpoenas or other process or
13
order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall
14
cooperate with respect to any procedure sought to be pursued by the party whose interests may be
15
affected. The party asserting the "Confidential" treatment shall have the burden of defending against
16
such subpoena, process or order.  The person or party receiving the subpoena or process or order shall
17
be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is
18
successful in obtaining an order modifying or quashing it; and (b) in complying with the process or
19
order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information"
20
before producing it in the other proceeding or action.

22    18. If the discovery process calls for the production of information that a Party or Non-Party
23
does not wish to produce because the Party or Non-Party believes its disclosure would breach an
24
agreement with another person or entity to maintain such information in confidence, the disclosing Party
25
or Non-Party promptly shall give written notice to the other person or entity that its information is
26
subject to discovery in this litigation, and shall provide such person or entity with a copy of this
27
Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-
28
Party will advise the potential receiving Party that such notice has been given.  The person or entity

7

whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires. If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19. In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non- party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21. (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception. Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things.

(b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

8

1

2

22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof,

3

any document and all reproductions of "Confidential" documents produced by a party that are in the

4

possession of any Qualified Person shall be returned to the producing party or, with the consent of the

5

producing party, destroyed.  If destroyed, counsel for the receiving party shall certify to counsel for the

6

producing party compliance with this paragraph within fourteen (14) calendar days of such destruction.

7

Outside counsel for each party may maintain in its files one copy of all material produced as well as all

8

material filed with or otherwise presented to the Court, deposition and trial transcripts, and work

9

product (regardless of whether such materials contain or refer to "Confidential" materials).  If counsel

10

retains such materials, the materials which contain Confidential Information shall be accessible only by

11

Qualified Persons defined in paragraph 4(b) above.  As far as the provisions of any protective orders

12

entered in this action restrict the communication and use of the documents produced thereunder, such

13

orders shall continue to be binding after the conclusion of this litigation including any subsequent

14

appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as

15

exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written

16

permission of the producing party or order of the Court with respect to dissolution or modification of

17

such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

18

19

20

21

23.    (a)    At the election of the Producing Party, a Receiving Party's access to a Producing

22

Party's discoverable source code may be limited to inspection of the code at a secured facility provided

23

by the Producing Party. Such inspection may be conducted only by persons identified in advance by the

24

Receiving Party on a list of "Qualified Inspecting Personnel" which may include:

25    (1)    the Receiving Party's Outside Counsel of record in this action; and

26    (2)    up to three Experts (as defined in this Order) of the Receiving Party to

27    whom disclosure is reasonably necessary for this litigation and who have signed the

28    "Agreement to Be Bound by Protective Order (Exhibit A) and who have been approved

pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information

9

1

2

of Items to 'Experts'" as set forth in paragraph 5.

3        (b)    The following provisions relate to Synopsys' provision of access to the Source
Code for versions of its commercial products:

4

5        (1)    Synopsys will make available a closed room at its facility in Bethesda,

6    Maryland for use by Ricoh's Qualified Inspecting Personnel. The room will be set aside

7    for the exclusive use of Ricoh's Qualified Inspecting Personnel and will not be used by

8    Synopsys or any other party when Ricoh's Qualified Inspecting Personnel are not present.

9    The room will be available for a minimum of twelve weeks. After twelve weeks, and

10   after consultation with Ricoh, Synopsys may close the facility pursuant to the procedures

11   described in paragraph 4 below. If the facility is closed, Synopsys agrees to make the

12   source code available for inspection under similar procedures at another date prior to the

13   close of expert discovery.

        (2)    Synopsys will equip the closed room with a private phone if a phone jack
14   is already available in the room, a stand-alone, non-networked, computer and high-speed
     printer. The computer will be loaded with copies of the source code to be produced and
15   utilities required to review the code. The source code shall include the code which is
     used by Synopsys and no notes, comments, or any segments shall be removed before
16   being made available. The computer will be equipped with the text editors available in a
     standard Unix distribution, suitable for use in editing the source code. Synopsys will
17   assist Ricoh in loading software that Ricoh may require for analysis of the source code.
     The computer shall also be loaded with a complete distribution of the Synopsys software
18   that is fully operable and executable.

19       (3)    Ricoh may print copies of a reasonable subset of the source code for the

20   Synopsys products at issue. Any printing done at the secure facility will be done

21   exclusively on paper supplied by Synopsys. Synopsys may elect to place preprinted

22   confidential designations on the margins of the paper. Ricoh's Qualified Inspecting

23   Personnel are not to bring blank paper into the closed room except for the purpose of

24   making handwritten notes. Synopsys will initially supply Ricoh with 5,000 pages of

25   paper for use with the printer. This figure is based on the estimate that 5,000 pages

26   should be sufficient to print approximately 5% of the source code for Design Compiler. If

27   at any time, Ricoh believes that additional printing and paper is required, Ricoh may

28   submit additional requests for paper to Synopsys with a general statement of the basis of

     the request.  Synopsys will respond within one week to any such request. If the parties

10

1

2

3    are unable to come to agreement after conferral, the matter may be presented to the

4    Court. In evaluating requests for paper, the relevant standard to be applied is that Ricoh

5    should be allowed to print hardcopies of a reasonable subset of the Synopsys source code

6    and that what is reasonable shall be evaluated in light of relevance of the code to Ricoh's

7    allegations and Synopsys' interest in preventing release in hardcopy of more than a

8    fraction of its source code.

9         (4)    Ricoh will be permitted to send individuals from the list of Qualified

10   Inspecting Personnel to participate in and/or witness the closing of the secured facility.

11   Before closing of the facility, Ricoh's representatives may provide a list of procedures

12   that they wish to perform to ensure that any electronic record of their use of the machine

13   has been erased.

