Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendants AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., and AEROFLEX COLORADO SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | Case No. C03-04669 MJJ (EMC) <br><br> **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NONWILLFULNESS** <br><br> **[SUMMARY JUDGMENT MOTION NO. 9]** <br><br> Date: September 26, 2006 <br> Time: 9:30 a.m. <br> Courtroom: 11, 19th Floor <br> Judge: Martin J. Jenkins |

**NOTICE OF MOTION AND MOTION**

Please take notice that, on September 26, 2006 at 9:30 a.m., before the Honorable Martin J. Jenkins in Courtroom 11, 19th Floor, in the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech, Inc., and Aeroflex Colorado Springs, Inc. (collectively the "Customer Defendants") will each seek a judgment from the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, that each of them could not, and has not, willfully infringed the '432 patent asserted in this suit. This motion is based upon the following memorandum of points and authorities, the oral arguments of counsel at the hearing on this motion, and all other pleadings and matters of record in these actions.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I.   INTRODUCTION**

Plaintiff Ricoh Company ("Ricoh") asserts that the Customer Defendants are infringing the '432 Patent, which purports to disclose and claim computer-aided design methods. In particular, Ricoh's Amended Complaint filed on April 12, 2004, asserts, among other things, that the Customer Defendants have been and are *willfully* infringing the '432 Patent. *See* Amended Complaint at ¶¶ 20, 26, 32, 38, 44, 50, and 56.

Customer Defendants assert that there has been no *willful* infringement of the '432 Patent. Willful infringement requires a totality of the circumstances analysis. Here, the circumstances do not support a finding of willfulness as a matter of law because there was no notice of the patent given before suit was filed, and there are substantial defenses to allegations of infringement and regarding validity and enforceability of the patent. Accordingly, the totality of the circumstances warrant granting summary judgment on the issue of willfulness, and the absence of a noninfringement opinion does not – as a matter of law – change the outcome.

**II.   STATEMENT OF FACTS**

1.   Each Customer Defendant did not have notice of the '432 patent until the lawsuit was filed.

2. Since they learned of the patent, the Customer Defendants have always believed in good faith that they do not infringe a valid and enforceable patent, as evidenced by their meritorious noninfringement, invalidity and unenforceability defenses in this litigation.

## III. ARGUMENT

Summary judgment is just as reasonable in a patent case as in any other case. *See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). Moreover, "[s]ummary judgment is not a disfavored procedural shortcut, but rather an essential thread in the fabric of the Federal Rules that eliminates unfounded claims without recourse to a costly and lengthy trial." *Colgate Palmolive Co. v. W.L. Gore & Assoc., Inc.*, 919 F. Supp. 767, 769 (D. N.J. 1996). Once a party has made an initial showing that summary judgment is warranted, the opposing party may not rest upon pleadings; rather, "the non-moving party must 'designate specific facts showing that there is a genuine issue for trial.'" *Tinoco v. Belshe*, 916 F. Supp. 974, 979 (N.D. Cal. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Here, the Court must carefully consider whether each of the Customer Defendants has *willfully* infringed the patent asserted.

In assessing whether to grant a summary judgment motion on the issue of willfulness, a court must consider the totality of the circumstances. *See Knorr-Bremse Systeme Fuer Nutzfahreuge GMBH v. Dana Corp.,* 383 F.3d 1337, 1342-43 (Fed. Cir. 2004) (en banc), *citing Gustafson, Inc. v. Intersystems Indus. Prods., Inc*., 897 F.2d 508, 510 (Fed. Cir. 1990). Factors to consider in assessing totality of the circumstances are: actual notice of infringement before filing suit, obtaining and relying on a legal opinion of noninfringement, and whether, once suit is filed, there exist nonfrivolous defenses to infringement. *See Knorr-Bremse*, 383 F.3d at 1443; *see also Gustafson*, 897 F.2d at 510-11. Failure to obtain an opinion of counsel regarding infringement cannot lead to an inference that such an opinion, had it been obtained by the Customer Defendants, would have been unfavorable. *See Knorr Bremse*, 383 F.3d at 1345 ("the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable"). Although "[a]ctual notice of another's patent rights triggers an affirmative duty of due care," *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH,* 408 F.3d 1374, 1377 (Fed.

Cir. 2005), it is the burden of the patentee to prove that under the totality of the circumstances, infringement was willful by clear and convincing evidence. *Gustafson,* 897 F.2d at 510.

In this case, summary judgment is warranted because none of the Customer Defendants was put on notice of potential infringement until suit was actually filed, and Customer Defendants collectively have asserted a number of substantial nonfrivolous defenses to infringement and challenges to the validity and enforceability of the '432 patent. *See, e.g.,* Motions for Summary Judgment Nos. 1-6, filed herewith. Absent independent and contrary evidence of a culpable state of mind on the part of each Customer Defendant, there can be no triable issue on the issue of willfulness, and the Court should therefore grant summary judgment of nonwillfulness of infringement.

Indeed, another district court has recently considered a factual scenario on all fours with this case and applying the applicable Federal Circuit law discussed above, found that the alleged infringement was not willful as a matter of law. In *Civix-DDI v. Cellco Partnership*, 387 F. Supp. 2d 869 (N.D. Ill. 2005), the defendants also were not put on notice of the patents at issue until the suit was filed. *Id*. at 902. The defendants continued the allegedly infringing activity after suit was filed, relying in good faith on substantial nonfrivolous defenses that they had asserted in response to the allegations of patent infringement. Like the Customer Defendants here, the defendants in *Civix-DDI* never sought any opinions of counsel regarding infringement of the patent claims at issue. *Id*. Based on these facts, the district court properly concluded that the totality of the circumstances analysis required grant of summary judgment on the issue of willfulness in the defendants' favor. *Id*. at 903, *citing Gustafson,* 897 F.2d at 511 ("The Federal Circuit has held . . . the mere fact that an accused infringer continues infringing activity cannot support a finding of willfulness where the accused infringer presents legitimate defenses and did not know of the asserted patents until the filing of suit.").

*Civix-DDI*, thus, squarely supports the Customer Defendants' Motion For Summary Judgment Of Nonwillfulness.

## IV. CONCLUSION

The Plaintiff put none of the Customer Defendants on notice of any possibility of infringement of the patents at issue. In response to suit, the Customer Defendants have asserted, in good faith, a number of substantial nonfrivolous defenses to the Plaintiff's allegations of patent infringement. The

1  fact that they have not obtained an opinion of counsel regarding infringement cannot give rise to an
2  adverse inference or otherwise raise the specter of culpability.  Accordingly, as a matter of law, the
3  Court should enter summary judgment of nonwillfulness of infringement as to the asserted claims of
4  the '432 patent.

5  Dated:  August 18, 2006                             Respectfully submitted,

6                                                      HOWREY LLP

8                                                      By:  /s/ Denise M. De Mory
9                                                               Denise M. De Mory
                                                        Attorneys for Plaintiff SYNOPSYS
10                                                      and Defendants AEROFLEX
                                                        INCORPORATED, AMI
11                                                      SEMICONDUCTOR, INC., MATROX
                                                        ELECTRONIC SYSTEMS, LTD.,
12                                                      MATROX GRAPHICS INC., MATROX
                                                        INTERNATIONAL CORP., MATROX
13                                                      TECH, INC., and AEROFLEX
                                                        COLORADO SPRINGS, INC.

HOWREY LLP

-4-

Case No. C03-4669 MJJ (EMC) NTC OF MOTION AND MOTION
FOR SUMMARY JUDGMENT OF NONWILLFULNESS
DM_US\8374228.v3