1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC.
6  and for Defendants AEROFLEX INCORPORATED,
   AMI SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS, LTD., MATROX
   GRAPHICS, INC., MATROX INTERNATIONAL
8  CORP., MATROX TECH, INC., and
   AEROFLEX COLORADO SPRINGS, INC.
9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13
   RICOH COMPANY, LTD.,                      Case No. C03-4669 MJJ (EMC)
14
            Plaintiff,                        Case No. C03-2289 MJJ (EMC)
15
       vs.                                   **GUIDE TO SYNOPSYS' AND
16                                           CUSTOMER DEFENDANTS' SUMMARY
   AEROFLEX INCORPORATED, AMI                JUDGMENT MOTIONS**
17 SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS LTD., MATROX           Date:   September 26, 2006
18 GRAPHICS INC., MATROX                     Time: 9:30 a.m.
   INTERNATIONAL CORP., MATROX TECH,         Courtroom: 11, 19th Floor
19 INC., AND AEROFLEX COLORADO               Judge: Martin J. Jenkins
   SPRINGS, INC.
20
            Defendants.
21
   SYNOPSYS, INC.,
22
            Plaintiff,
23
       vs.
24
   RICOH COMPANY, LTD.,
25
            Defendant.
26

27

28

1    It is well past time for Ricoh's baseless case to be dismissed. To that end, Synopsys and/or the

2    Customer Defendants have filed with this Court nine summary judgment motions. Filing such an

3    overwhelming number of summary judgment motions has been done reluctantly, given the amount of

4    resources required both on the part of the Court and counsel, but it is necessary in order to prevent an

5    even greater and unneeded expenditure of resources for a trial on this meritless case. Indeed, many

6    more summary judgment motions on many more issues could be filed, but the issues presented in these

7    motions are most appropriate for summary judgment at this point in the case.

8    The issues presented in the majority of the motions are case dispositive. To lessen the burden

9    on the Court, Synopsys and the Customer Defendants suggest that these dispositive motions should be

10    considered by the Court in the following order. Should the Court find noninfringement based on

11    Motion No. 1 or 2, it need not consider Motion No. 3; similarly, should the Court find invalidity

12    through Motion No. 3, it need not consider Motion No. 4:

13    1.    Noninfringement based upon the definition of RTL (Dkt. Nos. 568 & 422).[1]

14    2.    Noninfringement based upon the definition of Hardware Cells (Dkt. Nos. 424 & 570).

15    3.    Invalidity/dismissal based upon the joint inventorship of Dr. Foo (Dkt. Nos. 415 &

16    553).

17    4.    Invalidity based upon Kowalski/VDAA references (Dkt. Nos. 421 & 572).

18    5.    Unenforceability based upon inequitable conduct (Dkt. Nos. 419 & 565).

19    6.    Noninfringement based upon various arguments (Dkt. Nos. 425 & 571).

20    Although Synopsys and the Customer Defendants are confident that the Court will find one of

21    these motions (if not all of them) to be sufficient to dispose of this case, in the unlikely event the Court

22    denies ***all*** of the above motions, there are three non-dispositive motions filed in the *Ricoh* case that the

23    Court should consider:

24    7.    Proper measure of damages (Dkt. No. 554).

25    8.    Laches (Dkt. No. 556).

26

27

28

---

[1] The docket number in the *Synopsys* case (03-2289) is listed first; the number in the *Ricoh* case (03-4669) is listed second.

1      9.      Nonwillfulness (Dkt. No. 552).

2   The non-dispositive motions all deal with the measure of damages potentially available to Ricoh.

3   Should Ricoh's case survive the dispositive motions, a ruling on these three non-dispositive motions

4   would likely facilitate the settlement of the case, as it would give the parties guidance on the potential

5   value of this case.

6          Synopsys and the Customer Defendants respectfully suggest that above is the most efficient

7   way for the Court to tackle the issues raised in the various motions, and they appreciate the Court's

8   consideration of this proposal.

9

10  Dated:  August 18, 2006                    HOWREY LLP

11

12                                      By:      _____/s/ Denise M. De Mory_____
                                                Denise M. De Mory
13                                              Attorney for Plaintiff SYNOPSYS, INC.
                                                and Defendants AEROFLEX
14                                              INCORPORATED, AMI
                                                SEMICONDUCTOR, INC., MATROX
15                                              ELECTRONIC SYSTEMS, LTD.,
                                                MATROX GRAPHICS INC., MATROX
16                                              INTERNATIONAL CORP., MATROX
                                                TECH, INC., and AEROFLEX
17                                              COLORADO SPRINGS, INC.

18

19

20

21

22

23

24

25

26

27

28