1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Ethan B. Andelman (SBN 209101)
   Jaclyn C. Fink (SBN 217913)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone:  (415) 848-4900
5  Facsimile:   (415) 848-4999

6  Attorneys for Plaintiff SYNOPSYS, INC.
   and for Defendants AEROFLEX INCORPORATED,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., MATROX TECH, INC., and
9  AEROFLEX COLORADO SPRINGS, INC.

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

14  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

15         Plaintiff,                       Case No. C03-02289 MJJ (EMC)

16     vs.                                  **RESPONSE TO RIOCH'S STATUS REPORT**

17  AEROFLEX INCORPORATED, AMI
    SEMICONDUCTOR, INC., MATROX             Judge:      Hon. Edward M. Chen
18  ELECTRONIC SYSTEMS LTD., MATROX
    GRAPHICS INC., MATROX
19  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
20  SPRINGS, INC.

21         Defendants.
    SYNOPSYS, INC.,
22
           Plaintiff,
23
       vs.
24
    RICOH COMPANY, LTD.,
25
           Defendant.
26

27

28

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
[PROPOSED] ORDER AND EXPLANATION
DM_US\8382738.v1

Ricoh's Status Report filed on August 29, 2006 addresses two issues that the parties have not met and conferred on. Furthermore, Ricoh's proposed order only addresses the language of the document requests, not the language of the subpoenas.

First, Ricoh raises the specter that "[e]very textbook that mentioned a computer circuit, or any paper or manual the referenced the design or operation of a computer, could be swept into defendants' undiscriminating definition." (Status Report at 1:23-25.) This is an issue Ricoh did not raise at the meet and confer (nor did Defendants understand this to be a concern of the Court in its August 24 Order). In any event, this issue is wholly overblown — the requests and subpoenas are limited to documents created by or for Dr. Papaefthymiou for teaching purposes or invention disclosure, and do not seek documents such as general textbooks, papers, or manuals written by others. Should the Court wish to explicitly carve out such documents, Defendants have no objection to that being done.

Second, Ricoh asks this Court to "preserve the right of the Universities to submit their own objections to the subpoenas." Again, this is not an issue that was raised at the meet and confer. Defendants respectfully suggest that this Court cannot issue an order that does what Ricoh requests. The return date on the subpoenas was August 18. As this Court has previously noted, it lacks jurisdiction directly over the subpoenas, which issued from other Districts. (See Order Denying Motion To Quash.) Thus, this Court cannot change the date by which objections were due pursuant to Rule 45 — it can only limit Defendants' ability to enforce the subpoenas.[1] (*See, e.g.*, 8/18 Order at 2:3 ("the Court hereby stays *enforcement* of the subpoenas for 7 days.") (emphasis added).)

Dated: August 30, 2006

Respectfully submitted,

HOWREY, LLP

By:    /s/ Ethan B. Andelman
Ethan B. Andelman (SBN 209101)
Attorneys for Plaintiff SYNOPSYS, INC., *et al.*

---

[1] Notably, only Defendants' proposed order is worded in this fashion; furthermore, it directly addresses the subpoenas, not just the document requests (as Ricoh's proposed order is fashioned).

-1-

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
[PROPOSED] ORDER AND EXPLANATION
DM_US\8382738.v1

HOWREY LLP