1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD.,
8  MATROX GRAPHICS, INC.,
   MATROX INTERNATIONAL CORP.,
9  and MATROX TECH, INC.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-4669 MJJ (EMC)

14         Plaintiff,                       **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RICOH'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF AUTHORIZATION AND CONSENT**
15    vs.

16  AEROFLEX INCORPORATED, et al.,

17         Defendants.
                                            Date: September 26, 2006
18                                          Time: 9:30 a.m.
                                            Courtroom: 11, 19th floor
19                                          Judge: Martin J. Jenkins

**REDACTED PUBLIC VERSION**

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. FACTUAL BACKGROUND ..................................................................................... 2

III. ARGUMENT .............................................................................................................. 5

    A. Defendant Aeroflex's Sales Of Four ASICs Are Exempt From Damages Because The ASICs Were Sold Pursuant To Government Contracts Containing An Authorization And Consent Clause ........................ 5

    B. Defendant Aeroflex's Sales of Fifteen Other ASICs Are Exempt From Damages Because There is Ample Evidence of Implied Consent ................................................................................................................. 8

IV. CONCLUSION ......................................................................................................... 11

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................................... 5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................................... 5

*Madey v. Duke Univ.*,
   413 F. Supp. 2d 601 (M.D.N.C. 2006) ..................................................................... 6, 8, 9

*Roberts v. Herbert Cooper Co.*,
   236 F. Supp. 428 (D. Pa. 1959) ........................................................................................ 6

*TM Patents v. IBM*,
   107 F. Supp. 2d 352 (S.D.N.Y. 2000) .............................................................................. 2

*Toxgon Corp. v. BNFL, Inc.*,
   312 F.3d 1379 (Fed. Cir. 2002) ........................................................................................ 5

*TVI Energy Corp. v. Blane*,
   806 F.2d 1057 (Fed. Cir. 1986) ........................................................................................ 8

**STATUTES**

48 C.F.R. § 52-227-1 Alternate I .............................................................................................. 3, 5

**RULES**

Fed. R. Civ. P. 56(c) ...................................................................................................................... 5

HOWREY LLP

ii

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

## I. INTRODUCTION

Ricoh's motion for summary judgment on Aeroflex's authorization and consent affirmative defense must be denied because there is incontrovertible evidence that some of Aeroflex's sales were authorized by the United States government and thus exempt from damages. As Ricoh already knows, Aeroflex has never contended that all of its sales were government sales. Instead, Aeroflex contends that some sales are government sales. Should the Court treat Ricoh's motion as a partial motion for summary judgment as to the ASICs on which Aeroflex actually claimed were government sales, it should be denied because there is clear evidence that the sales were government sales. Indeed, with regard to at least four ASICs it is clear that broad and unlimited consent was granted, and thus, there is no dispute that these sales were by and for the government and exempt from damages. With regard to fifteen other ASICs sold subject to the narrower authorization and consent clause, there is ample evidence of implied consent, which is sufficient to defeat summary judgment.

Finally, with regard to the ASICs Aeroflex sold to          , Ricoh is well aware that its motion is based on a false premise.[1] In May, Ricoh served subpoenas on          , major Aeroflex customers and government contractors. The subpoena requested documents that would have provided the links that Ricoh now claims are missing. When Ricoh was informed by     that it had the documents to prove authorization and consent, as well the prime contracts, and the information linking the authorization and consent clauses in the contracts to the Aeroflex purchase orders, Ricoh narrowed the scope of the subpoena only to request information on whether or not the use of Design Compiler was specified in the subcontracts, but then failed to disclose this information responsive to its subpoena to Aeroflex and the Customer Defendants until the day before this opposition was due, and only then at the request of counsel. Fink Decl. ¶¶ 2 & 3, Exs. 27 & 28.

Similarly, when Ricoh was informed by      that it needed simple information about the product numbers in order to identify responsive information, Ricoh failed to provide this information to     , and again did not disclose the response from      to Aeroflex and the Customer

---

[1] This may also be the case with regard to the KD15A and KB11A. Aeroflex reserves the right to further address these issues since the responses to the subpoenas include substantive information that Ricoh withheld.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT
DM_US\8282804 .1

1

Defendants until August 31, 2006. Fink Decl. ¶ 4, Ex. 29. Thus, Ricoh filed this motion fully knowing that the documents containing alleged "missing details" do in fact exist, and can be subpoenaed to trial.[2] At a minimum the information regarding the          sales that has been produced, by itself, creates disputed questions of fact that preclude summary judgment.

