Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CASE NO. C-03-4669-MJJ (EMC)**

**RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)**

**REDACTED PUBLIC VERSION**

Date:      September 26, 2006
Time:      9:30 a.m.
Courtroom:  11, 19th Floor
Judge:      Martin J. Jenkins

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)

2137991.01

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ........................................................................................ 1

II.   RICOH'S COUNTERSTATEMENT OF DISPUTED FACTS ................................. 3

    A.    Damages on ASIC and Board Sales ............................................... 3

        1.    The ASICs themselves are products made by the infringing process, and are not subject to the Entire Market Value Rule ............. 3

        2.    To the extent the Entire Market Value Rule applies, the basis of customer demand is patent related ....................................... 4

        3.    Matrox's ASIC boards are properly included in the Royalty Base. .... 7

    B.    Matrox's sales using "recycled" ASICs.......................................... 8

    C.    Matrox's "foreign" sales. ............................................................ 9

    D.    ASIC sales to the U.S. Government ............................................. 10

    E.    Defendants do not allege any undisputed facts in support of their §271(g) argument ...................................................................... 11

III.  LEGAL STANDARD................................................................................. 11

IV.   ARGUMENT ........................................................................................ 13

    A.    Damages Are Properly Based on ASIC and Board Sales............................. 13

    B.    Defendants admission their products were synthesized during the damages period creates a disputed issue of fact .............................. 18

    C.    Defendants represented their "foreign sales" were properly subject to damages. ....................................................................... 19

    D.    ASIC Sales to U.S. Government did not include the required express Authorization and Consent ......................................................... 21

    E.    35 U.S.C. §271(g) applies to sales of accused ASICs imported into the United States .................................................................... 22

V.    CONCLUSION........................................................................................ 24

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page ii

2137991.01

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................11

*Bayer AG v. Housey Pharms. Inc.*, 340 F.3d 1367 (Fed. Cir. 2003) ...................21, 22

*Brown v. City of Oakland*, 2006 U.S.Dist. LEXIS 45682 (N.D. Cal. 2006) ...............12, 22

*Carrier Corp. v. United States*, 534 F.2d 244 (1976) ........................................21

*Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991) ....11, 20

*Cooper v. Ford Motor Co.*, 748 F.2d 677 (Fed. Cir. 1984) ..................................12

*De Voto v. Pacific Fidelity Life Insurance Co.*, 618 F.2d 1340 (9th Cir. 1980)..........17, 18

*Hodosh v. Block Drug Co.*, 786 F.2d 1136 (Fed. Cir. 1986) .................................12

*Imonex Services Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*,
    408 F.3d 1374 (Fed. Cir. 2005)..............................................13, 14

*Lucent Tech., Inc. v. Newbridge Networks Corp.*, 168 F.Supp.2d 181
    (D. Del. 2001) ..............................................13, 16

*Macionski v. Alaska Airlines*, 1995 U.S.Dist. LEXIS 21751 (C.D. Cal. 1995)...........17, 18

*NTP, Inc. v. Research In Motion, Ltd.*, 481 F.3d 1282 (Fed. Cir. 2005) ...................21

*Nationwide Life Insurance Co. v. Bankers Leasing Association*,
    182 F.3d 157 (2d Cir. 1999)..............................................11, 20

*Nissan Fire & Marine Insurance Co, Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099
    (9th Cir. 2000)..............................................12, 22

*Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298 (Fed. Cir. 1999) ...................11

*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995) .....................................14, 15

*State Industrial, Inc. v. Mor-Flo Industrial, Inc.*, 883 F.2d 1573 (Fed. Cir. 1989) .....14, 16

*Stickle v. Heublein, Inc.*, 716 F.2d 1550 (Fed. Cir. 1983) ....................................16

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)    Page iii

2137991.01

*Vehicular Techs. Corp. v. Titan Wheel International, Inc.*, 212 F.3d 1377
    (Fed. Cir. 2000)............................................................................................13

# FEDERAL STATUTES

35 U.S.C. §271 .........................................................................................20, 21

28 U.S.C. § 1498.......................................................................................10, 20

Fed. R. Civ. P. 56......................................................................................11

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page iv

2137991.01

## I.    INTRODUCTION

Defendants Aeroflex Inc. et al., (collectively "Defendants"), the companies which make ASICs using the method patented by Ricoh's '432 patent, seek in this summary judgment motion to escape the consequences of their infringing conduct by avoiding any award of damages. Defendants advance five theories, one of which has already been rejected by this Court and a second where this Court has already held there is a disputed issue of fact. The other three likewise are fact dependent, mandating that the motion be denied.

