Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California  94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999

Attorneys for Plaintiff SYNOPSYS and
Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC.,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP., and MATROX
TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>      Plaintiff,<br><br>   vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC.,<br>      Defendants. | Case No. C03-4669 MJJ (EMC)<br><br>Case No. C03-2289 MJJ (EMC)<br><br>**REPLY TO RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT**<br><br>**[SUMMARY JUDGMENT MOTION NO. 5]**<br><br>Date:        September 26, 2006<br>Time:        9:30 a.m.<br>Place:      Courtroom 11, 19th Floor<br>Judge:     Hon. Martin J. Jenkins |
| SYNOPSYS, INC.,<br><br>      Plaintiff,<br><br>   vs.<br><br>RICOH COMPANY, LTD.,<br>      Defendant. | |

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

1

**TABLE OF CONTENTS**

2

**Page**

3  I.  INTRODUCTION .................................................................................................... 1

4  II.  ARGUMENT ......................................................................................................... 3

5  A.  The Inventors Knew of Kowalski85 (and its Materiality) Through

6  Their Citation to it in the 1989 KBSC Article ............................................... 3

7  B.  The PTO Found That Kowalski85 Is Material. ............................................. 5

8  C.  Defendants' Motion Does Not Rely on Any Expert Testimony, and
   Thus There is No Question of Fact Created by Conflicting Expert

9  Testimony. ..................................................................................................... 6

10  D.  An Inference of Deceptive Intent Is Proper. ................................................. 7

11  III.  CONCLUSION .................................................................................................... 10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)          -i-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

1

## TABLE OF AUTHORITIES

2
Page(s)

3

## CASES

4

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.,*
    267 F.3d 1370 (Fed. Cir. 2001) .................................................................. 9

5

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Serv. Ltd.,*
    394 F.3d 1348 (Fed. Cir. 2005) .................................................................. 8

6

7

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,*
    120 F.3d 1253 (Fed. Cir. 1997) ................................................................ 10

8

9

*Digital Control Inc. v. Charles Mach. Works,*
    437 F.3d 1309 (Fed. Cir. 2006) ...................................................... 6, 7, 9, 10

10

*Ferring B.V. v. Barr Labs., Inc.,*
    437 F.3d 1181 (Fed. Cir. 2006) .................................................................. 8

11

12

*GFI, Inc. v. Franklin Corp.,*
    265 F.3d 1268 (Fed. Cir. 2001) ................................................................ 10

13

14

*In re Robertson,*
    169 F.3d 743 (Fed. Cir. 1999) .................................................................... 5

15

*LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n,*
    958 F.2d 1066 (Fed. Cir. 1992) .................................................................. 4

16

17

*Molins PLC v. Textron, Inc.,*
    48 F.3d 1172 (Fed. Cir. 1995) ............................................................. 6, 10

18

19

*Monsanto Co. v. Bayer Bioscience N.V.,*
    363 F.3d 1235 (Fed. Cir. 2004) .................................................................. 3

20

## OTHER AUTHORITIES

21

Manual of Patent Examination Procedure § 2112 (2005) ................................. 5

22

Manual of Patent Examination Procedure § 609, 3rd Ed. Rev. 52 (April 1977) ...................... 9

23

## REGULATIONS

24

37 C.F.R. § 1.56 (1987) ..................................................................................... 4

25

26

27

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)          -ii-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

1    I.    **INTRODUCTION**

2          In their moving papers, Defendants set forth clear and convincing evidence that the inventors of

3    the '432 knew of Kowalski85, that they ***knew or should have known*** of its materiality, and yet failed

4    to disclose the reference to the PTO.  This evidence is uncontroverted by anything offered in Ricoh's

5    opposition.  Furthermore, Ricoh offers no explanation for the nondisclosure of this reference, which

6    leads to an inference of deceptive intent by the inventors.  Thus, all of the elements of inequitable

7    conduct have been demonstrated by (uncontroverted) clear and convincing evidence, and summary

8    judgment on inequitable conduct in Defendants' favor is appropriate.

