Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>    Plaintiff,<br><br>    vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>    Defendants<br><br>SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>RICOH COMPANY, LTD.,<br><br>    Defendant. | **CASE NO. C-03-4669-MJJ (EMC)**<br>**CASE NO. C-03-02289 MJJ (EMC)**<br><br>**RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS**<br><br>Noticed Date for Underlying Motion:<br>Date:        October 17, 2006<br>Time:        9:30 a.m.<br>Courtroom:   11, 19th Floor<br>Judge:       Martin J. Jenkins |

RICOH'S RULE 6-3 MOTIONTO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-4669-MJJ (EMC) & CV-03-02289 MJJ (EMC)

2142452.01

A few minutes before midnight on September 12, 2006, the Aeroflex defendants and Synopsys (collectively "Defendants") filed a motion for Rule 11 sanctions against Ricoh and its counsel. (D.I 664 in 03-4669; D.I. 481 in 03-2289.)  The sanctions motion was noticed for hearing on October 17, 2006, in the middle of the parties' pretrial deadlines.  Ricoh's opposition is due on September 26, the same day the parties are to argue the pending summary judgment motions.  Ricoh and its counsel believe that the sanctions motion is unsupported by the facts or the law, is filed for an improper purpose, and is procedurally defective[1] – points Ricoh will make if and when a substantive response is required.  Ricoh is moving to enlarge the time to respond because, although Defendants agree that the sanctions motion would be moot if the Court denies a currently fully briefed summary judgment motion that is scheduled to be heard in less that two weeks, Defendants refuse to stipulate to an extension of time, despite the undue prejudice to Ricoh.

By this motion, Ricoh seeks an extension of time to respond to the sanctions motion, and to remove the hearing on that motion from the Court's October 17 calendar, because there is a significant likelihood that no response or hearing ever will be needed.  As set forth paragraphs 5-6 of the attached declaration of Kenneth W. Brothers, Defendants have conceded that their sanctions motion is moot, and no substantive response is required by Ricoh, and no consideration given by the Court, if the Court does not grant Defendants' pending motion for summary judgment on RTL issues (one of defendants' nine pending summary judgment motions).  The sanctions motion is premised upon the Court's granting of that summary judgment motion.  If the Court agrees with Ricoh's detailed showing, as set forth in Ricoh's brief in opposition to the RTL summary judgment motion, that Ricoh's infringement claims are sufficiently supported by the cited factual evidence and extensive expert testimony so that there is a genuine issue of material fact and Defendants are not entitled to summary judgment on their RTL issue, then the RTL summary judgment motion will fail, and with it the entire basis for the sanctions motion.

---

[1] Rule 11 applies to pleadings signed by counsel and filed with the Court, not to discovery disclosures. Defendants' sanctions motion, however, purports to be based upon the allegedly inadequate opinions and conclusions of Ricoh's infringement experts, as set forth in their expert disclosures served on June 23, 2006. Rule 11 plainly states that it does not apply to Rule 26 expert disclosures, especially since they were not signed by counsel or filed with the Court: "Subdivisions (a) through (c) of this rule do not apply to disclosures . . . that are subject to the provisions of Rules 26 through 37." Fed. R. Civ. P. 11(d).

It makes no sense to proceed with the briefing of a speculative motion for sanctions when there is no assurance that the underlying premise of the motion will come to pass. In the meantime, requiring Ricoh to provide a detailed opposition to a motion for sanctions, and requiring the Court to review the papers, and requiring the parties and the Court to prepare for and argue the motion in late October, will be a substantial burden on and distraction to the Court and Ricoh as the parties prepare for hearings on the pending summary judgment motions, prepare for and engage in settlement negotiations with Judge Spero, engage in the exchange of information leading up to the pretrial order, and prepare for the November trial. See Brothers Dec. ¶¶ 2-4. The following case-related events are scheduled in September and October:

| Event | Date |
| --- | --- |
| Summary Judgment Hearing | 9/26/06 |
| Mutual exchange of proposed jury instructions; deposition designations in electronic form; draft pre-trial statement. | 10/2/2006 |
| Mutual exchange of counter deposition designations in electronic form. | 10/11/2006 |
| Mutual exchange of objections to jury instructions; and objections to deposition designations and counter-designations in electronic form. | 10/16/2006 |
| Mutual exchange of proposed preliminary statements / instructions and proposed separate jury instructions; witness lists, exhibit lists | 10/18/2006 |
| Meet and confer regarding jury instructions; pretrial statement; and deposition designations. | 10/20/2006 |
| File Pre-Trial Statement, including witness lists, exhibit lists, and deposition designations; File Joint Set of Agreed Proposed Jury Instructions. | 10/25/2006 |
| Mutual exchange of objections to witness lists, exhibit lists, and separate jury instructions. File motions in limine. | 10/25/2006 |
| Meet and Confer regarding proposed trial exhibits and other evidence, separate jury instructions, proposed preliminary instructions | 10/27/2006 |
| Settlement Conference with Judge Spero | 10/30/2006 |
| File List of Exhibits and Deposition Designations w/ Stipulations And Objections to Evidence; Proposed Voir Dire and Verdict Forms; Objections to Proposed Separate Jury Instructions | 10/30/2006 |

