Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-22019

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Attorneys for
RICOH COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) CASE NO. CV-03-4669-MJJ (EMC) |
| | ) CASE NO. CV-03-2289-MJJ (EMC) |
| v. | ) |
| | ) **DECLARATION OF KENNETH BROTHERS** |
| AEROFLEX INCORPORATED, et al., | ) **IN SUPPORT OF RICOH'S RULE 6-3** |
| | ) **MOTION TO ENLARGE TIME** |
| Defendants | ) **REGARDING THE MOTION FOR RULE 11** |
| | ) **SANCTIONS** |
| | ) |
| | ) |
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICOH COMPANY, LTD., | ) |
| Defendant. | ) |

1    Kenneth W. Brothers declares as follows:

2    1.    My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein Shapiro

3    LLP, counsel for Ricoh Company Limited.  I am over the age of 21 and am competent to make this

4    declaration.

5    2.    Requiring Ricoh to provide a detailed opposition to a motion for sanctions, and requiring

6    the Court to review the papers, and requiring the parties and the Court to prepare for and argue the

7    motion in late October, will be a substantial burden on and distraction Ricoh and its counsel as we

8    prepare for hearings on the pending summary judgment motions, prepare for and engage in settlement

9    negotiations with Judge Spero, engage in the exchange of information leading up to the pretrial order,

10   and prepare for the November trial.  As set forth in the June 13, 2006 Stipulation And Order Conforming

11   Certain Dates To Existing Second Amended Pretrial Schedule, the following case-related events are

12   scheduled in September and October:

| | |
|---|---|
| Summary Judgment Hearing | 9/26/06 |
| Mutual exchange of proposed jury instructions; deposition designations in electronic form; draft pre-trial statement. | 10/2/2006 |
| Mutual exchange of counter deposition designations in electronic form. | 10/11/2006 |
| Mutual exchange of objections to jury instructions; and objections to deposition designations and counter-designations in electronic form. | 10/16/2006 |
| Mutual exchange of proposed preliminary statements / instructions and proposed separate jury instructions; witness lists, exhibit lists | 10/18/2006 |
| Meet and confer regarding jury instructions; pretrial statement; and deposition designations. | 10/20/2006 |
| File Pre-Trial Statement, including witness lists, exhibit lists, and deposition designations; File Joint Set of Agreed Proposed Jury Instructions. | 10/25/2006 |
| Mutual exchange of objections to witness lists, exhibit lists, and separate jury instructions.  File motions in limine. | 10/25/2006 |
| Meet and Confer regarding proposed trial exhibits and other evidence, separate jury instructions, proposed preliminary instructions | 10/27/2006 |
| Settlement Conference with Judge Spero | 10/30/2006 |
| File List of Exhibits and Deposition Designations w/ Stipulations And Objections to Evidence; Proposed Voir Dire and Verdict Forms; Objections to Proposed Separate Jury Instructions | 10/30/2006 |

3.    In addition to these deadlines, Ricoh and its counsel have a number of pretrial-related meetings and events that will be substantially affected by having to respond to the sanctions motion. Requiring Ricoh to respond to the sanctions motion will cause substantial harm and prejudice to Ricoh and its counsel in meeting these dates. For example, we would be obligated to cancel several meetings that are scheduled in September and October and instead focus on responding to the sanctions motion.

4.    Rule 11 requires an additional and entirely separate inquiry into the reasonableness of the advocated position. Not only will such an inquiry pry into the motivations of Ricoh and its trial counsel, but because the sanctions motion is based upon the reasonableness of the opinions of Ricoh's infringement experts, and the reasonableness of Ricoh and its counsel in relying upon the opinions of its experts, requiring Ricoh to provide a substantive response at this time would be highly intrusive and disruptive, especially with all of the activities taking place in the two months before trial, and would potentially delve into attorney work product and attorney-client communications.

5.    On August 24, 2006, I had a telephone conversation with Ethan Andelman, an attorney at Howrey, with respect to Defendants' proposed Rule 11 motion. During that conversation, Mr. Andelman agreed that if the Court Jenkins denied Defendants' RTL motion, there would be no basis for the Rule 11 motion. I also pointed out that if the Court granted Defendants' RTL motion, then the test for the sanctions motion would be wither Ricoh had a fair basis to proceed with its case. I also said that, in that event, Defendants likely would want to revise the sanctions motion based upon the Court's language, and he agreed that in that event the parties would need to consider the Court's ruling. I proposed that the sanctions motion be tabled until after the Court ruled on the summary judgment motions. Mr. Andelman said that he would discuss with Denise DeMory, the partner responsible for the day-to-day management of the case for Defendants, and one of them would get back to me.

6.    Later that same evening, Ms. De Mory called me, and we discussed the same matters that had been discussed with Mr. Andelman. Like Mr. Andelman, Ms. De Mory agreed that if the Court denied Defendants' RTL motion, there would be no basis for the Rule 11 motion. Ms. De Mory said that "it did not matter to her" when Ricoh filed a response, since the Court would not be considering the issue during the summary judgment hearing. Ms. De Mory said that she would "take under advisement"

DECLARATION OF KENNETH BROTHERS IN SUPPORT OF RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-2289-MJJ (EMC) and CV-03-4669-MJJ (EMC)  Page 3

DSMDB-2143301v01

1
2
3

Ricoh's proposal that the sanctions motion be tabled until after the Court ruled on the summary judgment motions.  I understood that Ms. De Mory would have further discussions with Ricoh's counsel before filing the sanctions motion.

