Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-4669-MJJ (EMC)** <br> **C-03-2289-MJJ (EMC)** <br><br> **RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** <br><br> **REDACTED (PUBLIC) VERSION** <br><br> Date:      October 17, 2006 <br> Time:      9:30 a.m. <br> Courtroom: 11, 19th Floor <br> Judge:     Martin J. Jenkins |

# TABLE OF CONTENTS

PAGE NO.

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................... 2

III.  LEGAL STANDARDS ....................................................................................... 3

    A.    RULE 11 SANCTIONS ARE DISFAVORED, ESPECIALLY AS A SUBSTITUTE FOR SUMMARY JUDGMENT ............................................. 3

    B.    A FACTUAL DISPUTE BETWEEN EXPERTS DOES NOT JUSTIFY A MOTION FOR SANCTIONS EXCEPT IN EXTRAORDINARY CIRCUMSTANCES ................................................................................. 3

    C.    DEFENDANTS HAVE NOT COMPLIED WITH RULE 11'S SAFE HARBOR ....................................................................................... 4

    D.    DEFENDANTS BEAR A HEAVY BURDEN TO PROVE THAT RICOH'S POSITION IS OBJECTIVELY UNREASONABLE BY CLEAR AND CONVINCING EVIDENCE ............................................. 5

IV.   ARGUMENT ...................................................................................................... 6

    A.    THIS FACTUAL DISPUTE BETWEEN EXPERTS IS NOT APPROPRIATE FOR A RULE 11 MOTION ................................................ 6

        1.    Ricoh's Experts Have Appropriately Opined Regarding RTL ............ 8

        2.    Defendants constantly redefine RTL, but Ricoh still prevails ............ 9

            a.    Defendants fundamentally misinterpret the Court's claim construction ........................................................................ 10

            b.    Even when using Defendants' interpretation of Darringer, the accused inputs are not disclaimed ..................................... 10

            c.    Defendants' assertion that "all RTL" was disclaimed is inconsistent with the Court's order and with their own uses of the term "RTL". ....................................................... 12

        3.    Defendants' Attacks On Ricoh's Experts Are Inconsistent, Unsupported, Address Disputed Jury Issues, and Cannot be Resolved in a Rule 11 Motion .......................................................... 14

a.    Dr. Papaefthymiou's Opinions and Conclusions are Proper.................................................................................... 14

b.    Defendants' False Accusation of a "Conflict" Between Ricoh's Experts is a Diversion................................. 19

B.    RICOH'S RELIANCE UPON THE OPINION OF ITS EXPERTS IS OBJECTIVELY REASONABLE ..................................... 22

C.    THE RULE 11 MOTION IS PREMATURE BECAUSE IF THE RTL SUMMARY JUDGMENT IS DENIED, THEN THIS MOTION IS MOOT.................................................................................. 23

D.    RULE 11 APPLIES ONLY TO PLEADINGS SIGNED BY COUNSEL, NOT TO DISCOVERY RESPONSES ....................... 24

V.    CONCLUSION.................................................................. 25

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page ii

2149541.01

1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998) ................................................................4, 25

*Coffey v. Healthtrust, Inc.*, 1 F.3d 1101 (10th Cir. 1993) ........................................4, 19, 22

*Glenayre Electronics, Inc. v. Jackson*, 2004 U.S. Dist. LEXIS 18212
    (N.D. Ill. 2004) ........................................................................................................3

*Integral Systems, Inc. v. PeopleSoft, Inc.*, 1991 U.S. Dist. LEXIS 20878
    (N.D. Cal. 1991) ................................................................................................3, 15, 22

*Monster Cable Products, Inc. v. Audioquest*, 2005 U.S. Dist. LEXIS 23466
    (N.D. Cal. 2005) ..................................................................................................5, 22

*Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356 (Fed. Cir. 2003) ...........23

*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407 (S.D.N.Y. 2003) ......................3

*Schreiber v. Knievel*, 2006 U.S. Dist. LEXIS 59106 (D. Nev. 2006) ................................4

*Vehicular Techs. Corp. v. Titan Wheel International, Inc.*, 212 F.3d 1377
    (Fed. Cir. 2000) ......................................................................................................16

## FEDERAL STATUTES

28 U.S.C. § 1927 ..................................................................................................................25

Fed.R.Civ.P. 11(c)(1) ......................................................................................................4, 25

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page iii

2149541.01

I.    **INTRODUCTION**

Defendants' motion for Rule 11 sanctions is a house of cards that substitutes sophistry for an objective analysis of Ricoh's solidly supported infringement case. Defendants do nothing more than reargue a sharply disputed pending motion for summary judgment before that motion has even been disposed of by the Court. Defendants baldly assert that the well-documented factual disputes between opposing experts is somehow grounds for Rule 11 sanctions. Defendants ignore that Ricoh's experts are authorities in the field and well-qualified to opine on the issues in this case. Defendants also ignore that Ricoh has set forth a detailed description of exactly how Defendants have infringed Ricoh's '432 patent. Ricoh's infringement case is consistent with the Court's Claim Construction Order, and should be heard by the jury at trial beginning November 27.

The premise of Defendants' Rule 11 motion is that, instead of submitting Rule 26 expert disclosures from Drs. Soderman and Papaefthymiou on June 23, 2006, Ricoh instead should have dismissed its case with prejudice. Defendants assert that Ricoh's reliance on its Rule 26 expert disclosures on infringement violated Rule 11. Setting aside the fact that Rule 11 does not apply to Rule 26 expert disclosures, especially when they were not signed by counsel or filed with the Court (points that are discussed at the end of this brief), Defendants are so wrong on the merits that once these errors are exposed the sanctions motion collapses under its own weight.

Defendants' motion explicitly places at issue the content and adequacy of the opinions and conclusions of the experts who strongly support Ricoh's infringement theory. Thus, to resolve the motion on the merits, the Court must carefully examine the substance of those experts' opinions together with the considerable supporting factual record. The Court must also examine the reasonableness of Ricoh's reliance upon those experts. In essence, this motion seeks to have the Court hold a bench trial on Ricoh's case-in-chief and is simply another attempt to prevent the jury from deciding whether Defendants infringe Ricoh's patent.

