October 2, 2006

File 06816.0060.000000

Hon. Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94012

      **Re:**    ***Synopsys v. Ricoh Company, Ltd.*,**
              **Case No. C03-2289 MJJ (EMC)**
              ***Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,**
              <u>**Case No. C03-4669 MJJ (EMC)**</u>

Dear Judge Chen:

In its July 5, 2006 Stipulated Order Resolving Portions of Defendants' Motion to Compel and Ricoh's Motion to Quash (*Synopsys* Dkt. No. 384), the Court approved the parties' statement that:

> Regarding the cross motions to compel and to quash the continuation of the Kobayashi deposition, the parties agree to defer further consideration of this issue until after the resolution of all issues relating to the KBSC documents.

7/5/06 Order at ¶ 4. Now that the KBSC documents have been produced, the parties have held further discussion about Ricoh producing Dr. Kobayashi for additional deposition time. The parties have not been able to agree on the production of Dr. Kobayashi for further deposition, and therefore they request a ruling on the pending cross-motions regarding Dr. Kobayashi.

## Statement of Synopsys and the Customer Defendants

In its motion to compel, Synopsys and the Customer Defendants requested two types of relief — that Ricoh be required to produce Dr. Kobayashi for deposition, and that the subpoenas served on Dr. Kobayashi on May 15, 2006 be enforced. *See Synopsys* Dkt. No. 337 at 12:17-13:6. Ricoh brought a cross-motion to quash the subpoenas served on Dr. Kobayashi, which was fully briefed. *See Synopsys* Dkt. Nos. 334, 360, 369. At this point, Synopsys and the Customer Defendants only seek an order to compel Dr. Kobayashi's deposition testimony, and seek denial of Ricoh's motion to quash. Synopsys and the Customer Defendants are not moving at this time to enforce the outstanding subpoenas.

On June 23, 2006, this Court issued an order providing guidance to the parties on the issue of a continuation of Dr. Kobayashi's deposition. The Court stated that:

In general, to the extent that there is newly discovered information, the Court shall not preclude a continuation of the deposition. As to whether Ricoh has control over Dr. Kobayashi, see #5 above.

The Court's paragraph 5, regarding control, stated that:

With respect to the issue of possession, custody, or control, the Court agrees with those courts that have taken a broader approach to control. That is, "the word control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of New York v. Meridien Biao Bank Tanzania*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) (internal quotation marks omitted).

During their meet and confer, the parties agreed (as noted above) to table any further discussion of Dr. Kobayashi's deposition testimony until after Ricoh produced the KBSC documents under its control. The last set of KBSC documents were produced on Sept. 15, 2006, so it is now time to determine whether Dr. Kobayashi must appear for further deposition.

**A. Dr. Kobayashi is under Ricoh's control, and therefore Ricoh must produce him for further deposition.**

Synopsys and the Customer Defendants have taken the Court's guidance into account in its discussions with Ricoh. Specifically, they have informed Ricoh that such recently-produced documents as Dr. Kobayashi's notebooks regarding the development of the KBSC system (and his efforts to sell that system), a 1986 videotaped discussion by Dr. Kobayashi discussing the status of knowledge-based silicon compilers in the US (likely distributed by ICC to potential Japanese investors and/or clients), an English-language ICC promotional video, and ICC's payment stubs to its employees and contractors necessitate additional questioning of Dr. Kobayashi. *See* Exhibit 1. Ricoh has not taken issue with the proposition that these newly-produced documents justify two to three days of additional time with Dr. Kobayashi. Rather, Ricoh has stated that it cannot produce Dr. Kobayashi because it does not control Dr. Kobayashi and Dr. Kobayashi is — this time — refusing to voluntarily submit to additional deposition.[1] *See* Exhibit 2. However, Ricoh obviously has control over Dr. Kobayashi, and it should be required by this Court to produce Dr. Kobayashi.

