United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | **ORDER RE PARTIES' JOINT LETTER OF OCTOBER 2, 2006** |
| RICOH CO., LTD., | |
| Defendant. | **(Docket Nos. 334, 497 in C-03-2289; Docket Nos. 471, 687 in C-03-4669)** |
| _____/ | |
| RICOH CO., LTD., | |
| Plaintiff, | |
| v. | |
| AEROFLEX, *et al.*, | |
| Defendants. | |
| _____/ | |

On October 2, 2006, the parties filed a joint letter regarding Ricoh's motion to quash and a portion of Synopsys and the Customer Defendants' (collectively, "Defendants") motion to compel. Both discovery disputes concern the deposition of Dr. Kobayashi. Having considered the parties' joint letter, as well as the original briefs, and all accompanying submissions, the Court hereby **GRANTS** Defendants' motion to compel. The Court defers ruling on Ricoh's motion to quash.

///

///

///

///

**I.   DISCUSSION**

A.   Defendants' Motion to Compel

Defendants ask that the Court issue an order compelling Ricoh to produce Dr. Kobayashi for deposition. Ricoh argues that it has no control over Dr. Kobayashi and therefore Defendants' motion to compel should be denied.

As a preliminary matter, the Court notes that, in a prior order, it stated that it could not compel Dr. Kobayashi to appear at a deposition because Defendants did not use the procedures under Federal Rule of Civil Procedure 28(b). *See* Order of 3/30/06, at 3. However, the issue here is what the Court can compel Ricoh -- a party in this case -- to do, not Dr. Kobayashi. The Court recognized as much in its prior order. *See id.* ("[I]f the Court were to find that Ricoh in fact had the ability to produce Dr. Kobayashi for deposition . . . and failed to do so, his Court will recommend to Judge Jenkins that his testimony be barred at trial.").

As to whether or not Ricoh has control over Dr. Kobayashi, the Court reiterates that it takes a broad approach to control for purposes of discovery.[1] The fact that Dr. Kobayashi is a resident and citizen of Japan does not mean that Ricoh lacks control over him. The fact that Dr. Kobayashi has never been a Ricoh employee does suggest a lack of control. However, Dr. Kobayashi (and Mr. Shindo) assigned the patented invention at issue to Ricoh and, as part of the assignment agreement, agreed to testify in any proceeding involving the invention. Also, Ricoh was able to obtain documents from Dr. Kobayashi's condominium in South Carolina when searching for KBSC documents in 2003. Further, Ricoh has a current business relationship with Dr. Kobayashi's current

---

[1] Ricoh contends that control over a document is different from control over a person and thus the principles of production under Rule 34 do not apply here. While the two are not exactly the same, the basic principle of control -- *i.e.*, whether there is a practical ability -- as it informs a party's duty to respond to a discovery request still applies. *See* 7-30 Moore's Fed. Prac. -- Civ. § 30.21 ("A party is responsible for ensuring that its representative attend the deposition and may be subject to sanctions if the witness fails to attend. This requirement may also be imposed on the party if the witness is effectively under the control of the party, as when the witness is a close relative or a former corporate employee subject to some continuing corporate control due, for example, to continued work for the corporation or a subsidiary."); *Martin Eng'g Co. v. Vibrators, Inc.*, 20 Fed. R. Serv. 2d (Callaghan) 486 (E.D. Ark. 1975) (noting that proposed deponent, though not employed by plaintiff corporation, "is now president of . . . a wholly-owned subsidiary of the plaintiff corporation"; concluding, therefore, that proposed deponent "is subject to the control of the plaintiff corporation and has an identity of interest with the plaintiff to the degree that compelling his attendance pursuant to the present notice would fall within the principle of the [Federal] Rules").

company. Ricoh was able to obtain his cooperation in giving a deposition in the United States earlier this year. These facts are sufficient to establish that, for purposes of discovery, Ricoh does have sufficient control over Dr. Kobayashi. Ricoh's conclusory protestations to the contrary are insufficient to rebut these specific indicia of control.

The remaining questions for the Court are where, when, and under what circumstances the deposition of Dr. Kobayashi should take place. The Court addresses first when the deposition should take place. Ricoh argues that the deposition should not occur until early November because Dr. Kobayashi has "other commitments in Japan that preclude him from testifying prior to early November." Joint letter at 5. While the Court appreciates that Dr. Kobayashi may have other commitments, no information about those commitments has been provided for the Court to assess them. Furthermore, regardless of those commitments, the fact of the matter is that trial in this case is scheduled for November 27, 2006, and a pretrial conference on November 14, 2006. Pretrial filings are due twenty calendar days prior to the pretrial conference -- *i.e.*, on October 25, 2006. In light of this schedule, the deposition cannot be unduly delayed. Accordingly, the Court orders that Ricoh produce Dr. Kobayashi for deposition no later than October 23, 2006.

As to the length of the deposition, Defendants ask for three days, their "reply" indicates that a day is needed to depose Dr. Kobayashi about his notebooks and another half day to depose him about the videos. Even taking into account possible follow-up questions, two days is sufficient for the deposition. As to expenses, it is reasonable to require Defendants to pay Dr. Kobayashi's reasonable travel expenses should the deposition take place in the United States. As indicated below, however, the parties are directed to meet and confer and determine whether the deposition can be held in Japan.

Defendants contend Japan is not an option because a deposition at the U.S. Embassy or Consulate in Japan is not possible until March or April of next year. Ricoh has not made any argument as to whether informal deposition arrangements are possible in Japan. *See* http://travel.state.gov/law/info/judicial/judicial_688.html (last visited October 4, 2006) ("Many depositions conducted abroad are taken by stipulation of the parties (Rule 29, Fed. R. Civ. P.) at a time and location of mutual convenience and frequently do not involve any participation by a U.S.

1  consular officer. This of course presupposes that the foreign country permits a deposition taken
2  under these circumstances. Such depositions are frequently conducted by American attorneys in the
3  offices of a foreign attorney or solicitor who has the power to administer oaths in the foreign
4  country, hotel or some other venue, or by telephone from the United States and involve no U.S.
5  consular involvement. In countries where this is not permitted, it is necessary to arrange for a
6  deposition before a U.S. consular officer."). The Court orders that the parties immediately meet and
7  confer to determine whether informal deposition arrangements in Japan are possible. Based on the
8  Court's research, they may not be possible. *See*
9  http://travel.state.gov/law/info/judicial/judicial_676.html?css=print (last visited October 4, 2006)
10 ("It is our understanding that Japanese law permits the taking of a deposition of a willing witness for
11 use by a court in the United States only if the deposition is presided over by a U.S. consular officer
12 pursuant to a court order or commission, and is conducted on U.S. consular premises, Rule 28
13 Federal Rules of Civil Procedure; Rule 15, Federal Rules of Criminal Procedure notwithstanding.").

14 B.   Ricoh's Motion to Quash

15     Because the Court is ordering Ricoh to produce Dr. Kobayashi for a further deposition, and
16 because Defendants have represented that they are not "at this time" moving to enforce the
17 outstanding subpoenas (both deposition and trial), Joint letter at 1, the Court defers ruling on
18 Ricoh's motion to quash.

20     IT IS SO ORDERED.

22 Dated: October 4, 2006

23                                                           _____
                                                             EDWARD M. CHEN
                                                             United States Magistrate Judge

4