# HOWREY LLP

525 Market Street, Suite 3600
San Francisco, California 94105-2708
www.howrey.com

**Denise M. DeMory**
Partner
415.848.4983
415.848.4999
demoryd@howrey.com

File 06816.0060.000000

October 20, 2006

Hon. Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

      Re:    *Synopsys v. Ricoh Company, Ltd.*,
                **Case No. C03-2289 MJJ (EMC)**
                *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
                **Case No. C03-4669 MJJ (EMC)**

Dear Judge Jenkins:

      Synopsys and the Customer Defendants submit this letter regarding the Summary Judgment hearing set for December 12, 2006.

      Synopsys and the Customer Defendants request that the Court consider Noninfringement Motions Nos. 1 and 6. However, Synopsys and the Customer Defendants believe there is good cause for an alternative proposal for the December 12 hearing, and respectfully request consideration of the alternative proposal set forth below.

      First, with regard to Ricoh's motion for summary judgment on defendant Aeroflex's affirmative defense of authorization and consent, because of the time limitations of the hearing and because the total damages implicated by the motion are at most $248,625 even accepting Ricoh's damages theory ($5,525,020 in ASIC sales times a 4.5% royalty rate) and Aeroflex will not be subject to these damages if it prevails on noninfringement or any of its other affirmative defenses, Aeroflex will consent to entry of judgment against it on its affirmative defense of authorization and consent. Aeroflex will submit a proposed order to Ricoh for approval incorporating this stipulation as well as a stipulation on eliminating Ricoh's claim for willful infringement. Once we agree to form, we will submit it to the Court for approval.

      Second, had Synopsys and the Customer Defendants been aware of the Court's inclination to hear only two summary judgment motions in advance, they would have organized the motions in a different fashion. For example, three separate, but short noninfringement motions (Nos. 1, 2, and 6) are directed to different elements of the single independent claim asserted in this case, in an attempt to clearly separate the issues to be determined by the Court. But these motions could have been brought as one — Nos. 2 and 6 could have easily been combined without exceeding the page limits, and all three could have been combined with some editing. Similarly, the damages related motions (Nos. 7 and 8) could have been combined into one motion as written without exceeding page limits, and the three short

Hon. Martin J. Jenkins
October 20, 2006
Page 2

invalidity/unenforceability motions (Nos. 3, 4, and 5) could easily have been edited into one motion without exceeding page limits. In other words, three motions could have been drafted or filed in place of eight, and in view of the Court's decision to only hear two motions, Synopsys and the Customer Defendants would have selected two of the three motions.

In view of the foregoing, Synopsys and the Customer Defendants respectfully request the Court grant them leave to file two motions composed from arguments previously submitted in Motions 1-4 and 6, along with a chart which would detail the origin of the sections of the motions. These two combined motions would omit a significant number of arguments from the motions as presently filed. Because Synopsys and the Customer Defendants were just informed of the Court's inclination regarding the number of motions it would consider, they believe there is good cause for this request, which ultimately results in no more briefing than what could have been filed in two motions originally. Synopsys and the Customer Defendants would be prepared to file these combined motions within one business day of receiving leave from the Court. Within a week, Ricoh could designate any portions of its already submitted briefs in response to these new briefs, or in the alternative, submit briefs drawn from already submitted briefs, the same way Synopsys and Customer Defendants propose doing. Within three court days, Synopsys and the Customer Defendants propose submitting a reply brief drawn from already submitted briefs. In this manner, the Court will have two motions to consider, yet neither side will be faced with responding to new arguments.

Respectfully submitted,

*/s/Denise M. De Mory*
Denise M. De Mory
Counsel for Plaintiff Synopsys Inc.
and the Customer Defendants

DMD:plk

cc:   Counsel for Ricoh Company, Ltd.