Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DeAnna D. Allen (*Pro Hac Vice*)
Eric Oliver (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
HOWREY LLP
525 Market Street
Suite 3600
San Francisco, CA  94105
Phone (415) 848-4900
Attorneys for Defendants and Synopsys, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICOH COMPANY, LTD.,<br><br>　　　　Defendant. | **CASE NO. C-03-2289-MJJ**<br><br>**CASE NO. C-03-4669-MJJ** |
| RICOH COMPANY, LTD.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>　　　　Defendants | **COMBINED CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

2407504

1. Plaintiff and Counter-Defendant Ricoh Company, Ltd., Declaratory Judgment Plaintiff Synopsys, Inc., and Defendants Aeroflex, Inc., et al. (collectively "the Parties"), hereby jointly and collectively submit this Combined Case Management Statement and [Proposed] Order.

**Introduction**

2. This litigation has been stayed since December 14, 2006 pending reexamination of the single patent at issue, U.S. Patent No. 4,922,432 (the "'432 Patent"). On February 15, 2008, this case was reassigned from Judge Martin Jenkins to Judge James Ware. (Order Reassigning Case, Doc. 735).[1] The reexamination proceedings currently are ongoing.

3. Pursuant to the Court Clerk's Notice Setting Case Management Conference (Doc. 736) and Rule 26(f), counsel for the Parties met and conferred on March 10, 2008 to discuss case scheduling and management. The Parties request that the case schedule remain stayed pending the reexamination and that the Court vacate the Case Management Conference set for April 7, 2008. The parties shall file a new case management conference statement at the conclusion of the reexamination proceedings advising the Court of the outcome.

**Nature Of The Cases**

4. The present matters involve consolidated cases related to the '432 Patent owned by Ricoh. Case No. C-03-4669 is a patent infringement case that Ricoh originally filed in Delaware against Defendants Aeroflex et al., alleging their infringement of the '432 Patent. Case No. C-03-2289 is a declaratory judgment action in which Synopsys, which provides certain software at issue in the litigation to the Aeroflex Defendants, seeks a judgment of non-infringement and invalidity of the '432 Patent. The '432 patent expired on January 13, 2008.

**Relevant Facts, Case Activity And Status**

5. On January 17, 2006, an ex parte request for reexamination of the '432 Patent was filed in the Patent and Trademark Office ("PTO"). A second ex parte request for reexamination of the '432 Patent was filed in the PTO on February 22, 2006. The PTO granted both requests.

---

[1] For purposes of this Statement and [Proposed] Order, the Docket Entry Numbers are taken from Case No. C-03-4669-MJJ. Case No. C-03-2289-MJJ has corresponding entries but with different docket entry numbers.

2407504

6. On February 28, 2006, Synopsys and Defendants Aeroflex et al. moved to stay the litigation pending the PTO reexamination proceedings. On April 3, 2006, Judge Jenkins denied this motion. (Doc. 419).

7. By the Fall of 2006, and in accord with the then governing Pre-Trial Scheduling Order, the Parties had completed virtually all discovery and all of the dispositive motion briefing.[2] The Parties also had begun to make various exchanges in preparation for trial, including proposed jury instructions, deposition designations, and trial exhibit lists.

8. On November 21, 2006, the PTO mailed to Ricoh the first Office Action in the reexamination proceedings, rejecting all claims of the '432 patent, including each of the claims at issue in the pending litigation.[3]

9. On December 7, 2006, Synopsys and Defendants Aeroflex et al. again moved to stay the litigation. On December 15, 2006, Judge Martin Jenkins granted Synopsys and Defendants' motion, and stayed both of the consolidated cases pending the outcome of the '432 Patent reexamination proceedings in the PTO. (Doc. 733, Order Granting Synopsys' Motion to Stay) The litigation has been stayed since that time.

10. At the time of the stay order, trial was set for March 12, 2007. (Doc. 716, Amended Pre-Trial Order.)

11. The PTO reexamination proceedings currently are ongoing.

### [PROPOSED] SCHEDULE

12. IT IS HEREBY STIPULATED AND AGREED by and between the Parties that the case management schedule should be as set forth below.

    a. Pending the outcome of the PTO reexamination of the '432 Patent:

        i. The case schedule will remain stayed and in the interim the cases will be

---

[2] *See, e.g.,* Doc. 347, Joint Stipulation And Request To Modify Second Amended Pre-Trial Order; Order Modifying Second Amended Pre-Trial Order; Doc. 478, Stipulation And [Proposed] Order Conforming Certain Dates To Existing Second Amended Pre-Trial Order.

[3] On January 22, 2007, Ricoh responded to the PTO's office actions. On November 21, 2007, the PTO issued a second non-final office action, and Ricoh responded on January 22, 2008.

1  transferred to the Court's inactive docket;
2      b.  Once the reexamination proceedings have concluded, the parties shall file a joint case management statement advising the court of the outcome and whether or not a case management conference should be set. The Case Management Conference scheduled for April 7, 2008 (pursuant to the Court Clerk's Notice Setting Case Management Conference (Doc. 736)) is vacated.

    The Parties request that the Court enter the [Proposed] Case Management Order below, adopting the schedule set forth herein.

Dated: March 27, 2008          DICKSTEIN SHAPIRO MORIN & OSHINSKY

By:  /s/
      Gary M. Hoffman
      Kenneth W. Brothers
      Attorneys for Ricoh Company, Ltd.

Dated: March 27, 2008          HOWREY, LLP

By:  /s/
      Teresa M. Corbin
      Denise M. De Mory
      Attorneys for Defendants and Synopys

2407504

**[PROPOSED] CASE MANAGEMENT ORDER**

The Combined Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply therewith.

The case schedule remains stayed and is transferred to the Court's inactive docket, pending the outcome of the PTO reexamination of the '432 Patent. Once the reexamination proceedings have concluded, the parties shall file a joint case management statement advising the court of the outcome and whether or not a case management conference should be set.

The April 7, 2008 Case Management Conference is vacated.

SO ORDERED:

By: _____
Hon. James Ware
United States District Judge

Dated: _____

2407504