       (c)    The Receiving Party will provide the Producing Party with a copy of its list of "Qualified Inspecting Personnel" no later than 5 business days before any person on the list attempts to access the secured facility. The Receiving Party may revise the list to add or remove individuals, provided that no more than a total of three Experts are ever provided with access to the source code during the entire course of the litigation absent an agreement by the parties or a Court Order to expand this number.

16     (d)    Any notes taken or any other information created by Outside Counsel or the experts of the Receiving Party at or based on any inspection of the source code shall be treated as "CONFIDENTIAL" under this Protective Order.

18   24. This Order shall not bar any attorney herein in the course of rendering advice to his client

19   with respect to this litigation from conveying to any party client his evaluation in a general way of

20   "Confidential Information" produced or exchanged herein; provided, however, that in rendering such

21   advice and otherwise communicating with his client, the attorney shall not disclose the specific contents

22   of any "Confidential Information" produced by another party herein, which disclosure would be contrary

23   to the terms of this Protective Order.

24     25. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months

25   after the final termination of this action.

26   Dated: March 23, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

27

28

                                             /s/ Christopher L. Kelley
                                             Teresa M. Corbin, Esq.

1

2          Christopher Kelley, Esq.
3          Erik K. Moller, Esq.
           Attorneys for Plaintiff SYNOPSYS, INC.
4          301 Ravenswood Avenue
           Menlo Park, CA 94025
5          Telephone: (650) 463-8100
           Facsimile: (650) 463-8400
6

7   Dated: March 23, 2004          DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
8
           /s/   Kenneth W. Brothers
9          Kenneth W. Brothers, Esq. (pro hac vice)
           Attorneys for Defendant  RICOH COMPANY, LTD.
10         2101 L Street NW
           Washington, DC  20037
11         Telephone:  (202) 785-9700
           Facsimile:  (202) 887-0689
12

13

14                         **ORDER**

15  **SO ORDERED** this 24th day of March, 2004.
16

17                         _____/s/_____
18                         Magistrate Judge Edward M. Chen

19

20

21

22

23

24

25

26

27

28

12

EXHIBIT 3



1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Ethan B. Andelman (SBN 209101)
   Jaclyn C. Fink (SBN 217913)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone: (415) 848-4900
5  Facsimile: (415) 848-4999

6  Attorneys for Plaintiff SYNOPSYS, INC.
   and for Defendants AEROFLEX INCORPORATED,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., MATROX TECH, INC., and
9  AEROFLEX COLORADO SPRINGS, INC.

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                      Case No. C03-02289 MJJ (EMC)

15      vs.                                 **NOTICE OF SUBPOENA TO YALE
                                            UNIVERSITY**
16  AEROFLEX INCORPORATED, AMI
    SEMICONDUCTOR, INC., MATROX
17  ELECTRONIC SYSTEMS LTD., MATROX
    GRAPHICS INC., MATROX INTERNATIONAL
18  CORP., MATROX TECH, INC., AND
    AEROFLEX COLORADO SPRINGS, INC.

19          Defendants.

20  SYNOPSYS, INC.,

21          Plaintiff,

22      vs.

23  RICOH COMPANY, LTD.,

24          Defendant.

25

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)                    DM_US\8376656.v1
NOTICE OF SUBPOENA TO YALE UNIVERSITY

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    YOU ARE HEREBY NOTIFIED that pursuant to Federal Rule of Civil Procedure 45, Plaintiff

3    Synopsys, Inc. has served Yale University c/o Dorothy K. Robinson, Vice President and General Counsel,

4    the attached subpoena for production of documents.

5    The University is required to produce documents in its custody, possession or control specified in

6    Attachment A to the subpoena by 10:00 a.m. EST on Friday, August 18, 2006 at Legal Impressions, 205

7    Church Street, New Haven Connecticut, Telephone:  (203) 907-4557.

8    Dated:  August 14, 2006                              HOWREY LLP

9

10                                              By:  _____

11                                                        Matthew F. Greinert
                                                 Attorneys for Plaintiff SYNOPSYS
12                                               Defendants AEROFLEX
                                                 INCORPORATED, AMI
13                                               SEMICONDUCTOR, INC., MATROX
                                                 ELECTRONIC SYSTEMS, LTD.,
14                                               MATROX GRAPHICS, INC., MATROX
                                                 INTERNATIONAL CORP., MATROX
15                                               TECH, INC., and  AEROFLEX
                                                 COLORADO SPRINGS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA      )
                               )   ss.:

3   COUNTY OF SAN FRANCISCO   )

4

5         I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

6         On August 14, 2006 I served on the interested parties in said action the within:

7   **NOTICE OF SUBPOENA TO YALE UNIVERSITY**

8   by causing said document to be sent by Electronic Mail on August 14, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as

9   stated below and causing such envelope(s) to be delivered as follows:

10   Gary M. Hoffman, Esq.                      Jeffrey Demain, Esq.
     HoffmanG@dsmo.com                   jdemain@altshulerberzon.com

11   Dickstein Shapiro Morin & Oshinsky, LLP     Altshuler, Berzon, Nussbaum, Rubin & Demain
     2101 L Street, N.W.                       177 Post Street, Suite 300

12   Washington, DC 20037-1526              San Francisco, CA 94108

13   Facsimile No.: (202) 887-0689            Facsimile No.: (415) 362-8064

14   Edward A. Meilman, Esq.
     MeilmanE@dsmo.com

15   Dickstein Shapiro Morin & Oshinsky, LLP
     1177 Avenue of the Americas

16   New York, NY 10036-2714

17   Facsimile No.: (212) 896-5471

18   [X]   (OVERNIGHT DELIVERY) on August 14, 2006 by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver

19         authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as

20         stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier on.

21         I declare under penalty of perjury that I am employed in the office of a member of the bar of this

22   Court at whose direction the service was made and that the foregoing is true and correct.

23         Executed on August 14, 2006, at San Francisco, California.

24   _____                           _____
          James M. James                                       (Signature)

25         (Type or print name)

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)                            DM_US\8376656.v1
NOTICE OF SUBPOENA TO YALE UNIVERSITY

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF    CONNECTICUT

RICOH COMPANY, LTD

V.