## II.   FACTUAL BACKGROUND

During discovery, Aeroflex produced all relevant documents related to Aeroflex's government contracts in response to Ricoh's Sixth Set of Document Requests to Aeroflex, Inc. and Aeroflex Colorado Springs that were then in its possession, custody or control. In addition, Aeroflex designated Peter Milliken as a Rule 30(b)(6) witness on its section 1498 defense. On June 7, 2006, Ricoh took its third deposition of Mr. Milliken. Mr. Milliken testified that 22 ASICs listed in his declaration were either associated with Government contracts or that the contracts and supporting documents would have to be reviewed to make a determination. Fink Decl. Ex. 1 (Milliken) at 21-22; 114:2-10. However, during Mr. Milliken's deposition, Ricoh's counsel only asked questions about evidence concerning twelve of these ASICs. Evidence concerning the other ten ASICs Mr. Milliken identified as potentially subject to the § 1498 defense was not explored by Ricoh's counsel at Milliken's deposition.

On May 9, 2006 Ricoh served third-party subpoenas on entities associated with Aeroflex contracts and purchase orders for ASICs at issue.[3] On May 22, 2006 Ricoh also served a third-party subpoena on           with which Aeroflex had a contract. Documents and responses to Ricoh's subpoenas were provided as late as August 31, 2006.[4] Government prime contracts subject

---

[2] This is not a situation where the reliance on such documents at trial is prejudicial, but instead is simply an apportionment of damages issue. *See, e.g., TM Patents v. IBM*, 107 F. Supp. 2d 352, 354 (S.D.N.Y. 2000) (saying authorization and consent is a straight apportionment of damages issue). Indeed, the documents, on their face, will prove either that (1) the sales were by or for the government in a conclusive fashion because a broad express consent clause exists; (2) the sales were by or for the government because consent was implied due to some instructions; or (3) the sales were not by or for the government.

[3] The entities served were

[4] On August 31, 2006, upon the request of counsel, Ricoh provided responses from four parties, including       and      . Fink Decl., ¶¶ 3 & 4.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)                                         -2-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

1  to FOIA requests were produced soon after they were received.

2  Aeroflex and third parties have produced documents showing that the following ASICs were
3  sold pursuant to contracts that contain a broad unlimited authorization and consent clause (48 C.F.R. §
4  52-227-1 Alternate I):

| ASIC | Prime Contract | Subcontract | Document Correlating Part Numbers | Subcontract Attachments | Testimony |
|---|---|---|---|---|---|
| KD15A | AF285665-AF285701 | AF283616-AF283631 | AF283705-AF283711 | | Milliken Dep. Tr. Vol. III, p. 21-22. |
| KB11A | AF285665-AF285701 | AF283616-AF283631 | AF283696-AF283704 | | Milliken Dep. Tr. Vol. III, p. 21-22. |
| KD26A | May be provided by | AF284350-AF284356 | AF284411-AF284422; Milliken Dep. Tr. Vol. III, p. 157-158. | AF284314-AF284321 AF284329-AF284331 AF284322-AF284328 | Milliken Dep. Tr. Vol. III, p. 21-22, 202. |
| KD28A | May be provided by | AF284423-AF284430 | AF284439-AF284454 | AF284329-AF284331 | Milliken Dep. Tr. Vol. III, p. 21-22. |

15  Aeroflex and third parties have produced documents evidencing that the following ASICs were
16  sold in circumstances were there was implied consent, or at a minimum, there are disputed questions of
17  fact as to implied consent:

| ASIC | Prime Contract | Subcontract | Document Correlating Part Numbers | Subcontract Attachments | Testimony |
|---|---|---|---|---|---|
| KB07A | AF284985-AF285586 | AF285592-AF285615; | AF285592-AF285597 | | Milliken Dep. Tr. Vol. III, p. 124-125. |
| KB10A | AF284574-AF284618 | AF283989-AF283995 | AF284011-AF284031 | | Milliken Dep. Tr. Vol. III, p. 124-125. |
| KM01A | AF284574-AF284618 | AF283951-AF283956; Q361-Q528 | AF283962-AF283982 | | Milliken Dep. Tr. Vol. III, p. 124-125. |
| KD12A | AF284574-AF284618 | AF284032-AF284035 | AF284042-AF284059 | | Milliken Dep. Tr. Vol. III, p. 124-125. |
| JD05A | AF284574-AF284618 | AF283983-AF283985; Q227-Q261 | AF283983-AF283985 | | Milliken Dep. Tr. Vol. III, p. 124- |