First, Defendants argue that no damages can be awarded because Ricoh's damage theory violates the Entire Market Value Rule. They first improperly assume the rule even applies, based on their theory that the patent only covers design and is not related to manufacturing of the ASICs even though this Court has ruled that Defendants' "design only" theory is based on disputed issues of material fact. Even if Defendants were correct, without a design for the ASIC, there would be no ASIC, and hence no need to rely on the Rule. To the extent such theory could be given consideration, Defendants are merely disputing the application of the Rule based on an assumed absence of supporting evidence in favor of their own desired application of their interpretation of facts, which are disputed in any event. Ricoh's expert explained his damages conclusions in detail in his written report and deposition. To the extent the Rule is even relevant, however, Ricoh's damages assessment is fully consistent with its application. Defendants asked for, and Ricoh's expert presented evidence on which the Rule can be based during his deposition, an event which Defendants now seek to ignore. Resolution of conflicting applications of the Rule, assuming it is even relevant to a unitary ASIC or board, requires the trier of fact to consider all of the evidence and evaluate the conclusions being drawn from it, and in the course of doing so, evaluate the creditability of the witnesses. There are substantial issues of material fact which prevent the grant of summary judgment.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 1

2137991.01

1       Second, Defendants assert that sales of products which they now contend were synthesized

2  outside the damages period should be excluded.  The Court had ordered Defendants to identify "all

3  ASICs synthesized using Design Compiler and for which Defendants received any revenue between

4  1997 and the present" and Defendants agreed to a Stipulation and Order on May 5, 2006, further

5  defining what sales would (and would not be) disclosed.  They seek to ignore the fact that, following the

6  submission of multiple conflicting and false product declarations made under penalty of perjury that

7  were provided by Defendants,[1] Ricoh's calculation of damages is based and relies on Defendants'

8  representations that those product declarations made in compliance with the Order and Stipulation are

9  complete and accurate.  By submitting the declarations in compliance with the Order and by the terms of

10  their own Stipulation, ████████████████████

11

12  ████████████████████████ but  now seek to avoid that

13  admission.  They are precluded (by their compliance with the Court's Order) from now contending these

14  sales are outside the damages period.  Even in the absence of preclusion, admissions creates a disputed

15  issue of material fact.

16       Third, Defendants contend that there can be no damages for foreign sales which this motion

17  defines as sales to foreign shipping addresses of products resulting from the use of the infringing process

18  performed outside the United States.  No effort is made in the motion to establish that the actual

19  infringing activity took place outside the United States as an undisputed material fact, however; only a

20  bald statement to that effect is made. Defendants ignore that they made numerous admissions, including

21  representations regarding the content of their product declarations and their production of damages

[1] ████████████████████████████████

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 2

2137991.01

related discovery, that put this "fact" into dispute, and which support the inferences made by Ricoh's expert in her damages report.

Fourth, Defendants contend all sales to the Federal government are automatically exempt from damages. This is an affirmative defense on which they bear the burden of proof to establish the government authorized and consented to assuming responsibility for the infringement. Instead of even trying to discharge this burden, they present a "wishing will make it so" submission. This contention is so flawed that Ricoh has itself moved for summary judgment dismissing the defense.

Finally, Defendants resurrect their failed 271(g) motion which this Court denied in 2005 on a specific finding that there were substantial issues of material fact. No new arguments or facts are presented. There is, therefore, no basis for arguing the prior ruling does not remain the law of the case.

## II.    RICOH'S COUNTERSTATEMENT OF DISPUTED FACTS

Many of Defendants' assertions in the motion brief are advanced without citing any factual basis and are hereby traversed by Ricoh. Other assertions are actually interpretations of fact made through rose-colored glasses. Summary judgment must be based on undisputed material facts without reliance on disputed interpretations. That means this motion must be based either on an admission by Ricoh, a fact to which Ricoh agrees, or undisputable evidence. None are present here. To avoid the necessity of responding to each and every bald assertion for which no citation of authority is given in order to avoid any argument of implied agreement, Ricoh hereby globally traverses the validity of all such unsupported assertions.

### A.    Damages on ASIC and Board Sales

#### 1.    The ASICs themselves are products made by the infringing process, and are not subject to the Entire Market Value Rule

Defendants proceed from an assumption that what has been patented in the '432 patent ends at the termination of design and therefore the product of the patented process is not the ASIC made by a subsequent manufacturing procedure, without admitting they are making that assumption. Ricoh's

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7) CASE NOS. CV-03-4669-MJJ (EMC)   Page 3

2137991.01

1  position is that the patent process directly relates to the manufacturing of the ASICs and therefore the

2  product of the patented process is the ASIC itself.  This dispute and its underlying factual basis was

3  previously presented to the Court for summary judgment resolution.  After considering the submissions

4  of the parties, this Court denied summary judgment on the issue because "[t]he proximity between the

5  patented process and the physical product is a fact intensive inquiry.  Since the facts concerning the

6  relationship between the methods and the manufacturing process are in dispute, the Court does not agree