9          Rather than attempting to directly refute Defendants' evidence or argue a different

10   interpretation of the law, Ricoh responds as it has to most of the pending summary judgment motions

11   — by constructing strawmen and offering misdirected arguments about irrelevant issues.  For instance,

12   based on a clear typographical error in the citations of the 1989 KBSC Article, Ricoh claims that it

13   "hotly dispute[s]" whether Kowalski85 is actually discussed and cited by the co-authors in that paper.

14   Opp. at 5:15-16.  This position is not remotely tenable.  No reasonable jury could conclude that an

15   article with the *same* title, the *same* authors, published in the *same journal*, at the *same page numbers*,

16   and in the *same volume* appeared once in August 1985 and then again in August 1986.  This argument

17   defies logic, as well as the facts.  The August 1986 table of contents does not show any Kowalski

18   paper, whereas the August 1985 table of contents does.  If Ricoh had seriously wanted the Court to

19   consider this argument, it would have made some basic showing that there is a 1986 article with the

20   same title, etc., but it has not provided any evidence that such an article exists (because Ricoh knows it

21   does not).  As such, there is no genuine dispute of material fact that Kowalski85 is the reference

22   discussed and cited by the co-authors in their 1989 KBSC Article.

23         Ricoh also vehemently argues that the PTO has only ordered the reexamination based on

24   Kowalski84 in addition to Kowalski85, such that Kowalski85 is not material "by itself."  *See* Opp. at

25   11:4-6, 11:12-13.  This argument is incorrect.  The PTO's grant of reexamination explicitly found that

26   Kowalski85 ***by itself*** is a material reference.  *See* Brothers Ex. 85 at 3, ¶ 7 ("It is agreed that the

27   **KOWALSKI-85** reference . . . would have been considered important by a reasonable Examiner in

28

1   deciding whether or not at least claim 13 was patentable, for the reasons discussed *infra*.").  Ricoh acts

2   as if it is confused because the PTO additionally found that the teachings of Kowalski84 are *inherent*

3   (or included) in Kowalski85.  *See id.* (discussing "the inherent teachings of **KOWALSKI-84**").  But

4   this inherency does not affect the fact that the PTO has determined that Kowalski85 itself is material

5   (and not cumulative of the art of record in the original file).  *See id.* at ¶¶ 6-7.  Likewise, whether the

6   '432 patent is ultimately patentable over Kowalski85 is irrelevant for purposes of this motion because

7   inequitable conduct does not require proving invalidity.

8         Dr. Kobayashi testified that he no longer recalls Kowalski85, which Ricoh argues means that

9   Defendants cannot show that the inventors knew of Kowalski85.  Opp. at 10:13-18.  Quite the contrary

10  is true, however.  There can be no genuine dispute of material fact that at least one of the co-authors of

11  the 1989 KBSC Article knew about Kowalski85 and knew or should have known of its materiality.

12  Further, documents produced by Ricoh on September 5, 2006 – just four days before filing this reply –

13  confirm that all three co-authors of the 1989 KBSC Article (including both named inventors) were

14  substantively involved in the '432 patent prosecution and thus had a duty to disclose material

15  information to the PTO.  One of the co-authors (regardless of which one) wrote the section of their

16  paper that distinguished KBSC from VDAA as disclosed in Kowalski85 and cited to Kowalski85.

17  Moreover, not recalling a prior art reference today is not probative of the issue whether one knew or

18  should have known of the reference at the time of the patent prosecution.  Thus, Ricoh cannot

19  genuinely dispute that at least one of the co-authors knew of Kowalski85 and knew or should have

20  known of its materiality but still failed to disclose it.

21        Finally, Ricoh argues that "any suggestion of deceptive intent" is "undercut[]" because

22  Kowalski85 and the other prior art systems discussed in the 1989 KBSC Article "are included at some

23  level of detail before the PTO."  Opp. at 15:8-11.  This argument — a suggestion that Kowalski85 was

24  cumulative of the other art before the PTO — flies in the face of the PTO's finding that Kowalski85

25  was not cumulative.  Furthermore, it is irrelevant whether disclosed prior art discusses or cites to

26  Kowalski85 because *the examiner did not consider Kowalski85 during the original prosecution*.  Ricoh

27  fails to provide any explanation of the inventors' failure to disclose Kowalski85; thus, deceptive intent

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)                    -2-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

1   can be presumed.