See D.I. 354 in 03-2289, June 13, 2006 Stipulation And Order Conforming Certain Dates To Existing Second Amended Pretrial Schedule. In addition to these deadlines, Ricoh and its counsel have a number of pretrial-related meetings and events that will be substantially affected by having to respond to the

RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-4669-MJJ (EMC) & CV-03-02289 MJJ (EMC)   Page 2

2142452.01

sanctions motion.  As set forth in the enclosed declaration of Kenneth W. Brothers, requiring Ricoh to respond to the sanctions motion will cause substantial harm and prejudice to Ricoh and its counsel in meeting these dates.  For example, we would be obligated to cancel several meetings that are scheduled in September and October and instead focus on responding to the sanctions motion.  Brothers Dec. ¶ 4.

Ricoh should not be required to respond to the current sanctions motion, even in the unlikely event that Court was to disregard the substantial evidence cited by Ricoh in its opposition to Defendants' motion for summary judgment on RTL issues, and was to find that there is no genuine issue of material fact and grant the summary judgment motion in full.  Instead, as Ricoh's counsel pointed out to Defendants' counsel on August 24, in such an event the parties would be obligated to study the Court's ruling, and Defendants would be required to determine if there still existed any basis to proceed with a motion for sanctions.  Brothers Dec. ¶¶ 5-6.  If Defendants still believed that there was a basis to proceed, they almost certainly would need to incorporate aspects of the Court's ruling into a revised sanctions motion.  Ricoh also would want to study the summary judgment ruling and consider its alternatives.  Thus, the current sanctions motion would be superseded, so even if the sanctions motion was to be briefed now, there would still be second round of briefing.  Briefing it now simply makes no sense.

Of course, the sanctions motion is not synonymous with the summary judgment motion.  Apart from the procedural defects and speculative premise of the sanctions motion, Rule 11 requires an additional and entirely separate inquiry into the reasonableness of the advocated position.  Not only will such an inquiry pry into the motivations of Ricoh and its trial counsel, but because the sanctions motion is based upon the reasonableness of the opinions of Ricoh's infringement experts, and the reasonableness of Ricoh and its counsel in relying upon the opinions of its experts, requiring Ricoh to provide a substantive response at this time would be highly intrusive and disruptive, especially with all of the activities taking place in the two months before trial, and would potentially delve into attorney work product and attorney-client communications.  Ricoh, its counsel and its experts should not be subjected to such an inquiry until and unless a procedurally proper motion is filed that is not subject to any speculative future contingencies.

RICOH'S RULE 6-3 MOTIONTO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-4669-MJJ (EMC) & CV-03-02289 MJJ (EMC)   Page 3

2142452.01

1    For all of these reasons, the Court should remove the sanctions motion from the calendar and not
2    require a substantive response.  If, and only if the Court was to grants in full defendants' RTL summary
3    judgment motion, the Court may at its discretion permit Defendants either to put the existing motion
4    back on calendar, or to withdraw, or to file an amended motion.

5    **Meet and confer certification.**  Ricoh repeatedly has attempted by meet and confer to obtain a
6    stipulation to the requested change.  On August 24, 2006, the undersigned had a telephone conversation
7    with Ethan Andelman, an attorney at Howrey, with respect to Defendants' proposed Rule 11 motion.
8    During that conversation, Mr. Andelman agreed that if the Court Jenkins denied Defendants' RTL
9    motion, there would be no basis for the Rule 11 motion.  The undersigned also pointed out that if the
10   Court granted Defendants' RTL motion, then the test for the sanctions motion would be wither Ricoh
11   had a fair basis to proceed with its case.  The undersigned also said that, in that event, Defendants likely
12   would want to revise the sanctions motion based upon the Court's language, and he agreed that in that
13   event the parties would need to consider the Court's ruling.  I proposed that the sanctions motion be
14   tabled until after the Court ruled on the summary judgment motions.  Mr. Andelman said that he would
15   discuss with Denise DeMory, the partner responsible for the day-to-day management of the case for
16   Defendants, and one of them would get back to me.  Brothers Dec. ¶ 5.