4
5
6
7
8
9
10
11
12

       7.     Defendants filed the sanctions motion at 11:18 p.m. on September 12, 2006.  Neither Ms. De Mory nor any other Howrey attorney had any communication with me or any other Ricoh attorney about the proposed sanctions motion between the above-referenced conversations and the filing of the sanctions motion.  On September 13, I sent Ms. De Mory an email requesting that Defendants agree to a stipulated order (1) deferring a substantive response to the sanctions motion until after the Court rules on the RTL motion; (2) if the Court denies the RTL motion, then the sanctions motion shall be deemed to be withdrawn; and (3) if the Court grants the RTL motion, then Ricoh would respond.  Ms. De More refused, stating "[w]e will not agree to your request to change the briefing schedule."  Attached as Exhibit 1 is a true and correct copy of this email exchange.

13
14
15
16
17
18
19
20
21
22
23
24
25

       8.     In the declaratory judgment action, the parties stipulated to an extension of time for Ricoh to respond to Synopsys' complaint.  On February 18, 2004, Ricoh sought, but did not obtain, an extension of time to respond to Defendants' Rule 12(c) Motion to Dismiss Pending Ricoh's Motion to Amend Complaint, although the Court granted the motion to amend.  Discovery deadlines in this case were extended pursuant to the parties' stipulation and the Court's November 22, 2005 order thereon. Pursuant to the November 22 order, the cutoff for fact discovery was extended from January 27, 2006 to May 30, 2006.  This Court also extended Ricoh's 30(b)(6) deposition deadlines for discovery on those new products ordered to be disclosed by the May 8, 2006 Order.  Pursuant to Defendants' motion of May 30, 2006, and subsequent proceedings, the Court informally permitted limited third fact discovery after the May 30, 2006 fact discovery cutoff.  On June 13, 2006, this Court entered a stipulation and order conforming certain dates to the November 22, 2005 order.  No other modifications to the discovery schedule have occurred.  The requested extension of time will not affect any other deadlines in this case, or otherwise alter the trial schedule.

26
27

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Signed at Washington, D.C. on September 14, 2006.

28

                         /s/ Kenneth W. Brothers

DECLARATION OF KENNETH BROTHERS IN SUPPORT OF RICOH'S RULE 6-3 MOTION TO ENLARGE TIME REGARDING THE MOTION FOR RULE 11 SANCTIONS
CASE NOS. CV-03-2289-MJJ (EMC) and CV-03-4669-MJJ (EMC)  Page 4

DSMDB-2143301v01

EXHIBIT 1

## Brothers, Kenneth

| | |
|---|---|
| **From:** | DeMory, Denise [demoryd@Howrey.com] |
| **Sent:** | Wednesday, September 13, 2006 8:54 PM |
| **To:** | Brothers, Kenneth |
| **Cc:** | Fink, Jacky; Andelman, Ethan |
| **Subject:** | RE: Motion for sanctions schedule |

Ken:

We did discuss your request to change the briefing schedule and I said I would take your request under advisement. We do not believe that an extension of time is necessary given that you have already had the brief for over three weeks, and have also responded in part to it via your summary judgment motion. Thus, we do not agree with your assertions of burden. Also, we did not reach agreement on anything, and thus, I dispute any characterizations in your e-mail to the contrary. Do not make such representations to the Court without indicating that we do not agree that we reached any agreement. Instead, at best, I engaged in a meet and confer in good faith, but ulimately decided we did not agree with your position, as evidenced by our decision to file the motion. We will not agree to your request to change the briefing schedule. If you wish to seek a change in the briefing schedule, we trust you will follow the requirements of Civil Local Rule 6-3.

Regards,

Denise De Mory

**From:** Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
**Sent:** Wednesday, September 13, 2006 11:24 AM
**To:** DeMory, Denise
**Cc:** Fink, Jacky; Andelman, Ethan
**Subject:** Motion for sanctions schedule

Denise:

I was disappointed that you filed the motion for sanctions without first completing our discussion of the matter. Setting aside the merits of the motion (on which we obviously disagree), when we last discussed it, I had proposed that you defer filing the motion until after the Court ruled on the RTL summary judgment motion, since both you and Ethan agreed with me that if the Court denies your RTL motion, the sanctions motion is moot. You and I also discussed the possibility of an agreed-upon briefing schedule, since you had said that it made no difference to you of when our response would be filed, since it would not be part of the summary judgment arguments. I had understood that you were taking these discussions under advisement and would further discuss it with me before making a decision to file.

As we discussed, Ricoh believes that there is no reason to respond substantively to the sanctions motion until after the Court rules on the RTL summary judgment motion. In addition to the fact that the sanctions motion is moot if the Court denies the RTL motion, you and I had agreed that if the Court granted the RTL motion, the basis for sanctions motion likely would affected by the Court's ruling, and you might want to file a supplemental brief. Please advise by close of business today whether you are willing to agree to a stipulated order (1) deferring a substantive response to the sanctions motion until after the Court rules on the RTL motion; (2) if the Court denies the RTL motion, then the sanctions motion shall be deemed to be withdrawn; (3) if the Court grants the RTL motion, then Ricoh shall respond to the sanctions motion within 20 days. If so, I will prepare a draft. If not, I will

prepare an ex parte motion.

Regards,


Ken Brothers


Please note my new contact information:

Dickstein Shapiro LLP

1825 Eye Street NW

Washington DC 20006

direct (202) 420-4128

phone (202) 420-2200

fax (202) 420-2201

brothersk@dicksteinshapiro.com


--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the
addressee(s) named above. This communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or person responsible for delivering this
confidential communication to the intended recipient, you have received this communication in error,
and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail
message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network. If you have received this confidential
communication in error, please notify the sender immediately by reply e-mail message and permanently
delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
===============================================================================



-------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for