1   Defendants long have understood it was Ricoh's position that the '432 Patent disclaimed RTL as

2   taught by Darringer. Defendants fail, however, when they try to argue that *all* "architecture independent

3   action and conditions" are identical to RTL as taught by Darringer. Ricoh's experts explain (and

4   Defendants' own documents prove) that Defendants' inputs are not RTL as taught by Darringer, but

5   instead are at a higher level of abstraction. Defendants mantra of "all RTL is Darringer RTL" has no

6   substance; in fact, Defendants assiduously avoid applying the Court's claim construction of the phrase

7   "architecture independent actions and conditions" and refuse to focus on what Darringer actually

8   teaches. Instead, Defendants now ignore the actual claim construction, and at points in their brief argue

9   that what Darringer teaches is irrelevant. Defendants alter the definition of Darringer RTL to create an

10  alleged disclaimer of an amorphous construct that they label RTL, but which they refuse to apply in

11  context.

12

13  As shown below, in their zeal to re-argue their summary judgment motion, Defendants ignore or

14  misrepresent the opinions of both of Ricoh's experts, as well as the opinions of their own expert. In

15  addition, Defendants' own documents contradict their newfound attempt to evade the claim

16  construction. And in any event, there is absolutely no evidence that Ricoh's reliance upon its experts

17  was or is objectively unreasonable. This meritless masquerade of a motion should be given the

18  dismissal it deserves.

19  ## II.    STATEMENT OF FACTS

20  The factual issues of the present motion relate to the opinions and conclusions of Ricoh's experts

21  and the merits of Ricoh's infringement allegations. These issues are identical to the factual disputes

22  presented in Ricoh's Opposition to Defendants' Summary Judgment Motion of Non-infringement No. 1

23  (RTL) (D.I. 621), which Ricoh hereby incorporates by reference. (*See* D.I. 621, at 1-6 (statement of

24  facts and disputed factual issues), *Id.* at 8-23 (argument incorporating facts relevant to disputed factual

25  issues)). Ricoh already has shown how the multiple substantial factual disputes between the parties'

26  experts preclude summary judgment. *Id.* The Rule 11 motion, however, presumes that there are no

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 2

2149541.01

factual disputes and posits that judgment as a matter of law is preordained. Not only are Defendants wrong on the facts, they have misapplied Rule 11 and ignored the fact that the evidence presented by Ricoh, including Ricoh's reliance on its experts' opinions, was and remains objectively reasonable.

## III.    LEGAL STANDARDS

### A.    Rule 11 Sanctions are Disfavored, Especially as a Substitute for Summary Judgment

"Rule 11 Motions are to be used very sparingly because of the potential chilling effect such sanctions can have on the extension of good faith arguments and the potential for reputational harm." *Glenayre Electronics, Inc. v. Jackson*, 2004 U.S. Dist. LEXIS 18212, *6 (N.D. Ill. 2004). Rule 11 sanctions are especially disfavored as a substitute for summary judgment or to otherwise "influence the resolution of the action." *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp. 2d 407, 414 (S.D.N.Y. 2003). In *Safe-Strap Co.*, the Court denied a Rule 11 motion seeking dismissal and deferred remaining Rule 11 issues until the end of the litigation because, "[i]n effect, [the movant] hopes to secure summary judgment in the guise of sanctions. [Movant's] Rule 11 motion is, inter alia, a transparent effort to secure a favorable Markman claim construction determination and to thereby influence the resolution of this action." *Id.*

### B.    A Factual Dispute Between Experts Does Not Justify A Motion For Sanctions Except in Extraordinary Circumstances

Where, as here, a dispute is fact-intensive or involves a battle of experts, the standard for seeking sanctions is reserved only for the most extraordinary case. In *Integral Systems, Inc. v. PeopleSoft, Inc.*, 1991 U.S. Dist. LEXIS 20878, *55 (N.D. Cal. 1991), this Court held: "It is not uncommon that expert reports do not receive the judicial receptivity that their proponents desire, but it is an *extraordinary* case where the report is so lacking in validity or reliability that it is an abuse of professional responsibility to submit it at all." (emphasis added). Sanctions are not appropriate when a position is advanced based upon the expert's "unwavering belief that the study supported his conclusions, the level of his expertise, and the trial court's acceptance of him as an expert, reliance on his conclusions by the attorney is

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 3

2149541.01

1  reasonable, even in light of contradictory expert conclusions." *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101,

2  1104 (10th Cir. 1993) (reversing sanctions); *accord Schreiber v. Knievel*, 2006 U.S. Dist. LEXIS 59106,

3  *6 (D. Nev. 2006) ("The disputes between the parties in this case are intensely factual in nature. . . [T]he

4  court is not persuaded that making the allegations comprise a Rule 11 violation.")

5      **C.    Defendants Have Not Complied With Rule 11's Safe Harbor**

6          A Rule 11 motion "shall not be filed with or presented to the court unless, within 21 days after

7  service of the motion (or such other period as the court may prescribe), the challenged paper, claim,

8  defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P.

9  11(c)(1)(A). "The purpose of the safe harbor . . . is to give the offending party the opportunity, within

10  21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape*

11  *sanctions.*" *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original). Defendants have

12  failed to comply with Rule 11, because they do not attack any court filings signed by counsel, but

13  instead attack Ricoh's Rule 26 Expert Disclosures – which are specifically excluded from Rule 11

14  sanctions as discovery responses under Rule 26.[1] Fed.R.Civ.P. 11(d) (Rule 11 does not apply to

15  "disclosures and discovery requests, responses, objections, and motions that are subject to the provisions

16  of Rules 26 through 37.") By failing to identify what Court filing Ricoh might be able to withdraw to

17  escape sanctions, Defendants themselves have violated Rule 11. The only purpose of Defendants' Rule

18  11 motion is to blackmail Ricoh into dismissing its case prior to the resolution of Defendants' pending

19  summary judgment motions, and to increase the pressure upon Ricoh prior to the October 30 settlement

20  conference with Judge Spero.