Ricoh's control over Dr. Kobayashi is demonstrated by several pieces of evidence. First and foremost, it has a contract with Dr. Kobayashi which requires Dr. Kobayashi to assist in any litigation regarding the '432 patent. *Synopsys* Dkt. No. 361, Ex. M. Second, Ricoh pays Dr. Kobayashi's current company (of which he is the president) "several million yen per month" — at least $300,000 per year — allegedly to help Ricoh with doing business in China. *Synopsys* Dkt. No. 456, Ex. 23 (Kobayashi Depo.) at 414:17-419:2. Third, Ricoh been previously able to secure Dr. Kobayashi's cooperation for deposition in the U.S. — Dr. Kobayashi voluntarily

---

[1] According to Ricoh's counsel, who has heard from Dr. Kobayashi "through an [unidentified] intermediary," Dr. Kobayashi would "consider sitting for an additional day of deposition testimony in Japan in November." Exhibit 2. However, the Tokyo location available for deposition in Japan is not available until March 26 (see Exhibit 3 at p. 2), and counsel was informed by the Osaka location that it was not available until April 7. Thus, this supposed offer by Dr. Kobayashi is meaningless.

appeared for deposition in San Francisco on May 15, 2006.  *See, e.g.*, *id.*  Finally, Ricoh was able to obtain documents from Dr. Kobayashi's condominium in South Carolina when searching for relevant KBSC documents in 2003.  *See, e.g.*, *Synopsys* Dkt. No. 381.  Any of these pieces of evidence alone is enough to demonstrate control; all of them viewed together are nearly conclusive.[2]

Ricoh has brought this situation on itself.  It is Ricoh which withheld some of the most relevant documents — evidence that Dr. Kobayashi and ICC had developed and marketed a working embodiment of the '432 patent well before the critical date for the on-sale bar —until months after the discovery cutoff, and months after Dr. Kobayashi's last day of deposition.  In light of Ricoh's unquestionable control over Dr. Kobayashi and the many recently produced, key documents which require testimony from Dr. Kobayashi to be fully understood, this Court should order Ricoh to produce Dr. Kobayashi for two to three days of deposition in the United States within two weeks.[3]  Such a short timeframe is necessary because the trial in this case — set for the end of November — is rapidly approaching.  Any further delay in obtaining Dr. Kobayashi's testimony on the recently-produced documents will compound the prejudice that has already severely harmed Synopsys' and the Customer Defendants' ability to adequately prepare their case.

## B.  The subpoenas served on Dr. Kobayashi are valid and should not be quashed.

Ricoh has sought to quash the subpoenas served on Dr. Kobayashi when he was physically present in this District on the ground that they were "served under false pretenses" and in violation of a non-existent protective order limiting Dr. Kobayashi's deposition to one additional day.  These issues have been fully briefed by the parties, and the arguments will not be repeated here.  Synopsys and the Customer Defendants respectfully request that Ricoh's motion to quash be denied.

## Ricoh's Statement

Despite the representations by Synopsys and the Aeroflex defendants (collectively "Defendants") to the contrary, the question here is not whether Dr. Kobayashi will voluntarily appear for yet another deposition – he has already agreed to do so on reasonable terms.  The problem is that the where/ when/under what circumstances demanded by Defendants are not reasonable.

---

[2] Furthermore, Ricoh's counsel *still* is able to contact Dr. Kobayashi, allegedly through an unidentified intermediary.  It seems logical that this "intermediary" is either a Ricoh employee or a KBSC employee — either way, given the Court's expansive definition of control, this is still a direct contact between Ricoh, the party in this case, and Dr. Kobayashi, its paid consultant.

[3] Dr. Kobayashi's notebooks are, in total, 233 pages long, are in a mix of handwritten Japanese and English, and, as with most notes, are not necessarily understandable without context (which only Dr. Kobayashi can give).  At deposition, Synopsys and the Customer Defendants anticipate taking Dr. Kobayashi through nearly every page of the notebooks to help decipher handwriting and obtain context.  That questioning will undoubtedly lead to follow-up questions.  Furthermore, Synopsys and the Customer Defendants anticipate questioning Dr. Kobayashi at length regarding the videotapes, the circumstances surrounding their creation, and their distribution.  Given that Dr. Kobayashi's testimony is translated from Japanese to English (thus significantly slowing down the proceedings), Synopsys and the Customer Defendants believe that they have a need for two to three additional days of testimony from Dr. Kobayashi.