AEROFLEX, INCORPORATED, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C03-04669 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO: DOROTHY K. ROBINSON, Esq., Vice President & General Counsel,
on behalf of YALE UNIVERSITY
2 Whitney Avenue, 6th Floor
New Haven, Connecticut 06510

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE   Legal Impressions, attention Michael Ferreira<br>205 Church St, New Haven, Connecticut, 203-907-4557 | DATE AND TIME<br>August 18, 2006, 10:00 a.m. EST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br>August 14, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew F. Greinert, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

# DEFINITIONS

1.    The terms "you," and "your," mean, without limitation, Yale University, including without limitation all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, students, consultants, attorneys, entities acting in joint-venture or partnership relationships with Yale University and others acting on behalf of Yale University.

2.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

3.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

4.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

5.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

6.    Whenever the singular is used, it shall also be taken to include the plural, and vice versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

      a.    The type of document;

      b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

      c.    The subject matter of the document;

      d.    The name and organizational position of the person(s) who produced the document,

      e.      The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

      f.      The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.      If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.      Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.      Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.      If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.      If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.      Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

**Request No.1:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Computer Systems" in the Electrical Engineering and Computer Science Department at Yale University, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, an instructional RISC microprocessor implemented in Verilog, and any other demonstrative software and hardware created for the course.

**Request No. 2:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Computer-Aided Design of Integrated Circuits" in the Electrical Engineering and Computer Science Department at Yale University, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

**Request No. 3:**

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of any course within the Electrical Engineering and Computer Science Department, or any other Department, at Yale University, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for any such course.

ATTACHMENT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>              Defendant. | CASE NO. C03-02289-MJJ (EMC)<br><br>**STIPULATED PROTECTIVE ORDER** |

1.   All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.   "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains "Confidential Information."

3.   (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical

information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary

business and financial information and any other non-public information, the disclosure of which is

likely to have the effect of causing significant competitive harm to the disclosing party or party from

which the information was obtained.  Nothing in this paragraph shall be construed to limit the

description of "Confidential Information" set forth in paragraph 2.

(b) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced

by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure,

as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without

restriction as to disclosure, provided such third party has the right to make the disclosure to the

receiving party.

4. "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such

attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to

hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after

compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside

copy services, document imaging and database services, design services who have signed confidentiality

agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed

confidentiality agreements, and language translators who have signed confidentiality agreements

2

1

2 (including support staff) as may be reasonably necessary in connection with the preparation or conduct

3 of this action;

4

5      (e) Anyone to whom the parties consent in writing; and

6      (f) If this Court so elects, any other person may be designated as a Qualified Person by

7 order of this Court, after notice and opportunity to be heard to all parties.

8 5. Prior to the disclosure of any "Confidential Information" to any expert under Paragraph

9 4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective

10 Order as entered to such person, explain its terms to such person, and secure the signature of such

11 person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile

12 and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum

13 vitae, at least ten (10) calendar days before any "Confidential Information" designated under this

14 Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general

15 area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or

16 consulting engagements by the expert within the past five (5) years, and state all present or prior

17 relationships between the expert and any entity directly or indirectly involved in this litigation or

18 providing an indemnity to any such entity, its subsidiaries or its affiliates.  Any Party may object to the

19 proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of

20 Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes

21 such expert should not receive designated "Confidential Information."  If during that ten (10) calendar

22 day period a Party makes such a written objection, there shall be no disclosure of "Confidential

23 Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated

24 below, or further order of the Court.  After a Party objects to the proposed disclosure to an expert, the

25 objecting Party shall move, by noticed motion or by ex parte application, for an order that disclosure not

26 be made to such expert within five (5) business days following the date that the objection is made, or the

27 Party's objection shall be deemed waived and disclosure may be made to the expert.  The burden shall

28

3

be on the objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6. (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7. Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8. The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties

1

2

from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert

3

reports, including exhibits that are designated as "Confidential."

4

5    10. (a) Documents to be inspected shall be treated as "Confidential" although such

documents need not be marked as "Confidential" prior to inspection.  At the time of copying for the

receiving parties, any documents containing "Confidential Information" shall be stamped prominently

"Confidential" by the producing party.

9    (b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party

10  designating the information as "Confidential" consents to such disclosure or if the Court, after notice to

11  all effected parties, orders such disclosures.  Nothing herein shall prevent any counsel of record from

12  utilizing "Confidential Information" in the examination or cross- examination of any person who is

13  indicated on the document as being an author, source or recipient of the "Confidential Information,"

14  irrespective of which party produced such information.  Nothing herein shall prevent any counsel of

15  record from utilizing "Confidential Information" in the examination or cross-examination of any person

16  who is a current or former officer, director or employee of the party so designating the information as

17  "Confidential" or of the party that produced the information or of a related entity.

18

19  11. If a party inadvertently discloses any document or thing containing information that it

deems confidential without designating it as "Confidential," the disclosing party shall promptly upon

20  discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party

21  and all Qualified Persons possessing such information shall thereafter treat the information as

22  "Confidential" under this Order.  To the extent such information may have been disclosed to persons

23  other than Qualified Persons described in this document, the receiving party shall make every

24  reasonable effort to retrieve the information promptly from such persons and to avoid any further

25  disclosure to and by such persons.

26

27  12. A party shall not be obligated to challenge the propriety of a designation as

28  "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

5

1

2

Nor will the failure to object be construed as an admission that any particular "Confidential

3

Information" contains or reflects currently valuable trade secrets or confidential commercial

4

information. In the event that any party to this litigation disagrees at any stage of these proceedings

5

with the designation by the designating party of any information as "Confidential," or the designation of

6

any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an

7

informal basis, such as production of redacted copies. If the parties are unsuccessful in informally

8

resolving any disputes regarding the designation of any document or information as "Confidential," the

9

Court shall resolve all such disputes. It shall be the burden of the party making any designation to

10

establish that the information so designated is "Confidential" within the meaning of this Protective

11

Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally

12

designated pending resolution of the dispute.