HOWREY LLP

Case No. C03-04669 MJJ (EMC)  -3-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

| ASIC | Prime Contract | Subcontract | Document Correlating Part Numbers | Subcontract Attachments | Testimony |
|---|---|---|---|---|---|
| KD24A | May be provided by 5 | AF284341-AF284349 | AF284392-AF284402 | AF284300-AF284305; AF284246-AF284249 | Milliken Dep. Tr. Vol. III, pp. 21, 125, 161-162, 202. |
| KD31A | May be provided by 6 | AF284207-AF284216 | AF284221-AF284222 | AF284279-AF284283 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD32A | May be provided by | AF284112 – AF284120 | AF284150-AF284156 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD33A | May be provided by | AF284112 – AF284120 | AF284157-AF284163 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD34A | May be provided by | AF284112 – AF284120 | AF284164-AF284170 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD35A | May be provided by | AF284112 – AF284120 | AF284171-AF284177 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD36A | May be provided by | AF284112 – AF284120 | AF284178-AF284184 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD37A | May be provided by | AF284112 – AF284120 | AF284185-AF284191 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD38A | May be provided by | AF284112 – AF284120 | AF284192-AF284199 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |
| KD39A | May be provided by | AF284112 – AF284120 | AF284200-AF284206 | AF283814 – AF283830 | Milliken Dep. Tr. Vol. III, p. 21, 182. |

This evidence precludes entry of summary judgment on this issue.

---

[5] As discussed above, _____ has indicated that it has documents responsive to Ricoh's subpoena. Aeroflex's counsel just received _____ response to the subpoena upon request on August 31, 2006.

[6] As discussed above, _____ has indicated that it has documents responsive to Ricoh's subpoena. Aeroflex's counsel just became aware of _____'s response to the subpoena on August 30, 2006.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)    -4-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT
DM_US\8282804.v1

## III. ARGUMENT

Summary judgment should be denied because the § 1498 defense is applicable to Aeroflex contracts performed for the U.S. government with government authorization and consent. Summary judgment is proper only where the moving party establishes that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c), *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Ricoh bears the burden of establishing the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323-24. Once a properly supported motion for summary judgment is made, Aeroflex "must set for the specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At the summary judgment stage, however, "the non-moving party need not produce evidence in a form that would be admissible at trial." *Celotex*, 477 U.S. at 324. In conducting its analysis, the Court must also draw all reasonable inferences in favor of Aeroflex. *Anderson*, 477 U.S. at 255.

### A. Defendant Aeroflex's Sales Of Four ASICs Are Exempt From Damages Because The ASICs Were Sold Pursuant To Government Contracts Containing An Authorization And Consent Clause

Ricoh does not dispute that it is precluded from recovering damages on products made for the United States Government. Section 1498 relieves a federal contractor of liability where the contractor uses or manufactures an infringing invention for the United States. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) (citations omitted). As indicated in Ricoh's motion, a contractor uses or manufactures an infringing invention for the United States if the United States government provides its authorization and consent. Authorization and consent is specified in government contracts by including the FAR clause of 48 C.F.R. § 52.227-1, as directed by 48 C.F.R. § 27.201- 2, into its contracts in one of two alternative forms.

The first form, labeled Alternative I, provides as follows: "[t]he Government authorizes and consents to all use and manufacture of any invention described in and covered by a United States patent in the performance of this contract or any subcontract at any tier." 48 C.F.R. § 52-227-1 Alternate I. Where the broad authorization and consent clause of Alternate I is present in a contract, the allegedly infringing sales or actions pursuant to that contract action fall within the provisions of 28

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

-5-

1  U.S.C. § 1498." *Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 608 (M.D.N.C. 2006), quoting *Roberts v.*
2  *Herbert Cooper Co.*, 236 F. Supp. 428, 430 (D. Pa. 1959).

3  The second form provides for more limited authorization and reads as follows:

> (a) The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent (1) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract or (2) used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance. The entire liability to the Government for infringement of a patent of the United States shall be determined solely by the provisions of the indemnity clause, if any, included in this contract or any subcontract hereunder (including any lower-tier subcontract), and the Government assumes liability for all other infringement to the extent of the authorization and consent hereinabove granted.

Section 52.227-1(a).