7  with Defendants' characterization that the issue is clear."  Brothers Dec. Ex. 2 (Nov. 7, 2005, Order

8  Denying Defendants' Motion for Partial Summary Judgment for Non-Infringement Under 271(g)), at 8.[2]

9

10     **2.     To the extent the Entire Market Value Rule applies, the basis of customer
               demand is patent related**

11         The report of Ricoh's expert, Mr. Lipscomb, identifies that which constitutes the royalty base as

12

13  

18         as the royalty base because they represent the appropriate product under either Ricoh's or

19  Defendants' interpretation of the scope of the patent.  Lipscomb Dec. ¶1.

20         Mr. Lipscomb's understanding of the Entire Market Value Rule and its application were fully

21  explored during his deposition.  He explained:

22

23

24

25

26

27  [2] Ricoh's exhibits to all of their motions for summary judgment are attached to the September 1, 2006 declaration of Kenneth W. Brothers.

28
RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 4

2137991.01



RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 5

2137991.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

The infringing synthesis process is necessary to the very creation of a functional ASIC because there is linear progression from design to finished product. Without a design, there is never an ASIC to fabricate and sell. Even Defendants' expert agrees the patented process enables ▮▮▮▮▮▮

---

[3] Defendants assert that Built In Self Test ("BIST") "adds no functionality whatsoever to the chip from an end-user perspective" at brief page 5. This is disputed.  portion could not be separated from its resident product without losing all (or at least a substantial portion) of its commercial value. (*See* Casavant Dec., Ex. 1 at 2-7 (listing AMI products that contain

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 6

2137991.01

1    ██████████ Brothers Dec. Ex. 10, (Lipscomb Tr.) at 33-35, *supra*. The mechanism by which the

2    Synopsys tools are able to achieve ██████████████████ are closely guarded and well hidden by

3    Synopsys(as the terms of the protective order and the sheer number of produced documents marked

4    "confidential" makes abundantly clear); the benefits are tangible and real. *Id.*

5    For the purposes of this motion, there is no dispute by Defendants that the ██████████████

6

7    ████████████████████████████, the accused infringement of Ricoh's patented design

8    method. All additional processes, without regard to number, are inescapably intertwined with infringing

9    design processes. ████████████████████████████████

10   ████████████████████████████████████████████

11   ████████████████████████████████████

12   ████████████████████████████████████

13   ████████████████████████████████████████████

14   ██████████████ Soderman Dec. ¶59; *see also* Brothers Dec. Ex. 11 (Expert Report of Michael J.

15   Wagner), at 18. This is a demonstrated and undisputed linkage between customer demand and the

16   patented process.

17

18   ### 3.    Matrox's ASIC boards are properly included in the Royalty Base.

19   Ricoh's expert, Mr. Lipscomb, took the fact that Matrox sells ASIC on boards fully into account,

20   noting that the boards sold by Matrox are fully functional units that are completely nonfunctional absent

21   the ASICs in issue that are designed by the infringing process. Soderman Dec. ¶58. ██████████

22   ████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████

25

26

27   BIST)). In addition, the BIST functionality of these ASICs have a number of end-user benefits, including improving reliability and functioning as a diagnostic aid.. Soderman Dec. ¶57.

28

2137991.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16   **B.    Matrox's sales using "recycled" ASICs.**

17

18

19

20

21

22

23

24

25

26

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 8

2137991.01

1 ██████████████████████████████████████████████████████

2 ████████████████████████████████

3

4     When Ricoh sought discovery about the design activity carried out by Defendants, they refused

5 to provide any response relating to the period before 1997. Brothers Dec. Ex. 14 (D.I. 459) at 2. ████

6 ████████████████████████████████████████ represents an admission that these ASICs are

7 properly included in the royalty base, and these admissions were relied on by Ricoh's expert.

8

9 **C.**    **Matrox's "foreign" sales.**

10     The assertion about place of design by Matrox is a material fact in dispute. ████████████

11 ████████████████████████████████████████████████████████████

12 ████████████████████ See Brothers Dec. Ex. 1, (Ricoh's Motion to Show Cause). The Court

13 specifically required that Defendants include all "commercial ASICs," defined as "all ASICs

14 synthesized using Design Compiler and for which Defendants received any revenue between 1997 and

15 the present." (D.I. 443). Matrox therefore agreed to the May 5, 2006 Stipulation and Order and

16 submitted a sworn declaration in compliance with the Order and with its obligations under the

17 Stipulation. Brothers Dec. Ex. 14 (D.I. 459) at 1-2; Brothers Dec. Ex. 13 (Matrox May 10, 2006,

18 Product Declarations).

19     Ricoh repeatedly requested specific financial data regarding Matrox's declared products, and

20 Matrox has represented that their production included that requested data, and that data only. ████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 9

2137991.01



Although Defendants fault Ricoh's expert, Ms. Loftus,[4] for not making an infringement analysis, she took the sales data for the ASICs identified by Defendants as being produced by the infringing process as they had represented, and calculated total sales. No assertion has ever been made that those calculations are wrong.