2       In sum, Ricoh does not raise any genuine issues of material fact or provide any "non-frivolous

3   explanation" or "plausible justification or excuse" for the nondisclosure of Kowalski85.  *See Monsanto*

4   *Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235, 1241 (Fed. Cir. 2004).  In these circumstances, summary

5   judgment is proper.

6   **II.    ARGUMENT**

7       **A.    The Inventors Knew of Kowalski85 (and its Materiality) Through Their Citation**

8           **to it in the 1989 KBSC Article.**

9       Demonstrating its desperation, Ricoh's *first* argument is that there is no evidence that the

10  alleged *1986* Kowalski reference was material.  Ricoh's efforts to create an issue of fact about whether

11  the 1989 KBSC Article cites a *different* Kowalski article falls flat.  Ricoh claims that it is "hotly

12  disputed" whether the 1989 KBSC Article is citing a 1986 Kowalski article or the article the parties

13  refer to as Kowalski85.  Yet Ricoh has failed to come forward with *any evidence* that there is any 1986

14  Kowalski article because there is none.  Based on the citation to Kowalski85 in the 1989 KBSC

15  Article, it is readily apparent that the citation contains a typographical error:

16          T.J. Kowalski, D.J. Geiger, W.H. Wolf, and W. Fichtner, "The VLSI
17          Design Automation Assistant: From Algorithms to Silicon," *IEEE
            Design and Test of Computers Magazine*, Vol. 2, No. 4, pp. 33-43,
18          August **1986**.

19  Brothers Ex. 84 at KBSC 000872 (emphasis added).  As verified from one quick glance at

20  Kowalski85, of course, Kowalski85 was published in 1985, and this citation to a 1986 publication date

21  is a typo.  No paper exists with the inventors' cite as listed in their article — the August 1986 table of

22  contents from the *IEEE Design and Test of Computers Magazine* reflects that there was no Kowalski

23  article in that issue.  Ex. 92.  Indeed, the August 1986 issue of the magazine was volume 3, *not* volume

24  2.  *Id.*  Volume 2, Number 4 of the *IEEE Design and Test of Computers Magazine* was published in

25  August 1985, and contained the Kowalski article.  *See* Ex. 36.  This is the Kowalski85 reference that

26

27

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)          -3-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

1  both parties have submitted to the Court.  Ex. 43[1] and Brothers Ex. 84.  Thus, there can be no genuine

2  dispute of material fact that Kowalski85 is the reference discussed and cited by the co-authors in their

3  1989 KBSC Article.  That Ricoh "hotly disputed" what is clearly a typographical error speaks volumes

4  on its lack of a substantive position on which to oppose this motion.

5        Thus, one or more of the three co-authors (Mr. Shindo, Mr. Suehiro and Dr. Kobayashi) knew

6  of Kowalski85, and knew of its materiality (which is explicitly discussed in the article).[2]  It does not

7  matter which of these individuals knew of the reference, because each was under a duty to disclose

8  material prior art to the PTO.  The duty to disclose material information extends beyond the named

9  inventors and includes anyone substantially involved in the patent prosecution.  *See* Ex. 45 (37 C.F.R.

10  § 1.56 (1987)).  On September 5, 2006 – just four days before this reply was due – Ricoh produced

11  under the Court's order over 200 pages of documents, including KBSC00002884, a Japanese-language

12  document that Defendants have translated.  Ex. 93.  This document is a letter dated November 27,

13  1987 from Mr. Shindo to Dr. Kobayashi "[r]egarding the joint patent application by ICC and Ricoh."

14  *Id.*  The letter states that "we [Ricoh] created a draft [application] in English" and asks that Dr.