17   Later that same evening, Ms. De Mory called the undersigned, and we discussed the same
18   matters that had been discussed with Mr. Andelman.  Ms. De Mory also agreed that if the Court denied
19   Defendants' RTL motion, there would be no basis for the Rule 11 motion.  Ms. De Mory said that "it did
20   not matter to her" when Ricoh filed a response, since the Court would not be considering the issue
21   during the summary judgment hearing.  Ms. De Mory said that she would "take under advisement"
22   Ricoh's proposal that the sanctions motion be tabled until after the Court ruled on the summary
23   judgment motions.  The undersigned understood that Ms. De Mory would have further discussions with
24   Ricoh's counsel before filing the sanctions motion.  Brothers Dec. ¶ 6.

25   Defendants filed the sanctions motion at 11:18 p.m. on September 12, 2006.  D.I. 664.  Neither
26   Ms. De Mory nor any other Howrey attorney had any communication with me or any other Ricoh
27   attorney about the proposed sanctions motion between the above-referenced conversations and the filing
28   of the sanctions motion.  Brothers Dec. ¶ 7.  On September 13, the undersigned sent Ms. De Mory an

email requesting that Defendants agree to a stipulated order (1) deferring a substantive response to the sanctions motion until after the Court rules on the RTL motion; (2) if the Court denies the RTL motion, then the sanctions motion shall be deemed to be withdrawn; and (3) if the Court grants the RTL motion, then Ricoh would respond.  (Brothers Dec. ¶ 7 & Ex. 1.)  Ms. De More refused, stating "[w]e will not agree to your request to change the briefing schedule." *Id.*

**Previous time enlargements.**  In the declaratory judgment action, the parties stipulated to an extension of time for Ricoh to respond to Synopsys' complaint.  On February 18, 2004, Ricoh sought, but did not obtain, an extension of time to respond to Defendants' Rule 12(c) Motion to Dismiss Pending Ricoh's Motion to Amend Complaint.  Discovery deadlines in this case were extended pursuant to the parties' stipulation and the Court's November 22, 2005 order thereon.  Pursuant to the November 22 order, the cutoff for fact discovery was extended from January 27, 2006 to May 30, 2006.  This Court also extended Ricoh's 30(b)(6) deposition deadlines for discovery on those new products ordered to be disclosed by the May 8, 2006 Order.  Pursuant to Defendants' motion of May 30, 2006, and subsequent proceedings, the Court informally permitted limited third fact discovery after the May 30, 2006 fact discovery cutoff.  On June 13, 2006, this Court entered a stipulation and order conforming certain dates to the November 22, 2005 order.  No other modifications to the discovery schedule have occurred.  The requested extension of time will not affect any other deadlines in this case, or otherwise alter the trial schedule.  Brothers Dec. ¶ 8.

A proposed order is attached.

RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-4669-MJJ (EMC) & CV-03-02289 MJJ (EMC)   Page 5

2142452.01

| | |
|---|---|
| Dated: September 14, 2006 | RICOH COMPANY, LTD. |
| | By: /s/ <u>Kenneth W. Brothers</u> |
| Jeffrey B. Demain, State Bar No. 126715<br>Jonathan Weissglass, State Bar No. 185008<br>ALTSHULER, BERZON, NUSSBAUM,<br>RUBIN & DEMAIN<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064 | Gary M. Hoffman (*Pro Hac Vice*)<br>Kenneth W. Brothers (*Pro Hac Vice*)<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, NW<br>Washington, DC  20006-1526<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201 |
| | Edward A. Meilman (*Pro Hac Vice*)<br>DICKSTEIN SHAPIRO LLP<br>1177 Avenue of the Americas<br>New York, NY 10036-2714<br>Telephone:  (212) 277-6500<br>Facsimile:  (212) 277-6501 |
| | Attorneys for<br>RICOH COMPANY, LTD. |

RICOH'S RULE 6-3 MOTIONTO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-4669-MJJ (EMC) & CV-03-02289 MJJ (EMC)   Page 6

2142452.01

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br>              Plaintiff,<br>vs.<br>AEROFLEX INCORPORATED, et al.,<br>              Defendants | **CASE NO. C-03-4669-MJJ (EMC)**<br>**CASE NO. C-03-2289 MJJ (EMC)**<br><br>**[PROPOSED] ORDER ON RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS** |
| SYNOPSYS, INC.,<br>              Plaintiff,<br>vs.<br>RICOH COMPANY, LTD.,<br>              Defendant. | Date:       October 17, 2006<br>Time:      9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:     Martin J. Jenkins |

After having given due consideration to Ricoh's Rule 6-3 Motion To Enlarge Time Regarding The Motion For Rule 11 Sanctions, any opposition, it is HEREBY ORDERED that

Ricoh's motion is granted. The Rule 11 Motion for Sanction (D.I. 664) is hereby removed from the Court's calendar. Ricoh is not required to submit any response to the motion unless ordered by the Court at a later date.

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2006