---

[1] Defendants do not allege that Ricoh's complaint or any other pleading is defective as filed. In opposing Ricoh's Rule 6-3 motion, Defendants argue that Ricoh's inclusion of its expert reports with its summary judgment opposition briefs is a Rule 11 filing. D.I. 676, at 1-2. By this logic, every discovery response would be subject to Rule 11 once it is presented to the Court. In addition, Ricoh did not "file" its expert reports with its summary judgment oppositions until two weeks *after* Defendants first served their Rule 11 motion.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 4

2149541.01

1

2

**D.    Defendants Bear A Heavy Burden To Prove That Ricoh's Position Is Objectively Unreasonable By Clear And Convincing Evidence**

3

Defendants bear a "heavy" burden and must "establish objectively unreasonable behavior" by

4

clear and convincing evidence. *Monster Cable Products, Inc. v. Audioquest*, 2005 U.S. Dist. LEXIS

5

23466, *17 (N.D. Cal. 2005). In *Monster Cable*, sanctions were denied even where the plaintiff had

6

mistakenly applied the law. There, the Court refused to grant sanctions based on the plaintiff's

7

assertions of a patent claim and corresponding infringement analysis because "[a]lthough the court

8

rejected Monster Cable's legal argument, Monster Cable's factual proffer was adequate under its

9

mistaken view of the law." There is no such close case here – Ricoh has properly applied the Courts'

10

claim construction; Ricoh's infringement theory is amply supported by the factual record and Ricoh's

11

experts; and the Court has not even ruled on the pending RTL summary judgment motion that, if denied,

12

as Ricoh submits it should be, will moot this Rule 11 motion for sanctions.

13

The Northern District of California also previously has rejected the argument that a factually

14

intensive dispute is appropriately addressed in a sanctions motion. Instead, the Court has explicitly held

15

that this type of dispute is best suited to summary judgment. For example, in *Dioptics Medical*

16

*Products, Inc. v. Maui Jim, Inc.*, 2006 U.S. Dist. 10114, *4 (N.D. Cal. 2006), this Court (Jenkins, J.)

17

referred the sanctions motion to Magistrate Judge Laporte, who held that even though that "case is not a

18

model of pre-filing inquiry, . . . [t]he issues that Defendant raises are more appropriately brought as a

19

motion for summary judgment." *Id.* In the present case, there is no similar issue regarding the adequacy

20

of Ricoh's pre-filing inquiry; rather, Defendants must not only show that that there are no substantial

21

issues of material fact, but must also demonstrate by clear and convincing evidence that Ricoh

22

advocated positions that were objectively unreasonable. *Monster Cable,* 2005 U.S. Dist. LEXIS 23466

23

at *17. Every aspect of Defendants' motion *must* meet the clear and convincing standard: In *Monster*

24

*Cable*, sanctions were denied because the movant "failed to establish objectively unreasonable behavior

25

on [the non-movant's] part by clear and convincing evidence." *Id.*

26

27

28

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 5

2149541.01

1    **IV.    ARGUMENT**

2        **A.    This Factual Dispute Between Experts is Not Appropriate for a Rule 11 Motion**

3            Defendants know that they cannot prevail on this motion if it turns into a battle of the experts.

4    Thus, they attempt to recast the issue into a dispute over claim construction. This attempted diversion

5    distorts the claim construction ruling, downplays the strong statements of Ricoh's experts, ignores the

6    contrary evidence, and substitutes attorney argument for the required showing of clear and convincing

7    evidence.[2]

8            Defendants' motion is a weak attempt to conflate a factual dispute between opposing experts into

9    a Rule 11 violation. The Court has made its claim construction ruling and Defendants have known of

10    Ricoh's position applying this construction to the Defendants actions at least since Ricoh submitted its

11    Final Infringement Contentions in March 2006.[3] Defendants do not explain why they waited until now

12    to file their motion.[4] Defendants even admit that if their RTL summary judgment motion (the premise

13    for the present motion) is denied, then this motion must be withdrawn or denied as moot. (D.I. 675,

14    Brothers Dec. ¶ 5.) At best, this Rule 11 motion places the sanctions cart before the summary judgment

15    horse; at worst, this motion is another in a series of purely tactical maneuvers designed to increase

16    pressure to settle, to hinder Ricoh's trial preparation and ultimately to once again delay the day of

17    Defendants' reckoning at trial.

18

19

20    _____

21    [2] For some of their allegations, Defendants lack support from even their own experts, and instead resort to having their
counsel offer their own opinions as "expert" opinions. *See, e.g.*, Rule 11 Motion Br. at 13-14.

22

23    [3] In May 2006, Magistrate Judge Chen found that Defendants had failed to disclose a large volume of discovery regarding
the accused ASICs and ordered Defendants to make an immediate supplementation. (D.I. 449.) Magistrate Judge Chen
granted Ricoh leave to supplement its Final Infringement Contentions to account for this long-concealed evidence.

24    Consistent with the Court's guidance that Ricoh need only provide an exemplary supplementation, Ricoh provided that
supplementation on June 23, 2006. (Ricoh's Final Infringement Contentions, D.I. 622, Brothers Dec. Ex. 30). Defendants do

25    not argue that this supplementation was a violation of Rule 11 or otherwise inadequate.

26    [4] Defendants did not hesitate to file a motion for summary judgment under 271(g) in October 2005 (a motion they recycle in
their pending summary judgment motion on damages). (*See* Order Denying Defendants' Motion for Summary Judgment on

27    271(g), D.I. 622, Brothers Dec. Ex. 2). Why then, did they wait until August 2006, less than three months before trial, to file
for summary judgment on the issues related to "RTL"? And why, before that motion has even been considered by this Court,

28    do they now file this overblown motion for sanctions? Such motion practice is typical of Defendants' history of scorched
earth litigation tactics which this Court has condemned every year that this case has been pending.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 6

2149541.01

By trying to frame the dispute as one of claim interpretation, Defendants apparently believe that it is entitled to its own "interpretation of the Court's interpretation," dismissing or ignoring both the Court's construction and the fact that the term RTL is not a monolith that was frozen in time by Darringer more than 20 years ago. The Court spent pages considering various factors and arguments made by the parties when construing the phrase "architecture independent actions and conditions" and ultimately rejected the proffered interpretations of both parties. The ultimate claim construction is clearly stated:

> Given these considerations, the Court defines 'architecture independent actions and conditions' as *functional or behavioral aspects of a portion of a circuit (or circuit segment) that does not imply a set architecture, structure, or implementing technology, but excludes the use of register-transfer level descriptions as taught in Darringer.*

(CCR, D.I. 622, Brothers Dec. Ex. 29 at 12 lines 16-19 (emphasis in original)). Thus, the Court found that "architecture independent actions and conditions" included functional aspects, or behavioral aspects (or both) of a circuit segment. Ricoh's experts have formed their opinions and conclusions based on the Court's interpretation; these opinions and conclusions are set forth in detail in their reports, explained in their depositions, and summarized in Ricoh's brief in opposition to Defendants' RTL summary judgment motion. Ricoh will not repeat all of that evidence and argument, but incorporates it by reference.