Hon. Edward M. Chen
October 2, 2006
Page 4

Dr. Kobayashi is a third party and a citizen and resident of Japan. He has never been a Ricoh employee and is not under the control of Ricoh. This Court has already ruled that it does not have jurisdiction over Dr. Kobayashi. On March 30, 2006, this Court held: "The Court cannot compel Dr. Kobayashi to appear at a deposition since Defendants have not utilized procedures under Rule 28(b)." (Order, Ricoh v. Aeroflex D.I. 414, at 3.) Nevertheless, in May 2004 Dr. Kobayashi voluntarily appeared for two days of deposition. Earlier this year, defendants sought to compel two additional days of deposition from Dr. Kobayashi. On March 30, 2006, this Court after considering all of the issues raised, including its finding that it did not have jurisdiction over Dr. Kobayashi, nevertheless suggested that Ricoh try to persuade Dr. Kobayashi to testify for "*one additional day*." (D.I. 414, at 3, emphasis added.) The parties met, conferred, and agreed to split the cost of Dr. Kobayashi traveling to the U.S. to be deposed for one more day. Dr. Kobayashi in turn reluctantly agreed to travel to the U.S. for the sole purpose of testifying for the one additional day. He was deposed for a very full day, from 9:30 am to nearly 7 pm. Dr. Kobayashi was offended by the fact that, at the conclusion of that third deposition day, Defendants' counsel purported to serve Dr. Kobayashi with two subpoenas – the first in disregard of the March 30 Court Order purporting to require even more deposition testimony, and second requiring his attendance at trial.

As Ricoh has explained in its motion to quash the subpoenas, the subpoenas are defective because, among other things, the required witness fee and mileage ($11,770 per subpoena at the General Services Administration 2006 *per diem* mileage rate) was neither paid nor even proffered; because Dr. Kobayashi had been lured into the jurisdiction under the false pretense that he would have to testify for only one additional day; and because the balance of the equities favor granting the motion to quash. Defendants apparently recognize that the subpoenas are not valid, because they state (at p. 1) that "Defendants are not moving at this time to enforce the outstanding subpoenas." This is a tacit withdrawal of their motion to compel, which may be denied on this basis alone. Ricoh's cross-motion to quash those subpoenas remains pending, and should be granted for the reasons stated in those papers.

Because Defendants have abandoned their motion to compel enforcement of the subpoenas, they are trying to avoid the need to state the basis on which this Court has jurisdiction over Dr. Kobayashi. Without a finding that the subpoenas are enforceable (a finding that Defendants no longer seek), this Court's prior ruling of March 30 that "the Court cannot compel Dr. Kobayashi to appear at a deposition" still controls. Defendants likewise have advised Ricoh's counsel that they are not by this joint letter seeking any sanctions, either evidentiary or otherwise, with respect to Dr. Kobayashi. Defendants thus seek a vague advisory ruling regarding Dr. Kobayashi's testimony.

Defendants state that they want to depose Dr. Kobayashi still again for another two or three days, not based on any prior documents or topics, but on what they assert are newly obtained documents.[4] Virtually all of the subject matters raised in those KBSC documents are cumulative

---

[4] Defendants claim that the last of the KBSC documents were produced on September 15. In fact, the KBSC document production was substantially completed in July, the same month that the Court ruled on the KBSC-related motions. Defendants apparently are referring to certain documents that were properly logged, and which Defendants challenged. The Court sustained the privilege on some documents and ruled that others should be produced. In addition, the KBSC boxes included various archive magnetic media that had to be converted, which took some time. In fact, some of the media remained unreadable by three different consultants, in late August Ricoh forwarded those original archive tapes to Defendants' vendor who likewise has been unable to access them.

of the testimony that Dr. Kobayashi has already provided.  Nevertheless, once Defendants made their request for additional deposition time, Ricoh did not reject it out of hand, but instead asked Dr. Kobayashi whether he would agree to provide additional testimony.  In contrast to his prior responses where Dr. Kobayashi was more cooperative in responding to the requests of Ricoh's counsel, this time Dr. Kobayashi never responded directly to counsel's requests.  Instead, Ricoh's counsel was able to communicate with Dr. Kobayashi only through an intermediary – a former KBSC employee.  Through this intermediary, Ricoh's counsel has been advised that Dr. Kobayashi feels that (1) he was treated rudely during his May 2006 deposition; (2) the proposed justification of his testimony – the KBSC documents that were produced in July – is cumulative of his three days of interrogation; (3) he is not eager to sit for a third round of testimony; and (4) in any event, he has other commitments in Japan that preclude him from testifying prior to early November.  After several rounds of back-and-forth, Dr. Kobayashi eventually –and reluctantly – agreed to once again agreed interrupt his life and voluntarily be deposed for one additional day where he lives and works.  (See Exhibit 2.)