13

14

13. The parties may, by written stipulation filed and approved by the Court, amend this

15

Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree

16

to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify

17

this Protective Order in the interest of justice or otherwise at the Court's discretion.

18

19

14. In the event a party wishes to use any "Confidential Information" in any affidavits,

20

briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential

21

Information" used therein shall be filed under seal with the Court. In addition to placing documents in a

22

sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order

23

and that the envelope is not to be opened absent further order of the Court, the envelope should be

24

labeled to identify the title of the case, the case number, and the title of the document.

25

15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of

26

deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal

27

with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a

28

party to this action.

6

16. If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18. If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given. The person or entity

7

whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires. If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19. In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non- party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21. (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception. Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things.

(b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

8

1

2

22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof,

3

any document and all reproductions of "Confidential" documents produced by a party that are in the

4

possession of any Qualified Person shall be returned to the producing party or, with the consent of the

5

producing party, destroyed.  If destroyed, counsel for the receiving party shall certify to counsel for the

6

producing party compliance with this paragraph within fourteen (14) calendar days of such destruction.

7

Outside counsel for each party may maintain in its files one copy of all material produced as well as all

8

materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work

9

product (regardless of whether such materials contain or refer to "Confidential" materials).  If counsel

10

retains such materials, the materials which contain Confidential Information shall be accessible only by

11

Qualified Persons defined in paragraph 4(b) above.  As far as the provisions of any protective orders

12

entered in this action restrict the communication and use of the documents produced thereunder, such

13

orders shall continue to be binding after the conclusion of this litigation including any subsequent

14

appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as

15

exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written

16

permission of the producing party or order of the Court with respect to dissolution or modification of

17

such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

18

19

20

23.    (a)    At the election of the Producing Party, a Receiving Party's access to a Producing

21

Party's discoverable source code may be limited to inspection of the code at a secured facility provided

22

by the Producing Party. Such inspection may be conducted only by persons identified in advance by the

23

Receiving Party on a list of "Qualified Inspecting Personnel" which may include:

24

25            (1)    the Receiving Party's Outside Counsel of record in this action; and

26            (2)    up to three Experts (as defined in this Order) of the Receiving Party to

27    whom disclosure is reasonably necessary for this litigation and who have signed the

28    "Agreement to Be Bound by Protective Order (Exhibit A) and who have been approved

pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information

9

1

2          of Items to 'Experts'" as set forth in paragraph 5.

3          (b)    The following provisions relate to Synopsys' provision of access to the Source
   Code for versions of its commercial products:
4

5                 (1)    Synopsys will make available a closed room at its facility in Bethesda,

6          Maryland for use by Ricoh's Qualified Inspecting Personnel. The room will be set aside

7          for the exclusive use of Ricoh's Qualified Inspecting Personnel and will not be used by

8          Synopsys or any other party when Ricoh's Qualified Inspecting Personnel are not present.

9          The room will be available for a minimum of twelve weeks. After twelve weeks, and

10         after consultation with Ricoh, Synopsys may close the facility pursuant to the procedures

11         described in paragraph 4 below. If the facility is closed, Synopsys agrees to make the

12         source code available for inspection under similar procedures at another date prior to the

13         close of expert discovery.

                   (2)    Synopsys will equip the closed room with a private phone if a phone jack
14         is already available in the room, a stand-alone, non-networked, computer and high-speed
           printer. The computer will be loaded with copies of the source code to be produced and
15         utilities required to review the code.  The source code shall include the code which is
           used by Synopsys and no notes, comments, or any segments shall be removed before
16         being made available.  The computer will be equipped with the text editors available in a
           standard Unix distribution, suitable for use in editing the source code.  Synopsys will
17         assist Ricoh in loading software that Ricoh may require for analysis of the source code.
           The computer shall also be loaded with a complete distribution of the Synopsys software
18         that is fully operable and executable.

19                 (3)    Ricoh may print copies of a reasonable subset of the source code for the

20         Synopsys products at issue. Any printing done at the secure facility will be done

21         exclusively on paper supplied by Synopsys. Synopsys may elect to place preprinted

22         confidential designations on the margins of the paper. Ricoh's Qualified Inspecting

23         Personnel are not to bring blank paper into the closed room except for the purpose of

24         making handwritten notes. Synopsys will initially supply Ricoh with 5,000 pages of

25         paper for use with the printer. This figure is based on the estimate that 5,000 pages

26         should be sufficient to print approximately 5% of the source code for Design Compiler. If

27         at any time, Ricoh believes that additional printing and paper is required, Ricoh may

28         submit additional requests for paper to Synopsys with a general statement of the basis of

           the request.  Synopsys will respond within one week to any such request. If the parties

                                            10

are unable to come to agreement after conferral, the matter may be presented to the Court. In evaluating requests for paper, the relevant standard to be applied is that Ricoh should be allowed to print hardcopies of a reasonable subset of the Synopsys source code and that what is reasonable shall be evaluated in light of relevance of the code to Ricoh's allegations and Synopsys' interest in preventing release in hardcopy of more than a fraction of its source code.

(4)     Ricoh will be permitted to send individuals from the list of Qualified Inspecting Personnel to participate in and/or witness the closing of the secured facility. Before closing of the facility, Ricoh's representatives may provide a list of procedures that they wish to perform to ensure that any electronic record of their use of the machine has been erased.