Thus, sales or uses of a patented invention are for the United States pursuant to the second form authorization and consent clause if: (1) the infringement use or sale is embodied in the structure or composition of any article delivered to the United States; or (2) used in machinery, tools or methods whose use necessarily results from compliance by the contractor with written specification or specific instructions. Consent under this provision, thus, is generally implied consent.

Aeroflex's ASICs KB11A and KD15A are explicitly authorized to use the patented process. Aeroflex's sales to           of the KB11A and KD15A ASICs occurred under a prime U.S. Government contract containing Alternate I of the authorization and consent clause under § 52.227-1. Contract number           between Aeroflex and           states that it is issued under prime contract number F04701-99-C-0027 ("the '0027 contract"). Fink Decl. Ex. 2, at p. 1. The '0027 contract originated through the United States Air Force and is between its Space and Missile Systems Center and Lockheed Martin Missiles and Space Company. Fink Decl. ¶ 5, Ex. 3, at p. 1. The '0027 contract contains Alternate I of the authorization and consent clause under § 52.227-1. *Id.* at p. 30. Contract           concerns the development of semi-custom ASICs for           , which were designated by Aeroflex as the KD15A and KB11A. Fink Decl. Exs. 4 at p. 2; 5 at p. 2. The KD15A and KB11A ASICs are described in the Milliken Declaration as for a military program. Fink

HOWREY LLP

Case No. C03-04669 MJJ (EMC)                                -6-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

1  Decl. Ex. 17. Moreover, Aeroflex specified in its quotation to            that "UTMC will
2  use Synopsys tools to synthesize the netlist." Fink Decl. Ex. 6, at p. 1. Therefore, Ricoh's assertions
3  that Aeroflex cannot prove its § 1498 defense are wrong.
4       Aeroflex's KD26A and KD28A ASICs are also explicitly authorized to use the patented
5  process. Aeroflex and                                also conducted business under contracts
6  containing express government authorization and consent clauses. Aeroflex's contracts with       were
7  for various satellite programs, including the Wideband Gapfiller System and Virgo. Fink Decl. Exs. 7
8  at p. 1; 8 at p. 1. The Wideband Gapfiller Program is subject to Government prime contract F040701-
9  00-C-0001. See, e.g., Fink Decl. Ex. 9. Purchase order number NNB8-884572 states that       and
10                 are incorporated into the contract by reference. Fink Decl. Ex. 8 at p. 1.        is
11 a purchase order attachment that lists FAR clauses incorporated into the contract by reference. Section
12 52.227-1 is incorporated. Fink Decl. Ex. 10 at p. 2.                   sets forth special
13 provisions and modifications to purchase order attachments. Fink Decl. Ex. 11. Section B of the
14 Attachment states that Alternate I of 52.227-1 is to be added to attachment       . Id. at p. 6. The
15 purchase order between       and Aeroflex concerned item number 5962R04B0103VYC. Fink Decl.
16 Ex. 8 at pp. 2-4. This item number correlates to Aeroflex part number KD26A. Fink Decl. Ex. 12 at p.
17 1. Accordingly, Aeroflex's sales of KD26A to       were governed by an express authorization and
18 consent clause under Alternate I.
19       Aeroflex's sales of KD28A to       are similarly covered by express authorization and consent.
20 Purchase order       for KD28A also incorporates       and       . Fink
21 Decl. Ex. 13 at p. 1. Part number 5962R04B0103VYC, versions       and     , were sold
22 under that contract. Id. at 3-5. That part number correlates to Aeroflex ASIC KD28A. Fink Decl. Ex.
23 14.
24       Accordingly, this evidence provides clear and incontrovertible proof that authorization and
25 consent governed these specific Aeroflex sales. Therefore, there is express authorization and consent
26 for these four accused products under the broad Alternate I, such that § 1498 applies. On this basis
27 alone, Ricoh's motion for summary judgment should not only be denied but Ricoh should be precluded
28 at trial from seeking damages based on these sales.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)                                  -7-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

### B. Defendant Aeroflex's Sales of Fifteen Other ASICs Are Exempt From Damages Because There is Ample Evidence of Implied Consent