### D.   ASIC sales to the U.S. Government

This part of the motion contends that ASIC sales are to the U.S. Government are excluded from the royalty base because of there was 28 U.S.C. § 1498 "authorization and consent". This is disputed because, as Ricoh has already shown in its own motion, sales to the U.S Government are not automatically excluded under the terms of Sec. 1498, and Defendants do not (and cannot) make a sufficient showing of authorization and consent. (D.I. 558). Defendants have not alleged, much less tried to show, the predicate facts required for an authorization and consent defense, specifically that infringement was either required or necessitated by a government contract. The facts establishing that there was no authorization and consent is the subject of Ricoh's pending motion for summary judgment, and are incorporated herein by reference to that motion.

---

[4] While Defendants dismissively place the word "expert" in quotation marks when referring to Ms. Loftus, they mount no challenge to Ms. Loftus's credentials or the accuracy of her expert report.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 10

2137991.01

**E.     Defendants do not allege any undisputed facts in support of their §271(g) argument**

The only reference, even tangential, to §271(g) in Defendants' statement of undisputed facts is their argument at page 4 describing their version of the ASIC creation process. The substance of these statements have been discussed *supra*, as has been the fact that they have *already* been rejected by this Court! The Court rejected "Defendants' Motion for Summary Judgment of Noninfringement under 35 U.S.C. §271(g)" in November 2005, finding that "the facts concerning the relationship between the methods and the manufacturing process are in dispute." Brothers Dec. Ex. 2 (November 7, 2005, Order Denying Defendants' Motion for Partial Summary Judgment for Non-Infringement Under 271(g)), at 8.

Defendants resurrect the very same assertions of "undisputed" fact which the Court found to actually be disputed less than one year ago, even recycling the same declarations from their rejected motion. *See* D.I. 305 ("Olson Decl.") and 306 ("Heynes Decl.") cited by Defendants at page 4.

Defendants also make numerous factual assertions without citation or support in the body of their §271(g) argument, particularly at brief pages 13-14. ██████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████ are completely unsupported by evidence. These unsupported statements, most of which have already been disposed of by the Court as being "in dispute," are hereby traversed, and to the extent they are supported, they are disputed by Ricoh. Brothers Dec. Ex. 2 (November 7, 2005, Order Denying Defendants' Motion for Partial Summary Judgment for Non-Infringement Under 271(g)), at 8.

## III.     LEGAL STANDARD

Ricoh has stated the legal standard in its other briefs and will not repeat all of the law here. Of course, any motion for summary judgment requires the moving party to demonstrate that there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because summary judgment is considered a drastic remedy and deprives a

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 11

2137991.01

party of the right to a jury trial, courts apply a strict standard of review. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The moving party bears a "heavy burden" of proving the absence of any material issues of fact. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). In particular, there is a high standard for summary judgments in patent cases. *See Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999). The purpose of the summary judgment process is to avoid a clearly unnecessary trial; it is not designed to substitute lawyer advocacy for evidence, or affidavits for examination before the fact finder, when there is a genuine issue for trial. *Cont'l Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991).

Evidence is required. *Nissan Fire & Marine Ins. Co, Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000) ("Under *Adicks [v. S.H. Kress & Co.]*, a moving party without the ultimate burden of persuasion at trial does not carry its initial burden of production [for summary judgment] if it fails to produce affirmative evidence negating an essential element of the non-moving party's claim or defense. 398 U.S. at 158"); *Brown v. City of Oakland*, 2006 U.S. Dist. LEXIS 45682, *14 (N.D.Cal. 2006) ("unsupported statements do not constitute the substantial showing . . . required to survive summary judgment."). Expert testimony is not sufficient when there are reasonable alternative interpretations of admissible evidence. *Cooper v. Ford Motor Co.*, 748 F.2d 677, 679-80 (Fed. Cir. 1984) ("[H]ere reasonable alternative arguments were put forth as to its interpretation....From our reading of the references, we cannot say that [the expert's] explanation is the only possible interpretation. Thus, the requirement of rule 56 that there be no genuine issue of any material fact was not met.") Summary judgment is improper when there is a conflict between expert opinions presented by affidavits as a trial with the refining fire of cross-examination is a more effective means of arriving at a legal conclusion than perusal of ex parte affidavits and declarations of partisan experts. *Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1143 (Fed. Cir. 1986).