15  Kobayashi "review it" and "add or amend any sections" in English.  *Id.*  The letter further states that

16  "[i]n order to file the patent application, we will need to have a meeting with a US patent agent

17  regarding the preparation of a US patent specification."  *Id.*  The "agenda" for the meeting included the

18  "[c]ompletion of patent specification."  *Id.*  The meeting was scheduled for December 8-9, 1987 at ICC

19  Columbia and included among the "participants" Dr. Kobayashi, Mr. Shindo, and Mr. Suehiro — all

20

---

21  [1] Unless otherwise noted, all exhibits referenced in this motion are attached to the Declaration of Denise M. De Mory In

22  Support of Synopsys' and Customer Defendants' Summary Judgment Motions filed on August 18, 2006 (Exs. 1-91) or the Supplemental Declaration of Denise M. De Mory In Support of Synopsys' and Customer Defendants' Summary Judgment Motions filed concurrently herewith (starting with Ex. 92).

23  [2] Ricoh's argument that the discussion in the article shows that VDAA and Kowalski85 were *not* material is amazing.  The

24  whole point of the discussion is to show what the *state of the prior art* is.  The article compares and contrasts VDAA with the KBSC system.  Importantly, the co-authors' 1989 KBSC Article illustrates that – contemporaneous with the '432 patent

25  prosecution – the co-authors *themselves* recognized the relevance and materiality of Kowalski85 and its disclosed VDAA system.  It is undisputed that the co-authors distinguished KBSC from VDAA (as well as from seven other prior art

26  systems) in their 1989 KBSC Article.  *See* Opp. at 13:1-7.  If it was important enough to mention in an article, it was certainly something that should have been disclosed to the PTO.  Had there been any question in the co-authors' minds

27  about whether to disclose Kowalski85 – which there should not have been – close cases require that applicants err on the side of disclosure.  *See LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)                    -4-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

1    three co-authors of the 1989 KBSC Article. *Id.* Ricoh's most recent privilege log confirms that all

2    three co-authors of the 1989 KBSC Article actually attended the December 8-9, 1987 "meeting[s] re

3    ICC/Ricoh patent applications." Ex. 94 at p. 12 (RCLPriv-102A and RCLPriv-102B) [Ricoh's 8/1/06

4    Privilege Log]. Thus, all three co-authors of the 1989 KBSC Article were substantively involved in

5    the '432 patent prosecution, and therefore, ***all three co-authors had a duty to disclose material***

6    ***information known to them***, including Kowalski85.

7            **B.       The PTO Found That Kowalski85 Is Material.**

8            Ricoh repeatedly argues that the PTO's order granting reexamination is based on Kowalski85

9    only in conjunction with Kowalski84 and that Kowalski85 is not material "by itself." *See, e.g.,* Opp. at

10   11:5-8, 11:12-13. The Court need look no further than the order granting reexamination to disprove

11   this argument and verify that the PTO found that Kowalski85 is a material reference. *See* Brothers Ex.

12   85.

13          As Ricoh acknowledges, the PTO found that "the Kowalski-85 reference (***including the***

14   ***inherent teachings of Kowalski84***) would have been considered important by a reasonable Examiner

15   in deciding whether or not at least claim 13 was patentable…." *Id.* at p.3; *see also* Opp. at 11:8-10

16   (emphasis added). It is this inherency language that Ricoh uses to argue that the PTO relied upon both

17   Kowaski85 and Kowalski84 in granting the reexamination. But this argument shows a complete lack

18   of understanding of what the term "inherency" means in patent law. "To establish inherency, the

19   extrinsic evidence must make clear that the missing descriptive matter ***is necessarily present*** in the

20   thing described in the reference, and that it would be so recognized by persons of ordinary skill." *In re*

21   *Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (emphasis added); *see also* Manual of Patent

22   Examination Procedure ("MPEP") § 2112 (2005). Thus, the import of the PTO's "inherency" finding

23   is that Kowalski84's teachings were "necessarily present" in Kowalski85 and would be recognized as