By way of example, Dr. Papaefthymiou's opinions are consistent with: (1) the teachings of the Darringer '435 patent; (2) Defendants own proposed "definition" of Darringer RTL; (3) the '432 Patent specification and prosecution history; (4) other intrinsic and extrinsic evidence; and (5) the Court's claim construction. Dr. Papaefthymiou has repeatedly expressed his opinions (as set forth in his June 23 reports, his deposition, and September 1 declaration), that, in summary, the Darringer '435 patent teaches an architecture dependent RTL that is a structural AND/OR logic level representation.

While Defendants claim that Dr. Papaefthymiou's opinions are wrong, this is a classic battle of experts. The burden is on Defendants to show by clear and convincing undisputed evidence that Dr. Papaefthymiou is wrong on every point. The burden is not on Ricoh to show that that Dr.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 7

2149541.01

Papaefthymiou is correct on every point (even though Ricoh has nevertheless done so). To prevail both on summary judgment and on this sanctions motion, Ricoh need only show that there are substantial issues of material fact with respect to what is taught by Darringer. As set forth in all of the evidence in the record and incorporated herein, Ricoh has done so. If the Court denies summary judgment, then by Defendants' own admission, this motion is a nullity. Even if the Court disagrees with Ricoh's positions, Rule 11 sanctions require that Defendants show by clear and convincing evidence that it was not objectively reasonable for Ricoh to rely on the opinions of its experts. Defendants have failed to make this showing, and although Ricoh bears no burden to do so, Ricoh has demonstrated in its summary judgment oppositions that the process used by the Defendants in designing the ASICs at issue infringe the asserted claims.

### 1.    Ricoh's Experts Have Appropriately Opined Regarding RTL

Consistent with the Court's Claim Construction Order, Ricoh's experts have opined that the accused inputs are "functional or behavioral aspects of a portion of a circuit (or circuit segment) that does not imply a set architecture, structure, or implementing technology," and are not "register-transfer level descriptions ['RTL'] as taught by Darringer" for the reasons set forth in Ricoh's brief in opposition to Defendants' RTL summary judgment motion, and as summarized below. (*See* Opposition Br., D.I. 621;[5] Papaefthymiou Dec., D.I. 630, at ¶¶ 2-6; Papaefthymiou Tr., D.I. 622, Brothers Dec. Ex. 40, at 88-89, 111; Papaefthymiou Report, D.I. 622, Brothers Dec. Ex. 7, at 13-15).



---

[5] Ricoh's position is fully presented in Ricoh's Opposition to Defendants' Summary Judgement Motion of Non-infringement No. 1 (RTL), which has been incorporated by reference.

6

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 8

2149541.01

**2.    Defendants constantly redefine RTL, but Ricoh still prevails**

The Rule 11 motion should be denied for at least the same reasons that Defendants' motion for summary judgment on RTL issues should be denied.  In its brief in opposition to Defendants' summary

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 9

2149541.01

judgment motion (D.I. 621), Ricoh has set forth in detail the defects in Defendants' arguments. Ricoh incorporates those arguments by reference, and summarizes them below.

### a. Defendants fundamentally misinterpret the Court's claim construction

Defendants' argument that the claim construction forever precluded Ricoh's theory of infringement is based upon a fundamental misinterpretation of the claim construction ruling. The ultimate construction at page 12 of the Claim Construction Order states: "Given these considerations, the Court defines 'architecture independent actions and conditions' as *functional or behavioral aspects of a portion of a circuit (or circuit segment) that does not imply a set architecture, structure, or implementing technology, but excludes the use of register-transfer level descriptions as taught in Darringer*." Consequently, it is an issue of fact of whether Defendants' inputs are architecture independent actions and conditions as interpreted by the Court including being different from "[RTL] as taught by Darringer." Ricoh's experts have studied the issue and have formed opinions and conclusions that Defendants' inputs are different than as taught by Darringer. Defendants and their experts disagree, claiming that anything labeled as RTL (including anything later labeled as RTL long after the Darringer patent issued) must have been taught by Darringer. Ricoh's opposition brief (at pp. 13-21) explains why this is a factual dispute that must be resolved at trial. This issue is not appropriate for summary judgment, and certainly does not form the proper basis for a motion for sanctions.

### b. Even when using Defendants' interpretation of Darringer, the accused inputs are not disclaimed

At times, Defendants have asserted (when it suits their argument) that the description of RTL at Darringer col. 5, lines 27-38, is what was disclaimed,[7] but even then, Defendants fail to actually apply

---

[7] Defendants (at p. 6 of their motion for Summary Judgment of Non-Infringement (RTL), D.I. 568) state that the "definition of RTL set forth in the Darringer patent [is] as follows:

"[T] process of this invention begins at step 100 with a register-transfer level description, e.g., of the type shown in Fig. 4. The description consists of two parts: a specification of the inputs, outputs and latches of the chip to be synthesized; and a flowchart-like specification of control, describing for a single clock cycle of the machine how the chip outputs and latches are set according to the values of the chip inputs and previous values of the latches. At step 102 in FIG 2, the register-transfer level description undergoes a simple translation to an initial implementation of AND/OR logic. '435 patent, col. 5:27-38."

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 10

2149541.01

the Darringer definition to the accused inputs.[8]  Darringer at column 5 includes the following description

of the type of RTL that it teaches.  That the RTL:

- Must have a two part specification with:

  ○ one part having a specification of latches[9] of the chip to be synthesized,

  ○ another part having a flowchart-like specification of control,[10]

- Must undergo a straightforward translation to AND/OR logic.

(*See* Darringer Patent, D.I. 622, Brothers Dec. Ex. 38, at col. 5 lines 27-38; Papaefthymiou Rep., D.I.

622, Brothers Dec. Ex. 7, at 15; Soderman Report, D.I. 622, Brothers Dec. Ex. 4, at 11-18).



- its input is a flowchart control language of the logic functions to be performed; and

- the straightforward translation to AND/OR logic is described in the Darringer thesis which expressly contrasts (i) primitive operators (e.g., AND, OR, XOR) that undergo a straightforward translation with (ii) arithmetic and relational operators (like those included in the accused inputs).