The problem is that Defendants demand Dr. Kobayashi immediately drop everything he is doing in Japan, where he lives and works, for a week or more and travel to the U.S.  Dr. Kobayashi does not have the time to carve out a week to travel to the U.S. for another round to testimony.  He is also reluctant to travel at his own expense and then wait for reimbursement, knowing Defendants have already contested the reasonableness of his prior expenses.  (See Ricoh v. Aeroflex D.I. 496, Synopsys and the Customer Defendants' Opposition to Ricoh's Motion to Quash Subpoenas.)  Defendants' demands are unreasonable.

Defendants' demand for up to three additional days reflects an inability to focus.[5]  Defendants' counsel advised Ricoh's counsel that he could spend an entire day on Dr. Kobayashi's 1986-88 calendars alone.  Could is different from should, however.  It is apparent that Defendants have no intention to limit themselves to the "new" material and intend to circumvent their (effectively withdrawn) motion to enforce the subpoenas by replowing the ground already tilled for three days.  Thus, they argued in their (now withdrawn) motion, with a disappointing disregard for this Court' permitting only "one additional day of the deposition of Dr. Kobayashi" on the prior topics, that "nothing in the Order prohibits Defendants from seeking additional deposition time from Dr. Kobayashi" (at pp. 1-2).  Their proposed deposition will thus consume at least three days and possibly more.  Trans-Pacific travel and recovery from jet lag requires two additional days for each direction.  Time must be added for Dr. Kobayashi to meet with counsel prior to the deposition.  Accordingly, Dr. Kobayashi is being asked to provide a minimum of eight days and, moreover, to do so within the next two weeks.  In seeking to have this Court impose this burden on him, Synopsys and the Aeroflex defendants are well aware that Dr. Kobayashi has a large number of commitments in Japan and no plans to be in the U.S. in the immediate future (see Exhibit 2).

In an attempt to justify seeking the Court order compliance with their unreasonable demands, defendants claim that Dr. Kobayashi is "in Ricoh's control."  He is not and never has been.  He is a third party, a resident and citizen of Japan, and is not now nor has he ever been a Ricoh

---

[5] Defendants' implication that Ricoh agrees that the new documents justify two to three more days of deposition testimony is false.  Ricoh's counsel asked Defendants to identify how much additional time that they were demanding, and pushed Defendants to explain why the deposition could not be completed in one day.  But because the documents are largely cumulative to testimony already given, Ricoh does not concede that any additional testimony is required.

employee.  Ricoh does not have the right, authority or practical ability to compel him to travel to the U.S.  The Court has already held it had no jurisdiction over him.  Defendant's reference to the Court's Order regarding Ricoh's control over documents is not analogous – Dr. Kobayashi is a person living in Japan, not a document sitting in a San Jose warehouse.  In the past, Dr. Kobayashi has been accommodating and willing to try to assist and cooperate in this litigation.  Defendants have succeeded in pushing Dr. Kobayashi to the point where his willingness to cooperate is at a breaking point – which likely is Defendants' real intent.  It is unreasonable to demand that Dr. Kobayashi put his life and work in Japan on hold for a week or more on what as a practical matter is very short notice, and at the same time, take thousands of dollars out of his own pocket knowing that a request for full reimbursement will be resisted.  If defendants want to further depose Dr. Kobayashi, they must do so under reasonable conditions, even had he been under Ricoh's control (which he is not).  What they are asking this Court to order is not reasonable.

Ricoh recognizes that it has an obligation to try to convince Dr. Kobayashi to be cooperative, notwithstanding Defendants' lack of reasonableness.  Ricoh has been able to persuade Dr. Kobayashi to interrupt his prior commitments and appear for deposition again (for a third time) for one day in Japan.  It has continued to try to persuade him to be more flexible.  But Dr. Kobayashi is an independent third party and Ricoh cannot compel him to drop everything and fly to the U.S. for another round of unnecessary interrogation.  In light of Defendants' actions, including their subpoena "stunt", the failure to even offer to cover his costs, and the demand he drop everything immediately and put his life and business on hold for an unknown amount of time, Dr. Kobayashi is understandably reluctant to do more than he has offered.  (See Exhibit 2).  While this Court cannot order a non-citizen residing overseas to appear in the U.S. for deposition (and Defendants do not seek such an order based upon the subpoenas), if the Court is inclined to instruct the parties to work together to find an agreeable date for Dr. Kobayashi to testify on the so-called "new" document, then in order to assist Ricoh in its efforts to convince Dr. Kobayashi to be more flexible as to the place and date of deposition, the Court should make clear that any such deposition is limited to one day and be conditioned upon Defendants' advance payment of his expenses.  The Court should also find that Defendants' motion to compel the subpoenas is moot and prohibit Defendants from purporting to issue any new subpoenas or similar stunts.