(c)     The Receiving Party will provide the Producing Party with a copy of its list of "Qualified Inspecting Personnel" no later than 5 business days before any person on the list attempts to access the secured facility. The Receiving Party may revise the list to add or remove individuals, provided that no more than a total of three Experts are ever provided with access to the source code during the entire course of the litigation absent an agreement by the parties or a Court Order to expand this number.

(d)     Any notes taken or any other information created by Outside Counsel or the experts of the Receiving Party at or based on any inspection of the source code shall be treated as "CONFIDENTIAL" under this Protective Order.

24. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

25. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months after the final termination of this action.

Dated: March 23, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

                                         /s/ Christopher L. Kelley
                                         Teresa M. Corbin, Esq.

11

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

EXHIBIT 4



1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Ethan B. Andelman (SBN 209101)
   Jaclyn C. Fink (SBN 217913)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone:  (415) 848-4900
5  Facsimile:   (415) 848-4999

6  Attorneys for Plaintiff SYNOPSYS, INC.
   and for Defendants AEROFLEX INCORPORATED,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., MATROX TECH, INC., and
9  AEROFLEX COLORADO SPRINGS, INC.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

14                 Plaintiff,               Case No. C03-02289 MJJ (EMC)

15        vs.                               **NOTICE OF SUBPOENA TO THE
                                            MASSACHUSETTS INSTITUTE OF
16  AEROFLEX INCORPORATED, AMI              TECHNOLOGY**
    SEMICONDUCTOR, INC., MATROX
17  ELECTRONIC SYSTEMS LTD., MATROX
    GRAPHICS INC., MATROX INTERNATIONAL
18  CORP., MATROX TECH, INC., AND
    AEROFLEX COLORADO SPRINGS, INC.

19                 Defendants.

20  SYNOPSYS, INC.,

21                 Plaintiff,

22        vs.

23  RICOH COMPANY, LTD.,

24                 Defendant.

25

26

27

28

HOWREY LLP

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        YOU ARE HEREBY NOTIFIED that pursuant to Federal Rule of Civil Procedure 45, Plaintiff

3    Synopsys, Inc. has served Massachusetts Institute of Technology c/o Jamie Lewis Keith, Senior Counsel,

4    the attached subpoena for production of documents.

5        The Massachusetts Institute of Technology is required to produce documents in its custody,

6    possession or control specified in Attachment A to the subpoena by 10:00 a.m. EST on Friday, August 18,

7    2006 at WarRoom Document Solutions, 274 Summer Street, 2nd Floor, Boston, Massachusetts 02210,

8    Telephone:  (617) 426-6463.

9    Dated:  August 14, 2006                     HOWREY LLP

10

11                                          By:  _____

12                                               Matthew F. Greinert
                                                 Attorneys for Plaintiff SYNOPSYS
13                                               Defendants AEROFLEX
                                                 INCORPORATED, AMI
14                                               SEMICONDUCTOR, INC., MATROX
                                                 ELECTRONIC SYSTEMS, LTD.,
15                                               MATROX GRAPHICS, INC., MATROX
                                                 INTERNATIONAL CORP., MATROX
16                                               TECH, INC., and  AEROFLEX
                                                 COLORADO SPRINGS, INC.
17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)
NOTICE OF SUBPOENA TO THE MASSACHUSETTS                    DM_US\8376615.v1
INSTITUTE OF TECHNOLOGY

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                 )   ss.:
3   COUNTY OF SAN FRANCISCO      )

4

5        I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not
    a party to the within action.  My business address is 525 Market Street, Suite 3600, San Francisco,
    California 94105.

6        On August 14, 2006 I served on the interested parties in said action the within:

7   **NOTICE OF SUBPOENA TO THE MASSACHUSETTS INSTITUTE OF
    TECHNOLOGY**

8

9   by causing said document to be sent by Electronic Mail on August 14, 2006 to the email addresses
    indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as
    stated below and causing such envelope(s) to be delivered as follows:

10

11  Gary M. Hoffman, Esq.                          Jeffrey Demain, Esq.
    HoffmanG@dsmo.com                              jdemain@altshulerberzon.com
    Dickstein Shapiro Morin & Oshinsky, LLP        Altshuler, Berzon, Nussbaum, Rubin & Demain
12  2101 L Street, N.W.                            177 Post Street, Suite 300
    Washington, DC 20037-1526                      San Francisco, CA 94108

13  Facsimile No.: (202) 887-0689
                                                   Facsimile No.: (415) 362-8064
14  Edward A. Meilman, Esq.
    MeilmanE@dsmo.com
15  Dickstein Shapiro Morin & Oshinsky, LLP
    1177 Avenue of the Americas
16  New York, NY 10036-2714

17  Facsimile No.:  (212) 896-5471

18  ☒    (OVERNIGHT DELIVERY) on August 14, 2006 by depositing in a box or other facility regularly
         maintained by Federal Express, an express service carrier, or delivering to a courier or driver
19       authorized by said express service carrier to receive documents, a true copy of the foregoing
         document in sealed envelopes or packages designated by the express service carrier, addressed as
20       stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to
         be delivered by said express service carrier on.

21
         I declare under penalty of perjury that I am employed in the office of a member of the bar of this
22  Court at whose direction the service was made and that the foregoing is true and correct.

23       Executed on August 14, 2006, at San Francisco, California.

24
    _____
25         James M. James
          (Type or print name)                     (Signature)

26

27

28

HOWREY LLP

Case Nos. C03-2289MJJ (EMC)/C03.4469 MJJ (EMC)          -2-
NOTICE OF SUBPOENA TO THE MASSACHUSETTS                          DM_US\8376615.v1
INSTITUTE OF TECHNOLOGY

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

RICOH COMPANY, LTD

V.

AEROFLEX, INCORPORATED, et al.