Ricoh does not dispute and the law is well-settled that authorization and consent can be implicit. The dispute relates to whether or not instructions between subcontractors can create implicit consent. It can. In the first instance, there can be implicit consent without an authorization and consent clause at all. *See, e.g., TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986) ("To limit the scope of § 1498 only to instances where the Government requires by specification that a supplier infringe another's patent would defeat the Congressional intent to allow the Government to procure whatever it wished regardless of possible patent infringement."). Moreover, § 52.227-1 grants Government authorization and consent for use of a patented invention to fulfill "any subcontract at *any tier*." (emphasis added). Section 2(i) of § 52.227-1 permits authorization and consent if use of a patented method "necessarily results from compliance by ...a subcontractor with (i) specifications or written provisions forming a "part" of the contract." Because § 52.227-1 covers subcontracts at any tier, specifications or written provisions in those contracts are subject to § 52.227-1 (2)(i). Moreover, government subcontractors understand that this provision of § 52.2227-1 is not applicable to only the Government prime contract contracting officer. For example,                Fixed Price Government General Provisions expressly provides that in paragraph (a)(2)(ii) of § 52.227-1, "the term 'Contracting Officer' shall mean 'Contracting Officer through       .'" Fink Decl. Ex. 15, at p. 5).

At a minimum, the subcontractor instructions create disputed questions of fact relating to implied consent that preclude entry of summary judgment with respect to certain specific ASIC sales. In *Madey v. Duke*, 413 F. Supp. 2d 601, 619-22 (M.D.N.C. 2006), the court refused to grant summary judgment on a § 1498 defense where it determined that testimony and other evidence presented at trial was necessary to determine the scope of government authorization and consent. *Id.* at 619-22. The court in *Madey* addressed circumstances similar to those in the present case. For example, Duke asserted that Duke's research proposal under a government grant containing the standard form of § 52.227-1 constituted "instructions" from the government sufficient for finding implied consent. *Id.* at 619. The court found that the proposal was incorporated into the contract and that the evidence was insufficient for the court to determine whether the alleged use of the patented inventions "necessarily

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

-8-

HOWREY LLP

resulted" from the use. *Id.* at 620. The court accordingly held that the issue must be resolved at trial. *Id.* Here, Aeroflex quotations and purchase orders both explicitly and implicitly contain specifications for use of Synopsys tools for synthesis, and a determination of whether compliance with the specifications required use of those tools is an issue to be decided at trial; not on summary judgment.

The court in *Madey v. Duke* also considered whether three Government contracts in the case were sufficient to convey the Government's implied authorization and consent. *Id.* The contracts did not contain any express clauses, yet the court still found summary judgment inappropriate and allowed for evidence of implied consent to be presented at trial. *Id.*

Aeroflex's contracts with regard to KB07A, KB10A, KM01A, KD12A, and JD05A contain written specifications implying authorization and consent. KB07A was designed with implicit government authorization and consent. A contract between Aeroflex and          contains a written specification for the use of Synopsys tools for a component of the Space Station under NAS15-10000. Contract number          between          , formerly          [7], and Aeroflex states "UTMC to synthesize the the [sic]          furnished BIF netlist using Synopsis [sic]."[8] Fink Decl. Ex. 16 at p. 5. The contract between Hamilton Sundstrand and Aeroflex concerned an Aeroflex product designated as KB07A. *Id.* at p. 4. KB07A is a product listed on Mr. Milliken's Declaration. Fink Decl. Ex. 17. The contract specifies that Synopsys tools were to be used to synthesize the netlist and the purchase order is governed by prime contract NAS15-10000. Section 52.227-1 is incorporated into NAS15-10000. Fink Decl. Ex. 18 at I-2. Section 52-227-1 is applicable to this subcontract as a result, granting the Government's implicit authorization and consent for Aeroflex's allegedly infringing use of Design Compiler to perform this contract.

KB10A, KM01A, KD12A, and JD05A were designed with implicit government authorization and consent. Contracts under Government prime contract NAS5-01091 direct UTMC to "synthesize the netlist producing a structural representation." *See, e.g.*, Fink Decl. Exs. 19 at p. 3; 20 at p. 3. Contract NAS5-01091 was issued by the NASA Goddard Space Flight Center and it incorporates §

---

[7]           sold its          to          in 2001.