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 12

2137991.01

## IV.    ARGUMENT

### A.    Damages Are Properly Based on ASIC and Board Sales

The sole basis for this aspect of the present motion is that "both of Ricoh's expert reports fail to contain any evidence" which would permit the Entire Market Value Rule to be applied and therefore summary judgment can be granted as a matter of law (Def. Br. 7-9).  However, this is nothing more than an attempt by Defendants to move the goalposts.  The factual basis for Ricoh's infringement and damages theories are set out in detail in its expert reports.  Brothers Dec. Ex. 3 (Expert Report of R. Fred Lipscomb); see also Ex. 4-9 (Ricoh's Expert Reports on Infringement of Defendants).

The major premise underlying Defendants' motion is that design and manufacturing are distinct, and that since the '432 patent only relates to design, basing damages on the result of manufacturing (the ASIC) is not proper unless the Entire Market Value Rule applies.  Because the patent claims use the term "comprising", which as a matter of law means "including but not limited to." *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382-83 (Fed. Cir. 2000) ("the term "comprising" indicates an open-ended construction. . . . A drafter uses the term "comprising" to mean "I claim at least what follows and potentially more.").  Ricoh's position is that as long as the recited "design" steps are performed, any additional "manufacturing" steps are not excluded from or unrelated to what was patented, and the product of the patented process is the ASIC.  This Court has already considered the parties respective positions and ruled that the issue of whether the patent is limited to design is based on a disputed issue of material fact.  Since the major premise is based on a disputed issue of material fact, summary judgment is precluded.

Even if the Entire Market Value Rule were applicable, the Rule is a fact specific inquiry requiring the evaluation of evidence.  Defendants' motion here is not based on a lack of evidence,[5] but

---

[5] All of the cases cited on pages 8-9 of Defendants' brief were decided on the basis of a lack of any evidence.

1    instead only on the claim that Ricoh's "reports" do not use the expression "Entire Market Value Rule".

2    Since there is evidence in this case which fairly supports the application of the rule, relied upon in the

3    expert reports, summary judgment must be denied.

4        The Entire Market Value Rule allows a patent owner to "recover damages based on the value of

5    an entire apparatus containing several features, even though only one feature is patented." *Imonex*

6    *Services Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1379 (Fed. Cir. 2005);

7    *Lucent Tech., Inc. v. Newbridge Networks Corp.*, 168 F.Supp.2d 181, 263 (D. Del. 2001) (citing *Kori*

8    *Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649, 651 (Fed. Cir. 1985)). For example,

9    in *Lucent*, "cards that implement the infringing features are typically sold in conjunction with an overall

10    switch at an aggregate price for all parts," that "the individual card has no use unless installed in a

11    Newbridge switch and that only Newbridge cards function in Newbridge switches." *Id.* at 222. The

12    court held that this was sufficient evidence to uphold a finding that "Newbridge anticipated the sale of

13    unpatented components together with patented components which would warrant application of the

14    entire market value rule." *Id.*

15        The report of Ricoh's expert, Mr. Lipscomb, ███████████████████████████████

16    ███████████████████████████████. This is the benefit Defendants derive from the use of the

17    infringing process; it is the source of the revenue they receive and serves as a proper royalty base. In

18    addition, it is clearly consistent with and supportive of an Entire Market Value Rule analysis, and

19    Defendants themselves recognized that fact by extensively questioning him about the supporting

20    evidence at a deposition.

21        The Federal Circuit in *Imonex Services Inc. v. W.H. Munzprufer Dietmar Trenner*

22    *GmbH*, 408 F.3d 1374, 1379 (2005) explained:

23        The entire market value rule 'permits recovery of damages based on the value of the entire
        apparatus containing several features, where the patent related feature is the basis for customer
        demand.' *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989). This
        measure of damages arises 'where both the patented and unpatented components together are

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 14

2137991.01

'analogous to components of a single assembly,' 'parts of a complete machine,' or 'constitute a functional unit' but not where the unpatented components 'have essentially no functional relationship to the patented invention and ... may have been sold with an infringing device only as a matter of convenience or business advantage.' *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995) (en banc).

Artfully, Defendants recast the inquiry in terms of what "drives the demand" even thought the Federal Circuit in the just quoted passage stated that where both the patented and unpatented components together are analogous to components of a single assembly, parts of a complete machine, or constitute a functional unit or have a functional relationship, the patent related feature is the basis for customer demand.  They asked Mr. Lipscomb whether ████████████████████████

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 15

2137991.01



than the facts

of *Lucent*. 168 F.Supp.2d at 263. In *Lucent*, the components were physically separate and actually

packaged (and sometimes sold) separately; nevertheless, the Entire Market Value Rule applied because

the infringing and noninfringing components were "typically sold in conjunction" with each other. *Id.*

Here, all accused Matrox ASICs are sold as part of the board, to the point that Matrox is unable to place

a value on the individual ASIC, and admits that the cost of the ASIC could be manipulated to achieve

desired profit margins for the board. Likewise, the Matrox ASIC "has no use unless installed," on the

Matrox board. *Id.* Just as "only Newbridge cards function in Newbridge switches," only Matrox ASICs

function in Matrox boards. *Id.* As *Lucent* and other Entire Market Value Rule cases make clear, this is

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 16

2137991.01

1   not even a close case.