24   such by persons of ordinary skill. In other words, the PTO found (1) that Kowalski85 would have been

25   considered important by a reasonable examiner in deciding patentability and (2) that Kowalski85

26

27

28

1  necessarily includes Kowalski84's teachings.[3]

2        Furthermore, Ricoh cannot dispute that the PTO also found that the "Kowalski-85 and

3  Kowalski-84 references were not of record in the file of the '432 patent and are not cumulative to the

4  art of record in the original file." *Id.* at p. 3. Thus, there can be no *genuine* dispute of material fact that

5  Kowalski85 is material — the PTO found it satisfies all of the requirements of materiality (i.e., it is

6  important to a reasonable examiner in deciding patentability and it is not cumulative to the art of

7  record). Ricoh's unsupported argument to the contrary does not create a genuine issue of material fact

8  and should be rejected. *See Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313-14

9  (Fed. Cir. 2006).

10        Ricoh does not dispute the case law cited by Defendants that a PTO determination of

11  materiality is highly probative on an inequitable conduct motion. Rather, Ricoh argues that the PTO

12  has not issued a final ruling that Kowalski85 is anticipatory and that Kowalski85 is not anticipatory.

13  These are irrelevant points. A reference may be material without invalidating a claim. *See Molins*

14  *PLC v. Textron, Inc.*, 48 F.3d 1172, 1179 (Fed. Cir. 1995). For purposes of this motion, Defendants

15  need not show that Kowalski85 discloses every limitation of claim 13, whether in a *prima facie*

16  manner or definitively.[4] *See id.* Rather, to establish materiality, Defendants need only show that

17  Kowalski85 would have been important to a reasonable examiner in deciding patentability and is not

18  cumulative of the cited prior art. The PTO has independently found this to be the case, and the Court

19  should accord the PTO's unbiased, highly probative determination its due weight.

20      **C.**    **Defendants' Motion Does Not Rely on Any Expert Testimony, and Thus There is**

21              **No Question of Fact Created by Conflicting Expert Testimony.**

22        Ricoh argues that there are conflicting expert opinions. *See* Opp. at 13:15-14:10. Defendants'

23

---

24  [3] Ricoh makes much of the PTO's reference in the PTO's claim chart to both Kowalski85 and the Kowalski84 Thesis are cited. *See* Opp. at 11:15-12:2. But, given the inherency of Kowalski84 in Kowalski85, it is no surprise that the PTO freely

25  cites Kowalski84 when discussing the teachings of Kowalski85. As to the Dirkes Thesis, the PTO never cites to that; rather, it cites to Kowalski85's statement that the module binder was the subject of E. Dirkes' thesis. *See* Ex. Brothers Ex.

26  85 at 6, ¶ 8; Opp. at 12:3-13.

27  [4] Of course, Motion No. 4 shows that Kowalski85 does, indeed, invalidate the '432 patent, but the two motions do not rise and fall together. The Court can grant this motion while denying that motion.

28

1   motion, however, does not rely on any expert testimony to show that Kowalski85 is material.  Thus,

2   Ricoh's argument that there are factual disputes between the parties' expert reports is a red herring and

3   should be ignored as irrelevant.

4          And, in any event, the Mitchell report does not dispute a question of fact.  Dr. Mitchell

5   discusses materiality relative to the Darringer patent because that was the most pertinent reference

6   discussed during the prosecution, a fact as to which Ricoh's patent law expert, Mr. Colaianni, agreed.

7   *See* Ex. 95 (Colaianni) at 46-47 (discussing that Darringer was the examiner's "prime reference"

8   during prosecution).  Dr. Mitchell's opinion is not just that Kowalski85 is relevant, but that

9   Kowalski85 is anticipatory (and thus material) and not cumulative of Darringer.  This opinion in no

10  way gives rise to a disputed question of fact.