(Darringer '435 Pat., D.I. 622, Brothers Dec. Ex. 38, at col. 4 lines 26-32, col. 5 lines 27-38.)[11]  Thus,

Defendants fail to use the very Darringer RTL definition that they claim applies.  (*See supra* n. 8

(*quoting* definition Defendants rely on)).

------

[8] As opined by Ricoh's experts, and explained at Section IV.A.1, *supra,* the accused inputs lack many of the features required by Darringer col. 5.  (Darringer '435 Pat., D.I. 622, Brothers Dec. Ex. 38 at col. 5 lines 27-38; Papaefthymiou Dec., D.I. 630, at ¶¶ 2-14; Papaefthymiou Tr., D.I. 622, Brothers Dec. Ex. 40, at 88-89, 110-111; Papaefthymiou Rep., D.I. 622, Brothers Dec. Ex. 7, at 3-6, 13-15).

[9]

[10] (*See* M. Papaefthymiou Dec. at ¶¶ 2-6; Papaefthymiou  Tr., D.I. 622, Brothers Dec. Ex. 40, at 88, 111; D.I. 622, Brothers Dec. Ex. 7, Papaefthymiou Report at 13-15; Soderman Dec. at ¶¶ 51-52.)

[11] As explained by Dr. Papaefthymiou, logic level operations such AND, OR, XOR operations are disclosed in the Darringer patent.  (Papaefthymiou Rep., D.I. 622, Brothers Dec. Ex. 7, at 3-6, 13-15).

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 11

2149541.01

**c. Defendants' assertion that "all RTL" was disclaimed is inconsistent with the Court's order and with their own uses of the term "RTL".**

At times, Defendants depart from the RTL as taught by Darringer and instead imply that "all RTL" was disclaimed,[12] even though the Court's Claim Construction Order specifically states that only "[RTL] as taught by Darringer" was disclaimed. (Claim Constr. Order at p. 12 lines 16-19). Defendants imply (at D.I. 659) Reply Br. at 8-9) that what is "RTL" does not depend on context. However, Defendants' varied uses of the term "RTL" reveal that the term has no readily discernable meaning unless construed in context. (D.I. 621, Opposition Br. at 15-16 and 19-20).



- *Behavioral and Functional* (*see, e.g.,* U.S. Patent No. 6,601,024, D.I. 622, Brothers Dec. Ex. 42, (issue date – July 29, 2003; assignee – Synopsys, Inc.) at col. 1, lines 15-27 ("An HDL is a notation for describing an electronic circuit at a specified level of abstraction. Three types of abstraction levels are defined for an HDL: RTL (register-transfer level), gate-level, and transistor level. RTL abstraction describes the functional or behavioral characteristics of a circuit. Gate level abstraction describes a circuit using gate logic elements, such as OR, NOR, AND, NAND, and the like, and their interconnections, which form a netlist reflecting the circuit design when coupled together....."; or

- *Something in Between Behavioral and Structural* (*see, e.g.,* U.S. Patent No. 5,696,771, D.I. 622, Brothers Dec. Ex. 41, (issued date -- December 9, 1997; assignee – Synopsys, Inc.) at col. 1, lines 32-41 (describing Verilog and VHDL as HDLs for representing the different levels of abstraction for integrated circuits, and noting "[t]he integrated circuit can be represented by different layers of abstractions (e.g., behavioral levels, structural levels and gate levels)[;] [a]n RTL level is an intermediary level of abstraction between the behavioral and structural levels")); or

---

[12] *See, e.g.,* Defendants' Summary Judgment Motion of Non-infringement No. 1 (RTL) at 2.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 12

2149541.01

████████████████████████████████████

Tellingly, Defendants' counsel has recently admitted they cannot define "RTL" in the context of this litigation. (*See* Ricoh's Opposition To Defendants' Summary Judgment Motion of Non-infringement No. 1 (RTL) at 16-17). This alone creates a substantial issue of material fact that makes this issue inappropriate even for summary judgment, let alone a Rule 11 motion. Defendants have tried rectifying this admission by alleging that when they said they could not define "RTL" they were really saying they could not define RTL in a way to encompass documents related to the Court's definition of "architecture independent," and thereby capture all potentially impeaching documents. (Reply Br., D.I. 659, p. 9, n.10). This excuse is also untenable and again demonstrates that the term RTL cannot be defined in a vacuum. Neither the term "architecture independent" nor the Court's definition of the term is even mentioned in the correspondence that led to defense counsel's admission.

- When negotiating the scope of several subpoenas that Defendants had served, Ricoh's counsel proposed discovery requests for documents/things that "defines or otherwise refers to register transfer level ("RTL")." (Opposition Br., D.I. 622, at 17 (*quoting* Brothers email to Andelman)).

- In response, defense counsel stated "*[w]e have been trying to figure out a way to define RTL so that we would be comfortable with your language below, but have been unable to do so in a way that we think would be understandable by the third parties.*" (*Id.* (quoting Andelman reply email to Brothers) (emphasis added)).

Contrary to Defendants' protests, Mr. Andelman's email is clear on its face: Defendants "have been trying figure out a way to define RTL …but have been unable to do so …."

Defendants are attempting to impeach Dr. Papaefthymiou based on what they purportedly believe "RTL" means. (Reply Br., D.I. 659, at 9, n.10).[13] The notion that Defendants, who cannot themselves define RTL in a manner that would capture all potentially impeaching documents, are not

---

[13] Similarly, the document requests made to Yale, MIT, and Michigan via subpoena, fail to even mention the term "architecture independent." (*See* University Subpoenas, Allen Dec. Ex. 1-3, at document requests included therein).

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 13

2149541.01

1   only attempting to impeach Dr. Papaefthymiou on the definition of RTL, but have filed a Rule 11

2   motion on the same basis, is remarkable, and shreds the thin reed on which the sanctions motion rests.

### 3.   Defendants' Attacks On Ricoh's Experts Are Inconsistent, Unsupported, Address Disputed Jury Issues, and Cannot be Resolved in a Rule 11 Motion

#### a.   Dr. Papaefthymiou's Opinions and Conclusions are Proper

Defendants repeatedly attack the opinions and conclusions of Dr. Papaefthymiou, but they do not

(and indeed cannot) challenge his academic credentials. Dr. Papaefthymiou is a tenured Professor of

Electrical Engineering and Computer Science at the University of Michigan. (Papaefthymiou Dec., D.I.