**<u>Reply of Synopsys and the Customer Defendants</u>**

In three pages of argument, Ricoh deals with the control issue — the primary issue before this Court — in only two sentences:  "[Dr. Kobayashi] is a third party, a resident and citizen of Japan, and is not now nor has he ever been a Ricoh employee.  Ricoh does not have the right, authority or practical ability to compel him to travel to the U.S."  The first sentence is correct, but irrelevant.  Ricoh's second sentence is key — and false.  Ricoh has a contract with Dr. Kobayashi which obligates Dr. Kobayashi to testify on any lawsuit involving the '432 patent.  *Synopsys* Dkt. No. 361, Ex. M.  Ricoh thus has the right and authority to "compel [Dr. Kobayashi] to travel to the U.S."  Although this contract is enough, as described above, there are ample additional bases on which the Court should find that Ricoh does have control over Dr. Kobayashi.  Thus, whether or not the Court has personal jurisdiction over Dr. Kobayashi (which it does through the personal service of valid subpoenas on Dr. Kobayashi while he was voluntarily in this District), the Court has full authority and jurisdiction to order Ricoh to exercise *its* right and authority to bring Dr. Kobayashi to the U.S.

Ricoh is correct that Synopsys and the Customer Defendants are not moving (at this time) to enforce the subpoenas to Dr. Kobayashi. This is because enforcement would be premature at this point in time.[6] The parties agreed to defer Dr. Kobayashi's continued deposition until after the KBSC documents were produced. They have still not agreed upon a new date for the deposition. Thus, Dr. Kobayashi is not yet in violation of the deposition subpoena, since there still exists the possibility that he may appear for deposition without the need for a court order as to him (especially if Ricoh is ordered to produce him). Similarly, the return date of the trial subpoena is not yet here, and thus, Dr. Kobayashi is not yet in violation of the trial subpoena.

That said, though, Ricoh's motion to quash the subpoenas is ripe for adjudication, and should be denied. As discussed in the opposition to Ricoh's motion to quash, the subpoenas were validly served on Dr. Kobayashi while he was voluntarily in this District. thus, the subpoenas are valid and enforceable through contempt proceedings (should Dr. Kobayashi ignore them). (*Synopsys* Dkt. No. 360 at 4-6.) Furthermore, Ricoh's argument about witness fees is incorrect, as explained in the opposition to Ricoh's motion to quash. (*Id.* at 6:6-20.)

Finally, Ricoh suggests that the necessity for up to three days of additional deposition "reflects an inability to focus" because the new KBSC documents provided "are largely cumulative to testimony already given." This is a ridiculous assertion.[7] Given the nature of the recently produced documents, the request for up to three days of deposition is eminently reasonable. Dr. Kobayashi's notebooks (not calendars, as suggested by Ricoh), are handwritten in Japanese and English, have never been seen before, and no questions about their contents have been previously asked. The notebooks appear to detail Dr. Kobayashi's efforts to sell the KBSC system as far back as 1986. *See* Exs. 4-6. Synopsys and the Customer Defendants will need to ask Dr. Kobayashi to read his handwriting, explain what was happening, and ask follow-up questions (including asking Dr. Kobayashi why these notebooks contradict testimony previously given.) With the slow pace of translated depositions, this will likely take at least a full day of deposition. At least another half day will be taken up with questions relating to two videos recently produced by Ricoh, which appear to be public marketing efforts by KBSC prior to the critical date — possibly invalidating the patent under § 102(b). *See* Exs. 7-8. To make sure that all necessary questions will be asked of Dr. Kobayashi while he is here — regarding the above

---

[6] Although the Motion to Compel did also ask the Court to "enforce" the subpoenas, in conformity with the guidance offered by the Court, Synopsys and the Customer Defendants phrased the Stipulated Order to note only that action was being deferred as to "the cross motions to **compel** and to quash the continuation of the Kobayashi deposition. . . ." (emphasis added). Moreover, enforcement via contempt proceedings is not yet ripe. Pursuant to Rule 45(e), the failure to obey a subpoena may be deemed contempt of court; thus, a subpoena is "enforceable" through an application for an order to show cause. Schwarzer, Tashima, and Wagstaffe, *California Practice Guide Civil Procedure Before Trial*, at 11-260, § 11:2316. Hopefully, the subpoenas will not need to be enforced in this manner, but if they must, that will be an issue for another day.