### SUBPOENA IN A CIVIL CASE

Case Number:[1] C03-04669 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO: JAMIE LEWIS KEITH, Esq., Senior Counsel on behalf of
Massachusetts Institute of Technology
Office of the Senior Counsel, Room 7-206 & Room 12-090
77 Massachusetts Avenue, Cambridge, Massachusetts 02139

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    WarRoom Document Solutions, attn: Errol Chin 274 Summer Street, 2nd Floor, Boston, Massachusetts 02210, (617) 426-6463 | DATE AND TIME August 18, 2006, 10:00 a.m. EST |
| --- | --- |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendant | DATE August 14, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew F. Greinert, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.      The terms "you," and "your," mean, without limitation, Massachusetts Institute of Technology, including without limitation all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, students, consultants, attorneys, entities acting in joint-venture or partnership relationships with Massachusetts Institute of Technology and others acting on behalf of Massachusetts Institute of Technology.

2.      As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

3.      As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

4.      As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

5.      The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

6.      Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.      Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.      If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

        a.      The type of document;

        b.      The approximate date, and manner of recording, creating or otherwise preparing the document;

        c.      The subject matter of the document;

d.      The name and organizational position of the person(s) who produced the document,

e.      The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.       The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.      If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request.  If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.      Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.      Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests.  English translations of partial translations of foreign language documents should also be considered separate documents.

7.      If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.      If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions.  If your response is qualified in any particular manner, set forth the details of such qualification.

9.     Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

### Request No.1:

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Parallel Algorithms and Architectures" in the Electrical Engineering and Computer Science Department at Massachusetts Institute of Technology, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

### Request No. 2:

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of a course titled "Advanced Algorithms" in the Electrical Engineering and Computer Science Department at Massachusetts Institute of Technology, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for the course.

### Request No. 3:

All documents regarding, referring or relating to Dr. Marios Papaefthymiou's teaching of any course within the Electrical Engineering and Computer Science Department, or any other Department, at Massachusetts Institute of Technology, including but not limited to, course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for any such course.

### Request No. 4:

All documents regarding, referring or relating to theses authored by Dr. Marios Papefthymiou, including but not limited to, MIT Laboratory for Computer Science Technical Reports TR-605 and TR-486, and any other technical bulletins or reports authored by Dr. Papaefthymious while he was a student at Massachusetts Institute of Technology.

ATTACHMENT B

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12
                                              )
SYNOPSYS, INC.,                               )  CASE NO. C03-02289-MJJ (EMC)
13                                            )
                        Plaintiff,            )  STIPULATED PROTECTIVE ORDER
14                                            )
        vs.                                   )
15                                            )
RICOH COMPANY, LTD.,                          )
16                                            )
                        Defendant.            )
17

18

19         1.   All Confidential Information produced or exchanged in the course of this litigation shall

be used solely for the purpose of preparation and trial of this litigation and for no other purpose
20

whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.
21

22         2.   "Confidential Information," as used herein, means any information of any type, kind or

character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be
23

a document, information contained in a document, information revealed during a deposition,
24

information revealed in an interrogatory answer or otherwise. In designating information as
25

"Confidential," a party will make such designation only as to that information that it in good faith
26

believes contains "Confidential Information."
27

28         3.   (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical

1

information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary

business and financial information and any other non-public information, the disclosure of which is

likely to have the effect of causing significant competitive harm to the disclosing party or party from

which the information was obtained.  Nothing in this paragraph shall be construed to limit the

description of "Confidential Information" set forth in paragraph 2.

(b) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced

by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure,

as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without

restriction as to disclosure, provided such third party has the right to make the disclosure to the

receiving party.

4.  "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such

attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to

hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after

compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside

copy services, document imaging and database services, design services who have signed confidentiality

agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed

confidentiality agreements, and language translators who have signed confidentiality agreements

2

(including support staff) as may be reasonably necessary in connection with the preparation or conduct of this action;

(e) Anyone to whom the parties consent in writing; and

(f) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and opportunity to be heard to all parties.

5.    Prior to the disclosure of any "Confidential Information" to any expert under Paragraph 4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective Order as entered to such person, explain its terms to such person, and secure the signature of such person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum vitae, at least ten (10) calendar days before any "Confidential Information" designated under this Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or consulting engagements by the expert within the past five (5) years, and state all present or prior relationships between the expert and any entity directly or indirectly involved in this litigation or providing an indemnity to any such entity, its subsidiaries or its affiliates.  Any Party may object to the proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes such expert should not receive designated "Confidential Information."  If during that ten (10) calendar day period a Party makes such a written objection, there shall be no disclosure of "Confidential Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated below, or further order of the Court.  After a Party objects to the proposed disclosure to an expert, the objecting Party shall move, by noticed motion or by ex parte application, for an order that disclosure not be made to such expert within five (5) business days following the date that the objection is made, or the Party's objection shall be deemed waived and disclosure may be made to the expert.  The burden shall

3

be on the objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6. (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7. Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8. The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert reports, including exhibits that are designated as "Confidential."

10. (a) Documents to be inspected shall be treated as "Confidential" although such documents need not be marked as "Confidential" prior to inspection. At the time of copying for the receiving parties, any documents containing "Confidential Information" shall be stamped prominently "Confidential" by the producing party.

(b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all effected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross- examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as "Confidential" or of the party that produced the information or of a related entity.

11. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" under this Order. To the extent such information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

5

1

2

Nor will the failure to object be construed as an admission that any particular "Confidential

3

Information" contains or reflects currently valuable trade secrets or confidential commercial

4

information. In the event that any party to this litigation disagrees at any stage of these proceedings

5

with the designation by the designating party of any information as "Confidential," or the designation of

6

any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an

7

informal basis, such as production of redacted copies. If the parties are unsuccessful in informally

8

resolving any disputes regarding the designation of any document or information as "Confidential," the

9

Court shall resolve all such disputes. It shall be the burden of the party making any designation to

10

establish that the information so designated is "Confidential" within the meaning of this Protective

11

Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally

12

designated pending resolution of the dispute.