[8] The cited contract is one of many change orders containing the same relevant provision.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

-9-

1  52.227-1. Fink Decl. Ex. 21 at p. 34. The purchase orders containing this specification are between
2  Aeroflex and the                    for production of custom radiation hardened ASICs for a NASA
3  telescope. *See, e.g.*, Fink Decl. Ex. 22. The KB10A, KM01A, KD12A, and JD05A are all accused
4  Aeroflex ASICs developed for the same NASA project under contract NAS5-01091. *See* Fink Decl.
5  Exs. 22 at p. 3; 23 at p. 3; 24 at p. 3; 25 at p. 1.
6           Aeroflex stated in its quotations to the             for these ASICs that UTMC would use its
7  "standard HDL design flow," which includes Design Compiler. *See, e.g.*, Fink Decl. Ex. 25 at p. 1.
8  Aeroflex also generally states in its quotations that it uses Synopsys synthesis tools. *See,* Fink Decl.
9  Ex. 1 (Milliken) at 124-25. Mr. Milliken testified that Aeroflex's standard design flow includes
10 Synopsys tools, and that customers are typically "Synopsys-industry oriented." *Id.* at 124:16-20; 125;
11 127:6-7. Moreover, Mr. Milliken testified that specific design specifications necessitate use of
12 Synopsys tools. *Id.* at 188:20-22; 189:1-16. Accordingly, where written specifications or quotations
13 for use of Synopsys tools existed between Government contractors, the Government implicitly granted
14 its authorization and consent by awarding the contract, and the § 1498 defense is applicable.
15          As to the KD31A, KD32A, KD33A, KD34A, KD35A, KD36A, KD37A, KD38A, KD39A and
16 KD24A, Ricoh is aware of evidence of implicit authorization and consent. With regard to the ASICs
17 sold to     , Ricoh is well aware that its contention that there is a lack of admissible evidence is false.
18 In May, Ricoh served a subpoena on      , a government contractor for whom Aeroflex designed nine
19 of the accused ASICs, that account for more than $2 million of sales. The subpoena requested
20 documents that would have provided the links that Ricoh now claims are missing. When Ricoh was
21 informed by     after an initial search that it had many of the documents to prove Authorization and
22 Consent, as well the Prime Contracts, and the information linking the Authorization and Consent
23 clauses in the contracts to the Aeroflex Purchase orders, but that it would be a significant effort to find
24 all responsive documents, Ricoh narrowed the scope of the subpoena only to request information on
25 whether or not the use of Design Compiler was specified in the subcontracts. Fink Decl. at ¶ 2. Ricoh
26 then failed to disclose this information responsive to its subpoena to Aeroflex and the Customer
27 Defendants until the day before Aeroflex's opposition to their Motion was due. Thus, Ricoh filed their
28 Motion fully knowing that the documents containing alleged missing details do in fact exist, and can

HOWREY LLP

Case No. C03-04669 MJJ (EMC)                              -10-
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

1. be subpoenaed for trial. In addition, the information regarding the ____ sales that has already been
2. produced, by itself, creates disputed questions of fact that preclude summary judgment.
3.     There is a similar situation with respect to the KD24A. Ricoh served a subpoena on ____ in
4. May 2006. In its response to the subpoena, ____ said that it needed information as to the products at
5. issue in order to determine what information was responsive. Ricoh never provided that information to
6. ____, and did not provide ____'s response to Aeroflex's counsel until the day before this
7. opposition was due. Again, Ricoh filed its Motion knowing that there are relevant documents that
8. likely contain the alleged missing details.
9.     Mr. Milliken identified the KD24A as subject to a government contract and developed for ____.
10. Fink Decl. Ex. 1 (Milliken) at p. 22; p. 60. Mr. Milliken further explained that a contract defined the
11. "requirements of the synthesis of the KD24A." *Id.* at p. 68. From the purchase orders, it appears as
12. though the KD24A is part of the Wideband Gapfiller Program, which is subject to Government prime
13. contract F040701-00-C-0001. The information about the KD24A that has already been produced, by
14. itself, creates disputed questions of fact precluding summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Ricoh's motion should be denied. As to four of the ASICs, Aeroflex has undisputed evidence to support its § 1498 defense because the contracts have an express authorization and consent clause. As to the other fifteen ASICs, there are – at a minimum – disputed facts relevant to implied consent that, as a matter of law, prevent the granting of summary judgment on this issue.

Dated: September 1, 2006

Respectfully submitted,

HOWREY LLP

By: _____/s/Denise M. De Mory_____
    Denise M. De Mory
Attorneys for Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.

HOWREY LLP

Case No. C03-04669 MJJ (EMC)
DEFTS' MEMO OF P'S & A'S IN OPP TO RICOH'S MOTION FOR
SUMMARY JUDGMENT ON AUTHORIZATION AND CONSENT

-11-