2       Apportioning the ASIC component of Matrox graphics board sales is further precluded by the

3   ███████████████████████████████████████████████████

4   ███████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████  and to the extent that the court admits the Wagner opinion statement, Ricoh's expert has

7

8   rebutted it. Lipscomb Dec. ¶4. At the very least, this creates a substantial issue of material fact for the

9   jury.

10      Defendants make much of the fact that Ricoh's expert reports do not explicitly use the term

11  "Entire Market Value Rule." However, as has been demonstrated above, there is sufficient evidence

12  which permits application of the rule (if necessary) to these ASIC and board products, and ████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ██████████████████████████████

22      Defendants' arguments that this analysis is somehow improper because he fails to utter the magic

23

24

25

26  [6] In fact, actual costs and/or profit margins are not necessarily required in the calculation of a reasonable royalty as a matter
    of law. *See State Indus.*, 883 F.2d at 1580 ("The determination of a reasonable royalty . . . is based not on the infringer's

27  profit margin [; t]here is no rule that a royalty be no higher than the infringer's net profit margin."); *Stickle v. Heublein, Inc.*,
    716 F.2d 1550, 1563, (Fed. Cir. 1983) (royalty need not be less than price of infringing unit).

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 17

2137991.01

words "Entire Market Value Rule"[7] or because he considered factors which real world reasonable royalty negotiating businessmen do are not convincing, and are irrelevant to the present motion, in which all inferences must be drawn in Ricoh's favor.  All of Defendants' examples of so-called flawed analysis on Mr. Lipscomb's part are merely disagreement with the ultimate conclusion.

### B.    Defendants admission their products were synthesized during the damages period creates a disputed issue of fact

Defendants are precluded from arguing that their Declared Commercial ASIC products were synthesized outside the damages period.  *De Voto v. Pacific Fidelity Life Ins. Co.*, 618 F.2d 1340, 1345 (9th Cir. 1980) ("To the extent this argument is an attempt to redefine the relevant market, it is precluded by the parties' stipulation."); *Macionski v. Alaska Airlines*, 1995 U.S. Dist. LEXIS 21751, *25 (C.D. Cal. 1995) ("contract-based causes of action are both precluded by his stipulation that he was an employee at will").



---

[7] It is clear that Defendants understood Mr. Lipscomb's report and its relationship to the entire market rule since they extensively explored the application of the rule with him at his deposition.  Hence, he has extensively covered the topic and in the deposition used the magic words.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 18

2137991.01

1

2

3

4

5

6

7

8

9

10

11

12

13 ████████████████████████████; their *De Voto,* 618 F.2d at 1345 ("argument . . . is

14 precluded by the parties' stipulation."); *Macionski,* 1995 U.S. Dist. LEXIS 21751 at *25 ("causes of

15 action . . . precluded by his stipulation"). Even if Defendants were not precluded, at the very least, this

16 creates a substantial issue of material fact for the jury. Accordingly, summary judgment is improper.

17

18 **C.    Defendants represented their "foreign sales" were properly subject to damages.**

19         Defendants made specific representations regarding the content of their produced financial data.

20 After much of the data was not produced in electronic format and was otherwise intentionally

21 obfuscated by Defendants, they finally agreed to produce financial data pursuant to the scope of their

22 product declarations. Brothers Dec. Ex. 14 (D.I. 459) at 3. They are bound by their representations, and

23 all inferences made by Ms. Loftus in reliance on those representations are reasonable.

24         Additionally, Defendants have made no effort in this motion to establish that the actual

25 infringing activity took place outside the United States as an undisputed material fact. That failure

26

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 19

2137991.01

dooms this motion.  Further, Defendants' admissions with regard to their product declarations and their financial disclosures put these "facts" into dispute.

When the infringing process has been conducted in the U.S., the place to which the resulting product was shipped is not relevant.  There is no discount for foreign export.

Defendants are bound by the May 5, 2006 Stipulation in which they agreed that to the extent there were ASICs produced outside of the United States, Defendants need "produce only information regarding sales in the United States" for such ASICs.  Brothers Dec. Ex. 14 ((D.I. 459) May 5, 2006, Amended Stipulation and Order Re Supplemental Production in Accordance with Judge Chen's April 20, 2006 Order), at 2.  They knew Ricoh was going to rely on the Stipulation to ensure that products subject to damages were identified.  Defendants' inclusion of these ASICs is an admission that they are properly included in the royalty base, and the inference may be made that these represent sales to which a royalty rate should be applied.