11         In their motion, Defendants have demonstrated that Kowalski85 is material through non-expert,

12  factual evidence:  (1) the PTO independently concluded that Kowalski85 is material (*see supra*); (2)

13  the co-authors of the 1989 KBSC Article recognized Kowalski85's materiality contemporaneous with

14  prosecution of the '432 patent; (3) the difference between KBSC and VDAA (as disclosed by

15  Kowalski85) identified by the co-authors in their 1989 KBSC Article included one of two elements

16  that the examiner relied upon to allow the '432 patent claims, and thus would have been extremely

17  important to the examiner's patentability determination; and (4) despite having been given several

18  opportunities (including its opposition) to rebut this evidence, Ricoh has completely failed to do so.

19  Dr. Soderman's post hoc, litigation-driven opinions, contrary to the contemporaneous evidence that is

20  the basis for this motion, cannot create a material issue of fact here.  *See* Motion at 9:2-22; *see also*

21  *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) ("A party does not

22  manufacture more than a merely colorable dispute simply by submitting an expert declaration asserting

23  that something is black when the moving party's expert says it is white").

24         **D.    An Inference of Deceptive Intent Is Proper.**

25         "[A] party alleging inequitable conduct need only prove a threshold level of materiality in order

26  to proceed to the second balancing portion of the inequitable conduct inquiry…."  *Digital Control*, 437

27  F.3d at 1316 (internal citations omitted).  The undisputed facts here are more than sufficient to meet the

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4                                        -7-

1  required threshold showing of Kowalski85's materiality, and thus, the Court should proceed to
2  determine whether there is adequate evidence of deceptive intent.

3      Defendants' motion identified several facts that are more than sufficient to support an inference
4  of deceptive intent.  In response, Ricoh failed to rebut these facts or offer any explanation for the co-
5  authors' failure to disclose Kowalski85.  *See Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1192
6  (Fed. Cir. 2006) (after prima facie showing of inequitable conduct, the burden shifts to nonmovant to
7  come forward with contrary evidence).  Moreover, Ricoh failed to provide any evidence whatsoever of
8  good faith by the co-authors, which supports inferring an intent to deceive.  *See Bruno Indep. Living*
9  *Aids, Inc. v. Acorn Mobility Serv. Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005).

10     Instead, Ricoh merely argues that Kowalski85 and the other prior art systems discussed in the
11 1989 KBSC Article "are included at some level of detail before the PTO," which "undercuts any
12 suggestion of deceptive intent."  Opp. at 15:8-11.  Ricoh argues that the inference of deceptive intent is
13 "undercut" because the co-authors disclosed a different reference, the Trickey article, which Ricoh
14 alleges "discloses both DAA and VDAA."  Opp. at 15:3-4.  This argument again misses the mark
15 because it does not change the fact that the co-authors *themselves* failed to fulfill their duty to disclose
16 known material references such as Kowalski85.  Fulfilling the duty of candor as to one material prior
17 art reference does not excuse an applicant from discharging that duty as to any other material, non-
18 cumulative prior art reference.

19     Notably, the only mention of VDAA in the Trickey article is in passing, as one of seven other
20 prior art systems.  The article states that "[s]ome examples of compilers that operate this way are: the
21 CMU-DA project [1], particularly the Design Automation Assistant [2]; [3] portion [sic]; Arsenic [4];
22 the USC Design Automation project [5]; the AT&T Bell Labs VLSI Design Automation Assistant [6];
23 and SC [7]."  Reference [6] is Kowalski85, and this is the only citation to that reference in Trickey;
24 there is no substantive discussion of Kowalski85.[5]

25
26
27
[5] Ricoh admits that "[t]he VLSI Design Automation Assistant [Kowalski85's VDAA] is another of the systems that the KBSC system is cursorily compared to in the 1989 co-authored article."  Opp. at 5:8-9.  Thus, Ricoh simultaneously argues that the full paragraph description in the co-authored 1989 KBSC Article is "cursory[]" but that the mere listing of VDAA
28                                                          (Continued...)

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)    -8-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

1    Moreover, whether the Trickey article discloses VDAA is irrelevant because the Examiner did

2    not consider VDAA or Kowalski85 during prosecution of the '432 patent.  Examiners must

3    specifically initial all prior art references considered during examination.  *See* MPEP § 609, 3rd Ed.