630, at ¶ 1). He is also Director of the Advanced Computer Architecture Laboratory, a research unit at

the University of Michigan that comprises ten faculty and more than seventy graduate students

conducting research in the design of Computer Systems. *Id.* His research activities are in the areas of

Computer-Aided Design, VLSI (including custom and ASIC design), and algorithms. *Id.* He has taught

undergraduate and graduate level courses on Computer Organization, Logic Synthesis, Computer-Aided

Design, VLSI Design, and Embedded Systems for over thirteen years. *Id.* He oversees his students' use

of Design Compiler which is one aspect of his research and teaching. (Papaefthymiou Dep. Tr.,

Brothers Dec. Ex. 40, at 19, 197-198).[14] Defendants nonetheless attack his opinions and conclusions

regarding Darringer RTL and architecture independent actions and conditions.[15] Defendants' attack is

remarkable given that Defendants recognize that Dr. Papaefthymiou has taught courses in field of logic

synthesis for over a decade, including at MIT, Yale University and the University of Michigan. (D.I.

---

[14] Defendants attempt to counter Dr. Papaefthymiou's opinions with those of Dr. Cassavant, an associate professor at the University of Maryland Eastern Shore and, on issues where Dr. Cassavant is apparently unwilling to support their arguments, then Defendants rely on the opinions of their counsel, for whom they offer no qualifications.

[15] As part of Dr. Papaefthymiou's analysis, he relied on Dr. Soderman's analysis of the Design Compiler System operation (e.g., on Dr. Soderman's analysis of the many production documents and of the v.2003.12 code Defendants made available for inspection at the Synopsys SURF facility). (Papaefthymiou Rep., D.I. 622, Brothers Dec. Ex. 7, at 15). Additionally, Dr. Papaefthymiou reviewed documents that describe the DesignWare synthesis process, and which were consistent with Dr. Soderman's conclusions about the v2003.12 operation. (*see, e.g.,* Papaefthymiou Rep., D.I. 622, Brothers Dec. Ex. 7, at App. B AMI 000008869-8760). Dr. Soderman holds a Ph.D. in Electrical Engineering from Rensselaer Polytechnic Institute. Dr. Soderman lives near and had access to the SURF facility at which Defendants made available the v.2003.12 source code as part of the inspection conducted by Ricoh's experts.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 14

2149541.01

1   559, Opposition to Ricoh's Motion for Protective Order, at 2). Defendants do not (and cannot) actually

2   claim that Dr. Papaefthymiou is not qualified to set forth the opinions he has provided.

3           As explained below, the attacks on Dr. Papaefthymiou and Ricoh that Defendants set forth in the

4   present motion and in their related briefing on Summary Judgment Motion No. 1 (RTL), do not stand up

5   to scrutiny and should be rejected.[16]





[16] Although unjustified, Defendants' attack on Dr. Papaefthymiou actually undermines the premise of their own motion - credibility is a uniquely factual determination best made by a jury. It is in fact a strange strategy to base a Rule 11 motion solely upon the credibility of the opposing party's expert. Ricoh is not aware of any cases that support such a motion; indeed, the relevant case law supports the opposite conclusion. *See, e.g., Integral Systems, Inc. v. PeopleSoft, Inc.*, 1991 U.S. Dist. LEXIS 20878, *55 (N.D. Cal. 1991). In *Integral Systems*, plaintiffs relied on an expert report in a motion for a preliminary injunction. *Id.* Although the motion was denied and the court even went so far as to find "that the Report was essentially ineffectual for its purpose [and] that its methodology was not readily apparent," the court explicitly refused to find "that reliance on the Report was objectively unreasonable. *Id.* "It is not uncommon that expert reports do not receive the judicial receptivity that their proponents desire, but it is an extraordinary case where the report is so lacking in validity or reliability that it is an abuse of professional responsibility to submit it at all." *Id.* The burden is on Defendants to at least show that this is an "extraordinary case," but they cannot. To the contrary, this factual dispute between opposing experts is routine, and is precisely the kind of dispute that should be resolved by the fact finder at trial.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 15

2149541.01



---

[18] Defendants appear to be alleging that there is no infringement if steps other than the claimed steps are performed in the synthesis of defendants' ASICs. Claim 13 is a comprising claim, so the fact that Defendants ASICs are designed using other process steps does not avoid infringement. *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382-83 (Fed. Cir. 2000) ("the term "comprising" indicates an open-ended construction. . . . A drafter uses the term "comprising" to mean "I claim at least what follows and potentially more."). Ricoh is alleging the accused inputs (e.g.., that arithmetic operations, if, case, wait, always, statements and other high level functional statements (e.g., finite state machines) are synthesized by the accused process, and the Darringer patent process does not use such inputs. The allegation that Defendants' ASIC descriptions include additional elements, does not alter the fact that the accused inputs are the ones synthesized by performing the steps of the '432 patent.



[19] Simultaneously, in Defendants' recently filed objections to Ricoh's exhibits, Defendants contend that such testimony is irrelevant.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 16

2149541.01



Defendants also falsely state that Dr. Papaefthymiou has no opinion whether the Court intended to exclude all RTL from the scope of claim 13, and falsely asserts that Dr. Papaefthymiou concedes his methodology does not work if applied to the relevant inquiry. To the contrary, Dr. Papaefthymiou applied the relevant inquiry when conducting his analysis, and made clear that his opinion is based on the Court's claim construction. (Papaefthymiou Tr., D.I. 622, Brothers Dec. Ex. 40, at 125 line 17 – 126 line 4). He stated that he believed that in reaching the construction found at page 12, lines 16-19 of the Claim Construction Order, the Court took into account the statements preceding the ultimate construction, and so did he. *Id.*. But ultimately, when considering all the factors, the Court reached the claim construction at lines 16-19, and that is what Dr. Papaefthymiou relied on. *Id.*

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 17

2149541.01

[black redaction box]