[7] This is most ridiculous because it is Ricoh and its counsel that have improperly withheld these documents — some of the most relevant documents in the case — until *after* Dr. Kobayashi had already been deposed for three days and *after* the close of discovery. Indeed, Dr. Kobayashi testified in May that he had provided the notebooks to counsel long ago, but counsel did not produce them until compelled to do so by this Court. Thus, the three days of deposition already taken of Dr. Kobayashi were taken without the benefit of some of the most relevant contemporaneous documentation. Thus, Dr. Kobayashi repeatedly answered that he did not recall any of the details. With benefit of the notebooks, which Synopsys and the Customer Defendants should have had in hand long ago, additional questioning may be like starting from scratch.

Hon. Edward M. Chen
October 2, 2006
Page 8

material, other material recently produced, and any relevant follow-up questions — Synopsys and the Customer Defendants believe that he should be prepared to sit for up to three days of deposition testimony. Synopsys and the Customer Defendants assure the Court that they do not intend to waste time needlessly questioning Dr. Kobayashi, and that they will end the deposition when all pertinent questions have been answered. However, as the Court has recognized previously, "[h]e is an important witness in a significant case. It is not unreasonable or unusual for an important witness in such a substantial case to be deposed for more than two days, especially one testifying through an interpreter."

Deposing Dr. Kobayashi in Japan is not an option, given that there is no availability in Japan to take depositions under the applicable rules before trial is set to begin. With trial less than two months away, further delay in Dr. Kobayashi's deposition means further prejudice to Synopsys and the Customer Defendants. In the end, given its control over Dr. Kobayashi, Ricoh should be ordered to bring him to the U.S. for deposition, and it should be ordered to do so within the next few weeks.

Respectfully submitted,

By: _/s/ Denise M. DeMory_

    Denise M. De Mory
    Counsel for SYNOPSYS, INC. and
    Customer Defendants AEROFLEX
    INCORPORATED, AEROFLEX
    COLORADO SPRINGS, AMI
    SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD.,
    MATROX RAPHICS, INC., MATROX
    INTERNATIONAL CORP., and
    MATROX TECH, INC.

By: _/s/ Kenneth W. Brothers_

    Kenneth W. Brothers
    Counsel for RICOH COMPANY, LTD

# Exhibit 1



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
**T** 415.848.4900
**F** 415.848.4999
www.howrey.com

Direct Dial 415.848.3221

File 06816.0060.000000

August 25, 2006

**VIA PDF**

Kenneth W. Brothers, Esq.
Dickstein Shaprio Morin & Oshinsky LLP
1825 Eye Street, NW
Washington, DC 20006

> Re:  *Synopsys v. Ricoh Company, Ltd.,*
> **Case No. C03-2289 MJJ (EMC)**
> *Ricoh company, Ltd., v. Aeroflex, Inc., et al.*
> **Case No. C03-4669 MJJ (EMC)**

Dear Ken:

    As discussed at our meet and confer yesterday, we believe that the recent production of Dr. Kobayashi's three handwritten notebooks, ICC's payment stubs, Dr. Kobayashi's lecture, and the ICC promotional video, as well as any data retrieved off of the electronic KBSC media (such as the CIF files that have already been retrieved), necessitates additional deposition time with Dr. Kobayashi. Based on the volume of new information produced thus far, we believe we need two days with Dr. Kobayashi for further questioning, and may need a third day depending on what is retrieved off the media.

    We understand that you will ask Dr. Kobayashi to come to the United States for deposition, and ascertain his availability. We do not intend to question Dr. Kobayashi until whatever information remains on the media is retrieved, so we believe that the deposition should occur in late September to provide sufficient time to attempt to retrieve this information.

    Please let us know next week whether Ricoh will produce Dr. Kobayashi for further deposition, so if we need to return to the Court to obtain relief, we will be able to do so well before the deposition needs to be completed under the trial schedule.