13

14

14. 13. The parties may, by written stipulation filed and approved by the Court, amend this

15

Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree

16

to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify

17

this Protective Order in the interest of justice or otherwise at the Court's discretion.

18

19    14. In the event a party wishes to use any "Confidential Information" in any affidavits,

20

briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential

21

Information" used therein shall be filed under seal with the Court. In addition to placing documents in a

22

sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order

23

and that the envelope is not to be opened absent further order of the Court, the envelope should be

24

labeled to identify the title of the case, the case number, and the title of the document.

25    15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of

26

deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal

27

with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a

28

party to this action.

6

16. If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18. If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given. The person or entity

7

1

2

whose information may be subject to discovery shall have ten (10) business days from receipt of the

3

written notice in which to seek relief from the Court, if the person or entity so desires. If the ten (10)

4

business days elapse without the person or entity seeking relief from the Court, the requested

5

information shall be produced in accordance with the terms of this Protective Order.

7        19. In the event that additional persons or entities become Parties, none of such Parties'

8

counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential

9

Information" produced by or obtained from any other producing person or entity until said Party has

10

executed and filed with the Court its agreement to be fully bound by this Protective Order.

11        20. This Protective Order shall apply to the parties and any non-party from whom discovery

12

may be sought and who desires protection for the discovery sought. Thus, any non- party requested or

13

required to produce or disclose information in this proceeding, through subpoena or otherwise, may

14

designate such information pursuant to the terms of this Protective Order.

15        21. (a) Nothing herein requires disclosure of information, documents or things which the

16

disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-

17

product exception. Nothing herein shall preclude any party from moving this Court for an order

18

directing the disclosure of such information, documents or things.

19

20        (b) In the event that any privileged attorney-client or work product documents or things

21

are inadvertently produced for inspection and/or provided, the disclosing party shall identify such

22

documents or things within five (5) days of when it discovers that the privileged materials were

23

inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2)

24

if copies have already been provided, all copies in the receiving party's possession shall be promptly

25

returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the

26

receiving party from contending that the identified materials are not privileged, that the material was not

27

inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production

28

of the material.

8

1

2

22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof,

3

any document and all reproductions of "Confidential" documents produced by a party that are in the

4

possession of any Qualified Person shall be returned to the producing party or, with the consent of the

producing party, destroyed. If destroyed, counsel for the receiving party shall certify to counsel for the

producing party compliance with this paragraph within fourteen (14) calendar days of such destruction.

Outside counsel for each party may maintain in its files one copy of all material produced as well as all

materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work

product (regardless of whether such materials contain or refer to "Confidential" materials). If counsel

retains such materials, the materials which contain Confidential Information shall be accessible only by

Qualified Persons defined in paragraph 4(b) above. As far as the provisions of any protective orders

entered in this action restrict the communication and use of the documents produced thereunder, such

orders shall continue to be binding after the conclusion of this litigation including any subsequent

appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as

exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written

permission of the producing party or order of the Court with respect to dissolution or modification of

such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

20

23. (a) At the election of the Producing Party, a Receiving Party's access to a Producing

Party's discoverable source code may be limited to inspection of the code at a secured facility provided

by the Producing Party. Such inspection may be conducted only by persons identified in advance by the

Receiving Party on a list of "Qualified Inspecting Personnel" which may include:

    (1)  the Receiving Party's Outside Counsel of record in this action; and

    (2)  up to three Experts (as defined in this Order) of the Receiving Party to

whom disclosure is reasonably necessary for this litigation and who have signed the

"Agreement to Be Bound by Protective Order (Exhibit A) and who have been approved

pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information

9

1

2

of Items to 'Experts'" as set forth in paragraph 5.

3          (b)     The following provisions relate to Synopsys' provision of access to the Source Code for versions of its commercial products:

4

5          (1)     Synopsys will make available a closed room at its facility in Bethesda,

6     Maryland for use by Ricoh's Qualified Inspecting Personnel. The room will be set aside

7     for the exclusive use of Ricoh's Qualified Inspecting Personnel and will not be used by

8     Synopsys or any other party when Ricoh's Qualified Inspecting Personnel are not present.

9     The room will be available for a minimum of twelve weeks. After twelve weeks, and

10    after consultation with Ricoh, Synopsys may close the facility pursuant to the procedures

11    described in paragraph 4 below. If the facility is closed, Synopsys agrees to make the

12    source code available for inspection under similar procedures at another date prior to the

13    close of expert discovery.

         (2)     Synopsys will equip the closed room with a private phone if a phone jack

14    is already available in the room, a stand-alone, non-networked, computer and high-speed
      printer. The computer will be loaded with copies of the source code to be produced and

15    utilities required to review the code. The source code shall include the code which is
      used by Synopsys and no notes, comments, or any segments shall be removed before

16    being made available. The computer will be equipped with the text editors available in a
      standard Unix distribution, suitable for use in editing the source code. Synopsys will

17    assist Ricoh in loading software that Ricoh may require for analysis of the source code.
      The computer shall also be loaded with a complete distribution of the Synopsys software

18    that is fully operable and executable.

19         (3)     Ricoh may print copies of a reasonable subset of the source code for the

20    Synopsys products at issue. Any printing done at the secure facility will be done

21    exclusively on paper supplied by Synopsys. Synopsys may elect to place preprinted

22    confidential designations on the margins of the paper. Ricoh's Qualified Inspecting

23    Personnel are not to bring blank paper into the closed room except for the purpose of

24    making handwritten notes. Synopsys will initially supply Ricoh with 5,000 pages of

25    paper for use with the printer. This figure is based on the estimate that 5,000 pages

26    should be sufficient to print approximately 5% of the source code for Design Compiler. If

27    at any time, Ricoh believes that additional printing and paper is required, Ricoh may

28    submit additional requests for paper to Synopsys with a general statement of the basis of

      the request.  Synopsys will respond within one week to any such request. If the parties

1

2

3  are unable to come to agreement after conferral, the matter may be presented to the

4  Court. In evaluating requests for paper, the relevant standard to be applied is that Ricoh

5  should be allowed to print hardcopies of a reasonable subset of the Synopsys source code

6  and that what is reasonable shall be evaluated in light of relevance of the code to Ricoh's

7  allegations and Synopsys' interest in preventing release in hardcopy of more than a

8  fraction of its source code.