Defendants' assertion that their production of "shipping information" somehow "provided Ms. Loftus the facility to identify foreign transactions with minimal effort" is misleading at best.  The Matrox sales figures and shipping files in many instances used different names for the same chips and boards.  Further, Matrox never informed Ricoh that, contrary to the Stipulation, that it had produced foreign sales information.  If more than one conclusion can be drawn from the same evidence, the court must consider the inference most favorable to Ricoh.  *Nationwide Life Ins* 182 F.3d at 160; *Cont'l Can Co. USA*, 948 F.2d 1264.  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  For these reasons alone, summary judgment must be denied.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 20

2137991.01

### D.     ASIC Sales to U.S. Government did not include the required express Authorization and Consent

Defendants make a half-hearted argument that any sales to the U.S. Government are automatically shielded from recovery by virtue of the "authorization and consent" affirmative defense based on 28 U.S.C. §1498(a).  This defense requires a multi-part inquiry that Defendants ignore, including determining whether the Government *required* the use of the infringing process, and whether the infringing process was *necessary* to perform the Government contract.  Indeed, Defendants devote less than one page to their argument, and seem to believe that any and all sales to a Government entity automatically shields them from all liability.  Defendants' §1498 defense is so deficient that Ricoh has itself moved for summary judgment on this defense (D.I. 558).  Rather than burden the Court with a repetition here, Ricoh incorporates by reference its showing in D.I. 558, attached as Brothers Dec. Ex. 15, that any undisputed material facts preclude the grant of summary judgment against Ricoh here, and to the contrary, judgment should be granted against Defendants.  Nevertheless, there is one assertion made here which deserves a brief comment.

More particularly, Aeroflex is precluded from arguing that any of its Government sales were made with implied consent.  When seeking leave to add this defense in April 2006, Aeroflex assured the Court that "[i]t is Aeroflex's position that because it is not relying on implied 'authorization and consent,' there is no additional discovery that needs to occur."  (D.I. 430 at 4).  Aeroflex must be held to this disclaimer.  Accordingly, an express authorization and consent is required, and an unapproved and unnecessary infringement does not receive such "authorization and consent".  *Carrier Corp. v. United States*, 534 F.2d 244, 247 (1976).  Defendants have presented no evidence in this motion or anywhere else, to indicate that their infringing use of the patented process was required or necessitated by the terms of the contract.  For this reason, and for all the reasons set forth in Ricoh's Motion for Summary Judgment on Aeroflex's Affirmative Defense of "Authorization and Consent" (D.I. 558), summary judgment should be denied.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7) CASE NOS. CV-03-4669-MJJ (EMC)  Page 21

2137991.01

**E.    35 U.S.C. §271(g) applies to sales of accused ASICs imported into the United States**

Defendants have utterly ignored this Court's Order of Nov. 7, 2005, rejecting exactly the same arguments, based on exactly the same law, and based on exactly the same facts. Brothers Dec. Ex. 2 (Nov. 7, 2005, Order Denying Defendants' Motion for Partial Summary Judgment for Non-Infringement Under 271(g)). In that Order denying Defendants' Motion for Partial Summary Judgment for Non-Infringement under 271(g), this Court held that "Since the facts concerning the relationship between the methods and the manufacturing process are in dispute, the Court does not agree with Defendants' characterization that the issue is clear." *Id.* The Court rejected Defendants' motion for summary judgment for non-infringement under section 271(g) then, and should do so again now. No new facts or law are presented in this motion. While not believed essential in light of the Court's prior Order, to the extent necessary, Ricoh hereby incorporates its prior submission to the Court in connection with its prior motion.

Defendants attempt to make their old arguments sound fresh by focusing on *NTP, Inc. v. Research In Motion, Ltd.*, 481 F.3d 1282 (Fed Cir. 2005) for this latest bite at the § 271(g) apple. However, this Court specifically considered *NTP* in its Nov. 7, 2005 Order, holding: "Unlike the current case, in NTP, the product 'made by' the patents at issue, and which was the subject of infringement allegations under § 271(g) as to importation into the U.S., was wireless, electronic mail, a wholly non-physical product." Brothers Dec. Ex. 2 at 7, fn. 5. No new argument has been presented here.

Defendants' flawed interpretation of *Bayer AG v. Housey Pharms. Inc.*, 340 F.3d 1367 (Fed. Cir. 2003) was also rejected by the Nov. 2005 Order. This Court said that it could "not conclude as easily as the court in Bayer that the processes as allegedly practiced by Defendants were clearly separate from the ASIC manufacturing process." Brothers Dec. Ex. 2 (Nov. 7, 2005, Order Denying Defendants' Motion for Partial Summary Judgment for Non-Infringement Under 271(g)) at 8.