4    Rev. 52 (April 1977); *see also* Ex. 95 (Colaianni) at 32-33 and 39.  Yet none of the PTO form

5    documents in the '432 file history lists Kowalski85 as one of the documents that the examiner

6    reviewed during prosecution.  *See* Brothers Ex. 39.  Nor does the cover page of the '432 patent itself

7    list Kowalski85 as having been among the cited prior art.  *See id*.  Thus, there can be no genuine

8    dispute of material fact that Kowalski85 was not considered by the examiner during prosecution.

9    Beyond the fact that Ricoh did not provide any explanation or good faith evidence of the failure

10   to disclose Kowlaski85, the totality of the circumstances here is sufficient to infer an intent to deceive.

11   *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp*., 267 F.3d 1370, 1376 (Fed. Cir. 2001) ("intent may

12   be inferred where a patent applicant knew, or should have known, that withheld information could be

13   material to the PTO's consideration of the patent application").  In sum, (1) the co-authors' 1989

14   KBSC Article distinguished KBSC from eight different prior art systems, including VDAA, but only

15   disclosed two of these systems to the PTO; (2) the co-authors published the 1989 KBSC Article just

16   four months after admitting that Parker79, disclosing an earlier, but different system developed at

17   Carnegie Mellon University, could be material to the patentability of the '432 patent; (3) there can be

18   no genuine issue of material fact that the PTO — acting as an unbiased decision maker —found that

19   Kowalski85 is material; (4) the patentees were aware that Kowalski85 disclosed an expert system

20   using rules in connection with ASCI design, which was one of two points of novelty for the basis of

21   the examiner's allowance of the claims; and (5) there are several additional omissions by the patentees,

22   which demonstrate the inventors' intentional pattern of nondisclosure.

23   Where there is a high degree of materiality, as is the case here for Kowalski85, a lesser

24   showing of intent is all that is required.  *See Digital Control*, 437 F.3d at 1313.  In this case, however,

25   _____

26   (...Continued)

27   in one sentence that identifies seven prior art compilers in the Trickey article was sufficient to have "disclosed" VDAA.
     Ricoh cannot have it both ways.

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)          -9-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

the facts also support an inference of a relatively high degree of deceptive intent:

> A relatively high degree of intent may be inferred under the facts of this case. [The patentee] was aware of the [prior art] patent. It was aware that the [disclosed feature of the prior art] was a point of novelty the examiner relied upon during the course of prosecution, It knew or should have known that the [disclosed feature] was relevant to a point of novelty in the [] proceedings. And, despite this, it did not disclose the patent or provide a good faith explanation for not disclosing the patent.

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997).

Defendants have far exceeded the threshold showing of materiality and intent to deceive regarding Kowalski85. *See Digital Control*, 437 F.3d at 1313. Viewing the co-authors' conduct in light of all the evidence clearly shows that a finding of inequitable conduct is justified. *See Molins*, 48 F.3d 1181.

## III.    CONCLUSION

There can be no genuine issue of material fact that Kowalski85 is a material reference and that, the co-authors knew or should have known of Kowalski85 and its materiality but failed to disclose it. Ricoh's mere denial of intent to deceive without supporting evidence does not suffice to avoid finding inequitable conduct by the co-authors. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1275 (Fed. Cir. 2001). Thus, summary judgment of unenforceability due to inequitable conduct is proper and should be granted.

Dated:  September 8, 2006                    Respectfully submitted,

HOWREY LLP


By:    _____/s/ *Denise M. De Mory*_____
            Denise M. De Mory
        Attorneys for Plaintiff
        SYNOPSYS and Defendants AEROFLEX
        INCORPORATED, AEROFLEX
        COLORADO SPRINGS, INC., AMI
        SEMICONDUCTOR, INC., MATROX
        ELECTRONIC SYSTEMS, LTD.,
        MATROX GRAPHICS INC., MATROX
        INTERNATIONAL CORP., and
        MATROX TECH, INC.

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)     -10-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4