Defendants also argue that Dr. Papaefthymiou's opinion is inconsistent with the '432 patent specification. In particular, Defendants argue that Table A of the '432 Patent includes macros for operations that are architecture dependent and that undergo a simple translation to AND/OR gates. (D.I. 659, Reply Br. at 12). For example, Defendants argue that the NEGATE macro of Table A is described as a "NOT" operation.[20] *Id.* Defendants reason that because Dr. Papaefthymiou testified that a "NOT" operation specified structure, "it is clear that the inventors [of the '432 Patent] did not mean to exclude inputs that just require 'simple translation.'" *Id.* Defendants further argue that because some of the macros of Table A of the '432 Patent are also disclosed in the Darringer patent, this must mean that many of the macros of Table A are definitions of architecture dependent actions and conditions. *Id.* Defendants go on to reason that this commonality "unequivocally undermines Dr. Papaefthymiou's theory about the meaning of architecture independent." *Id.* This argument is off base. It is clear from the claim language and the file history that architecture independent actions and conditions are the inputs covered by claim 13. Ricoh has not argued, and does not intend to argue, that descriptions of logic level functions like NOT are architecture independent. (Papaefthymiou Rep., D.I. 622, Brothers Dec. Ex. 7, at 3-8, 13-15). There is no inconsistency between Dr. Papaefthymiou's opinions and the '432 patent.[21]

---

[20] Defendants also argue that the Darringer Patent and the '432 Patent (at Table A) also both disclose a macro for "Decode," and a "CMP" macro. (*See* Summary Judgment Motion No. 1 Reply Br., D.I. 659, at 12).

[21] Moreover, a patent specification is not drafted in light of what is disclaimed during prosecution; thus Defendants' argument regarding macros in Table A does not change the fact that Ricoh limited the scope of the claimed inputs to architecture independent actions and conditions, and disclaimed Darringer RTL during prosecution, *after* the specification had been drafted. (*See* Prosecution History, D.I. 622, Brothers Dec. Ex. 39).

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 18

2149541.01

Remarkably, Defendants support their sanctions motion arguments with opinions from counsel rather than from their experts. Attorney arguments cannot themselves rebut the expert opinions of Dr. Papaefthymiou. Even if Defendants had elected to rely on the opinions of its own expert, Dr. Cassavant, this would still say nothing of whether Dr. Papaefthymiou's opinions were reasonable. Indeed, as Ricoh has demonstrated in its Final Infringement Contentions, its Expert Reports, and its Oppositions to Defendants' nine summary judgment motions, there remain substantial issues of material fact which must be decided by the finder of fact – this alone requires the denial of Defendants' sanctions motion.

### b. Defendants' False Accusation of a "Conflict" Between Ricoh's Experts is a Diversion

Defendants insist that Dr. Soderman disagrees with Dr. Papaefthymiou and Ricoh's position that the accused inputs are not Darringer RTL and are architecture independent. (*See* D.I. 659, Reply Br. at 8; Rule 11 Motion Br. at 5). Defendants ignore all of the evidence to the contrary. The fact that Dr. Soderman relies on Dr. Papaefthymiou's analysis should have made Defendants aware that there is no such disagreement. (Soderman Rep., D.I. 622, Brothers Dec. Ex. 4, at 24). To make things patently clear, on September 1, 2006, Dr. Soderman also declared that he does not disagree with Dr. Papaefthymiou or Ricoh's position on this issue. (Soderman Dec., D.I. 628, at ¶¶ 50-53). Nevertheless, Defendants still insist that there must be a disagreement, and further stretch this fiction into a purported basis for a Rule 11 motion.[22]

In support of their motion, Defendants claim that Dr. Soderman authored a patent and articles that Defendants claim support their contentions regarding RTL. (Rule 11 Motion Br. at 5). This is just a manufactured attorney argument that is not even supported by any analysis from Defendants' experts.

---

[22] Even if the Court were to take all of Defendants outrageous allegations as true, *i.e.*, that Ricoh used the opinion of Dr. Papaefthymiou even though it knew that that opinion was in direct conflict with Dr. Soderman's opinion, this would still not rise to the level of sanctionable conduct. Other circuits have explicitly held that, in determining "whether the attorney, knowing of a differing opinion of another expert, must reveal that opinion to the court in order to avoid a Rule 11 sanction," the "failure to disclose such evidence is not sanctionable under Rule 11." *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993). In *Coffey*, the Tenth Circuit reversed the trial court's imposition of sanctions because based on the expert's "unwavering belief that the study supported his conclusions, the level of his expertise, and the trial court's acceptance of him as an expert, reliance on his conclusions by the attorney is reasonable, even in light of contradictory expert conclusions." *Id.*

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 19

2149541.01

1    Defendants' argument is further evidence of why (as shown by Dr. Papaefthymiou) "context matters."



RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)   Page 20

2149541.01



RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)    Page 21

2149541.01



All of Defendants' attacks on the opinions of Ricoh's experts simply reinforce what should have been manifestly clear:  Ricoh's experts have explained that Defendants infringe; Defendants' experts disagree, and the jury will decide.  This is a jury issue, not a sanctions issue.

**B.     Ricoh's Reliance Upon the Opinion of its Experts is Objectively Reasonable**

Even if the Court were to disagree with the opinions and conclusions of Ricoh's experts, it does not end the inquiry.  Rule 11 requires that the moving party prove that the advocated position is objectively unreasonable.  *Monster Cable,* 2005 U.S. Dist. LEXIS 23466 at *17.  Defendants bear a "heavy" burden and must "establish objectively unreasonable behavior" by clear and convincing evidence.  *Monster Cable Products, Inc. v. Audioquest*, 2005 U.S. Dist. LEXIS 23466, *17 (N.D. Cal. 2005).

Ricoh's reliance on its experts was and continues to be entirely reasonable.  *Integral Systems, Inc.,* 1991 U.S. Dist. LEXIS 20878 at *55 (N.D. Cal. 1991) (Even if "expert reports do not receive the judicial receptivity that their proponents desire, . . . it is an *extraordinary* case where the report is so lacking in validity or reliability that it is an abuse of professional responsibility to submit it at all.") (emphasis added); *Coffey,* 1 F.3d at 1104 (Based on an expert's "unwavering belief that the study

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 22

2149541.01

supported his conclusions, the level of his expertise, and the trial court's acceptance of him as an expert, reliance on his conclusions by the attorney is reasonable, even in light of contradictory expert conclusions.")