Sincerely,

Ethan B. Andelman

EBA:sg

# Exhibit 2

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

September 20, 2006

**Via PDF**
Ethan Andelman, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

       Re:    Ricoh v. Aeroflex, et al.
             <u>Synopsys v. Ricoh</u>

Dear Ethan:

     As you know, pursuant to your request for more deposition time with Dr. Kobayashi beyond the three days that you have already used, we have made repeated inquiries to determine whether he would agree to sit for an additional deposition.  Dr. Kobayashi has declined to directly respond to our repeated inquiries.  Instead, we have learned through an intermediary that Dr. Kobayashi is reluctant to agree to provide further testimony in light of his belief that he has been abused and attacked by defendants' counsel, especially by what he believes was your firm's misleading actions during the last round of his testimony by promising that he would only be needed for one day, then your purported service of subpoenas on him at the end of the day.

     We have also advised you that Dr. Kobayashi has a large number of commitments in Japan and no immediate plans to travel to the U.S.  As we previously advised you, Dr. Kobayashi apparently would consider sitting for an additional day of deposition testimony in Japan in November.  You have rejected that offer and demanded that by no later than "the first week of October" that Dr. Kobayashi drop everything, travel to the U.S., and sit for three days of testimony.  Your demand does not appear to be in good faith, but instead appears to be calculated to ensure that it would be rejected.  Nevertheless, we have forwarded your demand to Dr. Kobayashi, but have received no substantive response.  We are continuing to attempt to persuade Dr. Kobayashi to testify, however, and will advise you if we are successful.

     With regard to your threatened motion to preclude evidence, there is no basis for any such motion.  Ricoh does not control Dr. Kobayashi.  Dr. Kobayashi is not a present or former Ricoh employee.  He is a resident and citizen of Japan.  In addition, the production of the KBSC documents was consistent with the Court's order.  In short, there is no basis for your threats.  To the extent that you believe that a new motion is necessary, we expect you to comply with Judge Chen's meet and confer requirements.

Sincerely,

Kenneth W. Brothers
(202) 420-4128
brothersk@dicksteinshapiro.com
cc:  Howrey Distribution List

Washington, DC | New York, NY | Los Angeles, CA

DSMDB-2146050v01

# Exhibit 3





Home     American Citizen Services     Visas to the U.S.     U.S. Policy & Issues     American Centers

## U.S. CITIZEN SERVICES

▶ Overview
▶ Security/Safety
▶ U.S. Passports
▶ Marriage
▶ A New Baby
▶ Get Vital Records
▶ Resources
▶ Registration
▶ Office hours/
  locations

### Taking Depositions in Tokyo

Taking a deposition in Japan can be complex; depositions are controlled by detailed treaties and agreements between the United States and the Government of Japan, and procedures cannot be modified or circumvented. Orders by U.S. courts cannot compel the Government of Japan to amend or overlook its judicial regulations and procedures. In addition, the Embassy cannot compel the Government of Japan to act faster, or in a way more convenient or beneficial to any party, even with a U.S. court order requesting such action.

The best way to ensure the success of your deposition is by careful reading of these instructions, and carefully following the steps outlined below.

Processing times can vary; clearance and visa issues solely under the control of the Government of Japan can take several weeks or longer, so it is never too early to begin the process.

*US Department of Justice Attorneys please follow this link for additional instructions.*

Availability of Tokyo's Deposition Room

All depositions must occur at the Embassy or at our Consulate in Osaka-Kobe (these instructions apply only to the Embassy; follow this link if you are seeking

to depose in Osaka).

You cannot depose outside of the Embassy or Consulate, such as at a hotel or private office.

While electronically recording depositions is permissible, the Ministry of Foreign Affairs has informed the U.S. Embassy that Japan does not permit telephone or videoconferenced depositions. We do not have videoconferencing or teleconferencing equipment available.

**Tokyo Availability**

All dates for the remainder of 2006 are fully booked

The following dates are currently available in 2007: March 26 and from April 30 onward.

This page is updated regularly, so please check back for updates.

*The American Embassy is closed on both U.S. and Japanese holidays.*

Overview of the Deposition Process

| *As soon as possible* |
|---|
| Reserve Deposition Room<br>by phone or by fax<br><br>We are open 8:30-13:00, 14:00-17:30, Mon - Fri, closed Japanese and U.S. |

holidays.
Tel: 81-3-3224-5174 or Fax: 81-3-3224-5856. Before calling, check the current local time in Tokyo.

---

*Within three weeks from the date the tentative reservation was made*

Pay $475.00 reservation fee by international money order or certified bank check payable to the "U.S. Embassy, Tokyo, Japan." Personal or corporate checks are not acceptable. All funds must be in U.S. dollars and checks must be drawn on a U.S. bank.