9          (4)    Ricoh will be permitted to send individuals from the list of Qualified

10  Inspecting Personnel to participate in and/or witness the closing of the secured facility.

11  Before closing of the facility, Ricoh's representatives may provide a list of procedures

12  that they wish to perform to ensure that any electronic record of their use of the machine

13  has been erased.

          (c)    The Receiving Party will provide the Producing Party with a copy of its list of
14  "Qualified Inspecting Personnel" no later than 5 business days before any person on the list attempts to
   access the secured facility. The Receiving Party may revise the list to add or remove individuals,
15  provided that no more than a total of three Experts are ever provided with access to the source code
   during the entire course of the litigation absent an agreement by the parties or a Court Order to expand
   this number.
16
          (d)    Any notes taken or any other information created by Outside Counsel or the
17  experts of the Receiving Party at or based on any inspection of the source code shall be treated as
   "CONFIDENTIAL" under this Protective Order.

18  24. This Order shall not bar any attorney herein in the course of rendering advice to his client

19  with respect to this litigation from conveying to any party client his evaluation in a general way of

20  "Confidential Information" produced or exchanged herein; provided, however, that in rendering such

21  advice and otherwise communicating with his client, the attorney shall not disclose the specific contents

22  of any "Confidential Information" produced by another party herein, which disclosure would be contrary

23  to the terms of this Protective Order.

24          25. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months

25  after the final termination of this action.

26
   Dated:  March 23, 2004                         HOWREY SIMON ARNOLD & WHITE, LLP
27

28
                                                  /s/ Christopher L. Kelley
                                                  _____
                                                  Teresa M. Corbin, Esq.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

1

2          Christopher Kelley, Esq.
3          Erik K. Moller, Esq.
           Attorneys for Plaintiff SYNOPSYS, INC.
4          301 Ravenswood Avenue
           Menlo Park, CA 94025
5          Telephone: (650) 463-8100
           Facsimile: (650) 463-8400
6

7
Dated: March 23, 2004                DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
8
           /s/  Kenneth W. Brothers
9          Kenneth W. Brothers, Esq. (*pro hac vice*)
10         Attorneys for Defendant  RICOH COMPANY, LTD.
           2101 L Street NW
11         Washington, DC  20037
           Telephone:  (202) 785-9700
12         Facsimile:  (202) 887-0689

13

14                              **ORDER**

15
     **SO ORDERED** this 24th day of March, 2004.
16

17                              _____/s/_____

18                         Magistrate Judge Edward M. Chen

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C03-2289 MJJ (EMC)

EXHIBIT 5

## Brothers, Kenneth

**From:**    Andelman, Ethan [AndelmanE@Howrey.com]

**Sent:**    Monday, August 14, 2006 8:28 PM

**To:**    Brothers, Kenneth; DeMory, Denise; Fink, Jacky; Su, Henry

**Subject:**    RE: 08.14.06 De Mory Ltr to Brothers re Papaefthymiou Documents

Ken --

Your objections are duly noted (though baseless). You have no standing to object to the issuance of these third-party subpoenas, and we will not withdraw them. There is no need for any motion at this time; your sole remedy is to object to the introduction into evidence of any materials obtained, which can (and should) be done through a motion in limine. For this reason, and the fact that this week is crammed with tasks in this case, we will not be available to meet and confer on this issue until next Monday.

--Ethan

**From:** Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
**Sent:** Monday, August 14, 2006 3:35 PM
**To:** DeMory, Denise; Andelman, Ethan; Fink, Jacky; Su, Henry
**Subject:** RE: 08.14.06 De Mory Ltr to Brothers re Papaefthymiou Documents

Denise, Ethan, Jacky and Henry:

We object to the issuance of these subpoenas. They are untimely, especially since you made specific requests regarding Dr. Papaefthymiou's documents prior to the deposition, and we provided you with all documents in his possession, and you have completed the deposition of Dr. Papaefthymiou. We note that you have refused to produce similar documents relating to defendants' experts. We object to your attempt to extend discovery and create more delays. These subpoenas should be withdrawn immediately. If you decline to do so, please advise when one of you will be available for an immediate meet and confer so we can promptly present the issue to Judge Chen.

Regards, Ken

Ken Brothers

Dickstein Shapiro LLP

**From:** Kasenenko, Peter [mailto:KasenenkoP@Howrey.com]
**Sent:** Monday, August 14, 2006 3:04 PM
**To:** Allen, DeAnna; McCandless, Douglas; Meilman, Edward; Oliver, Eric; Hoffman, Gary; Jeffrey Demain, Esq.; Brothers, Kenneth; Weinstein, Michael; Barbisch, Rebecca; Seyoum, Solomon
**Subject:** 08.14.06 De Mory Ltr to Brothers re Papaefthymiou Documents

Please see the attached.

<<08.14.06 De Mory Ltr to Brothers re Papaefthymiou Docs.pdf>>
**Peter L. Kasenenko**
Secretary to Denise M. De Mory

8/15/2006

Rick C. Chang, and Jaclyn C. Fink
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105
Direct Dial:  415.848.4976
Facsimile:  415.848.4999
E-mail:  KasenenkoP@Howrey.com

-------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

-------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the
addressee(s) named above. This communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or person responsible for delivering this
confidential communication to the intended recipient, you have received this communication in error,
and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail
message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network. If you have received this confidential
communication in error, please notify the sender immediately by reply e-mail message and permanently
delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
============================================================================================