In their only nod to originality, Defendants cite to the text of §271(g)(1), a section which

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 22

2137991.01

1   provides a limited exception to infringement under §271(g) resulting from importation of a product

2   made by a process patented in the U.S. ████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████

5   ██████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████

7   ███████████████████████████████████████████████████

8   ████████████████████████████████████

9   █████████████████████████

10  ██████████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████

13  ██████████████████  Brothers Dec. Ex. 2 (Nov. 7, 2005, Order Denying Defendants' Motion for

14  Partial Summary Judgment for Non-Infringement Under 271(g)) at 8.  Because of this ruling,

15  Defendants must, to order to gain summary judgment on the §271(g)(1) exception, show that under all

16  interpretations of what constitutes the "product", it is materially changed by subsequent processes.  In

17  other words, they must show that if the product is the ASIC, it is materially changed.  They proffer no

18

19  evidence in this regard and that requires summary judgment to be denied. *Nissan Fire & Marine Ins. Co,*

20  *Ltd. v. Fritz Co., Inc.,* 210 F.3d 1099 (9th Cir. 2000); *Brown v. City of Oakland,* 2006 U.S. Dist. LEXIS

21  45682, *14 (N.D.Cal. 2006).  Moreover, Defendants arguments fail to take into consideration the

22  Federal Circuit statement that §271(g)(1) "appears to contemplate a change in a physical product."

23  *Bayer,* 340 F.3d at 1372-3.

24      Moreover, any defense based on 271(g) assumes one or more of the steps of the claimed process

25  are done outside the U.S.  No effort has been made to establish that assumption as an undisputed

26  material fact, and Ricoh has traversed all unsupported assertions.  That alone presents a dispute,

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 23

2137991.01

prohibiting summary judgment.  This is now the second time defendants have moved for summary judgment based on section 271(g) since the Court issued its claim construction order.  This dispute presents substantial issues of material fact that must be decided by a jury.  It should, as before, be denied.

## V.    CONCLUSION

The Court should deny Defendants' motion for summary judgment in its entirety because they fail even to present a prima facie showing that Ricoh's damages position was improper, and fail to present any admissible evidence sufficient to support their motion.  Defendants do not demonstrate the absence of substantial issues of material fact – indeed, one of their arguments has already been explicitly rejected by the Court.  The also draw improper inferences from these disputed facts.

There is a fundamental dispute about what constitutes the product of the patented process which this Court has already ruled involves disputed issues of material fact.

There is a dispute about whether a damage award requires application of the Entire Market Value Rule.  If it does, Defendants simply present an alternate theory of damages calculation, and assert Ricoh has no evidence which permits the rule to be applied.   Such evidence exists and Ricoh's expert identified it.  Because their premise of absence of evidence is wrong, no basis for granting them summary judgment exists.

Defendants assertion that sales of products synthesized outside the damages period should be excluded ignores their admission to this Court that these ASICs were both synthesized and received revenue within the damages period.  They are precluded (by their compliance with the Court's Order concerning "Commercial ASIC") from contending these sales are not properly subject to damages, and even in the absence of an preclusion, at a minimum the admission itself creates a disputed issue of fact.

Defendants contentions about foreign sales are directly contradicted by their admissions, such as their product declarations, accompanying Stipulation and produced financial data, and no effort

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 24

2137991.01

was made in the motion to establish that the actual infringing activity took place outside the United States as an undisputed material fact.  These admissions, which support the inferences made by Ricoh's expert in her damages report, preclude Defendants from disavowing their content now.  At best, these inconsistencies create a substantial fact issue for the jury.

Defendants contention that  all sales to the Federal government are automatically exempt from damages is based on an assumption and not evidence  Instead of trying to show there is no issue of undisputed fact, they present a "wishing will make it so" submission.  This contention is so flawed that Ricoh has itself moved for summary judgment dismissing the defense.

Finally, Defendants re-argue their failed 271(g) arguments which this Court denied in 2004 on a specific finding that there were substantial issues of material fact. Because the prior ruling remains the law of the case, they have not established any right to summary judgment

This motion for summary judgment should be denied.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)   Page 25

2137991.01

1 | Dated:  September 1, 2006

RICOH COMPANY, LTD.

2 | By:  /s/ Gary M. Hoffman

3 | Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008

Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)

4 | ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN

DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW

5 | 177 Post Street, Suite 300
San Francisco, CA 94108

Washington, DC  20006-1526
Telephone: (202) 420-2200

6 | Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Facsimile: (202) 420-2201

7 |

8 | Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas

9 | New York, NY 10036-2714
Telephone:  (212) 277-6500

10 | Facsimile:  (212) 277-6501

11 | Attorneys for
RICOH COMPANY, LTD.

12 |

13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING THE SCOPE OF PATENT DAMAGES
FOR ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,922,432 (MOTION NO. 7)
CASE NOS. CV-03-4669-MJJ (EMC)  Page 26

2137991.01