Indeed, Defendants' own cited case law supports Ricoh's argument that this motion is premature. Defendants cite (at p. 12) to *Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356, 1361-63 (Fed. Cir. 2003), for the proposition that it is a "Rule 11 violation for a patent plaintiff to continue asserting claims of infringement after adverse claim construction in related action rendered plaintiff's infringement theory untenable." Defendants are overreaching. In *Phonometrics*, four different district courts had already granted summary judgment of noninfringement against plaintiff Phonometrics on the same patent and all four grants had been upheld by the Federal Circuit. 349 F.3d at 1358-1360. In three of those cases, the district court based its grant on the same claim construction. *Id.* Only after Phonometrics asserted the same infringement theory in a *fifth* action did the court impose sanctions, and even then, only after counsel for Phonometrics disputed the prior Federal Circuit disposal of the issue as "mistaken." *Id.* at 1360, 1366.[25] In contrast, Ricoh's experts have expressed opinions and drawn conclusions that are consistent with the Courts claim construction order. Simply stated, because Ricoh's infringement arguments are amply supported by well-qualified experts and is based upon a reasonable and legitimate reading of this Court's claim construction ruling, Ricoh's position is objectively reasonable as a matter of law.

**C.    The Rule 11 Motion Is Premature Because If the RTL Summary Judgment Is Denied, Then This Motion is Moot**

---

[25] There is also evidence that even given Phonometrics' bad behavior (which far exceeds anything Defendants accuse Ricoh of doing), this was a close case for the Federal Circuit. Judge Newman argued in dissent that even when a claim construction cites to another, previously upheld claim construction from a related case, that this "does not endow [the prior decision] with sanction-generating prescience as to future decisions." *Phonometrics*, 349 F.3d at 1368 (Newman dissenting). In Judge Newman's view, "Rule 11 is a chillingly punitive action, and is not properly based on positions that were not known to be false or irresponsible when they were taken." *Id.* Yet Defendants would have this Court believe that *Phonometrics* is somehow analogous to the present facts.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 23

2149541.01

On August 24, 2006, Defendants conceded that their sanctions motion is moot, and no substantive response should be required by Ricoh, and no consideration given by the Court, if the Court does not grant Defendants' pending motion for summary judgment on RTL issues (one of Defendants' nine pending summary judgment motions). In spite of this, Defendants nevertheless proceeded to file this motion. The sanctions motion is premised upon the Court's granting of that summary judgment motion. Therefore, if the Court agrees with Ricoh's detailed showing, as set forth in Ricoh's brief in opposition to the RTL summary judgment motion, that Ricoh's infringement claims are sufficiently supported by the cited factual evidence and extensive expert testimony so that there is a genuine issue of material fact and Defendants are not entitled to summary judgment on their RTL issue, then the RTL summary judgment motion will fail as will the entire basis for the sanctions motion.

The Court should not consider a speculative motion for sanctions when it is not clear the underlying premise of the motion will come to pass. Even in the unlikely event that Court were to disregard the substantial evidence cited by Ricoh, and were to find that there is no genuine issue of material fact on RTL and grant the summary judgment motion in full, in such an event the parties would be obligated to study the Court's ruling, and Defendants would be required to determine if there still existed any basis to proceed with a motion for sanctions. If at that time Defendants still believed that there was a basis to proceed under the requirements of the Rules, then they could file the motion. Clearly, this motion is at best premature and only demonstrates that Defendants filed this motion for strictly tactical purposes and not out of good faith belief in its legitimacy.

### D.    Rule 11 Applies only to Pleadings Signed by Counsel, Not to Discovery Responses

The critical event in Defendants' motion is the service of Ricoh's infringement expert disclosures on June 23, 2006. (*See, e.g.*, D.I. 622, Brothers Dec. Ex. 4-9.) Those disclosures were neither filed with a court nor signed by counsel. Rule 11, however, only applies to pleadings signed by

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 24

2149541.01

counsel and filed with the Court. Fed. R. Civ. P. 11(a), (d).[26]  In fact, the required 21 day notice was put in place to permit counsel to withdraw the filing at issue. *Barber*, 146 F.3d at 710 ("The purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions.")  Here, however, there was no filing that could be remedied.  By its express terms, Rule 11 does not apply.[27]

## V.    CONCLUSION

Defendants' sanctions motion should be denied as fundamentally flawed.  It is procedurally improper; unsupported by the facts; refuted by Ricoh's detailed reliance upon its experts, and is interposed for the improper purpose of increasing pressure upon Ricoh on the eve of trial.  The Court should consider applying 28 U.S.C. § 1927 against Defendants.

Dated:  September 26, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

RICOH COMPANY, LTD.

By:  /s/ Gary M. Hoffman
Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-1526
Telephone: (202) 420-2200, Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone:  (212) 277-6500, Facsimile:  (212) 277-6501

---

[26] Defendants' sanctions motion purports to be based upon the allegedly inadequate opinions and conclusions of Ricoh's infringement experts, as set forth in their expert disclosures served on June 23, 2006.  Rule 11 plainly states that it does not apply to Rule 26 expert disclosures, especially since they were not signed by counsel or filed with the Court: "Subdivisions (a) through (c) of this rule do not apply to disclosures . . . that are subject to the provisions of Rules 26 through 37." Fed. R. Civ. P. 11(d).

[27] To the extent that Defendants suggest that Ricoh's submission of its expert declarations in connection with its summary judgment opposition briefs constitutes a "filing" under Rule 11, such an assertion is both inconsistent with the premise of their motion, and is an admission that Defendants themselves have violated Rule 11 by filing their motion without giving the required notice – Defendants' proposed motion was served on August 18, 2006, but Ricoh did not file its summary judgment opposition briefs and corresponding expert declarations until September 1, 2006.

RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)  Page 25

2149541.01

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

RICOH COMPANY, LTD.,

                Plaintiff,

    vs.

AEROFLEX INCORPORATED, et al.,

                Defendants.

SYNOPSYS, INC.,

                Plaintiff,

    vs.

RICOH COMPANY, LTD.,

                Defendant.

**CASE NO. C-03-4669-MJJ (EMC)**
**CASE NO. C-03-2289 MJJ (EMC)**

**[PROPOSED] ORDER ON DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS**

Date:        October 17, 2006
Time:       9:30 a.m.
Courtroom:  11, 19th Floor
Judge:     Martin J. Jenkins

After having given due consideration to Defendants' Motion For Rule 11 Sanctions, Ricoh's Opposition, and any reply, it is HEREBY ORDERED that

Defendants' Motion for Rule 11 Sanctions is DENIED.  .

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2006