Mail the check to us at: U.S. Embassy Tokyo, attention American Citizen Services - Deposition, 10-5, Akasaka, 1-chome, Minato-ku, Tokyo, Japan, 107-8420. Telephone 03-3224-5000.

*Read more information here.*

---

*One month prior to the deposition*

Court order/commission, and statutory deposition fees express-mailed to:

U.S. Embassy Tokyo, attention American Citizen Services - Deposition, 10-5, Akasaka, 1-chome, Minato-ku, Tokyo, Japan, 107-8420. Telephone 03-3224-5000.

*Read more information here.*

*See sample commission text here (PDF format).*

---

*At least three weeks prior to the deposition*

Apply for a deposition visa at the Japanese Embassy or a consulate in the U.S.

You cannot apply for your visa until the steps above have been completed and we have scheduled your deposition. The Embassy cannot assist you in obtaining your Japanese visa; contact a travel agent or the Japanese Embassy or Consulate nearest you.

*Read more information here.*

*Information for American Attorneys Residing in Japan.*

---

*At least three days prior to the deposition*

FAX a list of all participants in your deposition and all electronic equipment to be used to the U.S. Embassy Tokyo, 81-3-3224-5856. This is necessary for our security office to allow you into our building.

---

Detailed Instructions

This flow chart is only an overview of the process; before beginning to schedule your deposition, please review carefully our detailed instructions to avoid delays.

Important Notes

▶ The Japanese Ministry of Foreign Affairs has informed the U.S. Embassy that Japan does not permit telephone or videoconference depositions. Participants must be physically present at the Embassy.

▶ Per the Government of Japan, all depositions must take place on Embassy or Consulate premises; no exceptions are allowed for hotel conference rooms or the like.

▶ All persons participating in a deposition must have the proper Japanese visa.

Support Staff

The Embassy does not supply and cannot arrange interpreters, court reporters, video crews and the like. Follow the links below to for staff who you can contact independently to arrange for your support needs.

▶ Stenographic, interpretation and translation services.
▶ Video services.
▶ English-speaking Local Attorneys in the Tokyo area.
▶ Other Resources and Services.

Your Deposition at the Embassy

Your use of the deposition room falls under the general security guidelines that govern all visitors to the Embassy. Please note:

- The room is yours to use 8:30-13:00 and 14:00-17:00, Mon - Fri, closed Japanese and U.S. holidays.

- All persons must present photo ID (preferably a passport) to enter the Embassy, submit to a bag search and use of a metal detector.

- You may not bring any electronic devices into the Embassy except those pre-approved for recording the deposition.

- No cell phones are allowed inside the Embassy. A pay phone is available just outside the deposition room.

- You may not bring food or drinks into the Embassy.

- We have no photocopier available for deposition use. Copies can be made at a convenience store across the street from the Embassy.

- There is no smoking anywhere in the Embassy.

- There is no public parking available at or near the Embassy (we are very accessible by public transportation or taxi; here is a map).

- You must vacate the deposition room between 1300-1400. Several tasty restaurants are within walking distance of the Embassy.

- We are unfortunately unable to take phone messages, make

calls or send/receive FAXes for you.

► The deposition room seats about 8 people and is air conditioned. Limited electrical power is available, with standard U.S.-style plugs but 100V, 50 Hz power. Only dual-voltage, 50/60hz laptops will work; others require an adaptor you must purchase yourself.

► Restrooms and a drinking fountain are available just outside the deposition room.

Other Judicial Assistance Information

► Service of Process in Japan

► Visas for Attorneys Deposing in Japan.

► Obtaining Evidence in Japan

► US Department of Justice Attorneys please follow this link for additional instructions.

For additional questions, please contact the office of Overseas Citizens Services, U.S. Department of State, (202) 647-3675, or visit their web page at travel.state.gov.

*For more information, including our phone and FAX number, please contact the office serving your part of Japan.*

*The U.S. Embassy and our Consulates are closed on both U.S. and Japanese holidays.*

*This is an official source of U.S. Government information on the Web. Inclusion of Non-U.S. Government links or information does not imply endorsement of contents.*

HOME | AMERICAN CITIZEN SERVICES | VISAS | POLICY ISSUES | STATE DEPT.
CONTACT US | PRIVACY | WEBMASTER

EMBASSY OF THE UNITED STATES